MATTHEW A. MENSIK, WSBA #44260
Email: mam@rnwlg.com
RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave, Suite 208
Spokane, WA 99201
Telephone: (206) 949-3540

Attorneys for Creditors Ted & Linda Cole

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>Eric Ross Young<br>(Debtor)<br><br>Susan Linette Young<br>(Joint Debtor) | Case No. 25-01029-FPC7<br><br>Adv. Case No. 25-80037-FPC<br><br>**MOTION FOR REMAND** |
| TED AND LINDA COLE,<br><br>Plaintiffs<br><br>vs.<br><br>ERIC ROSS YOUNG and SUSAN LINETTE YOUNG,<br><br>Defendants | |

MOTION FOR REMAND - 1

## I. INTRODUCTION AND RELIEF REQUESTED

Ted & Linda Cole (collectively, "the Coles"), creditors of Debtors Eric Young and Susan Young ("Debtors"), respectfully request that the Court utilize its broad authority under 28 U.S.C. § 1452(b) to remand this case back to Spokane County Superior Court. The Debtors filed a notice of removal on September 8, 2025. ECF No. 1.

The Coles prevailed against the Debtors in a bench trial in Spokane County Superior Court, Case No. 23-2-04734-32 ("State Court Case") held before the Honorable Judge High-Edward on January 13-16, 2025. Judge High-Edwards found that the Debtors converted over $362,000 of the Cole's monies (the elderly Coles were 80 and 83 at the time of the trial) in part by forging Linda Cole's signature on a wire transfer form so that the money would be wired directly to Eric Young instead of Linda Cole's bank account.

Debtors now attempt to carry out the ultimate act of forum shopping by removing the State Court Case to this Court for the purpose of attempting to retry the case in the hope of achieving a different result. *See* ECF No. 1. Based upon the arguments set forth below, the Court should grant the Coles' motion and remand this case to Spokane County Superior Court.

MOTION FOR REMAND - 2

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-80037-FPC    Doc 12    Filed 10/08/25    Entered 10/08/25 17:45:55    Pg 2 of 15

## II. FACTS

1. The Coles sued the Debtors in the State Court Case on November 6, 2023, for Fraud, Conversion, and injunctive relief relating to the Debtors wrongfully obtaining over $362,000 from the Coles. *Declaration of Matthew A. Mensik ("Mensik Decl.")*, ¶ 3, Ex. A.

2. On November 8, 2023, the Coles obtained a temporary restraining order against the Debtors, in which the Court ordered that $280,000 of the Coles' monies that had not yet been spent, be frozen in the Debtors' Fidelity investment account until a future hearing on the matter. *Mensik Decl.*, ¶ 4, Ex. B.

3. On February 2, 2024, the Coles obtained a preliminary injunction against the Debtors. Judge High-Edward ordered the Debtors to turn over all the frozen monies held by the Debtors to the Coles' then counsel, Michael Merritt, by February 6, 2024. The Debtors were also ordered to provide an accounting for the approximately $82,000 of the Coles' money the Debtors already spent. *Mensik Decl.*, ¶ 5, Ex. C.

4. The Debtors willfully disobeyed Judge High-Edward's February 2, 2024, order. The Coles brought a motion for contempt, and on February 14, 2024, Judge High-Edward ordered the Debtors to transfer the money to the Coles' counsel's trust account and provide a full accounting within 24 hours. *Mensik Decl.*, ¶ 5, Ex. D.

MOTION FOR REMAND - 3

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-80037-FPC    Doc 12    Filed 10/08/25    Entered 10/08/25 17:45:55    Pg 3 of 15

5. The Debtors failed to comply again with Judge High Edward's February 14, 2024, order. On February 20, 2024, Judge High-Edward entered an order: (1) finding the Debtor's "provided a self-created accounting of the funds showing that they were negative $50,000.00"; (2) the Debtors provided only $119,000 to the Coles; and (3) the Debtors' failure to account for the money was "intentional and in bad faith." *Mensik Decl.*, ¶ 5, Ex. E.

6. The truth about the Debtor's use of the Coles' funds came to light on February 22, 2024. On February 14, in violation of the court's order, the Debtors purchased the RV for $82,799.20 with the Coles' money (in addition to other expenditures). On that day, the Court ordered the following:

> IT IS SO ORDERED that:
>
> **The court will freeze any use, removal, or inspection of the RV** at Secure-It Self Storage at North point 8908 N. Nevada, Spokane, WA 99208, Slot #181 **by the Youngs. The Youngs shall turn over all keys and ownership paperwork to the RV to their counsel by noon today.** Counsel for the Coles, Michael Merrit has the authority to move the RV to a storage unit of the Coles' choice. The Coles shall pay the storage fees until resolution when they can ask for reimbursement of those fees.

