MATTHEW A. MENSIK, WSBA #44260
Email: mam@rnwlg.com
RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave, Suite 208
Spokane, WA 99201
Telephone: (206) 949-3540

Attorneys for Creditors Ted & Linda Cole

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>Eric Ross Young<br>(Debtor)<br><br>Susan Linette Young<br>(Joint Debtor) | Case No.  25-01029-FPC7<br><br>Adv. Case No. 25-80037-FPC<br><br>**JOINT RULE 26 REPORT** |
| TED AND LINDA COLE,<br><br>Plaintiffs<br><br>vs.<br><br>ERIC ROSS YOUNG and SUSAN<br>LINETTE YOUNG,<br><br>Defendants | |

JOINT RULE 26 REPORT - 1

**R|NW** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

Debtors ERIC ROSS YOUNG and SUSAN LINETTE YOUNG ("Debtors"), and Creditors TED & LINDA COLE ("Creditors"), pursuant to Fed. R. Civ. P. 26(f) and the Court's Order Setting Scheduling Conference (ECF No. 5), hereby provide responses to the topics requested by the Court.

**F.R.Civ.P. 16(b) Issues:**

<u>Creditors' position</u>: The Creditors prevailed against the Debtors in a bench trial in Spokane County Superior Court, Case No. 23-2-04734-32 ("State Court Case") held before the Honorable Judge High-Edward on January 13-16, 2025. Creditors brought claims for Washington state claims for conversion and fraud. Creditor's respectfully request that the Court utilize its broad authority under 28 U.S.C. § 1452(b) to remand this case back to Spokane County Superior Court. Creditors previously filed a motion for remand that will be heard by the Court on November 6, 2025. ECF 12-14. Creditors objected to the Court entering a final judgment. ECF 11. Creditors request that all discovery deadlines be held in abeyance pending the Court's ruling on their Motion for Remand, and further request that no discovery occur at all if the Court denies the Motion for Remand. This case was already litigated and tried before Spokane County Superior Court, and all the remains is for entry of judgment. Creditors oppose a retrial of this case.

<u>Debtors' position</u>: <mark>[enter]</mark>

**F.R.Civ.P. 26(f) Issues:**

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

**A) *What changes should be made in timing, form, or requirement for disclosure under Rule 26(a), including a statement of when initial disclosures were made or will be made.***

Creditors' position: This case was already tried before Spokane County Superior Court. All initial disclosures should be held in abeyance until after the Court rules on Creditors' Motion for Remand. If the Court denies the motion, the parties' initial disclosures will be due 30 days after entry of an order denying the motion. However, Creditors request that no discovery be conducted in this case, as all discovery was completed in the State Court Case and this case was tried to completion before that court.

Debtors' position: [enter]

**B) *The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.***

Creditors' position: As stated above, all discovery should be held in abeyance until the Court rules on the Motion for Remand, and if the Court denies the motion, that no discovery occur. The parties already conducted discovery in the State Court Case, and neither party should need to conduct any additional discovery.

Debtors' position: [enter]

**C) *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.***

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

Creditors' position: As stated above, all discovery should be held in abeyance until the Court rules on the Motion for Remand, and if the Court denies the motion, that no discovery occur. The parties already conducted discovery in the State Court Case, and neither party should need to conduct any additional discovery.

Given that the parties already conducted discovery, there should be no issues regarding the disclosure, discovery, or preservation of electronically stored information.

**Debtors' position:**

**See: Defendants' Rule 26(F) Report And Status Statement**

***D) Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.***

Creditors' position: Creditors are not aware of any anticipated issues regarding claims of privilege.

**Debtors' position:**

**See: Defendants' Rule 26(F) Report And Status Statement**

***E) What changes should be made in the limitations of discovery imposed under these rules or by local rule, and what other limitations should be imposed.***

Creditors' position: Creditors' proposed limitations on discovery are set forth throughout this report.

