FILED

NOV 0 6 2023

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR SPOKANE COUNTY

| | |
|---|---|
| LINDA COLE and TED COLE, | Case No. 232 04734-32 |
| Plaintiffs, | **DECLARATION OF LINDA COLE IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** |
| vs. | |
| ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG, | |
| Defendants. | |

I, Linda Cole, declare as follows:

1. I am one of the Plaintiffs in the above entitled action, I am over 18 years of age, and I make this declaration based on personal knowledge.

2. I am married to Ted Cole. Susanann Young is my daughter and Ted's step daughter. Eric Young is our son-in-law. I am 79 years of age and Ted is 81 years of age.

3. Ted and I had planned to move from Baker City, Oregon, where we currently live, to Spokane, Washington to live with or near Eric and Susann Young. The plan was to be able to have the assistance of Eric and Susanann as Ted and I get older. Eric and Susanann selected a home they wanted purchase and asked Ted and I to fund the down payment for a house, which is

**DECLARATION OF LINDA COLE
IN SUPPORT OF MOTION FOR
TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE
- 1**

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

located at 1004 E. Golden Ct. in Spokane, WA. Eric and Susanann did not have money for a down payment for the house purchase, so Ted and I agreed to contribute the requested $180,000 as the down payment for the house in exchange for Linda and Ted Coles being reflected on the title of the as co-owners. Ted and I would also move into the home with Eric and Susanann and live on the first floor of the home. Also, as part of the agreement, Ted and I would be on the mortgage as borrowers as well. Once moved in, Eric and Susanann would make the house payments.

3. Ted and I intended to draw the $180,000 from a fund of money that is Ted's inheritance from his father. The money was kept in a bank account at Old West Federal Credit Union located in Baker City, Oregon. While in Spokane, Eric informed us that we needed to wire the down payment funds right away or we would lose the Golden Ct. house. Ted and I made a telephone call to Old West Federal Credit Union to arrange the wire transfer and were told we had to be physically in the branch to make the transfer. During the phone call, Eric, in the background, was insistent that the transfer needed to occur immediately. During this conversation, I told the credit union official that after the $180,000 was wired, I wanted to transfer the remaining $62,314.62 in the account to a Chase Bank account she held. I also asked that the sum of $119,698.04, held in a second Old West Federal Credit Union account, be transferred to my Chase account. In the middle of this conversation, Eric took over the conversation with a credit union official and I wrote down my Chase Bank account number for Eric to use in arranging the wire transfers.

4. After the phone call, Eric was in a rush to get the transfer done, and urged me to go to a postal annex where a notary could notarize the transfer form to transfer the down payment money immediately. At the postal annex, Eric presented only two separate sheets of paper with my signature line on each. The first page of the wire transfer form, with the amount of the transfer

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

and the identification of accounts, was not included for either me or the notary to review. I assumed the wire transfer form would reflect the proper receiving bank account and the correct transfer amount of $180,000. I signed the two pages Eric offered at the postal annex in front of the notary and only later found that I had authorized two transfers, one in the amount of $242,334.62, and the other in the amount of $119,718.04. I also did not know that the receiving bank account number for both transfers had been changed from my Chase account to an account held by Eric at Bank of America.

5. After Ted and I became aware of the transfers of the funds our account, we contacted the realtor handling the house purchase to at least make sure the realtor had instructions to place our names on the house title as co-owners of the house. We were informed by an attorney at the realty office that they did not have instructions from Eric and Susanann to add our names to the title of the house and after what we believe was a conference between the attorney at the Realty office and Eric and Susanann, the attorney at the realty office spoke to us again and refused to place our name on the title of the house.

6. We believe the sale of the Golden Ct. home may be closing as soon as November 10, 2023. We believe, from statements made by Eric, that some of the illegally obtained funds have been placed in escrow as a down payment for the home, and some of the funds are still being held in Eric and Susanann's bank account.

7. If the sale of the house is not stopped, we feel it may be very difficult to obtain the return of our money. Before Eric and Susanann convert our money into real estate or spend the money,

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

we ask that the process of the sale be stopped so we can show the Court that the money is ours, and that any of the money held in Eric and Susanann's bank account be frozen and held in the account without any ability to withdraw and spend it until this dispute can be resolved.

8. We received full copies of the wire transfer forms that Eric and Susanann claim I signed as attachments in a letter Susanann wrote to our church elders. The letter was written by Susanann in an effort to justify Eric and Susanann's behavior in taking our money without our permission. The forms are attached to the Memorandum in Support of Motion for Temporary Restraining Order and Order to Show Case as Exhibits A and B. As far as I know, the wire transfer forms are the true and correct copies of what Eric and Susanann used to take our money.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this ___6___ day of November, 2023.

Linda J Cole

LINDA COLE

DECLARATION OF LINDA COLE
IN SUPPORT OF MOTION FOR
TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE
- 4

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509 624 5265

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of November, 2023, I caused to be served a true copy of the foregoing DECLARATION OF LINDA COLE IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE by the method indicated below, and addressed to each of the following:

Eric Young & Susanann Young
8507 N. Sylvia St.
Spokane, WA 99208

Email: jaegersdad@gmail.com
Email: jaegersmom@gmail.com

(936) 494-8730
(936) 494-8319

☐ U.S. Mail, Postage Prepaid
☐ Hand Delivered
☐ Overnight Mail
☐ E-mail
☐ Facsimile

Jessie Smylie, Legal Administrative Assistant

DECLARATION OF LINDA COLE
IN SUPPORT OF MOTION FOR
TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE
- 5

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

FILED

NOV 0 6 2023

TIMOTHY W FITZGERALD
SPOKANE COUNTY CLERK

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR SPOKANE COUNTY

LINDA COLE and TED COLE,

Plaintiffs,

vs.

ERIC ROSS YOUNG and SUSANANN
LYNETTE YOUNG,

Defendants.

Case No. 23 2 04734-32

**MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

## I.    BACKGROUND

Plaintiffs, Ted and Linda Cole, are both over 80 years of age and are the stepfather and mother to Defendant Susanann Young. Eric Young, who is married to Susanann Young, is their son-in-law. Defendants and Plaintiffs entered into an agreement that involved a purchase of residential property with Defendants. Plaintiffs agreed to contribute money as a down payment for Defendants and Plaintiffs to purchase a house in Spokane, Washington. Plaintiffs were supposed to be borrowers in a mortgage for the house with Defendants and listed on the deed as co-owners. As part of the agreement, Plaintiffs were to move into the house and live in the house with Defendants. Additionally, as part of the agreement, once moved in, Defendants agreed they would make the house payments. **See Declaration of Linda Cole filed concurrently herewith.**

The house the parties intended to purchase is located at 1004 E. Golden Ct. in Spokane,

MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE- 1

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

Washington. Plaintiffs agreed to contribute $180,000 as the down payment for the Golden Ct. house. **See Declaration of Linda Cole filed concurrently herewith.** The money for the down payment was coming from an account held by Plaintiffs kept in an Old West Federal Credit Union credit union located in Baker City, Oregon where Plaintiffs live. **See Declaration of Linda Cole filed concurrently herewith.**

Defendant, Eric Young, informed Plaintiff Linda Cole that the $180,000 down payment was required to be transferred by wire transfer to a bank in Spokane, Washington. Linda, while in Spokane, Washington visiting Defendants, intended to authorize the funds to be transferred to Plaintiffs' Chase bank account that could be accessed at a bank branch in Spokane, Washington. **See Declaration of Linda Cole filed concurrently herewith.**

While in Spokane, Eric Young came to Linda in a rush, urging her to go to a nearby postal annex to sign the wire transfer forms before a notary immediately. At the postal annex Linda assumed the wire transfer form would reflect the proper receiving account as her own account, and the correct amount of $180,000. Mr. Young brought 2 one-page documents with signature lines into the postal annex for Linda to sign. Linda was not able to review the entire wire transfer form and was urged to sign. She also did not know she was signing to authorize two wire transfers and did not know the amount of the transfers or the beneficiary account. Thinking the wire transfer forms she was signing reflected the agreement she and Ted made with their children, she signed the forms. Later, Plaintiffs found that two transfers were authorized in the amount of $242,334.62, and $119, 718.04, and not the agreed upon $180,000. Additionally, the receiving bank account number on the wire transfer form had been changed from Plaintiffs Chase Bank account to an account held by Eric Young. **See Declaration of Linda Cole filed concurrently herewith; See also wire transfer form attached as Exhibit A, and Exhibit B**

MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE- 2

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

After Plaintiffs became aware of the two wire transfers with the total amount of $362,052.66 was removed from their account, they contacted the realtor handling the house purchase to at least make sure the realtor had instructions to place their names on the house deed as co-owners of the house. Plaintiffs were informed by an attorney at the realty office that they did not have instructions from Eric and Susanann Young to add their names to the deed of the house. Also, Plaintiffs were not added to the loan for the house. Defendants have also refused to place Plaintiffs' names on the deed of the house as co-owners. **See Declaration of Linda Cole filed concurrently herewith.**

Plaintiff are informed and believe that the sale of the Golden Ct. home may be closing as soon as November 10, 2023. Plaintiffs are informed and believe, from statements made by Eric Young, that some of the illegally obtained funds have been placed in escrow as a down payment for the home, and some of the funds are still being held in Defendants' bank account. **See Declaration of Linda Cole filed concurrently herewith.**

Plaintiffs seek an order from this Court enjoining the sale of the Golden Ct. home and freezing the Bank of American bank account # 008761102131 as identified on the wire transfer for the beneficiary account so that no withdrawals or transfers of the money in the account are permitted to occur until after the current dispute that is the subject of this action is resolved.

## II.    LEGAL ARGUMENT

RCW 7.40.020 provides:

"When it appears by the complaint that the plaintiff is entitled to the relief demanded and the relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce great injury to the plaintiff; or when during the litigation, it appears that the defendant is doing, or threatened, or is about to do, or is procuring, or is suffering some act to be done in violation of the plaintiff's rights respecting the subject of the action tending to render the judgment ineffectual; or where such relief, or any part thereof, consists in restraining proceedings upon any

MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE- 3

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

final order or judgment, an injunction may be granted to restrain such act or proceedings ..." *See also,* CR 65.

That standard is met where the party seeking the injunction has clear legal or equitable rights, where there is a well-grounded fear of immediate invasion of that right by the one against whom the injunction is sought, and where the acts complained of are either resulting or will result in actual and substantial injury. *National Grange of Order of Patrons of Husbandry v. O'Sullivan Grange No.* 1136, 35 Wash. App. 444, 454, 667 P.2d 1105, 1111 (1983).

A party seeking injunctive relief must show: (1) that it has a clear and equitable and legal right; (2) that it has a well-grounded fear of immediate invasion of that right by the one against whom the injunction is sought; and (3) that the acts complained of will result in actual and substantial injury to the party seeking the injunctive relief. *Washington Federation of State Employees, Counsel 28, AFL-CIO v. State,* 99 Wash.2d 878, 888, 665 P.2d 1337, 1343 (1983). A party seeking injunctive relief "need not prove...the merits of the issues" underlying the above requirements for injunctive relief so long as the party establishes the likelihood that it will prevail on the merits. *Northwest Gas Ass'n v. Washington Utilities Transportation Comm'n,* 141 Wash.App. 98, 115-116, 168 P.3d 443, 453 (2007). A Temporary Restraining Order is properly granted to preserve the status quo to facilitate meaningful judicial review. *Id.*

As set forth above, Plaintiffs allege under oath that Defendants have, by fraud and deceptive means, converted Plaintiffs' money and Defendants have used it for their own purposes and benefit. There is some urgency with Plaintiff's requested restraining order as Plaintiffs are informed that Defendants have use a significant amount of the converted funds to pay into escrow for the purchase of a house the sale of which is supposed to close by

MEMORANDUM IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE- 4

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

1  November 10, 2023.  As such, Plaintiff's seek an order from this court demanding Defendants

2  show cause why the restraining order stopping the sale of 1004 E. Golden Ct. and an order

3  freezing Defendants' Bank of America account (shown as the beneficiary account on the wire

4  transfer form) should not be issued.  Plaintiffs also request that the restraining order be issued

5  as requested in these moving papers.

### III.    CONCLUSION

8      Plaintiffs ask this Court to issue an order to show cause why the requested temporary

9  restraining order should not be granted.  Plaintiffs also request that the Court issue a restraining

10  order halting the purchase of 1004 E. Golden Ct., Spokane, Washington, and freezing the Bank of

11  American account # 008761102131 until this dispute can be resolved.

DATED this 6 day of November, 2023.

HAWLEY TROXELL ENNIS & HAWLEY, LLP

Michael R. Merritt, WSBA No. 60094
422 W. Riverside Ave., Suite 1100
Telephone:    509.624.5265
Facsimile:     509.458.2728
E mail:        mmerritt@hawleytroxell.com
Attorneys for Plaintiffs

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR TEMPORARY RESTRAINING ORDER AND**
**ORDER TO SHOW CAUSE-** 5

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

25-80037-FPC    Doc 17    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 10 of 175

**CERTIFICATE OF SERVICE**

1

2   I HEREBY CERTIFY that on this ___ day of November, 2023, I caused to be served a true

3   copy of the foregoing Memorandum in Support of Motion for Temporary Restraining Order and

4   Order to Show Cause by the method indicated below, and addressed to each of the following:

5   Eric Young & Susanann Young
    8501 N. Sylvia St.
6   Spokane, WA 99208

□ U.S. Mail, Postage Prepaid
□ Hand Delivered
□ Overnight Mail
□ E-mail
□ Facsimile

7   Email: jaegersdad@gmail.com
    Email: jaegersmom@gmail.com

8
    (936) 494-8730
9   (936) 494-8319

10

11

12                          Jessie Smylie, Legal Administrative Assistant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  **MEMORANDUM IN SUPPORT OF**
    **MOTION FOR TEMPORARY RESTRAINING ORDER AND**
    **ORDER TO SHOW CAUSE- 6**

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

25-80037-FPC    Doc 17    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 11 of 175

# EXHIBIT A

## OLD WEST FEDERAL CREDIT UNION OUTGOING DOMESTIC WIRE FORM

Outgoing wire deadline on same day is 1:00pm, wires after that time will be sent out next business day.

| Wire Amount US Dollars $242,314.62 | Wire Fee $20.00 | Total Amount Due $242,334.62 | Date Request Rec'd 10/12/2023 | Time 1:56 pm | Send Date 10/16/2023 |
|---|---|---|---|---|---|

| Wire Amount GL: BANK Verified By: | Fee Charged - Specfile Verified By: |
|---|---|

**Receiving FI Information**

| Routing Number: ▮▮▮ | Name of FI: Bank of America |
|---|---|

**ORIGINATOR INFORMATION**

| Member #: ▮▮▮ | Member Name: Linda Cole |
|---|---|
| **Member Address:** ▮▮▮ PO BOX NOT ACCEPTED | Address Continued: ▮▮▮ |

**BENEFICIARY INFORMATION**

| Account #: 008761102131 | Beneficiary Name: Eric Young |
|---|---|
| Address: 8507 North Sylvia St PO BOX NOT ACCEPTED | Address Cont: Spokane, WA 99208 |

**INTERMEDIARY FI INFORMATION**

| Intermediary Acct # Click here to enter text. | FI Name: Click here to enter text. |
|---|---|
| FI Address: Click here to enter text | FI Address Cont: Click here to enter text |

**BANK TO BANK INFORMATION**

Click here to enter text.

**ORIGINATOR TO BENEFICIARY INFORMATION**

1004 E Golden Ct, Spokane, WA

| PURPOSE OF WIRE | MEMBER SIGNATURE |
|---|---|
| Property Purchase in Spokane WA | *Linda G. Cole* |

Request made: ☐In person ☐Fax ☒Phone ☐Banno    Supervisor Approval (if needed) _____

Information Verified: ☐Photo ID ☐Signature Card ☒Call Back ☐Login ID ☒Code Word ☐Banno Authentication

BUSINESS MEMBERS-RESTRICTED TRANSACTIONS (i.e.: unlawful internet transactions) are prohibited from being processed through an account or the members relationship. Please initial acknowledgement_____

| SECURITY QUESTIONS | Yes | No |
|---|---|---|
| Were you promised money in return for sending this wire | ☐ | ☒ |
| Are you wiring funds which were deposited by someone you do not know | ☐ | ☒ |
| Were you instructed to wire money to claim lottery or prize money | ☐ | ☒ |
| Are you wiring money in response to a guaranteed credit card or loan offer | ☐ | ☒ |
| Are you wiring money to someone you do not know | ☐ | ☒ |
| Are you wiring money to participate in a foreign lottery | ☐ | ☒ |

**CREDIT UNION USE ONLY**

| Request taken by: TC 243 | Symitar Transaction done by: TC243 |
|---|---|
| Fax or email signature verified by: | Input in TranZact by: |
| Call back completed by: | Second Verification by: |

- 4 -

## Wire Instructions, Indemnification and Hold Harmless Agreement

I herein instruct Old West Federal Credit Union to send my funds to the recipient identified in the attached Wire Transfer/Authorization Form. By signing this agreement, I herein represent and affirm that I have completed the necessary due diligence in verifying the recipient named herein and that I will hold Old West Federal Credit Union, Its Agents, and Assigns (Old West) harmless and I will indemnify Old West for any claim or dispute of any nature arising from this transaction. I also understand that if I choose to complete this wire transaction Old West Federal Credit Union is not liable for any loss of funds or claim arising from fraudulent activity. I understand that once the wire is sent and accepted there is no recourse or method for return of funds.

_Linda J. Cole_                                   _October 14, 2023_

Member Signature                                   Date

Notary Seal & Signature on
Official Document to Follow          **Wire Fraud Warning!**

Due to the increase and prevalence of wire fraud, the following information is shared with you for informational purposes. Wire fraud takes many different forms, and can include:

**Fraudulent online purchases** (paying for items, shipping, or "tax" before you take delivery)

**"Sweetheart" scams**, wherein an online friend or romantic acquaintance (whom you have not met in person) solicits money from you for various reasons such as travel (they may be "trapped in a foreign country"), medical debt, adoption, etc.

**Jail scams**, wherein someone posing as a relative (ie., grandchild, nephew), or a "law enforcement official" calls (often in the middle of the night) saying your relative is in jail in a foreign country or has assaulted a foreign national and demands "bail" or "security" money.

Most of these scams require that you tell no one or the subject of the scam will "get in trouble."

These are just a few of the scams that occur. If you have doubts or questions, please don't hesitate to let us know before you send a wire.

# WASHINGTON SHORT-FORM INDIVIDUAL ACKNOWLEDGMENT

State of Washington

County of Spokane } ss.

I certify that I know or have satisfactory evidence that **Linda Jean Cole**

*Name of Signer*

is the person who appeared before me, and said

person acknowledged that he/she signed this

instrument and acknowledged it to be his/her free

and voluntary act for the uses and purposes

mentioned in the instrument.

Dated: **October 14, 2023**

*Month/Day/Year*

_____

*Signature of Notarizing Officer*

STATE OF WASHINGTON
Matthew Anderson
Notary Public
Commission Expires July 19, 2024
Commission # 185853

*Notary Public*

*Title (Such as "Notary Public")*

My appointment expires

**July 19, 2024**

*Month/Day/Year of Appointment Expiration*

Place Notary Seal Above

──────── OPTIONAL ────────

Although the information in this section is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

Right Thumbprint of Signer

Top of thumb here

## Description of Attached Document

Title or Type of Document: Wire Instruction, Indemnification and Hold Harmless Agreement

Document Date: October 14 2023  Number of Pages: 1

Signer(s) Other Than Named Above: _____

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org
Item No. 5906 • Reorder: Call Toll-Free 1-800-876-6827

- 6 -

# EXHIBIT B

# OLD WEST FEDERAL CREDIT UNION OUTGOING DOMESTIC WIRE FORM

Outgoing wire deadline on same day is 1:00pm, wires after that time will be sent out next business day.

| Wire Amount US Dollars $119,698.04 | Wire Fee $20.00 | Total Amount Due $119,718.04 | Date Request Rec'd 10/13/2023 | Time 3:20 pm | Send Date 10/16/2023 |
|---|---|---|---|---|---|

| Wire Amount GL: BANK. Verified By: | Fee Charged - Specfile Verified By: |
|---|---|

**Receiving FI Information**

| Routing Number: 026009593 | Name of FI: Bank of America |
|---|---|

## ORIGINATOR INFORMATION

| Member #: ▮ | Member Name: Linda Cole |
|---|---|
| Member Address: ▮ PO BOX NOT ACCEPTED | Address Continued: ▮ |

## BENEFICIARY INFORMATION

| Account #: 008761102131 | Beneficiary Name: Eric Young |
|---|---|
| Address: 8507 North Sylvia St PO BOX NOT ACCEPTED | Address Cont: Spokane, WA 99208 |

## INTERMEDIARY FI INFORMATION

| Intermediary Acct # Click here to enter text. | FI Name: Click here to enter text. |
|---|---|
| FI Address: Click here to enter text. | FI Address Cont: Click here to enter text. |

## BANK TO BANK INFORMATION

Click here to enter text.

## ORIGINATOR TO BENEFICIARY INFORMATION

Balance Transfer

| PURPOSE OF WIRE | MEMBER SIGNATURE |
|---|---|
| Balance Transfer | *Linda J. Cole* |

Request made: ☐ In person ☐ Fax ☒ Phone ☐ Banno    Supervisor Approval (if needed) _____
Information Verified: ☐ Photo ID ☐ Signature Card ☒ Call Back ☐ Login ID ☒ Code Word ☐ Banno Authentication
BUSINESS MEMBERS-RESTRICTED TRANSACTIONS (I.e.: unlawful internet transactions) are prohibited from being processed through an account or the members relationship. Please initial acknowledgement_____

| SECURITY QUESTIONS | Yes | No |
|---|---|---|
| Were you promised money in return for sending this wire | ☐ | ☒ |
| Are you wiring funds which were deposited by someone you do not know | ☐ | ☒ |
| Were you instructed to wire money to claim lottery or prize money | ☐ | ☒ |
| Are you wiring money in response to a guaranteed credit card or loan offer | ☐ | ☒ |
| Are you wiring money to someone you do not know | ☐ | ☒ |
| Are you wiring money to participate in a foreign lottery | ☐ | ☒ |

## CREDIT UNION USE ONLY

| Request taken by: DB 179 | Symitar Transaction done by: DB179 |
|---|---|
| Fax or email signature verified by: | Input in TranZact by: |
| Call back completed by: | Second Verification by: |

25-80037-FPC    Doc 17    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 17 of 175

# Wire Instructions, Indemnification and Hold Harmless Agreement

I herein instruct Old West Federal Credit Union to send my funds to the recipient identified in the attached Wire Transfer/Authorization Form. By signing this agreement, I herein represent and affirm that I have completed the necessary due diligence in verifying the recipient named herein and that I will hold Old West Federal Credit Union, its Agents, and Assigns (Old West) harmless and I will indemnify Old West for any claim or dispute of any nature arising from this transaction. I also understand that if I choose to complete this wire transaction Old West Federal Credit Union is not liable for any loss of funds or claim arising from fraudulent activity. I understand that once the wire is sent and accepted there is no recourse or method for return of funds.

_Linda J. Cole_      _October 14 2023_

Member Signature          Date

Notary Seal & Signature on
Official Document to Follow      **Wire Fraud Warning!**

Due to the increase and prevalence of wire fraud, the following information is shared with you for informational purposes. Wire fraud takes many different forms, and can include:

**Fraudulent online purchases** (paying for items, shipping, or "tax" before you take delivery)

**"Sweetheart" scams**, wherein an online friend or romantic acquaintance (whom you have not met in person) solicits money from you for various reasons such as travel (they may be "trapped in a foreign country), medical debt, adoption, etc.

