**IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON,**
**IN AND FOR THE COUNTY OF SPOKANE**

| | | |
|---|---|---|
| LINDA COLE and TED COLE,<br><br>Plaintiffs,<br><br>vs.<br><br>ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 23-2-04734-32<br><br>**PLAINTIFFS' FIRST SET OF REQUEST FOR ADMISSIONS** |

TO: Defendants, Eric and Susan Young

These are Requests for Admission served upon you in accordance with the State of Washington Superior Court Civil Rules. Please respond to each of the following requests separately and fully under oath within 30 days after the service of the request or within 40 days after service of the summons and complaint.

Please deliver your complete answers to the law offices of THE MERRITT LAW FIRM, PLLC, 1324 N. Liberty Lake Rd., #2151, LIBERTY LAKE, WA 99019. These discovery requests impose a continuing duty upon you to furnish the information requested after providing your initial answers and responses.

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2152
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 1 of 100

These requests for admission are directed to the above-named party or parties and to their attorneys, and extend to all information of said party or parties, their attorney, their liability insurers, and their attorneys' and liability insurers' agents.

In transcribing your responses to these requests, room for them has been provided after each request. If there is insufficient room, please attach supplemental pages. If it would be more convenient for you to complete your answers and responses in the electronic version of this file, upon request the file will be provided via email.

If you do not admit or deny a matter, you must set forth in detail pursuant to the Civil Rules the reasons why you cannot truthfully admit or deny the matter. If an objection is made to any request for admission, you must set forth in detail pursuant to the Civil Rules the reasons why you cannot truthfully admit or deny the matter. If an objection is made to any request for admission, you must set forth in detail pursuant to the Civil Rules the reason and basis for the objection.

## <u>REQUEST FOR ADMISSIONS</u>

**REQUEST FOR ADMISSION NO. 1:**

Admit that you caused the wire transfer of $362,052.66 from the Plaintiffs' bank account to your bank account in October 2023.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**

Admit that you purchased a female Pomeranian dog called "Tina" with red sable markings with the specific purpose of giving the animal to Linda Cole as a gift.

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2151
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**

Admit that Plaintiff's did not approve a transfer in the amount of $362,052.66 from their account to your account.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**

Admit that you spent funds frozen by the Court's temporary restraining order of 11/7/23 after the order was issued and entered.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**

Admit that you purchased a fifth wheel trailer for an amount exceeding $82,000 after the February 2, 2024 preliminary injunction was ordered.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**

Admit that you did not apply to Quicken Loans for a mortgage for the purchase of tha house located at 1004 E. Golden Ct., Spokane, WA.

**RESPONSE:**

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2151
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 3 of 100

**REQUEST FOR ADMISSION NO. 7:**

Admit that you did not provide all pages of the two wire transfer forms to Linda Cole and the notary when the forms were signed by Mrs. Cole.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**

Admit that the $362,052.66 that is at issue in this case is the Plaintiffs' money from Plaintiffs' accounts.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**

Admit that you moved a significant amount of Plaintiffs' personal property to your home claiming you were helping the Plaintiff's "move" and kept most of that property.

**RESPONSE:**

DATED this 14th day of August, 2024.

**THE MERRITT LAW FIRM, PLLC**

*/s/ Michael R. Merritt*________________
Michael R. Merritt, WSBA #60094
*Attorney for Plaintiffs Linda and Ted Cole*

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2151
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 4 of 100

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14th day of August, 2024, I caused to be served a true and correct copy of the foregoing **PLAINTIFFS' FIRST SET OF REQUEST FOR ADMISSIONS** by the method indicated below and addressed to the following:

| | | |
|---|---|---|
| ______ | HAND DELIVER | Eric Young |
| ______ | U.S. MAIL | eyoung-encrypt@pm.me |
| ______ | OVERNIGHT MAIL | Susanann Young |
| X | EMAIL | Jaegersmum@gmail.com |
| | | 8507 N. Sylvia St. |
| | | Spokane, WA 99208 |

*/s/ Michael Merritt*
Michael R. Merritt

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2151
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 5 of 100

**IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON,**
**IN AND FOR THE COUNTY OF SPOKANE**

| | | |
|---|---|---|
| LINDA COLE and TED COLE,<br><br>Plaintiffs,<br><br>vs.<br><br>ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 23-2-04734-32<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

TO: Defendants, Eric and Susanann Young

## I. <u>INTRODUCTION</u>

In accordance with Superior Court Civil Rules (CR) 26, 33, and 34, please answer the following interrogatories and requests for production of documents, electronically stored information, and tangible things, separately and fully under oath, within thirty (30) days of the date of service and in accordance with the DEFINITIONS and INSTRUCTIONS set forth below. Documents are to be produced electronically via email pursuant to the electronic service agreement between the parties, or for inspection and copying by mail to:

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2152
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 6 of 100

THE MERRITT LAW FIRM, PLLC, 1324 N. Liberty Lake Rd., #2151, LIBERTY LAKE, WA 99019, with instructions specifying whether you wish them to be copied and returned or to be retained.

## II. DEFINTIONS

For the purposes of these Requests, the following definitions apply:

1. "You" (or "your") or "defendant" refers to Eric and Susanann Young, their agents, employees, investigators, experts, insurers, attorneys, entities under their control, or other representatives, and their attorneys' agents, employees, and investigators. When "you" (or "your" or "defendant") is used in an Interrogatory or Request for Production, or a part thereof, it is intended that the answer to the Interrogatory or Request for Production, or part thereof, is to include all information known to plaintiffs, their agents, employees, investigators, experts, insurers, attorneys, guardian ad litem, entities under their control, or other representatives, and their attorneys' agents, employees, and investigators.

2. "Document" means any written, recorded, or other graphic matter, electronic or not, however produced or reproduced. It should be understood to have the broadest possible meaning consistent with the Civil Rules and includes all matter that relates or refers in whole or in part to the subjects referred to in an interrogatory or a request for production. If a document has been prepared in several copies, or if additional copies have been made, and the copies are not identical, or have undergone alteration, each non-identical copy is a separate "document." This definition includes, but is not limited to, the following: any paper, writing, chart, memo, note, letter, inter-office memo, intra-office memo, email, report, study, statement, map, log entry, drawing, photograph, sketch, picture, tape recording, any

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS - 2

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2152
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

other verbal or pictorial representation of any event or idea that has transpired, whether meant for communication to others or for personal need.

3. "Person" means any public or private entity or natural person, including any individual, firm, partnership, joint venture, corporation, association, company, foundation, or business enterprise.

4. "Financial Institution" means, without limitation, state-chartered commercial banks, stock savings banks, mutual savings banks, alien banks, savings and loan associations, credit unions, and independent trust companies.

5. "Identity" and "identify," when used with reference to a person, requires stating the person's full name or business name and their present home and business address and telephone numbers. "Identity" and "identify," when used with reference to documents, requires stating specifically (a) the type of document involved (e.g., "email," "inter-office memorandum," etc.), together with information sufficient to enable defendants to identify the document, such as its date; (b) the name(s) of the author, any recipient(s), and any signer(s); (c) the title or heading of the document and its approximate number of pages; and (d) the identity of the person last known to have possession of the document, together with the present or last known location of the document.

6. "Related to" means pertinent, relevant or material to, evidencing, having a bearing on, or concerning, affecting, discussing, dealing with, considering, or otherwise relating to in any manner whatsoever, the subject matter of inquiry.

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2152
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 8 of 100

## III. INSTRUCTIONS

1. Pursuant to Civil Rules 33 and 34, if you object, the grounds for each objection must be stated.

2. No specific Interrogatory or Request for Production should be construed to limit the scope of any other Interrogatory or Request for Production, or of any term defined above, and no subpart of any Interrogatory or Request for Production should be construed to limit the scope of any other subpart of such Interrogatory or Request for Production.

3. When an answer or response contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of an answer or response, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When an answer or response that includes documents has been redacted or altered in any fashion, you must identify as to each document the reason(s) for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4. If you object to or otherwise decline to respond to any portion of an Interrogatory or Request for Production, please provide all information called for by that portion of the Interrogatory or Request for Production to which you do not object or to which you do not decline to respond. For those portions of an Interrogatory or Request for Production to which you object or otherwise refuse to provide an answer or response, please

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2152
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

state the reason(s) for such objection or refusal, and state whether you are refusing to provide an answer or response.

5. It is intended that these Interrogatories and Requests for Production will not solicit any material protected either by the attorney-client privilege or by the work-product doctrine that was created by, or developed by, your counsel after the date on which this litigation was commenced, and they should be construed accordingly.

6. If an answer or response to any Interrogatory or Request for Production is objected to on the grounds that the Interrogatory or Request for Production is unduly burdensome, please describe the burden or expense associated with answering or responding.

7. Notwithstanding any definition set forth above, each word, term, or phrase used in these interrogatories is intended to have the broadest meaning permitted under the Civil Rules.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Explain how it was that Plaintiffs came to wire $362,052.66 to your bank account, including how it was that your bank account was determined to be the account that would receive the wired funds.

**ANSWER:**

**INTERROGATORY NO. 2:**

If you claim that the female Pomeranian dog originally called "Tina" with red sable markings is owned by you, set forth all facts which you believe support that claim.

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2152
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 10 of 100

**ANSWER:**

**INTERROGATORY NO. 3:**

Explain the terms of the agreement between you and Plaintiffs to purchase the home located at 1004 E. Golden Ct., Spokane, Washington, and how the agreement came about.

**ANSWER:**

**INTERROGATORY NO. 4:**

Explain how the wire transfers that are the subject of this case were accomplished including conversations between you and Plaintiffs and the sequence of the events leading up to the wires transfers and the manner in which the wires were completed.

**ANSWER:**

**INTERROGATORY NO. 5:**

Relate the substance of all conversations with representatives of Old West Federal Credit Union including (a) what was discussed, (b) the date and time of all such conversation, (c) whether the conversation as by telephone, by email, or in person, and (d) the identity of the individual with which you spoke or corresponded.

**ANSWER:**

**INTERROGATORY NO. 6:**

If you claim that Linda Cole signed a gift letter covering a gift of funds to you for the purchase of a house, state (a) the substance of the conversation with Plaintiffs seeking the signature on the gift letter, (b) how the signature of Linda Cole was obtained on the gift letter, (c) where you obtained the form for the gift letter, and (d) how the amount of funds set

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2152
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

forth on the gift letter was determined to be the proper amount.

**ANSWER:**

**INTERROGATORY NO. 7:**

Explain how the mortgage lender was chosen by you for the purchase of the 1004 E. Golden Ct. house, and identify the lender.

**ANSWER:**

**INTERROGATORY NO. 8:**

Explain how you came into possession or learned of Plaintiff's account numbers and account balances for their accounts at Old West Federal Credit Union.

**ANSWER:**

**INTERROGATORY NO. 9:**

Explain how it was decided that there would be two wire transfers in the amount of $242,334.62 and $119,718.04 respectively.

**ANSWER:**

**INTERROGATORY NO. 10:**

List all personal property, including documents, that you removed from Plaintiffs' Baker City home under the pretense that you were helping them move to Spokane, including a list of all of Plaintiff's property that you still possess and explain why you still possess the property.

**ANSWER:**

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2152
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 12 of 100

**INTERROGATORY NO. 11:**

If you have had any conversations with any of the witnesses named in this case, set forth (a) which witnesses, (b) when and where the conversations occurred, (c) how the conversations were arranged, and (d) whether you recorded the conversation by audio and/or video recording devices.

**ANSWER:**

**INTERROGATORY NO. 12:**

State where the $362,052.66 wired to your bank account is now, and what you did with the money including a full accounting of how you disposed of the entire amount wired to your account.

