Supplemental Answer: Without waiving said objections, and without knowing what evidence Plaintiffs intend to rely upon at trial or in support of a dispositive motion, please see the following:

(1) All documents produced by Plaintiffs in discovery (Cole 000001-1479);

(2) Portions of Defendants' responses to Plaintiffs' First Set of Interrogatories and Requests for Production, as Defendants' responsive documents are imbedded inside of the written responses (TBD);

(3) Portions of Defendants' responses to Plaintiffs' First Set of Requests for Admission, as Defendants' responsive documents are imbedded inside of the written responses (TBD);

(4) Eric Young's and Susanann Young's deposition transcripts and deposition exhibits;

(5) Audio recordings taken by the parties on October 20 / 21, 2023;

(6) Transcripts of hearings in this case (which Defendants can order), specifically:

    a.   November 7, 2023

    b.   February 2, 2024

    c.   February 20, 2024

    d.   February 22, 2024

    e.   February 23, 2024

    f.   February 27, 2024

    g.   February 29, 2024

DEFENDANTS' FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS [AND SUPPLEMENTAL RESPONSES
THERETO] - PAGE **11** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

h. March 1, 2024

i. March 4, 2024

j. March 6, 2024

k. March 13, 2024

(7) Defendants' bank / financial records produced in 2024;

(8) Documents received via subpoena from third parties;

(9) Emails from Defendants regarding representations relevant to this case.

**INTERROGATORY NO. 10:** For the expert disclosed in Plaintiffs' Lay and Expert Witness Disclosure dated April 17, 2024, namely Virginia Tate, but also any other experts Plaintiffs intend to disclose, please provide:

(a) The substance of the facts and opinions in which the expert is expected to testify;

(b) A summary of the grounds for each opinion;

(c) The sources of information the expert considered in forming their opinion;

(d) Any exhibits to be used as a summary of, or as support for, the expert's opinions;

(e) The qualifications of the expert;

(f) All published books, papers, or articles the expert has written, alone or jointly, within the last ten years;

(g) All legal matters in which the expert has offered opinions within the last ten years; and

(h) The compensation to be paid to the expert.

**ANSWER:**

DEFENDANTS' FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS [AND SUPPLEMENTAL RESPONSES
THERETO] - PAGE **12** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

The information requested with respect to Virginia Tate is included in her multiple reports disclosed to the court in this case and produced with these interrogatories. Plaintiffs have no other expert retained at this time.

Supplemental Answer:

(a) Ms. Tate will testify consistent with her prior reports. Further, Ms. Tate will testify regarding (1) the acquisition and disposition of the funds in dispute in this case, (2) Defendants' financial situation between August 2023 to March 2024, and (3) key inaccuracies in Defendants' "financial report" submitted to the Court.

(b) Ms. Tate will testify consistent with her prior reports. Further:

    a. Ms. Tate will testify regarding the acquisition and disposition of the funds in dispute in this case, specifically tracing the money and expenditures by Defendants once the money was wired into Defendant's bank accounts, Defendants' efforts to move money between financial accounts, and the rise in expenditures due to the influx of Plaintiffs' monies.

    b. Using Defendants' own financial records, Ms. Tate will testify regarding Defendants' financial situation between August 2023 and March 2024, demonstrating Defendants' financial issues, limited financial resources, and the impact the influx of Plaintiffs' monies had on Defendants' resources; and

    c. Ms. Tate will testify that Defendants' "financial report" provided to the Court in February of 2023 includes multiple inaccuracies and omissions.

(c) See Ms. Tate's reports. Further, Ms. Tate will rely upon Defendants' own financial records and "financial report."

DEFENDANTS' FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS [AND SUPPLEMENTAL RESPONSES
THERETO] - PAGE **13** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

1   (d) See Ms. Tate's reports.  Ms. Tate's testimony may also include demonstrative

2       exhibits to aid the Court during her testimony.

3   (e) See Ms. Tate's reports and attached CV.

4   (f) See Ms. Tate's reports.

5   (g) See Ms. Tate's reports and CV.

6   (h) Ms. Tate's hourly rate is $375 per hour.

7

8   **INTERROGATORY NO. 11:**  Identify each and every agency, administrative body,

9   governmental entity, or business with whom you have communicated regarding the subject

10  matter of this lawsuit.

11      **ANSWER:**

12      Objection.  This interrogatory seeks information irrelevant to this case and is not

13  reasonably calculated to lead to the discovery of admissible evidence in this case.

14      Supplemental Answer: The Baker City Police Department.

15

16  **INTERROGATORY NO. 12:**  For each lay witness disclosed in Plaintiffs' Lay and

17  Expert Witness Disclosure dated April 17, 2024, please provide:

18  (a) The relevant facts that you understand to be within the knowledge of each such

19      witness;

20  (b) The subject matter of the testimony expected to be elicited from such witness; and

21  (c) The substance of the testimony to be elicited from such witness.

22      **ANSWER:**

23  DEFENDANTS' FIRST SET OF INTERROGATORIES
    AND REQUESTS FOR PRODUCTION OF
    DOCUMENTS [AND SUPPLEMENTAL RESPONSES
    THERETO] - PAGE **14** OF **22**

See description of testimony for each witness in the disclosure. Plaintiffs do not have any further specifics on the scope of the knowledge of the disclosed individuals at this time except for the following:

Ted and Linda Cole are expected to testify regarding the allegations made in the verified complaint. <u>Supplemental Answer</u>: Ted and Linda Cole are expected to testify consistent with their declarations / depositions.

Matthew Anderson is expected to testify regarding the manner in which the partial wire transfer documents were signed by Linda Cole.

Joell and Mark Severns are expected to testify regarding the allegations in the verified complaint that are within their personal knowledge.

Dawn Bruce is expected to testify regarding her conversations with Linda Cole, Eric Young, and Susanann Young arranging the wire transfers.

Christy Varner, Tara Crader, and Brook Wolcott will testify regarding the wire transfers.

Dawn Kiztmiller will testify to the efforts made by Eric Young to obstruct and derail the remodel of the Cole's Baker City home.

Randy DeMaris will testify to the same subject matter as Dawn Kitzmiller.

Rebecca Flaherty will testify regarding the home purchase the Defendants attempted with the money they stole from the Plaintiffs, and the representations the Defendants made during this process about the money they had for the purchase, the fraudulent gift letter they had, and any representation they made regarding agreements they had to did not have with the Coles.

<u>Supplemental Answer</u>:

DEFENDANTS' FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS [AND SUPPLEMENTAL RESPONSES
THERETO] - PAGE **15** OF **22**

Joseph Hanson worked for Miller's Lumber and Truss and will testify regarding his experiences with the Cole residence remodel and his interactions with Eric Young, including Eric's lack of professionalism, Eric's impact on the remodel, and statements Eric made regarding Linda Cole's alleged "mental deficiencies."

Defendant Eric & Susanann Young will testify regarding the issues raised in the complaint and will testify consistent with their deposition testimony and discovery responses, and consistent with documents produced in this case.

## V.        REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Produce all documents identified in your response to Interrogatories No. 11 and 12.

**RESPONSE:**

Objection.  This request seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence in this case with respect to Interrogatory 11.  Also, no documents were identified in either interrogatory response.

Supplemental Answer: See the Baker City Police Department interview video.


**REQUEST FOR PRODUCTION NO. 2:**  For each expert witness identified in response to Interrogatory No. 10, produce:

(a) Each expert's retainer agreement;

(b) Each expert's curriculum vitae;

(c) Reports produced for Plaintiffs;

DEFENDANTS' FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS [AND SUPPLEMENTAL RESPONSES
THERETO] - PAGE **16** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

(d) Documents, records, and reference materials which will be utilized by the expert in formulating opinions to support the claims in the Verified Complaint;

(e) All correspondence between you and the expert;

(f) All billing statements, invoices, and other documents evidencing the hours worked and the amounts billed by the expert;

(g) Copies of reports, deposition transcripts, and trial testimony transcripts concerning the expert's opinions in any case in the last ten years in which the expert gave opinions regarding allegedly fraudulent transactions or transfers; and

(h) Copies of any amicus briefs authored in whole or in part by the expert regarding fraudulent transactions or transfers.

**RESPONSE:**

See FAI Reports with Ms. Tate's CV attached that Defendants already have in their possession.

All account records and information relied upon for Ms. Tate's opinions are listed in the reports and are already in the possession of Plaintiffs.

Supplemental Answer: See the above supplemental answer to Interrogatory No. 10. Ms. Tate may also rely upon financial records received from third-party subpoenas, specifically financial records for Defendants' financial accounts from August and September 2023 that were not previously disclosed by Defendants, as well as possibly Defendants' deposition transcripts, as well as court hearing transcripts.

DEFENDANTS' FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS [AND SUPPLEMENTAL RESPONSES
THERETO] - PAGE **17** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

**REQUEST FOR PRODUCTION NO. 3:**  Produce all documents identified in your response to Interrogatory No. 9.

**RESPONSE:**

Objection.  This request is overbroad and vague and seeks work product protected information, and it is not possible at this time to identify all evidence that will be presented at the time of trial or that may be used in support of a dispositive motion.

Supplemental Response: Please see the answer and objections to Interrogatory No. 9. Please see the documents produced in discovery.  Please see also all documents identified in response to Interrogatory No. 9.


**REQUEST FOR PRODUCTION NO. 4:**  Produce all documents identified in your response to Interrogatory No. 8 which evince ownership of such items.

**RESPONSE:**

Objection.  This request is overbroad and impracticable as Defendants essentially have stolen a house full of items under the pretext of helping Plaintiff's move to Spokane from Baker City.  In the alternative, Plaintiffs have provided a list of missing items that Defendants have taken, Defendants should produce a receipt for each of those items to prove their ownership if they claim they own the items.  Additionally, some of these documents are believed to have been removed from the Cole household by Defendants.  Notwithstanding the objection, See attached receipts attached as **Exhibit 1**.

DEFENDANTS' FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS [AND SUPPLEMENTAL RESPONSES
THERETO] - PAGE **18** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

**REQUEST FOR PRODUCTION NO. 5:** Produce all documents identified in your response to Interrogatory No. 7 which evince ownership of such items.

**RESPONSE:**

Objection. The information requested is irrelevant as the firearms Defendants removed from Plaintiff's possession without permission have been returned.

**REQUEST FOR PRODUCTION NO. 6:** Produce all documents identified in your response to Interrogatory No. 6.


**RESPONSE:**

See attached registration, canine health record, veterinary invoices, purchase records and evidence of payment as **Exhibit 2**.

**REQUEST FOR PRODUCTION NO. 7:** Produce all documents identified in your response to Interrogatory No. 3-5.

**RESPONSE:**

Objection. This request seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence in this case.

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents identified in your response to Interrogatory No. 2.

**RESPONSE:**

Objection. This request seeks information irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence in this case.

DEFENDANTS' FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS [AND SUPPLEMENTAL RESPONSES
THERETO] - PAGE **19** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

**<u>DECLARATION OF RESPONDING PARTY</u>**

I declare under the penalty of perjury under the laws of the state of Washington that I am a Defendant in this action and am authorized to make the foregoing answers. I declare that I have read the foregoing answers, know the contents thereof, and believe them to be true and correct.

Dated this _____ day of _____, 2024 at _____.

_____
Signature

_____
Printed Name

DEFENDANTS' FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS [AND SUPPLEMENTAL RESPONSES
THERETO] - PAGE **20** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

## CERTIFICATION

The undersigned attorney for Plaintiffs has read the foregoing supplemental responses to

Defendants' First Set of Interrogatories and Requests for Production of Documents, and they are

in compliance with Civil Rule 26(g).

DATED this 15<u>th</u> day of November, 2024.

**RIVERSIDE NW LAW GROUP, PLLC**

 /s/ *Matthew A. Mesnik*
Mathew A. Mensik, WSBA #44260

Attorney for Plaintiffs

DEFENDANTS' FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS [AND SUPPLEMENTAL RESPONSES
THERETO] - PAGE **21** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

## <u>CERTIFICATE OF SERVICE</u>

I certify that I electronically served a copy of this document on all parties on the date below as follows:

Eric & Susanann Young                    [ X ] E-mail
8501 N. Sylvia St.
Spokane, WA 99208
e-young-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS [AND SUPPLEMENTAL RESPONSES
THERETO] - PAGE **22** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| LINDA COLE and TED COLE,<br><br>        Petitioner,<br><br>        vs.<br><br>ERIC ROSS YOUNG and SUSANANN<br>LYNETTE YOUNG,<br><br>        Defendants. | No.  23-2-04734-32<br><br>DEFENDANT'S SECOND SET OF<br>INTERROGATORIES AND REQUESTS<br>FOR PRODUCTION OF DOCUMENTS<br>**AND RESPONSES THERETO** |

TO:    Linda Cole and Ted Cole, 625 Broadway St., Baker City, OR 97814

AND:  Matt Mensik, Riverside Law Group, PLLC, <address not provided by counsel>

## I.   INTRODUCTION

In accordance with Superior Court Civil Rules (CR) 26, 33, and 34, please answer the following interrogatories and requests for production of documents, electronically stored information, and tangible things, separately and fully under oath, within thirty (30) days of the date of service and in accordance with the DEFINITIONS and INSTRUCTIONS set forth below. Documents are to be produced electronically via email pursuant to the electronic service agreement between the parties, or for inspection and copying by mail to:  ERIC AND SUSAN

YOUNG, 12402 N Division St PMB# 167, Spokane, WA 99218, with instructions specifying

whether you wish them to be copied and returned or to be retained.