*Mensik Decl.*, ¶ 8, Ex. F (emphasis added). The Court also ordered that it would consider incarceration if the Debtors "continued intransigence and blatant violation of the court's order." *Id.* at 3.

MOTION FOR REMAND - 4

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-80037-FPC    Doc 12    Filed 10/08/25    Entered 10/08/25 17:45:55    Pg 4 of 15

7. On February 23, 2024, Judge High-Edward issued a bench warrant for Eric Young. *Mensik Decl.*, ¶ 9, Ex. G. Mr. Young was incarcerated for almost three weeks. *Mensik Decl.*, ¶ 10, Ex. H.

8. A bench trial was held on January 13-16, 2025. *Mensik Decl.*, ¶ 11, Ex. I at 1. Judge High-Edward entered Findings of Fact and Conclusions of Law on March 10, 2025. *Id.* at Ex. I, pg. 1.

9. Judge High-Edward found, among other things: that (1) the Debtor's converted $242,314.62 (after already returning $119,000) from the Coles; and (2) to convert the money, the court found it "more likely than not, Mr. Young affixed Ms. Cole's electronic signature to the wire transfer forms" to have $326,000 wired from Ms. Cole's bank account (located in Oregon) directly into Eric Young's bank account (located in Washington). *Id.* at Ex. I, ¶¶ 201-209, 198.

10. The State Court Order includes the following:

> The Coles are awarded the $24,000 in their attorney's trust account, title to the RV, and a judgment of $129,515.42. The Coles are awarded prejudgment interest (12%) on the wrongfully withheld $119,698.04 from October 16, 2023, until February 14, 2024. The Coles are awarded prejudgment interest (12%) beginning October 26, 2023, and post judgment interest (12%) on the remaining amount, $129,515.42. This judgment is to be paid within 30 days. If not paid, it may be reduced to a judgment without notice to Mr. and Mrs. Young.

*Id.* at Ex. I, pg. 26.

MOTION FOR REMAND - 5

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

11. The Debtors' first bankruptcy filing (see Case No. 25-00513-FPC7) filing kept the Coles from obtaining a judgment in the State Court Case due to the bankruptcy stay. *Mensik Decl.*, ¶ 12.

12. The Debtors then filed a notice of appeal in the State Court Case with the Washington Court of Appeals, Division III, without first waiting for a judgment to be entered in the State Court Case. *Id.* at ¶ 13.

13. The Coles incurred tens of thousands of dollars in attorneys' fees prosecuting the State Court Case. *Id.* at ¶ 14.

14. The Defendants Notice of Removal states that the State Court Case claims "are at least 'related to' the bankruptcy case and impact administration." ECF No. 1 at 1.

### III. ARGUMENT

**A. Legal Standards.**

28 U.S.C. § 1452(b) permits remand "on any equitable ground," meaning any ground that is "reasonable, fair, and appropriate." *Things Remembered v. Petrarca*, 516 U.S. 124 (1995). 28 U.S.C. § 1452(b) grants bankruptcy courts broad authority to determine whether remand is appropriate. Such determinations are within the discretion of the bankruptcy court. *See Public Employees' Retirement System of Mississippi v. Stanley,* 605 F. Supp .2d 1073 (C.D. Cal. 2009). Courts in the Ninth Circuit typically consider numerous factors in determining

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

whether or not to remand pursuant to 28 U.S.C. § 1452(b). *See Stichting Pensioenfonds ABP v. Countrywide Financial Corp.,* 447 B.R. 302 (C.D. Cal. 2010); *In re Roman Catholic Bishop of San Diego,* 374 B.R. 756 (Bankr. S.D.Cal. 2007); *In re Enron Corp.,* 296 B.R. 505 (C.D. Cal. 2003).

"Typically 14 factors are considered in determining whether equitable remand is appropriate." *In re AmericanWest Bancorporation*, No. 10-06097-PCW11, 2011 WL 6013779, at *2 (Bankr. E.D. Wash. Dec. 2, 2011), adopted, No. 10-6097-PCW11, 2012 WL 394379 (E.D. Wash. Feb. 3, 2012) (noting that "In *Federal Home Loan Bank of Seattle v. Deutsche Bank Securities, Inc.,* 736 F.Supp.2d 1283 (W.D. Wash. 2010) reduced those 14 factors to seven factors which are substantially similar."); *see also*, *In re Cedar Funding, Inc.*, 419 B.R. 807, 820 (9th Cir. B.A.P. 2009).

Section 1452(b)'s grant of authority to remand on "any equitable ground" is "an unusually broad grant of authority" that "subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes." *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 417 (9th Cir. B.A.P. 1999). "Because the statute provides that the court may remand on 'any equitable grounds,' <u>any single factor may be sufficient to support equitable remand</u>." *Slinde & Nelson, LLC v. Luneke*, No. 3:16-CV-1914-HZ, 2017 WL 721242, at *2 (D. Or. Feb. 22, 2017) (emphasis added).