Debtors' position: [enter]

JOINT RULE 26 REPORT - 4

**R|NW** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

***F) Any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).***

Creditors' position: As stated above, all discovery should be held in abeyance until the Court rules on the Motion for Remand, and the Court should modify the timing of disclosures under as stated above. Further, if the court denies the motion, the Court should not allow any discovery, as this case was already tried before the Spokane County Superior Court.

Debtors' position: [enter]

**F.R.Civ.P. 16(b) Issues:**

***a) Length of Trial.***

Creditors' position: As set forth above, Creditors oppose trying this case a second time. Without waving this position, Creditors propose a 2-day trial.

Debtors' position: [enter]

***b) Location of Trial.***

The parties agree the location should be Spokane, Washington.

Dated October 20, 2025        RIVERSIDE NW LAW GROUP, PLLC

                                        BY: */s/ Matthew S. Mensik*
                                        Mathew A. Mensik, WSBA 44260
                                        905 W. Riverside Ave. Ste. 208
                                        Spokane, WA 99201
                                        Telephone: (206) 949-3540
                                        Email: mam@rnwlg.com

**R|NW** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

# DEFENDANTS' RULE 26(f) REPORT AND STATUS STATEMENT

**Meet and Confer Certification**

Defendants certify that the parties conferred under Fed. R. Civ. P. 26(f) and Fed. R. Bankr. P. 7026 on October 7, 2025. On October 14, 2025, Defendants circulated a follow up confirming topics and inviting a joint plan; Plaintiffs then lodged a paper styled "JOINT RULE 26 REPORT" that argues merits, demands remand, and purports to include Debtors' signatures; Debtors did not approve that content.

**Debtors' Preliminary Statement:  Debtors do not adopt Creditors' positions or their characterization of posture**. **A Rule 26(f) report is not a merits brief.**


**State Court Findings of Fact:**

The removed action has no final judgment; the state court issued interlocutory Findings of Fact and Conclusions of Law (FOFCOL) only - and those findings include FOFCOL ¶ 212 stating that Plaintiffs "cannot establish a claim of fraud." The removed record also includes Defendants' February 2025 Offer of Proof under FRE 103(a)(2), which preserved otherwise excluded items (including the BCPD incident report/transcript, Plaintiffs' RFA responses D-119, and related exhibits); consistent with this Court's practice, Debtors will lodge the native A/V files (hash-verified) where the state transcript served as a listening aid.

Article 4A displacement governs beneficiary-targeted claims on completed wire transfers. Plaintiffs tried to avoid displacement by padding "conversion" with belongings/firearms, then

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

abandoned those in limine a week before trial, leaving money-conversion - the core that Article 4A forecloses. That sequence supports waiver/judicial-estoppel themes for a Rule 54(b) clean up. None of this requires new discovery.

**F.R.Civ.P. 16(b) Issues (posture / remand / scheduling)**

- Debtors' position: Upon removal, federal procedure governs, and prior state orders "remain in full force and effect until dissolved or modified" by this Court. 28 U.S.C. § 1450; FRBP 9027; see also FRCP 81(c)(1). There is no final judgment; only interlocutory findings (including FOFCOL ¶ 212: no fraud). Debtors will promptly notice two threshold motions for early hearing: (1) FRCP 65 (via FRBP 7065) to dissolve/modify the preliminary injunction, which set bond at $0 and later $100 "to get the Youngs to comply," facially inconsistent with RCW 7.40.080 and CR 65(c); and (2) FRCP 54(b) to revise interlocutory findings to conform the record to Article 4A and the findings themselves. Debtors request a temporary stay of discovery and deferral of initial disclosures pending those rulings; if any claim survives, the Court can then set a narrow, record-focused schedule.

(Record anchors: Preliminary Injunction handwriting reflecting "fund ... set @$0.00" and later order setting bond "$100 ... to get the Youngs to comply.")