**Jail scams**, wherein someone posing as a relative (i.e., grandchild, nephew), or a "law enforcement official" calls (often in the middle of the night) saying your relative is in jail in a foreign country or has assaulted a foreign national and demands "bail" or "security" money.

*Most of these scams require that you tell no one* or the subject of the scam will "get in trouble."

These are just a few of the scams that occur. If you have doubts or questions, please don't hesitate to let us know **before** you send a wire.

# WASHINGTON SHORT-FORM INDIVIDUAL ACKNOWLEDGMENT

State of Washington

County of _Spokane_ } ss.

I certify that I know or have satisfactory evidence that _Linda Jean Cole_

<span style="font-size:small">Name of Signer</span>

is the person who appeared before me, and said person acknowledged that he/she signed this instrument and acknowledged it to be his/her free and voluntary act for the uses and purposes mentioned in the instrument.

Dated: _October 14, 2023_

<span style="font-size:small">Month/Day/Year</span>

---

STATE OF WASHINGTON
Matthew Anderson
Notary Public
Commission Expires July 19, 2024
Commission # 185853

---

_Matthew Anderson_

<span style="font-size:small">Signature of Notarizing Officer</span>

_Notary Public_

<span style="font-size:small">Title (Such as "Notary Public")</span>

My appointment expires

_July 19, 2024_

<span style="font-size:small">Month/Day/Year of Appointment Expiration</span>

Place Notary Seal Above

---------------- OPTIONAL ----------------

<span style="font-size:small">Although the information in this section is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.</span>

**Description of Attached Document**

Title or Type of Document: _Wire Instructions, Indemnification and Hold Harmless Agreement_

Document Date: _October 14, 2023_ Number of Pages: _1_

Signer(s) Other Than Named Above: _____

Right Thumbprint
of Signer
Top of thumb here

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org
Item No. 5906 • Reorder: Call Toll-Free 1-800-876-6827

- 3 -

FILED

NOV 06 2023

TIMOTHY W FITZGERALD
SPOKANE COUNTY CLERK

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR SPOKANE COUNTY

| | |
|---|---|
| LINDA COLE and TED COLE,<br><br>Plaintiffs,<br><br>vs.<br><br>ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG,<br><br>Defendants. | Case No. 23204734-32<br><br>**MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** |

Plaintiffs, LINDA and TED COLE, by and through their attorney of record, Michael R. Merritt of Hawley Troxell Ennis & Hawley, LLP, move this court for an order Defendants ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG to appear and show cause why a Temporary Restraining Order should not be issued stopping the purchase of the residential property located at 1004 E. Golden Ct., Spokane, Washington, and freezing their bank account, Bank of America account # 008761102131, restoring Plaintiffs possession of the money taken from them by Defendants through fraud and deceptive means as set forth in the Verified Complaint and Declaration of Linda Cole in Support of Motion for Temporary Restraining Order and Order to Show Cause filed concurrently herewith.

As set forth in the Verified Complaint and the Declaration of Linda Cole, Defendants are guilty of the theft of Plaintiffs' money through fraudulent means and Plaintiffs require the Court

**MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE- 1**

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

25-80037-FPC    Doc 17    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 20 of 175

1  to stop further conversion of the funds through the purchase of the Golden Ct. house and possibly

2  disposing the funds held in Defendants' bank account.

3      This Motion is made and based on CR 65 and RCW 7.40.010, et seq., the papers, and

4  pleadings on file in this case and the arguments of counsel should this matter be heard.

5      DATED this 6 ±4 day of November, 2023.

6

7                    HAWLEY TROXELL ENNIS & HAWLEY, LLP

8

9                    Michael R. Merritt, WSBA No. 60094
                    422 W. Riverside Ave., Suite 1100
10                   Telephone:   509.624.5265
                    Facsimile:   509.458.2728
11                   E mail:      mmerritt@hawleytroxell.com
                    Attorneys for Plaintiffs
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  MOTION FOR TEMPORARY RESTRAINING ORDER AND       Hawley Troxell Ennis & Hawley LLP
    ORDER TO SHOW CAUSE- 2                            422 W. Riverside Avenue, Suite 1100
                                                      Spokane, Washington 99201
                                                      509.624.5265

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of November, 2023, I caused to be served a true copy of the foregoing MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE by the method indicated below, and addressed to each of the following:

Eric Young & Susanann Young
8507 N. Sylvia St.
Spokane, WA 99208

☐ U.S. Mail, Postage Prepaid
☐ Hand Delivered
☐ Overnight Mail
☑ E-mail
☐ Facsimile

Email: jaegersdad@gmail.com
Email: jaegersmom@gmail.com

(936) 494-8730
(936) 494-8319

Jessie Smylie, Legal Administrative Assistant

MOTION FOR TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE- 3

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

FILED

NOV 0 6 2023

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR SPOKANE COUNTY

LINDA COLE and TED COLE,

      Plaintiffs,

vs.

ERIC ROSS YOUNG and SUSANANN
LYNETTE YOUNG,

      Defendants.

Case No. 232 04734-32

**ORDER TO SHOW CAUSE**

THIS MATTER having come on for hearing this day upon the motion of Plaintiffs, LINDA COLE and TED COLE, by and through its attorneys, Hawley Troxell Ennis & Hawley, LLP, for an Order to Show Cause,

IT IS HEREBY ORDERED that Defendants, ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG, shall appear at _____3:00 PM_____, Spokane County Superior Court, Spokane County Courthouse. 1116 W. Broadway Ave., Courtroom 403, Spokane, WA 99201 on _____11/7/23_____, and show cause as to why this Court should not issue a Temporary Restraining Order halting the purchase of residential property, 1004 E. Golden Ct., Spokane, Washington, and freezing Bank of American Account # 008761102131 held by Eric Young.

IT IS FURTHER ORDERED, and Defendants are further notified, that upon their failure to appear and show cause at that date and time specified in the Order, this Court will issue the

ORDER TO SHOW CAUSE- 1

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

1  Temporary Restraining Order sought by Plaintiffs and grant such other relief as requested in

2  Plaintiff's Complaint and by law.

3

4     DONE IN OPEN COURT this __6__ day of November, 2023.

5

6                                        _____
                                         Superior Court Judge/Commissioner

7  Presented by:                                    **Jacquelyn High-Edward**

8  HAWLEY TROXELL ENNIS & HAWLEY, LLP

9

10 By: _____

11    MICHAEL R. MERRITT, WSBA 60094
      *Attorney for Plaintiffs*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 ORDER TO SHOW CAUSE- 2

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of November, 2023, I caused to be served a true copy of the foregoing ORDER TO SHOW CAUSE by the method indicated below, and addressed to each of the following:

Eric Young & Susanann Young
8507 N. Sylvia St.
Spokane, WA 99208

Email: jaegersdad@gmail.com
Email: jaegersmom@gmail.com

(936) 494-8730
(936) 494-8319

☐ U.S. Mail, Postage Prepaid
☐ Hand Delivered
☐ Overnight Mail
☑ E-mail
☐ Facsimile

Jessie Smylie, Legal Administrative Assistant

ORDER TO SHOW CAUSE- 3

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

COPY

SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF SPOKANE

232 04734-32

LINDA COLE and TED COLE,                    Case No.

Plaintiffs,                    **SUMMONS**

vs.

ERIC ROSS YOUNG AND SUSANANN
LYNETTE YOUNG,

Defendants.

TO: ERIC ROSS YOUNG AND SUSANANN LYNETTE YOUNG, Defendants: A
lawsuit has been started against you in the above-entitled court by LINDA COLE and TED COLE
Plaintiffs. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon
you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your
defense in writing, and by serving a copy upon the person signing this summons within 20 days
after the service of this summons, excluding the day of service, or a default judgment may be
entered against you without notice. A default judgment is one where Plaintiffs are entitled to what
she or he asks for because you have not responded. If you serve a notice of appearance on the
undersigned person, you are entitled to a notice before a default judgment may be entered.

You may demand that the Plaintiffs file this lawsuit with the court. If you do so, the demand
must be in writing and must be served upon the person signing this summons. Within 14 days after

SUMMONS- 1

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Ave, Suite 1100
Spokane, Washington, 99201
Telephone (509) 624-5265

1  you serve the demand, the Plaintiffs must file this lawsuit with the court, or the service on you of
2  this summons and complaint will not be void.
3      If you wish to seek advice of an attorney in this matter, you should do so promptly so that
4  your written response, if any, may be served on time.
5      This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of
6  Washington.
7      DATED this 6TH day of November 2023.

8                                HAWLEY TROXELL ENNIS & HAWLEY LLP

10                               _____
11                               MICHAEL R. MERRITT, WSBA #60094
                                 *Attorney for Plaintiffs*

28  SUMMONS- 2

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Ave, Suite 1100
Spokane, Washington, 99201
Telephone (509) 624-5265

FILED

NOV 0 6 2023

TIMOTHY W FITZGERALD
SPOKANE COUNTY CLERK

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR SPOKANE COUNTY

| | |
|---|---|
| LINDA COLE and TED COLE,<br><br>Plaintiffs,<br><br>vs.<br><br>ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG,<br><br>Defendants. | Case No. 23204734-32<br><br>**DECLARATION OF LINDA COLE IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** |

I, Linda Cole, declare as follows:

1. I am one of the Plaintiffs in the above entitled action, I am over 18 years of age, and I make this declaration based on personal knowledge.

2. I am married to Ted Cole. Susanann Young is my daughter and Ted's step daughter. Eric Young is our son-in-law. I am 79 years of age and Ted is 81 years of age.

3. Ted and I had planned to move from Baker City, Oregon, where we currently live, to Spokane. Washington to live with or near Eric and Susann Young. The plan was to be able to have the assistance of Eric and Susanann as Ted and I get older. Eric and Susanann selected a home they wanted purchase and asked Ted and I to fund the down payment for a house, which is

**DECLARATION OF LINDA COLE
IN SUPPORT OF MOTION FOR
TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE**
- 1

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

located at 1004 E. Golden Ct. in Spokane, WA. Eric and Susanann did not have money for a down payment for the house purchase, so Ted and I agreed to contribute the requested $180,000 as the down payment for the house in exchange for Linda and Ted Coles being reflected on the title of the as co-owners. Ted and I would also move into the home with Eric and Susanann and live on the first floor of the home. Also, as part of the agreement, Ted and I would be on the mortgage as borrowers as well. Once moved in, Eric and Susanann would make the house payments.

3. Ted and I intended to draw the $180,000 from a fund of money that is Ted's inheritance from his father. The money was kept in a bank account at Old West Federal Credit Union located in Baker City, Oregon. While in Spokane, Eric informed us that we needed to wire the down payment funds right away or we would lose the Golden Ct. house. Ted and I made a telephone call to Old West Federal Credit Union to arrange the wire transfer and were told we had to be physically in the branch to make the transfer. During the phone call, Eric, in the background, was insistent that the transfer needed to occur immediately. During this conversation, I told the credit union official that after the $180,000 was wired, I wanted to transfer the remaining $62,314.62 in the account to a Chase Bank account she held. I also asked that the sum of $119,698.04, held in a second Old West Federal Credit Union account, be transferred to my Chase account. In the middle of this conversation, Eric took over the conversation with a credit union official and I wrote down my Chase Bank account number for Eric to use in arranging the wire transfers.

4. After the phone call, Eric was in a rush to get the transfer done, and urged me to go to a postal annex where a notary could notarize the transfer form to transfer the down payment money immediately. At the postal annex, Eric presented only two separate sheets of paper with my signature line on each. The first page of the wire transfer form, with the amount of the transfer

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

and the identification of accounts, was not included for either me or the notary to review. I assumed the wire transfer form would reflect the proper receiving bank account and the correct transfer amount of $180,000. I signed the two pages Eric offered at the postal annex in front of the notary and only later found that I had authorized two transfers, one in the amount of $242,334.62, and the other in the amount of $119,718.04. I also did not know that the receiving bank account number for both transfers had been changed from my Chase account to an account held by Eric at Bank of America.

5. After Ted and I became aware of the transfers of the funds our account, we contacted the realtor handling the house purchase to at least make sure the realtor had instructions to place our names on the house title as co-owners of the house. We were informed by an attorney at the realty office that they did not have instructions from Eric and Susanann to add our names to the title of the house and after what we believe was a conference between the attorney at the Realty office and Eric and Susanann, the attorney at the realty office spoke to us again and refused to place our name on the title of the house.

6. We believe the sale of the Golden Ct. home may be closing as soon as November 10, 2023. We believe, from statements made by Eric, that some of the illegally obtained funds have been placed in escrow as a down payment for the home, and some of the funds are still being held in Eric and Susanann's bank account.

7. If the sale of the house is not stopped, we feel it may be very difficult to obtain the return of our money. Before Eric and Susanann convert our money into real estate or spend the money,

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

we ask that the process of the sale be stopped so we can show the Court that the money is ours, and that any of the money held in Eric and Susanann's bank account be frozen and held in the account without any ability to withdraw and spend it until this dispute can be resolved.

8. We received full copies of the wire transfer forms that Eric and Susanann claim I signed as attachments in a letter Susanann wrote to our church elders. The letter was written by Susanann in an effort to justify Eric and Susanann's behavior in taking our money without our permission. The forms are attached to the Memorandum in Support of Motion for Temporary Restraining Order and Order to Show Case as Exhibits A and B. As far as I know, the wire transfer forms are the true and correct copies of what Eric and Susanann used to take our money.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this _6_ day of November, 2023.

LINDA COLE

DECLARATION OF LINDA COLE
IN SUPPORT OF MOTION FOR
TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE
- 4

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

1

**CERTIFICATE OF SERVICE**

2

I HEREBY CERTIFY that on this ___ day of November, 2023, I caused to be served a true

3

copy of the foregoing DECLARATION OF LINDA COLE IN SUPPORT OF MOTION FOR

4

TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE by the method

5

indicated below, and addressed to each of the following:

6

Eric Young & Susanann Young                    ☐ U.S. Mail, Postage Prepaid

7

8507 N. Sylvia St.                                       ☐ Hand Delivered
Spokane, WA 99208                                    ☐ Overnight Mail

8

                                                                ☐ E-mail
Email: jaegersdad@gmail.com                      ☐ Facsimile

9

Email: jaegersmom@gmail.com

10

(936) 494-8730
(936) 494-8319

11

12

13

Jessie Smylie, Legal Administrative Assistant

14

15

16

17

18

19

20

21

22

23

24

25

26

**DECLARATION OF LINDA COLE**                     Hawley Troxell Ennis & Hawley LLP

27

**IN SUPPORT OF MOTION FOR**                      422 W. Riverside Avenue, Suite 1100
                                                                Spokane, Washington 99201
**TEMPORARY RESTRAINING ORDER**                   509.624.5265

28

**AND ORDER TO SHOW CAUSE**
- 5

COPY

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR SPOKANE COUNTY

Case No. 25 2 U4754-82

| | |
|---|---|
| LINDA COLE and TED COLE,<br><br>        Plaintiffs,<br><br>     vs.<br><br>ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG,<br><br>        Defendants. | **VERIFIED COMPLAINT FOR FRAUD, CONVERSION AND INJUNCTIVE RELIEF** |

Plaintiffs, LINDA COLE and TED COLE, by and through their attorneys of record, the Michael R. Merritt of Hawley Troxell Ennis & Hawley, LLP, for their Complaint for Fraud, Conversion and Injunctive Relief against the above-named Defendants, complains and alleges as follows:

## I.    **PARTIES**

1.    Ted Cole is over 80 years of age and is married to Linda Cole and is a resident of Baker City, Oregon.

2.    Linda Cole is 79 years of age and is married to Ted Cole and is a resident of Baker City, Oregon.

3.    Eric Young is married to Susanann Young and is the son-in-law of Plaintiffs. He is a resident of Spokane, Washington.

**VERIFIED COMPLAINT FOR FRAUD, CONVERSION AND INJUNCTIVE RELIEF- 1**

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

4.    Susanann Young is married to Eric Young and is the daughter of Plaintiffs. She is a resident of Spokane, Washington.

## II.    JURISDICTION AND VENUE

5.    This action involves the conversion/theft of Plaintiffs' money through fraudulent wire transfers by Defendants. The money that was stolen is being used by Defendants to buy a house located at 1004 E. Golden Ct., Spokane, Washington, and the purchase of the house is pending. The claims in the complaint also involve the conversion of Plaintiffs' personal property by Defendants. The acts by the parties that are described in this Complaint occurred in Spokane, Washington.

6.    By this Complaint, Plaintiffs seek to stop the purchase of the house with the converted funds and compel the return of the funds and personal property converted by Defendants.

7.    The personal property converted by Defendant is currently located in Spokane, Washington, and the illegal acts to accomplished the conversion of the funds occurred in Spokane, Washington.

8.    Upon information and belief, the funds converted by Defendants are in an escrow account held by a title co. and in Defendants bank account, both located in Spokane, Washington.

9.    The residential property Defendants are attempting to purchase with the converted funds is located in Spokane, Washington.

10.    As such, pursuant to RCW 4.12.020, Spokane County, Washington is the proper venue, and the Spokane County Superior Court has jurisdiction over this dispute.

## III.    GENERAL ALLEGATIONS

11.    Defendants sought the agreement with Plaintiffs to fund the down payment for a house Defendants wanted to purchase that was located at 1004 E. Golden Ct., Spokane, WA.

**VERIFIED COMPLAINT FOR FRAUD, CONVERSION AND INJUNCTIVE RELIEF- 2**

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

Plaintiffs agreed to provide $180,000 to Defendants for the down payment with the requirement that Plaintiffs names be placed on the title of the home and reflected as co-owners of the property with Defendants.

12.     Additionally, as part of the agreement between the parties, Plaintiffs were to be borrowers on the loan for the house and were to move into the house with Defendants after the purchase.

13.     Through the purchase process for the Golden Ct. house, Plaintiffs were informed by Defendants that the $180,000 down payment was required to be transferred by wire transfer to a bank in Spokane, WA. Plaintiffs agreed the funds would be transferred to their bank account that could be accessed at a branch in Spokane, WA.

14.     Through fraudulent and deceptive means, Defendants obtained a wire transfer request from Plaintiffs in the amount $242,334.62, and arranged to have the money transferred to an account held by Defendants.

15.     Additionally, without Plaintiffs' permission or authorization, Defendant obtained a second wire transfer of $119,718.04 from a second credit union account held by Plaintiffs through deceptive means and deposited that money into an account held by Defendants.

16.     Defendants, with the illegally obtained funds, are proceeding with the purchase of the Golden Ct. home. However, Defendants have refused to place Plaintiffs' names as owners on the title of the home as previously agreed, and Plaintiffs have been excluded from the lending process and are not named as borrowers on the prospective home loan.

17.     The sale of the Golden Ct. home is currently pending and upon information and belief, some of the illegally obtained funds have been placed in escrow as a down payment for the home, and some of the funds are being held in Defendants bank account.

VERIFIED COMPLAINT FOR FRAUD, CONVERSION AND INJUNCTIVE RELIEF- 3

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

## IV.    FIRST CAUSE OF ACTION
### (Fraud)

18.    Plaintiffs repeat and reallege the allegations in 1-17 of the Complaint as though fully set forth herein.

19.    Defendants asked Plaintiffs to contribute $180,000 for a down payment for the purchase of a house located at 1004 E. Golden Ct., Spokane, Washington, in exchange for the $180,000, Defendants promised Plaintiffs would be granted ownership in the house, would be borrowers on the home loan and would be permitted to live in the home.

20.    For their plan to obtain funds by deceptive means, Defendants first created a false urgency by presenting to Plaintiffs a false time limitation in which to sign a wire transfer form for the transfer the $180,000 from Plaintiffs' credit union account located in Baker City, Oregon to an agreed upon bank account held by Plaintiffs with a branch in Spokane, Washington.

21.    In a rush, Defendants urged Plaintiff, Linda Cole, to a postal annex in Spokane where a notary was located in to sign the wire transfer form. Plaintiff was told by Defendants to sign two one page documents, each having a signature line. No other documents or pages of documents were given to Plaintiff to review at the time of the signing.

22.    Not being permitted to review all pages of the wire transfer forms, Plaintiff, Linda Cole, was urged to and did sign both documents, which were the signature pages for two wire transfers, one in the amount of $242,334.62 and the other in the amount of $119,718.04. Both transfers were made into Defendants bank account, not Plaintiffs' account as agreed.

23.    After Plaintiffs were aware of the transfers of all of the funds from their account, Plaintiffs contacted the realtor handling the house purchase for Defendants to determine if the realtor had instructions to place Plaintiffs names on the house title as owners and Plaintiffs were informed that they did not have any such instructions from Defendants. Defendants have failed

VERIFIED COMPLAINT FOR FRAUD, CONVERSION
AND INJUNCTIVE RELIEF- 4

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

and refused to agree to place Plaintiffs' names on the title of the Golden Ct. house as co-owners of the property.

24.     Defendants promised an ownership interest in a home in Spokane, Washington to Plaintiffs in exchange for funds to put toward a down payment. At the time this promise was made by Defendants, they knew it was false. The Defendants intent from the beginning was to obtain all of Plaintiff's funds in their account by deceptive and fraudulent means and for the Defendents' gain.

25.     Plaintiffs relied on Defendants' promises and did not know of Defendants' plan to obtain all of the money in Plaintiffs' bank account, not just the agreed upon $180,000.

26.     As a result of Defendants' misrepresentations, Plaintiffs have been damaged in the amount of $362,052.66.

27.     Plaintiffs were required to retain an attorney and have incurred attorney's fees and litigation costs in pursuing its claims in this action and will petition the Court for repayment of its fees and costs at the termination of this action.

## V.     SECOND CAUSE OF ACTION
### (Conversion)

27.     Plaintiffs repeat and reallege the allegations in 1-27 of the Complaint as though fully set forth herein.

28.     Defendants, without the permission or authority or Plaintiffs, illegal and through deceptive means, obtained funds solely owned and possessed by Plaintiffs, thereby depriving Plaintiffs of these funds.

29.     Defendants, through false statements and deceptive means as alleged above in this Complaint, obtained over $362,052.66 of Plaintiffs' money by theft. The money was converted and used by Defendants to purchase a house located in Spokane, Washington, and for other

VERIFIED COMPLAINT FOR FRAUD, CONVERSION
AND INJUNCTIVE RELIEF- 5

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

purposes solely to benefit Defendants.

30.    Defendants have failed a refused to return the money to Plaintiffs and have used the money to purchase real property for their own gain.

31.    Defendants are also guilty of the theft/conversion of Plaintiffs' firearms the value of which is currently not known.

32.    As a result of the Defendants conversion of Plaintiffs money, Plaintiffs have suffered damage in an amount exceeding $362,052.66.

33.    Plaintiffs were required to retain an attorney and have incurred attorney's fees and litigation costs in pursuing its claims in this action and will petition the Court for repayment of its fees and costs at the termination of this action.

## VI.    THIRD CAUSE OF ACTION
### (Injunction)

34.    Plaintiffs repeat and reallege the allegations in 1-33 of the Complaint as though fully set forth herein.

35.    Pursuant to RCW 7.40.020, RCW 7.40.040, RCW 7.40.050, and Wash. Civ. R. 65 the Court may grant a preliminary injunction at the commencement of an action and in cases of emergency without notice or a hearing to prevent great injury to the plaintiff.

36.    Defendants have obtained Plaintiffs' money through fraud, deception, and illegal means.

37.    Defendants are in the process of using the illegally obtained money to purchase a house, and Plaintiffs are informed and believe the closing date for the sale on the Golden Ct. house is imminent.  Further, Plaintiffs do not know how Defendants are disposing of the remainder of the money converted.  As such, there is an immediate threat that Defendants will dispose of Plaintiffs money and make it significantly more difficult for Plaintiffs to secure the return of the money.