**ANSWER:**

**INTERROGATORY NO. 13:**

If you claim that you spent or disposed of any part of the money that is the subject of the Court's injunction in this case, explain why the money was spent after the injunction was in force on November 7, 2023.

**ANSWER:**

**INTERROGATORY NO. 14:**

If you claim that you did not commit fraud in obtaining funds from Plaintiffs, explain each and every fact which you believe supports your claim.

**ANSWER:**

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2152
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 13 of 100

**INTERROGATORY NO. 15:**

If you claim that you are not guilty of conversion in this case, explain each and very fact which you believe supports your claim.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents that support your answer to Interrogatory 1.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents that support your answer to Interrogatory 2.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

Produce all documents that support your answer to Interrogatory 3.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents that support your answer to Interrogatory 4.

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2152
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 14 of 100

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 5</u>:**

Produce all documents that support your answer to Interrogatory 5.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 6</u>:**

Produce all documents that support your answer to Interrogatory 6.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 7</u>:**

Produce all documents that support your answer to Interrogatory 7.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 8</u>:**

Produce all documents that support your answer to Interrogatory 8.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 9</u>:**

Produce all documents that support your answer to Interrogatory 9.

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2152
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 15 of 100

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents that support your answer to Interrogatory 10.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

Produce all documents that support your answer to Interrogatory 11.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents that support your answer to Interrogatory 12.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

Produce all documents that support your answer to Interrogatory 13.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

Produce all documents that support your answer to Interrogatory 14.

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2152
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 16 of 100

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 15</u>:**

Produce all documents that support your answer to Interrogatory 15.

**RESPONSE:**

**<u>REQUEST FOR PRODUCTION NO. 16</u>:**

If you claim that either Plaintiff is suffering from a mental illness that impacts their ability to think and reason, produce all documents that you believe support your claim.

**RESPONSE:**

DATED this 14th day of August, 2024.

**THE MERRITT LAW FIRM, PLLC**

*/s/ Michael R. Merritt*________________
Michael R. Merritt, WSBA #60094
*Attorney for Plaintiffs Linda and Ted Cole*

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2152
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 17 of 100

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of August, 2024, I caused to be served a true and correct copy of the foregoing **PLAINTIFFS' FIRST SET OF INTERROGATOREIES AND REQUEST FOR PRODIUCTION OF DOCUMENTS** by the method indicated below and addressed to the following:

| | | |
|---|---|---|
| ______ | HAND DELIVER | Eric Young |
| ______ | U.S. MAIL | eyoung-encrypt@pm.me |
| ______ | OVERNIGHT MAIL | Susanann Young |
| X | EMAIL | Jaegersmum@gmail.com |
| | | 8507 N. Sylvia St. |
| | | Spokane, WA 99208 |

*/s/ Michael Merritt*
Michael R. Merritt

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS - 13

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2152
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

**IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON, IN AND FOR THE COUNTY OF SPOKANE**

| | | |
|---|---|---|
| LINDA COLE and TED COLE,<br>Plaintiffs,<br><br>vs.<br><br>ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 23-2-04734-32<br><br>**NOTICE OF SUBSTITUTION OF ATTORNEY** |

TO: THE CLERK OF COURT

AND TO: Eric Young and Susanann Young, Defendants.

Michael R. Merritt of The Merritt Law Firm, PLLC, hereby gives notice that he withdraws as attorney of record for the Plaintiffs as of the of the date of filing of this Notice, and with the Plaintiffs' agreement and approval, consents to the substitution of Matthew A. Mensik of the Riverside Law Group, PLLC in his place and stead as attorney for the Plaintiffs in the above action.

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2151
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 19 of 100

DATED this 27th day of September, 2024.

**THE MERRITT LAW FIRM, PLLC**

Michael R. Merritt, WSBA #60094
Withdrawing Attorney

**THE RIVERSIDE LAW GROUP, PLLC**

Matthew A. Mensik, WSBA #44260
Attorney for Plaintiffs Linda and Ted Cole

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2151
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 20 of 100

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of September, 2024, I caused to be served a true and correct copy of the foregoing **Notice of Substitution of Attorney** by the method indicated below and addressed to the following:

| | | |
|---|---|---|
| ______ | HAND DELIVER | Eric Young |
| ______ | U.S. MAIL | eyoung-encrypt@pm.me |
| ______ | OVERNIGHT MAIL | Susanann Young |
| X | EMAIL | Jaegersmum@proton.me |
| | | 8507 N. Sylvia St. |
| | | Spokane, WA 99208 |

Michael R. Merritt

*THE MERRITT LAW FIRM, PLLC*
1324 N. LIBERTY LAKE RD., # 2151
LIBERTY LAKE, WASHINGTON 99019
PHONE (509) 309-9105

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 21 of 100

FILED
10/10/2024
Timothy W Fitzgerald
Spokane County Clerk

**SUPERIOR COURT OF WASHINGTON**
**IN AND FOR SPOKANE COUNTY**

Linda Cole and Ted Cole,

Plaintiffs,

v.

Eric Young and Susan Young,

Defendants.

No. 23-2-04734-32

**NOTICE OF DEFENDANT MAILING ADDRESS CHANGE**

TO: CLERK OF THE COURT, and

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD.

PLEASE TAKE NOTICE that the mailing address for Defendants has changed, effective October 9, 2024. You are hereby directed to serve all future pleadings and papers, except for original process, on Eric R. Young or Susan L. Young at the following address:

Eric and Susan Young
12402 N Division St, PMB#167
Spokane, WA 99218

Email and phone information remain unchanged.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St
PMB# 167
Spokane, WA 99218
PHONE (936-463-8411)

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 22 of 100

Dated this 9th day of October, 2024.

*/s/ Eric R. Young and Susan L. Young*
Eric and Susan Young, Pro Se

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik<br>Riverside Law Group, PLLC<br><address not provided by counsel><br>Email: mam@rnwlg.com | [ ]U.S. Mail<br>[ ]Hand Delivery<br>[ ]Facsimile<br>[ X ]E-Mail<br>[ ]Legal Messenger |

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 9th day of October, 2024, at Spokane, WA.

*/s/ Eric R. Young and Susan L. Young*

Eric and Susan Young, Pro Se
12402 N Division St, PMB# 167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

NOTICE OF DEFENDANT MAILING ADDRESS CHANGE
PAGE **2** OF **2**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St
PMB# 167
Spokane, WA 99218
PHONE (936-463-8411)

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 23 of 100

FILED
10/10/2024
Timothy W Fitzgerald
Spokane County Clerk

**SUPERIOR COURT OF WASHINGTON**
**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| Linda Cole and Ted Cole,<br><br>Plaintiffs,<br><br>v.<br><br>Eric Young and Susan Young,<br><br>Defendants. | No. 23-2-04734-32<br><br>**NOTICE OF DEFENDANT MAILING ADDRESS CHANGE** |

TO: CLERK OF THE COURT, and

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD.

PLEASE TAKE NOTICE that the mailing address for Defendants has changed, effective October 9, 2024. You are hereby directed to serve all future pleadings and papers, except for original process, on Eric R. Young or Susan L. Young at the following address:

Eric and Susan Young
12402 N Division St, PMB#167
Spokane, WA 99218

Email and phone information remain unchanged.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St
PMB# 167
Spokane, WA 99218
PHONE (936-463-8411)

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 24 of 100

Dated this 9th day of October, 2024.

*/s/ Eric R. Young and Susan L. Young*
Eric and Susan Young, Pro Se

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

Matt Mensik
Riverside Law Group, PLLC
<address not provided by counsel>
Email: mam@rnwlg.com

[ ]U.S. Mail
[ ]Hand Delivery
[ ]Facsimile
[ X ]E-Mail
[ ]Legal Messenger

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 9th day of October, 2024, at Spokane, WA.

*/s/ Eric R. Young and Susan L. Young*
Eric and Susan Young, Pro Se
12402 N Division St, PMB# 167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

NOTICE OF DEFENDANT MAILING ADDRESS CHANGE
PAGE **2** OF **2**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St
PMB# 167
Spokane, WA 99218
PHONE (936-463-8411)

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| LINDA COLE and TED COLE,<br><br>Petitioner,<br><br>vs.<br><br>ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG,<br><br>Defendants. | No. 23-2-04734-32<br><br>DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION **AND RESPONSES THERETO** |

TO: Linda Cole and Ted Cole, 625 Broadway St., Baker City, OR 97814

AND: Matt Mensik, Riverside Law Group, PLLC, <address not provided by counsel>

## I. INTRODUCTION

These are Requests for Admission served upon you in accordance with the State of Washington Superior Court Civil Rules. Please respond to each of the following requests separately and fully under oath within 30 days after the service of the request or within 40 days after service of the summons and complaint.

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 26 of 100

Please deliver your complete answers to Defendants at the following address: Eric And Susan Young, 12402 N Division St, Pmb# 167, Spokane, Wa 99218. These discovery requests impose a continuing duty upon you to furnish the information requested after providing your initial answers and responses.

These requests for admission are directed to the above-named party or parties and to their attorneys, and extend to all information of said party or parties, their attorney, their liability insurers, and their attorneys' and liability insurers' agents.

In transcribing your responses to these requests, room for them has been provided after each request. If there is insufficient room, please attach supplemental pages. If it would be more convenient for you to complete your answers and responses in the electronic version of this file, upon request the file will be provided via email.

If you do not admit or deny a matter, you must set forth in detail pursuant to the Civil Rules the reasons why you cannot truthfully admit or deny the matter. If an objection is made to any request for admission, you must set forth in detail pursuant to the Civil Rules the reasons why you cannot truthfully admit or deny the matter. If an objection is made to any request for admission, you must set forth in detail pursuant to the Civil Rules the reason and basis for the objection.

**REQUEST FOR ADMISSION NO. 1**

Admit that you recorded, without permission, a private family discussion between you and Defendants in Defendant's home in Spokane, Washington, on October 20, 2023 (police video)

**RESPONSE**

**Objection. Plaintiff objects to the Request for Admission as written as it is compound and includes numerous admissions within the request, such as but not limited to, (1) admit that you recorded (2) without permission (3) a private (4) family conversation, (5) between you and Defendants, (6) on a specific date, and (7) in a specific location. Requests for Admission under CR 36 "Each matter of which an admission is requested shall be separately set forth." Further, Plaintiff further objects to the request as it misstates the applicable law and presumes that family conversations are per se private. *See State v. Kipp,* 179 Wn. 2d 718, 723, 317 P.3d 1029, 1031 (2014). Plaintiff also objects to the assertion or implication that "permission" was needed when the conversation was not private. Plaintiff also objects to the false statement that the only people in the conversation or who heard or had the ability to hear the conversation were the Defendants and the Plaintiff to who the request is directed. Plaintiff also objects as the request, as written, is a request to admit legal conclusions or major facts that are central to the action, which is not an appropriate request under CR 36. *Brust v. Newton*, 70 Wn. App. 286, 852 P.2d 1092 (1993). Pursuant to Court Rule 36, good faith requires a party to answer in part the admissions that it can do so.**

**Without waiving and subject to the above objections, Plaintiff admits only that she recorded the conversation. Plaintiff specifically and without limitation denies the remainder of the allegations including the conversation was "private" and or that permission was needed to record a not-private conversation.**

**REQUEST FOR ADMISSION NO. 2**

Admit that you recorded, without permission, a private family discussion between you and Defendants in Defendant's home in Spokane, Washington, on October 21, 2023

**RESPONSE**

**Objection. Objection. Plaintiff objects to the Request for Admission as written as it is compound and includes numerous admissions within the request, such as but not limited to, (1) admit that you recorded (2) without permission (3) a private (4) family conversation, (5) between you and Defendants, (6) on a specific date, and (7) in a specific location. Requests for Admission under CR 36 "Each matter of which an admission is requested shall be separately set forth." Further, Plaintiff further objects to the request as it misstates the applicable law and presumes that family conversations are per se private. *See State v. Kipp,* 179 Wn. 2d 718, 723, 317 P.3d 1029, 1031 (2014). Plaintiff also objects to the assertion or implication that "permission" was needed when the conversation was not private. Plaintiff also objects to the false statement that the only people in the conversation or who heard or**

**had the ability to hear the conversation were the Defendants and the Plaintiff to who the request is directed. Plaintiff also objects as the request, as written, is a request to admit legal conclusions or major facts that are central to the action, which is not an appropriate request under CR 36. *Brust v. Newton*, 70 Wn. App. 286, 852 P.2d 1092 (1993). Pursuant to Court Rule 36, good faith requires a party to answer in part the admissions that it can do so. Plaintiff specifically and without limitation denies this request.**

**REQUEST FOR ADMISSION NO. 3**

Admit that you, Linda Cole, told police that you called OWFCU on October 12, 2023 and verified your identity with them.