## II.    DEFINITIONS

For the purposes of these Requests, the following definitions apply:

1.      "You" (or "your") or "plaintiff" refers to Linda and Ted Cole, their agents,

employees, investigators, experts, insurers, attorneys, entities under their control, or other

representatives, and their attorneys' agents, employees, and investigators. When "you" (or "your"

or "plaintiff") is used in an Interrogatory or Request for Production, or a part thereof, it is intended

that the answer to the Interrogatory or Request for Production, or part thereof, is to include all

information known to plaintiffs, their agents, employees, investigators, experts, insurers, attorneys,

guardian ad litem, entities under their control, or other representatives, and their attorneys' agents,

employees, and investigators.

2.      "Document" means any written, recorded, or other graphic matter, electronic or not,

however produced or reproduced. It should be understood to have the broadest possible meaning

consistent with the Civil Rules and includes all matter that relates or refers in whole or in part to

the subjects referred to in an interrogatory or a request for production. If a document has been

prepared in several copies, or if additional copies have been made, and the copies are not identical,

or have undergone alteration, each non-identical copy is a separate "document." This definition

includes, but is not limited to, the following: any paper, writing, chart, memo, note, letter, inter-

office memo, intra-office memo, email, report, study, statement, map, log entry, drawing,

photograph, sketch, picture, tape recording, any other verbal or pictorial representation of any

event or idea that has transpired, whether meant for communication to others or for personal need.

3.     "Person" means any public or private entity or natural person, including any individual, firm, partnership, joint venture, corporation, association, company, foundation, or business enterprise.

4.     "Financial Institution" means, without limitation, state-chartered commercial banks, stock savings banks, mutual savings banks, alien banks, savings and loan associations, credit unions, and independent trust companies.

5.      "Identity" and "identify," when used with reference to a person, requires stating the person's full name or business name and their present home and business address and telephone numbers.  "Identity" and "identify," when used with reference to documents, requires stating specifically (a) the type of document involved (e.g., "email," "inter-office memorandum," etc.), together with information sufficient to enable defendants to identify the document, such as its date; (b) the name(s) of the author, any recipient(s), and any signer(s); (c) the title or heading of the document and its approximate number of pages; and (d) the identity of the person last known to have possession of the document, together with the present or last known location of the document.

6.     "Related to" means pertinent, relevant or material to, evidencing, having a bearing on, or concerning, affecting, discussing, dealing with, considering, or otherwise relating to in any manner whatsoever, the subject matter of inquiry.

## III.     INSTRUCTIONS

1.     Pursuant to Civil Rules 33 and 34, if you object, the grounds for each objection must be stated.

2.     No specific Interrogatory or Request for Production should be construed to limit the scope of any other Interrogatory or Request for Production, or of any term defined above, and no

subpart of any Interrogatory or Request for Production should be construed to limit the scope of any other subpart of such Interrogatory or Request for Production.

3.     When an answer or response contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of an answer or response, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.  When an answer or response that includes documents has been redacted or altered in any fashion, you must identify as to each document the reason(s) for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

4.     If you object to or otherwise decline to respond to any portion of an Interrogatory or Request for Production, please provide all information called for by that portion of the Interrogatory or Request for Production to which you do not object or to which you do not decline to respond.  For those portions of an Interrogatory or Request for Production to which you object or otherwise refuse to provide an answer or response, please state the reason(s) for such objection or refusal, and state whether you are refusing to provide an answer or response.

5.     It is intended that these Interrogatories and Requests for Production will not solicit any material protected either by the attorney-client privilege or by the work-product doctrine that was created by, or developed by, your counsel after the date on which this litigation was commenced, and they should be construed accordingly.

6.     If an answer or response to any Interrogatory or Request for Production is objected to on the grounds that the Interrogatory or Request for Production is unduly burdensome, please describe the burden or expense associated with answering or responding.

1

7.      Notwithstanding any definition set forth above, each word, term, or phrase used in

2

these interrogatories is intended to have the broadest meaning permitted under the Civil Rules.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INTERROGATORIES

## INTERROGATORY NO. 1:

Describe the events in 2010 which led to you send an email to your son-in-law Eric discussing the situation with your mother-in-law Jeannie regarding a house she had ostensibly bought for you, and describe:

a) what made you state, "We're both so on edge and upset we are nauseated. To know things for certain is very assuring, but to be so misled and left dangling just waiting to drop is gut wrenching...";

b) why you felt you were being 'misled'

c) the 'discrepancies' you mentioned when you said, "There seems (sic) to be discrepancies in things that she says to us. We are now very wary about what actually transpired when we were out there with her. She had us go look at the house on Friday."; and

d) what you meant when you said, "Then came the bomb shell. She had given Pam 90 days to move. Jeannie said Pam wouldn't be out until March…" (email messages)

**ANSWER** :

**Objection. This request is vague, ambiguous, argumentative, compound, assumes facts not in evidence, and seeks information that is not relevant to the claims or defenses at issue in this case. The statement seeks information about an alleged conversation that occurred fourteen years prior to the events at issue.**

## INTERROGATORY NO. 2

Describe in your own words what lead you to tell your daughter, in 2022, that you wanted to move to Spokane from Baker City, and specifically

a) what was it that Mark Severns had said to you that motivated your feelings?

b) what was it about Damien Severns that you also mentioned was part of your reason for wanting to move?

(text messages)

**ANSWER:**

**Objection.  This request is vague, ambiguous, unintelligible, argumentative, compound, assumes facts not in evidence, presumes facts in dispute (or to which Plaintiff's disagree).  The interrogatory is overbroad and unduly burdensome, in that it requests that the Plaintiffs set forth the events of an entire day.  It is not clear who the "you" that is being referred to in this interrogatory, but it is assumed the interrogatory is referring to Linda Cole.**

**Without waiving said objection, please see the following answer:**

**Defendant Susanann Young constantly barraged the Plaintiffs with information about how much better the living conditions were in Spokane, Washington than in Baker City, Oregon. Defendant Susann Young stated that the doctors in Spokane, Washington were far superior and that the constant travel from Baker City, Oregon, to Boise, Idaho, would be detrimental to the Plaintiffs' health.  Additionally, Defendant Susann Young stated that if Plaintiffs wanted to be able to see their only grandchild on a regular basis, the Plaintiffs would need to move to Spokane, Washington. After a Circuit Assembly in October 23, 2022, the Plaintiffs agreed to move to Spokane, Washington, based on the Defendants' recommendations.  Ted Cole did not want to move but agreed anyways.**

**Linda Cole and Susanann Young exchanged text messages regarding Damien Severns, but that was not a reason or Linda Cole wanting to move.**

1

2    ## INTERROGATORY NO. 3

3

4    Describe the series of events occurring on October 14, 2023, beginning in the morning with

5    opening your laptop to retrieve the wire forms sent to you in email by Dawn Bruce - OWFCU Bank

6    Manager, La Grande, OR - and continuing through the evening of that same day, describe:

7    a) the significant event occurring that day

8    b) why you were anxious to complete that event

9
10   c) the importance of completing that event, and

11   d) where you were going after that event was completed

12    (text messages, email messages)

13

14

15   **ANSWER:**

16   **Objection. This request is vague, ambiguous, unintelligible, argumentative, compound,**

17   **assumes facts not in evidence, presumes facts in dispute (or to which Plaintiff's disagree). The**

18   **interrogatory is overbroad and unduly burdensome, in that it requests that the Plaintiffs set**

19   **forth the events of an entire day. It is not clear who the "you" that is being referred to in this**

20   **interrogatory, but it is assumed the interrogatory is referring to Linda Cole.**

21

22   **Without waiving said objection, please see the following answer:**

23   **Plaintiff Linda Cole never opened her laptop & email. Linda never saw the wire**

24   **transfers pages on this day. Regarding the events of October 14, 2023, please see the**

25   **Declaration & Supplemental Declaration of Linda Cole that were filed in this case. See also**

26   **the Declaration of Matthew Anderson. Please also see Linda Cole's deposition transcript.**

27

28

## INTERROGATORY NO. 4

Describe the series of events occurring on October 15, 2023, beginning in the morning at the Baker City house from which you were moving, describe:

a) the furniture present in your living room

b) the activity your daughter helped you complete that was needed to complete your intended bank wires from OWFCU

c) the location of your RV trailer at that time

d) your thinking regarding the contents of the green dump trailer, and specifically the red barbecue that was thrown in the trailer for the dump (which your daughter helped you resolve)

e) your reaction, and your husband Ted's comment to you, when you looked at your OWFCU bank account that day and you were 'shocked' to see the status of your account balance

(text messages)

## ANSWER:

**Objection. This request is vague, ambiguous, unintelligible, argumentative, compound, assumes facts not in evidence, presumes facts in dispute (or to which Plaintiff's disagree). The request is overbroad and unduly burdensome, in that it requests that the Plaintiffs set forth the events of an entire day and identify each piece of furniture in their living room. It is not clear who the "you" that is being referred to in this interrogatory, but it is assumed the interrogatory is referring to Linda Cole.**

**Without waiving said objection, please see the following answer which only attempts to address the vague and ambiguous subpoints raised:**

**4) Plaintiff Linda Cole woke up and got ready for the day.**

A) 4 glass top wooden end tables, 3 metal standing lamps, two are black with white glass tops, one is green with a gold top, 1 glass top wooden coffee table, 56" black tv on black stand with shelf & pedestal, 3 flower arrangements, 2 black cd/bookracks 6 wall decorations & art pieces, 3 rugs, gray couch with a quilt on the back, & various boxes of packed belongings

B) See Linda Cole's deposition testimony, and the declarations of Linda Cole.

C) Plaintiffs' travel trailer was in a storage unit at Secure It Self Storage 8908 N. Nevada St. Spokane, WA.

D) Plaintiff Linda Cole usually does not think about the green dump trailer in any fashion unless it is actively being used to discard trash. Plaintiff Linda Cole can only recall that a small red barbeque was thrown away.

E) Linda Cole did not check her OWFCU bank account on October 15, 2023.

## INTERROGATORY NO. 5

Describe the series of events of October 16, 2023, beginning in the morning at the Baker City house from which you were moving, and describe:

a) the event which had occurred the prior day involving your son-in-law and grandson

b) why your daughter left the house very early in the morning on the 16th (which she had told you she would do the night before as you were going to bed, when she would leave, and why), and c) what occupied most of your day of 10/16/2023 according to text messages sent to your daughter

 (text messages)

**ANSWER:**

Objection.  This request is vague, ambiguous, unintelligible, argumentative, compound, assumes facts not in evidence, presumes facts in dispute (or to which Plaintiff's disagree).  It is not clear who the "you" that is being referred to in this interrogatory, but it is assumed the interrogatory is referring to Linda Cole.

Without waiving said objection, please see the following answer which only attempts to address the vague and ambiguous subpoints raised:

5) Plaintiff Linda Cole woke up very early because she heard a noise coming from her front bedroom. She was confused because it wasn't the usual time for the Defendant Susann to be awake. Plaintiff Linda Cole attempted to go back to sleep, but the thought of the noise was concerning, so she went to check on the Defendant Susann and discovered that Susann had left much earlier than she had originally told the Plaintiff as only an hour had passed since she heard the noise.

A) The Defendant Eric Young and his son Jaeger Young went kayaking on the Spokane River and were capsized by the rapids. Mr. Young had borrowed the Plaintiffs' Ford F350 without permission and lost the keys in the river when he lost control of kayak and fell into the river. The fire department had to intervene and Drive Mr. Young and his son home. The Defendants made oral promises to replace the keys to the Plaintiffs' truck, but to date have never done so.

B) Defendant Susans Young informed the Plaintiff Linda Cole that she would sleep for a couple of hours then get up and leave. Mrs. Young  left prior to when she said she would, and did not bother to say goodbye. Additionally she left the front door unlocked, leaving the house unsecured and unsafe.

**INTERROGATORY NO. 6**

Did Ted's mother Jeannie ever buy for you (Linda or Ted), or offer to buy for you, a house in Porterville, CA and offer it to you to live in, and if so, how many times in 60 years did she do this?