MOTION FOR REMAND - 7

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-80037-FPC    Doc 12    Filed 10/08/25    Entered 10/08/25 17:45:55    Pg 7 of 15

B.   **Application of the 14 Factors Should Result In An Order of Remand.**

The 14 factors are analyzed below, any one of which, on its own, may be sufficient to support equitable remand.

**Factor No. 1—Effect or lack thereof on the efficient administration of the bankruptcy case and estate.**

The State Court Case was tried to a final order by the State Court Judge, although a final judgment was not entered because Debtors filed for bankruptcy prior to judgment being entered. *Mensik Decl.*, ¶ 12. The State Court Case and final order gave rise to Debtors bankruptcy. Debtors have removed the State Court Case and fully intend to retry the case again. A retrial, and another adversary proceeding (based solely on state court claims), is the antithesis of efficient administration of the bankruptcy case and estate. This factor weighs heavily in favor of remand.

**Factor No. 2—Extent to which state law issues predominate over bankruptcy issues.**

The State Court Case only involved state law causes of action (claims for fraud and conversion). *Mensik Decl.*, ¶ 3, Ex. A. No federal causes of action or federal statutes were pled. *Id*. The case was tried before the State Court. *Id*. at ¶ 11, Ex. I. Here, state law issues heavily predominate over bankruptcy issues, weighing heavily in favor of remand. *See In re AmericanWest Bancorporation*, No.

MOTION FOR REMAND - 8

10-06097-PCW11, 2011 WL 6013779, at *3 (Bankr. E.D. Wash. Dec. 2, 2011), *adopted*, No. 10-6097-PCW11, 2012 WL 394379 (E.D. Wash. Feb. 3, 2012) ("As this adversary involves only state law issues (with that one exception), this factor would ordinarily weigh heavily in favor of remand and in many cases would result in remand without further discussion.").

**Factor No. 3—Difficult or unsettled nature of applicable law.**

The state law claims are not unusual and are well settled; however, the effect of the bankruptcy proceeding upon state law claims (especially claims that were already tried to decision) is unusual and will necessarily require reference to bankruptcy law and procedures. If anything, this factor is neutral.

**Fact No. 4—Existence of related proceedings commenced in state court.**

The State Court Case is the only proceeding in the state court, and there are no other related proceedings filed in Washington State.[1]

**Factor No. 5—Jurisdictional basis.**

The sole basis for jurisdiction here is that the Debtors allege only that the removed claims "are at least 'related to' the bankruptcy case and impact case administration," and citing 28 U.S.C. § 1334. ECF No. 1 at 1. Debtors do not allege

---

[1] The Debtors have "filed" an action in Oregon against the Coles in Oregon, which is described in their disclosures in the main case.

MOTION FOR REMAND - 9

that this case is a core proceeding or that there is a jurisdictional basis other than 28 U.S.C. § 1334. This factor weighs in favor of remand.

**Factor No. 6—Degree of relatedness or remoteness of proceeding to underlying bankruptcy case.**

The removed claims are only tangentially related to the main cases because the action is a noncore proceeding based exclusively on state law and can exist and should be adjudicated outside bankruptcy court. *Mensik Decl.*, ¶ 3, Ex. A. In fact, the claims were adjudicated outside of the bankruptcy court. *Id*. at ¶ 11, Ex. I. This factor weighs heavily in favor of remand because the state court matter exists and existed entirely outside of the realm of bankruptcy and debtors presumably only filed bankruptcy because they lost the state court case. At no time during litigation before trial did the Debtors attempt to file bankruptcy.

**Factor No. 7—The substance rather than the form of an asserted core proceeding.**

Debtors claim this action "relates to" a core proceeding, and is therefore not a core proceeding. This factor is inapplicable.

**Factor No. 8—Feasibility of severing state law claims from bankruptcy issues.**

The State Court case only involves state court causes of action and has already been tried in front of a state court judge. There is no need to sever state law

MOTION FOR REMAND - 10

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-80037-FPC    Doc 12    Filed 10/08/25    Entered 10/08/25 17:45:55    Pg 10 of 15

claims from bankruptcy issues, because the State Court Case does not involve bankruptcy issues. The bankruptcy court ordinarily focuses on issues arising under bankruptcy law, not state law, and the state court is – and was - fully equipped and able to adjudicate the claims. *Id*. at ¶ 11, Ex. I. The State Court Case, after trial, gave rise to Debtor's bankruptcy filing. *Id*. at ¶ 12.

**Factor No. 9—Burden on bankruptcy court docket.**

The Coles contend that the State Court Case cannot be retried, and that the State Court's findings of fact and conclusions of law are *res judicata*. Debtors have even appealed the State Court Case. *Id*. at ¶ 13. A retrial is wholly improper and will add yet another adversary case to the Bankruptcy Court's docket, further burdening the docket. This burden is unnecessary, given the fact that the case has already been tried.