**F.R.Civ.P. 26(f) Issues**

**1) Timing, form, and requirement for Rule 26(a)(1) disclosures**

- Debtors' position: Defer Rule 26(a)(1) disclosures until 14 days after the Court's rulings on the FRCP 54(b) and FRCP 65 motions. The threshold issues are legal and turn on the removed record (injunction orders; interlocutory findings; Article 4A displacement; Offer of Proof materials already lodged in the state record, including BCPD incident report/transcript and Plaintiffs' RFA D-119).

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

**2) Subjects of discovery; phasing; completion**

- Debtors' position: A temporary stay should remain in effect pending the threshold rulings. If any claim survives, discovery should be narrowly phased and short. Phase One (60–90 days) should be limited to: (a) authentication of already-preserved records via FRE 902(4), 902(11), and 902(13)–(14), including lodging native A/V (hash-verified) for the BCPD body cam video and the October 21 audio; and (b) a targeted obligation for Plaintiffs to produce the foundational bank evidence they have never provided for their "forgery" narrative (OWFCU policies identifying any notarization requirements for the forms at issue; any OWFCU custodian testimony or 902(11) declarations; and any reliance materials). Prior state depositions and discovery are usable here under FRCP 32(a)(8) and FRBP 7032 to avoid duplication. The removed record already itemizes many of these exhibits (e.g., BCPD Incident Report, Linda Cole's verified/Supplemental declarations, Trial Exhibit EX-D-119 - Plaintiffs' responses to Defendants' RFAs, verified complaint).

**If any claim survives, Phase One shall also include the following foundation-only steps tied to Plaintiffs' "forgery/notarization" theory:**

- Debtors' position: Plaintiffs' production (14 days from the Rule 16(b) order): All OWFCU (or other bank/credit-union) policies and procedures in effect Oct. 1–31, 2023 concerning wire-transfer authorization, identity-verification, "call-back" practices, signature/indemnity forms, and any notarization requirement, plus any exemplar forms used (with blank fields) and all correspondence with OWFCU on those topics.

- Debtors' position: Early contention interrogatory (served day 1; responses due day 21): Identify each policy/procedure and each document provision Plaintiffs contend required

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

notarization or other formalities for the October 2023 wire(s), with pinpoint citations and the name/title of each custodian witness they intend to call.

- Debtors' position: Narrow Rule 45 path to OWFCU (if Plaintiffs do not produce complete policy sets by day 14): The parties will issue a narrowly-tailored subpoena to OWFCU for (i) wire-transfer policies/procedures in effect Oct. 1–31, 2023 (authorization, identity-verification, call-backs, and any notarization requirement); (ii) exemplar forms/templates in use then; and (iii) a FRE 902(11) custodian declaration; and will set a remote, two-hour Rule 30(b)(6) deposition limited to those policy topics. Plaintiffs will not object to, and will cooperate with, this subpoena process.

- Debtors' position: Early genuineness RFAs (served day 7; responses due day 21): RFAs limited to the genuineness of (i) the OWFCU wire forms used; (ii) any OWFCU policy excerpts produced; and (iii) Plaintiffs' cited exhibits underpinning the "forgery/notarization" allegation. Boilerplate objections are ineffective; objections must identify the specific evidentiary defect.

- Debtors' position: Proportionality and privacy: Non-party financial-account numbers and PII may be redacted (retaining only last four digits); use is restricted to this action and subject to the protective order.

- Debtors' position: Non-party subpoena protocol: To minimize burden on OWFCU, the parties will use a single, jointly-noticed Rule 45 subpoena with a short objection/production timeline, accept electronic production with 902(11) certification, and conduct any 30(b)(6) examination remotely, capped at two hours and limited to the enumerated policy topics.

- Debtors' position: Early Expert Disclosure (for "forgery/notarization" only): within 21 days, Plaintiffs must disclose any expert/consultant they intend to rely on for "forgery," bank-

R N W

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

authorization, or notarization opinions, including a short description of opinions and reliance materials; absent timely disclosure, expert opinions on those topics are excluded under Rule 37(c)(1).