**VERIFIED COMPLAINT FOR FRAUD, CONVERSION AND INJUNCTIVE RELIEF- 6**

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

38.   Defendants' conduct constitutes an ongoing threat that the return of Plaintiffs money may not occur or that the funds will be disposed of and not retrievable.

39.   Accordingly, if the Court does not act immediately to enjoin the purchase of the Golden Ct. house, Plaintiffs will suffer irreparable harm, that harm being actual and substantia.

40.   Plaintiffs were required to retain an attorney and have incurred attorney's fees and litigation costs in pursuing its claims in this action and will petition the Court for repayment of its fees and costs at the termination of this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF PRAYS FOR A JUDGMENT AGAINST DEFENDANT AS FOLLOWS:

1.   For preliminary and immediate injunctive relief under RCW 7.40.020, RCW 7.40.040, and Wash. Civ. R. 65, until notice and a hearing may be had pursuant to RCW 7.40.050, to prevent, enjoin, and restrain Defendants from utilizing Plaintiffs money to purchase the house located at 1004 E. Golden Ct., Spokane, Washington.

2.   For permanent injunctive relief against Defendants to stop them from using the illegally obtained funds and order Defendants to return the funds to Plaintiffs.

3.   For judgement in favor of Plaintiff for damages in the amount of $362,032.66 pursuant to their Fraud claim.

4.   For judgement in favor of Plaintiff for damages in the amount of $362,032.66 pursuant to their Conversion claim.

5.   For punitive damages pursuant to the fraud and conversion claims in an amount to be awarded at trial.

6.   For an award of Plaintiff's attorneys' fees and costs in bringing this action.

25-80037-FPC    Doc 17    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 39 of 175

7.  For such other and further relief as this court deems just and equitable.

DATED this 10ᵗʰ day of November, 2023.

HAWLEY TROXELL ENNIS & HAWLEY, LLP

Michael R. Merritt, WSBA No. 60094
422 W. Riverside Ave., Suite 1100
Telephone:    509.624.5265
Facsimile:    509.458.2728
E mail:    mmerritt@hawleytroxell.com
Attorneys for Plaintiffs

# VERIFICATION

STATE OF OREGON        )
                       ) ss.
County of Baker        )

I, Linda Cole, being duly sworn, deposes and says that I am one of the Plaintiffs in this action and have authorized the filing of this complaint. I have reviewed the allegations made in the complaint, and to those allegations of which I have personal knowledge, I believe them to be true. As to those allegations of which I do not have personal knowledge, I rely on information and documents known to me and I believe them to be true.

_Linda J. Cole_
LINDA COLE

Sworn to me this 6 day of November 2023

_Dale L. Daniels_
Notary Public

OFFICIAL STAMP
GAIL LOUISE DANIELS
NOTARY PUBLIC - OREGON
COMMISSION NO. 1021917
MY COMMISSION EXPIRES FEBRUARY 16, 2026

VERIFIED COMPLAINT FOR FRAUD, CONVERSION
AND INJUNCTIVE RELIEF- 9

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR SPOKANE COUNTY

LINDA COLE and TED COLE,

      Plaintiffs,

      vs.

ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG,

      Defendants.

Case No. 23-2-04734-32

**ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

THIS MATTER came on for hearing on November 7, 2023 upon Plaintiffs' Motion for Temporary Restraining Order. Michael R. Merritt being present on behalf of Plaintiffs, Ted and Linda Cole, and Eric and Susanann Young also present.

The Court having reviewed the record in this case and considered the following:

    1. Plaintiffs' Verified Complaint;

    2. Plaintiff's Motion for Restraining Order;

    3. The Declaration of Linda Cole;

    4. The statements made under oath by Defendants.

Having reviewed the foregoing and the arguments of counsel, the Court is fully informed in this matter.

**ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**
- 1

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

ACCORDINGLY, IT IS HEREBY ORDERED:

1. The Plaintiffs' Motion for Restraining Order is GRANTED;

2. The sale of the house located at 1004 E. Golden Court, Spokane, Washington is stayed until the current motion is resolved by an order of this Court;

3. The $280,000 the Defendants have not yet spent, of the $362, 052.66 in dispute, will be frozen in the Fidelity investment account where Defendants placed it until the current motion is resolved by an order of this Court;

4. The Temporary Restraining Order will remain in place until this matter may is fully heard at the continued hearing of this matter;

5. The continued hearing on this Motion will be heard on November 14, 2023 at 3pm before this Court.

DATED this _____ day of November, 2023.

_____
THE HONORABLE JACQUELYN HIGH-EDWARD

*Presented by:*

HAWLEY TROXELL ENNIS & HAWLEY, LLP

MICHAEL R. MERRITT, WBSA # 60094
*Counsel for Plaintiffs*

**ORDER GRANTING PLAINTIFFS'
MOTION FOR TEMPORARY
RESTRAINING ORDER**
- 2

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

COPY
Original Filed
NOV 1 3 2023

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

1

2

3

4

5

6          SUPERIOR COURT OF THE STATE OF WASHINGTON

7                      FOR SPOKANE COUNTY

8    LINDA COLE and TED COLE,              Case No. 23-2-04734-32

9              Plaintiffs,

10         vs.                             **DECLARATION OF MATTHEW**
                                           **ANDERSON**
11   ERIC ROSS YOUNG and SUSANANN
12   LYNETTE YOUNG,

13             Defendants.

14

15         I, Matthew Anderson, declare as follows:

16         1.      I am over 18 years of age, and I make this declaration based on personal knowledge.

17
18         2.      I am a duly licensed to function as a Notary in the State of Washington and I am

19   employed by the Postal Annex located at 816 W. Frances Ave., Spokane, Washington.

20         3.      On October 14, 2023, Linda Cole and another man requested that I notarize Linda

21   Cole's signature on two documents.

22         4.      The two documents were one page each. The documents were the identical and
23
     each was titled Wire Instructions, Indemnification and Hold Harmless Agreement and included a
24                                                                                                    MA
     signature line for Linda Cole to sign. ~~Because there was not enough room for my notary~~
25
     ~~acknowledgment under the signature line,~~ I added a notary acknowledgement page to each
26
27   document at the time of signing. True and correct copies of the documents with my executed

28   DECLARATION OF MATTHEW ANDERSON          Hawley Troxell Ennis & Hawley LLP
     - 1                                      422 W. Riverside Avenue, Suite 1100
                                              Spokane, Washington 99201
                                              509.624.5265

notary acknowledgement are attached as Exhibits A and B to this Declaration.

    4.     The title of the document and the number of pages (one page each) are reflected accurately on the notary acknowledgment.

    I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this __10__ day of November, 2023.

MATTHEW ANDERSON

DECLARATION OF MATTHEW ANDERSON - 2

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

**CERTIFICATE OF SERVICE**

1

2     I HEREBY CERTIFY that on this ⟨10⟩ day of November, 2023, I caused to be served a

3 true copy of the foregoing DECLARATION OF MATTHEW ANDERSON by the method

4 indicated below, and addressed to each of the following:

5
6 Eric Young & Susanann Young     ☐ U.S. Mail, Postage Prepaid
    8507 N. Sylvia St.     ☐ Hand Delivered
    Spokane, WA 99208     ☐ Overnight Mail
7     ☑ E-mail
    Email: jaegersdad@gmail.com     ☐ Facsimile
8 Email: jaegersmum@gmail.com

9 (936) 494-8730
    (936) 494-8319
10

11

12     Jessie Smylie, Legal Administrative Assistant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 **DECLARATION OF MATTHEW ANDERSON**      Hawley Troxell Ennis & Hawley LLP
   - 3      422 W. Riverside Avenue, Suite 1100
          Spokane, Washington 99201
          509.624.5265

# EXHIBIT A

# Wire Instructions, Indemnification
## and Hold Harmless Agreement

I herein instruct Old West Federal Credit Union to send my funds to the recipient identified in the attached Wire Transfer/Authorization Form. By signing this agreement, I herein represent and affirm that I have completed the necessary due diligence in verifying the recipient named herein and that I will hold Old West Federal Credit Union, its Agents, and Assigns (Old West) harmless and I will indemnify Old West for any claim or dispute of any nature arising from this transaction. I also understand that if I choose to complete this wire transaction Old West Federal Credit Union is not liable for any loss of funds or claim arising from fraudulent activity. I understand that once the wire is sent and accepted there is no recourse or method for return of funds.

_Lurdia J. Cole_      _October 14, 2023_

Member Signature                   Date

Notary Seal & Signature on
Official Document to Follow      **Wire Fraud Warning!**

Due to the increase and prevalence of wire fraud, the following information is shared with you for informational purposes. Wire fraud takes many different forms, and can include:

**Fraudulent online purchases** (paying for items, shipping, or "tax" before you take delivery)

**"Sweetheart" scams**, wherein an online friend or romantic acquaintance (whom you have not met in person) solicits money from you for various reasons such as travel (they may be "trapped in a foreign country"), medical debt, adoption, etc.

**Jail scams,** wherein someone posing as a relative (ie., grandchild, nephew), or a "law enforcement official" calls (often in the middle of the night) saying your relative is in jail in a foreign country or has assaulted a foreign national and demands "bail" or "security" money.

Most of these scams require that you tell no one or the subject of the scam will "get in trouble."

These are just a few of the scams that occur. If you have doubts or questions, please don't hesitate to let us know **before** you send a wire.

# WASHINGTON SHORT-FORM INDIVIDUAL ACKNOWLEDGMENT [REV 42-44-100]

State of Washington

County of _Spokane_ } ss.

I certify that I know or have satisfactory evidence that _Linda Jean Cole_

Name of Signer

is the person who appeared before me, and said

person acknowledged that he/she signed this

instrument and acknowledged it to be his/her free

and voluntary act for the uses and purposes

mentioned in the instrument.

Dated: _October 14, 2023_

Month/Day/Year

> STATE OF WASHINGTON
> Matthew Anderson
> Notary Public
> Commission Expires: July 19, 2024
> Commission # 185853

_[signature]_

Signature of Notarizing Officer

_Notary Public_

Title (Such as "Notary Public")

My appointment expires

_July 19, 2024_

Month/Day/Year of Appointment Expiration

Place Notary Seal Above

---- OPTIONAL ----

Although the information in this section is not required by law, it may prove valuable to
persons relying on the document and could prevent fraudulent removal and
reattachment of this form to another document.

Right Thumbprint
of Signer
Top of thumb here

Description of Attached Document

Title or Type of Document: _Wire Instructions, Indemnification and Hold Harmless Agreement_

Document Date: _October 14, 2023_ Number of Pages: _1_

Signer(s) Other Than Named Above: _____

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org
Item No. 5906 • Reorder: Call Toll-Free 1-800-876-6827

# EXHIBIT B

## Wire Instructions, Indemnification
## and Hold Harmless Agreement

I herein instruct Old West Federal Credit Union to send my funds to the recipient identified in the attached Wire Transfer/Authorization Form. By signing this agreement, I herein represent and affirm that I have completed the necessary due diligence in verifying the recipient named herein and that I will hold Old West Federal Credit Union, its Agents, and Assigns (Old West) harmless and I will indemnify Old West for any claim or dispute of any nature arising from this transaction. I also understand that if I choose to complete this wire transaction Old West Federal Credit Union is not liable for any loss of funds or claim arising from fraudulent activity. I understand that once the wire is sent and accepted there is no recourse or method for return of funds.

_Linda J. Cole_                    _October 14, 2023_

Member Signature                    Date

Notary Seal & Signature on
Official Document to Follow          **Wire Fraud Warning!**

Due to the increase and prevalence of wire fraud, the following information is shared with you for informational purposes. Wire fraud takes many different forms, and can include:

**Fraudulent online purchases** (paying for items, shipping, or "tax" before you take delivery)

**"Sweetheart" scams,** wherein an online friend or romantic acquaintance (whom you have not met in person) solicits money from you for various reasons such as travel (they may be "trapped in a foreign country), medical debt, adoption, etc.

**Jail scams,** wherein someone posing as a relative (ie., grandchild, nephew), or a "law enforcement official" calls (often in the middle of the night) saying your relative is in jail in a foreign country or has assaulted a foreign national and demands "bail" or "security" money.

Most of these scams require that you tell no one or the subject of the scam will "get in trouble."

These are just a few of the scams that occur. If you have doubts or questions, please don't hesitate to let us know **before** you send a wire.

# WASHINGTON SHORT-FORM INDIVIDUAL ACKNOWLEDGMENT [RCW 42.44.100]

State of Washington

County of _Spokane_     } ss.

I certify that I know or have satisfactory evidence that _Linda Jean Cole_
Name of Signer

is the person who appeared before me, and said

person acknowledged that he/she signed this

instrument and acknowledged it to be his/her free

and voluntary act for the uses and purposes

mentioned in the instrument.

Dated: _October 19, 2023_
Month/Day/Year

_[signature]_
Signature of Notarizing Officer

_Notary Public_
Title (Such as "Notary Public")

---

STATE OF WASHINGTON
Matthew Anderson
Notary Public
Commission Expires: July 19, 2024
Commission # 185853

---

My appointment expires

_July 19, 2024_
Month/Day/Year of Appointment Expiration

Place Notary Seal Above

----------------------------------- OPTIONAL -----------------------------------

*Although the information in this section is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

Right Thumbprint
of Signer

Top of thumb here

## Description of Attached Document

Title or Type of Document: _Wire Instructions, Indemnification and Hold Harmless Agreement_

Document Date: _October 19, 2023_ Number of Pages: _1_

Signer(s) Other Than Named Above: _____

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org
Item No. 5906 • Reorder: Call Toll-Free 1-800-876-6827

COPY
Original Filed

NOV 1 3 2023

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

**SUPERIOR COURT OF WASHINGTON OF COUNTY OF SPOKANE**

LINDA COLE and TED COLE,

Plaintiffs,

vs.

ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG,

Defendants.

CASE NO. 23-2-04754-32

NOTE FOR HEARING ISSUE OF LAW
(NTMTDK)

**TO THE CLERK AND TO: Defendants Eric Ross Young and Susanann Lynette Young**

**PLEASE TAKE NOTICE** that the undersigned has scheduled a hearing on Preliminary Injunction along with our already scheduled hearing for Temporary Restraining Order. The hearing is scheduled for **November 14, 2023, at 3:00 PM** before the assigned **Judge Jacquelyn High-Edward**, Spokane County Superior Court, 1116 W. Broadway, Dept. 7, Spokane, WA 99260-0350.

Motions must be confirmed NO LATER THAN 12:00 NOON, 3 DAYS BEFORE THE HEARING by contacting the judicial assistant for the assigned judge, or the presiding judge for cases that are not assigned.

Name: Michael R. Merritt

Bar ID: 60094

Telephone No.: 509-624-5265

Address: 422 W. Riverside Ave., Suite 1100

City, State, Zip: Spokane, WA 99201

Signed: _[signature]_

Date: 11/13/23

NOTE FOR HEARING – ISSUE OF LAW
CR 40(a)(2): RCW 4.44.020

Rev: 07/2019

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Washington, that on the ___ day of November 2023, the foregoing was delivered to the following persons in the manner indicated:

Eric Young & Susanann Young
8507 N. Sylvia St.
Spokane, WA 99208

Email: jaegersdad@gmail.com
Email: jaegersmum@gmail.com

(936) 494-8730
(936) 494-8319

☐ Hand Delivery
☐ U.S. Mail
☐ Overnight Mail
☐ Fax Transmission
☒ Electronic Mail

Jessie Smylie, Legal Assistant

COPY
Original Filed

NOV 13 2023

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR SPOKANE COUNTY

LINDA COLE and TED COLE,

        Plaintiffs,

        vs.

ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG,

        Defendants.

Case No. 23-2-04734-32

**SUPPLEMENTAL DECLARATION OF LINDA COLE IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

I, Linda Cole, declare as follows:

1. I am one of the Plaintiffs in the above entitled action, I am over 18 years of age, and I make this declaration based on personal knowledge. To provide more context for the Motion for Temporary Restraining Order and to communicate in an expanded fashion what occurred between Ted and I and Eric and Susan leading up to this Motion, I offer these facts in addition to this from my original declaration of November 6, 2023.

2. I was brought to the notary at the postal annex to sign what I thought was one wire transfer for $180,000 on October 14, 2023. On the same day I signed the wire transfer, October 14, 2023, I was presented with a paper to sign by Eric. He told me it was something the mortgage lender needed for the loan application. The paper was blank, and Eric asked me to sign it and he would

SUPPLEMENTAL DECLARATION
OF LINDA COLE IN SUPPORT OF
PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER
- 1

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

"fill in" the rest for the lender. I signed the paper, and this is what I believe became the Quicken Loans "gift letter" that I saw for the first time after Eric and Susan gave to the Court and my attorney at the first hearing in this case on November 7, 2023. It should be note that the letter is dated on October 11, 2023, <u>before</u> the wire transfers were signed, but I clearly recall signing the blank paper on the same day as the transfers. Finally, the signature for Linda Cole on the letter is not my signature. **The Quicken Loans letter attached as Exhibit A to this Declaration**.

3. More than once, I asked Eric for copies of any document I signed and he has failed and refused to give any of the documents to me.

4. On or about October 16, 2023, Susan told me that a "mistake" had been made and the money Ted and I were providing for the down payment for the house was transferred into Eric's account and not my Chase Bank account. On the same date, I confronted Eric and Susan about it, and during this conversation, Eric admitted that the money was deposited in his account "by accident." Eric also maintained that he intended to keep all of the money transferred to his account and "manage it for [us]", implying he was doing us a favor and Ted and I needed his help managing our money. I asked multiple times that the money be placed back in our account immediately and Eric said each time that it really did not matter at that point because he was "handling everything." I then asked that Ted and I be placed on the loan and the real estate purchase agreement as agreed and Eric refused saying that it was impossible to do that because he was already the contracting party for the loan and the house purchase and Ted and I could not be added. These were all false statements. I called the realty office on October 17, 2023, and spoke to two realtors that worked there; the realtors agreed I could be placed on the loan and the house purchase agreement, but they needed to check with Eric first. They called Eric and then called me back and told me Eric would

SUPPLEMENTAL DECLARATION
OF LINDA COLE IN SUPPORT OF
PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER
- 2

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

25-80037-FPC    Doc 17    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 56 of 175

not agree to add us to the loan, the house purchase contract, or the title of the home.

5. Once we realized what had occurred and that our money had been essentially taken without our permission and Eric and Susan had no intention of returning it or providing us an ownership stake in the house they were purchasing with our money, we left Spokane to return home to Baker City. Because of our position on the money that was taken, Eric and Susan did not allow us to say goodbye to our grandson before we left.

6. Additionally, just prior to discussions about the house purchase, Eric and Susan came to our home in Baker City, and while there, gave me a dog that was the same breed as my dog that had passed away. Eric and Susan knew I had always missed my dog, and I had just had a sister and close friend pass away in the same 24 hour period; they told that this was why they had bought the dog for me. Right after that, they began talk of the joint purchase of a house in Spokane. In Spokane, after we informed them that we wanted our money returned and wanted to withdraw from the joint purchase of the house, they refused to allow me to take the dog home with me or even to see the dog when it was time to leave. To date, they still have my dog.

7. I would add that there is a pattern of conduct by Eric and Susan in this instance that shows their dishonest intent. We discovered more theft when we returned home from Spokane. In preparation for our move expected move to Spokane, Eric offered to go to our house in Baker City and help pack up our furniture and belongings while Ted and I were in Spokane visiting. Eric was at our house in Baker City for an entire week alone. When we returned home, our house was in complete disarray and it was apparent that Eric had gone through all of our belongs, including our private papers, while were gone. Eric had taken some of Ted's tools, all of our firearms, the ammunition for the firearms, and personal papers such as insurance police documents and other

SUPPLEMENTAL DECLARATION
OF LINDA COLE IN SUPPORT OF
PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER
- 3

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

items of value. We also had new furniture, still in the box from the store, that we bought and was delivered to us for a home remodel that was still in progress on our Baker City home; all of the new furniture was also taken by Eric. We still do not know everything that was taken Eric while we were gone.

8. We engaged an attorney an attorney in Baker City, Oregon, Floyd Vaughn, and he sent a letter on October 30, 2023, to Eric and Susan and their realtor demanding that the real estate transaction be terminated and informing them that the funds that were wired were obtained by Eric and Susan by false pretenses and that the funds must be returned. **A true and correct copy of the letter is attached as Exhibit B to this Declaration**. This letter was ignored by Eric and Susan and their realtor.

9. Regarding all the items taken without our permission by Eric, we made a report to the Baker City Police. **A true and correct copy of the event number report for our police report is attached to the Declaration as Exhibit C**.

10. We made a trip to Spokane thereafter and retrieved our new furniture from a storage unit we had our own access to and brought our vehicles home as well. However, everything else that was taken by Eric still remains with him and Susan.

11. I sent a text message on October 30, 2023 to Susan to follow up our attorneys letter. In the message, I informed Susan that after everything that had happened, I did not want to buy a house with them and/or move in with them in Spokane. I also asked for our money to be returned. I received no direct response to the request in the message. **Please see a true and correct copy of the text message to Susan attached hereto as Exhibit D**.

12. Eric is and has been employed in a career related to IT and computers. He has expertise

SUPPLEMENTAL DECLARATION
OF LINDA COLE IN SUPPORT OF
PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER
- 4

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

25-80037-FPC     Doc 17     Filed 10/24/25     Entered 10/24/25 16:47:26     Pg 58 of 175

1  with computers and other electronic devices. Eric and Susan has had possession of my laptop
2  computer for periods of time over the last month without my supervision. I have for some time
3  believed Eric and Susan had unauthorized access to my email account, my cloud storage and
4  unauthorized access to my mobile phone. I know this to be true because one of the documents
5  produced by Eric and Susan at the recent TRO hearing purports to be an email from Dawn Bruce,
6  Branch Manager at Old West Federal Credit Union, and is addressed only to me and other
7  employees at the credit union. One email is dated 10.13.23, which is just after Eric got off the
8  phone with the Old West Branch Manager. See reference to this conversation in Paragraph 3 of
9  Declaration of Linda Cole in Support of Motion for Restraining Order and Order to Show Cause.
10 The second email is dated on 10.16.23 after I signed the wire transfers. Eric and Susan are not
11 addressed as recipients on the email, and I did not send them the email. It is clear that Eric and
12 Susan accessed my email account without my permission or knowledge and printed the email.

13. Additionally, Susan wrote a letter defaming me to the elders of my church in an effort to undermine my credibility in the event Ted and I informed anyone at the church that Eric and Susan had stolen money and personal property from us. Susan attached to the letter, photos she had taken of emails to and from me that could only be accessed from my email account, and screen shots of text conversations from my mobile phone. When these photographs were taken, I have no idea; however, I know that I never gave her permission or access to my computer and mobile phone.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this ___9___ day of November, 2023.