**[BCPD – Incident Report P202301214 pg4, pp5]**

**RESPONSE**

**Objection. This request is vague and ambiguous. This request is vague as to what purpose Linda Cole was verifying her identity, and to whom.**

**Without waiving said objections, please see the following response:**

**Plaintiffs admit that Linda Cole told the Baker City Police that she called OWFCU and gave OWFCU her identity. However, in looking at phone records, OWFCU actually initiated the call on October 12, 2023. Plaintiffs deny all remaining allegations in this request.**

**REQUEST FOR ADMISSION NO. 4**

Admit that you are in receipt of the BCPD Incident Report, in which the investigating officer cites Christy Varner, Branch Manager for OWFCU as confirming with bank staff that 'Linda was the one verifying her information on the phone calls', and there are 'a lot of safeguards to verify that Linda was indeed the one on the phone'.

**RESPONSE**

**Objection. This request is vague, ambiguous, and irrelevant, as it seeks to gain admissions about what a third-party, hearsay report says about an alleged conversation between a police officer and a bank employee. Plaintiffs object to this Request as impermissibly compound. The Request can only ask for admission of one fact per request.**

**Without waiving said objections, please see the following response:**

**Plaintiffs admit they are in possession of a Baker City Police Department Incident Report (No. P202301214). The Incident Report speaks for itself. Plaintiffs admit that the Incident Report includes the following statement:**

> **Christy told me that Linda was the one verifying her information on the phone calls on October 12 and 16, and did not believe it was Linda's daughter (Susan) pretending to be Linda. She also said there are a lot of safeguards to verify that Linda was indeed the one on the phone.**

**Plaintiffs deny all remaining allegations in this request.**

**REQUEST FOR ADMISSION NO. 5**

Admit that you knowingly made false allegations to this court, accusing your daughter and son-in-law of stealing approximately $362K even though you had just told Baker City Police that you placed the phone calls and arranged those wire transfers yourself.

**RESPONSE**

**Deny.**

**REQUEST FOR ADMISSION NO. 6**

Admit that you, Linda, and Susan both spoke to Ted in the last week of September, 2023, telling Ted that Eric would be bringing Ted's guns from the Baker City house on Eric's return with the first moving load (text message)

**RESPONSE**

**Deny.**

**REQUEST FOR ADMISSION NO. 7**

Admit you only requested and signed 2 wire transfers from OWFCU, not 3 as you claimed in your sworn declaration

**[Declaration of Linda Cole, pg 2, item 3]**

**RESPONSE**

**Objection. This request impermissibly presumes that Plaintiffs even requested or authorized two wire transfers to Defendants' account. Further, the request includes false factual assertions.**

**Without waiving said objections, please see the following response:**

**Admit only that Plaintiffs sought two wire transfers from their OWFCU account into their Chase Bank account. Plaintiffs deny all remaining allegations in this request.**

**REQUEST FOR ADMISSION NO. 8**

Admit that while speaking to police in Baker City, you, Linda, together with Joell Severns, conspired to assert your speculation, without evidence, that Defendant, Susan, 'called OWFCU and stole the $119k by impersonating Linda'.

**[BCPD bodycam evidence, video 2, 00:00:02 - 00:00:53]**

**RESPONSE**

**Deny.**

**REQUEST FOR ADMISSION NO. 9**

Admit that you, Linda, told police "$180k was supposed to go to his [Eric Young's] account" and that "the rest was to go to my account"

**RESPONSE**

**Objection. This request is vague, ambiguous, and improperly combines out of context statements from Plaintiffs' interview with the Baker City Police Department for the proposition that Linda Cole wanted / requested / agreed that $180,000 was supposed to go directly into Defendant Eric Young's personal account. This request ignores statements made by Linda Cole during the same interview that expressly state that the $242k was supposed to be wired directly to her Chase bank account, not to Eric Young's bank account.**

**Without waiving said objections, please see the following response:**

**Deny.**

**REQUEST FOR ADMISSION NO. 10**

Admit that you elected to designate your daughter and son-in-law as healthcare agents on your Advance Medical Directive documents in 2008, 2015, 2022, and 2023 (text message)

**RESPONSE**

**Plaintiffs object to this Request as impermissibly compound. The Request can only ask for admission of one fact per request. Further, the question is vague as to who "you" is referring to.**

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 34 of 100

**Without waiving said objection, please see the following response.**

**Plaintiffs admit they designated Defendants as their healthcare agents on their Advanced Medical Directive in the year 2023. Plaintiffs admit that Linda Cole gave Defendants the ability to speak for Linda Cole in case of an emergency during a procedure in 2015. Plaintiffs admit that in 2022 Susanann Young requested a copy of Linda Cole's Advanced Medical Directive.**

**Plaintiffs have made a reasonable inquiry and the information known or readily obtainable by the Plaintiffs is insufficient to enable the Plaintiffs to admit or deny regarding whether Plaintiff designated Defendants as healthcare agents on their Advanced Medical Directive for the years 2008, 2015 and 2022.**

**REQUEST FOR ADMISSION NO. 11**

Admit that you, Linda, told Eric to collect the guns at the Baker City house because "[Ted] can't see to put a plug into an electrical socket." (text message)

**RESPONSE**

**Deny.**

**REQUEST FOR ADMISSION NO. 12**

Admit that during your complaint of theft to Officer Essex on November 6, 2023, when asked by Officer Essex: "So Old West got a call from him, and they approved?", you replied

"Apparently", and went on to elaborate that it was your supposition that your daughter impersonated you "because she's got… all my information, she sort of sounds more or less like me and they wouldn't have known the difference."

**[BCPD bodycam evidence, video 2, 00:25.600 - 00:51.760]**

**RESPONSE**

**Objection. This request is vague, ambiguous, and appears to combine statements given over Plaintiffs' interview with the Baker City Police Department. Plaintiffs object to this Request as impermissibly compound. The Request can only ask for admission of one fact per request. This request improperly combines two different topics of conversation into a single, contrived question and answer drafted by Defendants.**

**Without waiving said objections, please see the following response:**

**Admit that Linda told the Baker City police officer that her daughter may have impersonated her. Plaintiffs deny all remaining allegations in this request.**

**REQUEST FOR ADMISSION NO. 13**

Admit that you, Linda, said to Ted in the presence of Susan "she doesn't want the guns in the house", and that "the guns can stay in storage". (text message)

**RESPONSE**

**Objection. This request is vague, ambiguous, and is not limited to a general time or date.**

**Without waiving said objection, please see the following response:**

**Deny.**

**REQUEST FOR ADMISSION NO. 14**

Admit that you, Linda Cole, wrote or caused to be written your sworn 'Supplemental Declaration of Linda Cole' dated November 9, 2023 (later filed with the court on November 13, 2023 by your counsel Michael Merritt), in which you allege theft of your belongings, even though you had already been told by police 2 Days Previously - on November 7, 2023 - that your belongings were not stolen, and to go pick up from storage the belongings you had abandoned in Spokane, direction to which you replied to the officer that 'you would arrange with your attorney to pick up your things'

**[BCPD Incident Report P202301214, pgs 4 and 5]**

**[Supplemental Declaration of Linda Cole - dated November 9, 2023]**

**RESPONSE**

**Objection. This request is based upon hearsay, and purposely misquotes the Baker City Police Department Incident Report, and purposely sets forth statements out of context. Plaintiffs object to this Request as impermissibly compound. The Request can only ask for admission of one fact per request.**

**Without waiving said objections, please see the following response:**

**Plaintiff Linda Cole admits that she signed a document called "Supplemental Declaration of Linda Cole" on November 9, 2023. Plaintiff admits that the Incident Report states:**

**"I called Linda again and told her that Eric wanted them to retrieve the rest of their items, and Linda told me she will coordinate through her attorney a time and date to go retrieve the remaining items of hers and Teds."**

**Plaintiffs deny the remainder of the compound request, including the specific statements the request attributes to the Incident Report, such as Plaintiffs' "belongings were not stolen," or that Plaintiffs "abandoned" their property.**

**REQUEST FOR ADMISSION NO. 15**

Admit that you, Linda, told police you intended for funds to go into Defendant's account as 'he was the one applying for the mortgage'.

**[BCPD bodycam video evidence, video 2, 02:01 - 02:21]**

**RESPONSE**

**Objection. This request improperly cherry picks vague portions of Plaintiffs' interview with the Baker City Police Department for the proposition that Linda Cole wanted / requested / agreed that $180,000 was supposed to go directly into Defendant Eric**

**Young's personal account. This request ignores statements made by Linda Cole during the same interview that expressly state that the $242k was supposed to be wired directly to her Chase bank account, not to Eric Young's bank account.**

**Without waiving said objections, please see the following response:**

**Deny.**

**REQUEST FOR ADMISSION NO. 16**

Admit that you, Linda, authorized son-in-law Eric Young to take on management and direction of the failed remodel project, stating 'Eric… speaks for us' (text message)

**RESPONSE**

**Plaintiffs admit that they authorized Eric Young to help with the Truss issue, only. Plaintiffs already had a builder that they were working with. Plaintiffs deny that they authorized Eric Young to take on management and direction of the remodel of their home in Baker City. Admit that Linda Cole texted Defendant Susanann Young the following: "I told Eric to tell them he's our financial advisor! He speaks on our behalf." The "them" is Jose, a potential contractor.**

**Plaintiffs deny all remaining allegations in this request.**

**REQUEST FOR ADMISSION NO. 17**

Admit that you, Linda, authorized son-in-law Eric Young to arrange for movers and moving transport to move your household belongings from Baker City, OR to Spokane, WA during the week of Sept. 25-29th (text messages)

**RESPONSE**

**Plaintiffs admit that Linda authorized Eric Young to rent a trailer and move certain of Plaintiffs' belongings from Baker City, OR to Spokane, WA, around that time period. Plaintiffs deny that Linda authorized Eric Young to hire moving transport.**

**REQUEST FOR ADMISSION NO. 18**

Admit that you, Linda, sent $3000.00 via funds transfer to son-in-law Eric Young for expenses of moving your household belongings during the week of Sept. 25-29th (text messages, bank records)

**RESPONSE**

**Plaintiffs admit they sent Defendants, through Zelle, $3,000 based upon Eric Young's representation that was the cost of moving expenses (including hiring people to move certain of Plaintiffs' belongings). Plaintiffs deny all remaining allegations in this request.**

**REQUEST FOR ADMISSION NO. 19**

Admit that both Plaintiffs returned to Baker City with son-in-law Eric Young for several days from October 1-5, 2023, for more packing of boxes and moving of Plaintiff's RV to storage in Spokane, the occasion marked by a visit from Randy and Marlena Tucker during that time (text message)

**RESPONSE**

**Objections. Plaintiffs object to this Request as impermissibly compound. The Request can only ask for admission of one fact per request.**

**Without waiving said objection, please see the following response:**

**Admit.**

**REQUEST FOR ADMISSION NO. 20**

Admit that Plaintiffs purchased tools at Miller's Hardware in Baker City which your son-in-law Eric Young used to work on the remodel, and which thereby enabled progress with the Baker City building inspectors (text messages)

**RESPONSE**

**Plaintiffs admit that Plaintiffs purchased tools at Miller's Hardware (specifically, a saw, an air compressor, and a staple gun) and rented a sander (and purchased supplies for**

**the use of the sander) for Eric Young to work on sanding down the floor outside of their backdoor. Sanding the floor was suggested by the building inspector. Plaintiffs deny all remaining allegations in this request.**

**REQUEST FOR ADMISSION NO. 21**

Admit that Ted Cole received a phone call from Susan Young on Sunday, October 22, 2023, the call first answered by Damien Severns riding in the truck with Ted, and during which Susan reminded Ted 'don't forget...you left your guns over at the storage' [in Spokane], and that Ted 'could pick them up any time then or later' (text messages, phone records)

**RESPONSE**

**Plaintiffs object to this Request as impermissibly compound. The Request can only ask for admission of one fact per request.**

**Without waiving said objection, please see the following response:**

**Plaintiffs admit that Susan Young called Ted on October 22, 2023, but deny that Susan Young said any of the above statements about the guns.**

**REQUEST FOR ADMISSION NO. 22**

Admit, that you, Linda, on October 21st, 2023, while departing Defendant's house in Spokane, WA, told everyone present (3 people besides yourself) 'we know that the dog will

stay here", and Defendant Eric Young commented, ‘If that's the case, just understand that's your own choice.  As long as we're all clear that we're not kidnapping your dog', and that you replied, ‘No, you're not’.