**ANSWER:**

Objection. This request is vague, ambiguous, unintelligible, argumentative, compound, assumes facts not in evidence, and seeks information that is not relevant to the claims or defenses at issues in this case. The interrogatory is overbroad and unduly burdensome, in that it requests that the Plaintiffs set forth 60 years' worth of alleged conversation.

Without waiving said objection, please see the following answer:

Jeannie Hochuli did offer to by the Plaintiffs a house next door to her because she owed approximately $75,000 to the Plaintiffs. 6

**INTERROGATORY NO. 7**

For Plaintiff Ted Cole:

a) In past years, what did your mother offer you if you would divorce Linda?

b) how many times did she make that or a similar offer?

c) Why did Jeannie make such offers to you?

**ANSWER:**

Objection. This request is vague, ambiguous, unintelligible, argumentative, compound, assumes facts not in evidence, and seeks information that is not relevant to the claims or

defenses at issues in this case.  This interrogatory is harassing and was propounded in violation of the Civil Rules.

### INTERROGATORY NO. 8

For Plaintiff Ted Cole:  According to our family agreement to buy a house together, in late October 2023 Defendant Eric Young had achieved putting a house under contract for purchase, and we all awaited completion of the closing process in mid-November, 2023.  Before your final departure - on October 21, 2023 - from our house in Spokane where you and Linda had been living (by then you were following Linda's demand to leave and go back to Baker City), you spoke to Susan and Jaeger outside our house and without Linda present.

Please describe what you told Susan to do with the $119k that Linda had wired to our account, and why you told her to do so.

### ANSWER:

Objection.  This request is vague, ambiguous, unintelligible, argumentative, compound, assumes facts not in evidence, presumes facts in dispute (or to which Plaintiff's disagree).

Without waiving said objection, and denying the premise upon which the interrogatory is based, please see the following answer:

Defendant Susann Young asked the Plaintiff Ted Cole why they were going back to Baker City and he replied that it was because it was their home. The Defendant Susann Young responded with, "You don't need to fix it up, just sell it as is". Mr. Cole informed Defendant Susann Young that he was going to fix the home. Ted did not say anything to Defendant Susann Young about the $119K that Defendants stole from his inheritance.

## INTERROGATORY NO. 9

For Plaintiff Ted Cole: According to text message evidence, it was Linda who told Susan and Eric to box up your guns and ammunition during the first week of moving, September 25-29, 2023, when Eric was in Baker City. Knowing that fact shown in evidence, a) would you like to revisit and **revise** your statements to Baker City Police Department that 'Eric stole my guns'? (text messages)

## ANSWER:

**Objection. This request is vague, ambiguous, unintelligible, argumentative, compound, assumes facts not in evidence, presumes facts in dispute (or to which Plaintiff's disagree).**

**Without waiving said objection, and denying the premise upon which the interrogatory is based, please see the following answer:**

**Plaintiff Ted Cole didn't realize his guns were gone until after Defendant Eric Young had already taken them without his permission. When Mr. Cole asked Mr. Young why he took his guns without his permission, he stated something to the effect of, "It's because I didn't want anyone to steal them." Mr. Cole stands by his statement to the Baker City Police Department.**

## INTERROGATORY NO. 10

Explain why you claimed in your sworn Supplemental Declaration that Defendants "Eric and Susan came to

our home in Baker City, and while there, gave me a dog that was the same breed as my dog that

had passed away." and yet, according to the exhibits showing bill of sale, texts from your daughter helping you when you became lost on the way to defendants home, and video of the actual gifting - this event did not occur at your home in Baker City.

 (text messages)


**ANSWER:**

Objection.  This request is vague, ambiguous, unintelligible, argumentative, compound, assumes facts not in evidence, presumes facts in dispute (or to which Plaintiff's disagree).

Without waiving said objection, and denying the premise upon which the interrogatory is based, please see the following answer:

Plaintiff Linda Cole maintains she made an error in her previous testimony and that the Defendants gifted Plaintiffs the dog in Spokane, Washington. See Linda Cole's deposition testimony.  Plaintiffs remember the Defendants making a large production of the event, with Defendant Eric Young dramatically walking up the stairs with his bathrobe draped over himself and the dog. Defendant Susann Young was very particular about ensuring the event was video recorded.


**INTERROGATORY NO. 11**

Photographs show you, Linda, standing in your kitchen on Oct 4, 2023, only 1 week after you gave moving expense funds to your son-in-law Eric for movers and a rented trailer.  Per your direction, at great effort of time and labor, and great effort of labor by your grandson who helped unload the trailer (along with Ted Cole), Eric moved your furniture and other household belongings to what you described in your Supplemental Declaration as, "a storage unit we had our own key to"

1  - located in Spokane, WA where you were moving to be near family and medical care.

2

3  Explain, then, your a) motivation, b) intent, and c) reasoning behind your claim that Defendants

4  'stole your furniture', and d) what Joell Severns meant when she (obviously falsely) told Baker City

5  Police - and you agreed with her - "...before she [Linda] realized that they were stealing

6  everything..."

7

8  (text messages, photos)

9

10

11  **ANSWER:**

12  Objection.  This request is vague, ambiguous, unintelligible, argumentative, compound,

13  assumes facts not in evidence, presumes facts in dispute (or to which Plaintiff's disagree).  This

14  asks Plaintiffs to get inside of the head of a third party witness.

15  Without waiving said objection, please see the following answer which only attempts to

16  address the vague and ambiguous subpoints raised:

17

18  See Linda Cole's deposition testimony regarding the picture and the events questioned

19  about.  Plaintiffs paid for the storage unit but Defendant Eric Young retained control of the

20  key until Plaintiffs specifically requested control of their own storage unit. Mr. Young seemed

21  very reluctant to relinquish said key. Due to Plaintiffs' age, they did not move any of the

22  furniture. Plaintiffs informed Mr. Young that they would pack up their own bedrooms as it

23  contained private documents and their firearms. When Plaintiffs returned home, they

24  discovered that the house and surrounding outbuildings were in a state of disarray and

25  numerous items were unaccounted for. Specifically, Plaintiff Ted Cole's hutch that belonged

26  to his deceased mother was missing from the shop.

27

28

## INTERROGATORY NO. 12

Explain why you authorized your medical providers to speak directly to your daughter, allowing your daughter to communicate with doctors on your behalf (text messages)

### ANSWER:

**Objection. Plaintiffs object to this interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible or relevant evidence. As written, this interrogatory could implicate an unlimited span of time. Such discovery is not reasonably calculated to lead to the discovery of admissible evidence. CR 26(b)(1).**

**Subject to and without waiving the objection, Plaintiffs respond as follows:**

**Defendant Susann Young kept on insisting that she be authorized to speak to particular medical professionals that Linda Cole was seeing. Mrs. Young seemed to want some measure of control in Plaintiffs medical care and sought to be the primary emergency contact.**

**Please also see Linda Cole's deposition transcript. Please also see Plaintiffs' responses to Defendants' First Set of Requests for Admission.**

## INTERROGATORY NO. 13

Explain why you authorized your medical providers to allow your daughter access to your medical records on your behalf (text messages)

### ANSWER:

**See answer and objection to Interrogatory No. 12.**

## INTERROGATORY NO. 14

Explain the history behind why you, Linda, said to Ted in the presence of Susan that, "Susanann remembers when your gun went off in the car. Could have killed us both. That's why she's being so cautious." including

a) what was the context of that event,

b) why was Ted laying on the floor of the car as you pulled into the garage,

c) why were you hiding Ted's presence at that time, and

d) who were you concerned might see Ted coming into your house and why would that have been a concern at that particular time?

 (text messages)

## ANSWER:

Objection. This request is vague, ambiguous, unintelligible, argumentative, compound, assumes facts not in evidence, presumes a statement was made, and seeks information that is not relevant to the claims or defenses at issues in this case. The interrogatory is overbroad and unduly burdensome, in that it requests that the Plaintiffs recall facts from over 40 years ago for a situation that has no relevance to the case at hand whatsoever. This interrogatory is harassing. The statement is not limited to a time or date.

Without waiving said objections, please see Plaintiffs' deposition testimony on this topic. Further, the permitted gun fell on the floorboard and due to a mechanical defect it accidentally discharged.

## INTERROGATORY NO. 15

Explain why you, Linda, said that Ted should not have access to bullets any more? (text messages)

### ANSWER:

**Objection. This request is vague, ambiguous, unintelligible, argumentative, presumes a statement was made, and seeks information that is not relevant to the claims or defenses at issues in this case. There is no context to this alleged comment, no date, time, or to whom it was allegedly stated.**

**Subject to and without waiving said objections, Plaintiffs respond as follows:**

**Plaintiff Linda Cole does not recall saying this comment.**

## INTERROGATORY NO. 16

Documentary evidence shows that between 2008 and 2017, your daughter helped you locate, and be seen by, several doctors in several medical facilities in Texas. Please list all of the doctors who provided care to you while you lived in Texas - including all doctors in towns/cities such as The Woodlands, Houston, Conroe, Montgomery, Shenandoah, Willis, or Huntsville, including doctors and medical facilities in any other towns in those and surrounding areas (text messages, medical calendar, other records)

### ANSWER:

**Objection. This request is vague, ambiguous, unintelligible, argumentative, compound, assumes facts not in evidence, presumes events occurred, and seeks information**

that is not relevant to the claims or defenses at issues in this case.  This interrogatory seeks information that is protected by the physician-patient privilege.

Subject to and without waiving the objection, Plaintiffs respond as follows:

See Linda Cole's deposition testimony and Plaintiffs' response to Defendants First Set of Requests for Admission.

## INTERROGATORY NO. 17

Explain the contents of the 16 pages of photocopies which you purchased after the Notary witnessed your signature on each of the (2) additional 'Wire Instructions, Indemnification and Hold Harmless Agreement' pages (page 3 of each set)

## ANSWER:

Objection.  This request is vague, ambiguous, unintelligible, argumentative, compound, assumes facts not in evidence, and seeks information that is not relevant to the claims or defenses at issues in this case.

Subject to and without waiving the objection, Plaintiffs respond as follows:

Defendant Eric Young had copies made at the Postal Annex, and Linda Cole paid for them.  Linda does not know what exactly what copied.  See Linda Cole's deposition testimony.

## INTERROGATORY NO. 18

Explain the origin and purpose of each of 3 pages of the document set presented to the notary in Spokane, and the origin and purpose of the 4th page.  These pages include:

a) Page 1 - "OLD WEST FEDERAL CREDIT UNION OUTGOING DOMESTIC WIRE FORM",

b) Page 2 - "Old West Wire Transaction Disclosure",

c) Page 3 - "Wire Instructions, Indemnification and Hold Harmless Agreement"

d) Page 4 - "WASHINGTON SHORT-FORM INDIVIDUAL ACKNOWLEDGMENT"

**ANSWER:**

**Objection. This request is vague, ambiguous, unintelligible, argumentative, compound, assumes facts not in evidence, presumes the existence of an event or action that did not occur, and seeks information that is not relevant to the claims or defenses at issues in this case.**

**Subject to and without waiving the objection, Plaintiffs respond as follows:**

**The Notary Mathew Anderson was presented with only two documents that Plaintiff Linda Cole signed in front of him. *See* the Declaration of Matthew Anderson. Upon review of her email account, Linda Cole can testify that it appears the documents were emailed to her email account by OWFCU, and that Eric Young forwarded that email on to his own email account. See also the Deposition of Eric Young.**

**INTERROGATORY NO. 19**

How many months prior to October 7, 2023 did you begin living with Defendants and providing their home address as yours?

**ANSWER:**

**Objection. This request is vague, ambiguous, unintelligible, argumentative, compound, assumes facts not in evidence, presumes facts in dispute (or to which Plaintiff's disagree). It is**

not clear who the "you" that is being referred to in this interrogatory, but it is assumed the interrogatory is referring to Linda Cole.

Without waiving said objection, Plaintiffs respond as follows:

Plaintiffs maintain that they never truly lived with the Defendants but only stayed at their house on occasion. During the vague timeframe that Plaintiffs believe the Defendants are references, Plaintiffs continued to travel back and forth to their home in Baker City, Oregon. Plaintiffs used the Defendants address for medical providers and Optimum only at Defendant Susann's insistence, but never officially changed their address to that of the Defendants'.

### INTERROGATORY NO. 20

Explain when you first decided to move to Spokane, and what Plaintiff's had discussed between themselves regarding where a surviving spouse should go to live if one or the other of you passed away (text messages)

### ANSWER:

Objection. This request is vague, ambiguous, unintelligible, argumentative, compound, assumes facts not in evidence, presumes facts in dispute (or to which Plaintiff's disagree). It is not clear who the "you" that is being referred to in this interrogatory, but it is assumed the interrogatory is referring to Linda Cole. This interrogatory seeks information protected by the spousal communication privilege. RCW 5.60.060.