**Factor No. 10—Whether the commencement of the action involves forum shopping.**

This factor weighs heavily in favor of remand. Debtors' removal is a textbook act of forum shopping. Having lost before the State Court after trial, the Debtors seek a retrial of decided issues in hope of a different outcome. Debtor's removal of this action is merely a tactical maneuver to attempt to relieve the State Court of jurisdiction over a decided case and have that same case retried before the Bankruptcy Court. *See In re AmericanWest Bancorporation*, No. 10-06097-

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

PCW11, 2011 WL 6013779, at *4 ("This new adversary certainly appears to be a tactical maneuver to provide an independent basis for jurisdiction of this Court over the underlying controversy and to provide additional justification for this Court to refuse to equitably remand this adversary."). This factor alone justified remand.

**Factor No. 11—The existence of a right to a jury trial.**

This factor is largely irrelevant, as the underlying case was tried without a jury (Debtors never demanded one), and Debtors have not requested a jury in their Removal. *See* ECF No. 1.

**Factor No. 12—The presence of non-debtor parties.**

There are no, non-debtor / creditor parties involved. This factor is neutral.

**Factor No. 13—Comity.**

The State Court invested significant time, effort, and resources to bring the State Court Case to trial, involving numerous hearings and motion. *Mensik Decl.*, ¶¶ 3-11, Exs. A-I. The case was before the State Court for nearly 18 months, and was tried to conclusion, prior to Debtors attempting to remove the case. Compare ECF No. 1 with *Mensik Decl.*, ¶ 11, Ex. I. Removal as this stage of the litigation would be in complete disregard of the State Court's expended time, energy and efforts. *See In re Achugbue*, No. 10-31819-DWH7, 2020 WL 1845028, at *20 (Bankr. D. Or. Apr. 10, 2020) ("Defendants are correct that comity's respect for state courts weighs more heavily in favor of remand if a state court has spent time

MOTION FOR REMAND - 12

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-80037-FPC    Doc 12    Filed 10/08/25    Entered 10/08/25 17:45:55    Pg 12 of 15

on an action before removal."). This factor alone justified remand.

**Factor No. 14—Possibility of prejudice to other parties in the action.**

This factor weighs heavily in favor of remand. The Debtors are not prejudiced by remand because the Debtors already received their day in court—and lost. *Mensik Decl.*, ¶ 11, Ex. I. As for the remanded case, nothing substantive has occurred. *See* the Court's docket. And remand will not substantively increase the parties' costs, because the case has been tried to a final ruling. Meanwhile, the Coles are highly prejudiced by the removal of this action. The Coles expended tens of thousands of dollars in prosecuting their claims before the State Court to bring those claims to trial after eighteen months of litigation. *Mensik Decl.*, ¶ 14.

## IV. CONCLUSION

The equities in this case overwhelmingly favor remand. The Spokane County Superior Court devoted substantial time and resources in adjudicating the Coles' claims, conducting numerous hearings, holding a full bench trial, entering detailed Findings of Facts and Conclusions of Law, and issuing orders resolving all substantive issues. The Debtors' removal is a transparent attempt to relitigate a case they lost, not a legitimate exercise of bankruptcy jurisdiction. Under 28 U.S.C. § 1452(b), the Court has broad discretion to remand "on any equitable ground," and every equitable consideration points in one direction. This Court should therefore

MOTION FOR REMAND - 13

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-80037-FPC    Doc 12    Filed 10/08/25    Entered 10/08/25 17:45:55    Pg 13 of 15

grant the Coles' motion and return this matter to the Spokane County Superior Court.

Dated October 8, 2025          RIVERSIDE NW LAW GROUP, PLLC

BY: /s/ Matthew S. Mensik
Mathew A. Mensik, WSBA 44260
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
Telephone: (206) 949-3540
Email: mam@rnwlg.com

MOTION FOR REMAND - 14

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

# CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following individuals. Further, a copy of the foregoing was also mailed and emailed to the following individuals.

*And via first class mail:*
Eric and Susanann Young
12402 N. Division St #167
Spokane, WA 99218

*And via email:*
eyoung-encrypt@pm.me
jaegersmum@proton.me

Trustee John D. Munding
309 E Farwell Rd, Ste 310
Spokane, WA 99218-1152

U.S. Trustee
U.S. Court House
920 W Riverside Ave, Suite 593
Spokane, WA 99201

Dated this 8th day of October, 2025.

BY: */s/ Matthew S. Mensik*
Matthew A. Mensik

MOTION FOR REMAND - 15

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-80037-FPC    Doc 12    Filed 10/08/25    Entered 10/08/25 17:45:55    Pg 15 of 15