- Debtors' position: FOFCOL-Accuracy RFAs (record-truth only): within 7 days, each side may serve up to 10 RFAs limited to the accuracy of the text of specific state-court documents (e.g., "Admit FOFCOL ¶ 212 states, 'The Coles cannot establish a claim of fraud'"; "Admit no final judgment was entered as of removal"), which do not seek preclusive effect, only authentic text admissions. Responses due in 21 days.

- Debtors' position: Also included within Phase One shall be the production of all communications - emails, letters, texts, or call notes - between Plaintiffs, Plaintiffs' counsel, or any of their agents and the Baker City Police Department ("BCPD"), Baker County Sheriff's Office, Baker County District Attorney's Office, or any other Oregon law-enforcement agency, concerning or referencing the November 2023 incident or investigation (BCPD P202301214) or any related allegations. This production will show what steps, if any, Plaintiffs' counsel undertook to verify or ratify the factual basis of their clients' claims before filing or maintaining this action. These materials are relevant to counsel's prefiling investigation obligations under Fed. R. Bankr. P. 9011 and Fed. R. Civ. P. 11(b), and to issues of knowledge, intent, and credibility. Privileged internal strategy may be withheld and logged; third-party communications must be produced

- Debtors' position: Phase One shall include a Litigation-Hold Certification: within 7 days of the Rule 16(b) order, each party will file a counsel-signed certification under Rule 26(g) confirming issuance of written litigation holds to all custodians (including counsel-adjacent

R | NW
Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

staff) covering banking records, escrow/title files, law-enforcement communications, emails, texts, cloud repositories, and native A/V files (BCPD body-cam; Oct. 21 audio).

- Debtors' position: Phase One shall require a Custodian & Source Map: within 14 days, each party will identify (i) all ESI custodians; (ii) all devices/accounts used Oct. 1, 2023–Feb. 28, 2024 (email, mobile, messaging, cloud), and (iii) data sources searched or to be searched.

- Debtors' position: Statute-of-Frauds foundation (production in 14 days). Plaintiffs shall produce all writings they contend evidence any agreement with Defendants regarding the October 2023 funds - including any promissory note, loan agreement, repayment terms, lien, constructive-trust instrument, escrow instructions creating a personal obligation, or any writing they claim satisfies the Statute of Frauds (e.g., RCW 19.36.010) or real-property-writing requirements (RCW 64.04.010–.020). If no such writing exists, Plaintiffs shall so state in a verified response.

- Debtors' position: Best-evidence compliance (FRE 1002/1003/1004). For each writing identified, Plaintiffs shall produce the original as defined by FRE 1001(d) or a duplicate admissible under FRE 1003. If the original cannot be produced, Plaintiffs must provide a FRE 1004 statement detailing the loss, destruction, or unavailability and the efforts made to locate the original.

- Debtors' position: Early contention interrogatory (served day 1; responses due day 21). Identify each statute or exception Plaintiffs rely on to avoid the Statute of Frauds (e.g., part performance, equitable estoppel), and for each, provide pinpoint citations to the specific writing(s) and exhibit lines they contend satisfy the requirement; if relying on an exception, state the facts supporting each element.

R | N W

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

- Debtors' position: Genuineness RFAs (served day 7; responses due day 21). RFAs limited to the genuineness of any writing Plaintiffs identify; and if Plaintiffs identify none, RFAs admitting that no signed writing exists obligating Defendants to repay the October 2023 funds or granting Plaintiffs any interest in real property arising from those funds. Boilerplate objections are ineffective; objections must identify the specific evidentiary defect.

- Debtors' position: Preclusion for late "found" writings (Rule 37(c)(1)). Any writing not disclosed by day 21 of Phase One is excluded absent leave of court upon a showing of substantial justification or harmlessness; this includes any alleged "loan note," "repayment agreement," or "constructive-trust instrument."