LINDA COLE

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

1

**CERTIFICATE OF SERVICE**

2

I HEREBY CERTIFY that on this 9th day of November, 2023, I caused to be served a true

3

copy of the foregoing SUPPLEMENTAL DECLARATION OF LINDA COLE IN SUPPORT OF

4

PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER by the method indicated

5

below, and addressed to each of the following:

6

Eric Young & Susanann Young          ☐ U.S. Mail, Postage Prepaid

7

8507 N. Sylvia St.                    ☐ Hand Delivered
Spokane, WA 99208                     ☐ Overnight Mail

8

                                      ☑ E-mail
Email: jaegersdad@gmail.com           ☐ Facsimile

9

Email: jaegersmum@gmail.com

10

(936) 494-8730
(936) 494-8319

11

12

13

_____
Jessie Smylie, Legal Administrative Assistant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**SUPPLEMENTAL DECLARATION**
**OF LINDA COLE IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR**

28

**TEMPORARY RESTRAINING ORDER**
**- 6**

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

# EXHIBIT A



**Quicken Loans**
Engineered to Amaze

## Gift Letter

**Donor Information**
Name: Ted and Linda Cole
Address: 625 Broadway St, Baker City, OR 97814
Phone Number: 661-800-1895
Relationship to Recipient: Mother-in-law

**Recipient Information**
Name: Eric Young
New Property Address: 1004 E Golden CT, Spokane, WA 99208

**Gift Information**
Dollar Amount of the Donated Gift: $ 242,314.62
Date Gift Was or Will Be Given (Month, Date and Year): 10-12-2023

Recipient, will you use (or have you used) a portion of this gift for your earnest money deposit [Yes] No

By signing this gift letter, both the donor and the recipient confirm that they didn't receive the gift funds from any person, business or entity that has any interest in the property being sold or any person connected to the transaction such as the seller, real estate agent, builder, mortgage banker or any entity associated with them. The recipient and the donor also agree that the gift does not have to be repaid.

Recipient Signature: *Eric R. Young*          Date: 10/11/2023

Donor Signature: *Linda J. Cole*          Date: 10/11/2023

EXHIBIT B

LAW OFFICES

# SILVEN, SCHMEITS & VAUGHAN

1950 THIRD STREET
P.O. BOX 965
BAKER CITY, OREGON 97814
TELEPHONE (541) 523-4444
FAX (541) 523-9368

FLOYD C. VAUGHAN
———

ALAN J. SCHMEITS
(Retired)
———

DAVID C. SILVEN
(1914-1997)

NICHOLS & HALLOCK
1919-1922
NICHOLS, HALLOCK & DONALD
1923-1929
HALLOCK, DONALD & BANTA
1933-1945
HALLOCK, DONALD, BANTA & SILVEN
1946- 1950
HALLOCK, BANTA, SILVEN & HORTON
1951-1954
BANTA, SILVEN & HORTON
1955-1959
BANTA, SILVEN, HORTON & YOUNG
1960-1962
BANTA, SILVEN & YOUNG
1963-1978
SILVEN, YOUNG & SCHMEITS
1979 -1980
SILVEN & SCHMEITS
1980 1981

October 30, 2023

Eric R. and Susanann L. Young
8507 N. Sylvia Street
Spokane, Washington 99208
via e-mail only: jaegersdad@gmail.com
jaegersmom@gmail.com

Rebecca Flaherty, Real Estate Broker
1338 N. Liberty Lake Road
Liberty Lake, Washington 99019
via e-mail only: rebeccaflaherty@johnlscott.com

My Clients:     Ted and Linda Cole
Subject Transaction: Purchase of 1004 E. Golden Court, Spokane, Washington 99208 (the "Transaction")

## NOTICE TO TERMINATE REAL ESTATE TRANSACTION

TO ALL PARTIES RECEIVING THIS NOTICE:

NOTICE IS HEREBY GIVEN that Mr. and Mrs. Cole are immediately withdrawing from the Transaction, and demand is hereby made for immediate return of all funds wrongfully withdrawn by Mr. and Mrs. Young from the Coles' bank accounts at Old West Federal Credit Union for the Transaction. The Coles bank records show a withdrawal of $242,314.62 on October 12, 2023 and an additional $119,698.04 on October 16, 2023. Both withdrawals were via bank wire to Eric Young. The total to be immediately returned to the Coles is $362,012.66.

Mr. and Mrs. Cole indicate they had initially agreed to provide the sum of $180,000.00 as a down payment for the transaction. But only on the express condition that they would be co-owners of the property and co-borrowers on any additional funding. They have since discovered that the funds withdrawn by Mr. Young, in excess of the $180,000.00, were made without their authorization, and that Mr. and Mrs. Young and Rebecca Flaherty, among others, have advised the Coles that they cannot become co-owners or co-borrowers. The Coles would not commit funds to purchase property in which they would not be owners absent third party fraud.

The funds withdrawn from the Coles' accounts by Mr. Young were withdrawn under false pretenses. Because the withdrawals took place from an Oregon bank, and because the Coles are Oregon residents, the courts of Oregon have jurisdiction and Oregon law applies, including ORS Chapter 124, which provides multiple remedies for the victims of elder abuse. The actions of Mr. and Mrs. Young and any person assisting them in the misuse of the Coles' funds to close the Transaction will be liable to the Coles under a civil action for abuse. The Coles qualify as "elderly persons", defines a person 65 years of age or older.

The civil remedies available to my clients include seeking an immediate restraining order to prevent further abuse, and filing a civil action under ORS 124.100(2) in which they can seek award of an amount

equal to three times all economic damages, three times all non-economic damages, as well as reasonable attorney fees incurred in the proceeding. Use of the Coles' funds to consummate the Transaction clearly constitutes "financial exploitation" of an elderly person under Oregon law.

DEMAND IS FURTHER MADE to Mr. and Mrs. Young and to Ms. Flaherty to immediately provide a copy of this letter to all other parties involved in the Transaction, including without limit, the Sellers of the subject property, any title or escrow company engaged for the Transaction and any lender involved. Failure to provide me, as agent for the Coles, confirmation from the title or escrow company engaged for the Transaction, that the Transaction has been terminated by 2:00 p.m., Wednesday, November 1, 2023 will result in commencement of a civil action on behalf of Coles seeking all available remedies to terminate the Transaction and seek damages.

Upon receipt of confirmation that the Transaction is terminated, all funds removed from the Coles' bank accounts by Mr. and Mrs. Young must be returned via bank wire or other form of immediately available funds no later than the close of business Tuesday, November 3, 2023 or again, the Coles will commence legal action to pursue all available remedies. Your immediate attention and action is expected.

Very truly yours,

Floyd C. Vaughan
FCV/vss

# EXHIBIT C

# Baker City
# Police Department

1768 Auburn Avenue
Baker City, OR 97814



## Informational Brochure

Please keep this pamphlet; it contains valuable information and the case number that has been assigned to your report. Your report number is listed below and the name of the officer who took your report. If you contact the police department, please reference your report number. You will not be contacted by an investigator unless an arrest is made, property is recovered or additional information is required. If you have any additional information or have any questions, please feel free to contact the Baker City Police Department at the numbers listed below.

### Baker City Police Department:

Emergency....................... 911
Non Emergency................. 541-523-3644
Business........................... 541-524-2014
Fax.................................... 541-524-2023

Baker City Police Reports are available from the Records Custodian at the Baker County Sheriff's Office located at: 3410 K St., Baker City or by calling (541) 523-6415, option 4. There is a fee for requested copies of police reports and/or log notes.

Property and evidence may be retrieved from the Evidence Technician, by appointment. Call 541-524-2014, Ext. 606.

Case #: _P20230121⁴_

Officer: _Essex_

Badge Number: _611_



**Koby Essex**
Officer

Office: (541) 524-2014 ext. 611
Dispatch: (541) 523-3644 / Option 0
kessex@bakercitypd.gov

1768 Auburn Avenue
Baker City, Oregon 97814

www.bakercity.gov

**Baker City Police Department**

# EXHIBIT D

  
**Mon, Oct 30**

Good afternoon,
Dad and I just
wanted to make
sure you know that
we have changed
our minds about
buying the house
and moving to
Spokane with you.
We know that you
will be
disappointed by
our decision, and
for that we are
sorry. We don't fee

   

disappointed by our decision, and

for that we are sorry. We don't feel that our families living together is in the best interest for either family.   We would like all the money that Eric transferred out of our bank account. The    $ 242,324.62 on 10/12/23, and the $119,698.04 that you both said was

Message



ou **Mon, Oct 30** unt.
The     $
242,324.62 on
10/12/23, and the
$119,698.04 that
you both said was
accidentally
deposited into your
ow...
**Read More**          4:25 PM

**Did you ever pick
up the Losartan for
dad?  Is he taking
it?**                8:33 PM



+    Message

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR SPOKANE COUNTY

| | |
|---|---|
| LINDA COLE and TED COLE,<br><br>        Plaintiffs,<br><br>        vs.<br><br>ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG,<br><br>        Defendants. | Case No. 23-2-04734-32<br><br>**ORDER RE: CONTINUED HEARING ON MOTION FOR TEMPORARY RESTRAINING ORDER** |

Plaintiffs' Motion for Temporary Restraining Order came on for a continued hearing on November 14, 2023. Present and representing Plaintiffs was Michael R. Merritt of Hawley Troxell Ennis & Hawley, LLP, and the Defendants, Eric and Susanann Young, were also present representing themselves.

The parties appeared and the Defendants represented that they still did not have counsel to represent them in this case and requested another continuance of the hearing to allow them to retain counsel. Plaintiffs expressed no objection as long as the temporary restraining order already ordered by the Court at the last hearing remained in effect.

Accordingly, the Court having reviewed the statements of the parties, ordered the matter be continued to **December 8, 2023 at 9am**. The temporary restraining order issued by the Court

**ORDER RE: CONTINUED HEARING ON MOTION FOR TEMPORARY RESTRAINING ORDER**
- 1

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

1   at the November 7, 2023 hearing on this matter will remain in place and in force until this matter

2   may be fully heard on December 8, 2023.

3

4       DATED this *14* day of November, 2023.

5

6                                                    THE HONORABLE JACQUELYN HIGH-EDWARD

7

8   Presented by:

9   HAWLEY TROXELL ENNIS & HAWLEY, LLP

10

11  By:
        MICHAEL R. MERRITT, WSBA 60094

12      *Attorney for Plaintiffs.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  **ORDER RE: CONTINUED HEARING**              Hawley Troxell Ennis & Hawley LLP
    **ON MOTION FOR TEMPORARY**                  422 W. Riverside Avenue, Suite 1100
28  **RESTRAINING ORDER**                        Spokane, Washington 99201
    - 2                                          509.624.5265

**CASE NUMBER**
**2320473432**
**SN:26.0 PC:6**

FILED
12/7/2023
Timothy W Fitzgerald
Spokane County Clerk

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR SPOKANE COUNTY

LINDA COLE and TED COLE,

      Plaintiffs,

      vs.

ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG,

      Defendants.

Case No. 23-2-04734-32

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER**

## REPLY MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER

I.   **Plaintiff's Motion for Preliminary Injunction Should Be Granted**

LCR 40(b)(5) provides:

"Upon the filing of an initial motion, the opposing party shall file a response. The failure to file a response may be deemed consent to the entry of an order adverse to the party who fails to file a response. The initial moving party may, at its discretion, file a reply which complies with LCR 40(b)(1)(C)." (emphasis added)

Additionally, LCR 40(b)(9)(C) requires responses to motions to be filed no later than 7 days prior to the date set for hearing on the motion.

Plaintiffs filed their Motion for Temporary Restraining Order on November 6, 2023. Thereafter, the Court held hearings on the Motion on November 7, 2023 and November 14, 2023. Prior to November 14, 2023, Plaintiffs filed a Note for Hearing on Issue of Law seeking to have

REPLY MEMORANDUM IN SUPPORT
OF MOTION FOR TEMPORARY
RESTRAINING ORDER - 1

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

the Motion heard as a Motion for Preliminary Injunction. At the hearing on November 14, 2023, Defendants again requested a continuance of the hearing, and the Court scheduled a continued hearing to hear the Motion for December 8, 2023. This let Defendant with adequate time to retain counsel and file an opposition to the current motion. Defendants retained counsel who first appeared in this matter on November 21, 2023. Since appearing in this matter, Defendants have not filed an opposition to the current Motion. Defendants have not yet offered any evidence or sworn testimony in an attempt to rebut the evidence and testimony offered by Plaintiffs to support the current Motion.

Given Defendants' failure oppose the current Motion, Plaintiffs request that the Court enter an order for Preliminary Injunction enjoining Defendants from using the funds they stole from Plaintiffs by fraudulent means for any purpose, including their planned real estate purchase, and freezing the funds in a savings or escrow account the Defendants do not have access to throughout the pendency of this action.

## II. Injunctive Relief is Appropriate in This Case

In seeking injunctive relief, Linda and Ted Cole must show that (1) they have a clear and equitable and legal right; (2) they have a well-grounded fear of immediate invasion of that right by the Defendants; and (3) the acts complained of by the Defendants will result in actual and substantial injury to Linda and Ted Cole. *Washington Federation of State Employees, Counsel 28, AFL-CIO v. State,* 99 Wash.2d 878, 888, 665 P.2d 1337, 1343 (1983).

Linda and Ted Cole need not prove "the merits of the issues" underlying the above listed requirements for injunctive relief as long as they establish the likelihood that they will prevail on the merits. *Northwest Gas Ass'n v. Washington Utilities Transportation Comm'n,* 141 Wash.App. 98, 115-116, 168 P.3d 443, 453 (2007).

REPLY MEMORANDUM IN SUPPORT
OF MOTION FOR TEMPORARY
RESTRAINING ORDER - 2

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

Linda and Ted Cole through their Verified Complaint, the Declarations of Linda Cole have made a showing that: 1) Defendants promised the Coles that if they contributed $180,000 toward a house purchase in Spokane, Washington, 2) the Coles would be named as borrowers on the mortgage and named as owners on the title of the house, and 3) the Coles would be permitted to live in the house purchased with the Coles' money. The Defendants made this promise to the Coles never intending to honor it.

The Defendants defrauded the Coles by obtaining Linda Cole's signature on two wire transfers in the total amount of $362,052.66 from two of the Coles' accounts not the $180,000 that was agreed to by the Coles as part of the agreement the Defendants presented to the Coles. Moreover, through deceptive means, Eric Young arranged for the $362,052.66 to be wired to an account held by Eric Young and not Linda Cole's Chase Bank account as previously agreed by the Coles and Defendants. At or about the same time, Defendants obtained Linda Cole's signature on a blank document, which was used by Defendants to electronically forge her signature on a "gift letter" to be submitted to a mortgage company to obtain a loan from the mortgage lender in only Eric Youngs name as the sole borrower.

The Coles contacted the realtor handling the transaction for the purchase of the house in Spokane, Washington, and were informed that, contrary to their promise as part of the agreement Defendants suggested, the Coles were not named on the loan for the house and were not named as a party to the real estate transaction as prospective owners of the Spokane house. Additionally, the realtor informed the Coles that Defendants were asked by the realtor about the Coles being named on the loan and the title of the house and expressly refused to follow the agreement they had offered to the Coles regarding the purchase of the Spokane house.

REPLY MEMORANDUM IN SUPPORT
OF MOTION FOR TEMPORARY
RESTRAINING ORDER - 3

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

Through false promises and deceptive means, Defendants converted $362,052.66 from the Coles' bank accounts intending to spend some of the money to buy a house for themselves and keep the remainder of the money they converted for themselves as well.

Additionally, with the pretext of an invitation from Defendants to the Coles to visit their daughter, Susanann Young, in Spokane, the Coles were lured to Spokane and kept away from their home while Eric Young searched their belongings in their Baker City house and stole a significant amount of the Coles' personal property and moved it up to Spokane and into a storage unit only the Defendants controlled.

These are reprehensible acts by Defendants and the damage they have done and still can do to the Coles should be enjoined by order of this Court. The Defendants admitted in a prior hearing to already spending approximately $82,000 of the $362,052.66 they converted to pay off their own debts to make them creditworthy for the mortgage loan for which they were applying. Defendants must be enjoined from spending any more of the money they have stolen from the Coles until this matter is resolved.

**III.    Conclusion**

Based on the foregoing, the Coles ask this Court to issue an injunction against Defendants prohibiting them from spending, converting, or disposing any more of the Coles funds from the $362,052.66 that was stolen from their accounts. The Coles also seek an order from this Court prohibiting Defendants from converting, selling or taking further action to dispose of the Coles' personal property until it can be returned to the Coles.

REPLY MEMORANDUM IN SUPPORT
OF MOTION FOR TEMPORARY
RESTRAINING ORDER - 4

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

1   Finally, as this is the Coles' money and property at issue in this case, no bond should be

2   required of the Coles to obtain the injunction requested.

3       DATED this 7th day of December, 2023.

4                                       HAWLEY TROXELL ENNIS & HAWLEY, LLP

5

6

7                                       Michael R. Merritt, WSBA No. 60094
                                        422 W. Riverside Ave., Suite 1100
8                                       Telephone:    509.624.5265
                                        Facsimile:    509.458.2728
9                                       E mail:       mmerritt@hawleytroxell.com
                                        Attorneys for Plaintiffs
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   REPLY MEMORANDUM IN SUPPORT                  Hawley Troxell Ennis & Hawley LLP
     OF MOTION FOR TEMPORARY                      422 W. Riverside Avenue, Suite 1100
     RESTRAINING ORDER - 5                        Spokane, Washington 99201
                                                  509.624.5265

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of December, 2023, I caused to be served a true copy of the foregoing document by the method indicated below, and addressed to each of the following:

Hatcher Law, PLLC
Austin F. Hatcher
11616 N. Market St., #1090
Mead, WA 99021

austin@hatcherlawpllc.com

☑ U.S. Mail, Postage Prepaid
☐ Hand Delivered
☐ Overnight Mail
☑ E-mail
☐ Facsimile

Jessie Smylie, Legal Assistant

REPLY MEMORANDUM IN SUPPORT
OF MOTION FOR TEMPORARY RESTRAINIG ORDER- 6

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16486498.1

25-80037-FPC    Doc 17    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 79 of 175

SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF SPOKANE

LINDA COLE and TED COLE,

      Plaintiffs,

      vs.

ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG,

      Defendants.

Case No. 23-2-04734-32

**SUBPOENA DUCES TECUM UPON JOHN L. SCOTT REAL ESTATE**

TO:    **John L. Scott Real Estate – Downtown**      **John L. Scott Real Estate – Liberty Lake**
              **1500 W. 4th Ave, Suite 202**                        **1338 N. Liberty Lake Rd.**
              **Spokane, WA 99201**                              **Liberty Lake, WA 99019**

[ ] YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of the deposition in the above case.

      Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. CR 30(b)(6).

SUBPOENA DUCES TECUM UPON JOHN L. SCOTT REAL ESTATE - 1

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16712933.1

| PLACE OF DEPOSITION: | DATE AND TIME |
|---|---|
| Via Zoom | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or tangible things at the place, date, and time specified below (list documents or objects): See Exhibit A attached hereto.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hawley Troxell Ennis & Hawley LLP<br>422 W. Riverside Ave, Suite 1100<br>Spokane, WA 99201 | Monday February 4, 2024 by 5:00 PM |
| *[signature]*<br>ISSUING OFFICER SIGNATURE AND TITLE<br>ATTORNEY FOR RECEIVER | DATE AND TIME<br>January 18, 2024 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>MICHAEL R. MERRITT, WSBA #60094<br>Hawley Troxell Ennis & Hawley LLP<br>422 W. Riverside Avenue, Suite 1100<br>Spokane, WA 99201<br>Phone: (509) 624-5265<br><br>***Counsel for Linda and Ted Cole*** | |

CR 45, Sections (c) & (d):

   **(c) Protection of Persons Subject to Subpoenas.**
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production ort inspection unless commanded to appear for deposition, hear or trial.
   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or

SUBPOENA DUCES TECUM UPON JOHN L. SCOTT REAL ESTATE - 2

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16712933.1

attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce and all other parties move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) fails to comply with RCW 5.56.010 or subsection (e)(2) of this rule;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden, provided that, the court may condition denial of the motion upon a requirement that the subpoenaing party advance the reasonable cost of producing the books, papers, documents, or tangible things.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or productions only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are dept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable to the demanding party to contest the claim.

SUBPOENA DUCES TECUM UPON JOHN L. SCOTT REAL ESTATE - 3

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16712933.1

# EXHIBIT A

## I.  **DEFINITIONS**

1. <u>You, and Your.</u> "You," and "your" means **John L. Scott Real Estate** its members, officers, directors, partners, agents, employees, representatives, attorneys, all merged or acquired predecessors, and all other persons assisting or representing you or acting on your behalf.

2. <u>Document.</u> "Document" or "documents" means the original (unless otherwise specified and copies when the original is not available), of each and every instrument, writing or thing useful for the purpose or having the effect of conveying, retaining, or transmitting information, thought or expression whether by mechanical, electronic, photographic or any other means. Each and every non-identical copy of a document (whether different from the original because of stampings, notes or other marks made upon such copy or otherwise), is itself a separate document. This includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings. This also includes any communications contained in or stored or represented on computer disk, diskette, magnetic tape, palm top device, computer memory, optical or digital disc, or other media that store information, text or data electronically, magnetically or mechanically.

3. <u>Conversation.</u> "Conversation" refers to any manner of oral or written communication regardless of the medium by which such communication occurred.

SUBPOENA DUCES TECUM UPON JOHN L. SCOTT REAL ESTATE - 4

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16712933.1

## II. INSTRUCTIONS

1.  Documents responsive to these requests shall be produced as they are kept in the usual course of your business and shall be organized and labeled to correspond to the categories of requests. A copy of the means by which a document's source may be determined, for example, file tabs or labels, shall be produced along with any document responsive to these requests.

2.  Documents attached or affixed to each other by means including, but not limited to, being stapled, clipped, bound together or included as part of a notebook of any kind shall not be separated, whether or not responsive to these requests.

## III. DOCUMENTS REQUESTED

Please produce your entire file including all correspondence, communications, and documents received by you or generated by you in relation to Eric and Susan Young's purchase of the house located at 1004 E. Golden CT, Spokane, WA 99208, MLS # 202319643.

SUBPOENA DUCES TECUM UPON JOHN L. SCOTT REAL ESTATE - 5

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16712933.1

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of January, 2024, I caused to be served a true copy of the foregoing by the method indicated below, and addressed to each of the following:

*Defendants Counsel*
Hatcher Law, PLLC
Austin F. Hatcher
11616 N. Market St., #1090
Mead, WA 99021
austin@hatcherlawpllc.com

[ ] U.S. Mail, Postage Prepaid
[ ] Hand Delivered
[ ] Overnight Mail
[X] Email
[ ] Facsimile


John L. Scott Real Estate – Downtown
1500 W. 4th Ave, Suite 202
Spokane, WA 99201

[ ] U.S. Mail, Postage Prepaid
[X] Personal Service
[ ] Overnight Mail
[ ] Email
[ ] Facsimile


John L. Scott Real Estate – Liberty Lake
1338 N. Liberty Lake Rd.
Liberty Lake, WA 99019

[ ] U.S. Mail, Postage Prepaid
[X] Personal Service
[ ] Overnight Mail
[ ] Email
[ ] Facsimile


Jessie Smylie, Legal Assistant

SUBPOENA DUCES TECUM UPON JOHN L. SCOTT REAL ESTATE - 6

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16712933.1

1
2
3
4
5
6                   SUPERIOR COURT OF THE STATE OF WASHINGTON
7                       IN AND FOR THE COUNTY OF SPOKANE
8   LINDA COLE and TED COLE,                    Case No. 23-2-04734-32
9           Plaintiffs,
10                                              **SUBPOENA DUCES TECUM UPON**
    vs.                                         **JOHN L. SCOTT REAL ESTATE**
11
12  ERIC ROSS YOUNG and SUSANANN
    LYNETTE YOUNG,
13          Defendants.
14

15  TO:    **John L. Scott Real Estate – Downtown**    **John L. Scott Real Estate – Liberty Lake**
16         **1500 W. 4th Ave, Suite 202**               **1338 N. Liberty Lake Rd.**
           **Spokane, WA 99201**                        **Liberty Lake, WA 99019**
17

18  [ ] YOU ARE COMMANDED to appear at the place, date and time specified below to testify at

19  the taking of the deposition in the above case.