**RESPONSE**

**Plaintiffs object to this Request as impermissibly compound. The Request can only ask for admission of one fact per request.**

**Without waiving said objection, please see the following response:**

**Deny.**

**REQUEST FOR ADMISSION NO. 23**

Admit that you, Linda, paid for and received from the Postal Annex store photocopies of 2 domestic wire form packets, each containing 3 pages provided by Old West Federal Credit Union, plus a Notarial signature page with stamp, for a total of 4 pages each packet, 8 pages total for the 2 wires, and 2 full sets of copies - for a final count of 16 printed copies, as shown on the receipt provided by Postal Annex, which you paid for with your own card, Credit Card Transaction No.: 2d520e13-5c13-4c30-a997-885defaf15b5

**RESPONSE**

**Plaintiffs object to this Request as impermissibly compound. The Request can only ask for admission of one fact per request.**

**Without waiving said objection, please see the following response:**

**Plaintiffs admit that Linda made a purchase (with her own credit card) at the Postal Annex store as requested by Defendant Eric Young. Deny that Linda knew what was copied.**

**Plaintiffs have made a reasonable inquiry and the information known or readily obtainable by the Plaintiffs is insufficient to enable the Plaintiffs to admit or deny the credit card transaction number.**

**Plaintiffs deny all remaining allegations in this request.**

**REQUEST FOR ADMISSION NO. 24**

Admit the date of death of Ted's step-father Homer Hochuli was September 23, 2005

**RESPONSE**

**Admit.**

**REQUEST FOR ADMISSION NO. 25**

Admit that you were not living in Texas when Ted's dad died

**[BCPD bodycam video evidence, video 1, 00:01:16 - 00:01:40]**

**RESPONSE**

**Admit.**

**REQUEST FOR ADMISSION NO. 26**

Admit that Plaintiff's place of residence in Kelseyville, CA in 2004, 2005, 2006, 2007 and 2008 was the following:  5935 Live Oak Dr., #38, Kelseyville, CA  95451-9497

**RESPONSE**

**Plaintiffs admit that they lived at the above address between 1999 to 2009.**

**REQUEST FOR ADMISSION NO. 27**

Admit that Plaintiff's place of residence in Kelseyville, CA - a mobile home in a mobile home park - was lost to foreclosure (public records)

**RESPONSE**

**Plaintiffs admit they no longer owned the Kelseyville, CA home after their realtor, Frank Rodgers, purchased it in 2009.**

**Plaintiffs deny all remaining allegations in this request.**

**REQUEST FOR ADMISSION NO. 28**

Admit that Plaintiffs and Defendants purchased together the residential lot known as '9 Bermuda Circle' in Block 2 Section 5 of Bentwater, in Montgomery, Texas in 2009, when defendants contributed approximately 1/2 of the $8000.00 price to help you purchase the lot so you could build a home near Defendants and your only grandson.

## RESPONSE

**Plaintiffs object to this Request as impermissibly compound. The Request can only ask for admission of one fact per request.**

**Without waiving said objection, please see the following response:**

**Plaintiffs admit that they purchased the above lot with the help of Defendants but deny that Defendants contributed half of the payment price. Plaintiffs admit that Defendants only contributed $3,000 of the $8,500 payment price. Plaintiffs purchased the lot to build a home on the lot for Plaintiffs to be near their only grandson. Plaintiffs deny all remaining allegations in this request.**

## REQUEST FOR ADMISSION NO. 29

Admit that on the day of going to find a notary, your son-in-law showed you the printed wire forms and called out to you that OWFCU representatives had incorrectly filled in the domestic wire form for the second wire of ~$119k when they entered Defendant's bank information as destination

## RESPONSE

**Deny.**

**REQUEST FOR ADMISSION NO. 30**

Admit that even though your son-in-law had advised you that OWFCU had put in the wrong bank destination information for the ~$119k wire, you elected to complete notarization of your signature on both wire indemnification pages as required by OWFCU

**RESPONSE**

**Deny.**

**REQUEST FOR ADMISSION NO. 31**

Admit that you, Linda, claimed to police that you 'did not approve or consent to the second transaction occurring'.
**[BCPD Incident Report P202301214, pg 5, pp 3]**

**RESPONSE**

**Objection. This request is vague, ambiguous, and irrelevant, as it seeks to gain admissions about what a third-party, hearsay report.**

**Without waiving said objection, please see the following response:**

**Plaintiff Linda Cole told the Baker City Police Department that she did not approve of Plaintiffs' $119k being wired into Defendants' bank account.**

**REQUEST FOR ADMISSION NO. 32**

Admit that during your complaint of theft to Officer Essex on November 6, 2023, you told Officer Essex regarding the original $180,000 wire request: “Of course, he [Eric] had an open opportunity right there because he thought, Okay, I'm on my own. I can do it by myself. They're not going to know. It's going to be a done deal. They won't ever find out."
**[BCPD bodycam video evidence, Video 2, 02:24.960 - 02:36.260]**

**RESPONSE**

**Objection. This request is vague, ambiguous, and improperly combines out of context statements from Plaintiffs’ interview with the Baker City Police Department. This request improperly cherry picks vague portions of Plaintiffs’ interview with the Baker City Police Department for the proposition that Linda Cole wanted / requested / agreed that $180,000 was supposed to go directly into Defendant Eric Young’s personal account. This request ignores statements made by Linda Cole during the same interview that expressly state that the $242k was supposed to be wired directly to her Chase bank account, not to Eric Young’s bank account. Plaintiffs object to this Request as impermissibly compound. The Request can only ask for admission of one fact per request.**

**Without waiving said objections, please see the following response:**

**Admit only that Plaintiff Linda Cole stated the quoted portion above.**

**REQUEST FOR ADMISSION NO. 33**

Admit that you told your daughter that you sold a laptop to Joell Severns, that Joell had never paid you the agreed price, and that you told your daughter 'every time I bring up the subject to Joell she changes the subject' (text message)

**RESPONSE**

**Deny.**

**REQUEST FOR ADMISSION NO. 34**

Admit that you told your daughter that Damien Severns was stalking you in your home and that Damien had bragged to Ted that it was easy to steal (text message)

**RESPONSE**

**Objection. This request is vague and ambiguous. Plaintiffs object to this Request as impermissibly compound. The Request can only ask for admission of one fact per request.**

**Admit that Linda told Susanann that Damien was "sort off stalking" Linda in her own home in 2022. Admit that Damien told Ted that Damien was told by another kid that kids go to BiMart to steal candy because it was easy.**

**Deny the remainder of the allegations.**

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 49 of 100

**REQUEST FOR ADMISSION NO. 35**

Admit you told OWFCU that you wanted to empty and close your accounts  (email)

**RESPONSE**

**Plaintiffs admit that they wanted to transfer their money from the OWFCU account into their Chase Bank account so they would have access to the funds while in Spokane, Washington.  Spokane does not have an OWFCU branch.  Plaintiffs also admit that they discussed closing their OWFCU account with OWFCU employees, but never filled out OWFCU membership closure forms.**

**REQUEST FOR ADMISSION NO. 36**

Admit that you told your daughter that Damien Severns stole numerous items from your home, including a blanket, an insulated cup, bicycle tubes, and your blue documents box (text message)

**RESPONSE**

**Plaintiffs admit that Linda told Susanann that Linda needed to talk with Mark Severn about the items (listed above) which had gone missing after Damien Severns was at Plaintiffs' home.**

**Plaintiffs deny all remaining allegations in this request.**

**REQUEST FOR ADMISSION NO. 37**

Admit that you, Linda, told Police: "...we were afraid that we were going to lose the deposit…on the house"

**[BCPD bodycam video evidence, File2, 00:01:04 - 00:01:09]**

**RESPONSE**

**Objection.  This statement is offered without context from 97 minutes of an interview between Plaintiffs and the Baker City Police Department.  The statement must be heard in context of the rest of the interview and the surrounding topics and questions.**

**Without waiving said objection, please see the following response:**

**Plaintiffs admit that Linda Cole stated: "We were afraid that we were going to lose the deposit on, I mean, lose out on that house, according to Eric."**

**REQUEST FOR ADMISSION NO. 38**

Admit you, Linda Cole, told OWFCU on the phone that you wanted gifted funds wired to your son-in-law's account, and handed your phone to him to give them his bank information.

**[BCPD Incidenet Report P202301214, pg 4, pp 4]**

**RESPONSE**

**Deny.**

**REQUEST FOR ADMISSION NO. 39**

Admit that you, Linda, arranged for and authorized the wire transfer for gifted funds of $242k over the phone with OWFCU

**[BCPD bodycam evidence, video 2, 01:18.480 - 01:32.320]**

**[BCPD bodycam evidence, video 1, 37:02.640 - 37:30.640 ]**

**RESPONSE**

**Deny.**

**REQUEST FOR ADMISSION NO. 40**

Admit, Linda, that while at the Baker City house, you signed both 'outgoing domestic wire form' pages for 2 wires

**RESPONSE**

**Deny.**

**REQUEST FOR ADMISSION NO. 41**

Admit, Linda, that while at the Baker City house, after signing each 'domestic wire form', you held each packet of pages with your thumb while your daughter photographed each page of each wire packet (4 pages each, 8 pages total for 2 wires)

**RESPONSE**

**Deny**.

**REQUEST FOR ADMISSION NO. 42**

Admit, Linda, that it is your thumb visible in the October 15, 2023 images shown in the following referenced document:

[SEE DEFENDANT'S RESPONSE TO PLTF'S REQ FOR ADMISSIONS, IMAGES - Pages 27-37]

**RESPONSE**

**Deny.**

**REQUEST FOR ADMISSION NO. 43**

Admit that on October 11, 2023, you, Linda, along with Ted Cole, sat at Defendant's kitchen table in Spokane, WA where you signed with your finger on an iPad tablet the 'Quicken Loans' gift letter document provided to Defendant via email by the Rocket Mortgage banker (email source of form, document history)

**RESPONSE**

**Plaintiffs object to this Request as impermissibly compound. The Request can only ask for admission of one fact per request.**