Without waiving said objection, Plaintiffs respond as follows:

Plaintiffs do not recall such a conversation.

# REQUESTS FOR PRODUCTION OF DOCUMENTS

## REQUEST FOR PRODUCTION NO. 1:

Produce all documents that support your answer to Interrogatory 1.

**RESPONSE**:

**Objection. Plaintiffs object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it requests "all" documents.** *See Weber v. Biddle*, **72 W.2d 22, 29, 431 P.2d 705 (1967) (A party is not "required to put on a dress rehearsal of the trial.");** *Goodell v. Rehrig Int'l, Inc.*, **683 F. Supp. 1051 (E.D. Va. 1988);** *Shefield Corp. v. Alger*, **16 F.R.D. 27, 28 (S.D. Ohio 1954). See also objections to Interrogatory No. 1.**

**Without waiving said objection, the Defendants can produce the email they claim they have.**

## REQUEST FOR PRODUCTION NO. 2:

Produce all documents that support your answer to Interrogatory 2.

**RESPONSE**:

**Objection. Plaintiffs object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it requests "all" documents.** *See Weber v. Biddle*, **72 W.2d 22, 29, 431 P.2d 705 (1967) (A party is not "required to put on a dress rehearsal of the trial.");** *Goodell v. Rehrig Int'l, Inc.*, **683 F. Supp. 1051 (E.D. Va. 1988);** *Shefield Corp. v. Alger*, **16 F.R.D. 27, 28 (S.D. Ohio 1954). See also the objections to Interrogatory No. 2.**

1

## **REQUEST FOR PRODUCTION NO. 3:**

2

Produce all documents that support your answer to Interrogatory 3.

3

**RESPONSE**:

4

5

**Objection. Plaintiffs object to this Request as overbroad, unduly burdensome, and**

6

**irrelevant to the extent it requests "all" documents. *See Weber v. Biddle*, 72 W.2d 22, 29, 431**

7

**P.2d 705 (1967) (A party is not "required to put on a dress rehearsal of the trial."); *Goodell v.***

8

***Rehrig Int'l, Inc.*, 683 F. Supp. 1051 (E.D. Va. 1988); *Shefield Corp. v. Alger*, 16 F.R.D. 27, 28**

9

**(S.D. Ohio 1954). See also Plaintiffs' answer and objections to Interrogatory No. 3.**

10

11

**Without waiving said objections, please see Linda Cole's Declaration & Supplemental**

12

**Declaration. See also the Deposition of Linda Cole. Finally, please see the documents**

13

**produced in discovery, Bates Nos. Cole 000001 – 001479, specifically where Eric emails**

14

**himself the wire transfer forms received from OWFCU (Cole 001283-001293) Defendants are**

15

**already in possession of any text messages sent from Linda Cole.**

16

17

18

## **REQUEST FOR PRODUCTION NO. 4:**

19

Produce all documents that support your answer to Interrogatory 4.

20

**RESPONSE**:

21

22

**Objection. Plaintiffs object to this Request as overbroad, unduly burdensome, and**

23

**irrelevant to the extent it requests "all" documents. *See Weber v. Biddle*, 72 W.2d 22, 29, 431**

24

**P.2d 705 (1967) (A party is not "required to put on a dress rehearsal of the trial."); *Goodell v.***

25

***Rehrig Int'l, Inc.*, 683 F. Supp. 1051 (E.D. Va. 1988); *Shefield Corp. v. Alger*, 16 F.R.D. 27, 28**

26

**(S.D. Ohio 1954). See also Plaintiffs' answer and objections to Interrogatory No. 4.**

27

28

Without waiving said objection, please see Linda Cole's Declaration & Supplemental Declaration. See also the Deposition of Linda Cole and the Declaration of Matthew Anderson. Defendants are already in possession of any text messages sent from Linda Cole sent on that day.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents that support your answer to Interrogatory 5.

**RESPONSE**:

Objection. Plaintiffs object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it requests "all" documents. *See Weber v. Biddle*, 72 W.2d 22, 29, 431 P.2d 705 (1967) (A party is not "required to put on a dress rehearsal of the trial."); *Goodell v. Rehrig Int'l, Inc.*, 683 F. Supp. 1051 (E.D. Va. 1988); *Shefield Corp. v. Alger*, 16 F.R.D. 27, 28 (S.D. Ohio 1954). See also Plaintiffs' answer and objections to Interrogatory No. 5.

Without waiving said objection, please see Linda Cole's Declaration & Supplemental Declaration. See also the Deposition of Linda Cole. Defendants are already in possession of any text messages sent from Linda Cole sent on that day. See also, Defendants' responses to Plaintiffs' First Set of Discovery and First Set of Requests for Admission setting forth emails that Eric Young emailed to OWFCU.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all documents that support your answer to Interrogatory 6.

**RESPONSE**:

**Objection. Plaintiffs object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it requests "all" documents.** *See Weber v. Biddle*, **72 W.2d 22, 29, 431 P.2d 705 (1967) (A party is not "required to put on a dress rehearsal of the trial.");** *Goodell v. Rehrig Int'l, Inc.,* **683 F. Supp. 1051 (E.D. Va. 1988);** *Shefield Corp. v. Alger***, 16 F.R.D. 27, 28 (S.D. Ohio 1954). See also Plaintiffs' answer and objections to Interrogatory No. 6.**

## REQUEST FOR PRODUCTION NO. 7:

Produce all documents that support your answer to Interrogatory 7.

**RESPONSE**:

**Objection. Plaintiffs object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it requests "all" documents.** *See Weber v. Biddle*, **72 W.2d 22, 29, 431 P.2d 705 (1967) (A party is not "required to put on a dress rehearsal of the trial.");** *Goodell v. Rehrig Int'l, Inc.,* **683 F. Supp. 1051 (E.D. Va. 1988);** *Shefield Corp. v. Alger***, 16 F.R.D. 27, 28 (S.D. Ohio 1954). See also Plaintiffs' answer and objections to Interrogatory No. 7.**

## REQUEST FOR PRODUCTION NO. 8:

Produce all documents that support your answer to Interrogatory 8.

**RESPONSE**:

**Objection. Plaintiffs object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it requests "all" documents.** *See Weber v. Biddle*, **72 W.2d 22, 29, 431 P.2d 705 (1967) (A party is not "required to put on a dress rehearsal of the trial.");** *Goodell v.*

*Rehrig Int'l, Inc.*, 683 F. Supp. 1051 (E.D. Va. 1988); *Shefield Corp. v. Alger*, 16 F.R.D. 27, 28 (S.D. Ohio 1954). See also Plaintiffs' answer and objections to Interrogatory No. 8.

Without waiving said objection, please see Defendants' recorded audio from October 20, 2023, that does not record the alleged conversation (as represented by Susanann Young in her deposition). The audio has not been produced in discovery.


**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents that support your answer to Interrogatory 9.

**RESPONSE**:

Objection. Plaintiffs object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it requests "all" documents. *See Weber v. Biddle*, 72 W.2d 22, 29, 431 P.2d 705 (1967) (A party is not "required to put on a dress rehearsal of the trial."); *Goodell v. Rehrig Int'l, Inc.*, 683 F. Supp. 1051 (E.D. Va. 1988); *Shefield Corp. v. Alger*, 16 F.R.D. 27, 28 (S.D. Ohio 1954). See also Plaintiffs' answer and objections to Interrogatory No. 9.

Without waiving said objection, please see the following:

Any alleged text messages are in the possession of Defendants.


**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents that support your answer to Interrogatory 10.

**RESPONSE**:

Objection. Plaintiffs object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it requests "all" documents. *See Weber v. Biddle*, 72 W.2d 22, 29, 431 P.2d 705 (1967) (A party is not "required to put on a dress rehearsal of the trial."); *Goodell v.*

*Rehrig Int'l, Inc.*, 683 F. Supp. 1051 (E.D. Va. 1988); *Shefield Corp. v. Alger*, 16 F.R.D. 27, 28 (S.D. Ohio 1954). See also Plaintiffs' answer and objections to Interrogatory No. 10.

Without waiving said objections, please see the following response:

Please see Linda Cole's Supplemental Declaration and Linda Cole's Deposition transcript.


**REQUEST FOR PRODUCTION NO. 11:**

Produce all documents that support your answer to Interrogatory 11.

**RESPONSE**:

Objection. Plaintiffs object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it requests "all" documents. *See Weber v. Biddle*, 72 W.2d 22, 29, 431 P.2d 705 (1967) (A party is not "required to put on a dress rehearsal of the trial."); *Goodell v. Rehrig Int'l, Inc.*, 683 F. Supp. 1051 (E.D. Va. 1988); *Shefield Corp. v. Alger*, 16 F.R.D. 27, 28 (S.D. Ohio 1954). See also Plaintiffs' answer and objections to Interrogatory No. 11.

Without waiving said objections, please see the following response:

Please see Linda Cole's Supplemental Declaration and Linda Cole's Deposition transcript. Please also see the record from the interview with the Baker City Police Department, which Defendants have in their possession.


**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents that support your answer to Interrogatory 12.

**RESPONSE**:

1       **Objection. Plaintiffs object to this Request as overbroad, unduly burdensome, and**

2 **irrelevant to the extent it requests "all" documents.** *See Weber v. Biddle*, **72 W.2d 22, 29, 431**

3

4 **P.2d 705 (1967) (A party is not "required to put on a dress rehearsal of the trial.");** *Goodell v.*

5 *Rehrig Int'l, Inc.*, **683 F. Supp. 1051 (E.D. Va. 1988);** *Shefield Corp. v. Alger*, **16 F.R.D. 27, 28**

6 **(S.D. Ohio 1954). See also Plaintiffs' answer and objections to Interrogatory No. 12.**

7       **Without waiving said objections, please see the following response:**

8       **Please see Linda Cole's Deposition transcript.**

9

10

11 **REQUEST FOR PRODUCTION NO. 13:**

12 Produce all documents that support your answer to Interrogatory 13.

13 **RESPONSE**:

14       **Objection. Plaintiffs object to this Request as overbroad, unduly burdensome, and**

15 **irrelevant to the extent it requests "all" documents.** *See Weber v. Biddle*, **72 W.2d 22, 29, 431**

16

17 **P.2d 705 (1967) (A party is not "required to put on a dress rehearsal of the trial.");** *Goodell v.*

18 *Rehrig Int'l, Inc.*, **683 F. Supp. 1051 (E.D. Va. 1988);** *Shefield Corp. v. Alger*, **16 F.R.D. 27, 28**

19 **(S.D. Ohio 1954). See also Plaintiffs' answer and objections to Interrogatory No. 13.**

20       **Without waiving said objections, please see the following response:**

21       **Please see Linda Cole's Deposition transcript.**

22

23

24

25 **REQUEST FOR PRODUCTION NO. 14:**

26 Produce all documents that support your answer to Interrogatory 14.

27 **RESPONSE**:

28

DEFENDANT'S SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS**AND RESPONSES THERETO** - 29

Objection. Plaintiffs object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it requests "all" documents. *See Weber v. Biddle*, 72 W.2d 22, 29, 431 P.2d 705 (1967) (A party is not "required to put on a dress rehearsal of the trial."); *Goodell v. Rehrig Int'l, Inc.*, 683 F. Supp. 1051 (E.D. Va. 1988); *Shefield Corp. v. Alger*, 16 F.R.D. 27, 28 (S.D. Ohio 1954). See also Plaintiffs' answer and objections to Interrogatory No. 14.

Without waiving said objections, please see the following response:

Please see Linda Cole's and Ted Cole's Deposition transcript.

### REQUEST FOR PRODUCTION NO. 15:

Produce all documents that support your answer to Interrogatory 15.

### RESPONSE:

Objection. Plaintiffs object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it requests "all" documents. *See Weber v. Biddle*, 72 W.2d 22, 29, 431 P.2d 705 (1967) (A party is not "required to put on a dress rehearsal of the trial."); *Goodell v. Rehrig Int'l, Inc.*, 683 F. Supp. 1051 (E.D. Va. 1988); *Shefield Corp. v. Alger*, 16 F.R.D. 27, 28 (S.D. Ohio 1954). See also Plaintiffs' answer and objections to Interrogatory No. 15.

Without waiving said objections, please see the following response:

Please see Linda Cole's Deposition transcript.

### REQUEST FOR PRODUCTION NO. 16:

Produce all documents that support your answer to Interrogatory 16.

### RESPONSE:

Objection. Plaintiffs object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it requests "all" documents. *See Weber v. Biddle*, 72 W.2d 22, 29, 431 P.2d 705 (1967) (A party is not "required to put on a dress rehearsal of the trial."); *Goodell v. Rehrig Int'l, Inc.*, 683 F. Supp. 1051 (E.D. Va. 1988); *Shefield Corp. v. Alger*, 16 F.R.D. 27, 28 (S.D. Ohio 1954). See also Plaintiffs' answer and objections to Interrogatory No. 16. This request seeks information covered by the physician patient privilege.