- Debtors' position: RV ownership file (production in 14 days). Plaintiffs shall produce all documents in their possession, custody, or control (including in counsel's possession) that evidence or relate to ownership or title to the RV at issue, including: bill of sale/purchase agreement; sales receipt; Manufacturer's Certificate/Statement of Origin (MCO/MSO) or prior certificate of title; Title/Registration Application(s); any Washington DOL title/registration records or confirmations; lien/encumbrance filings or releases; insurance binders/cards naming the insured and garaging address; warranty/service contracts; dealership delivery and due-bill paperwork; storage/lock or possession notices; and any correspondence with DOL, the dealer, the insurer, or the service provider referencing ownership or title status. If any responsive document is withheld as privileged, Plaintiffs must log it with the basis and custodian.

- Debtors' position: Chain-of-custody and loss declarations. For any required RV ownership document that Plaintiffs contend is unavailable, Plaintiffs shall serve a declaration within 14

R|NW

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

days identifying: (i) the document, (ii) who last possessed it (including counsel), (iii) when and how it was obtained, transferred, or lost, and (iv) the efforts made to locate it.

- Debtors' position: Contention interrogatory (served day 1; responses due day 21). Identify precisely how Plaintiffs contend they (or the Coles) hold or acquired ownership rights in the RV: state each legal theory, each date, and each document that establishes the interest. If Plaintiffs contend a court "awarded" the RV, provide the exact order and pinpoint citation; if Plaintiffs contend a transfer of title occurred, identify the DOL transaction number, date, and submitting party.

- Debtors' position: Genuineness RFAs (served day 7; responses due day 21). RFAs limited to: (i) genuineness of the produced bill of sale/receipt/insurance/title records; (ii) admission that REALM Analytics, LLC appears as purchaser/owner on the sales paperwork and/or warranty/insurance records (if true); and (iii) admission that no final judgment transferring title was entered before removal (if true). Boilerplate objections are ineffective; objections must identify the specific defect.

- Debtors' position: Non-party subpoena path (if Plaintiffs do not produce complete ownership file by day 14). The parties will issue a narrowly-tailored Rule 45 subpoena to Washington DOL and the selling dealer for: (i) title/registration records and applications for the VIN at issue (with custodian certification); (ii) the full deal jacket (purchase documents, MSO, buyer's order, Odometer, finance or "paid in full" record if applicable); and (iii) a custodian declaration under FRE 902(11) (dealer) and 902(4) (DOL). Any 30(b)(6) deposition will be conducted remotely, capped at 60–90 minutes, and limited to record-keeping/authentication. Plaintiffs shall not object and will cooperate in authorizations as needed.

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

- Debtors' position: Best-evidence compliance and preclusion. Originals or admissible duplicates must be produced for each identified "ownership" writing (FRE 1002/1003). Any writing not disclosed by day 21 of Phase One is excluded under Rule 37(c)(1) absent leave upon a showing of substantial justification or harmlessness.

- Debtors' position: Authentication lanes. DOL records shall be produced with FRE 902(4) certifications; dealer/insurer records with FRE 902(11) business-records declarations; any native ESI with a FRE 902(13)/(14) process declaration and file hash. Authenticity/foundation objections must be served within 14 days of production or are waived absent good cause.

**3) ESI (disclosure / discovery / preservation) and forms of production**

- Debtors' position: If discovery proceeds, the Court should enter a short, mutual ESI/Admissibility protocol: (i) native A/V with SHA-256 hash and a FRE 902(13)/(14) process declaration; (ii) text-searchable PDFs for routine documents and natives for spreadsheets/email (EML/MSG + extracted text); (iii) standard metadata (BegBates/EndBates, Custodian, From/To/CC/BCC, Subject, DateSent/Received, FileName, FilePath, Hash); (iv) no device imaging absent a specific showing; and (v) a 14-day deadline for foundation/authenticity objections, or they are waived absent good cause. Institutional records (including any OWFCU productions) will be accompanied by FRE 902(11) certifications; certified public records are self-authenticating under FRE 902(4). This ensures the BCPD video and October 21 audio can be admitted cleanly, consistent with this Court's preference for native exhibits rather than transcripts alone.