20          Any organization not a party to this suit that is subpoenaed for the taking of a deposition

21
22  shall designate one or more officers, directors, or managing agents, or other persons who consent

23  to testify on its behalf, and may set forth, for each person designated, the matters on which the

24  person will testify. CR 30(b)(6).

25
26
27
28  SUBPOENA DUCES TECUM UPON JOHN L. SCOTT REAL ESTATE - 1    Hawley Troxell Ennis & Hawley LLP
                                                               422 W. Riverside Avenue, Suite 1100
                                                               Spokane, Washington 99201
                                                               509.624.5265

63811.0001.16712933.1

| PLACE OF DEPOSITION: | DATE AND TIME |
|---|---|
| Via Zoom | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or tangible things at the place, date, and time specified below (list documents or objects): See Exhibit A attached hereto.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hawley Troxell Ennis & Hawley LLP<br>422 W. Riverside Ave, Suite 1100<br>Spokane, WA 99201 | Monday February 4, 2024 by 5:00 PM |
| *[signature]*<br>ISSUING OFFICER SIGNATURE AND TITLE<br>ATTORNEY FOR RECEIVER | DATE AND TIME<br>January 18, 2024 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>MICHAEL R. MERRITT, WSBA #60094<br>Hawley Troxell Ennis & Hawley LLP<br>422 W. Riverside Avenue, Suite 1100<br>Spokane, WA 99201<br>Phone: (509) 624-5265<br><br>***Counsel for Linda and Ted Cole*** | |

CR 45, Sections (c) & (d):

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production ort inspection unless commanded to appear for deposition, hear or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or

SUBPOENA DUCES TECUM UPON JOHN L. SCOTT REAL ESTATE - 2

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16712933.1

attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce and all other parties move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) fails to comply with RCW 5.56.010 or subsection (e)(2) of this rule;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden, provided that, the court may condition denial of the motion upon a requirement that the subpoenaing party advance the reasonable cost of producing the books, papers, documents, or tangible things.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or productions only upon specified  conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are dept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable to the demanding party to contest the claim.

SUBPOENA DUCES TECUM UPON JOHN L. SCOTT REAL ESTATE - 3

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16712933.1

**EXHIBIT A**

I. <u>**DEFINITIONS**</u>

1. <u>You, and Your.</u> "You," and "your" means **John L. Scott Real Estate** its members, officers, directors, partners, agents, employees, representatives, attorneys, all merged or acquired predecessors, and all other persons assisting or representing you or acting on your behalf.

2. <u>Document.</u> "Document" or "documents" means the original (unless otherwise specified and copies when the original is not available), of each and every instrument, writing or thing useful for the purpose or having the effect of conveying, retaining, or transmitting information, thought or expression whether by mechanical, electronic, photographic or any other means. Each and every non-identical copy of a document (whether different from the original because of stampings, notes or other marks made upon such copy or otherwise), is itself a separate document. This includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings. This also includes any communications contained in or stored or represented on computer disk, diskette, magnetic tape, palm top device, computer memory, optical or digital disc, or other media that store information, text or data electronically, magnetically or mechanically.

3. <u>Conversation.</u> "Conversation" refers to any manner of oral or written communication regardless of the medium by which such communication occurred.

SUBPOENA DUCES TECUM UPON JOHN L. SCOTT REAL ESTATE - 4

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16712933.1

## II. **INSTRUCTIONS**

1. Documents responsive to these requests shall be produced as they are kept in the usual course of your business and shall be organized and labeled to correspond to the categories of requests. A copy of the means by which a document's source may be determined, for example, file tabs or labels, shall be produced along with any document responsive to these requests.

2. Documents attached or affixed to each other by means including, but not limited to, being stapled, clipped, bound together or included as part of a notebook of any kind shall not be separated, whether or not responsive to these requests.

## III. **DOCUMENTS REQUESTED**

Please produce your entire file including all correspondence, communications, and documents received by you or generated by you in relation to Eric and Susan Young's purchase of the house located at 1004 E. Golden CT, Spokane, WA 99208, MLS # 202319643.

SUBPOENA DUCES TECUM UPON JOHN L. SCOTT REAL ESTATE - 5

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16712933.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of January, 2024, I caused to be served a true copy of the foregoing by the method indicated below, and addressed to each of the following:

*Defendants Counsel*
Hatcher Law, PLLC
Austin F. Hatcher
11616 N. Market St., #1090
Mead, WA 99021
austin@hatcherlawpllc.com

[ ] U.S. Mail, Postage Prepaid
[ ] Hand Delivered
[ ] Overnight Mail
[X] Email
[ ] Facsimile


John L. Scott Real Estate – Downtown
1500 W. 4th Ave, Suite 202
Spokane, WA 99201

[ ] U.S. Mail, Postage Prepaid
[X] Personal Service
[ ] Overnight Mail
[ ] Email
[ ] Facsimile


John L. Scott Real Estate – Liberty Lake
1338 N. Liberty Lake Rd.
Liberty Lake, WA 99019

[ ] U.S. Mail, Postage Prepaid
[X] Personal Service
[ ] Overnight Mail
[ ] Email
[ ] Facsimile

_____
Jessie Smylie, Legal Assistant

SUBPOENA DUCES TECUM UPON JOHN L. SCOTT REAL ESTATE - 6

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16712933.1

1

2

3

4

5

6                    SUPERIOR COURT OF THE STATE OF WASHINGTON

7                         IN AND FOR THE COUNTY OF SPOKANE

8    LINDA COLE and TED COLE,                    Case No. 23-2-04734-32

9              Plaintiffs,

10        vs.                                    **SUBPOENA DUCES TECUM UPON**
                                                 **SPOKANE TITLE COMPANY**
11

12   ERIC ROSS YOUNG and SUSANANN
     LYNETTE YOUNG,
13
               Defendants.
14

15   TO:     **Spokane Title Company**

16           **1001 N. Normandie, Suite 100**
             **Spokane, WA 99201**
17

18   [ ] YOU ARE COMMANDED to appear at the place, date and time specified below to testify at

19   the taking of the deposition in the above case.

20        Any organization not a party to this suit that is subpoenaed for the taking of a deposition

21   shall designate one or more officers, directors, or managing agents, or other persons who consent

22   to testify on its behalf, and may set forth, for each person designated, the matters on which the

23   person will testify. CR 30(b)(6).

24

25

26

27

28   SUBPOENA DUCES TECUM UPON SPOKANE TITLE COMPANY - 1

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16712856.1

| PLACE OF DEPOSITION: | DATE AND TIME |
|---|---|
| Via Zoom | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or tangible things at the place, date, and time specified below (list documents or objects): See Exhibit A attached hereto.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Hawley Troxell Ennis & Hawley LLP<br>422 W. Riverside Ave, Suite 1100<br>Spokane, WA 99201 | Monday February 4, 2024 by 5:00 PM |
| *(signature)*<br>ISSUING OFFICER SIGNATURE AND TITLE<br>ATTORNEY FOR RECEIVER | DATE AND TIME<br>January 18, 2024 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>MICHAEL R. MERRITT, WSBA #60094<br>Hawley Troxell Ennis & Hawley LLP<br>422 W. Riverside Avenue, Suite 1100<br>Spokane, WA 99201<br>Phone: (509) 624-5265<br><br>***Counsel for Linda and Ted Cole*** | |

CR 45, Sections (c) & (d):

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production ort inspection unless commanded to appear for deposition, hear or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or

SUBPOENA DUCES TECUM UPON SPOKANE TITLE COMPANY - 2

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16712856.1

attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce and all other parties move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) fails to comply with RCW 5.56.010 or subsection (e)(2) of this rule;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden, provided that, the court may condition denial of the motion upon a requirement that the subpoenaing party advance the reasonable cost of producing the books, papers, documents, or tangible things.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or productions only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are dept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable to the demanding party to contest the claim.

SUBPOENA DUCES TECUM UPON SPOKANE TITLE COMPANY - 3

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16712856.1

# EXHIBIT A

## I. **DEFINITIONS**

1. <u>You, and Your.</u> "You," and "your" means **Spokane Title Company** its members, officers, directors, partners, agents, employees, representatives, attorneys, all merged or acquired predecessors, and all other persons assisting or representing you or acting on your behalf.

2. <u>Document.</u> "Document" or "documents" means the original (unless otherwise specified and copies when the original is not available), of each and every instrument, writing or thing useful for the purpose or having the effect of conveying, retaining, or transmitting information, thought or expression whether by mechanical, electronic, photographic or any other means. Each and every non-identical copy of a document (whether different from the original because of stampings, notes or other marks made upon such copy or otherwise), is itself a separate document. This includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings. This also includes any communications contained in or stored or represented on computer disk, diskette, magnetic tape, palm top device, computer memory, optical or digital disc, or other media that store information, text or data electronically, magnetically or mechanically.

3. <u>Conversation.</u> "Conversation" refers to any manner of oral or written communication regardless of the medium by which such communication occurred.

SUBPOENA DUCES TECUM UPON SPOKANE TITLE COMPANY - 4

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265
63811.0001.16712856.1

## II.  INSTRUCTIONS

1.  Documents responsive to these requests shall be produced as they are kept in the usual course of your business and shall be organized and labeled to correspond to the categories of requests.  A copy of the means by which a document's source may be determined, for example, file tabs or labels, shall be produced along with any document responsive to these requests.

2.  Documents attached or affixed to each other by means including, but not limited to, being stapled, clipped, bound together or included as part of a notebook of any kind shall not be separated, whether or not responsive to these requests.

## III. DOCUMENTS REQUESTED

Please produce your entire file including all correspondence, communications, and documents received by you or generated by you in relation to Eric and Susan Young's purchase of the house located at 1004 E. Golden CT, Spokane, WA 99208, MLS # 202319643.

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16712856.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of January, 2024, I caused to be served a true

copy of the foregoing by the method indicated below, and addressed to each of the following:

***Defendants Counsel***
Hatcher Law, PLLC                        [ ] U.S. Mail, Postage Prepaid
Austin F. Hatcher                        [ ] Hand Delivered
11616 N. Market St., #1090               [ ] Overnight Mail
Mead, WA 99021                           [X] Email
austin@hatcherlawpllc.com                [ ] Facsimile


Spokane Title Company                    [ ] U.S. Mail, Postage Prepaid
1001 N. Normandie, Suite 100             [X] Personal Service
Spokane, WA 99201                        [ ] Overnight Mail
                                         [ ] Email
                                         [ ] Facsimile


_____
Jessie Smylie, Legal Assistant

SUBPOENA DUCES TECUM UPON SPOKANE TITLE COMPANY - 6

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16712856.1

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR SPOKANE COUNTY

LINDA COLE and TED COLE,

     Plaintiffs,

     vs.

ERIC ROSS YOUNG and SUSANANN
LYNETTE YOUNG,

     Defendants.

Case No. 23-2-04734-32

**ORDER FOR PRELIMINARY
INJUNCTION**

    Plaintiffs' Motion for Preliminary Injunction came on for hearing on February 2, 2024 at

1:30pm. Michael R. Merritt and Plaintiff Linda Cole were present on behalf of Plaintiffs, and

Austin F. Hatcher was present on behalf of the Defendants. The Court having reviewed the record

in this case, the moving papers and reply memorandum of Plaintiff and the opposition papers of

Defendants, considering the arguments of counsel, and the Court being fully informed and with

good cause appearing, issues the following order:

    IT HEREBY ORDERED that Plaintiffs' Motion for Preliminary Injunction is

GRANTED; Bond is set @ 50 00. Oral ruling incorporated. ℐℰ

    IT IS FURTHER ORDERED that:

    1.    The amount not yet spent by Defendants and remaining from the $362,012.66 that

was originally transferred to the Defendants' account be presented in a cashier's check to

ORDER FOR PRELIMINARY INJUNCTION
- 1

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

Plaintiffs' counsel at his office by the close of business Tuesday, February 6, 2024. These funds are to be deposited into the Hawley Troxell Ennis & Hawley, LLP Trust Account and held until the resolution of this action.

2.      The Defendants are also ordered to provide Plaintiffs an accounting of the approximate $82,000 they have already spent of Plaintiffs' $362,012.66 transferred to Defendants' account. The accounting will include an itemization of each expenditure, the purpose of the expenditure, the amount of the expenditure, and the identity of the third party receiving the funds.

DATED this _2_ day of February, 2024.

_____
THE HONORABLE JACQUELYN HIGH-EDWARD

*Presented by:*

HAWLEY TROXELL ENNIS & HAWLEY, LLP

_____
MICHAEL R. MERRITT, WBSA # 60094
*Counsel for Plaintiffs*

Mr. Hatcher as to form

63811.0001.16772696.1

ORDER FOR PRELIMINARY INJUNCTION - 2

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR SPOKANE COUNTY

LINDA COLE and TED COLE,

        Plaintiffs,

vs.

ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG,

        Defendants.

Case No. 23-2-04734-32

**PLAINTIFFS' MOTION FOR CONTEMPT SANCTIONS**

      Plaintiffs, Linda and Ted Cole, by and through their counsel of record, Michael R. Merritt of Hawley Troxell Ennis & Hawley, LLP, and respectfully requests this Court enter an Order for Contempt Sanctions against Defendants.

## FACTUAL BASIS:

      1.     On February 2, 2024, this Court entered an order granting Plaintiffs' Motion for Preliminary Injunction and ordering Defendants to present a cashier's check to Plaintiffs' counsel in the amount of the money remaining from the $362,012.66 that was transferred out of Plaintiffs' accounts. That amount was expected to be approximately $280,012.66, as Defendants stated that they had already spent approximately $82,000.00. Defendants also kept the finds at issue in a Fidelity brokerage account that was earning interest and as such an amount of interest may also

PLAINTIFFS' MOTION FOR CONTEMPT SANCTIONS- 1

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16796903.1

have been required to be paid. See February 2, 2024 Order for Preliminary Injunction attached as **Exhibit 1**.

2. Defendants were ordered to present the cashier's check to Plaintiffs' counsel by the close of business on Tuesday, February 6, 2024.

3. Defendants were also ordered to provide an accounting of the approximate $82,000 of Plaintiffs' money that they already spent.

4. As of February 9, 2024, Defendants have not presented to Plaintiffs' counsel any cashier's check, nor have Defendants attempted any other means of transferring to Plaintiffs' counsel the approximate $280,012.66 as ordered by this Court.

5. As of February 9, 2024, Defendants have not provided Plaintiffs' counsel with an accounting of the approximate $82,000.00 from Plaintiffs' bank accounts that Defendants allegedly spent.

6. As of February 9, 2024, Defendants have proffered no explanation for their failure to comply with this Courts order to either Plaintiffs' counsel or Defendants' counsel.

## **LEGAL BASIS:**

7. Civil contempt of court is based in statute, and this court has the authority to impose a sanction for contempt of court. RCW 7.21.020.

8. Included in the definition of contempt of court is "disobedience of any lawful judgment, decree, order, or process of the court" and "refusal, without lawful authority, to produce a record, document, or other object." RCW 7.21.010(1)(b) and (d).

9. This "Court may initiate a proceeding to impose a remedial sanction on its own motion or on the motion of a person aggrieved by a contempt of court in the proceeding to which the contempt is related." RCW 7.21.030(1).

PLAINTIFFS' MOTION FOR CONTEMPT SANCTIONS- 2

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16796903.1

10.     The Court, upon a finding that a "person has failed or refused to perform an act that is yet within the person's power to perform" may find that person in contempt of court and: (a) imprison that person "only so long as it serves a coercive purpose;" (b) order a forfeiture of up to "two thousand dollars for each day the contempt" continues; (c) "an order designed to ensure compliance with a prior order of the court;" or (d) "any other remedial sanction." RCW 7.21.030(2).

11.     Additionally, the Court may "order a person found in contempt of court to pay a party for any losses suffered by the party as a result of the contempt and any costs incurred in connection with the contempt proceeding, including reasonable attorney's fees." RCW 7.21.030(3).

12.     In short, civil contempt and remedial sanctions are appropriate for "intentional disobedience" of any lawful court order to coerce performance with the same when a person has failed to comply therewith thought compliance is in their power. *Gronquist v. Dep't of Corrections*, 196 Wash.2d 564, 569-70, 475 P.3d 497 (2020).

## **ARGUMENT:**

Defendants intentionally disobeyed a direct order from this Court, issued February 2, 2024, by failing to present to Plaintiffs' counsel a cashier's check in the approximate amount of $280,012.66 and an accounting of the approximate $82,000.00 spent by Defendants to date, all transferred out of Plaintiffs' bank accounts, by the Court ordered deadline of close of business on February 6, 2024.

Defendants have no excuse for their failure to comply with this Court's February 2, 2024, Order and have not offered no explanation for their failure to comply with the Court's order. Providing an accounting of the spent money and presenting a cashier's check to Plaintiffs' counsel

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16796903.1

is well within the power and control of Defendants. Their failure to comply with this Court's order justifies a finding of contempt of court.

Plaintiffs may suffer losses from Defendants direct and intentional disregard for this Court's order, as more of the money may be spent or lost. Plaintiffs have already suffered loss by Defendants' contempt by the necessity of bringing this Motion to Court.

Plaintiff have incurred approximately $1,500 in attorneys fees in drafting this motion, monitoring the proceedings leading up to this motion and attending the hearing on this motion.

**RELIEF REQUESTED:**

Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Contempt Sanctions by entering an Order that:

A.  Finds that Defendants have the power and ability to comply with this Court's Order of February 2, 2024 and that they have willfully disregarded and disobeyed the same;

B.  Finds that Defendants are in contempt of court for failing to abide by this Court's Order of February 2, 2024;

C.  Orders Defendants to pay a sanction of $2,000 for each day that Defendants' Sanctions continue;

D.  Orders Defendants to pay Plaintiffs' reasonable costs and attorneys' fees incurred in connection with Defendants contempt in the amount of $1,500.

E.  Order that Defendants will suffer a case ending sanction, such as default judgment, if the Defendants do not comply with the Court's February 2, 2024 preliminary injunction order.

PLAINTIFFS' MOTION FOR CONTEMPT SANCTIONS- 4

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16796903.1

Respectfully submitted this 12th day of February, 2024.

HAWLEY TROXELL ENNIS & HAWLEY, LLP

Michael R. Merritt, WSBA No. 60094
422 W. Riverside Ave., Suite 1100
Telephone:    509.624.5265
Facsimile:    509.458.2728
E mail:       mmerritt@hawleytroxell.com
Attorneys for Plaintiffs

PLAINTIFFS' MOTION FOR CONTEMPT SANCTIONS- 5

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16796903.1

25-80037-FPC    Doc 17    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 104 of 175

1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12ᵗʰ day of February, 2024, I caused to be served a true

copy of the foregoing by the method indicated below, and addressed to each of the following:

Hatcher Law, PLLC                    ☐ U.S. Mail, Postage Prepaid
Austin F. Hatcher                    ☐ Hand Delivered
11616 N. Market St., #1090           ☐ Overnight Mail
Mead, WA 99021                       ☑ E-mail
                                     ☐ Facsimile
austin@hatcherlawpllc.com

_____
Jessie Smylie, Legal Assistant

**PLAINTIFFS' MOTION FOR CONTEMPT SANCTIONS- 6**

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16796903.1

# EXHIBIT 1

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR SPOKANE COUNTY

| | |
|---|---|
| LINDA COLE and TED COLE, | Case No. 23-2-04734-32 |
| Plaintiffs, | |
| vs. | **ORDER FOR PRELIMINARY INJUNCTION** |
| ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG, | |
| Defendants. | |

Plaintiffs' Motion for Preliminary Injunction came on for hearing on February 2, 2024 at 1:30pm. Michael R. Merritt and Plaintiff Linda Cole were present on behalf of Plaintiffs, and Austin F. Hatcher was present on behalf of the Defendants. The Court having reviewed the record in this case, the moving papers and reply memorandum of Plaintiff and the opposition papers of Defendants, considering the arguments of counsel, and the Court being fully informed and with good cause appearing, issues the following order:

IT HEREBY ORDERED that Plaintiffs' Motion for Preliminary Injunction is GRANTED; Bond is set @ $0.00. Oral ruling incorporated. *JE*

IT IS FURTHER ORDERED that:

1.    The amount not yet spent by Defendants and remaining from the $362,012.66 that was originally transferred to the Defendants' account be presented in a cashier's check to

ORDER FOR PRELIMINARY INJUNCTION - 1

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

1  Plaintiffs' counsel at his office by the close of business Tuesday, February 6, 2024. These funds
2  are to be deposited into the Hawley Troxell Ennis & Hawley, LLP Trust Account and held until
3  the resolution of this action.

4  2.    The Defendants are also ordered to provide Plaintiffs an accounting of the
5  approximate $82,000 they have already spent of Plaintiffs' $362,012.66 transferred to Defendants'
6  account. The accounting will include an itemization of each expenditure, the purpose of the
7  expenditure, the amount of the expenditure, and the identity of the third party receiving the funds.

8

9       DATED this  2  day of February, 2024.

10

11

12                              THE HONORABLE JACQUELYN HIGH-EDWARD

13

14
   *Presented by:*
15
   HAWLEY TROXELL ENNIS & HAWLEY, LLP
16

17

18  MICHAEL R. MERRITT, WBSA # 60094
    *Counsel for Plaintiffs*
19
    Mr. Hatchey as to form
20

21

22                                         63811.0001.16772696.1

23

24

25

26

27

28  ORDER FOR PRELIMINARY INJUNCTION          Hawley Troxell Ennis & Hawley LLP
    - 2                                        422 W. Riverside Avenue, Suite 1100
                                               Spokane, Washington 99201
                                               509.624.5265



**SUPERIOR COURT OF WASHINGTON COUNTY OF SPOKANE**

Petitioner: LINDA and TED COLE

vs.

Respondent: ERIC and SUSANN YOUNG

(Clerk's Date Stamp)

**CASE NO. 23-2-04734-32**

**ORDER**

**[x] Clerk's Action Required**
**NEXT HEARING: 2/20/24 @ 4:30**
**P.M. COURTROOM 403**

I.     BASIS

Linda and Ted Cole brought a motion for contempt against Eric and Susann Young for failing to abide by the court's February 2, 2024 order requiring them to transfer the remaining money in dispute to the Cole's attorney's trust account by February 6, 2024 and provide an accounting of any money spent out of the $362,012.66.

II.     FINDING

1.   The Youngs assert that the court's order is void because the court failed to set a bond.

2.   It is undisputed that the Youngs have not provided the transfer of money or the accounting.

3. The original preliminary injunction was entered on November 9, 2023. The Youngs have continued this hearing once so they could retain counsel and once because they failed to respond to the motion for preliminary injunction and instead filed a motion to dismiss. The court, at this time, could have chosen, under local rule to grant the Coles' requested relief but gave them additional time to respond. The matter has been postponed at the Youngs' request until February 2, 2024.

4. The court set a bond on December 15, 2023, of $0 and another bond on the temporary order in the amount of $0. The court finds that in its discretion, this is a reasonable amount. Both parties agree that the money belonged to the Coles and that the Youngs did not provide anything in exchange for the money. Both parties agree that at one time, there was an agreement to transfer some money to purchase a home. The downpayment was $180,000.00. The Youngs alleged that the ~$80,000.00 they spent of the $362,012.66 was also agreed so the Youngs could become credit worthy. The Coles are elderly (in their 80s) and this money constitutes their life savings in cash. The Youngs have provided no information on possible damages for an improper injunction. On February 2, 2024, the court secured any potential damages (that were foreseeable by the court) to the Youngs by ordering the transfer of money into the Coles' attorney's trust account, preserving the money for the prevailing party.