**Without waiving said objection, please see the following response:**

**Plaintiffs admit only to what was written in the Supplemental Declaration of Linda Cole in Support of Plaintiff's Motion for Temporary Restraining Order, ¶ 2. Plaintiffs deny the remaining allegations.**

**REQUEST FOR ADMISSION NO. 44**

Admit, Linda, that your daughter, son-in-law, and grandson have provided you numerous instances of support and care including support for relocation expenses to move to Texas in 2009, support including driving you to Houston multiple times for 4 surgeries, support for household repairs in Baker City, support when your grandson worked on mowing your yard in Baker City, support with household maintenance of your home in Baker City (water heater installation), practical help improving safety features of your home in Baker City (stairs into garage), and numerous other documented occasions of care.
(text messages, photos, bank records)

**RESPONSE**

**Plaintiffs object to this Request as impermissibly compound. The Request can only ask for admission of one fact per request. This request is irrelevant, vague and ambiguous.**

**Without waiving said objection, admit that:**

**Defendants drove Linda to one surgery in Houston, and a few other surrounding appointments;**

**Eric helped with the sanding of the floor discussed above, the Truss issue, and he helped replace a hot water heater;**

**Jaeger helped mow the lawn once;**

**Eric built two steps to step down from the house to the garage; and**

**Defendants may have helped with other, small, random questions / tasks.**

**Deny everything else.**

**REQUEST FOR ADMISSION NO. 45**

Admit that you knowingly made false statements to police while presenting your complaint to Officer Essex of the Baker City Police Department
(police video vs. sworn declarations and 'validated complaint')

**RESPONSE**

**Deny.**

**REQUEST FOR ADMISSION NO. 46**

Admit that you told police that the $242K wire transfer was the correct amount you authorized to be wired from your account
**[BCPD bodycam evidence, video 1, 00:36:21 - 00:37:30]**

**RESPONSE**

**Objection. This request is vague, ambiguous, and improperly combines out of context statements from Plaintiffs' interview with the Baker City Police Department for the**

**proposition that Linda Cole wanted / requested / agreed that $242k was supposed to go into Defendant Eric Young's personal account, while presumably simultaneously ignoring directly statements made by Linda Cole during the same interview to the contrary.**

**Without waiving said objections, please see the following response:**

**Admit only that Linda Cole requested that she wanted $242k to be wired into her own Chase Bank Account. Deny all other allegations.**

**REQUEST FOR ADMISSION NO. 47**

Admit that you became frustrated with OWFCU preventing access to your funds and decided to liquidate your accounts, changing the amount of your original wire request, and the amount of the gift letter, from $180,000 to $242,314.62

**RESPONSE**

**Plaintiffs object to this Request as impermissibly compound. The Request can only ask for admission of one fact per request. This request is irrelevant, vague and ambiguous.**

**Without waiving said objection, admit that:**

**Plaintiffs admit that Plaintiffs became frustrated with OWFCU, and intended to transfer the $242,314.62 balance out of their OWFCU account to their Chase Bank account so Defendants would have access to those funds in Spokane, Washington. There is no OWFCU branch located in Spokane, Washington.**

**Deny the remainder.**

**REQUEST FOR ADMISSION NO. 48**

Admit that you, Linda, told police that you never spoke to anyone at Old West Federal Credit Union.

**[BCPD bodycam evidence, video 1, 00:25:53 – 00:26:00]**

**RESPONSE**

**Objection. This request is vague, ambiguous, and improperly uses an out of context statements from Plaintiffs' interview with the Baker City Police Department for the proposition that Linda Cole never spoke to anyone at OWFCU, while simultaneously ignoring statements made by Linda Cole during the same interview to the contrary.**

**Without waiving said objections, please see the following response:**

**Deny.**

**REQUEST FOR ADMISSION NO. 49**

Admit that you, Linda, on October 14, 2023 signed the additional indemnification pages witnessed by the notary in Spokane, and immediately on departing, traveled to the Baker City house with your daughter, Susan, and husband, Ted (text messages)

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 57 of 100

**RESPONSE**

**Objection. This request is vague, ambiguous as to the term "additional indemnification pages." Plaintiffs object to this Request as impermissibly compound. The Request can only ask for admission of one fact per request.**

**Without waiving said objections, please see the following response:**

**Linda admits that the only documents she signed in front of a notary are the pages described in the Declaration of Matthew Anderson. Plaintiffs admit they traveled to Baker City on October 14, 2023. Plaintiffs deny the remainder.**

**REQUEST FOR ADMISSION NO. 50**

Admit that from the first conversation you, Linda, had with OWFCU on October 12, 2023, to the final conclusion at your direction of 2 wires depositing into Defendant's bank on October 16, 2023, a total of 5 days inclusive had transpired (12th, 13th, 14th, 15th, 16th = 5 days) (text messages, email, bank records)

**RESPONSE**

**Objection. This request is vague and ambiguous. Plaintiffs object to this Request as impermissibly compound. The Request can only ask for admission of one fact per request.**

**Without waiving said objections, please see the following response:**

**Admit only that October 12th through 16th is five days, that Linda spoke to OWFCU on October 12, 2023, and that two wire transfers were deposited into Defendants' bank account. Deny the remainder.**

**ATTORNEY CERTIFICATION**

The undersigned attorney for Plaintiffs hereby certifies the foregoing responses to Defendants' First Set of Requests for Admission pursuant to CR 26(g).

DATED this 6th day of November, 2024.

RIVERSIDE NW LAW GROUP, PLLC

By: *Matthew Mensik*

Matthew A. Mensik, WSBA 44260
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the following individuals in the manner indicated:

| | |
|---|---|
| Eric and Susanann Young<br>12402 N. Divisions St, PMB #167<br>Spokane, WA 99218<br><br>Pro Se Defendants | ☐ Email<br>☐ First Class Mail<br>☐ Certified Mail<br>☑ Personal Service<br>Eyoung-encrypt@pm.me<br>jaegersmum@proton.me |

Dated this 6th day of November, 2024.

Matthew Mensik

Matthew A. Mensik

SUPERIOR COURT OF WASHINGTON
IN AND FOR SPOKANE COUNTY

| | |
|---|---|
| LINDA COLE and TED COLE<br><br>Plaintiffs,<br><br>v.<br><br>ERIC ROSS YOUNG AND SUSANANN LYETTE YOUNG,<br><br>DEFENDANTS . | Case No. 23-2-04734-32<br><br>**PLAINTIFFS' AMENDED LAY AND EXPERT WITNESS DISCLOSURE** |

COME NOW Plaintiffs Linda Cole and Ted Cole, by and through their attorneys of record Mathew A. Mensik of Riverside NW Law Group, PLLC, and hereby discloses the following witnesses pursuant to the Court's Civil Case Schedule Order:

## I. LAY WITNESSES

1. Linda Cole
   c/o Riverside NW Law Group, PLLC
   905 W. Riverside Ave.
   Spokane, WA 99201
   (206) 949-3540

   Mrs. Cole is expected to testify concerning the factual basis for her claims.

2. Ted Cole
   c/o Riverside NW Law Group, PLLC
   905 W. Riverside Ave.
   Spokane, WA 99201
   (206) 949-3540

Mr. Cole is expected to testify concerning the factual basis for her claims.

3. Matthew Anderson, Notary Public
   c/o Postal Annex
   816 W. Francis Ave.
   Spokane, WA 99205
   (509) 328-3354

   Mr. Anderson is expected to testify regarding the notarization of the Wire Instructions, Indemnification, and Hold Harmless Agreement which are the basis of the Plaintiffs' claims.

4. Joelle Severns
   Associate and friend of Plaintiffs
   2023 Birch St.
   Baker City, OR 97814

   Mrs. Severns is expected to testify concerning the subject dispute, the relationship of the parties, and the factual basis of Plaintiff's claims.

5. Mark Severns
   Associate and friend of Plaintiffs
   2023 Birch St.
   Baker City, OR 97814

   Mr. Severns is expected to testify concerning the subject dispute, the relationship of the parties, and the factual basis of Plaintiff's claims.

6. Dawn Bruce, Branch Manager
   c/o Old West Federal Credit Union
   3 Depot St.
   La Grande, OR 97850
   (888) 575-0264

   Ms. Bruce is expected to testify regarding the arrangement of the wire transfers at issue in this case.

7. Christy Varner
   c/o Old West Federal Credit Union
   3 Depot St.
   La Grande, OR 97850
   (888) 575-0264

   Ms. Varner is expected to testify regarding the arrangement of the wire transfers at issue

   in this case.

8. Tara Crader
   c/o Old West Federal Credit Union
   2036 Broadway St.
   Baker City, OR 97814
   (541) 523-5535

   Ms. Crader is expected to testify regarding the arrangement of the wire transfers at issue

   in this case.

9. Brooke Wolcott
   c/o Old West Federal Credit Union
   2036 Broadway St.
   Baker City, OR 97814
   (541) 523-5535

   Ms. Wolcott is expected to testify regarding the arrangement of the wire transfers at issue

   in this case.

10. Dawn M. Kitzmiller
    c/0 Baker City Building Department
    1995 Third St.
    Baker City, OR 97814
    (514) 523-8219

    Ms. Kitzmiller is expected to testify regarding the process of the Cole's house

    remodel/construction and Eric Young's involvement with that process.

11. Randy DeMaris
    Designer, DeMaris Restoration & Design, LLC
    855 Foothill Dr.

Baker City, OR 97814

Mr. Demaris is expected to testify regarding the process of the Cole's house remodel/construction and Defendant's involvement with that process.

12. Rebecca Flaherty
    c/o John L. Scott Realty
    1500 W. 4th Ave., Suite 202
    Spokane, WA 99201

Ms. Flaherty is expected to testify regarding the purchase of real property attempted by the Defendants and the factual basis of Plaintiffs' claims.

13. Joseph Hanson
    Truss Design Manager
    1912 N Plum Ave
    Brandon SD 57005

Mr. Hanson will testify regarding his experiences with the Cole residence remodel and his interactions with Eric Young, including Eric's lack of professionalism, Eric's impact on the remodel, and statements Eric made regarding Linda Cole's alleged "mental deficiencies."

14. Eric & Susanann Young
    C/o Eric & Susanann Young, *pro se*

Defendant Eric & Susanann Young will testify regarding the issues raised in the complaint and will testify consistent with their deposition testimony and discovery responses, and consistent with documents produced in this case.

## II. EXPERT WITNESSES

15. Virgina Tate
    FAI International
    P.O. Box 3821
    Coeur d'Alene, ID 83816

Ms. Tate is a forensic accountant and certified fraud examiner.

a. Ms. Tate will testify regarding the acquisition and disposition of the funds in dispute in this case, specifically tracing the money and expenditures by Defendants once the money was wired into Defendant's bank accounts, Defendants' efforts to move money between financial accounts, and the rise in expenditures due to the influx of Plaintiffs' monies.

b. Using Defendants' own financial records, Ms. Tate will testify regarding Defendants' financial situation between July 2023 and March 2024, demonstrating Defendants' financial issues, limited financial resources, and the impact the influx of Plaintiffs' monies had on Defendants' resources; and

c. Ms. Tate will testify that Defendants' "financial report" provided to the Court in February of 2023 includes multiple inaccuracies and omissions.

## III. RESERVATIONS

Plaintiffs' witness disclosures hereby incorporate all previously disclosed lay and expert witnesses of the other parties in this case.

Plaintiffs hereby expressly reserve the right not to call every witness listed. Plaintiffs also reserve the right to call all witnesses identified in any deposition taken by any party.

Plaintiffs further reserve the right to call any person having factual knowledge, whether listed as a witness or not, whether otherwise disclosed in records produced or in answers to

interrogatories or documents received in production as discovery proceeds and expressly reserves the right to amend and/or supplement this disclosure of potential witnesses.

Plaintiffs expressly reserve the right to supplement or otherwise revise the forgoing Witness List in the event another party produces previously undisclosed information or witnesses.