### REQUEST FOR PRODUCTION NO. 17:

Produce all documents that support your answer to Interrogatory 17. Produce bank statements from Chase bank for the months of October and November, relating to the card used to purchase photocopies at Postal Annex, Spokane WA on October 14, 2023.

**RESPONSE**:

Objection. Plaintiffs object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it requests "all" documents. *See Weber v. Biddle*, 72 W.2d 22, 29, 431 P.2d 705 (1967) (A party is not "required to put on a dress rehearsal of the trial."); *Goodell v. Rehrig Int'l, Inc.*, 683 F. Supp. 1051 (E.D. Va. 1988); *Shefield Corp. v. Alger*, 16 F.R.D. 27, 28 (S.D. Ohio 1954). See also Plaintiffs' answer and objections to Interrogatory No. 17.

Without waiving said objection, please see the following response:

Please see Plaintiffs' redacted bank records for the month of October, 2023, Cole 001278-1283.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all documents that support your answer to Interrogatory 18.

**RESPONSE**:

**Objection. Plaintiffs object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it requests "all" documents.** *See Weber v. Biddle***, 72 W.2d 22, 29, 431 P.2d 705 (1967) (A party is not "required to put on a dress rehearsal of the trial.");** *Goodell v. Rehrig Int'l, Inc.***, 683 F. Supp. 1051 (E.D. Va. 1988);** *Shefield Corp. v. Alger***, 16 F.R.D. 27, 28 (S.D. Ohio 1954). See also Plaintiffs' answer and objections to Interrogatory No. 18.**

**Without waiving said objection, please see the following response:**

**Please see the Declaration Supplemental Declaration of Linda Cole, the Deposition of Linda Cole, the Declaration of Matthew Anderson, the deposition transcript of Eric Young, and Defendants' responses to Plaintiffs' First Set of Interrogatories and Requests for Production, and Defendants' responses to Plaintiffs' First Set of Requests for Admission, and the documents Plaintiffs produced in discovery.**

**REQUEST FOR PRODUCTION NO. 19:**

Produce all documents that support your answer to Interrogatory 9.

**RESPONSE**:

**Objection. Plaintiffs object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it requests "all" documents.** *See Weber v. Biddle***, 72 W.2d 22, 29, 431 P.2d 705 (1967) (A party is not "required to put on a dress rehearsal of the trial.");** *Goodell v.*

*Rehrig Int'l, Inc.*, 683 F. Supp. 1051 (E.D. Va. 1988); *Shefield Corp. v. Alger*, 16 F.R.D. 27, 28 (S.D. Ohio 1954). See also Plaintiffs' answer and objections to Interrogatory No. 19.

Without waiving said objection, please see the following response:

Please see documents produced by Plaintiffs in discovery.

## REQUEST FOR PRODUCTION NO. 20:

Produce all documents that support your answer to Interrogatory 20.

**RESPONSE**:

Objection. Plaintiffs object to this Request as overbroad, unduly burdensome, and irrelevant to the extent it requests "all" documents. *See Weber v. Biddle*, 72 W.2d 22, 29, 431 P.2d 705 (1967) (A party is not "required to put on a dress rehearsal of the trial."); *Goodell v. Rehrig Int'l, Inc.*, 683 F. Supp. 1051 (E.D. Va. 1988); *Shefield Corp. v. Alger*, 16 F.R.D. 27, 28 (S.D. Ohio 1954). See also Plaintiffs' answer and objections to Interrogatory No. 20.

Without waiving said objection, please see the following response:

There are no responsive documents.

## <u>DECLARATION OF RESPONDING PARTY</u>

I declare under the penalty of perjury under the laws of the state of Washington that I am a Defendant in this action and am authorized to make the foregoing answers. I declare that I have read the foregoing answers, know the contents thereof, and believe them to be true and correct.

Dated this _____ day of _____, 2024 at _____.

_____
Signature

_____
Printed Name

## <u>CERTIFICATION</u>

The undersigned attorney for Plaintiffs has read the foregoing supplemental responses to Defendants' First Set of Interrogatories and Requests for Production of Documents, and they are in compliance with Civil Rule 26(g).

DATED this <u>15th</u> day of November, 2024.

**RIVERSIDE NW LAW GROUP, PLLC**

 */s/ Matthew A. Mesnik*
Mathew A. Mensik, WSBA #44260
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

Eric & Susanann Young                    [ X ] E-mail

8501 N. Sylvia St.

Spokane, WA 99208

e-young-encrypt@pm.me

jaegersmum@gmail.com

## DECLARATION OF RESPONDING PARTY

I declare under the penalty of perjury under the laws of the state of Washington that I am a Defendant in this action and am authorized to make the foregoing answers. I declare that I have read the foregoing answers, know the contents thereof, and believe them to be true and correct.

Dated this _15_ day of _NOV_, 2024 at _Baker City, Oregon_

_Linda J. Cole_
Signature

_LINDA J. COLE_
Printed Name

DEFENDANTS' FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF
DOCUMENTS [AND SUPPLEMENTAL RESPONSES
THERETO] - PAGE **20** OF **22**

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

## DECLARATION OF RESPONDING PARTY

I declare under the penalty of perjury under the laws of the state of Washington that I am a Defendant in this action and am authorized to make the foregoing answers. I declare that I have read the foregoing answers, know the contents thereof, and believe them to be true and correct.

Dated this _15_ day of _NOV_, 2024 at _Baker City, Oregon_

_Linda J. Cole_
Signature

_LINDA J. COLE_
Printed Name

25-80037-FPC    Doc 17-3    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 50 of 100

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

LINDA COLE and TED COLE,

                  Plaintiffs,

      vs.

ERIC ROSS YOUNG and SUSANANN
LYNETTE YOUNG,

                Defendants.

Case No. 23-2-04734-32

**PLAINTIFFS' ER 904 NOTICE**

Plaintiffs hereby provide notice that they intend to offer the following exhibits pursuant to and under Evidence Rule 904(a) & (b). The following exhibits shall be deemed authentic and admissible without testimony or further identification, unless objection is served within 14 days of the date of notice, pursuant to ER 904(c). The following exhibits are provided via drop box on December 13, 2024.

### PLAINTIFFS' INDEX OF DOCUMENTS PURSUANT TO ER 904(b)

| Exhibit | Description | Author / Maker Address |
|---------|-------------|------------------------|
| P-1 | June 17, 2016, Promissory Note executed between Eric Young and Ted & Linda Cole in the amount of $6,800, and November 14, 2022, repayment check in the amount of $7,000, Bates Nos. COLE_001358-59. | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 |

PLAINTIFFS' ER 904 NOTICE- 1

**R|NW**
**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
|---|---|---|
| P-2 | March 29, 2020, text messages from Susanann Young to Linda Cole, Bates Nos. COLE_001225-28, and September 29, 2021, text messages between Susanann Young and Linda Cole, Bates Nos. COLE_001229-36, Exhibit 25 to the Deposition of Susanann Young. | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| P-3 | August 8, 2020, text messages between Susanann Young and Linda Cole, Bates Nos. COLE_001237-50, Exhibit 24 to the Deposition of Susanann Young. | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| P-4 | May 1, 2023, checks from Linda & Ted Cole to Eric & Susanann Young in the amounts of $12,000 ("Jaegers Schooling, 2023 thru 2024"), and $4,000 ("loss wages for week"). | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 |
| P-5 | Eric & Susanann Young's Bank of America Bank Statements (for July 27, 2023, to August 28, 2023), Bates Nos. COLE_000133-142, Exhibit 21 to the Deposition of Eric Young. | Bank of America P.O. Box 15284, Wilmington, DE 19850<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| P-6 | October 30, 2023, letter from Floyd C. Vaughan of Silven, Schmeits & Vaughan to Eric & Susanann Young and Rebecca Flaherty, Real Estate Broker, titled "Notice to Terminate Real Estate Transaction," Bates Nos. COLE_001298-99. | Floyd C. Vaughan Silven, Schmeits & Vaughan 1950 Third Street, P.O. Box 965, Baker City, Oregon 97814 |
| P-7 | Various Receipts / Item Price Information relating to dog, Bates Nos. COLE_000001-15. | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 |

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | Animal Clinic of Baker, Inc.<br>2490 Tenth Street<br>Baker City, OR 97814 |
| --- | --- | --- | --- |
| | | | Garland Animal Clinic<br>1022 West Garland<br>Spokane, WA 99205 |
| | | | American Kennel Club |
| | | | Harbor Freight Tools<br>10296 Fairview Ave<br>Boise, ID 83704 |
| | | | Pet Smart<br>9950 N. Newport Highway<br>Spokane, WA 99221 |
| | | | Amazon |
| | | | Baker Vision Clinic<br>2150 Third Street<br>Baker City, OR 97814 |
| | | | Carandtruckremotes.com<br>1405 Old Alabama Rd, Ste 200<br>Rosewell, GA 30076 |
| P-8 | November 3, 2023, letter from Michael R. Merrit to Erin Varriano & Rebecca Flaherty of John L. Scott Real Estate, re: "Eric & Susan Young – purchase of 1004 E. Golden Ct. – MLS#202319643," Bates Nos. COLE_000887-88. | Michael Merrit<br>The Merritt Law Firm, PLLC<br>1324 N. Liberty Lake Rd, #2151, Liberty Lake, WA 99019 |
| P-9 | Residential Purchase and Sale Agreement, dated October 31, 2023 re: 1004 E. Golden Ct, Spokane, WA 99208, Bates Nos. COLE_000899-904 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218<br><br>John L. Scott Real Estate<br>1500 W 4th Ave, Suite 202<br>Spokane, WA 99201 |
| P-10 | December 29, 2023, email from Eric Young to "Magan" and Rebecca Flaherty at John L. Scott Real Estate, Bates No. COLE_000946. | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |

R | N W

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | |
|---|---|---|
| P-11 | Pictures of disappearing Signal App message sent from Eric Young to Linda Cole, Bates Nos. COLE_001369-1374. | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 |
| P-12 | April 26 – May 18, 2024, text messages between Eric Young and Mark Severns, Bates Nos. COLE_001308-1351. | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218<br><br>Mark Severns<br>2023 Birch St<br>Baker City, OR 79814 |
| P-13 | November 10, 2023 "Statement of Credit Denial, Termination or Change" re: Eric Young. | Guaranteed Rate<br>4930 N. Ravenswood Ave<br>Chicago, IL 60613 |
| P-14 | Spreadsheet created by Eric & Susanann Young re: financial transactions between August 3, 2023, and April 27, 2023, Exhibit 6 to the Deposition of Eric Young. | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| P-15 | December 29, 2023, email from Eric Young to Magan Ham and Rebecca Flaherty at John L. Scott Real Estate, Bates No. COLE_001042-43, Exhibit 14 to the Deposition of Eric Young. | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218<br><br>Magan Ham<br>John L. Scott Real Estate<br>1500 W 4th Ave, Suite 202<br>Spokane, WA 99201 |
| P-16 | Excerpts of transcript of November 7, 2023, hearing on Motion for Temporary Restraining Order & Order to Show Cause, Exhibit 16 to the Deposition of Eric Young. | Spokane County Superior Court<br>Korina C. Cox<br>Official Court Reporter to Honorable Jacquelyn High-Edward<br>1116 W Broadway Ave<br>Spokane, WA 99260 |
| P-17 | October 30, 2023, text messages between Linda Cole and Susanann Young, Exhibit 26 to the Deposition of Susanann Young. | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |

**R|NW** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | |
|---|---|---|
| P-18 | October 13, 2023, and October 16, 2023, emails from Dawn Bruce of Old West Federal Credit Union to Linda Cole, Exhibit 27 to the deposition of Susanann Young. | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218  Old West Federal Credit Union 2036 Broadway, Baker City, Oregon 97814 |
| P-19 | Text messages between Eric Young & Susanann Young, Exhibit 1 to the Deposition of Eric Young. | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| P-20 | Eric & Susanann Young's Bank of America Bank Statements (for August 29, 2023, to September 26, 2023), Bates Nos. COLE_000143-149, Exhibit 20 to the Deposition of Eric Young. | Bank of America P.O. Box 15284, Wilmington, DE 19850  Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| P-21 | Eric Young's Fidelity Investment Accounts statements (for August – September, 2023), Bates Nos. COLE_000151-205, Exhibit 22 to the Deposition of Eric Young. | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218  Fidelity 7425 166th Ave NE, Suite C137 Redmond, WA 98052 888-271-6642 |
| P-22 | October 27, 2022, text message from Susanann Young to Linda Cole, dated October 27, 2022, Bates Nos. COLE_001387-88. | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218  Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 |
| P-23 | Quicken Loans "Gift Letter," dated October 11, 2023, Exhibit 4 to the Deposition of Eric Young. | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| P-24 | Uniform Residential Loan Application signed by Eric Young on October 19, 2023. Bates Nos. COLE_000030-000040. | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | Guaranteed Rate<br>4930 N. Ravenswood Ave<br>Chicago, IL 60613 |
|---|---|---|
| P-25 | October 13, 2023, and October 16, 2023, emails from Dawn Bruce of Old West Federal Credit Union to Linda Cole, Exhibit 11 to the deposition of Eric Young. | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218<br><br>Old West Federal Credit Union<br>2036 Broadway, Baker City, Oregon 97814 |
| P-26 | October 14, 2023, email from Linda Cole's email account to Eric Young's email, with attachments, Bates Nos. COLE_001283-93. | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| P-27 | October 16, 2023, email from Eric Young to Dawn Bruce at Old West Federal Credit Union, Exhibit 12 to the Deposition of Eric Young. | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| P-28 | Old West Federal Credit Union domestic wire forms ($119,698.04), Exhibit 10 to the Deposition of Eric Young. | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218<br><br>Old West Federal Credit Union<br>2036 Broadway, Baker City, Oregon 97814 |
| P-29 | Old West Federal Credit Union domestic wire forms ($242,314.62), Exhibit 9 to the Deposition of Eric Young. | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218<br><br>Old West Federal Credit Union<br>2036 Broadway, Baker City, Oregon 97814 |
| P-30 | October 16, 2023, email from Eric Young to Dawn Bruce at Old West Federal Credit Union, Exhibit 13 to the Deposition of Eric Young. | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218<br><br>Old West Federal Credit Union<br>2036 Broadway, Baker City, Oregon 97814 |

PLAINTIFFS' ER 904 NOTICE- 6

R|NW
Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| P-31 | Text messages between Linda Cole and Susanann Young (October 26-27, 2023). Bates Nos. COLE_001398-001421. | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201

Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
|---|---|---|
| P-32 | Text messages between Linda Cole and Susanann Young (October 30, 2023). Bates Nos. COLE_001352-001354. | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201

Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| P-33 | Text messages between Susanann Young and Joell Severns, dated February 5, 2024. Bates Nos. COLE_001463-001469. | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218

Joell Severns 2023 Birch St Baker City, OR 79814 |
| P-34 | Old West Federal Credit Union (Mini-Statement) for Linda Cole's bank account (October 1, 2023, to October 24, 2023). COLE_001294-001296. | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201

Old West Federal Credit Union 2036 Broadway, Baker City, Oregon 97814 |
| P-35 | Order, dated February 22, 2024. | Spokane County Superior Court Honorable Jacquelyn High-Edward 1116 W Broadway Ave Spokane, WA 99260 |
| P-36 | Eric and Susanann Young's Fidelity Account Records from September 30, 2023, to February 29, 2024. | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218

Fidelity |

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | |
|---|---|---|---|
| | | | 7425 166th Ave NE, Suite C137 Redmond, WA 98052 888-271-6642 |
| P-37 | Eric and Susanann Young's banking records (Bank of America and Woodforest National Bank). | | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218<br><br>Bank of America 30 E. Wellesley Ave, Spokane, WA 99207 509-353-6070<br><br>Bank of America P.O. Box 15284, Wilmington, DE 19850<br><br>Woodforest National Bank P.O. Box 7889, The Woodlands, TX 77387-7889 888-282-2265 |
| P-38 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (November 7, 2023) | | Spokane County Superior Court Korina C. Cox Official Court Reporter to Honorable Jacquelyn High-Edward 1116 W Broadway Ave Spokane, WA 99260 |
| P-39 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 20, 2024) | | Spokane County Superior Court Korina C. Cox Official Court Reporter to Honorable Jacquelyn High-Edward 1116 W Broadway Ave Spokane, WA 99260 |
| P-40 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 22, 2024) | | Spokane County Superior Court Korina C. Cox Official Court Reporter to Honorable Jacquelyn High-Edward 1116 W Broadway Ave Spokane, WA 99260 |

PLAINTIFFS' ER 904 NOTICE- 8

**RNW** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| P-41 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 23, 2024) | Spokane County Superior Court<br>Korina C. Cox<br>Official Court Reporter to Honorable Jacquelyn High-Edward<br>1116 W Broadway Ave<br>Spokane, WA 99260 |
|------|------|------|
| P-42 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 27, 2024) | Spokane County Superior Court<br>Korina C. Cox<br>Official Court Reporter to Honorable Jacquelyn High-Edward<br>1116 W Broadway Ave<br>Spokane, WA 99260 |
| P-43 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 29, 2024) | Spokane County Superior Court<br>Korina C. Cox<br>Official Court Reporter to Honorable Jacquelyn High-Edward<br>1116 W Broadway Ave<br>Spokane, WA 99260 |
| P-44 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (March 1, 2024) | Spokane County Superior Court<br>Korina C. Cox<br>Official Court Reporter to Honorable Jacquelyn High-Edward<br>1116 W Broadway Ave<br>Spokane, WA 99260 |
| P-45 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (March 4, 2024) | Spokane County Superior Court<br>Korina C. Cox<br>Official Court Reporter to Honorable Jacquelyn High-Edward<br>1116 W Broadway Ave<br>Spokane, WA 99260 |
| P-46 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (March 6, 2024) | Spokane County Superior Court<br>Korina C. Cox<br>Official Court Reporter to Honorable Jacquelyn High-Edward |

PLAINTIFFS' ER 904 NOTICE- 9

**R**|**N**
‾‾|**W**

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-80037-FPC    Doc 17-3    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 59 of 100

| | | 1116 W Broadway Ave Spokane, WA 99260 |
|---|---|---|
| P-47 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (March 13, 2024) | Spokane County Superior Court<br>Korina C. Cox<br>Official Court Reporter to Honorable Jacquelyn High-Edward<br>1116 W Broadway Ave Spokane, WA 99260 |
| P-48 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 2, 2024) | Spokane County Superior Court<br>Korina C. Cox<br>Official Court Reporter to Honorable Jacquelyn High-Edward<br>1116 W Broadway Ave Spokane, WA 99260 |
| P-49 | Order Granting Plaintiff's Motion for Temporary Restraining Order, dated November 8, 2023. | Spokane County Superior Court<br>Honorable Jacquelyn High-Edward<br>1116 W Broadway Ave Spokane, WA 99260 |
| P-50 | Order for Preliminary Injunction, dated February 2, 2024. | Spokane County Superior Court<br>Honorable Jacquelyn High-Edward<br>1116 W Broadway Ave Spokane, WA 99260 |
| P-51 | Audio Recording taken by Linda Cole (non-tangible exhibit). | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 |

Dated December 13, 2024.

RIVERSIDE NW LAW GROUP, PLLC

BY: */s/ Matthew S. Mensik*

Mathew A. Mensik, WSBA 44260
905 W. Riverside Ave. Ste 208
Spokane, WA 99201
Telephone: (206) 949-3540
Email: mam@rnwlg.com

**R|NW** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the following individuals in the manner indicated:

| Eric and Susanann Young<br>12402 N. Divisions St, PMB #167<br>Spokane, WA 99218<br><br>Pro Se Defendants | ☐ Personal Service<br>☐ First Class Mail<br>☐ Certified Mail<br>☑ E-mail<br>Eyoung-encrypt@pm.me<br>jaegersmum@proton.me |
|---|---|

Dated this 13th day of December, 2024.

*Matthew Mensik*
Matthew A. Mensik

PLAINTIFFS' ER 904 NOTICE- 11

R | N W

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-80037-FPC    Doc 17-3    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 61 of 100

FILED
12/16/2024
Timothy W Fitzgerald
Spokane County Clerk

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE | No. 23-2-04734-32 |
| Plaintiffs | |
| V. | NOTICE OF INTENT TO OFFER |
| ERIC YOUNG AND SUSAN YOUNG, | DOCUMENTARY EVIDENCE |
| Defendants | UNDER ER 904 |

**TO ALL PARTIES AND THE COURT:**

Pursuant to ER 904, Defendants hereby give notice of their intent to offer the following documentary, audio, and video evidence at trial.

The following exhibits shall be deemed authentic and admissible without testimony or further identification, unless objection is served within 14 days of the date of notice, pursuant to ER 904(c). The following exhibits are provided via drop box on December 15, 2024.

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **1** OF **25**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---|---|---|
| D-1 | Smiling/Laughing False Witnesses | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-3 | Wire Form | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-4 | Sold TX House | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-5 | brain fog | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-6 | Linda directed guns be gathered | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-7 | BCPD Police Video Transcript | Officer Koby Essex, Officer No.: 55778 Baker County Sheriff's Office, 3410 K StreetBaker City, OR 97814 |
| D-8 | already filed- Notary - no value | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **2** OF **25**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---------|-------|----------------------|
| | | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-10 | New Storage | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-11 | Verify phone num | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-12 | Living Room w-Furniture and without | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-13 | Red Light ticket - RV | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-14 | Contact lenses | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **3** OF **25**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---|---|---|
| D-15 | City hall contractor | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-16 | Inspector- replace decking | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-17 | Nick Lien - no license | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-18 | Remodel - Engineering | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-22 | 2023Oct20- family conversation Transcript | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-24 | 2023Oct21- family conversation Transcript | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **4** OF **25**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---------|-------|----------------------|
| D-26 | Deposition - Ted Cole | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-34 | ITEM-A: LINDA ACTIVELY LOOKING FOR LOT / HOUSES IN SPOKANE | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-34 | ITEM-B: LINDA DISPLAYIN G SYMPTOMS OF DEMENTIA | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-50 | ITEM-A:  NO FRAUD - NORMAL COMMUNIC ATION - NO ACCUSATIO NS OCTOBER 16, 2023 | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-50 | ITEM-B:  NO FRAUD - PLAINTIFF LINDA COLES ADMITTED | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **5** OF **25**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---------|-------|----------------------|
| | MEMORY PROBLEMS | |
| D-52 | ITEM-A: NO FRAUD - LONG HISTORY OF HELPING PARENTS | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-54 | ITEM-A: LINDA MEMORY IMPAIRMENT - VET APPT. | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-54 | ITEM-B: LINDA CONFUSED BY BANK ATM | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-54 | ITEM-C: LINDA ACCUSES THEFT OF BEDDING | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-54 | ITEM-D: LINDA LOSES IPAD - ACCUSES DRYCLEANERS | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |

NOTICE OF INTENT TO OFFER DOCUMENTARY EVIDENCE UNDER ER 904
PAGE **6** OF **25**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---------|-------|----------------------|
| D-56 | ITEM-A: LINDA ALLEGES FRAUD - AMAZON | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-56 | ITEM-B: LINDA ACCUSED DEFENDAN TS OF MEDICATIO N THEFT | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-56 | ITEM-C: LINDA PARANOIA - WAYFAIR AGENT 'LISTENING TO HER BANKING DETAILS' | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-56 | ITEM-D: LINDA FORGOT - STORAGE | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-56 | ITEM-E: LINDA FORGETTIN G EVERYTHIN G | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **7** OF **25**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---------|-------|----------------------|
| D-56 | ITEM-F: LINDA LOST BLUE DOCUMENTS BOX - TOLD DEFENDANTS DAMIEN SEVERNS HAD STOLEN IT | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-56 | ITEM-G: LINDA FINDS BLUE DOCUMENTS BOX... WHICH SHE HAD TOLD DEFENDANTS DAMIEN HAD STOLEN | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-56 | ITEM-H: CAREGIVER TIP SHEETS | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-64 | ITEM-A: LINDA ADMITS "BRAIN FOG" AND MEMORY ISSUES | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **8** OF **25**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---|---|---|
| D-64 | ITEM-B: LINDA SELF-MEDICATING WITH OTC MEMORY AID PREVAGEN | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-64 | ITEM-C: LINDA REQUESTS HELP WITH MEMORY | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-64 | ITEM-D: LINDA PARANOIA - 'GROCERY STORE CHEATING HER' | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-64 | | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-65 | 01-DFND-Evidence-Images-Texts-Repository-StdRES | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99083 |
| D-66 | 12_AKC Reunite_Email on | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99084 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **9** OF **25**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---------|-------|----------------------|
| | Registration Slam | |
| D-67 | 13_AKC Reunite Email Reply on Registration Slam | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99085 |
| D-68 | 1_AKC Reunite - Transfer Request 12-26-2023 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99086 |
| D-69 | 1_BCPD Email Request of Incident Report P202301214 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99087 |
| D-70 | 1_Online Records System _ User Log _ AKC Reunite | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99088 |
| D-71 | 2017-7-21-Linda-car in our driveway-packed | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99089 |
| D-72 | 2017-7-21-Linda-car in our driveway-packed-2 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99090 |
| D-73 | 2017-7-21-Linda-Ted bedroom all packed up incl CPAPs | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99091 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **10** OF 25