- Debtors' position: Public-records authentication. For police/public-agency materials (e.g., BCPD Incident P202301214; body-worn camera files), the producing party will request

**R|NW** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

either (i) a FRE 902(4) certification (true and correct copy) or (ii) a FRE 902(11) custodian declaration establishing regularly-kept records. If the agency does not provide a 902 certificate/declaration, authenticity may be established under FRE 901(b)(7) by a custodian declaration or short Rule 30(b)(6) examination, and the record's admissibility will be addressed under FRE 803(8). Any authenticity/foundation objection must be served within 14 days of production or is waived absent good cause. Native A/V shall be produced with a FRE 902(13)/(14) process declaration and hash.

### 3-A) Protective Order & Privacy

- Debtors' position: Two-Tier Protective Order: "Confidential" and "Attorneys' Eyes Only" tiers shall govern personal financial/PII and any non-party banking materials; use is restricted to this action; non-party account numbers reduced to last four digits; broad sharing with clients/lay "consultants" is prohibited absent court order.

### 4) Claims of privilege / protection; FRE 502(d)

- Debtors' position: Enter a stand-alone FRE 502(d) order now. Under 502(d), any disclosure - whether inadvertent or otherwise - of privileged or work-product material does not effect waiver in this or any other proceeding; reasonableness under 502(b) is irrelevant; on notice, the receiving party must sequester/delete within 3 business days (including from vendors/experts), and may use a challenged item only to litigate privilege under seal/in camera. Plaintiffs' draft asserts there are "no anticipated privilege issues" and proposes no 502(d) order; a 502(d) order is standard infrastructure for efficient production and avoids collateral waiver fights. A proposed order is attached as Exhibit B.

R | NW
Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

- Debtors' position: Privilege-Log Cadence: categorical logs permitted; logs due 21 days after substantial completion of each production and within 7 days of any clawback notice under the 502(d) order.

**5) Changes to default limits; other limitations**

- Debtors' position: No discovery until the threshold motions are resolved. If any claim survives, limit discovery to a single, short phase (90 days), reuse prior state discovery under FRCP 32(a)(8), and confine new requests to authentication tasks and Plaintiffs' foundational banking proof (OWFCU policies/custodians) they should already have.

- Debtors' position: No New Evidence on Reply: reply briefs may not attach new declarations or exhibits absent leave of court; any new material offered on reply will be disregarded or the opposing party afforded sur-reply as of right.

- Debtors' position: Supplementation Discipline (Rule 26(e)): supplementation must occur within 14 days of learning new information and, in all events, no later than 21 days before the Phase-One discovery cutoff, absent leave of court; late-disclosed witnesses/documents are excluded under Rule 37(c)(1) unless substantially justified or harmless.

- Debtors' position: Pre-Marking & Objection Chart: 21 days before any evidentiary hearing or trial, parties exchange exhibit lists with a column stating the rule of admissibility (e.g., 902(11), 902(13)–(14), 803(8)); 14 days later, exchange a paragraph-level objection chart; unresolved disputes set for pre-hearing resolution.

**6) Any other orders under Rule 26(c) / Rule 16(b)–(c)**

- Debtors' position: (i) Set an expedited hearing on Debtors' FRCP 65 (dissolve/modify PI) and FRCP 54(b) (revise FOFCOL) motions; (ii) stay discovery and defer initial disclosures

R | N W

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

pending those rulings; and (iii) if the Court prefers a contingent track, adopt the schedule in § 7, together with the short ESI/902 protocol and the 502(d) order.

- Debtors' position: Short-Form Discovery Dispute Procedure: before motion practice, the parties must meet and confer by phone/Zoom; any remaining issue will be presented by a joint, two-page letter identifying the exact requests/responses and the relief sought; the Court may resolve on the papers or set a short hearing

**F.R.Civ.P. 16(b) Specifics**

a) Length of trial

- Debtors' position: Trial settings should follow threshold rulings identifying what - if anything - remains. Debtors oppose a "re-trial" of claims foreclosed by Article 4A or disposed via interlocutory findings and federal rulings. If, over objection, the Court sets trial now, Debtors reserve the right to seek written-direct testimony with a pretrial objection chart and mutual 902 authentication so A/V and public/business records are admitted cleanly.

b) Location of trial

- Debtors' position: Spokane, Washington is appropriate if trial becomes necessary.