5. Although the court finds that a $0 was within its discretion and reasonable. To get the Youngs to comply with the order, the court will set bond at $100.00. It is appropriate for the court to consider daily sanctions against the Youngs at the next hearing.

IT IS ORDERED that:

 The Youngs shall transfer the remaining money to the Coles' attorney's trust account within 24 hours of this order.  They shall also provide a full accounting of any money spent of the $362,012.66 with supporting evidence within 24 hours of this order.  A review hearing will be held on Tuesday, February 20, 2024, at 4:30 p.m. to determine whether the Youngs are in contempt of court.  Eric and Susann Young shall appear in person.

*Judge Jacquelyn High-Edward 2/14/2024 3:53:16 PM*

**DECLARATION OF SERVICE**

I, Cat Czako, certify that on February 14, 2024, I served a copy of this Order to:

[ x ]  E-Mail         [ x ]  E-Mail
[ ]  US Mail         [ ]  US Mail
[ ]  Hand Delivery      [ ]  Hand Delivery
[ ]  _____ [ ]  _____

AUSTIN HATCHER      MICHAEL RAYMOND MERRITT
11616 N Market St Unit 1090   422 W Riverside Ave Ste 1100
Mead, WA 99021-1837     Spokane, WA 99201-0302
austin.f.hatcher@gmail.com   mmerritt@hawleytroxell.com

I certify under penalty of perjury pursuant to the laws of the State of Washington that the foregoing Statement is true and correct.

Date:  February 14, 2024

Cat Czako, Judicial Assistant to
Jacquelyn M. High-Edward
Superior Court Judge



**SUPERIOR COURT OF WASHINGTON COUNTY OF SPOKANE**

Petitioner: LINDA and TED COLE

vs.

Respondent: ERIC and SUSANN YOUNG

(Clerk's Date Stamp)

**CASE NO. 23-2-04734-32**

**ORDER**

**[x] Clerk's Action Required
NEXT HEARING: 2/21/24 @ 4:30
P.M. COURTROOM 403**

I.       BASIS

    Linda and Ted Cole brought a motion for contempt against Eric and Susann Young for failing to abide by the court's February 2, 2024, order requiring them to transfer the remaining money in dispute to the Cole's attorney's trust account by February 6, 2024, and provide an accounting of any money spent out of the $362,012.66.  The Youngs did not appear at the hearing on February 15, 2024.  Their attorney, Austin Hatcher appeared.  At the time of the hearing, the money and accounting had not been provided.  The court again ordered the Youngs to provide an accounting and transfer all money into the Cole's attorney's trust account. They were also ordered to appear in person.

25-80037-FPC    Doc 17    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 112 of 175

1.   The Youngs provided a self-created accounting of the funds showing that they were negative $50,000.00.

2.   The Youngs transferred $100.00 into the Cole's attorney's trust account.

3.   The Youngs withdrew $119,000.00 in a cashier's check and sent it to the Coles via Fed X.  The Youngs admit that the $119,000.00 belongs to the Coles.  The remaining money is not accounted for.

4.   The Youngs are in contempt of court for failing to follow the court order.

5.   The Youngs have failed to account for all the money and this failure is intentional and in bad faith.

IT IS ORDERED that:

The Youngs shall provide bank statements and investment account statements from the time the money was transferred until today by 4:00 p.m. today (February 21, 2024.)   If the Youngs fail to provide the requested documents without good cause, a sanction of $1,000.00 a day will be assessed.

A review hearing will be held on Wednesday, February 21, 2024, at 4:30 p.m. to determine whether the Youngs are in contempt of court.  Eric and Susann Young shall appear in person.

The Youngs are sanctioned $2,500.00 for failing to abide by the court order as well as reasonable attorney fees for today's hearing.

Judge Jacquelyn High-Edward 2/21/2024

**DECLARATION OF SERVICE**

I, Cat Czako, certify that on February 21, 2024, I served a copy of this Order to:

[ x ] E-Mail                                      [ x ] E-Mail
[ ] US Mail                                       [ ] US Mail
[ ] Hand Delivery                                 [ ] Hand Delivery
[ ] _____                       [ ] _____

AUSTIN HATCHER                                    MICHAEL RAYMOND MERRITT
11616 N Market St Unit 1090                       422 W Riverside Ave Ste 1100
Mead, WA 99021-1837                               Spokane, WA 99201-0302
austin.f.hatcher@gmail.com                        mmerritt@hawleytroxell.com

I certify under penalty of perjury pursuant to the laws of the State of Washington that the foregoing Statement is true
and correct.

Date:  February 21, 2024

_____
Cat Czako, Judicial Assistant to
Jacquelyn M. High-Edward
Superior Court Judge

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR SPOKANE COUNTY

| | |
|---|---|
| LINDA COLE and TED COLE,<br><br>    Plaintiffs,<br><br>vs.<br><br>ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG,<br><br>    Defendants. | Case No. 23-2-04734-32<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION** |

COMES NOW Plaintiffs, Linda and Ted Cole, by and through their counsel of record, Michael R. Merritt of Hawley Troxell Ennis & Hawley, LLP, and respectfully requests this Court deny Defendants' Motion for Reconsideration and vacation of its Order Granting Plaintiffs' Motion for Preliminary Injunction dated February 2, 2024.

## I.    FACTUAL BASIS:

The preliminary injunction was entered by this Court on November 9, 2023. Defendants continued the hearing on the preliminary injunction twice: once to retain counsel and once because in lieu of filing a timely response to Plaintiffs' motion for a preliminary injunction, Defendants filed a motion to dismiss, which is denied. The Court set bond on the preliminary injunction at $0.00 on December 15, 2023. On February 2, 2024, the Court entered an order to secure potential damages by requiring the Defendants to transfer the money at issue to the Plaintiffs' attorney's

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION- 1**

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16844733.1

trust account, to be preserved for the prevailing party, and to account for the remainder $362,012.66 transferred out of Plaintiffs' accounts. On February 14, 2024, the Court increased the bond set in its discretion to $100.00, which Plaintiffs posted that same day.

Since then, the Defendants have provided their private, self-created accounting of the funds, indicating a deficit of $50,000.000, transferred $100.00 into the Plaintiffs' attorney's trust account, and transferred $119,698.04 via cashier's check to Plaintiffs, admitting that that money was indeed Plaintiffs. The Court found on February 20, 2024 that the Defendants were and remain in contempt of the Court's injunction order for failing to account for the remaining money and to transfer all the money disputed to the Plaintiffs' attorney's trust account.

The Defendants Motion for Reconsideration seeks to unravel the preliminary injunction, which preserves the status quo and protects the funds at issue until the claims in this action are resolved. The Order granting the preliminary injunction contemplates that no parties have disputed that the money was Plaintiffs' money, providing a clear legal and equitable right to the money, that Defendants, who have already spent $82,000 and now argue falsely that they have spent the all remaining money, may continue to spend Plaintiffs' money if they keep it pending the resolution of this suit, and therefore substantial injury will occur without the injunction remaining in place. Defendants Motion is based on a flawed legal argument that because Plaintiffs seek a remedy at law, an injunction is not appropriate and based on the Court not requiring bond in security of the injunction.

## II.    **EVIDENCE RELIED UPON:**

This Memorandum relies upon the orders, filings, and pleadings in this action.

25-80037-FPC    Doc 17    Filed 10/24/25    Entered 10/24/25 16:47:26    638 Pg 116 of 175

### III.   **LEGAL STANDARD:**

A motion for reconsideration may be granted under Rule 59 only when a ruling has "materially affect[ed] the substantial rights of [the] parties" based on nine specific causes. CR 59(a). One such cause is that there was "error in the law occurring at the trial and objected to at the time by the party making the application." CR 59(a)(8). The decision to deny a motion for reconsideration is within the sound discretion of the Court, with the standard on appeal one of abuse of discretion, where such an order will only be overturned if the discretion was "manifestly unreasonable, or exercised on untenable grounds." *River House Development Inc. v. Integrus Architecture, P.S.*, 167 Wn.App. 221, 231, 272 P.3d 289 (2012).

For the Court to have erred in the law upon the issuance of the preliminary injunction, the preliminary injunction must have been issued wrongfully. *Fisher v. Parkview Properties, Inc.*, 71 Wn.App. 468, 474, 859 P.2d 77 (1993). A preliminary injunction is issued wrongfully when it "would not have been ordered had the court been presented all of the facts." *Id.* at 475 (quoting *Knappett v. Locke,* 19 Wn.App. 586, 592, 576 P.2d 1327 (1978)).

### VI.   **ARGUMENT**

Defendants' Motion for Reconsideration should be denied because its motion is based on a purported error of the law that occurred in the issuance of the preliminary injunction—that the legal remedy sought in this case is adequate security for Plaintiffs' rights without the need for such injunction. However, Defendants' improperly analyze the circumstances in which an injunction is appropriate. Furthermore, Defendants have not shown, or made any effort to show, that the preliminary injunction materially affects their substantial rights; rather, it merely safeguards the amount in controversy until a final judgment. CR 59. Finally, Defendants present no new facts to indicate that this Court would not have issued its order had it been aware of such facts.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION- 3**

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

25-80037-FPC   Doc 17   Filed 10/24/25   Entered 10/24/25 16:47:26   638 Pg 117 of 175

**A.     Defendants' argument regarding the sufficiency of Plaintiffs' need for the issuance of the injunctive relief is erroneous as to the facts and the law, has already been argued before this court, and without new evidence does not establish an error of law required for reconsideration.**

A party seeking a preliminary injunction must show: "(1) that he has a clear legal or equitable right, (2) that he has a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in or will result in actual and substantial injury to him." *Kucera v. State, Dept. of Transp.*, 140 Wn.2d 200, 209, 995 P.2d 63 (2000) (citing *Tyler Pipe Indus., Inc. v. Dept. of Rev.*, 96 Wn.2d 785, 792, 638 P.2d 1213 (1982). Defendants do not challenge that Plaintiffs' have shown the above elements to warrant injunctive relief, but instead argue that because Plaintiffs seek a legal remedy, an injunction cannot be issued.

It is generally true that injunctive relief is not granted if "there is a plain, complete, speedy and adequate remedy at law," however:

> courts have generally found remedies to be inadequate in three circumstances: (1) the injury complained of by its nature cannot be compensated by money damages, (2) the damages cannot be ascertained with any degree of certainty, and (3) the remedy at law would not be efficient because the injury is of a continuing nature."

*Id.* at 209-210. Defendants make a critical error in their analysis of *Kucera*, reading the "three circumstances" as a list of independent grounds any one of which would establish that legal remedies are adequate. Defendants' Motion for Reconsideration, Pg. 5. However, *Kucera* actually lists three independent circumstances any one of which would make the remedy at law inadequate and justify the issuance of a preliminary injunction. *Kucera v. State,* 140 Wn.2d at 210.

Defendants admit, by omission, that one such circumstance is present in this case, indicating that "two of the three independent grounds for determining the adequacy of remedies are met," italicizing the first two circumstances. Defendants' Motion for Reconsideration, Pg. 4-5. However, this leaves the third circumstance: "the remedy at law would not be efficient because

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR
RECONSIDERATION- 4

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

the injury is of a continuing nature." *Kucera v. State,* 140 Wn.2d at 210. Indeed, as argued before this Court, Defendants' retention of Plaintiffs' $362,012.66 and personal property represents a continuous injury, as Defendants continue to refuse to return Plaintiffs' property and have already spent at least $82,000 (and possibly more after the original restraining order was issued) out of Plaintiffs' lives' savings. This directly harms Plaintiffs' livelihood as they are on a fixed income, the money at issue is for their retirement, and the conversion of this money represents the substantial and continuous harm that makes a mere legal remedy at the conclusion of this case inadequate, especially if their savings are all spent by Defendants prior to a final judgment on the merits, who by their own admission were not credit-worthy without Plaintiffs' money.

This type of injury is also considered in statute, wherein among the grounds for the issuance of injunction is the circumstance where "the defendant threatens or is about to remove or dispose of his or her property with intent to defraud his or her creditors…to restrain the removal or disposition of his or her property." RCW 7.40.020. While Plaintiffs' here do not hold themselves out as Defendants' creditors, Defendants certainly threaten to remove and dispose of Plaintiffs' property, to spend the money on real estate and other expenses and by asserting that Plaintiffs' personal property was "abandoned." Thus, despite seeking a remedy at law, Plaintiffs' injury is continuous and is contemplated by the statute setting out the grounds for the issuance of a preliminary injunction.

Because Plaintiffs' remedy at law is inadequate security to protect their rights, the injunction was not issued wrongfully and thus there is no error of law providing for Defendants' Motion for Reconsideration. Defendants' motion, therefore, should be denied.

**B.** **Defendants' argument regarding the bond is moot—as this Court has imposed a bond in the security of the preliminary injunction within its discretion.**

Defendants argue that RCW 7.40.080, providing for the issuance of bond upon the granting of an injunction or restraining order, and CR 65(c), providing for the giving of security by the applicant upon the issuance of a restraining order or preliminary injunction, are mandatory. Defendants reference RCW 4.44.470, which states that the Court shall exercise "care to require adequate though not excessive security in every instance," but also states that "whenever by statute a bond or other security is required…the court shall have the power to prescribe the amount of the bond or other security notwithstanding any requirement of the statute." RCW 4.44.470.

In fact, "the amount of an injunction bond is within the trial court's discretion." *Fisher v. Parkview Properties*, 71 Wn.App. at 479 (quoting *Jensen v. Torr*, 44 Wn.App. 207, 211, 721 P.2d 992 (1986)). Indeed, in actions to recover for the wrongful issuance of injunctive relief, Washington courts follow the majority rule, limiting relief to the amount of bond determined by the trial court, and reject the minority rule even though a $10 cash bond may be "patently insufficient." *Jensen v. Torr,* 44 Wn.App. at 212. This Court retains that broad discretion.

Within that discretion, the Court set bond at $0.00 on December 15, 2023 for the temporary order and preliminary injunction, with the $362,012.66 to be secured in Plaintiffs' attorney's trust account as ordered on February 2, 2024. On February 14, 2024, the Court, in its discretion, increased the bond to $100.00, which has been posted by Plaintiffs.

Thus, Defendants' Motion for Reconsideration based on the requirement of bond is moot, and the amount, being in the Court's sole and reasonable discretion, is not grounds for reconsideration of the injunction itself. Defendants provide no further argument, analysis, or evidence to indicate that there was a legal error in the Court's issuance of the preliminary injunction necessitating reconsideration.

**PLAINTIFFS' OPPOSITION TO**
**DEFENDANTS' MOTION FOR**
**RECONSIDERATION- 6**

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

## V.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion for Reconsideration be denied.

Dated this 22nd day of February, 2024.

HAWLEY TROXELL ENNIS & HAWLEY, LLP

Michael R. Merritt, WSBA No. 60094
422 W. Riverside Ave., Suite 1100
Telephone:     509.624.5265
Facsimile:      509.458.2728
E mail:         mmerritt@hawleytroxell.com
Attorneys for Plaintiffs

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION- 7**

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

25-80037-FPC    Doc 17    Filed 10/24/25    Entered 10/24/25 16:47:26    638 Pg 121 of 175

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of February, 2024, I caused to be served a true copy of the foregoing by the method indicated below, and addressed to each of the following:

Hatcher Law, PLLC
Austin F. Hatcher
11616 N. Market St., #1090
Mead, WA 99021

austin@hatcherlawpllc.com

☐ U.S. Mail, Postage Prepaid
☐ Hand Delivered
☐ Overnight Mail
☑ E-mail
☐ Facsimile

_____
Jessie Smylie, Legal Assistant

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR
RECONSIDERATION- 8**

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

63811.0001.16844733.1



**SUPERIOR COURT OF WASHINGTON COUNTY OF SPOKANE**

Petitioner: LINDA and TED COLE

vs.

Respondent: ERIC and SUSANN YOUNG

**CASE NO. 23-2-04734-32**

**ORDER**

**[x] Clerk's Action Required
NEXT HEARING: 2/23/24 @ 9:00
AM COURTROOM 403**

I.  BASIS

Linda and Ted Cole brought a motion for contempt against Eric and Susann Young for failing to abide by the court's February 2, 2024, order requiring them to transfer the remaining money in dispute to the Cole's attorney's trust account by February 6, 2024, and provide an accounting of any money spent out of the $362,012.66. The Youngs did not appear at the hearing on February 15, 2024. Their attorney, Austin Hatcher appeared. At the time of the hearing, the money and accounting had not been provided. The court again ordered the Youngs to provide an accounting and transfer all money into the Cole's attorney's trust account. They were also ordered to appear in person. At a review hearing, the Young's were ordered to provide bank statements from the time the money transferred to the current day from every account the money touched.

## II.    FINDINGS

1.    The Youngs provided bank statements from October 2023- January 31, 2024 for a business Bank of America account, a personal Bank of America account, and Fidelity accounts for an individual account (ending 147), cash management account (ending 632, and individual account (ending 294).  There was also a 529 Education account with Fidelity.

2.    After tracing the money through the accounts, as of January 31, 2024, the Fidelity cash management account had an ending balance of $189,173.39 and the individual account (ending 294) had a balance of $75,832.09 for a total balance of $265,005.48.

3.    On February 14, 2024, the Youngs, in violation of the court order, took out a $119,698.04 cashier's check and mailed it to the Coles.  The Coles received the check.

4.    Also on February 14, 2024, the Youngs, in violation of the court order, purchased a RV for $82,799.20.  The RV is a black and gray Forest River stored at Secure It storage facility on Nevada in space 181.  The RV does not have a license plate.

5.    Considering the Young's purchases in violation of the court order, there remains $62,508.24.  The Youngs have $6,000.00 tied up as earnest money in the purchase of the home that started this case.  As such, there is $56,508.24[1] in missing funds from the January 31, 2024, statement.

6.    The Youngs have been intransigent in their refusal to provide the money or an accurate accounting.  The court discovered at the hearing that there are additional accounts the money has been sent to that were not provided.    The Youngs' behavior since the order was entered was in bad faith.

---

[1] The court originally believed there was about $78,000.00 missing but mistakenly included the 529 Education account.  In addition, the court initially credited the Youngs with $5,000.00 which was the balance of the Fidelity account before the disputed money was transferred.  However, given the Youngs statement that they have been living off of the money in the Fidelity account the court is no longer giving them this credit.

IT IS ORDERED that:

The court will freeze any use, removal, or inspection of the RV at Secure-It Self Storage at Northpoint, 8908 N. Nevada, Spokane, WA 99208, Slot #181 by the Youngs.  The Youngs shall turn over all keys and ownership paperwork to the RV to their counsel by noon today.  Counsel for the Coles, Michael Merrit has the authority to move the RV to a storage unit of the Coles' choice.  The Coles shall pay the storage fees until resolution when they can ask for reimbursement of those fees.

The Youngs are sanctioned $2,000.00 for failing to provide a full accounting of the funds including all bank accounts.  The Youngs are sanctioned $5,000.00 for their intransigence.  The Coles shall be entitled to their reasonable attorney fees for all hearings from February 2, 2024.  Counsel shall submit a cost bill within 10 days.

The Youngs are to transfer $56,208.24 to Mr. Meritt's trust account by 3:00 p.m. today or provide full accounting, including all bank accounts held by the Youngs either jointly or individually from October 2023 until today with closing balances.  If they fail to provide a full accounting of the $56,208.24, the court will consider incarceration given the Youngs continued intransigence and blatant violation of the court's order.

A review hearing will be held on February 23, 2024, at 9:00 a.m. in Courtroom 403.  The Youngs must appear in person.  The Coles and Mr. Hatcher may appear by Zoom.

Judge Jacquelyn High-Edward 2/22/2024 10:00:42 AM

**DECLARATION OF SERVICE**

I, Cat Czako, certify that on February 22, 2024, I served a copy of this Order to:

[ x ]  E-Mail
[ ]  US Mail
[ ]  Hand Delivery
[ ] _____

[ x ]  E-Mail
[ ]  US Mail
[ ]  Hand Delivery
[ ] _____

AUSTIN HATCHER
11616 N Market St Unit 1090
Mead, WA 99021-1837
austin.f.hatcher@gmail.com

MICHAEL RAYMOND MERRITT
422 W Riverside Ave Ste 1100
Spokane, WA 99201-0302
mmerritt@hawleytroxell.com

I certify under penalty of perjury pursuant to the laws of the State of Washington that the foregoing Statement is true and correct.

Date:  February 22, 2024

_____
Cat Czako, Judicial Assistant to
Jacquelyn M. High-Edward



**SUPERIOR COURT OF WASHINGTON COUNTY OF SPOKANE**

Petitioner: LINDA and TED COLE

vs.

Respondent: ERIC and SUSANN YOUNG

**CASE NO. 23-2-04734-32**

**ORDER**

**[x] Clerk's Action Required
NEXT HEARING: 2/27/24 @ 8:30
AM COURTROOM 403**

I.       BASIS

Linda and Ted Cole brought a motion for contempt against Eric and Susann Young for failing to abide by the court's February 2, 2024, order requiring them to transfer the remaining money in dispute to the Cole's attorney's trust account by February 6, 2024, and provide an accounting of any money spent out of the $362,012.66. The Youngs did not appear at the hearing on February 15, 2024. Their attorney, Austin Hatcher appeared. At the time of the hearing, the money and accounting had not been provided. The court again ordered the Youngs to provide an accounting and transfer all money into the Cole's attorney's trust account. They were also ordered to appear in person. At a review hearing, the Young's were ordered to provide bank statements from the time the money transferred to the current day from every

account the money touched.  The Youngs were provided a third chance to bring complete accountings of the missing money.

## II. FINDINGS

1.  The Youngs provided screen shots from Fidelity with balances but did not provide screen shots from the transactions.  The Youngs provided Ms. Young's account information.

2.  The provided information did not answer the questions about the missing funds.  The court has now calculated the unaccounted funds at $39,107.70.

3.  With no other options left at its disposal and with no prior sanctions being effective to force compliance, the court issued a civil bench warrant for Eric Young.

IT IS ORDERED that:

In addition to the previous orders, Michael Merritt shall be allowed to place a boot on the RV located in Slot 181 at Secure It Self-Storage on Nevada.

The Youngs are fined $7,500.00 for their continued intransigence.

The Coles are awarded their reasonable attorney fees for preparation and appearance at today's hearing.

The parties may engage an agreed forensic accountant to review the financials and provide an accounting.  Such an accounting that shows no available funds will satisfy this order. A posting of the bond will satisfy this order.  A deposit of $39,107.70 into Mr. Merrit's trust account will satisfy this order.

A review hearing will be held on February 27, 2024, at 8:30 a.m. in Courtroom 403.  The Youngs must appear in person.  The Coles and Mr. Hatcher may appear by Zoom.



Judge Jacquelyn High-Edward 2/23/2024 9:50:30 AM

**DECLARATION OF SERVICE**

I, Cat Czako, certify that on February 22, 2024, I served a copy of this Order to:

[ x ]  E-Mail
[ ]  US Mail
[ ]  Hand Delivery
[ ]  _____

AUSTIN HATCHER
11616 N Market St Unit 1090
Mead, WA 99021-1837
austin.f.hatcher@gmail.com

[ x ]  E-Mail
[ ]  US Mail
[ ]  Hand Delivery
[ ]  _____

MICHAEL RAYMOND MERRITT
422 W Riverside Ave Ste 1100
Spokane, WA 99201-0302
mmerritt@hawleytroxell.com

I certify under penalty of perjury pursuant to the laws of the State of Washington that the foregoing Statement is true and correct.