Plaintiffs expressly reserve the right to call any and all necessary rebuttal witnesses.

Dated November 15, 2024.

RIVERSIDE NW LAW GROUP, PLLC

BY: *<u>/s/ Matthew S. Mensik</u>*

Mathew A. Mensik, WSBA 44260
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
Telephone: (206) 949-3540
Email: mam@rnwlg.com

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 67 of 100

**CERTIFICATE OF SERVICE**

The undersigned served the above-document via email on the below listed individuals on November 15, 2024:

Eric Young, @eyoung-encrypy@pm.me

Susanann Young, Jaegersmum@proton.me

Declared under penalty of perjury under the laws of the State of Washington.

DATED at Spokane, Washington this 15th day of November, 2024.


*s/ Mathew A. Mensik*
Mathew A. Mensik

PLAINTIFFS' AMENDED LAY
AND EXPERT WITNESS DISCLOSURE  - 7

**SUPERIOR COURT OF WASHINGTON**
**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| Linda Cole and Ted Cole,<br><br>Plaintiffs,<br><br>v.<br><br>Eric Ross Young and Susanann Lynette Young,<br><br>Defendants. | No. 23-2-04734-32<br><br>DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS [AND SUPPLEMENTAL RESPONSES THERETO] |

TO: Linda Cole and Ted Cole, 625 Broadway St., Baker City, OR 97814

AND: Michael R. Merritt, counsel of record for Plaintiffs, 717 W. Sprague Ave., Suite 1200, Spokane, WA 99201

## I. INTRODUCTION

In accordance with Superior Court Civil Rules (CR) 26, 33, and 34, please answer the following interrogatories and requests for production of documents, electronically stored information, and tangible things, separately and fully under oath, within thirty (30) days of the date of service and in accordance with the DEFINITIONS and INSTRUCTIONS set forth below. Documents are to be produced electronically via email pursuant to the electronic service agreement between the parties, or for inspection and copying by mail to: Hatcher Law, PLLC,

11616 N. Market St., #1090
Mead, WA 99021

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 69 of 100

11616 N. Market St. #1090, Mead Washington 99021, with instructions specifying whether you wish them to be copied and returned or to be retained.

## II.       DEFINITIONS

For the purposes of these Requests, the following definitions apply:

1.       "You" (or "your") or "plaintiff" refers to Linda and Ted Cole, their agents, employees, investigators, experts, insurers, attorneys, entities under their control, or other representatives, and their attorneys' agents, employees, and investigators.  When "you" (or "your" or "plaintiff") is used in an Interrogatory or Request for Production, or a part thereof, it is intended that the answer to the Interrogatory or Request for Production, or part thereof, is to include all information known to plaintiffs, their agents, employees, investigators, experts, insurers, attorneys, guardian ad litem, entities under their control, or other representatives, and their attorneys' agents, employees, and investigators.

2.       "Document" means any written, recorded, or other graphic matter, electronic or not, however produced or reproduced.  It should be understood to have the broadest possible meaning consistent with the Civil Rules and includes all matter that relates or refers in whole or in part to the subjects referred to in an interrogatory or a request for production.  If a document has been prepared in several copies, or if additional copies have been made, and the copies are not identical, or have undergone alteration, each non-identical copy is a separate "document." This definition includes, but is not limited to, the following: any paper, writing, chart, memo, note, letter, inter-office memo, intra-office memo, email, report, study, statement, map, log entry, drawing, photograph, sketch, picture, tape recording, any other verbal or pictorial

DEFENDANTS' FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS [AND SUPPLEMENTAL RESPONSES
THERETO] - PAGE **2** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

representation of any event or idea that has transpired, whether meant for communication to others or for personal need.

3. “Person” means any public or private entity or natural person, including any individual, firm, partnership, joint venture, corporation, association, company, foundation, or business enterprise.

4. “Financial Institution” means, without limitation, state-chartered commercial banks, stock savings banks, mutual savings banks, alien banks, savings and loan associations, credit unions, and independent trust companies.

5. “Identity” and “identify,” when used with reference to a person, requires stating the person’s full name or business name and their present home and business address and telephone numbers. “Identity” and “identify,” when used with reference to documents, requires stating specifically (a) the type of document involved (e.g., “email,” “inter-office memorandum,” etc.), together with information sufficient to enable defendants to identify the document, such as its date; (b) the name(s) of the author, any recipient(s), and any signer(s); (c) the title or heading of the document and its approximate number of pages; and (d) the identity of the person last known to have possession of the document, together with the present or last known location of the document.

6. “Related to” means pertinent, relevant or material to, evidencing, having a bearing on, or concerning, affecting, discussing, dealing with, considering, or otherwise relating to in any manner whatsoever, the subject matter of inquiry.

DEFENDANTS’ FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS [AND SUPPLEMENTAL RESPONSES THERETO] - PAGE **3** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

## III. INSTRUCTIONS

1. Pursuant to Civil Rules 33 and 34, if you object, the grounds for each objection must be stated.

2. No specific Interrogatory or Request for Production should be construed to limit the scope of any other Interrogatory or Request for Production, or of any term defined above, and no subpart of any Interrogatory or Request for Production should be construed to limit the scope of any other subpart of such Interrogatory or Request for Production.

3. When an answer or response contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of an answer or response, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When an answer or response that includes documents has been redacted or altered in any fashion, you must identify as to each document the reason(s) for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4. If you object to or otherwise decline to respond to any portion of an Interrogatory or Request for Production, please provide all information called for by that portion of the Interrogatory or Request for Production to which you do not object or to which you do not decline to respond. For those portions of an Interrogatory or Request for Production to which you object or otherwise refuse to provide an answer or response, please state the reason(s) for such objection or refusal, and state whether you are refusing to provide an answer or response.

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

5. It is intended that these Interrogatories and Requests for Production will not solicit any material protected either by the attorney-client privilege or by the work-product doctrine that was created by, or developed by, your counsel after the date on which this litigation was commenced, and they should be construed accordingly.

6. If an answer or response to any Interrogatory or Request for Production is objected to on the grounds that the Interrogatory or Request for Production is unduly burdensome, please describe the burden or expense associated with answering or responding.

7. Notwithstanding any definition set forth above, each word, term, or phrase used in these interrogatories is intended to have the broadest meaning permitted under the Civil Rules.

## IV. INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all Persons involved in responding to these Interrogatories and Requests for Production, including identification of each Interrogatory or Request that each Person provided information for or answered.

**ANSWER:**

Linda and Ted Cole and their attorney, Michael Merritt.

Supplemental Answer: Matthew Mensik.

**INTERROGATORY NO. 2:** Have you been a party to any lawsuits, including bankruptcy and/or divorce proceedings, in the past? If so, please provide:

(a) A description of the nature of the lawsuit;

(b) The names of parties (or case name);

(c) The court and cause number;

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

(d) The name of the attorney representing you;

(e) The name of any insurance company involved; and

(f) The outcome of the lawsuit, including any judgments against you and the amount thereof.

**ANSWER:**

Objection. This interrogatory seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence in this case.

**INTERROGATORY NO. 3:** Did you file any loan applications during the years 2020, 2021, 2022, and 2023? If so, please provide the identity of the lender, the amount sought, and final disposition of the loan application.

**ANSWER:**

Objection. This interrogatory seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence in this case.

**INTERROGATORY NO. 4:** Did you obtain pre-approval for a home loan during the years 2020, 2021, 2022, and 2023? If so, please provide the identity of the lender and final disposition of the pre-approval application.

**ANSWER:**

Objection. This interrogatory seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence in this case.

**INTERROGATORY NO. 5:** Identify each financial institution in which you hold an account.

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 74 of 100

**ANSWER:**

Objection. This interrogatory seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence in this case.

**INTERROGATORY NO. 6:** Identify the dog mentioned in the Supplemental Declaration of Linda Cole, sub number 11.0, dated November 9, 2023. By way of identification, please provide:

(a) Collar Tag identifier;

(b) Microchip identifier;

(c) American Kennel Club ("AKC") Registration Number;

(d) Primary Contact listed with AKC;

(e) Alternate Contact listed with AKC;

(f) Veterinary practice to which the dog has been taken;

(g) Any other identifier;

(h) Bill of Sale or other ownership paperwork, or any document evincing ownership.

**ANSWER:**

The AKC registration for the dog names her Lady Adorable. She is a red sable Pomeranian. She has an AKC registration number, a license number and she has been microchipped. All this was done and paid for by Linda and Ted Cole. The dog has been taken to Animal Clinic of Baker, Inc. located on 2490 Tenth St., Baker City, Oregon for all vaccinations, and was also taken to Garland Animal Clinic for other treatment. All such treatment was paid for by Linda and Ted Cole. A Canine Health Record provided by the breeder identifies Linda & Ted Cole as the owner of the dog.

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS [AND SUPPLEMENTAL RESPONSES THERETO] - PAGE **7** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

Plaintiff will not provide any of the license or registration numbers for the dog as Defendants have attempted numerous times by contacting the AKC to steal the registration of the dog and were thwarted in their attempt because they needed the registration number and the other identifying information to do so.

**INTERROGATORY NO. 7:** List each firearm that you own. For each listed firearm, specify its manufacturer, model, serial number, and means in which it was acquired.

**ANSWER:**

The information is irrelevant as the firearms Defendants removed from Plaintiff's without permission have been returned.

**INTERROGATORY NO. 8:** List all personal property you allege has been converted by Defendants.

**ANSWER:**

1) Home Decor items purchased at the At Home store in Spokane $650.09. 34 Items, brand new & unbroken or opened. Things missing from stuff that was not brand new in the storage unit. 1 Rug gripper tape 2.5x25, 1 Wooden Bowl, 1 Pug 12x12 picture, 3 Habitat gold sphere wall decoration set (1 big, 2 smaller).

2) Superchip Flashpaq handheld tuner for GM Yukon (Eric also owns a Yukon like the Cole's)

3) Basketball Hoop (Eric took to Spokane &set up the hoop without permission so he & his son could play it was not for them)

4) All paperwork remaining in Eric's possession regarding the house remodeling construction, including JM Precision's contract Jose gave to him that he never returned to him.

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 76 of 100

5) Chutney matching dish set (that was originally in unopened Amazon boxes), red with fruit on the side. Matching bakeware, glassware.

6) 7 Clear totes with white lids 64 quart

7) 2 solid black collapsing crates

8) 1 black with red trim collapsing crate

9) Professional peanut hair clipper

10) National Park Senior Pass Missing from Ted's 2021 Truck

11) Key Fob for 2021 Ford Truck or money to replace it

12) Electric cutting knife

13) Medication: Linda's, Anastrozole 1 mg tablets, Furosemide 20 mg tablets Delivered to the Young's address 11/11/23 Ted's Ropinrole 1 mg tablets, Losartan 100 mg tablets. Delivered to the Young's 11/1/23. Albuterol HFA 90 mca/act inhaler 14 boxes for both Ted & Linda missing from the medicine cabinet in bedroom.

14) Air Optics Alcon Contacts 3 full boxes missing from Linda's suitcase

15) Lady the Pomeranian puppy along with the dog supplies Linda bought & paid for. Shampoo & conditioner, dog grooming rake/comb, dog harness, dog leash, double dinner bowl, collar accessory vest/harness, 3 dog sweaters, smart bell, reusable dog diaper wraps, collapsible pet bowls, pet carrier, cat toy.

16) Enlope white battery charger

17) 2 Load Locks

18) 1900 Story & Clark Piano wheel & circular support wood with casters that went with it.