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---------|-------|----------------------|
| D-74 | 2017-7-21-LindaTed-Belongings-stsacked-ready-for-loading | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99092 |
| D-75 | 2017-7-21-LindaTed-Clothes-ready-for-packing | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99093 |
| D-76 | 2017-7-21-UHaul trailer connected to Teds truck-2 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99094 |
| D-77 | 2017-7-21-UHaul trailer connected to Teds truck | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99095 |
| D-78 | 2017_family_caucus_questions | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99096 |
| D-79 | 2024 11 05 Amended Responses to Defendants' First Discovery Requests | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99097 |
| D-80 | 2_AKC Reunite - I did not approve request | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99098 |
| D-81 | 2_AKC Reunite Enrollment ID | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99099 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE 11 OF 25

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---|---|---|
| | 98514100156 4575 | |
| D-82 | 2_BCPD Email Request of Incident Report P202301214 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99100 |
| D-83 | 3_AKCReunit eOrderReceipt 9277462 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99101 |
| D-84 | 3_First attempt to get back stolen_paid enrollment | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99102 |
| D-85 | 4_AKC Reunite charge_bank statement | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99103 |
| D-86 | 4_First denial by new primary contact | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99104 |
| D-87 | 5_AKC Reunite - Your Order Has Shipped | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99105 |
| D-88 | 5_Second attempt to get back stolen_paid enrollment | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99106 |
| D-89 | 6_Second denial by new primary contact | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99107 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **12** OF **25**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---------|-------|----------------------|
| D-90 | 7.21.2017-Text-01-Linda-Jaeger-Car-Roku | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99108 |
| D-91 | 7.21.2017-Text-02-Linda-reply | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99109 |
| D-92 | 7.21.2017-Text-03-Linda-reply-from-Susan | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99110 |
| D-93 | 7.21.2017-Text-04-Linda-NotGoingAnywhere | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99111 |
| D-94 | 79658 Cole vs Young Police Intake 11-06-2023_full | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99112 |
| D-95 | 7_Primary Contact requests pet stays under their name | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99113 |
| D-96 | Baker County Video Evidence Request of Incident Report P202301214 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99114 |
| D-97 | BakerCityPlanningBuilding-Weeklyupdate August282020 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99115 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **13** OF **25**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---------|-------|----------------------|
| D-98 | BakerCityPlanningBuilding-WeeklyupdateNovember132020 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99116 |
| D-99 | BCPD Incident Report - P202301214 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99117 |
| D-100 | Bill of Sale for Dog_Eric Young 1 of 3 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99118 |
| D-101 | Bill of Sale for Dog_Eric Young 2 of 3 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99119 |
| D-102 | Bill of Sale for Dog_Eric Young 3 of 3 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99120 |
| D-103 | Blood Card - Back - 2015 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99121 |
| D-104 | Blood Card - Front - 2015 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99122 |
| D-105 | Brain fog 1 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99123 |
| D-106 | Brain fog 10 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99124 |
| D-107 | Brain fog 11 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99125 |
| D-108 | Brain fog 12 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99126 |
| D-109 | Brain fog 13 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99127 |
| D-110 | Brain fog 14 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99128 |
| D-111 | Brain fog 2 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99129 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **14** OF **25**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---|---|---|
| D-112 | Brain fog 3 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99130 |
| D-113 | Brain fog 4 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99131 |
| D-114 | Brain fog 5 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99132 |
| D-115 | Brain fog 6 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99133 |
| D-116 | Brain fog 7 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99134 |
| D-117 | Brain fog 8 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99135 |
| D-118 | Brain fog 9 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99136 |
| D-119 | clean-Plaintiffs Respons to DFNDs First Set of Requests for Admission - FINAL | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99137 |
| D-120 | Complaint - against Nick | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99138 |
| D-121 | Complaint - I'm getting ready to mail a very important letter | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99139 |
| D-122 | Complaint - Nick text re trusses 1 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99140 |
| D-123 | Complaint - Nick text re trusses 2 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99141 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **15** OF **25**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---------|-------|----------------------|
| D-124 | Complaint - Nick text re trusses 3 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99142 |
| D-125 | Complaint - Nick trusses - but I know I paid for them | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99143 |
| D-126 | Complaint - Nick, he's going to get in big trouble | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99144 |
| D-127 | Complaint - says Nicks license expired then says he got it brought up current | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99145 |
| D-128 | Complaint - sent a Certified Letter of complaint | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99146 |
| D-129 | Complaint - that's more ammo for me | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99147 |
| D-130 | Complaint - we're going to be putting in a complaint on that too | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99148 |
| D-131 | Court - hope we don't have to go to court and fight him | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99149 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **16** OF 25

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---|---|---|
| D-132 | Deposition-79559 Linda Cole 11-06-2024_full_ex - Copy | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99150 |
| D-133 | Deposition79559 Ted Cole 11-06-2024_full_ex | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99151 |
| D-134 | DFND-OCT20-RECORD-TRXSCR-LINDA-FAM-CHAT-1-SPOKANE-FINAL | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99152 |
| D-135 | DFND-OCT21-RECORD-TRXSCR-LINDA-FAM-CHAT-2-SPOKANE-FINAL | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99153 |
| D-136 | EX001 PHOTO-TedCOle | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99154 |
| D-137 | filelist.txt | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99155 |
| D-138 | iMessages - GiGi & Eric & Dad - 07.20.2017 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99156 |
| D-139 | iMessages - Linda & Ted | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99157 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **17** OF 25

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---------|-------|----------------------|
| | Cole_6.23.2017 - 9.27.2023 1 | |
| D-140 | iMessages - Movers checking availability_Linda stuff_09.23.2023 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99158 |
| D-141 | iMessages - Randy Demaris | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99159 |
| D-142 | iMessages - Rocket Mortgage - Earl | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99160 |
| D-143 | iMessages_Jonathan and Jose_remodel bid_4.23.23 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99161 |
| D-144 | IMG_4245-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99162 |
| D-145 | IMG_4246-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99163 |
| D-146 | IMG_4247-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99164 |
| D-147 | IMG_4248-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99165 |
| D-148 | IMG_4249-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99166 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **18** OF 25

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

25-80037-FPC    Doc 17-3    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 79 of 100

| EXHIBIT | Descr | Author/Maker Address |
|---------|-------|----------------------|
| D-149 | IMG_4250-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99167 |
| D-150 | IMG_4251-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99168 |
| D-151 | IMG_4252-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99169 |
| D-152 | IMG_4253-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99170 |
| D-153 | IMG_4254-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99171 |
| D-154 | IMG_4255-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99172 |
| D-155 | IMG_4256-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99173 |
| D-156 | IMG_4257-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99174 |
| D-157 | IMG_4258-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99175 |
| D-158 | IMG_4259-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99176 |
| D-159 | IMG_4260-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99177 |
| D-160 | IMG_4261-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99178 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **19** OF 25

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---------|-------|----------------------|
| D-161 | IMG_4263-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99179 |
| D-162 | IMG_4264-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99180 |
| D-163 | IMG_4265-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99181 |
| D-164 | IMG_4266-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99182 |
| D-165 | IMG_4267-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99183 |
| D-166 | IMG_4268-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99184 |
| D-167 | IMG_4269-CreditFreezeAuth | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99185 |
| D-168 | July 2020 - gave her drawing to architect | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99186 |
| D-169 | June 2020 - describing remodel plans | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99187 |
| D-170 | Marlin installing electrical into breaker | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99188 |
| D-171 | Nick - no sight supervisor - she is taking | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99189 |

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---|---|---|
| | charge_wont cont 3 | |
| D-172 | Nick - no sight supervisor - she is taking charge_wont cont 4 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99190 |
| D-173 | Nick - no sight supervisor - she is taking charge_wont cont 5 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99191 |
| D-174 | Nick - problem with truss design_recv complaint | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99192 |
| D-175 | Nick - trusses dont meet design specs 1 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99193 |
| D-176 | Nick - trusses dont meet design specs 2 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99194 |
| D-177 | Nick - trusses dont meet design specs 3 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99195 |
| D-178 | Nick - trusses dont meet design specs 4 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99196 |
| D-179 | Nick - trusses dont meet design specs 5 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99197 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **21** OF **25**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---------|-------|----------------------|
| D-180 | Nick - trusses dont meet design specs 6 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99198 |
| D-181 | Nick - trusses dont meet design specs 7 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99199 |
| D-182 | No construction supervisor_taking charge | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99200 |
| D-183 | Permits Issued August 2020 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99201 |
| D-184 | Permits Issued October 2021 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99202 |
| D-185 | Plaintiff-Responses to Defendants' Second Rogs & RFP - Final | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99203 |
| D-186 | remodel-falling-down-meeting-nick-joseph- | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99204 |
| D-187 | Rush - give Randy a good swift kick in the butt 7-13-23 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99205 |
| D-188 | Rush - house - told her she could call her local credit union 4-24-23 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99206 |
| D-189 | Rush - I really hope this doesn't slip | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99207 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **22** OF 25

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---|---|---|
| | thru our fingers 4-24-23 | |
| D-190 | Rush - lot says it will be quicker 4-24-23 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99208 |
| D-191 | Rush - praying and crying all day not sure how much longer I can go on 7-5-23 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99209 |
| D-192 | Rush - we need to rush finishing house 5-5-23 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99210 |
| D-193 | Rush - we're anxious to buy 4-24-23 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99211 |
| D-194 | Rush - we're anxious to see progress | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99212 |
| D-195 | Rush - we're running out of time 7-13-23 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99213 |
| D-196 | video1-all-smiles | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99214 |
| D-197 | video1-all-smiles2 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99215 |
| D-198 | video1-all-smiles3 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99216 |
| D-199 | we are not continuing with him | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99217 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **23** OF 25

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---------|-------|----------------------|
| D-200 | Wire transfer - Docusign Orchard lot 2 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-201 | Wire Transfer - Orchard Lot 1 | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-202 | workers had to redo the crawl space to pass inspection | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-203 | BCPD Intake Video Evidence | Video Recording taken by BCPD Officer Koby Essex<br>Officer No.: 55778 Baker County Sheriff's Office<br>3410 K Street Baker City, OR 97814<br><br>(non-tangible exhibit) |
| D-204 | Oct20,2023 Family conversation audio recording | Audio Recording taken by Linda Cole (non-tangible exhibit) |
| D-205 | Oct21,2023 Family conversation Video Recording | Video Recording taken by Susan Young (non-tangible exhibit) |
|  |  |  |

NOTICE OF INTENT TO OFFER DOCUMENTARY EVIDENCE UNDER ER 904
PAGE **24** OF 25

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

**CERTIFICATE OF SERVICE**

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [  ] U.S. Mail |
| Riverside NW Law Group | [  ] Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [  ] Facsimile |
| | [X] E-Mail |
| Spokane, WA 99201 | [  ] Legal Messenger |
| mam@rnwlg.com | |

*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **25** OF 25

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

LINDA COLE and TED COLE,

                         Plaintiffs,

        vs.

ERIC ROSS YOUNG and SUSANANN
LYNETTE YOUNG,

                         Defendants.

Case No. 23-2-04734-32

**PLAINTIFFS' MOTIONS IN LIMINE**

        Plaintiffs submit the following motions in limine pursuant to the Court's Amended

Scheduling Order.

## I.        MOTIONS IN LIMINE

**1.        Exclude All Potential Witnesses During the Taking of Testimony.**

        Upon the request of a party, the Court shall require the exclusion of all potential witnesses,

except the parties, from being present in the courtroom during the taking of testimony.  ER 615

states:

> At the request of a party the court may order witnesses excluded so
> that they cannot hear the testimony of other witnesses, and it may
> make the order of its own motion.  This rule does not authorize
> exclusion of (1) a party who is a natural person, or (2) an officer or

**R**|**NW** **Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be reasonably necessary to the presentation of the party's cause.

ER 615. The "intent of ER 615 is to discourage or expose inconsistencies, fabrication, or collusion." *State v. Skuza*, 156 Wn. App. 886, 896 (2010). Indeed, "[t]he exclusion of witnesses from the courtroom during trial is a time-honored practice designed to prevent the shaping of testimony by hearing what other witnesses say." *Taylor v. U.S.*, 388 F.2d 786, 788 (9th Cir. 1967). The rule "serves both to reduce the danger that a witness's testimony will be influenced by hearing the testimony of other witnesses, and to increase the likelihood that the witnesses' testimony will be based on her own recollections." *U.S. v. Hopps*, 31 F.3d 918, 921 (9th Cir. 1994).