**7. Contingent Schedule (only if any claim survives the threshold motions)**

- Debtors' position: (a) Initial disclosures: 14 days after the Court's threshold rulings; (b) Fact discovery: 90 days thereafter; (c) Dispositive motions: 45 days after the fact-discovery cutoff; (d) Prior state depositions usable under FRCP 32(a)(8); (e) Entry of the short ESI/902 protocol and the 502(d) order at the outset of any post-threshold phase.

**R** | **N W**

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

**DEFENDANTS' REQUESTED RELIEF:**

Debtors' position: (1) Set an expedited hearing on Debtors' FRCP 65 and FRCP 54(b) motions on October 28, 2025, or the earliest available date; (2) stay all discovery and defer Rule 26(a)(1) disclosures pending those rulings; and (3) if the Court prefers a contingent track, enter the limited schedule above and sign the attached FRE 502(d) order.

R | N W

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

**Exhibit B - Proposed FRE 502(d) Order**

1. Non-Waiver. Under FRE 502(d), disclosure - inadvertent or otherwise - of information protected by the attorney-client privilege, work-product doctrine, or common-interest doctrine ("Protected Material") shall not constitute waiver of any privilege or protection in this case or in any other federal or state proceeding.

2. No 502(b) Inquiry. This Order supersedes FRE 502(b). The effect of any disclosure under this Order does not depend on the reasonableness of precautions taken to prevent disclosure.

3. Clawback Procedure. A producing party may notify the receiving party in writing that Protected Material has been disclosed ("Clawback Notice"), identifying the material by Bates/descriptor and privilege basis. Within 3 business days of the Notice, the receiving party shall (a) sequester or delete all copies, including from review platforms, email, shared drives, and, if reasonably feasible, backups; (b) instruct all vendors/experts/consultants to do the same; (c) cease any use or disclosure; and (d) certify compliance.

4. Derivative Material. The obligations in ¶3 extend to attachments, embedded files, metadata, drafts, tracked changes, excerpts, summaries, and transcriptions derived from the Protected Material.

5. Challenges. A receiving party may challenge privilege or protection by motion filed under seal within 14 days of the Notice. Pending resolution, the material remains sequestered and may be submitted to the Court in camera. The receiving party may use the material solely to litigate the privilege/protection issue.

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

6. Depositions & Hearings. If Protected Material is used or referenced in a deposition/hearing before a Clawback Notice issues, the relevant portion is deemed CONFIDENTIAL – SUBJECT TO FRE 502(d) and provisionally sealed. Upon Notice, the transcript exhibits/pages shall be sequestered and replaced/redacted as necessary; the witness may be re-examined on non-privileged alternatives.

7. Logging. The producing party shall add clawed-back items to its privilege log (categorical logging permitted) within 7 days of the Notice.

8. No Subject-Matter Waiver. Disclosure of any Protected Material pursuant to this Order does not effect a subject-matter waiver.

9. Non-Party & Vendor Compliance. Counsel shall ensure that vendors, experts, and third parties receiving production data comply with this Order.

10. Reservation. Nothing prevents a party from intentionally using its own privileged material; such use waives privilege only as to that document.


Dated: October 23, 2025

*/s/      Eric Young            /s/ Susan Young*
         Eric Young            Susan Young

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 20, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following individuals. Further, a copy of the foregoing was also mailed and emailed to the following individuals.

*And via first class mail:*
Eric and Susanann Young
12402 N. Division St #167
Spokane, WA 99218
*And via email:*
eyoung-encrypt@pm.me
jaegersmum@proton.me

Dated this 8th day of October, 2025.

BY: */s/ Matthew S. Mensik*
Matthew A. Mensik

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com