Date:  February 22, 2024

_____Cat Czako_____

Cat Czako, Judicial Assistant to
Jacquelyn M. High-Edward
Superior Court Judge



**SUPERIOR COURT OF WASHINGTON COUNTY OF SPOKANE**

(Clerk's Date Stamp)

Petitioner: LINDA and TED COLE

vs.

Respondent: ERIC and SUSANN YOUNG

**CASE NO. 23-2-04734-32**

**ORDER ON REVIEW OF CONTEMPT**

**[x] Clerk's Action Required
NEXT HEARING: 2/29/24 @ 9:00 AM COURTROOM 403**

I.      BASIS

The parties met on Tuesday, February 27, 2024, to discuss Eric Young's incarceration for civil contempt and progress with compliance with the court's order on the same day.

II.      FINDINGS

1.  A joint accountant has not been selected at this point.  The parties have conferred and discussed a possible selection.

2.  No further financial information has been provided to the court or counsel for the plaintiffs.

25-80037-FPC   Doc 17   Filed 10/24/25   Entered 10/24/25 16:47:26   Pg 130 of 175

IT IS ORDERED that:

Mr. Young will remain incarcerated until the money is transferred into the court registry or Mr. Merrit's trust account, or a full accounting of the funds has been provided. The defendants are ordered to comply with all orders previously entered. Bond and conditions of release remain the same.

A review hearing will be held on Thursday, February 29, 2024, at 9:00 a.m. in courtroom 403.

*Jfh.Edward*

Judge Jacquelyn High-Edward 2/27/2024 9:00:29 AM

**DECLARATION OF SERVICE**

I, Cat Czako, certify that on February 27, 2024, I served a copy of this Order to:

| | |
|---|---|
| [ x ] E-Mail | [ x ] E-Mail |
| [ ] US Mail | [ ] US Mail |
| [ ] Hand Delivery | [ ] Hand Delivery |
| [ ] _____ | [ ] _____ |
| AUSTIN HATCHER | MICHAEL RAYMOND MERRITT |
| 11616 N Market St Unit 1090 | 422 W Riverside Ave Ste 1100 |
| Mead, WA 99021-1837 | Spokane, WA 99201-0302 |
| austin.f.hatcher@gmail.com | mmerritt@hawleytroxell.com |

I certify under penalty of perjury pursuant to the laws of the State of Washington that the foregoing Statement is true and correct.

Date: February 27, 2024

*Cat Czako*

Cat Czako, Judicial Assistant to
Jacquelyn M. High-Edward
Superior Court Judge

ORDER
CI-03-0300 (Rev 03/2001)

PAGE 2 OF 2



**SUPERIOR COURT OF WASHINGTON COUNTY OF SPOKANE**

Petitioner: LINDA and TED COLE

vs.

Respondent: ERIC and SUSANN YOUNG

**CASE NO. 23-2-04734-32**

**ORDER ON REVIEW OF CONTEMPT**

**[x] Clerk's Action Required**
**NEXT HEARING: 3/4/24 @ 9:00 AM COURTROOM 403**

I.  BASIS

The parties met on Thursday, February 29, 2024, to discuss Eric Young's incarceration for civil contempt and progress with compliance with the court's order.  The parties met again on March 1, 2024, to discuss the same topic.

II.  FINDINGS

1.  A joint accountant was retained on Tuesday, February 27, 2024.  On February 29, 2024, the accountant had represented to counsel for the Coles that the accounting is being scanned to his email.  The hearing was set to start at 9:00 a.m.  As of 9:15 a.m., the accounting had not been received and there is no information whether the accounting is a complete accounting of all the funds in question.

2. The court continued the hearing to March 1, 2024, so the parties and court could receive and review the accounting.

3. Immediately after the conclusion of the hearing, the parties and court received the accounting. The conclusion from the analysis was that the funds in question could not be accounted for with the information provided.

4. Later that evening, after court hours, a supplemental report was provided that included additional information provided by the Youngs.

5. The supplemental report came to the same conclusion.

6. The Youngs now object to the agreed expert.

7. The Youngs have retained their own certified public accountant.

8. The court has not received any additional information from the Youngs since Tuesday, February 20, 2024, despite their representation that they have provided additional information.

9. The Youngs shall provide all information they want the court to consider to the court and the Coles.

10. To date, the Youngs have not complied with the court order.


IT IS ORDERED that:

Mr. Young will remain incarcerated until the money is transferred into the court registry or Mr. Merrit's trust account, or a full accounting of the funds has been provided by an agreed expert. The defendants are ordered to comply with all orders previously entered. Bond and conditions of release remain the same.

A review hearing will be held on Monday, March 3, 2024, at 9:00 a.m. in courtroom 403.



Judge Jacquelyn High-Edward 3/1/2024 11:12:46 AM

**DECLARATION OF SERVICE**

I, Cat Czako, certify that on February 27, 2024, I served a copy of this Order to:

[ x ]  E-Mail                          [ x ]  E-Mail
[ ]  US Mail                          [ ]  US Mail
[ ]  Hand Delivery                    [ ]  Hand Delivery
[ ]  _____          [ ]  _____

AUSTIN HATCHER                       MICHAEL RAYMOND MERRITT
11616 N Market St Unit 1090          422 W Riverside Ave Ste 1100
Mead, WA 99021-1837                  Spokane, WA 99201-0302
austin.f.hatcher@gmail.com           mmerritt@hawleytroxell.com

I certify under penalty of perjury pursuant to the laws of the State of Washington that the foregoing Statement is true and correct.

Date:  February 27, 2024

_____

Cat Czako, Judicial Assistant to
Jacquelyn M. High-Edward
Superior Court Judge



**SUPERIOR COURT OF
WASHINGTON
COUNTY OF SPOKANE**

LINDA and TED COLE

vs.

ERIC and SUSANANN YOUNG

**CASE NO. 23-2-04734-32**

**ORDER DENYING
RECONSIDERATION**

**[ ] Clerk's Action Required**

## I.  BASIS

Eric and Susanann Young moved the court to reconsider the February 2, 2024, order.

## II.  FINDING

After review of the reconsideration documents, the files, and records herein, and the previous orders entered in the above matter, there is good cause to deny the Motion for Reconsideration.

## III.  ORDER

IT IS ORDERED that the Motion for Reconsideration is DENIED.



Judge Jacquelyn High-Edward 3/1/2024 4:17:49 PM

**DECLARATION OF SERVICE**

I, Cat Czako, certify that on March 1, 2024, I served a copy of this Order to:

[ x ]  E-Mail                    [ x ]  E-Mail
[ ]  US Mail                     [ ]  US Mail
[ ]  Hand Delivery               [ ]  Hand Delivery
[ ]  _____     [ ]  _____

AUSTIN HATCHER                   MICHAEL RAYMOND MERRITT
11616 N Market St Unit 1090      422 W Riverside Ave Ste 1100
Mead, WA 99021-1837              Spokane, WA 99201-0302
austin.f.hatcher@gmail.com       mmerritt@hawleytroxell.com

I certify under penalty of perjury pursuant to the laws of the State of Washington that the foregoing Statement is true and correct.

Date:  March 1, 2024

_____
Cat Czako, Judicial Assistant to
Jacquelyn M. High-Edward
Superior Court Judge



**SUPERIOR COURT OF WASHINGTON COUNTY OF SPOKANE**

(Clerk's Date Stamp)

Petitioner: LINDA and TED COLE

vs.

Respondent: ERIC and SUSANN YOUNG

**CASE NO. 23-2-04734-32**

**ORDER ON REVIEW OF CONTEMPT**

**[x] Clerk's Action Required**
**NEXT HEARING: 3/13/24 @ 8:30 AM COURTROOM 403**

## I.     BASIS

The parties met on Monday, March 4, 2024, to discuss Eric Young's incarceration for civil contempt and progress with compliance with the court's order.  The parties met again on March 6, 2024, to discuss the same topic.

## II.     FINDINGS

1.   Just prior to the hearing on March 4, 2024, the court received updated documents including bank account information for Ms. Young's Woodforest account from October 21, 2023, until February 20, 2024, complete statements from the Bank of America (BOA) checking account (ending 2131) through February 26, 2024, and complete statements from the BOA business account (ending 9509).  Not included in the information was the Young's February 2024 Fidelity account statement.

25-80037-FPC    Doc 17    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 137 of 175

2. Mr. Young represented that he had a report from a CPA the Youngs hired. The court had not received that report as of the time of hearing on Monday, March 4, 2024.

3. There were still funds unaccounted at the time of the hearing.

4. At Mr. Young's request, the hearing was reset for Wednesday, March 6, 2024, at 1:30 p.m.

5. The court received the February 2024 Fidelity statement on March 4, 2024, at 4:34 p.m.

6. The court received an unsworn statement from CPA Ulisses Reynoso on March 4, 2024, at 4:50 p.m. This statement indicated that all the funds were accounted for, and that the CPA utilized CSV files which are easily alterable. There was also an attached excel spreadsheet with an accounting.

7. On Tuesday, March 5, 2024, at 8:27 p.m. the court received a second supplemental report from the agreed forensic investigator, Virginia Tate.

8. Reviewing all the provided material, the court finds that there are still funds unaccounted for. Specifically, on February 2, 2024, a transfer of $21,083.12 was withdrawn from the Fidelity Individual account (beginning Z-19) to a Fidelity 32072 FPRS account. This amount was not deposited into the BOA checking account (ending 2131), BOA business account (ending 9509) any other Fidelity account provided, or the Woodforest account. In addition, withdrawals of $7,950.00 and $3,500.00 were taken out of the BOA checking account on February 21, 2024. These amounts were not deposited into the BOA business account (ending 9509) or any other Fidelity account. The Woodforest account statement was not provided for February 21, 2024.

9. Through counsel, the Youngs stated that the $7,950.00 was given to their landlord for two months of advanced rent in anticipation of Mr. Young's incarceration. In addition, the $3,500.00 was taken out for personal expenses.

10. The Youngs continue to not provide adequate accounting information and $32,533.12 remains unaccounted for.

11. Counsel for the Youngs is on duty beginning tomorrow, Thursday, March 7, 2024, until Monday, March 11, 2024.  The court is out on a prescheduled appointment on Tuesday, March 12, 2024.

12. The court will continue to review any documentation provided as needed.  If the court determines that the funds have been accounted for through third-party statements from Fidelity, the Young's landlord, and themselves (about the $3,500.00), the court will send its preliminary decision to all parties and the Coles will have an opportunity to respond.

13. The Youngs remain intransigent in their behavior regarding the February 2, 2024, order and all subsequent orders.

IT IS ORDERED that:

Mr. Young will remain incarcerated until the final three transactions are accounted for through a statement from Fidelity, statement from the landlord, and sworn declaration with receipts from the Youngs about the $3,500.00 or the amount of $32,533.12 is deposited into Mr. Merrit's trust account.  The defendants are ordered to comply with all orders previously entered. Bond and conditions of release remain the same.

A review hearing will be held on Monday, March 13, 2024, at 8:30 a.m. in courtroom 403.

Judge Jacquelyn High-Edward 3/6/2024

**DECLARATION OF SERVICE**

I, Cat Czako, certify that on March 6, 2024, I served a copy of this Order to:

| | |
|---|---|
| [ x ]  E-Mail | [ x ]  E-Mail |
| [ ]  US Mail | [ ]  US Mail |
| [ ]  Hand Delivery | [ ]  Hand Delivery |
| [ ]  _____ | [ ]  _____ |

AUSTIN HATCHER  
11616 N Market St Unit 1090  
Mead, WA 99021-1837  
austin.f.hatcher@gmail.com

MICHAEL RAYMOND MERRITT  
422 W Riverside Ave Ste 1100  
Spokane, WA 99201-0302  
mmerritt@hawleytroxell.com

I certify under penalty of perjury pursuant to the laws of the State of Washington that the foregoing Statement is true and correct.

Date:  March 6, 2024

_____

Cat Czako, Judicial Assistant to  
Jacquelyn M. High-Edward  
Superior Court Judge

6        SUPERIOR COURT OF THE STATE OF WASHINGTON

7                    FOR SPOKANE COUNTY

8

| LINDA COLE and TED COLE, | Case No. 23-2-04734-32 |
|---|---|
| Plaintiffs, | |
| vs. | **PLAINTIFFS' OPPOSITION TO MOTION TO VACATE ORDER ON CONTEMPT** |
| ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG, | |
| Defendants. | |

Plaintiffs, Linda and Ted Cole, by and through their counsel of record, Michael R. Merritt of Hawley Troxell Ennis & Hawley, LLP, hereby submit this Opposition to Motion to Vacate Order on Contempt.

## I.   STATEMENT OF FACTS

On November 7, 2023, a temporary restraining order was ordered by this Court enjoining Defendants from spending or otherwise disposing of the $362,012.66 they wired from the Plaintiffs' bank account to their own bank account in October 2023. On November 7, 2023, Defendants represented that had already spent $82,000 of the $362,012.66 that had been obtained from Plaintiffs' account. The temporary injunction was clear that Defendants were not to spend any more of the money in dispute in this matter. The order for temporary injunction was renewed

**PLAINTIFFS' OPPOSITION TO**
**MOTION TO VACATE**
**ORDER ON CONTEMPT**
- 1

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

1  at subsequent hearings until a motion for preliminary injunction could be heard on February 2,
2  2024.

3      On February 2, 2024, this Court entered an order granting Plaintiffs' Motion for
4  Preliminary Injunction and ordering Defendants to present a cashier's check to Plaintiffs' counsel
5  in the amount of the money remaining from the $362,012.66 that was transferred out of Plaintiffs'
6  accounts. That amount was expected to be approximately $280,012.66, as Defendants represented
7  to the Court that they had spent approximately $82,000.00. Additionally, the Defendants were
8  ordered to provide an accounting for the $82,000 they had already spent. Thereafter, Defendants
9  failed and refused to provide the funds to Plaintiffs' counsel for deposit into Plaintiffs' counsel's
10  trust account. Defendants also refused to provide the ordered accounting. Accordingly, a Motion
11  for Contempt Sanctions was filed by Plaintiffs.
12

13      Through several hearings related to the Motion for Contempt Sanctions, Defendants further
14  refused multiple times to comply with orders of the Court to provide financial information related
15  to the disputed funds, an accounting of the funds, and to provide the remaining disputed funds for
16  deposit into Plaintiffs' counsel's trust account. The Defendants were found in contempt by the
17  Court, and were sanctioned by the Court for their willful non-compliance with the Court's orders;
18  these sanctions took the form of fines and orders to pay the Plaintiffs' attorney fees. These
19  sanctions had no effect and Defendants remained defiant and refused to comply with the Court's
20  orders. Defendants refused to testify under oath in defense of their actions in Court proceedings
21  and were evasive and untruthful when asked direct questions by the Court about the whereabouts
22  of the remaining disputed funds, and the deficiencies in the production of the Defendants' account
23  statements and other financial disclosures the Court had required the Defendants to make.
24
25
26

27  **PLAINTIFFS' OPPOSITION TO**
    **MOTION TO VACATE**
28  **ORDER ON CONTEMPT**
    - 2

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

Over several hearings, and after fining the Defendants more than once did not bring about compliance with its orders, the Court incarcerated Eric Young on a civil bench warrant to bring about compliance with its orders. Thereafter, the Defendants began to provide bank statements and spreadsheets, but even then, the spreadsheets contained an incomplete accounting and what appeared to be a clear and calculated effort to make it look like they were complying with the Court's orders, but in true purpose, to obfuscate the truth of where the disputed funds were located. Eventually, through the financial disclosures, it became apparent that Defendants had been spending the disputed funds that were the subject of the injunction (and before that the temporary injunction) since the first injunction order was issued by the Court in November. Additionally, significant expenditures, such as the purchase of a RV for approximately $82,000 occurred after the February 2, 2024 order was issued by the Court. In summary, the Defendants willfully ignored the Court and violated the Court's orders repeatedly from November 2023 to February 2024.

Due to incomplete productions of financial information, lack of compliance with Court orders, evasive and false answers to the Court's questions and clear efforts to hide information from the Court, a forensic accountant and fraud examiner was hired at the Youngs' request to review the information they had produced and trace the disputed funds. Through this review, the accountant and fraud examiner (Virginia Tate) found irregular and deceptive practices in the manner in which the funds were being held and transferred among the Defendants' multiple accounts. Ms. Tate also found that not all of the disputed funds had been accounted for in the information provided by the Defendants. The Court at the most recent hearing on March 6, 2024, in review of Defendants compliance with its orders, required defendant to make further disclosures in an effort to account for the disposition of the disputed funds. These ordered disclosures are outstanding and another hearing to review Defendants' compliance has been scheduled for March

PLAINTIFFS' OPPOSITION TO
MOTION TO VACATE
ORDER ON CONTEMPT
- 3

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

1  13, 2024, to review the contempt order and Defendants' further compliance with the Court's

2  orders. For this reason, the current motion is premature as the Court identified in the March 6,

3  2024 hearing that the story offered by Defendants changes each time the Court interacts with the

4  Defendant and further efforts at an accounting are necessary.

5  The Defendants claim they have fully complied with the Court's order and the incarceration

6  is now punitive rather than aimed at encouraging compliance with the court's orders. This is from

7  individuals whose credibility is rightly considered very poor given the number of times they have

8  hid information, violated court orders and lied to the court in hearings. Defendants are a very poor

9  source of credible evidence in this case. Their claims of compliance with the Court's orders at this

10  stage cannot be the basis of an order from this Court vacating the prior contempt order.

11  ## II.    LEGAL AUTHORITY

12  The power of a Court to find parties in contempt of court and issue sanctions is based in

13  statute. RCW 7.21.020. Included in the definition of contempt of court is "disobedience of any

14  lawful judgment, decree, order, or process of the court" and "refusal, without lawful authority, to

15  produce a record, document, or other object." RCW 7.21.010(1)(b) and (d). The Court may initiate

16  impose a remedial sanction on the motion of a person aggrieved by a contempt in the proceeding

17  to which the contempt is related. RCW 7.21.030(1).

18  The Court, upon a finding that a person has failed or refused to perform an act that is yet

19  within the person's power to perform, may find that person in contempt of court and (a) imprison

20  that person only so long as it serves a coercive purpose, (b) order a forfeiture of up to two thousand

21  dollars for each day the contempt continues, (c) issue an order designed to ensure compliance with

22  a prior order of the court; or (d) any other remedial sanction.   RCW 7.21.030(2).

**PLAINTIFFS' OPPOSITION TO
MOTION TO VACATE
ORDER ON CONTEMPT**
- 4

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

1   Additionally, the Court may order a person found in contempt to pay a party for any losses

2   suffered by the party as a result of the contempt and any costs incurred in connection with the

3   contempt proceeding, including reasonable attorney's fees. RCW 7.21.030(3).

4       Civil contempt and remedial sanctions are appropriate for intentional disobedience of any

5   lawful court order to coerce performance with the order when a person has failed to comply when

6   compliance is in their power. *Gronquist v. Dep't of Corrections,* 196 Wash.2d 564, 569-70, 475

7   P.3d 497 (2020). This clearly describes the scenario presented by this case.

8

9   **III.   ARGUMENT**

10      Defendants intentionally disobeyed a direct order from this Court, issued first in November

11  2023 and then finalized into a preliminary injunction order on February 2, 2024. Even after

12  multiple hearings on the Motion for Contempt, the Defendants were still intentionally violating

13  Court orders in the face of being found in contempt and being sanctioned with fines. It took the

14  extreme sanction of incarceration to bring about any true measure of compliance with the Court's

15  orders. Even after Eric Young was incarcerated, the Defendants came to court with a different

16  story, with more partial financial disclosures, and more misdirection with regard to the location of

17  the disputed funds. Even at the most recent hearing on March 6, 2024, the Court had further

18  questions not answered regarding the inadequate financial disclosures made by Defendants and

19  the inadequate accounting of the disposition of the disputed funds. This is why Mr. Young is still

20  incarcerated; to coerce compliance with the Court's orders. Defendants have argued several times

21  over multiple hearings that the contempt order and the incarceration are punitive, all the while they

22  misdirect, hide financial information and essentially like to the Court. As such, the Defendants'

23  argument regarding the current contempt sanction being punitive lacks any credibility.

24  Accordingly, with the Court's questions still unanswered and the Defendants' disclosures and

25

26

27  **PLAINTIFFS' OPPOSITION TO**
    **MOTION TO VACATE**
28  **ORDER ON CONTEMPT**
    - 5

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

accounting still incomplete, Defendants' argument that the continued contempt sanctions have become punitive is unfounded. If the sanction were simply punitive and Defendants had complied with the orders of the Court, Mr. Young would not still be incarcerated.

## IV.    RELIEF REQUESTED

Plaintiffs respectfully request that the Court deny Defendsnts' Motion to Vacate its Order on Contempt unless and until it decides that compliance with the Court's orders is full and complete.

Respectfully submitted this 7th day of March, 2024.

HAWLEY TROXELL ENNIS & HAWLEY, LLP

Michael R. Merritt, WSBA No. 60094
422 W. Riverside Ave., Suite 1100
Telephone:    509.624.5265
Facsimile:    509.458.2728
E mail:    mmerritt@hawleytroxell.com
Attorneys for Plaintiffs

**PLAINTIFFS' OPPOSITION TO**
**MOTION TO VACATE**
**ORDER ON CONTEMPT**
- 6

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of March, 2024, I caused to be served a true copy of the foregoing by the method indicated below, and addressed to each of the following:

Hatcher Law, PLLC
Austin F. Hatcher
11616 N. Market St., #1090
Mead, WA 99021

austin@hatcherlawpllc.com

☐ U.S. Mail, Postage Prepaid
☐ Hand Delivered
☐ Overnight Mail
☑ E-mail
☐ Facsimile

_____
Jessie Smylie, Legal Assistant

63811.0001.16910665.1

PLAINTIFFS' OPPOSITION TO
MOTION TO VACATE
ORDER ON CONTEMPT
- 7

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265



**SUPERIOR COURT OF
WASHINGTON
COUNTY OF SPOKANE**

Petitioner: LINDA and TED COLE

vs.

Respondent: ERIC and SUSANN YOUNG

**CASE NO. 23-2-04734-32**

**ORDER ON REVIEW OF
CONTEMPT**

**[x] Clerk's Action Required
NEXT HEARING: 3/15/24 @ 8:30
AM COURTROOM 403**

I.     BASIS

The parties met on Wednesday, March 13, 2024, to discuss Eric Young's incarceration for civil contempt and progress with compliance with the court's order.

II.     FINDINGS

1.   At the hearing, the court was presented with a declaration from the property manager for the Young's rental home, Sarah Wood, attesting that she accepted $7,950.00 from the Youngs and applied it to their rent.  The court was also presented with a declaration from Ms. Young that she discovered $3,500.00 in cash in her husband's truck and that he said it was to be used for household expenses.

2.   The court was also in receipt of the Youngs' Fidelity 401k account from October 16, 2023, until March 1, 2024.  This indicated that on February 2, 2024, Mr. Young transferred

$21,083.12 from his Fidelity individual account (starting Z-19) to pay off one of his 401k loans (ending 32072). He then took out another 401k loan for $24,000.00 on February 23, 2024. Mr. Young testified that this loan was at home in cash and was designated to help fund a defense. The court finds that $21,083.12 of February 23, 2024, 401k loan originated with the money that was covered by the injunction.

3. The Youngs remain intransigent in their behavior regarding the February 2, 2024, order, and all subsequent orders. Everything the court requested on February 2, 2024, was within their control and possession and they have refused to be transparent and provide a complete and honest accounting of the funds. It has only been through persistent hearings that we have arrived at the truth, 40-days after the original order and 40-days after the Youngs, who possessed all the information on February 2, 2024, finally provided the last of the information. Their actions have been willful and unconscionable and have caused the court, the Coles and themselves a great deal of time.