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

19) Badland ZXR 3500 lb. ATV/Powersport 12V Winch with Wire Rope

Supplemental Answer:

Plaintiffs received the following items back when the return of these items was facilitated by Plaintiffs' prior counsel:

Ted's Ropinrole 1 mg tablets, Losartan 100 mg tablets;

1900 Story & Clark Piano wheel & circular support wood (however the casters were not returned);

All the 34 Home Décor items (item #1 above) were returned except for the following: 1 rug gripper tape 2.5x25, 1 wooden bowl, 1 pug 12x12 picture, 3 Habitat Gold Sphere Wall Decoration Set (1 big, 2 small).

The following item was also converted by Defendants:

Jeannie Houchli's dining room hutch.

All of Linda Cole's piano books that were stored in the piano bench.

**INTERROGATORY NO. 9:** Identify each piece of evidence that you intend to rely on at trial or that you intend to submit in support of any dispositive motion in this matter.

**ANSWER:**

Objection. This interrogatory is overbroad and vague and seeks work product protected information. Further, it is not possible at this time to identify all evidence that will be presented at the time of trial or that may be used in support of a dispositive motion.

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 78 of 100

Supplemental Answer: Without waiving said objections, and without knowing what evidence Plaintiffs intend to rely upon at trial or in support of a dispositive motion, please see the following:

(1) All documents produced by Plaintiffs in discovery (Cole 000001-1479);

(2) Portions of Defendants' responses to Plaintiffs' First Set of Interrogatories and Requests for Production, as Defendants' responsive documents are imbedded inside of the written responses (TBD);

(3) Portions of Defendants' responses to Plaintiffs' First Set of Requests for Admission, as Defendants' responsive documents are imbedded inside of the written responses (TBD);

(4) Eric Young's and Susanann Young's deposition transcripts and deposition exhibits;

(5) Audio recordings taken by the parties on October 20 / 21, 2023;

(6) Transcripts of hearings in this case (which Defendants can order), specifically:

a. November 7, 2023

b. February 2, 2024

c. February 20, 2024

d. February 22, 2024

e. February 23, 2024

f. February 27, 2024

g. February 29, 2024

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

h. March 1, 2024

i. March 4, 2024

j. March 6, 2024

k. March 13, 2024

(7) Defendants' bank / financial records produced in 2024;

(8) Documents received via subpoena from third parties;

(9) Emails from Defendants regarding representations relevant to this case.

**INTERROGATORY NO. 10:** For the expert disclosed in Plaintiffs' Lay and Expert Witness Disclosure dated April 17, 2024, namely Virginia Tate, but also any other experts Plaintiffs intend to disclose, please provide:

(a) The substance of the facts and opinions in which the expert is expected to testify;

(b) A summary of the grounds for each opinion;

(c) The sources of information the expert considered in forming their opinion;

(d) Any exhibits to be used as a summary of, or as support for, the expert's opinions;

(e) The qualifications of the expert;

(f) All published books, papers, or articles the expert has written, alone or jointly, within the last ten years;

(g) All legal matters in which the expert has offered opinions within the last ten years; and

(h) The compensation to be paid to the expert.

**ANSWER:**

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS [AND SUPPLEMENTAL RESPONSES THERETO] - PAGE **12** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

The information requested with respect to Virginia Tate is included in her multiple reports disclosed to the court in this case and produced with these interrogatories. Plaintiffs have no other expert retained at this time.

Supplemental Answer:

(a) Ms. Tate will testify consistent with her prior reports. Further, Ms. Tate will testify regarding (1) the acquisition and disposition of the funds in dispute in this case, (2) Defendants' financial situation between August 2023 to March 2024, and (3) key inaccuracies in Defendants' "financial report" submitted to the Court.

(b) Ms. Tate will testify consistent with her prior reports. Further:

    a. Ms. Tate will testify regarding the acquisition and disposition of the funds in dispute in this case, specifically tracing the money and expenditures by Defendants once the money was wired into Defendant's bank accounts, Defendants' efforts to move money between financial accounts, and the rise in expenditures due to the influx of Plaintiffs' monies.

    b. Using Defendants' own financial records, Ms. Tate will testify regarding Defendants' financial situation between August 2023 and March 2024, demonstrating Defendants' financial issues, limited financial resources, and the impact the influx of Plaintiffs' monies had on Defendants' resources; and

    c. Ms. Tate will testify that Defendants' "financial report" provided to the Court in February of 2023 includes multiple inaccuracies and omissions.

(c) See Ms. Tate's reports. Further, Ms. Tate will rely upon Defendants' own financial records and "financial report."

DEFENDANTS' FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS [AND SUPPLEMENTAL RESPONSES
THERETO] - PAGE **13** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

(d) See Ms. Tate's reports. Ms. Tate's testimony may also include demonstrative exhibits to aid the Court during her testimony.

(e) See Ms. Tate's reports and attached CV.

(f) See Ms. Tate's reports.

(g) See Ms. Tate's reports and CV.

(h) Ms. Tate's hourly rate is $375 per hour.

**INTERROGATORY NO. 11:** Identify each and every agency, administrative body, governmental entity, or business with whom you have communicated regarding the subject matter of this lawsuit.

**ANSWER:**

Objection. This interrogatory seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence in this case.

Supplemental Answer: The Baker City Police Department.

**INTERROGATORY NO. 12:** For each lay witness disclosed in Plaintiffs' Lay and Expert Witness Disclosure dated April 17, 2024, please provide:

(a) The relevant facts that you understand to be within the knowledge of each such witness;

(b) The subject matter of the testimony expected to be elicited from such witness; and

(c) The substance of the testimony to be elicited from such witness.

**ANSWER:**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

See description of testimony for each witness in the disclosure. Plaintiffs do not have any further specifics on the scope of the knowledge of the disclosed individuals at this time except for the following:

Ted and Linda Cole are expected to testify regarding the allegations made in the verified complaint. Supplemental Answer: Ted and Linda Cole are expected to testify consistent with their declarations / depositions.

Matthew Anderson is expected to testify regarding the manner in which the partial wire transfer documents were signed by Linda Cole.

Joell and Mark Severns are expected to testify regarding the allegations in the verified complaint that are within their personal knowledge.

Dawn Bruce is expected to testify regarding her conversations with Linda Cole, Eric Young, and Susanann Young arranging the wire transfers.

Christy Varner, Tara Crader, and Brook Wolcott will testify regarding the wire transfers.

Dawn Kiztmiller will testify to the efforts made by Eric Young to obstruct and derail the remodel of the Cole's Baker City home.

Randy DeMaris will testify to the same subject matter as Dawn Kitzmiller.

Rebecca Flaherty will testify regarding the home purchase the Defendants attempted with the money they stole from the Plaintiffs, and the representations the Defendants made during this process about the money they had for the purchase, the fraudulent gift letter they had, and any representation they made regarding agreements they had to did not have with the Coles.

Supplemental Answer:

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS [AND SUPPLEMENTAL RESPONSES THERETO] - PAGE **15** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

Joseph Hanson worked for Miller's Lumber and Truss and will testify regarding his experiences with the Cole residence remodel and his interactions with Eric Young, including Eric's lack of professionalism, Eric's impact on the remodel, and statements Eric made regarding Linda Cole's alleged "mental deficiencies."

Defendant Eric & Susanann Young will testify regarding the issues raised in the complaint and will testify consistent with their deposition testimony and discovery responses, and consistent with documents produced in this case.

## V. REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents identified in your response to Interrogatories No. 11 and 12.

**RESPONSE:**

Objection. This request seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence in this case with respect to Interrogatory 11. Also, no documents were identified in either interrogatory response.

Supplemental Answer: See the Baker City Police Department interview video.

**REQUEST FOR PRODUCTION NO. 2:** For each expert witness identified in response to Interrogatory No. 10, produce:

(a) Each expert's retainer agreement;

(b) Each expert's curriculum vitae;

(c) Reports produced for Plaintiffs;

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

(d) Documents, records, and reference materials which will be utilized by the expert in formulating opinions to support the claims in the Verified Complaint;

(e) All correspondence between you and the expert;

(f) All billing statements, invoices, and other documents evidencing the hours worked and the amounts billed by the expert;

(g) Copies of reports, deposition transcripts, and trial testimony transcripts concerning the expert's opinions in any case in the last ten years in which the expert gave opinions regarding allegedly fraudulent transactions or transfers; and

(h) Copies of any amicus briefs authored in whole or in part by the expert regarding fraudulent transactions or transfers.

**RESPONSE:**

See FAI Reports with Ms. Tate's CV attached that Defendants already have in their possession.

All account records and information relied upon for Ms. Tate's opinions are listed in the reports and are already in the possession of Plaintiffs.

Supplemental Answer: See the above supplemental answer to Interrogatory No. 10. Ms. Tate may also rely upon financial records received from third-party subpoenas, specifically financial records for Defendants' financial accounts from August and September 2023 that were not previously disclosed by Defendants, as well as possibly Defendants' deposition transcripts, as well as court hearing transcripts.

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents identified in your response to Interrogatory No. 9.

**RESPONSE:**

Objection. This request is overbroad and vague and seeks work product protected information, and it is not possible at this time to identify all evidence that will be presented at the time of trial or that may be used in support of a dispositive motion.

Supplemental Response: Please see the answer and objections to Interrogatory No. 9. Please see the documents produced in discovery. Please see also all documents identified in response to Interrogatory No. 9.

**REQUEST FOR PRODUCTION NO. 4:** Produce all documents identified in your response to Interrogatory No. 8 which evince ownership of such items.

**RESPONSE:**

Objection. This request is overbroad and impracticable as Defendants essentially have stolen a house full of items under the pretext of helping Plaintiff's move to Spokane from Baker City. In the alternative, Plaintiffs have provided a list of missing items that Defendants have taken, Defendants should produce a receipt for each of those items to prove their ownership if they claim they own the items. Additionally, some of these documents are believed to have been removed from the Cole household by Defendants. Notwithstanding the objection, See attached receipts attached as **Exhibit 1**.

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

**REQUEST FOR PRODUCTION NO. 5:** Produce all documents identified in your response to Interrogatory No. 7 which evince ownership of such items.

**RESPONSE:**

Objection. The information requested is irrelevant as the firearms Defendants removed from Plaintiff's possession without permission have been returned.

**REQUEST FOR PRODUCTION NO. 6:** Produce all documents identified in your response to Interrogatory No. 6.

**RESPONSE:**

See attached registration, canine health record, veterinary invoices, purchase records and evidence of payment as **Exhibit 2**.

**REQUEST FOR PRODUCTION NO. 7:** Produce all documents identified in your response to Interrogatory No. 3-5.

**RESPONSE:**

Objection. This request seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence in this case.

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents identified in your response to Interrogatory No. 2.

**RESPONSE:**

Objection. This request seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence in this case.

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

**DECLARATION OF RESPONDING PARTY**

I declare under the penalty of perjury under the laws of the state of Washington that I am a Defendant in this action and am authorized to make the foregoing answers. I declare that I have read the foregoing answers, know the contents thereof, and believe them to be true and correct.

Dated this _____ day of _______, 2024 at ___________________________________.

______________________________________
Signature

______________________________________
Printed Name

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS [AND SUPPLEMENTAL RESPONSES THERETO] - PAGE **20** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 88 of 100

**CERTIFICATION**

The undersigned attorney for Plaintiffs has read the foregoing supplemental responses to Defendants' First Set of Interrogatories and Requests for Production of Documents, and they are in compliance with Civil Rule 26(g).

DATED this 15th day of November, 2024.