Plaintiffs, therefore, respectfully requests that any potential nonparty witness be excluded from the courtroom during the course of trial so they cannot hear the testimony of other witnesses. Further, witnesses should be instructed not to talk to anyone about what other witnesses have testified about during trial. *Skuza*, 156 Wn. App. at 896. The credibility and memory of witnesses are critical to a fair trial.

_____ Granted        _____ Denied        _____ Reserved

**2.    Preclude Defendants from Using at Trial Any Documents That Were Not Produced in Discovery or Otherwise Identified and Produced in an Exhibit List.**

Washington's civil rules are designed to prevent a "trial by ambush." *Jones v. City of Seattle*, 179 Wn.2d 322, 353-54 (2013). Defendants are obligated to disclose all documents in their possession that are responsive to Plaintiffs' discovery requests, and, further, Defendants are obligated to disclose each document they intend to use as an exhibit at trial, except for those

**R** | **N**/**W**   Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

documents used solely for impeachment. *See, e.g.*, CR 26; CR 37. Accordingly, the Court should preclude Defendants and from using or alluding to any documents that were not previously disclosed in discovery or identified on their exhibit list. Before doing so, however, the Court should hold a *Burnett* hearing to set the appropriate record for exclusion. *Burnett v. Spokane Ambulance*, 131 Wn.2d 484 (1977); *Jones*, 179 Wn.2d at 344-46 (requiring a *Burnett* hearing before excluding untimely disclosed evidence).

_____ Granted          _____ Denied          _____ Reserved

**3.      Preclude Defendants' Lay and Fact Witnesses from Offering Expert Testimony.**

CR 26 and the Court's scheduling order required Defendant to timely and properly disclose the identity of any expert witness they may use at trial. Defendants should be precluded from offering expert testimony or evidence through witnesses it designated solely as lay/fact witnesses.

_____ Granted          _____ Denied          _____ Reserved

**4.      Exclude Any Witnesses Not Previously Disclosed.**

A trial court has discretionary authority to exclude a witness' testimony as a sanction for the party's failure to provide answers or supplemental responses to interrogatories regarding an expert's opinions. *In re Marriage of Gillespie*, 89 Wn. App. 390, 404 (1997). When the decision to exclude testimony stems, not from a willful violation of a court order, but from the fact that a witness was not disclosed until just before or during trial, prejudice to the other side is relevant. *In re Marriage of Gillespie*, 55 Wn. App. at 404.

**R│NW**

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

The Court should exclude all witnesses, other than rebuttal witnesses, not disclosed in Defendants' witness list, including, specifically:

a.  All witnesses not disclosed in Defendants' witness lists;

b.  All witnesses inadequately disclosed by Defendants through discovery; and

c.  Any expert testimony from non-disclosed experts.

_____ Granted          _____ Denied          _____ Reserved

**5.      Exclude Irrelevant Testimony / Evidence Relating to Events That Occurred Decades Ago.**

During the deposition of Plaintiff Linda Cole, Defendants repeatedly questioned Mrs. Cole on a number of irrelevant topics that occurred decades ago (in some cases, four – five decades ago).  The purposes of these lines of questioning, which have nothing to do with Plaintiffs' claims for conversion and fraud occurring in 2023, are clear: harass, embarrass, and intimidate Plaintiffs.  Counsel for the Plaintiffs will not dignify Defendants' topics of questioning for the Court in this briefing.

Pursuant to ER 401, 402, and 403, Plaintiffs ask that the Court exclude Defendants from inquiring into topics that are clearly not relevant and inquired into solely for the purpose of harassment.

_____ Granted          _____ Denied          _____ Reserved

PLAINTIFFS' MOTIONS IN LIMINE - 4

**R | N·W** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

Dated December 20, 2024.        RIVERSIDE NW LAW GROUP, PLLC

BY: */s/ Matthew S. Mensik*
Mathew A. Mensik, WSBA 44260
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
Telephone: (206) 949-3540
Email: mam@rnwlg.com

R | N W

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the following individuals in the

manner indicated:

| | |
|---|---|
| Eric and Susanann Young<br>12402 N. Divisions St, PMB #167<br>Spokane, WA 99218<br><br>Pro Se Defendants | ☐ Personal Service<br>☐ First Class Mail<br>☐ Certified Mail<br>☑ E-mail<br><u>Eyoung-encrypt@pm.me</u><br><u>jaegersmum@proton.me</u> |

Dated this 20th day of December, 2024.

*Matthew Mensik*

Matthew A. Mensik

**Riverside NW Law Group, PLLC**<br>905 W. Riverside Ave., Ste 208<br>Spokane, WA 99201<br>(509) 606-0746 | rnwlg.com

1
2

### SUPERIOR COURT OF WASHINGTON

3

### IN AND FOR SPOKANE COUNTY

4
5

6 | LINDA COLE AND TED COLE      No. 23-2-04734-32

7 | Plaintiffs

8 | V.                     **DEFENDANTS**
                                    **TRIAL MEMORANDUM**

9 | ERIC YOUNG AND SUSAN YOUNG,
Defendants

10

11      TO:     Linda Cole and Ted Cole, 625 Broadway St., Baker City, OR 97814

12      AND:   Matt Mensik Riverside NW Law Group

13             905 Riverside Ave, Suite 208, Spokane, WA 99201

14

15

### I. INTRODUCTION

16 Defendants Eric Young and Susan Young submit this Trial Memorandum to outline the legal and

17 factual issues relevant to this case, anticipated evidence, and procedural matters for the Court's

18 consideration at trial. This Memorandum also notifies the Court of Defendant's intent to file a

19 Motion for Summary Judgment out of time, as detailed below.

20
21
22

23 DEFENDANTS TRIAL MEMORANDUM
PAGE 1 OF 7

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@Gmail.Com

## II. CASE BACKGROUND

This case arises from allegations made by Plaintiffs asserting claims of fraud and conversion. Defendant denies all allegations and has produced substantial evidence directly refuting each of Plaintiff's claims during discovery. Conversely, Plaintiff has failed to produce any admissible evidence to support their claims, as required under Washington law.

Plaintiffs have also failed to prosecute their claims in good faith, violating procedural rules and discovery obligations, and presenting a case that is entirely unsupported by credible evidence. Plaintiff's reliance on declarations contradicted by their own statements in evidence and by documented facts, procedural abuses during discovery, and failure to subpoena any witnesses on their witness list, including herself, render their claims untenable and prejudicial to Defendants. These deficiencies warrant dismissal under **CR 41(b)** for failure to prosecute or, alternatively, summary judgment under **CR 56** due to the absence of genuine issues of material fact.

## III. LEGAL ISSUES FOR TRIAL

1. **Plaintiff's Failure to Meet Burden of Proof**

   Plaintiff bears the burden of proof on all claims by a preponderance of the evidence. To date, Plaintiff has failed to produce evidence substantiating essential elements of their claims. As such, Defendant will argue that Plaintiff's case cannot survive under applicable Washington law.

2. **Plaintiffs' Deficiencies during Discovery**

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@Gmail.Com

Plaintiffs have prejudiced Defendants' ability to prepare for trial by delaying delivery of critical discovery content (audio recording in Plaintiffs' possession) for over 25 days past end of discovery, and other documentary deliverables delayed over 2 weeks. These actions have severely delayed Defendants ability to timely file the Motion for Summary Judgment

3. **Defendant's Intent to File Motion for Summary Judgment Out of Time**

Pursuant to CR 56 and CR 6(b), Defendant will file a Motion to File Out of Time for Summary Judgment demonstrating over 30 instances of Plaintiff Linda Cole's direct contradiction of her sworn testimony, along with details addressing the lack of evidence supporting Plaintiff's claims. This motion is necessary to promote judicial efficiency and prevent prejudice to Defendant, as Plaintiff's case fails to present any genuine issue of material fact.

4. **Exclusion of Witnesses and Evidence**

Defendant will object to Plaintiff's witness list and evidence due to procedural deficiencies, including the failure to subpoena witnesses or disclose evidence during discovery.

### IV.  ANTICIPATED EVIDENCE

1. **Defendant's Evidence** :

   - Documentary evidence, including Baker City Police Department incident 'body cam' video and transcript, video recording and transcript of family conversation which clearly refutes Linda Cole's false assertions made in her sworn

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@Gmail.Com

declarations, audio recording and transcript of a family conversation which

clearly demonstrates Linda Cole's awareness and support of the agreed family

arrangement, including financing of the home purchase and arrangements thereof,

and which also demonstrates that Linda Cole has willfully lied to this court when

she asserted that her dog had been stolen by Defendants, when in fact she had

verbally and on recording abandoned the dog when she departed under false

pretenses from Defendants house in Spokane.

o  Deposition evidence demonstrating Linda Cole's frequent evasive responses,

inappropriate conduct between Plaintiff and her counselor, including actions

committed by counsel intended to abuse and intimidate pro se litigants, including

nearly 200 spurious objections and interruptions to process, and removal of his

client from deposition to a conference room while under questioning solely to

confer and correct Plaintiffs active destruction of her own testimony

o  Depositions, interrogatories, and admissions from Plaintiff containing multiple

contradictions, false statements, and misrepresentations.

2.  **Plaintiff's Lack of Evidence** :

o  To date, Plaintiff has failed to produce admissible evidence to support their

claims.

Defendant anticipates filing objections to Plaintiffs' evidence and witness lists to

address the admissibility of evidence Plaintiff attempts to introduce at trial.

DEFENDANTS TRIAL MEMORANDUM
PAGE 4 OF 7

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@Gmail.Com

# V. DEFENDANT'S LEGAL POSITION

1. **Fraud and Conversion Claims Lack Evidentiary Support**

   Plaintiff's claims for fraud and conversion fail as a matter of law. Under Washington law:

   - Fraud requires proof of a misrepresentation, intent to deceive, reliance, and damages. Plaintiff has produced no evidence meeting these elements.

   - Conversion requires proof of wrongful possession or control over Plaintiff's property. Plaintiff has failed to provide any credible or admissible evidence to support these claims, and all attempts by Plaintiffs to manufacture lists of imagined stolen property dissolve under the simplest evaluation of the facts.

2. **Plaintiff's Procedural Failures Warrant Exclusion of Evidence and Witnesses**

   Plaintiff has failed to subpoena their own witnesses, all of whom are out-of-state, and has suppressed material evidence during discovery. These failures warrant exclusion of late or improper submissions and dismissal of unsupported claims.

3. **Request for Judicial Efficiency**

   Defendant respectfully submits that judicial resources are better served by resolving this matter via summary judgment. Defendant's forthcoming Motion for Summary Judgment will demonstrate the lack of triable issues and Plaintiff's inability to meet their evidentiary burden.

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@Gmail.Com

## VI.  REQUESTED RELIEF

Defendant respectfully requests the following:

1. That the Court grant Defendant's forthcoming Motion for Summary Judgment

2. That the Court exclude any witnesses or evidence not properly disclosed or subpoenaed by Plaintiff; and

3. That Plaintiff's claims be dismissed with prejudice.


## VII.  CONCLUSION

Defendant appreciates the Court's consideration of these issues and looks forward to presenting further arguments at trial if necessary, and through additional motions. Plaintiff's procedural deficiencies, lack of evidence, while offering known-false and contradictory testimony, warrant dismissal of their claims.


I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 19th day of December, 2024, at Spokane, WA.


/s/ Eric R. Young and Susan L. Young

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@Gmail.Com

## VIII.  CERTIFICATE  OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [  ] U.S. Mail |
| Riverside NW Law Group | [  ] Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [  ] Facsimile |
| Spokane, WA 99201 | [X] E-Mail |
| mam@rnwlg.com | [  ] Legal Messenger |

DATED this 20th day of December, 2024, at Spokane, WA.

_/s/ Eric R. Young and Susan L. Young_

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS TRIAL MEMORANDUM
PAGE 7 OF 7

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@Gmail.Com

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| LINDA COLE and TED COLE,<br><br>Plaintiffs,<br><br>vs.<br><br>ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG,<br><br>Defendants. | Case No. 23-2-04734-32<br><br>**TRIAL MANAGEMENT JOINT REPORT** |

Pursuant to LR 16 this Trial Management Joint Report must be filed and served in all cases governed by a Civil Case Schedule Order (LR 0.4.1). Failure to file and serve this report or to appear at the Pretrial Conference may result in the imposition of monetary sanctions, dismissal of the case, or entry of a default judgment. Failure to fully disclose all items required on this report may result in exclusion or restriction on use of evidence at trial. This is a joint report, requiring counsel to meet, confer, and attempt to resolve differences in the matter addressed in this report. A copy of this report must be provided to the assigned judge.

     **A.**    **MEETING:** The parties, by their attorneys, met *via telephone* on 12/17/2024, could not settle the case and are prepared to proceed to trial.

     **B.**    **NATURE OF CASE:** Provide a joint, brief, non argumentative description of the case, suitable for reading to the jury panel, as required by LR 51(a):

R | N W   **Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com