IT IS ORDERED that:

Mr. Young will remain incarcerated until he either endorses the check for $24,000.00 to Mr. Merritt and it is delivered to Mr. Merritt's office or delivers $24,000.00 in cash or cashier's check to Mr. Merritt's office.

The Coles are awarded attorney fees and costs for all hearings since February 2, 2024. They shall submit their cost bill within 10 days. The Youngs will have 10 days to respond, and the court will enter a written ruling.

A review hearing will be held on Friday, March 15, 2024, at 8:30 a.m. in courtroom 403.

Judge Jacquelyn High-Edward 3/13/2024

**DECLARATION OF SERVICE**

I, Cat Czako, certify that on March 13, 2024, I served a copy of this Order to:

[ x ]  E-Mail                                    [ x ]  E-Mail
[ ]  US Mail                                     [ ]  US Mail
[ ]  Hand Delivery                               [ ]  Hand Delivery
[ ]  _____                     [ ]  _____

AUSTIN HATCHER                                   MICHAEL RAYMOND MERRITT
11616 N Market St Unit 1090                      422 W Riverside Ave Ste 1100
Mead, WA 99021-1837                              Spokane, WA 99201-0302
austin.f.hatcher@gmail.com                       mmerritt@hawleytroxell.com

I certify under penalty of perjury pursuant to the laws of the State of Washington that the foregoing Statement is true and correct.

Date:  March 13, 2024

_____
Cat Czako, Judicial Assistant to
Jacquelyn M. High-Edward
Superior Court Judge

FILED
Court of Appeals
Division III
State of Washington
4/10/2024 1:40 PM

COURT OF APPEALS, DIVISION III
OF THE STATE OF WASHINGTON

**ERIC AND SUSANANN YOUNG,**

*Defendants-Appellants*

**V.**

**LINDA AND TED COLE**

*Plaintiffs-Appellees,*

On Appeal from the Superior Court
Of the County of Spokane
No. 23-2-04734-32

**Appellees' Response to Motion for Discretionary Review**

MICHAEL R. MERRITT
Attorney for Appellees
Paine Hamblen, P.S.
717 W. Sprague Ave, Suite 1200
Spokane, WA 99201
(509) 455-6000
mrm@painehamblen.com

**CONTENTS**

I.   Statement of Case……………………………………3

II.   Argument………………………………………………9

   A. Authority Regarding Injunction……………………9

   B. Authority Regarding Discretionary Review………12

III.   Conclusion……………………………………………16

IV.   Appendix A

**Cases**

*National Grange of Order of Patrons of Husbandry v. O'Sullivan Grange No.* 1136,
35 Wash. App. 444, 454, 667 P.2d 1105, 1111 (1983)……...10

*Washington Federation of State Employees, Counsel 28, AFL-CIO v. State,*
99 Wash.2d 878, 888, 665 P.2d 1337, 1343 (1983)……...…10

*Northwest Gas Ass'n v. Washington Utilities Transportation Comm'n,*
141 Wash.App. 98, 115-116, 168 P.3d 443, 453 (2007)...…11

*Minehart v. Morning Star Boys Ranch, Inc.*,
156 Wn. App. 457, 462, 232 P.3d 591, 593 (2010)………12, 13

*Maybury v. City of Seattle*,
53 Wn.2d 716, 721, 336 P.2d 878 (1959)…………………….12

*State v. Howland*,
180 Wn. App. 196, 204-205, 321 P.3d 303, 307 (2014)…13, 14

*In re Dependency of N.G.*,
199 Wn.2d 588, 595-596, 510 P.3d 335, 340 (2022)……...…14

1

**Statutes**

RCW 7.40.020……………………………………………..………9

**Rules**

CR 65……………………………………………………..……9
RAP 2.3(b)……………………………………………………12
RAP 2.3(b)(2)………………………………………….……13, 14

## I.   Statement of Case

This case involves claims of conversion and fraud by Respondents, Ted and Linda Cole against Appellants, Eric and Susan Young. *See Verified Complaint, Appendix A* 001-009.  The Coles allege that through fraudulent means, the Youngs stole $362,012.66 from them.  The Youngs had stolen the money and a large part of it was very soon to be used in a real estate purchase by the Youngs.  Therefore, after filing their Complaint, the Cole's filed a Motion for a Temporary Restraining order seeking to freeze the money at issue and prohibit the Youngs from purchasing a house with it, or otherwise spending or disposing of the money until the current action is resolved.  The Motion was supported by two declarations made by Linda Cole and a Declaration by Matthew Anderson.  *See Declaration and Supplemental Declaration of Linda Cole, Appendix A* 010-031*; see also Declaration of Matthew Anderson, Appendix A* 032-040.  The Motion for the TRO was granted by the Court on November

7, 2023, thereby freezing the money in dispute and halting the purchase of a house with the disputed money.

The Youngs made an appearance at the TRO hearing on November 7, 2023, but sought only a continuance to hire counsel; they refused to go under oath at that time to rebut the allegations made under oath by Plaintiffs. Two subsequent hearings were scheduled by the Court, but the Youngs' and their counsel were not ready to proceed in response to the motion and therefore the TRO remained in place until February 2, 2024, when a hearing for a Preliminary Injunction was heard along with the Youngs' Motion to Dismiss the Complaint. The Motion to Preliminary injunction was granted and the Youngs' Motion to Dismiss denied. *See Order on Preliminary Injunction, Appendix A* 041-042*; see also Hearing Transcript with the Trial Court's Findings at Appendix A* 071-074. At the hearing on the Motion for Temporary Restraining Order and later during the hearing for Preliminary Injunction, the Youngs represented to

the Court that they had already spent $82,000 of the over $362,000 at issue. As such, the Court, on February 2, 2024, ordered that the Youngs were enjoined from spending any more of the disputed money, and by February 6, 2024, the Youngs were to give the unspent money at issue (approximately $280,000) to the Coles' attorney to deposit into his firm trust account until the claims in this action were resolved. The Youngs were also to provide an accounting of the approximate $82,000 they had already spent.

The Youngs failed and refused to comply with any part of by the Order for Preliminary Injunction. Accordingly, the Coles filed a Motion for Contempt Sanctions. On February 14, 2024, the Court issued its first contempt order making contempt findings and requiring the Youngs to transfer the unspent money to the Coles' attorney's trust account and to provide an accounting of the money spent within 24 hours. *See First Contempt Order, Appendix A* 087-089. At a subsequent contempt review hearing on February 20, 2024,

the Youngs appeared further refusing to comply with the Court's orders to compel the accounting and providing the unspent and disputed funds to the Coles' attorney to be held in trust. *See Second Contempt Order, Appendix A* 090-092. At three subsequent hearings were held where it was learned through the process of the Court compelling information from the Youngs that after the TRO was ordered on November 7, 2023, the Youngs continued to spend the money at issue in this case for living, vacations, and other personal expenses. During this time, the Court had ordered the Youngs to produce bank statements for the Court to determine the location and amount of the unspent funds. Through these compelled disclosures it was learned that after the Preliminary Injunction was ordered, on the day of the first contempt order was issued, February 14, 2024, the Youngs used the disputed money to purchase a 43.5 ft. fifth wheel RV for $82,000. The Youngs, at these hearings repeatedly provided incomplete information, refused to provide all of

their bank statements, and made evasive, contradictory, and false statements about the existence and location of the disputed finds. After several refusals to provide complete financial information to the Court and coming to Court with a different story every time they appeared, the Court swore out a civil bench warrant for Eric Young and jailed him until he made a full accounting of the where the $362,012.66 went after it was fraudulently transferred into the Youngs' bank account. *See Third, Fourth and Fifth Contempt Orders, Appendix A* 093-100.

At or about this time, the Youngs returned $119,688.04 of the disputed money to the Coles with a cashier's check but claimed that the rest of the money was gone. The Youngs continued to refuse to be forthcoming and truthful at hearings, which occurred while Mr. Young was jailed. A new bank or investment account was discovered at almost every contempt review hearing. Through several further hearings and the work and reporting of a forensic accounting and fraud

investigator, the Youngs' financials were investigated, and when the Court was satisfied the money was accounted for, she ordered the release of Eric Young. The Court ordered that the $82,000 RV be locked and kept safe until the resolution of the action. The Court also found that the Youngs had drawn $24,000 out of a 401(k) investment account after the Youngs had used the disputed money to pay off a prior 401(k) loan. The Court also ordered that the $24,000 be turned over to the Coles' attorney to be placed in the firm trust account until the resolution of this case. To date, the Youngs' claim they spent approximately $136,314.62 of the disputed funds in the 4 months from October 2023 to the end of February 2024. This money is unaccounted for as it was either hidden by the Youngs and not yet found, or it was spent by the Youngs in violation of the Court's TRO and Preliminary Injunction. The Court issued a release order for Eric Young on March 13, 2024.

Currently, the Youngs are not under any order to produce further money or financials. There are no issues related to the injunction left for the Court to decide or other issues related to contempt for non-compliance with the court orders that are before the Court. As such, this request for discretionary review is moot.

## II.    Argument

### A.    Authority Regarding Injunction

RCW 7.40.020 provides:

> "When it appears by the complaint that the plaintiff is entitled to the relief demanded and the relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce great injury to the plaintiff; or when during the litigation, it appears that the defendant is doing, or threatened, or is about to do, or is procuring, or is suffering some act to be done in violation of the plaintiff's rights respecting the subject of the action tending to render the judgment ineffectual; or where such relief, or any part thereof, consists in restraining proceedings upon any final order or judgment, an injunction may be granted to restrain such act or proceedings …" *See also,* CR 65.

9

That standard is met where the party seeking the injunction has clear legal or equitable rights, where there is a well-grounded fear of immediate invasion of that right by the one against whom the injunction is sought, and where the acts complained of are either resulting or will result in actual and substantial injury. *National Grange of Order of Patrons of Husbandry v. O'Sullivan Grange No.* 1136, 35 Wash. App. 444, 454, 667 P.2d 1105, 1111 (1983).

A party seeking injunctive relief must show: (1) that it has a clear and equitable and legal right; (2) that it has a well-grounded fear of immediate invasion of that right by the one against whom the injunction is sought; and (3) that the acts complained of will result in actual and substantial injury to the party seeking the injunctive relief. *Washington Federation of State Employees, Counsel 28, AFL-CIO v. State,* 99 Wash.2d 878, 888, 665 P.2d 1337, 1343 (1983). A party seeking injunctive relief "need not prove...the merits of the issues" underlying the above requirements for injunctive relief so long

as the party establishes the likelihood that it will prevail on the merits. *Northwest Gas Ass'n v. Washington Utilities Transportation Comm'n,* 141 Wash.App. 98, 115-116, 168 P.3d 443, 453 (2007). A Temporary Restraining Order is properly granted to preserve the status quo to facilitate meaningful judicial review. *Id.*

Plaintiffs allege under oath in their verified Complaint and supporting Declarations that Defendants have, by fraud and deceptive means, converted Plaintiffs' money and Defendants have used it for their own purposes and benefit. There was some urgency with Plaintiffs' requested restraining order as Plaintiffs were informed that Defendants had used a significant amount of the converted funds to pay into escrow for the purchase of a house, the sale of which was originally supposed to close by November 10, 2023. As such, Plaintiffs sought an order from the trial court demanding Defendants show cause why a restraining order stopping the sale of the home and freezing Defendants' Bank of America account

(shown as the beneficiary account on the wire transfer form) should not be issued.

## B.  Authority Regarding Discretionary Review

Appellant seeks discretionary review of a trial court decision related to an injunction and contempt sanctions. First it should be noted that interlocutory review is disfavored. *Minehart v. Morning Star Boys Ranch, Inc.*, 156 Wn. App. 457, 462, 232 P.3d 591, 593 (2010) (citing *Maybury v. City of Seattle*, 53 Wn.2d 716, 721, 336 P.2d 878 (1959)).  Washington Appellate Courts have held that piecemeal appeals of interlocutory orders must be avoided in the interest of the judicial economy. *Id.*  "Interlocutory review is available in those rare instances where the alleged error is reasonably certain and its impact on the trial manifest." *Id.*

RAP 2.3(b) defines four situations in which an appellate court *may* grant pretrial review.  *Minehart v. Morning Star Boys Ranch, Inc.*, 156 Wn. App. 457, 462, 232 P.3d 591, 593 (2010)

12

As the basis for their request for discretionary review, Appellant cites RAP 2.3(b)(2) as the basis of their request; this Rule provides:

"Except as provided in section (d), discretionary review may be accepted only in the following circumstances:

(1) …

(2) The superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act; …"

A trial court commits "probable error" when it abuses its discretion. *State v. Howland*, 180 Wn. App. 196, 204-205, 321 P.3d 303, 307 (2014). A court abuses its discretion when its decision is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. A discretionary decision rests on "untenable grounds" or is based on "untenable reasons" if the trial court relies on unsupported facts or applies the wrong legal standard. *Id.* A court's decision is "manifestly unreasonable" if despite applying the correct legal standard to the supported facts, the court adopts a view that no reasonable person would take. *Id.*

25-80037-FPC    Doc 17    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 164 of 175

Moreover, even if the trial court abused its discretion, Appellants are not entitled to discretionary review unless they can show that the trial court's decision "substantially alters the status quo or substantially limits the freedom of a party to act." RAP 2.3(b)(2). *State v. Howland*, 180 Wn. App. 196, 206, 321 P.3d 303, 308 (2014).

In defining what it means to substantially alter the status quo, or substantially limit the freedom to act, courts have held that the court's decision must have an immediate effect outside the courtroom and that the decision does not merely alter the status of the litigation itself. *In re Dependency of N.G.*, 199 Wn.2d 588, 595-596, 510 P.3d 335, 340 (2022).

Here, the record is clear that Appellants were alleged to have stolen $362,052.66 from Respondents by fraud. Appellants never provided any testimony under oath or other competent evidence in response to the sworn testimony and evidence offered by Plaintiffs in support of their motion for preliminary injunction. The trial court found that the injunction

requested by Plaintiffs was well-founded by the evidence before the Court. Given the allegations made and proof before the Court, it cannot be persuasively argued that the Court erred in its decision to order the injunction freezing the money in dispute to protect it until the claims between the parties were resolved.

Appellants were willfully noncompliant with the trial court's orders and were sanctioned until compliance could be reached. The Appellants' willful noncompliance was documented by the trial court's numerous orders included in the Appendix of Exhibits and cited above. If Appellants are to be believed, there is nothing remaining of the money they obtained by fraud. One cannot persuasively argue that the Court's decisions in this regard were manifestly unreasonable or an abuse of discretion.

Further, the Court's order of an injunction freezing the $362,012.66 did not "substantially alter the status quo or substantially limit the freedom of [Appellants] to act" as the money at issue was not Appellants' money. Appellants never

disputed that the money belonged to the Respondents in the proceedings before the trial court. Essentially, the injunction would have deprived Appellants of money that was not their money anyway. Additionally, the injunction did not deprive the Appellants of the money because they spent most of it in violation of the injunction. As such, it cannot be said that the injunction order had "an immediate effect outside the courtroom."

### III. Conclusion

Based on the forgoing, Appellants Motion for Discretionary Review should be denied.

This document contains 2284 words excluding the portions of the document exempted by RAP 18.17.

Respectfully submitted,

*/s/ Michael R. Merritt*
Michael R. Merritt, WSBA #60094
Attorney for the Appellees
717 W. Sprague Ave, Suite 1200
Spokane, WA 99201
mrm@painehamblen.com

CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2024, I electronically filed the foregoing with the Clerk of the Court using the Washington State Appellate Court's Secure Portal, which sends a copy of uploaded files and a generated transmittal letter to active parties on the case. The generated transmittal letter specifically identifies recipients of electronic notice.

DATED this 10th day of April 2024 at Spokane, Washington

*/s/ Michael R. Merritt*
Michael R. Merritt, WSBA #60094
Attorney for the Appellees
717 W. Sprague Ave, Suite 1200
Spokane, WA 99201
mrm@painehamblen.com

# APPENDIX A

COPY

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR SPOKANE COUNTY

25 2 U 4 7 5 4 - 32

LINDA COLE and TED COLE,

    Plaintiffs,

    vs.

ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG,

    Defendants.

Case No.

**VERIFIED COMPLAINT FOR FRAUD, CONVERSION AND INJUNCTIVE RELIEF**

Plaintiffs, LINDA COLE and TED COLE, by and through their attorneys of record, the

Michael R. Merritt of Hawley Troxell Ennis & Hawley, LLP, for their Complaint for Fraud,

Conversion and Injunctive Relief against the above-named Defendants, complains and alleges as

follows:

### I. PARTIES

1.    Ted Cole is over 80 years of age and is married to Linda Cole and is a resident of

Baker City, Oregon.

2.    Linda Cole is 79 years of age and is married to Ted Cole and is a resident of Baker

City, Oregon.

3.    Eric Young is married to Susanann Young and is the son-in-law of Plaintiffs. He

is a resident of Spokane, Washington.

**VERIFIED COMPLAINT FOR FRAUD, CONVERSION AND INJUNCTIVE RELIEF- 1**

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

4.  Susanann Young is married to Eric Young and is the daughter of Plaintiffs. She is a resident of Spokane, Washington.

## II.  JURISDICTION AND VENUE

5.  This action involves the conversion/theft of Plaintiffs' money through fraudulent wire transfers by Defendants. The money that was stolen is being used by Defendants to buy a house located at 1004 E. Golden Ct., Spokane, Washington, and the purchase of the house is pending. The claims in the complaint also involve the conversion of Plaintiffs' personal property by Defendants. The acts by the parties that are described in this Complaint occurred in Spokane, Washington.

6.  By this Complaint, Plaintiffs seek to stop the purchase of the house with the converted funds and compel the return of the funds and personal property converted by Defendants.

7.  The personal property converted by Defendant is currently located in Spokane, Washington, and the illegal acts to accomplished the conversion of the funds occurred in Spokane, Washington.

8.  Upon information and belief, the funds converted by Defendants are in an escrow account held by a title co. and in Defendants bank account, both located in Spokane, Washington.

9.  The residential property Defendants are attempting to purchase with the converted funds is located in Spokane, Washington.

10.  As such, pursuant to RCW 4.12.020, Spokane County, Washington is the proper venue, and the Spokane County Superior Court has jurisdiction over this dispute.

## III.  GENERAL ALLEGATIONS

11.  Defendants sought the agreement with Plaintiffs to fund the down payment for a house Defendants wanted to purchase that was located at 1004 E. Golden Ct., Spokane, WA.

VERIFIED COMPLAINT FOR FRAUD, CONVERSION
AND INJUNCTIVE RELIEF- 2

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

Plaintiffs agreed to provide $180,000 to Defendants for the down payment with the requirement that Plaintiffs names be placed on the title of the home and reflected as co-owners of the property with Defendants.

12. Additionally, as part of the agreement between the parties, Plaintiffs were to be borrowers on the loan for the house and were to move into the house with Defendants after the purchase.

13. Through the purchase process for the Golden Ct. house, Plaintiffs were informed by Defendants that the $180,000 down payment was required to be transferred by wire transfer to a bank in Spokane, WA. Plaintiffs agreed the funds would be transferred to their bank account that could be accessed at a branch in Spokane, WA.

14. Through fraudulent and deceptive means, Defendants obtained a wire transfer request from Plaintiffs in the amount $242,334.62, and arranged to have the money transferred to an account held by Defendants.

15. Additionally, without Plaintiffs' permission or authorization, Defendant obtained a second wire transfer of $119,718.04 from a second credit union account held by Plaintiffs through deceptive means and deposited that money into an account held by Defendants.

16. Defendants, with the illegally obtained funds, are proceeding with the purchase of the Golden Ct. home. However, Defendants have refused to place Plaintiffs' names as owners on the title of the home as previously agreed, and Plaintiffs have been excluded from the lending process and are not named as borrowers on the prospective home loan.

17. The sale of the Golden Ct. home is currently pending and upon information and belief, some of the illegally obtained funds have been placed in escrow as a down payment for the home, and some of the funds are being held in Defendants bank account.

**VERIFIED COMPLAINT FOR FRAUD, CONVERSION AND INJUNCTIVE RELIEF- 3**

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

## IV. FIRST CAUSE OF ACTION
### (Fraud)

18.     Plaintiffs repeat and reallege the allegations in 1-17 of the Complaint as though fully set forth herein.

19.     Defendants asked Plaintiffs to contribute $180,000 for a down payment for the purchase of a house located at 1004 E. Golden Ct., Spokane, Washington, in exchange for the $180,000, Defendants promised Plaintiffs would be granted ownership in the house, would be borrowers on the home loan and would be permitted to live in the home.

20.     For their plan to obtain funds by deceptive means, Defendants first created a false urgency by presenting to Plaintiffs a false time limitation in which to sign a wire transfer form for the transfer the $180,000 from Plaintiffs' credit union account located in Baker City, Oregon to an agreed upon bank account held by Plaintiffs with a branch in Spokane, Washington.

21.     In a rush, Defendants urged Plaintiff, Linda Cole, to a postal annex in Spokane where a notary was located in to sign the wire transfer form. Plaintiff was told by Defendants to sign two one page documents, each having a signature line. No other documents or pages of documents were given to Plaintiff to review at the time of the signing.

22.     Not being permitted to review all pages of the wire transfer forms, Plaintiff, Linda Cole, was urged to and did sign both documents, which were the signature pages for two wire transfers, one in the amount of $242,334.62 and the other in the amount of $119,718.04. Both transfers were made into Defendants bank account, not Plaintiffs' account as agreed.

23.     After Plaintiffs were aware of the transfers of all of the funds from their account, Plaintiffs contacted the realtor handling the house purchase for Defendants to determine if the realtor had instructions to place Plaintiffs names on the house title as owners and Plaintiffs were informed that they did not have any such instructions from Defendants. Defendants have failed

VERIFIED COMPLAINT FOR FRAUD, CONVERSION
AND INJUNCTIVE RELIEF- 4

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

and refused to agree to place Plaintiffs' names on the title of the Golden Ct. house as co-owners of the property.

24.     Defendants promised an ownership interest in a home in Spokane, Washington to Plaintiffs in exchange for funds to put toward a down payment. At the time this promise was made by Defendants, they knew it was false. The Defendants intent from the beginning was to obtain all of Plaintiff's funds in their account by deceptive and fraudulent means and for the Defendents' gain.

25.     Plaintiffs relied on Defendants' promises and did not know of Defendants' plan to obtain all of the money in Plaintiffs' bank account, not just the agreed upon $180,000.

26.     As a result of Defendants' misrepresentations, Plaintiffs have been damaged in the amount of $362,052.66.

27.     Plaintiffs were required to retain an attorney and have incurred attorney's fees and litigation costs in pursuing its claims in this action and will petition the Court for repayment of its fees and costs at the termination of this action.

## V.     SECOND CAUSE OF ACTION
### (Conversion)

27.     Plaintiffs repeat and reallege the allegations in 1-27 of the Complaint as though fully set forth herein.

28.     Defendants, without the permission or authority or Plaintiffs, illegal and through deceptive means, obtained funds solely owned and possessed by Plaintiffs, thereby depriving Plaintiffs of these funds.

29.     Defendants, through false statements and deceptive means as alleged above in this Complaint, obtained over $362,052.66 of Plaintiffs' money by theft. The money was converted and used by Defendants to purchase a house located in Spokane, Washington, and for other

**VERIFIED COMPLAINT FOR FRAUD, CONVERSION AND INJUNCTIVE RELIEF- 5**

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265