**RIVERSIDE NW LAW GROUP, PLLC**

*/s/ Matthew A. Mesnik*
Mathew A. Mensik, WSBA #44260
Attorney for Plaintiffs

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS [AND SUPPLEMENTAL RESPONSES THERETO] - PAGE **21** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

## CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

Eric & Susanann Young
8501 N. Sylvia St.
Spokane, WA 99208
e-young-encrypt@pm.me
jaegersmum@gmail.com

[ X ] E-mail

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS [AND SUPPLEMENTAL RESPONSES THERETO] - PAGE **22** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 90 of 100

**SUPERIOR COURT OF WASHINGTON**
**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| Linda Cole and Ted Cole,<br><br>Plaintiffs,<br><br>v.<br><br>Eric Ross Young and Susanann Lynette Young,<br><br>Defendants. | No. 23-2-04734-32<br><br>DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS [AND SUPPLEMENTAL RESPONSES THERETO] |

TO: Linda Cole and Ted Cole, 625 Broadway St., Baker City, OR 97814

AND: Michael R. Merritt, counsel of record for Plaintiffs, 717 W. Sprague Ave., Suite 1200, Spokane, WA 99201

## I. INTRODUCTION

In accordance with Superior Court Civil Rules (CR) 26, 33, and 34, please answer the following interrogatories and requests for production of documents, electronically stored information, and tangible things, separately and fully under oath, within thirty (30) days of the date of service and in accordance with the DEFINITIONS and INSTRUCTIONS set forth below. Documents are to be produced electronically via email pursuant to the electronic service agreement between the parties, or for inspection and copying by mail to: Hatcher Law, PLLC,

11616 N. Market St., #1090
Mead, WA 99021

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 91 of 100

11616 N. Market St. #1090, Mead Washington 99021, with instructions specifying whether you wish them to be copied and returned or to be retained.

## II. DEFINITIONS

For the purposes of these Requests, the following definitions apply:

1. "You" (or "your") or "plaintiff" refers to Linda and Ted Cole, their agents, employees, investigators, experts, insurers, attorneys, entities under their control, or other representatives, and their attorneys' agents, employees, and investigators. When "you" (or "your" or "plaintiff") is used in an Interrogatory or Request for Production, or a part thereof, it is intended that the answer to the Interrogatory or Request for Production, or part thereof, is to include all information known to plaintiffs, their agents, employees, investigators, experts, insurers, attorneys, guardian ad litem, entities under their control, or other representatives, and their attorneys' agents, employees, and investigators.

2. "Document" means any written, recorded, or other graphic matter, electronic or not, however produced or reproduced. It should be understood to have the broadest possible meaning consistent with the Civil Rules and includes all matter that relates or refers in whole or in part to the subjects referred to in an interrogatory or a request for production. If a document has been prepared in several copies, or if additional copies have been made, and the copies are not identical, or have undergone alteration, each non-identical copy is a separate "document." This definition includes, but is not limited to, the following: any paper, writing, chart, memo, note, letter, inter-office memo, intra-office memo, email, report, study, statement, map, log entry, drawing, photograph, sketch, picture, tape recording, any other verbal or pictorial

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS [AND SUPPLEMENTAL RESPONSES THERETO] - PAGE **2** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

representation of any event or idea that has transpired, whether meant for communication to others or for personal need.

3. "Person" means any public or private entity or natural person, including any individual, firm, partnership, joint venture, corporation, association, company, foundation, or business enterprise.

4. "Financial Institution" means, without limitation, state-chartered commercial banks, stock savings banks, mutual savings banks, alien banks, savings and loan associations, credit unions, and independent trust companies.

5. "Identity" and "identify," when used with reference to a person, requires stating the person's full name or business name and their present home and business address and telephone numbers. "Identity" and "identify," when used with reference to documents, requires stating specifically (a) the type of document involved (e.g., "email," "inter-office memorandum," etc.), together with information sufficient to enable defendants to identify the document, such as its date; (b) the name(s) of the author, any recipient(s), and any signer(s); (c) the title or heading of the document and its approximate number of pages; and (d) the identity of the person last known to have possession of the document, together with the present or last known location of the document.

6. "Related to" means pertinent, relevant or material to, evidencing, having a bearing on, or concerning, affecting, discussing, dealing with, considering, or otherwise relating to in any manner whatsoever, the subject matter of inquiry.

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

## III. INSTRUCTIONS

1. Pursuant to Civil Rules 33 and 34, if you object, the grounds for each objection must be stated.

2. No specific Interrogatory or Request for Production should be construed to limit the scope of any other Interrogatory or Request for Production, or of any term defined above, and no subpart of any Interrogatory or Request for Production should be construed to limit the scope of any other subpart of such Interrogatory or Request for Production.

3. When an answer or response contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of an answer or response, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When an answer or response that includes documents has been redacted or altered in any fashion, you must identify as to each document the reason(s) for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4. If you object to or otherwise decline to respond to any portion of an Interrogatory or Request for Production, please provide all information called for by that portion of the Interrogatory or Request for Production to which you do not object or to which you do not decline to respond. For those portions of an Interrogatory or Request for Production to which you object or otherwise refuse to provide an answer or response, please state the reason(s) for such objection or refusal, and state whether you are refusing to provide an answer or response.

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

5. It is intended that these Interrogatories and Requests for Production will not solicit any material protected either by the attorney-client privilege or by the work-product doctrine that was created by, or developed by, your counsel after the date on which this litigation was commenced, and they should be construed accordingly.

6. If an answer or response to any Interrogatory or Request for Production is objected to on the grounds that the Interrogatory or Request for Production is unduly burdensome, please describe the burden or expense associated with answering or responding.

7. Notwithstanding any definition set forth above, each word, term, or phrase used in these interrogatories is intended to have the broadest meaning permitted under the Civil Rules.

## IV. INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all Persons involved in responding to these Interrogatories and Requests for Production, including identification of each Interrogatory or Request that each Person provided information for or answered.

**ANSWER:**

Linda and Ted Cole and their attorney, Michael Merritt.

Supplemental Answer: Matthew Mensik.

**INTERROGATORY NO. 2:** Have you been a party to any lawsuits, including bankruptcy and/or divorce proceedings, in the past? If so, please provide:

(a) A description of the nature of the lawsuit;

(b) The names of parties (or case name);

(c) The court and cause number;

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

(d) The name of the attorney representing you;

(e) The name of any insurance company involved; and

(f) The outcome of the lawsuit, including any judgments against you and the amount thereof.

**ANSWER:**

Objection. This interrogatory seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence in this case.

**INTERROGATORY NO. 3:** Did you file any loan applications during the years 2020, 2021, 2022, and 2023? If so, please provide the identity of the lender, the amount sought, and final disposition of the loan application.

**ANSWER:**

Objection. This interrogatory seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence in this case.

**INTERROGATORY NO. 4:** Did you obtain pre-approval for a home loan during the years 2020, 2021, 2022, and 2023? If so, please provide the identity of the lender and final disposition of the pre-approval application.

**ANSWER:**

Objection. This interrogatory seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence in this case.

**INTERROGATORY NO. 5:** Identify each financial institution in which you hold an account.

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 96 of 100

**ANSWER:**

Objection. This interrogatory seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence in this case.

**INTERROGATORY NO. 6:** Identify the dog mentioned in the Supplemental Declaration of Linda Cole, sub number 11.0, dated November 9, 2023. By way of identification, please provide:

(a) Collar Tag identifier;

(b) Microchip identifier;

(c) American Kennel Club ("AKC") Registration Number;

(d) Primary Contact listed with AKC;

(e) Alternate Contact listed with AKC;

(f) Veterinary practice to which the dog has been taken;

(g) Any other identifier;

(h) Bill of Sale or other ownership paperwork, or any document evincing ownership.

**ANSWER:**

The AKC registration for the dog names her Lady Adorable. She is a red sable Pomeranian. She has an AKC registration number, a license number and she has been microchipped. All this was done and paid for by Linda and Ted Cole. The dog has been taken to Animal Clinic of Baker, Inc. located on 2490 Tenth St., Baker City, Oregon for all vaccinations, and was also taken to Garland Animal Clinic for other treatment. All such treatment was paid for by Linda and Ted Cole. A Canine Health Record provided by the breeder identifies Linda & Ted Cole as the owner of the dog.

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 97 of 100

Plaintiff will not provide any of the license or registration numbers for the dog as Defendants have attempted numerous times by contacting the AKC to steal the registration of the dog and were thwarted in their attempt because they needed the registration number and the other identifying information to do so.

**INTERROGATORY NO. 7:** List each firearm that you own. For each listed firearm, specify its manufacturer, model, serial number, and means in which it was acquired.

**ANSWER:**

The information is irrelevant as the firearms Defendants removed from Plaintiff's without permission have been returned.

**INTERROGATORY NO. 8:** List all personal property you allege has been converted by Defendants.

**ANSWER:**

1) Home Decor items purchased at the At Home store in Spokane $650.09. 34 Items, brand new & unbroken or opened. Things missing from stuff that was not brand new in the storage unit. 1 Rug gripper tape 2.5x25, 1 Wooden Bowl, 1 Pug 12x12 picture, 3 Habitat gold sphere wall decoration set (1 big, 2 smaller).

2) Superchip Flashpaq handheld tuner for GM Yukon (Eric also owns a Yukon like the Cole's)

3) Basketball Hoop (Eric took to Spokane &set up the hoop without permission so he & his son could play it was not for them)

4) All paperwork remaining in Eric's possession regarding the house remodeling construction, including JM Precision's contract Jose gave to him that he never returned to him.

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS [AND SUPPLEMENTAL RESPONSES THERETO] - PAGE **8** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

5) Chutney matching dish set (that was originally in unopened Amazon boxes), red with fruit on the side. Matching bakeware, glassware.

6) 7 Clear totes with white lids 64 quart

7) 2 solid black collapsing crates

8) 1 black with red trim collapsing crate

9) Professional peanut hair clipper

10) National Park Senior Pass Missing from Ted's 2021 Truck

11) Key Fob for 2021 Ford Truck or money to replace it

12) Electric cutting knife

13) Medication: Linda's, Anastrozole 1 mg tablets, Furosemide 20 mg tablets Delivered to the Young's address 11/11/23 Ted's Ropinrole 1 mg tablets, Losartan 100 mg tablets. Delivered to the Young's 11/1/23. Albuterol HFA 90 mca/act inhaler 14 boxes for both Ted & Linda missing from the medicine cabinet in bedroom.

14) Air Optics Alcon Contacts 3 full boxes missing from Linda's suitcase

15) Lady the Pomeranian puppy along with the dog supplies Linda bought & paid for. Shampoo & conditioner, dog grooming rake/comb, dog harness, dog leash, double dinner bowl, collar accessory vest/harness, 3 dog sweaters, smart bell, reusable dog diaper wraps, collapsible pet bowls, pet carrier, cat toy.

16) Enlope white battery charger

17) 2 Load Locks

18) 1900 Story & Clark Piano wheel & circular support wood with casters that went with it.

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

19) Badland ZXR 3500 lb. ATV/Powersport 12V Winch with Wire Rope

Supplemental Answer:

Plaintiffs received the following items back when the return of these items was facilitated by Plaintiffs' prior counsel:

Ted's Ropinrole 1 mg tablets, Losartan 100 mg tablets;

1900 Story & Clark Piano wheel & circular support wood (however the casters were not returned);

All the 34 Home Décor items (item #1 above) were returned except for the following: 1 rug gripper tape 2.5x25, 1 wooden bowl, 1 pug 12x12 picture, 3 Habitat Gold Sphere Wall Decoration Set (1 big, 2 small).

The following item was also converted by Defendants:

Jeannie Houchli's dining room hutch.

All of Linda Cole's piano books that were stored in the piano bench.

**INTERROGATORY NO. 9:** Identify each piece of evidence that you intend to rely on at trial or that you intend to submit in support of any dispositive motion in this matter.

**ANSWER:**

Objection. This interrogatory is overbroad and vague and seeks work product protected information. Further, it is not possible at this time to identify all evidence that will be presented at the time of trial or that may be used in support of a dispositive motion.

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

25-80037-FPC Doc 17-2 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 100 of 100