Not applicable. This is a bench trial. Please see the parties' trial briefs.

**C.    TOTAL NUMBER OF TRIAL DAYS** (including Plaintiff's and Defendant's case): 4 days.

**D.    LIST OF ISSUES WHICH ARE NOT IN DISPUTE:**

1.  The Plaintiff asks the Court to take judicial notice of numerous orders the Court has entered against the Defendants in this case, including the temporary restraining order, the preliminary injunction, and the numerous orders regarding the Defendants' "intransigence," including the ordered incarceration of Eric Young. These orders are part of the Court record and are not in dispute.

2.  Defendants advise the Court that Plaintiffs' case rests on materially false claims, as evidenced by video recordings, documents, and other evidence Defendants have identified in discovery and supplied to Plaintiffs 3 months ago (Sept. 12, 2024). Two weeks later Mr. Merritt conveniently withdrew as Plaintiffs' counsel.

    Despite multiple communications to Plaintiffs' replacement counsel (highlighting irrefutable evidence of Plaintiffs' fraudulent conduct), Plaintiffs and their counsel have failed to address or refute this evidence.

    Plaintiffs' counsel has an ongoing obligation under Rule 3.3 (Candor to the Tribunal) to correct false testimony or misrepresentations but has failed to do so. Counsel's continued reliance on known-false statements raises concerns regarding the integrity of the proceedings and imposes undue burden and prejudice on Defendants' ability to prepare for trial.

    Nearly all evidence Plaintiffs have submitted in their pre-trial evidence list fails with

TRIAL MANAGEMENT JOINT REPORT - 2

**R|NW**    Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

regard to measurements of Relevance, Prejudice, Confusion, or Waste of Time (ER 401, 402, 403), and demonstrates Plaintiffs' 'last-ditch efforts' bent on confusing the issues and stoking prejudice by continuing to mislead the court. Plaintiffs have further failed to include critical impeaching evidence provided to Plaintiffs as described above. Plaintiffs have also failed to subpoena any witnesses listed on their Witness List—all of whom, including Plaintiffs, reside out-of-state. This omission suggests Plaintiffs lack the intention or ability to present evidence or witnesses necessary to support their claims at trial.

Defendants reserve the right to seek appropriate relief from the Court, including but not limited to sanctions, for Plaintiffs' conduct, which Defendants believe may rise to the level of Fraud on the Court.*


*Details of Plaintiffs conduct are set forth in Defendants' upcoming court filing:
"Motion to File out of Time:
- Summary Case Review and Motion for Sanctions for Plaintiffs' Misconduct and Deficiencies during Discovery
- Motion to Dismiss, or in the alternative Motion for Summary Judgement"

*Additional upcoming filing:
   Defendants' Objections to Plaintiffs' Er 904
   - Exhibits - Irrelevant Content and Privileged Communications
   And
   Defendants' Objections to Plaintiffs' Witness List


**E.      LIST EACH ISSUE THAT IS DISPUTED** (Issues not identified here may not be raised at trial without leave of court):

1. Plaintiffs asserted causes of action against the Defendants for fraud and conversion of $362,052.66, and damages relating to the same.

TRIAL MANAGEMENT JOINT REPORT - 3

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

Defendants deny these claims, citing irrefutable evidence demonstrating Plaintiffs' fraudulent conduct, including video recordings and documentary evidence produced during discovery. Plaintiffs' assertions are unsupported by admissible evidence, and Defendants' 1300+ pages of impeachment evidence will demonstrate that Plaintiffs' claims lack merit, are predicated on false statements, and constitute a misuse of the judicial process.

2. Plaintiffs asserted a cause of action against Defendants for injunction, seeking to enjoin the purchase of the home located at 1004 E. Golden Ct., Spokane, WA, and to enjoin the expenditure of Plaintiffs' monies in Defendants' possession. The Court has already issued a temporary and preliminary injunction in this matter.

Defendants deny these claims and further assert that the temporary restraining order and preliminary injunction were legally invalid, as the Court failed to require Plaintiffs to post a bond as mandated under Rule 65(c). The orders were interlocutory, based on incomplete evidence, and do not constitute a final finding of fact. Defendants also assert that Plaintiffs' claims are baseless and that no injunction was warranted.

3. Plaintiffs assert that Defendants converted various personal property.

Defendants deny these claims and assert that Plaintiffs have failed to produce any credible or admissible evidence to support their allegations. Defendants will demonstrate that Plaintiffs' claims are not only meritless but also predicated on misrepresentations made by Plaintiffs and their counsel, in violation of their ethical

**R|NW**
Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

duties under Rule 3.3 (Candor to the Tribunal).

** Note: Defendants intend to seek leave from the Court to file a Motion for Summary Judgment out of time based on significant findings in admissible evidence of Plaintiffs calculated fraud and misuse of judicial process, Plaintiffs' failure to produce evidence supporting their claims, significant procedural deficiencies in Plaintiffs' case, and multiple deficiencies in performance of discovery – including over 150 instances of inappropriate conduct during Defendants' deposition of Plaintiffs.

Defendants have separately filed or will file the relevant motion for the Court's consideration.

**F.    EXHIBITS:** Trial counsel shall meet pre-mark and index all exhibits numerically as directed by the clerk of the assigned court. Court exhibit tags, available at the Spokane County Clerk's Office or from the courtroom court clerk, must be used showing the exhibit number, case name, and case number only. **The parties will submit their exhibits to the assigned court department pursuant to LCR 5(d)(6). The Clerk's Office will not accept exhibits.**

Counsel met on 12/17/2024 and conferred [but did not review] a list of all exhibits which will be offered at trial. Exhibits were enumerated in ER 904 filings by both parties. Any exhibit, which is not on said list of exhibits, will not be considered except by leave of court. No exhibits will be marked during trial while court is in session

G.    **INDEX OF EXHIBITS:** The index shall indicate: (1) the exhibit number, (2) by whom offered, (3) a brief description, (4) whether the parties have stipulated to admissibility, and if not (5) the legal grounds for objection(s). Rebuttal or impeachment exhibits need not be listed.

**PLAINTIFFS' EXHIBITS:**

**R | N W**    Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| Exhibit No. | Description | Stipulated as Admissible | Objection / Grounds (Cite ER) |
|---|---|---|---|
| P-1 | June 17, 2016, Promissory Note executed between Eric Young and Ted & Linda Cole in the amount of $6,800, and November 14, 2022, repayment check in the amount of $7,000, Bates Nos. COLE_001358-59. | | 403 |
| P-2 | March 29, 2020, text messages from Susanann Young to Linda Cole, Bates Nos. COLE_001225-28, and September 29, 2021, text messages between Susanann Young and Linda Cole, Bates Nos. COLE_001229-36, Exhibit 25 to the Deposition of Susanann Young. | | 403 |
| P-3 | August 8, 2020, text messages between Susanann Young and Linda Cole, Bates Nos. COLE_001237-50, Exhibit 24 to the Deposition of Susanann Young. | | 403 |
| P-4 | May 1, 2023, checks from Linda & Ted Cole to Eric & Susanann Young in the amounts of $12,000 ("Jaegers Schooling, 2023 thru 2024"), and $4,000 ("loss wages for week"). | | 401 / 402 / 403 / 702 |
| P-5 | Eric & Susanann Young's Bank of America Bank Statements (for July 27, 2023, to August 28, 2023), Bates Nos. COLE_000133-142, Exhibit 21 to the Deposition of Eric Young. | | 401 / 402 / 403 / 702 |
| P-6 | October 30, 2023, letter from Floyd C. Vaughan of Silven, Schmeits & Vaughan to Eric & Susanann Young and Rebecca Flaherty, Real Estate Broker, titled "Notice to Terminate Real Estate Transaction," Bates Nos. COLE_001298-99. | | 401 / 402 / 403 |
| P-7 | Various Receipts / Item Price Information relating to dog, Bates Nos. COLE_000001-15. | | 401 / 402 / 403 / 901 |
| P-8 | November 3, 2023, letter from Michael R. Merrit to Erin Varriano & Rebecca Flaherty of John L. Scott Real Estate, re: "Eric & Susan Young – purchase of | | 401 / 402 / 403 |

R|NW

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | | |
|---|---|---|---|---|
| | | 1004 E. Golden Ct. – MLS#202319643," Bates Nos. COLE_000887-88. | | |
| | P-9 | Residential Purchase and Sale Agreement, dated October 31, 2023 re: 1004 E. Golden Ct, Spokane, WA 99208, Bates Nos. COLE_000899-904 | | 401 / 402 |
| | P-10 | December 29, 2023, email from Eric Young to "Magan" and Rebecca Flaherty at John L. Scott Real Estate, Bates No. COLE_000946. | | 401 / 402 |
| | P-11 | Pictures of disappearing Signal App message sent from Eric Young to Linda Cole, Bates Nos. COLE_001369-1374. | | 403 |
| | P-12 | April 26 – May 18, 2024, text messages between Eric Young and Mark Severns, Bates Nos. COLE_001308-1351. | | RCW 5.60.060(3) |
| | P-13 | November 10, 2023 "Statement of Credit Denial, Termination or Change" re: Eric Young. | | 401 / 402 / 403 |
| | P-14 | Spreadsheet created by Eric & Susanann Young re: financial transactions between August 3, 2023, and April 27, 2023, Exhibit 6 to the Deposition of Eric Young. | | 401 / 402 / 403 / 702 |
| | P-15 | December 29, 2023, email from Eric Young to Magan Ham and Rebecca Flaherty at John L. Scott Real Estate, Bates No. COLE_001042-43, Exhibit 14 to the Deposition of Eric Young. | | 401 / 402 / 403 |
| | P-16 | Excerpts of transcript of November 7, 2023, hearing on Motion for Temporary Restraining Order & Order to Show Cause, Exhibit 16 to the Deposition of Eric Young. | | RCW 7.40.080 and CR 65(c) |
| | P-17 | October 30, 2023, text messages between Linda Cole and Susanann Young, Exhibit 26 to the Deposition of Susanann Young. | | 403 |
| | P-18 | October 13, 2023, and October 16, 2023, emails from Dawn Bruce of Old West Federal Credit Union to Linda Cole, Exhibit 27 to the deposition of Susanann Young. | | |

TRIAL MANAGEMENT JOINT REPORT - 7

**R | N W** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | |
|---|---|---|---|
| P-19 | Text messages between Eric Young & Susanann Young, Exhibit 1 to the Deposition of Eric Young. | | 403 |
| P-20 | Eric & Susanann Young's Bank of America Bank Statements (for August 29, 2023, to September 26, 2023), Bates Nos. COLE_000143-149, Exhibit 20 to the Deposition of Eric Young. | | 401 / 402 / 403 / 702 |
| P-21 | Eric Young's Fidelity Investment Accounts statements (for August – September, 2023), Bates Nos. COLE_000151-205, Exhibit 22 to the Deposition of Eric Young. | | 401 / 402 / 403 / 702 |
| P-22 | October 27, 2022, text message from Susanann Young to Linda Cole, dated October 27, 2022, Bates Nos. COLE_001387-88. | | 403 |
| P-23 | Quicken Loans "Gift Letter," dated October 11, 2023, Exhibit 4 to the Deposition of Eric Young. | | 401 / 402 |
| P-24 | Uniform Residential Loan Application signed by Eric Young on October 19, 2023. Bates Nos. COLE_000030-000040. | | 401 / 402 |
| P-25 | October 13, 2023, and October 16, 2023, emails from Dawn Bruce of Old West Federal Credit Union to Linda Cole, Exhibit 11 to the deposition of Eric Young. | | |
| P-26 | October 14, 2023, email from Linda Cole's email account to Eric Young's email, with attachments, Bates Nos. COLE_001283-93. | | |
| P-27 | October 16, 2023, email from Eric Young to Dawn Bruce at Old West Federal Credit Union, Exhibit 12 to the Deposition of Eric Young. | | |
| P-28 | Old West Federal Credit Union domestic wire forms ($119,698.04), Exhibit 10 to the Deposition of Eric Young. | | |
| P-29 | Old West Federal Credit Union domestic wire forms ($242,314.62), Exhibit 9 to the Deposition of Eric Young. | | |
| P-30 | October 16, 2023, email from Eric Young to Dawn Bruce at Old West | | |

TRIAL MANAGEMENT JOINT REPORT - 8

**R|NW**

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | |
|---|---|---|---|
| | | Federal Credit Union, Exhibit 13 to the Deposition of Eric Young. | |
| P-31 | | Text messages between Linda Cole and Susanann Young (October 26-27, 2023). Bates Nos. COLE_001398-001421. | 403 |
| P-32 | | Text messages between Linda Cole and Susanann Young (October 30, 2023). Bates Nos. COLE_001352-001354. | 403 |
| P-33 | | Text messages between Susanann Young and Joell Severns, dated February 5, 2024. Bates Nos. COLE_001463-001469. | 403 |
| P-34 | | Old West Federal Credit Union (Mini-Statement) for Linda Cole's bank account (October 1, 2023, to October 24, 2023). COLE_001294-001296. | |
| P-35 | | Order, dated February 22, 2024. | RCW 7.40.080 and CR 65(c) |
| P-36 | | Eric and Susanann Young's Fidelity Account Records from September 30, 2023, to February 29, 2024. | 401 / 402 / 403 / 702 |
| P-37 | | Eric and Susanann Young's banking records (Bank of America and Woodforest National Bank). | 401 / 402 / 403 / 702 |
| P-38 | | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (November 7, 2023) | RCW 7.40.080 and CR 65(c) |
| P-39 | | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 20, 2024) | RCW 7.40.080 and CR 65(c) |
| P-40 | | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 22, 2024) | RCW 7.40.080 and CR 65(c) |
| P-41 | | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 23, 2024) | RCW 7.40.080 and CR 65(c) |
| P-42 | | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 27, 2024) | RCW 7.40.080 and CR 65(c) |
| P-43 | | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 29, 2024) | RCW 7.40.080 and CR 65(c) |

TRIAL MANAGEMENT JOINT REPORT - 9

**R** **NW** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | |
|---|---|---|---|
| P-44 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (March 1, 2024) | | RCW 7.40.080 and CR 65(c) |
| P-45 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (March 4, 2024) | | RCW 7.40.080 and CR 65(c) |
| P-46 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (March 6, 2024) | | RCW 7.40.080 and CR 65(c) |
| P-47 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (March 13, 2024) | | RCW 7.40.080 and CR 65(c) |
| P-48 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 2, 2024) | | RCW 7.40.080 and CR 65(c) |
| P-49 | Order Granting Plaintiff's Motion for Temporary Restraining Order, dated November 8, 2023. | | RCW 7.40.080 and CR 65(c) |
| P-50 | Order for Preliminary Injunction, dated February 2, 2024. | | RCW 7.40.080 and CR 65(c) |
| P-51 | Audio Recording taken by Linda Cole (non-tangible exhibit). | | 403 |

**DEFENDANTS' EXHIBITS:**

| Exhibit No. | Description | Stipulated as Admissible | Objection / Grounds (Cite ER) |
|---|---|---|---|
| D-1 | Smiling/Laughing False Witnesses - exhibit in Deposition of Linda Cole | | |
| D-3 | Wire Form - exhibit in Deposition of Linda Cole | | |
| D-4 | Sold TX House - exhibit in Deposition of Linda Cole | | |
| D-5 | brain fog - exhibit in Deposition of Linda Cole | | |
| D-6 | Linda directed guns be gathered - exhibit in Deposition of Linda Cole | | |
| D-7 | BCPD Police Video Transcript - exhibit in Deposition of Linda Cole | | |
| D-8 | DECLARATION MATTHEW ANDERSON - exhibit in Deposition of Linda Cole | | |

TRIAL MANAGEMENT JOINT REPORT - 10

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | |
|---|---|---|---|
| D-10 | New Storage In Spokane - exhibit in Deposition of Linda Cole | | |
| D-11 | Verify phone num - exhibit in Deposition of Linda Cole | | |
| D-12 | Living Room w-Furniture and without - exhibit in Deposition of Linda Cole | | |
| D-13 | Red Light ticket - RV - exhibit in Deposition of Linda Cole | | |
| D-14 | Contact lenses - exhibit in Deposition of Linda Cole | | |
| D-15 | City hall contractor - exhibit in Deposition of Linda Cole | | |
| D-16 | Inspector-replace decking - exhibit in Deposition of Linda Cole | | |
| D-17 | Nick Lien - no license - exhibit in Deposition of Linda Cole | | |
| D-18 | Remodel - Engineering - exhibit in Deposition of Linda Cole | | |
| D-22 | Ex-D-22-Transcr-DFND-OCT20-TRXSCR-LINDA-FAM-CHAT-1-SPOKANE | | |
| D-24 | Ex-D-24-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2 | | |
| D-26 | Deposition - Ted Cole | | |
| D-30 | 01-DFND-Evidence-Images-Texts-Repository-StdRES | | |
| D-34 | ITEM-A: LINDA ACTIVELY LOOKING FOR LOT / HOUSES IN SPOKANE | | |
| D-34 | ITEM-B: LINDA DISPLAYING SYMPTOMS OF DEMENTIA | | |
| D-36 | Linda Looking for Houses in Spokane – 2022 | | |
| D-38 | OWFCU and Wires | | |
| D-40 | Banking and Signing | | |
| D-44 | Defendants Helping Mom – Same as Always | | |
| D-48 | Linda's decision to move | | |
| D-50 | ITEM-A: NO FRAUD - NORMAL COMMUNICATION - NO ACCUSATIONS OCTOBER 16, 2023 | | |
| D-50 | ITEM-B: NO FRAUD - PLAINTIFF LINDA COLES ADMITTED MEMORY PROBLEMS | | |
| D-52 | ITEM-A: NO FRAUD - LONG HISTORY OF HELPING PARENTS | | |

TRIAL MANAGEMENT JOINT REPORT - 11

**R** | **N W**  Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | | |
|---|---|---|---|---|
| D-54 | ITEM-B. NO FRAUD – LONG HISTORY OF HELPING PARENTS | | |
| D-56 | ITEM-C. NO FRAUD – LONG HISTORY OF HELPING PARENTS | | |
| D-58 | ITEM-D. NO FRAUD – LONG HISTORY OF HELPING PARENTS | | |
| D-60 | ITEM-E. NO FRAUD – LONG HISTORY OF HELPING PARENTS | | |
| D-62 | ITEM-F. NO FRAUD – LONG HISTORY OF HELPING PARENTS | | |
| D-64 | ITEM-A: LINDA ADMITS "BRAIN FOG" AND MEMORY ISSUES | | |
| D-64 | ITEM-B: LINDA SELF-MEDICATING WITH OTC MEMORY AID PREVAGEN | | |
| D-64 | ITEM-C: LINDA REQUESTS HELP WITH MEMORY | | |
| D-64 | ITEM-D: LINDA PARANOIA - 'GROCERY STORE CHEATING HER' | | |
| D-66 | ITEM-A: LINDA MEMORY IMPAIRMENT - VET APPT. | | |
| D-66 | ITEM-B: LINDA CONFUSED BY BANK ATM | | |
| D-66 | ITEM-C: LINDA ACCUSES THEFT OF BEDDING | | |
| D-66 | ITEM-D: LINDA LOSES IPAD - ACCUSES DRYCLEANERS | | |
| D-67 | Ex-D-67-Dog-AKC-Reunit-Bill-Sale | | |
| D-67 | Ex-D-67-Dog-AKC-Reunit-Bill-Sale | | |
| D-68 | ITEM-A: LINDA ALLEGES FRAUD - AMAZON | | |
| D-68 | ITEM-B: LINDA ACCUSED DEFENDANTS OF MEDICATION THEFT | | |
| D-68 | ITEM-C: LINDA PARANOIA - WAYFAIR AGENT 'LISTENING TO HER BANKING DETAILS' | | |
| D-68 | ITEM-D: LINDA FORGOT - STORAGE | | |
| D-68 | ITEM-E: LINDA FORGETTING EVERYTHING | | |
| D-68 | ITEM-F: LINDA LOST BLUE DOCUMENTS BOX - TOLD DEFENDANTS DAMIEN SEVERNS HAD STOLEN IT | | |
| D-68 | ITEM-G: LINDA FINDS BLUE DOCUMENTS BOX... WHICH SHE HAD TOLD DEFENDANTS DAMIEN HAD STOLEN | | |

**R** | **N W** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | |
|---|---|---|---|
| D-68 | ITEM-H: CAREGIVER TIP SHEETS | | |
| D-71 | Ex-D-71-7.21.2017-Texas-Linda-Leaving.pdf | | |
| D-79 | Ex-D-79-DISCOV-AmendResp 2024-11-05-Defendants' First ROGs | | |
| D-94 | Ex-D-94-TRSCR-Cole vs Young Police Intake 11-06-2023_full | | |
| D-97 | Ex-D-97-BCPD Docs-VideoReq | | |
| D-98 | BakerCityPlanningBuilding-WeeklyupdateNovember132020 | | |
| D-99 | BCPD Incident Report - P202301214 | | |
| D-103 | Blood Card - Back - 2015 | | |
| D-104 | Blood Card - Front - 2015 | | |
| D-105 | Ex-D-105-BrainFog | | |
| D-119 | Ex-D-119-DISCOV-Plaintiffs Respons to DFNDs First Set of RFAs | | |
| D-132 | Deposition-79559 Linda Cole 11-06-2024_full_ex - Copy | | |
| D-133 | Deposition79559 Ted Cole 11-06-2024_full_ex | | |
| D-134 | DFND-OCT20-RECORD-TRXSCR-LINDA-FAM-CHAT-1-SPOKANE-FINAL | | |
| D-135 | DFND-OCT21-RECORD-TRXSCR-LINDA-FAM-CHAT-2-SPOKANE-FINAL | | |
| D-136 | EX001 PHOTO-TedCOle | | |
| D-137 | filelist.txt | | |
| D-138 | iMessages - GiGi & Eric & Dad - 07.20.2017 | | |
| D-139 | iMessages - Linda & Ted Cole_6.23.2017 - 9.27.2023 1 | | |
| D-140 | iMessages - Movers checking availability_Linda stuff_09.23.2023 | | |
| D-141 | iMessages - Randy Demaris | | |
| D-142 | iMessages - Rocket Mortgage - Earl | | |
| D-143 | iMessages_Jonathan and Jose_remodel bid_4.23.23 | | |

**R | N/W** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | | |
|---|---|---|---|---|
| D-144 | Freeze of Linda and Ted's Credit Reports at their request - part 1 | | |
| D-145 | Freeze of Linda and Ted's Credit Reports at their request - part 2 | | |
| D-168 | July 2020 - gave her drawing to architect | | |
| D-169 | June 2020 - describing remodel plans | | |
| D-170 | Ex-D-170-Remodel-re-Nick | | |
| D-175 | Remodel-RandyDemaris-Other-1-of-3 | | |
| D-176 | Remodel-RandyDemaris-Other-1-of-3 | | |
| D-177 | Remodel-RandyDemaris-Other-1-of-3 | | |
| D-190 | Rush - various examples of Linda being 'in a rush' | | |
| D-196 | video1-all-smiles | | |
| D-197 | video1-all-smiles2 | | |
| D-198 | video1-all-smiles3 | | |
| D-201 | Wire Transfer - Orchard Lot 1 | | |
| D-210 | OCT21-RECORD-TRXSCR-LINDA-FAM-CHAT-2-DogAbandoned.pdf | | |

**H.     LIST OF PLAINTIFF'S REQUESTS FOR WASHINGTON PATTERN JURY INSTRUCTIONS:** If special (not WPI/WPIC, or pattern instructions including bracketed material), attach a copy.

N/A.  This is a bench trial.

**I.     LIST OF DEFENDANT'S REQUESTS FOR WASHINGTON PATTERN JURY INSTRUCTIONS:** If special (not WPI/WPIC, or pattern instructions including bracketed material), attach a copy.

N/A.  This is a bench trial.

TRIAL MANAGEMENT JOINT REPORT - 14

**R | N W**     Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

**J. LIST OF NAMES AND SCHEDULE OF ALL LAY AND EXPERT WITNESSES:** Describe type of witness (lay, treating, expert) and party calling witness. Please estimate all necessary time for presentation of all direct and cross-examination. Rebuttal witnesses need not be listed.

| NAME | PARTY | ESTIMATED TIME FOR WITNESSES' TESTIMONY |
|---|---|---|
| Linda Cole (Plaintiff) | Plaintiffs/Defendants | 2 hours / 3- 4 hrs. per day, 12-16hrs. total over 4 days |
| Ted Cole (Plaintiff) | Plaintiffs/Defendants | 30 minutes / 15 minutes |
| Eric Young (Defendant) | Plaintiffs/Defendants | 2.5 hours / 1 hr. |
| Susanann Young (Defendant) | Plaintiffs/Defendants | 2 hours / 1 hr. |
| Matthew Anderson (lay) | Plaintiffs/Defendants | 15 minutes / 15 minutes |
| Virginia Tate (expert) | Plaintiffs/Defendants | 1.5 hours / 15 minutes |
| Joell Severns (lay) | Plaintiffs/Defendants | 30 minutes / 1 hr. |
| Mark Severns (lay) | Plaintiffs/Defendants | 15 minutes / 15 minutes |
| Rebecca Flaherty (lay) | Plaintiffs/Defendants | 30 minutes / 15 minutes |
| Dawn Bruce (lay) | Plaintiffs/Defendants | 20 minutes / 15 minutes |
| Christy Varner (lay) | Plaintiffs/Defendants | 10 minutes / 15 minutes |
| Dawn M. Kitzmiller (lay) | Plaintiffs/Defendants | 15 minutes / 15 minutes |
| Records custodian for Guaranteed Rate | Plaintiffs/Defendants | TBD (May not be necessary depending on objections) |
| Records custodian for Bank of America | Plaintiffs/Defendants | TBD (May not be necessary depending on objections) |
| Records custodian for John L. Scott Realty | Plaintiffs/Defendants | TBD (May not be necessary depending on objections) |
| Randy DeMaris (lay) | Plaintiffs/Defendants | 15 minutes / 15 minutes |
| Joseph Hanson (lay) | Plaintiffs/Defendants | 15 minutes / 15 minutes |

**R|NW** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

1   J.      Attorneys, parties, or witness(s) have the following special needs that need to be

2   addressed:

3       _____Hearing Impaired _____Language Interpreter _X__Other (Please contact the

4   assigned court department involving of special needs requests five days before scheduled court

5   hearings and trials.)

6

7

8       Other.  Plaintiff Ted Cole is essentially blind and will need assistance reviewing / reading

9   documents.

TRIAL MANAGEMENT JOINT REPORT - 16

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

# Appendix A:  Table of Defendants Objections to Plaintiffs' Exhibit List

Further Addressed in Defendants' filing:
'Defendants Objections to Plaintiffs ER 904 Exhibit List':

| Section II. Specific Objection | Applies to ExhibNum | ER Objection | Objec.Text |
|---|---|---|---|
| A | P-9<br>P-10<br>P-15 | 401 / 402 | Objection to Real Estate Transaction Documents<br>Defendants object to the inclusion of real estate transaction documents as evidence on the grounds that they are irrelevant, immaterial, and inadmissible under ER 401 and ER 402. Plaintiffs have failed to produce any evidence that Defendants engaged in fraudulent conduct during the home purchase process. The real estate transaction documents are wholly unrelated to Plaintiffs' allegations and cannot support their claims. |
| B | P-4<br>P-5<br>P-14<br>P-20<br>P-21<br>P-36<br>P-37 | 401 / 402 / 403 / 702 | Objection to Wasting Time with Defendants Financial History<br><br>Defendants object to rehashing Defendants' accounting / financial records, which were improperly obtained pursuant to an invalid TRO that lacked a required bond under CR 65(c), rendering it legally defective.<br>Furthermore, this record relates to likewise invalid orders which violated Defendants' civil liberties through punitive contempt of court proceedings and incarceration that fall outside the scope of the current complaint.<br><br>Defendants' banking records during the period of events alleged in this case reflect only the financial impacts and damages caused by Plaintiffs' wrongful conduct, including:<br>• Deliberate breach of contract<br>• Intentionally offering false testimony to this court resulting in court actions prejudicial to Defendants<br>• Failure to honor legal transactions Plaintiffs' willingly executed<br><br>Defendants' banking records, both prior to and during the alleged events, are irrelevant to any claim or issue currently pending before the Court and are therefore inadmissible under ER 401 and ER 402. |

TRIAL MANAGEMENT JOINT REPORT - 17

**R** | **N W**  Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| Section II. Specific Objection | Applies to ExhibNum | ER Objection | Objec.Text |
|---|---|---|---|
| C | P-12 | RCW 5.60.060(3) | Objection to Clergy-Penitent Privileged Communications<br>Regarding text messages between Defendant and two non-party witnesses, Mark Severns and Joell Severns, these communications are protected by the clergy-penitent privilege under RCW 5.60.060(3), infringe upon Defendant's First Amendment rights, and are wholly irrelevant to the issues at trial. Allowing their introduction would result in undue prejudice against Defendant while serving no legitimate evidentiary purpose |
| D | P-1<br>P-2<br>P-3<br>P-11<br>P-17<br>P-19<br>P-22<br>P-31<br>P-32<br>P-33 | 403 | Objection to Irrelevant Personal Text Messages (Biased to Financial Reference)<br>Defendants object to Plaintiff's submission of selectively curated text messages between Plaintiff and Defendant as evidence.<br>These messages are irrelevant without proper context, are unfairly prejudicial under ER 403, and fail to provide an accurate or comprehensive account of the parties' relationship or communications. Plaintiff's selective presentation disregards thousands of other messages spanning 15 years, which provide critical context, including Defendant's extensive personal support for Plaintiff unrelated to financial matters. |
| E | P-38-49 | RCW 7.40.080 and CR 65(c) | Objection to Plaintiff's Submission of Excerpts of Hearing Transcripts or Orders<br>Defendants object to Plaintiff's submission of excerpts from hearing transcripts or orders related to the Temporary Restraining Order (TRO) and Preliminary Injunction in this matter. The TRO and Preliminary Injunction are invalid due to failure to meet statutory requirements, including the absence of a bond as required under RCW 7.40.080 and CR 65(c).<br><br>These transcripts are irrelevant to the issues before the Court, inadmissible under the rules of evidence, and prejudicial to Defendants.<br><br>Admitting these transcripts perpetuates Plaintiffs' ongoing misuse of the judicial process by attempting to invoke prior false testimony and prejudicial, conclusory statements that remain unsupported after conclusion of discovery, in what has clearly become a year of extensive harassment and baseless attacks on Defendants' civil liberties. |

TRIAL MANAGEMENT JOINT REPORT - 18

**R | N W** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| Section II. Specific Objection | Applies to ExhibNum | ER Objection | Objec.Text |
|---|---|---|---|
| F | P-7 | 401 / 402 / 403 / 901 | Objection to Evidence of Miscellaneous Receipts Alleged to Represent Conversion<br>Defendants object to Plaintiff's submission of miscellaneous receipts as evidence of property allegedly converted by Defendants.<br>These receipts are irrelevant, lack proper foundation, and are inadmissible under ER 401, ER 402, and ER 901. Their introduction would result in undue prejudice and confusion under ER 403. |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct:

Dated December 16, 2024.

RIVERSIDE NW LAW GROUP, PLLC

BY: /s/ Matthew S. Mensik
Mathew A. Mensik, WSBA 44260
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
Telephone: (206) 949-3540
Email: mam@rnwlg.com

ERIC & SUSANANN YOUNG

BY: /s/

Eric and Susanann Young
12402 N. Divisions St, PMB #167
Spokane, WA 99218

Pro Se Defendants

TRIAL MANAGEMENT JOINT REPORT - 19

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

1

2 **<u>CERTIFICATE OF SERVICE</u>**

3
    I certify that the foregoing document was served upon the following individuals in the
4
5 manner indicated:

6 | Eric and Susanann Young | ☐ Personal Service |
    | 12402 N. Divisions St, PMB #167 | ☐ First Class Mail |
7 | Spokane, WA 99218 | ☐ Certified Mail |
    | | ☑ E-mail |
8 | Pro Se Defendants | Eyoung-encrypt@pm.me |
    | | jaegersmum@proton.me |
9

10
    Dated this 16th day of December, 2024.
11

12                          _____
                            Matthew A. Mensik
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TRIAL MANAGEMENT JOINT REPORT - 20

**R** | **N W** | **Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| Linda Jean Cole and Ted Laverne Cole, PLAINTIFFS | No. 23-2-04734-32 |
| V. | |
| ERIC YOUNG AND SUSAN YOUNG, DEFENDANTS. | DEFENDANTS' MOTION IN SUPPORT OF SUBPOENA TO COMPEL PLAINTIFF LINDA COLE'S IN-PERSON ATTENDANCE AT TRIAL |

**TO:**   Linda Jean Cole and Ted Laverne Cole

625 Broadway St

Baker City, OR 97814

# I.   INTRODUCTION

Defendants, appearing pro se, respectfully submit this Motion in Support of Subpoena to

Compel Plaintiff Linda Cole's In-Person Attendance at Trial, scheduled for January 13, 2025.

Plaintiff Linda Cole is a resident of Oregon and a material party in this case, having initiated the

current civil action with allegations central to the issues in dispute. Linda Cole's in-person

DEFENDANTS' MOTION IN SUPPORT OF SUBPOENA
TO COMPEL PLAINTIFF LINDA COLE'S IN-PERSON
ATTENDANCE AT TRIAL
PAGE 1 OF 8

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

testimony is critical to ensuring a fair and complete presentation of facts, particularly given that the entire basis of this civil action rests on Linda Cole's manufactured fictional descriptions of events at the heart of this matter.

Efforts to arrange for Plaintiff's attendance without compulsion are neither appropriate nor sufficient, as Linda Cole has provided no evidence supporting her claims, and all purported disputed material facts are illegitimate, as will be demonstrated in Defendants' forthcoming Motion to File Out of Time - Motion for Summary Judgement.

As further justification for this subpoena, Linda Cole has admitted - in her sworn deposition and when confronted with video evidence - to presenting false testimony both to Oregon law enforcement and to this court on the same day – November 6, 2023.  Plaintiff Linda Cole, aided and abetted by her legal counsel, has further been exposed through video and audio evidence and self-contradicting testimony, as having intentionally foisted upon this court dozens of additional misrepresentations of facts since the inception of this matter.

Only a guaranteed and compelled presence at trial will ensure that Plaintiff Linda Cole can be properly cross-examined on the allegations she has asserted.

These facts necessitate the issuance of a subpoena pursuant to the Uniform Interstate Depositions and Discovery Act (UIDDA), Washington Superior Court Civil Rule 45, and

DEFENDANTS' MOTION IN SUPPORT OF SUBPOENA
TO COMPEL PLAINTIFF LINDA COLE'S IN-PERSON
ATTENDANCE AT TRIAL
PAGE 2 OF 8

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

Spokane County Superior Court local rules. Defendants respectfully request that the Court grant this motion to ensure Plaintiff Linda Cole's testimony is available for cross-examination on matters essential to resolving the claims and defenses in this action.

## II.    STATEMENT OF FACT

The referenced subpoena is issued to compel Plaintiff Linda Cole to in-person attendance at trial for the following reasons:

1. **Persistent Conduct Supporting a Fraudulent Claim:**

   Plaintiffs have advanced this case based on admitted false testimony and misrepresentations. Linda Cole's personal appearance in court is critical to resolving these issues and ensuring accountability for her fraudulent allegations. The nature of her conduct is such that it warrants, and Defendants intend to request, Plaintiff be referred under RCW 9A.72.020 (Perjury in the First Degree) to Washington State criminal authorities for investigation and potential prosecution.

2. **Misconduct During Deposition:**

   Plaintiffs and their counsel engaged in obstructive and improper conduct during the deposition of Plaintiff Linda Cole, including Plaintiffs' counsel inappropriately

DEFENDANTS' MOTION IN SUPPORT OF SUBPOENA
TO COMPEL PLAINTIFF LINDA COLE'S IN-PERSON
ATTENDANCE AT TRIAL
PAGE 3 OF 8

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

interrupting active deposition questioning, removing his client to a conference room. On return, Plaintiffs' counsel attempted 'walk-back' questioning of deponent, intended to prejudice Defendants' ability to obtain clear and truthful testimony, even as Plaintiff had repeatedly admitted that she made false and contradictory statements while under oath. In-person attendance is necessary to allow the Court and Defendants to effectively assess Plaintiffs' statements and ensure accountability.

**3. Risk of External Influence During Remote Testimony:**

Plaintiffs have been aided by third parties in furthering their claims through perjured testimony and misrepresentations. Remote testimony poses a significant risk of further influence or coaching, making in-person testimony essential to ensure a fair and just trial.

# III.   LEGAL ARGUMENT

**1. Plaintiff's Presence is Essential for a Fair Adjudication of the Case**

- Plaintiff Linda Cole, as the principal party who initiated this civil action, bears the burden of proving the allegations in her complaint. Her testimony is critical to

DEFENDANTS' MOTION IN SUPPORT OF SUBPOENA
TO COMPEL PLAINTIFF LINDA COLE'S IN-PERSON
ATTENDANCE AT TRIAL
PAGE 4 OF 8

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

resolving key factual disputes, including her allegations of fraud and conversion, which remain unsupported by any substantive evidence.

- Without Plaintiff's in-person testimony, Defendants' ability to effectively cross-examine her and challenge her unsubstantiated and contradictory statements will be significantly prejudiced, undermining the fairness of the proceedings.

**2. Plaintiff Must Be Compelled to Attend as the Initiating Party**

- By filing this lawsuit, Plaintiff Linda Cole has voluntarily availed herself of the jurisdiction of this Court and the judicial process. Courts routinely hold that plaintiffs who initiate legal action must be available to defend their claims and respond to challenges through cross-examination.

- In Estate of Smith v. Clark County, 198 Wn. App. 439, 448 (2017), the court emphasized the fundamental importance of cross-examination as a means of truth-seeking. Plaintiff's refusal or failure to appear would deny Defendants this critical right.

**3. Authority to Compel Attendance Under CR 45 and UIDDA**

- Washington Superior Court Civil Rule 45 provides the authority to issue subpoenas to compel the attendance of parties at trial. The Uniform Interstate Depositions and

DEFENDANTS' MOTION IN SUPPORT OF SUBPOENA
TO COMPEL PLAINTIFF LINDA COLE'S IN-PERSON
ATTENDANCE AT TRIAL
PAGE 5 OF 8

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

Discovery Act (UIDDA), as adopted in Washington, allows for the issuance of subpoenas compelling out-of-state parties to appear in compliance with their state's laws.

- Plaintiff Linda Cole resides in Oregon, where the UIDDA is in effect. This Court can issue a subpoena under CR 45, which can then be domesticated in Oregon to compel Plaintiff's attendance at trial.

**4. Compulsion Is Necessary Due to Plaintiff's Lack of Evidence, Misrepresentations, And Willful Prevarications Under Deposition**

- Plaintiff has failed to produce any evidence substantiating her claims during discovery and has relied on inflammatory and unsupported accusations. Furthermore, Plaintiff's history of making false statements to law enforcement and in court filings demonstrates a pattern of misrepresentation that requires direct scrutiny through live testimony.
- Courts have discretion to compel a party's attendance at trial when their testimony is material and necessary. Given Plaintiff's central role and the serious nature of the claims, compelling her in-person attendance is the only fair and just course of action.

**5. Alternatives to In-Person Attendance Are Inadequate**

DEFENDANTS' MOTION IN SUPPORT OF SUBPOENA
TO COMPEL PLAINTIFF LINDA COLE'S IN-PERSON
ATTENDANCE AT TRIAL
PAGE 6 OF 8

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

- Testimony via remote means (e.g., video conference) under CR 43(f) would be insufficient in this instance. Remote testimony cannot adequately substitute for the ability to assess demeanor, credibility, and responsiveness during cross-examination, especially given the gravity of the allegations and the need for a thorough examination of Plaintiff's contradictions and falsehoods.

# IV.   RELIEF REQUESTED

Based on the assumption as of this filing that this indefensible and fraudulent civil action continues to trial, Defendants respectfully request that this Court authorize Defendants' subpoena compelling Plaintiff Linda Cole to appear in person at trial in Spokane, WA from January 13th – 17th, 2025 and to testify regarding matters material to this case.

DEFENDANTS' MOTION IN SUPPORT OF SUBPOENA
TO COMPEL PLAINTIFF LINDA COLE'S IN-PERSON
ATTENDANCE AT TRIAL
PAGE 7 OF 8

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

# V.   CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [   ]U.S. Mail |
| *Riverside NW Law Group* | [   ]Hand Delivery |
| *905 W. Riverside Ave, Suite* | [   ]Facsimile |
| *208* | [ X ]E-Mail |
| *Spokane, WA 99201* | [   ]Legal Messenger |
| *mam@rnwlg.com* | |

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.  DATED this 9th day of October, 2024, at Spokane, WA.


/s/ Eric R. Young and Susan L. Young

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

DEFENDANTS' MOTION IN SUPPORT OF SUBPOENA
TO COMPEL PLAINTIFF LINDA COLE'S IN-PERSON
ATTENDANCE AT TRIAL
PAGE 8 OF 8

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

LINDA COLE AND TED COLE
Plaintiffs
V.
ERIC YOUNG AND SUSAN YOUNG,
Defendants

No. 23-2-04734-32

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ER 904 EXHIBITS**

TO:   Linda Jean Cole and Ted Laverne Cole, 625 Broadway St., Baker City, OR 97814

AND:   Matt Mensik, Riverside NW Law Group

905 Riverside Ave, Suite 208, Spokane, WA 99201

## I.   INTRODUCTION

Defendants object to Plaintiffs' attempt to introduce certain evidence described in their ER 904

Exhibit List. These include real estate transaction records, mortgage loan application

documents, text messages, financial records, and privileged communications between Defendant

and a fellow congregant in an ecclesiastical setting. These items are being presented as

'evidence' when in fact Plaintiffs have failed to produce any relevant evidence to support their

claims, and the majority of content submitted by Plaintiffs is irrelevant, speculative, and

prejudicial.

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ER 904 EXHIBITS
PAGE 1 OF 25

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

## II. Specific Objections

### A. Objection: Irrelevant and Immaterial Real Estate Transaction Documents

#### Exhibits P-9, P-10, P-15

Defendants object to the inclusion of real estate transaction documents as evidence on the grounds that they are irrelevant, immaterial, and inadmissible under ER 401 and ER 402. Plaintiffs have failed to produce any evidence that Defendants engaged in fraudulent conduct during the home purchase process. Plaintiffs have admitted Defendant was acquiring financing for the home purchase out of necessity because Plaintiffs did not have enough money to buy the house themselves. That lender financing was a transaction to which Plaintiffs were not a party. The real estate transaction documents are therefore wholly unrelated to Plaintiffs' allegations and cannot support their claims.

### B. Objection: Attempts to Use Immaterial Financial Records for Speculative Attacks Against Defendants Wastes Court Resources

#### Exhibits P-4, P-5, P-14, P-20, P-21, P-36, P-37

Defendants strongly object to the further use and speculative abuse of their financial records. These records were improperly obtained under a TRO that was legally invalid when the court failed to require a mandatory bond, as required by CR 65(c) and RCW 7.40.080, rendering the TRO defective and unenforceable. This prejudicial conduct of the court under the unlawful TRO emboldened Plaintiffs to further unfair prejudice against Defendants through Plaintiffs' unlawful contempt proceeding.

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

The resulting unlawful punitive incarceration of Defendant for three weeks only exacerbated the difficulty for Defendants already struggling to comply with the court's unreasonable and unlawful orders. These actions constitute an egregious case of judicial overreach, brutally exceeding the scope of the current complaint, which remains now as it was over one year ago – fully unsupported by any credible or admissible evidence. The clear, cogent, and convincing documentary evidence of Plaintiffs' fraudulent conduct rises to a level of fraud on the court beyond obstruction, becoming a perversion of justice, causing great harm to Defendants and their minor child who are innocent of all allegations.

Defendants' banking records during the period of events alleged in this case reflect only the financial impacts and damages caused by Plaintiffs' wrongful conduct, including:

- Deliberate breach of contract

- Invention of a false narrative to manufacture a basis for their fraudulent civil action

- Intentionally offering false testimony which prejudiced the court against Defendants

- Failure to honor elective legal transactions personally arranged and executed by Plaintiffs

Defendants' banking records, both prior to and during the alleged events, are irrelevant to any claim or issue currently pending before the Court and are therefore inadmissible under ER 401 and ER 402.

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ER 904 EXHIBITS
PAGE 3 OF 25

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

**C. Objection: Clergy-Penitent Privileged Communications**

**Exhibit P-12**

Regarding text messages between Defendants and two non-party witnesses, Mark Severns and

Joell Severns, these communications are protected by the clergy-penitent privilege under RCW

5.60.060(3), infringe upon Defendant's First Amendment rights, and are wholly irrelevant to the

issues at trial. Allowing their introduction would result in undue prejudice against Defendants

while serving no legitimate evidentiary purpose.


**D. Objection: Irrelevant, Immaterial, or Incomplete Personal Text Messages (Biased
to Financial Reference)**

**Exhibits P-1, P-2, P-3, P-11, P-17, P-19, P-22, P-31, P-32, P-33**

Defendants object to Plaintiff's submission of their selectively curated text messages between

Plaintiffs and Defendants as evidence. These messages are irrelevant without proper context, are

unfairly prejudicial under ER 403, and fail to provide an accurate or comprehensive account of

the parties' relationship or communications. Plaintiff's selective presentation disregards

thousands of other messages spanning 15 years, which provide critical context, including

Defendant's extensive personal support for Plaintiffs unrelated to financial matters.

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

**E. Objection: Plaintiff's Submission of Excerpts of Prejudicial Transcripts or Orders**

**Exhibits P-38-49**

Defendants object to Plaintiff's submission of excerpts from hearing transcripts or orders related to the Temporary Restraining Order (TRO) and Preliminary Injunction in this matter. The TRO and Preliminary Injunction are invalid due to failure to meet statutory requirements, including the absence of a bond as required under RCW 7.40.080 and CR 65(c). These transcripts are irrelevant to the issues before the Court, inadmissible under the rules of evidence, and prejudicial to Defendants. Admitting these transcripts perpetuates Plaintiffs' ongoing misuse of the judicial process by attempting to invoke prior false, prejudicial, and conclusory statements that remain unsupported after discovery.

**F. Objection: Irrelevant and Immaterial Evidence of Miscellaneous Receipts Alleged to Represent Conversion**

**Exhibits P-7**

Defendants object to Plaintiff's submission of miscellaneous receipts as evidence of property allegedly converted by Defendants. These receipts are irrelevant, lack proper foundation, and are inadmissible under ER 401, ER 402, and ER 901. Their introduction would result in undue prejudice and confusion under ER 403.

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

# III. BACKGROUND

Plaintiffs have submitted an ER 904 Exhibit List proposing evidence intended for introduction at trial, including mortgage loan application documents, text messages, communications protected by clergy-penitent privilege, selectively curated financial discussions, and excerpts from hearing transcripts related to the unlawful Temporary Restraining Order (TRO) and Preliminary Injunction. Defendants contend that Plaintiffs' submissions are largely irrelevant, speculative, or inadmissible under the Washington Rules of Evidence.

The central issue in this matter concerns Plaintiffs' baseless allegations against Defendants of fraud and conversion, claims for which Plaintiffs have failed to produce any credible evidence during discovery. Plaintiffs now attempt to rely on documents and testimony that are immaterial to the claims at issue, as well as selectively presented evidence intended to mislead the Court. Defendants further assert that Plaintiffs' submissions include privileged communications, biased and incomplete evidence, and improper references to invalid judicial orders, all of which warrant exclusion under the applicable rules of evidence.

Defendants respectfully bring these objections to ensure the integrity of the proceedings and to prevent further undue prejudice and confusion that would result from admitting Plaintiffs' inadmissible evidence.

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

# IV. LEGAL ARGUMENT

## A. Objection: Irrelevant and Immaterial Real Estate Transaction Documents

**Lack of Relevance (ER 401, ER 402)**

To be admissible, evidence must be relevant, meaning it tends to make any fact of consequence more or less probable. The real estate transaction documents fail this test because they bear no connection to Plaintiffs' claims of fraud.

1. No Evidence of Fraud:

   o Plaintiffs admit that there was a family agreement to purchase a home, and that Defendant was to secure mortgage financing.

   o Plaintiffs have provided no evidence of fraudulent misrepresentation or deceptive conduct related to the transaction.

   o Plaintiffs were never a party to the mortgage application or purchase agreement, a fact Plaintiff has admitted in multiple recordings.

2. Irrelevant to Allegations:

   o The real estate documents pertain solely to Defendants' lawful efforts to acquire financing and complete the purchase agreement per the family agreement. Plaintiffs' attempt to use these documents is nothing more than a smokescreen to confuse the issues and distract from their failure to meet their burden of proof.

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

**See ER 401 / 402 – Exhibit 1 to this document.**


**Prejudice and Confusion (ER 403)**

Even if marginally relevant (which they are not), the introduction of real estate transaction

documents would cause undue prejudice and confuse the issues:

1. Misleading the Court:

   o The documents serve no purpose other than to create the false impression that
     Defendants acted improperly during the home purchase process. Plaintiffs'
     allegations are based on a fictitious narrative, unsupported by any evidence, and
     refuted by recorded evidence of Plaintiff's admissions. This proposed evidence
     risks conflating lawful actions with baseless accusations.

2. Unfair Prejudice:

   o Admitting these documents would unfairly burden Defendants by forcing them to
     defend routine real estate documents unrelated to the claims.

3. Waste of Time:

   o Allowing this evidence would unnecessarily prolong proceedings by addressing
     irrelevant details of a lawful real estate transaction, diverting attention from
     Plaintiffs' lack of evidence of fraud.

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

1     **B. Objection: Attempts to Use Immaterial Financial Records for Speculative Attacks**

2        **Against Defendants Wastes Court Resources**

3 **Lack of Relevance (ER 401, ER 402)**

4 Evidence is only admissible if it is relevant, meaning it makes the existence of any fact of

5 consequence more or less probable. Plaintiff's claims of fraud are unsupported by any evidence,

6 refuted by Plaintiffs, and provide no nexus between Defendants' history of financial stability

7 and the alleged fraudulent conduct.

8     1. Plaintiff has failed to produce any evidence of fraud committed by Defendants.

9     2. Defendants' financial circumstances in the past are not a concern to Defendants as such

10        because Defendants have never filed for bankruptcy, never been subject to foreclosure,

11        have had no evictions, and no unresolved judgments – all of which are Plaintiffs'

12        documented experiences at various times over the past 40 years. Defendants' financial

13        history has no bearing on the alleged fraud or any material issue in this case.

14     3. In short, attempting to link Defendants' financial history to unsupported claims of fraud

15        is speculation born of wild attempts to smear Defendants, irrelevant to the Court's

16        determination, and can only be unfairly prejudicial to Defendants.

17

18 **See ER 401 / 402 – Exhibit 1 to this document.**

19

20

21

22 DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ER 904 EXHIBITS
PAGE 9 OF 25

23

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

**Prejudice, Confusion, and Waste of Time (also ER 403)**

Regarding admitting as evidence Defendants' financial history:  Even if marginally relevant (which it is not), the probative value of such evidence is substantially outweighed by the risks of prejudice, confusion, and undue burden on Defendants, which have already occurred in these proceedings, influencing the court to issue legally deficient orders violating Defendants civil liberties.  Further belaboring such irrelevant material would only:

1. Confuse the Court by conflating Defendants' financial history with unsupported allegations of fraud.

2. Produce unusable speculation and conjecture that would unfairly burden Defendants by forcing them to defend irrelevant personal financial details immaterial to the case.

3. The introduction of such testimony would waste judicial resources by diverting attention from the Plaintiff's failure to meet their burden of proof and the dozens of examples of misrepresentation and false testimony Plaintiffs have proffered upon the court.

**C.  Objection to Clergy-Penitent Privileged Communications**

**Clergy-Penitent Privilege Under RCW 5.60.060(3)**

Under Washington law, RCW 5.60.060(3) protects communications made to clergy members in the context of their spiritual and ministerial role. This privilege is intended to preserve the confidentiality of spiritual guidance, similar to attorney-client or physician-patient privilege. The communications at issue:

1. Were made to Defendant in his capacity as a Ministerial Servant.

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

2. Addressed personal and spiritual matters unrelated to the legal dispute.

3. Were intended to remain confidential under the rules and doctrines of the Jehovah's Witnesses.

**See RCW 5.60.060(3) – Exhibit 1 to this document.**

The privileged nature of these communications precludes their admissibility.

**First Amendment Protections**

Admitting these communications would infringe upon Defendant's First Amendment rights, including:

1. **Free Exercise Clause**: Protects religious practices, including confidential spiritual guidance within congregations.

2. **Establishment Clause**: Prevents governmental entanglement in ecclesiastical matters, such as the role of Ministerial Servants and the confidentiality of their communications.

**See First Amendment Protections – Exhibit 1 to this document.**

Admitting these messages would entangle the Court in interpreting ecclesiastical practices, violating these constitutional principles.

**Relevance and Prejudice Under ER 403**

Even if the privilege did not apply, the text messages are irrelevant to the legal claims at issue and would cause undue prejudice. Plaintiff has offered no evidence suggesting these communications pertain to witness tampering or any claim within the scope of the case.

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ER 904 EXHIBITS
PAGE 11 OF 25

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

Introducing them would mislead the Court and create improper prejudice against Defendant by implying wrongdoing where none exists.

**Precedent:**

In *Presbyterian Church v. Mary Elizabeth Blue Hull Memorial Presbyterian Church, 393 U.S. 440* (1969), the U.S. Supreme Court explicitly emphasized the prohibition against civil courts becoming entangled in matters of religious doctrine and practice.

**Exclusion Under ER 403**

Even if deemed marginally relevant (which they are not), the probative value of these communications is substantially outweighed by the danger of unfair prejudice.

- Unfair Prejudice: The introduction of religious communications could bias the jury against Defendant based on religious practices, leading to a decision influenced by prejudice rather than facts.

- Confusion of Issues: A jury may be misled, or judge (in this case) may be distracted by religious doctrine instead of focusing on the legal matters at hand.

**D. Objection: Irrelevant, Immaterial, or Incomplete Personal Text Messages (Biased to Financial Reference)**

**Lack of Relevance and Completeness**

Under ER 401 and ER 402, evidence is admissible only if it is relevant, meaning it must have a tendency to make a material fact more or less probable. Selectively presenting financial text

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

messages without including the broader context of the parties' communications renders the evidence irrelevant and incomplete:

1. Plaintiff's selection of text messages containing a random tertiary financial element are cherry-picked and do not reflect the entirety of the relationship, agreements, or communications.

2. Thousands of other messages show significant context, including Defendant's personal care for Plaintiff over 15 years. Such a preponderance of evidence of Defendants long record of good-faith efforts to support and care for Plaintiffs stands in decisive opposition to Plaintiffs' fictional narrative of fraud or financial misconduct. (Defendants discovery responses provided to Plaintiffs contained over 370 pages of messages and photographs (out of ~500 pages), providing a broad and deep contextual body of knowledge; that body of evidence is available in Trial Exhibits D-30 to D-66 (23 exhibits total, comprising ~370 pages).

3. Courts consistently require that evidence must fairly reflect the whole picture, not selectively chosen fragments.

**Prejudice and Misleading the Court (ER 403)**

Even if marginally relevant, the selective use of text messages unfairly prejudices Defendant by creating a distorted narrative:

1. **Unfair Prejudice**: Presenting only financial messages misrepresents the nature of the relationship and communications, unfairly implying that financial matters were the sole or primary focus of their interactions.

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

2. **Risk of Misleading the Court**: The omission of thousands of other messages misleads the Court and creates an incomplete and biased view of the facts.

3. **Burden to Rebut**: Defendant would be forced to present the entirety of the communications to correct the misrepresentation, imposing an unnecessary burden and prolonging proceedings.

   In *State v. Gould*, 58 Wn. App. 175, 183 (1990), the court determined that evidence that risks misleading the trier of fact or creates unfair prejudice should be excluded under ER 403

**Defendants' Request for Fair Treatment of Evidence**

If the Court permits Plaintiff to introduce financial text messages selectively, Defendants request:

1. The exclusion of such messages as misleading and incomplete unless the full context is provided.

2. Alternatively, the inclusion of additional text messages which provide broader context between the parties over the relevant period to ensure fairness and prevent distortion.

   **E. Objection to Plaintiff's Submission of Excerpts of Hearing Transcripts or Orders**

**Lack of Relevance (ER 401, ER 402)**

Evidence must be relevant to be admissible. Relevance is defined under ER 401 as evidence that has a tendency to make the existence of any fact of consequence more or less probable. Under ER 402, irrelevant evidence is inadmissible.

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

1.  The hearing transcript pertains to a TRO that was rendered legally defective due to noncompliance with mandatory statutory requirements.

2.  The TRO and its related proceedings are immaterial to the current issues, as the TRO no longer governs the dispute.

3.  The transcript excerpts do not address or support any claims or defenses raised in the current litigation.

**Prejudice and Misleading the Court (ER 403)**

Even if the evidence were marginally relevant (which it is not), its probative value is substantially outweighed by the danger of unfair prejudice and confusion.

1.  Admitting excerpts from a hearing on an invalid TRO risk misleading the Court by implying the TRO's merits were upheld, despite its invalidity.

2.  Presenting this evidence serves no legitimate purpose other than to unfairly prejudice Defendants by referencing proceedings that are procedurally defective and legally unenforceable.

**Procedural Defects of the TRO (RCW 7.40.080, CR 65(c))**

The TRO in question was invalid from the start because the court failed to require a bond as required under RCW 7.40.080 and CR 65(c).

- This procedural defect renders any proceedings based on the TRO irrelevant to the resolution of the substantive claims in this case.

- Courts routinely exclude evidence tied to legally defective orders, as such evidence is misleading and lacks probative value.

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

**Hearsay (ER 801-802)**

To the extent Plaintiff seeks to use the hearing transcript excerpts to prove the truth of statements made during the hearing, the transcript constitutes inadmissible hearsay under ER 801-802, absent an applicable exception.

### F.  Objection to Evidence of Miscellaneous Receipts Alleged to Represent Conversion

**Lack of Relevance (ER 401, ER 402)**

To be admissible, evidence must have a clear connection to the claims at issue. Plaintiff's submission of receipts for unspecified items fails to demonstrate any link to Defendants or any evidence of conversion.

1.  Plaintiff has not provided evidence that:

    o   The receipts correspond to actual property in Plaintiff's possession.

    o   The alleged property was ever in Defendants' possession or control.

    o   Defendants engaged in any act of interference with Plaintiff's ownership or possession.

2.  The receipts, at best, reflect Plaintiff's past purchases and bear no relation to the conversion allegations.

**Lack of Foundation or Authentication (ER 901)**

Plaintiff has not established the necessary foundation to authenticate the receipts or connect them to the property allegedly converted by Defendants. Specifically:

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

1.  The receipts are a spurious collection of unrelated and unverified documents.

2.  There is no evidence that the receipts represent items Plaintiff ever possessed, let alone items purportedly converted by Defendants.

3.  Without testimony or corroborating evidence, the receipts cannot support Plaintiff's claims.

4.  Plaintiffs admit their inability to locate their property after their move back to Baker City. Plaintiff's misplacement of their property does not constitute theft by Defendants.

**Prejudice and Confusion (ER 403)**

Even if marginally relevant (which they are not), the receipts are inadmissible under **ER 403** because their probative value is substantially outweighed by the risk of unfair prejudice and confusion. Admitting these receipts would mislead the Court by creating a false appearance of credibility for Plaintiff's unsupported allegations. The random nature of the receipts suggests a speculative claim, forcing Defendants to address irrelevant and unfounded accusations.

## V.  Conclusion

### A.  Objection:  Irrelevant and Immaterial Real Estate Transaction Documents

The real estate transaction documents are irrelevant to Plaintiffs' fraud allegations, do not support their claims, and would mislead the Court while unfairly prejudicing Defendants. Defendants respectfully request that the Court exclude this evidence under ER 401, ER 402, and ER 403.

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

**B. Objection:  Attempts to Use Immaterial Financial Records for Speculative Attacks Against Defendants Wastes Court Resources**

Plaintiffs' claims of fraud are unsupported by any evidence and no nexus exists between Defendants' historical financial record, whether recent or distant past, and the alleged fraudulent conduct. Admitting these documents would only result in heaping more unfair prejudice upon Defendants under ER 403. Defendants respectfully request that the Court exclude all of Defendants' financial documents in their entirety as immaterial and prejudicial.

**C. Objection:  Clergy-Penitent Privileged Communications**

The proposed items of evidence described above are not relevant to the current case, some are privileged, and all of them if admitted, would be highly prejudicial and do not support Plaintiffs' claims. Defendant respectfully requests that the Court exclude them from evidence under RCW 5.60.060(3), the First Amendment, and ER 403. The text messages Plaintiff seeks to introduce are protected by the clergy-penitent privilege, and their admission would infringe upon First Amendment protections and result in undue prejudice. Therefore, Defendant respectfully requests that the Court exclude these communications from evidence.

**D. Objection:  Irrelevant, Immaterial, or Incomplete Personal Text Messages (Biased to Financial Reference)**

The selectively presented text messages lack necessary context, unfairly prejudice Defendant, and risk misleading the Court. Defendants respectfully request that the Court exclude these messages under ER 401, ER 402, and ER 403.

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

**E. Objection: Plaintiff's Submission of Excerpts of Prejudicial Transcripts or Orders**

The excerpts from the TRO hearing transcript should be excluded as they are irrelevant, prejudicial, and tied to a procedurally defective TRO. Their admission would serve only to mislead the Court and unfairly harm Defendants. Defendants respectfully request that this evidence be excluded under ER 401, ER 402, ER 403, ER 801, and applicable procedural rules.

**F. Objection: Irrelevant and Immaterial Evidence of Miscellaneous Receipts Alleged to Represent Conversion**

The receipts are irrelevant, unauthenticated, and prejudicial. Defendants respectfully request that the Court exclude this evidence under ER 401, ER 402, ER 901, and ER 403.

**I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.**

**DATED this 24th day of December, 2024, at Spokane, WA.**

*/s/      Eric R. Young and Susan L. Young*

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

## VI.  CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [  ] U.S. Mail |
| Riverside NW Law Group | [  ] Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [  ] Facsimile |
| Spokane, WA 99201 | [X] E-Mail |
| mam@rnwlg.com | [  ] Legal Messenger |

DATED this 19th day of December, 2024, at Spokane, WA.

*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ER 904 EXHIBITS
PAGE 20 OF 25

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218

Phone (936-463-8411) - Email Eyoung-Encrypt@Pm.Me - Jaegersmum@Gmail.Com

# EXHIBIT 1

# - OBJECTIONS TO EVIDENCE -

# CASE LAW REFERENCE

# EXHIBIT 1 - SUMMARY OF ARGUMENT FOR OBJECTION TO EVIDENCE

| EVIDENCE RULE | SUMMARY | CASE LAW REF |
|---|---|---|
| **ER 401: DEFINITION OF "RELEVANT EVIDENCE"** | "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. | *Johnson v. Safeco Ins. Co.*, 76 Wn. App. 9, 15 (1994): The court referenced ER 401, which defines relevant evidence as having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The court highlighted that relevance requires a logical relationship between the evidence and the matter in dispute, and then excluded certain evidence that lacked a sufficient connection to the disputed coverage issues, emphasizing that relevance under ER 401 requires more than a tangential or speculative link. |
| **ER 402: GENERAL ADMISSIBILITY OF RELEVANT EVIDENCE** | All relevant evidence is admissible, except as limited by constitutional requirements or as otherwise provided by statute, by these rules, or by other rules or regulations applicable in the courts of this state. Evidence which is not relevant is not admissible. | |
| **ER 702: TESTIMONY BY EXPERTS** | If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise. | 1. *Anderson v. Akzo nobel coatings, inc.*, 172 wn.2d 593, 604 (2011): expert testimony must be both relevant and reliable, offering concrete assistance to the trier of fact. It concluded that expert testimony lacking a foundation of scientific reliability or logical relevance to the facts of the case should be excluded.<br><br>2. *Eriksen v. Mobile modules nw, inc.*, 127 wn. App. 586, 595 (2005): testimony based on conjecture or unsupported assumptions is inadmissible. |

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218
Phone (936-463-8411) - Email Eyoung-Encrypt@Pm.Me - Jaegersmum@Gmail.Com

25-80037-FPC    Doc 17-4    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 49 of 100

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, WA 99218

Phone (936-463-8411) – Email Eyoung-Encrypt@Pm.Me – Jaegersmum@Gmail.Com

| EVIDENCE RULE | SUMMARY | CASE LAW REF |
|---|---|---|
| | | In State v. Gould, 58 Wn. App. 175 (1990) The Washington Court of Appeals determined that evidence with minimal probative value that risks confusing the issues or prejudicing a party should be excluded under ER 403. Specifically, ER 403 allows the exclusion of evidence if its probative value is substantially outweighed when it carries a significant risk of: Confusing the issues, prejudicing a party, or misleading the jury or the court. In Gould, the court considered whether the admitted evidence unfairly influenced the jury by diverting attention from the central issues of the case. |
| **ER 403: EXCLUSION OF RELEVANT EVIDENCE ON GROUNDS OF PREJUDICE, CONFUSION, OR WASTE OF TIME** | Relevance, Confusing, Prejudicial, Misleading the court or jury

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. | Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In state v. Rupe, 101 wn.2d 664, 707 (1984), the Washington Supreme Court emphasized that evidence admitted in court must be relevant under er 401 (it must make a fact of consequence more or less probable). It also highlighted that evidence can be excluded under er 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, or misleading the jury.

• the court specifically criticized the introduction of inflammatory evidence—such as details of legal gun ownership in rupe's case—which was presented without context, making its relevance unclear and risking undue prejudice.

• this reflects the principle that evidence lacking proper context can mislead the jury or confuse its meaning and relevance |

| EVIDENCE RULE | SUMMARY | CASE LAW REF |
|---|---|---|
| **ER 901: REQUIREMENT OF AUTHENTICATION OR IDENTIFICATION** | (a) **General Provision.** The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. (b) **Illustrations.** By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule: 1. Testimony of a witness with knowledge. Testimony that a matter is what it is claimed to be. 2. Nonexpert opinion on handwriting. Nonexpert opinion as to the genuineness of handwriting, based upon familiarity not acquired for purposes of the litigation. 3. Comparison by trier or expert witness. Comparison by the trier of fact or by expert witnesses with specimens which have been authenticated. | |
| | | |
| | | |
| | | |

| EVIDENCE RULE | SUMMARY | CASE LAW REF |
|---|---|---|
| **CLERGY-PENITENT PRIVILEGE UNDER RCW 5.60.060(3)** | Under Washington law, RCW 5.60.060(3) protects communications made to clergy members in the context of their spiritual and ministerial role. This privilege is intended to preserve the confidentiality of spiritual guidance, much like attorney-client or physician-patient privilege. | 1. In *State v. Martin*, 137 Wn.2d 774 (1999) The court examined whether these communications were protected under RCW 5.60.060(3). The Washington Supreme Court held that the clergy-penitent privilege applied, emphasizing that confidential communications made to a clergy member in their professional capacity are protected<br><br>2. In re Grand Jury Subpoena, 870 F. Supp. 2d 217, 220 (E.D. Va. 2012): Affirmed the privilege extends to clergy engaged in spiritual counseling roles. |
| **FIRST AMENDMENT PROTECTIONS** | >Free Exercise Clause: Protects religious practices, including confidential spiritual guidance within congregations.<br><br>>Establishment Clause: Prevents governmental entanglement in ecclesiastical matters, such as the role of Ministerial Servants and the confidentiality of their communications | 3. *Hosanna-Tabor Evangelical Lutheran Church and School v. EEOC, 565 U.S. 171 (2012)*: Protects religious organizations' autonomy in defining ministerial roles and functions.<br><br>4. *Wisconsin v. Yoder, 406 U.S. 205 (1972)*: Reaffirms robust protections for religious practices. |
| **RELEVANCE AND PREJUDICE UNDER ER 403** | | 1. *Presbyterian Church v. Mary Elizabeth Blue Hull Memorial Presbyterian Church, 393 U.S. 440 (1969)*, the U.S. Supreme Court explicitly emphasized the prohibition against civil courts becoming entangled in matters of religious doctrine and practice |

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs<br><br>V.<br><br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | No. 23-2-04734-32<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' LIST OF PROPOSED WITNESSES AT TRIAL** |

    TO:   Linda Jean Cole and Ted Laverne Cole, 625 Broadway St., Baker City, OR 97814

    AND:  Matt Mensik, Riverside NW Law Group

        905 Riverside Ave, Suite 208, Spokane, WA 99201

## I.  INTRODUCTION

As Defendants have alerted the court in recent filings, Plaintiffs in this action have failed to prosecute their claims in good faith, violating procedural rules and discovery obligations, and presenting a case that is entirely unsupported by credible evidence. Plaintiffs now appear to be relying on the only thing they have remaining – Linda Cole's sworn declarations which a) do not constitute evidence, and b) are glaringly contradicted by their own statements in evidence,

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, Wa 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

by Linda's admissions in deposition and elsewhere, and by documented facts from multiple sources. These realities, along with Plaintiffs' record over the last year of this baseless action – including procedural abuses during discovery, and failure to subpoena any witnesses on their witness list, including Plaintiffs – render their claims prejudicial to Defendants and indefensible before the court.

Discovery in these proceedings have concluded, and Plaintiffs have failed to produce any relevant evidence to support their claims, including any of the 9 elements of fraud under Washington State Civil Code. Plaintiffs continue to disregard this reality and have allowed this fraudulent action to endure as a gratuitous and fatuous waste of the court's time and resources, not to mention a slanderous attack on innocent parties, members of Plaintiffs' own family.

Defendants, therefore, object to Plaintiffs' list of proposed witnesses to trial, including several witnesses and Plaintiffs themselves who are out-of-state residents, and Plaintiffs' proposal for expert testimony by Virginia Tate, a so-called 'fraud examiner'. Specifically, any analysis or testimony by Ms. Tate can only be irrelevant and prejudicial, misleading to the court, and cannot support their claims.

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, Wa 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

## II. Specific Objections

### A. Objection:  Plaintiffs Witness List – Failure to Subpoena and Improper Assumption of Remote Testimony

#### Failure to Subpoena Out-of-State Witnesses

Defendants object to Plaintiffs' witness list on the grounds that all listed witnesses reside out of state, specifically in Oregon and Idaho, and Plaintiffs have failed to issue or serve subpoenas to compel their attendance at trial.

- Under Washington CR 45, subpoenas are required to ensure witness presence at trial. Out-of-state witnesses must also be compelled through domestication of subpoenas in their home state under the Uniform Interstate Depositions and Discovery Act (UIDDA).
- Without valid subpoenas, the listed witnesses are under no legal obligation to appear, either in person or remotely. Allowing Plaintiffs to rely on voluntary attendance creates undue uncertainty and prejudices Defendants ability to prepare for trial.

#### Improper Assumption of Remote Testimony

Plaintiffs have not sought leave of this Court to allow remote testimony under Washington CR 43(a). Testimony via remote means, such as Zoom or other electronic platforms, is not automatic and requires advance court approval upon a showing of good cause.

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, Wa 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

- Plaintiffs' failure to request or justify remote testimony deprives the Court of its discretion to evaluate whether electronic testimony is appropriate.

- Even if remote testimony were an option, Plaintiffs have not issued subpoenas or otherwise ensured the witnesses' attendance. Remote testimony does not eliminate the requirement to compel witness participation through valid subpoenas.

**Prejudice to Defendant**

Allowing Plaintiffs' witnesses to testify—whether in person or remotely—without proper subpoenas or court approval causes significant prejudice to Defendants, including:

- Unfair surprise and uncertainty regarding the witnesses' attendance.

- Inability to effectively prepare for cross-examination or challenge witness credibility.

- Procedural unfairness due to Plaintiffs' failure to comply with basic pre-trial rules and ensure witness availability.

**Relief Requested**

Defendants respectfully request the Court:

- Strike Plaintiffs' witnesses from the witness list – whether out-of-state or in-state - for failure to issue subpoenas to compel their attendance.

- In the alternative, preclude Plaintiffs from relying on remote testimony unless:

  o Plaintiffs seek and obtain Court approval under CR 43(a); and

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, Wa 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

- Plaintiffs provide proof that subpoenas have been properly issued, domesticated in Oregon and Idaho, and served on the witnesses.
- Deny any attempt by Plaintiffs to introduce deposition testimony, affidavits, or recorded statements in place of live testimony for absent witnesses.

## B. Objection to Fraud Examiner 'Expert' Reports and Analysis of Defendants' Financial Documents

Defendants object to Plaintiffs' designation of a purported "fraud examiner" as an expert witness on the following grounds: the testimony lacks relevance under ER 401 and ER 402, is based on speculative and unsupported claims, and fails to meet the standards for admissibility of expert testimony under ER 702. Allowing such testimony would cause undue prejudice, mislead the Court, and unfairly burden Defendants in violation of ER 403.

If there was any basis for financial analysis, which there is not, Plaintiffs' named expert must rely on accounting output which was improperly obtained pursuant to an invalid TRO that lacked a required bond under CR 65(c), rendering it legally defective. Furthermore, this prejudicial conduct of the court under the unlawful TRO emboldened Plaintiffs to further prejudice Defendants through Plaintiffs' unlawful contempt proceeding. These actions constitute an egregious case of judicial overreach, brutally exceeding the scope of the current

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, Wa 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

complaint, which remains now as it was over one year ago – fully unsupported by any credible or admissible evidence. Plaintiffs' allegations are therefore based on a fictitious narrative, unsupported by any evidence, and refuted by recorded evidence of Plaintiff's admissions. The clear, cogent, and convincing documentary evidence of Plaintiffs' fraudulent conduct rises to a level of fraud on the court beyond obstruction, becoming a perversion of justice, causing great harm to Defendants and their minor child who are innocent of all allegations.

Defendants' banking records during the period of events alleged in this case (required for any 'examination') reflect only the financial impacts and damages caused by Plaintiffs' wrongful conduct, including:

- Deliberate breach of contract
- Invention of a false narrative to manufacture a basis for their fraudulent civil action
- Intentionally offering false testimony which prejudiced the court against Defendants
- Failure to honor elective legal transactions personally arranged and executed by Plaintiffs

On these stated grounds, Defendants' banking records, both prior to and during the alleged events, are irrelevant to any claim or issue currently pending before the Court and are therefore inadmissible under ER 401 and ER 402.

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' LIST OF
PROPOSED WITNESSES AT TRIAL
PAGE 6 OF 18

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, Wa 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

# III. BACKGROUND

The central issue in this matter concerns Plaintiffs' baseless allegations of fraud and conversion against Defendants, claims for which Plaintiffs have failed to produce any credible evidence during discovery. Plaintiffs have also submitted an evidence list demonstrating they will attempt to rely on documents and testimony that are immaterial to the claims at issue, as well as selectively presented evidence intended to mislead the Court.

Plaintiffs have additionally submitted a witness list which includes calling for expert testimony from a tax preparer moonlighting as a 'certified fraud examiner', among other business enterprises. Defendants do not at this time offer impeachment of Ms. Tate's credentials or capabilities, though we reserve the right to do so if necessary, later in these proceedings.

Rather, the issue is more fundamental: Plaintiffs' proposal to invoke a 'fraud examiner' ignores their failure outlined above to produce any credible evidence to support Plaintiffs' allegations of fraud, which Plaintiffs admit in filings and oral argument are mere 'proffered hypotheticals'. However, proffered hypotheticals must still be based on probable cause that some cause of action occurred, and there must be at minimum reasonable expectation of discoverable evidence to (eventually) support such allegations. Defendants have endured the reality of 'the punishment is the process' for over a year as Plaintiffs have failed to produce any required evidence to support their claims. Conversely, other than one audio recording surrendered (25 days late) by Plaintiffs, Defendants are the only party to produce legitimate evidence – over

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' LIST OF
PROPOSED WITNESSES AT TRIAL
PAGE 7 OF 18

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, Wa 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

1300 pages so far, about half of the immediate repository at hand – all of which refutes Plaintiffs' claims while broadcasting Defendants' innocence.  Plaintiffs' response through discovery has been to ignore that trove of evidence which defeat Plaintiffs' allegations.

Defendants respectfully bring these objections to ensure the integrity of the proceedings and to prevent the undue prejudice and confusion that would result from admitting Plaintiffs' inadmissible evidence.

## IV.   LEGAL ARGUMENT

### A.   Objection:  Plaintiffs Witness List – Failure to Subpoena and Improper Assumption of Remote Testimony

#### Failure to Properly Subpoena Witnesses

Under Washington law and RCW 5.51 (Uniform Interstate Deposition and Discovery Act), a party seeking to call out-of-state witnesses must properly domesticate subpoenas in the state where those witnesses reside. Plaintiffs have failed to issue subpoenas to themselves or to any of their witnesses, rendering them unavailable to testify at trial.

#### Relevance and Prejudice

Evidence is admissible only if it is relevant under ER 401 and does not risk unfair prejudice, confusion, or the introduction of cumulative testimony under ER 403. Plaintiffs' proposed witness testimony fails to meet these standards.

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' LIST OF
PROPOSED WITNESSES AT TRIAL
PAGE 8 OF 18

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, Wa 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

**Exclusion of Witnesses Due to Procedural Failures**

- In *Scott v. Grader, 105 Wn. App. 136, 18 P.3d 1150* (2001), the court excluded the testimony of an expert witness because the party failed to disclose the witness until shortly before trial, violating procedural rules. The court emphasized the importance of adhering to procedural requirements for witness disclosure to prevent unfair surprise and ensure a fair trial.

  This case underscores that failure to comply with procedural rules regarding witness disclosure and subpoenaing can lead to the exclusion of witness testimony. If the Plaintiffs have not properly subpoenaed their out-of-state witnesses, their testimonies may be subject to exclusion.

**Exclusion of Evidence Under ER 403**

- In *State v. Riker, 123 Wn.2d 351, 869 P.2d 43* (1994), the Washington Supreme Court upheld the exclusion of evidence under ER 403, stating that even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

  This case illustrates that, under ER 403, the court has the discretion to exclude evidence or testimony if it is deemed more prejudicial than probative. If the Plaintiffs' proposed witness testimony lacks relevance or poses a risk of unfair prejudice, it may be excluded on these grounds.

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' LIST OF
PROPOSED WITNESSES AT TRIAL
PAGE 9 OF 18

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, Wa 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

**B. Objection: Attempts to Call Fraud Examiner Expert for Analysis of Immaterial Financial Records for Speculative Attacks Against Defendants Wastes Court Resources**

**Lack of Relevance (ER 401, ER 402)**

Evidence is only admissible if it is relevant, meaning it makes the existence of any fact of consequence more or less probable. Plaintiffs' claims of fraud are unsupported by any evidence, and no nexus exists between Defendants' history of financial stability and the alleged fraudulent conduct.

1. Plaintiffs have failed to produce any evidence of fraud committed by Defendants.

2. Defendants' financial circumstances in the past are not a concern to Defendants as such because Defendants have never filed for bankruptcy, never been subject to foreclosure, have had no evictions, and have no unresolved judgments – all of which are Plaintiffs' documented experiences at various times over the past 40 years. Defendants' financial history has no bearing on the alleged fraud or any material issue in this case.

3. The very act of referencing a 'fraud examiner' is prejudicial, conclusory, and another case of Plaintiffs' baseless attempts to slander, defame, and harass Defendants, as Plaintiffs attempt to link Defendants' financial history to Plaintiffs' unsupported claims of fraud. Such conduct is speculative and irrelevant to the Court's determination.

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' LIST OF
PROPOSED WITNESSES AT TRIAL
PAGE 10 OF 18

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, Wa 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

In *State v. Rupe, 101 wn.2d 664, 707 (1984)*, the Washington supreme court emphasized that evidence admitted in court must be relevant under ER 401 (it must make a fact of consequence more or less probable). It also highlighted that evidence can be excluded under ER 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, or misleading the jury.

The court specifically criticized the introduction of inflammatory evidence—such as details of legal gun ownership in Rupe's case—which was presented without context, making its relevance unclear and risking undue prejudice.

This reflects the principle that evidence lacking proper context can mislead the jury or confuse its meaning and relevance.

In *Johnson v. Safeco Ins. Co., 76 Wn. App. 9, 15* (1994), the court referenced ER 401, which defines relevant evidence as having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The court highlighted that relevance requires a logical relationship between the evidence and the matter in dispute, and then excluded certain evidence that lacked a sufficient connection to the disputed coverage issues, emphasizing that relevance under ER 401 requires more than a tangential or speculative link.

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, Wa 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

**Failure to Meet Standards for Expert Testimony (ER 702)**

Expert testimony is admissible only if it assists the trier of fact by offering specialized knowledge beyond common understanding. The proposed testimony fails this standard because:

1. The "fraud examiner" offers no factual basis tied to the alleged fraudulent conduct. Plaintiffs' claims of fraud are wholly unsupported by discovery or admissible evidence and refuted by recorded evidence of Plaintiff's admissions.

2. The expert's testimony relies on speculative assertions about Defendants' financial condition rather than specific, admissible evidence related to the claims.

3. Courts have excluded similar speculative expert testimony when it fails to provide reliable methods or directly address the issues in dispute.

   In *Anderson v. Akzo Nobel Coatings, Inc., 172 Wn.2d 593, 604 (2011),* the court held that expert testimony must be both relevant and reliable, offering concrete assistance to the trier of fact. It concluded that expert testimony lacking a foundation of scientific reliability or logical relevance to the facts of the case should be excluded.

   In *Eriksen v. Mobile Modules Nw., Inc., 127 Wn. App. 586, 595 (2005),* the court held that testimony based on conjecture or unsupported assumptions is inadmissible.

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, Wa 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

**Prejudice, Confusion, and Waste of Time (ER 403)**

Regarding so-called 'expert' fraud examiner evaluation of Defendants' financial history:  Even if marginally relevant (which it is not), the testimony's probative value is substantially outweighed by the risks of prejudice, confusion, and undue burden:

1. Admitting this testimony would confuse the Court by conflating Defendants' financial history with unsupported allegations of fraud.

2. Allowing speculative expert testimony would unfairly burden Defendants by forcing them to defend irrelevant personal financial details that are immaterial to the case.

3. The introduction of such testimony would waste judicial resources by diverting attention from the Plaintiffs' failure to meet their burden of proof.

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' LIST OF
PROPOSED WITNESSES AT TRIAL
PAGE 13 OF 18

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, Wa 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

**V.   Conclusion**

**A.   Objection:   Plaintiffs Witness List – Failure to Subpoena and Improper**

**Assumption of Remote Testimony**

Plaintiffs' failure to subpoena out-of-state witnesses and improperly assume remote testimony violates procedural rules and creates undue prejudice to Defendants. Defendants request that the Court take appropriate action to protect the fairness and integrity of these proceedings.

**B.   Objection to Fraud Examiner 'Expert' Reports and Analysis of Defendants'**

**Financial Documents**

The proposed testimony of Plaintiffs' "fraud examiner" lacks relevance, fails to meet the admissibility standards for expert testimony under ER 702, and would result in unfair prejudice to Defendants under ER 403. Defendants respectfully request that the Court exclude the testimony of the "fraud examiner" in its entirety.

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' LIST OF
PROPOSED WITNESSES AT TRIAL
PAGE 14 OF 18

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, Wa 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 24th day of December, 2024, at Spokane, WA.

/s/     Eric R. Young and Susan L. Young

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' LIST OF
PROPOSED WITNESSES AT TRIAL
PAGE 15 OF 18

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, Wa 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

# Appendix A:  Evidence Rules Cited

**A.  ER 401: Definition of "Relevant Evidence"**

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

**B.  ER 402: General Admissibility of Relevant Evidence**

All relevant evidence is admissible, except as limited by constitutional requirements or as otherwise provided by statute, by these rules, or by other rules or regulations applicable in the courts of this state. Evidence which is not relevant is not admissible.

**C.  ER 403: Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time**

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, Wa 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

**D. ER 901: Requirement of Authentication or Identification**

(a) **General Provision**. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

(b) **Illustrations**. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

1. Testimony of a witness with knowledge. Testimony that a matter is what it is claimed to be.

2. Nonexpert opinion on handwriting. Nonexpert opinion as to the genuineness of handwriting, based upon familiarity not acquired for purposes of the litigation.

3. Comparison by trier or expert witness. Comparison by the trier of fact or by expert witnesses with specimens which have been authenticated.

**E. ER 702: Testimony by Experts**

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' LIST OF
PROPOSED WITNESSES AT TRIAL
PAGE 17 OF 18

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, Wa 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

**F. CERTIFICATE OF SERVICE**

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [  ] U.S. Mail |
| Riverside NW Law Group | [  ] Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [  ] Facsimile |
| Spokane, WA 99201 | [X] E-Mail |
| mam@rnwlg.com | [  ] Legal Messenger |

DATED this 24th day of December, 2024, at Spokane, WA.

/s/ Eric R. Young and Susan L. Young

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' OBJECTIONS TO PLAINTIFFS' LIST OF
PROPOSED WITNESSES AT TRIAL
PAGE 18 OF 18

Eric and Susan Young, Pro Se
12402 N Division St #167
Spokane, Wa 99218
Phone (936-463-8411)
Email Eyoung-Encrypt@Pm.Me
Jaegersmum@proton.me

FILED
12/30/2024
Timothy W Fitzgerald
Spokane County Clerk

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs<br>V.<br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | No. 23-2-04734-32<br><br>DEFENDANTS' AMENDED NOTICE OF<br>INTENT TO OFFER DOCUMENTARY<br>EVIDENCE<br>UNDER ER 904 |

**TO ALL PARTIES AND THE COURT:**

     Pursuant to ER 904, Defendants hereby give notice of their intent to offer the following documentary, audio, and video evidence at trial.

     The following exhibits shall be deemed authentic and admissible without testimony or further identification, unless objection is served within 14 days of the date of notice, pursuant to ER 904(c). The following exhibits were provided via drop box on December 15, 2024, with corrected copies (labels, naming convention) uploaded on 12/27/2024.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---|---|---|
| D-1 | **Ex-D-1-accusers-police-all-smiles-color** **Smiling/Laughing False Witnesses** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 |
| EX001 | **Smiling/Laughing False Witnesses - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| EX002 | **EX002 DECLARATION LINDA COLE** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 |
| EX003 | **Wire Form - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| EX004 | **Sold TX House - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| EX005 | **brain fog - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **2** OF **15**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---|---|---|
| EX006 | **Linda directed guns be gathered - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| EX007 | **BCPD Police Video Transcript - exhibit in Deposition of Linda Cole** | Officer Koby Essex, Officer No.: 55778 Baker County Sheriff's Office, 3410 K StreetBaker City, OR 97814 |
| EX008 | **DECLARATION MATTHEW ANDERSON - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| EX009 | **EX009 SUPPLEMENTAL DECLARATION - LINDA COLE** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 |
| EX010 | **New Storage In Spokane - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| EX011 | **Verify phone num - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **3** OF **15**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---|---|---|
| EX012 | **Living Room w-Furniture and without - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| EX013 | **Red Light ticket - RV - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| EX014 | **Contact lenses - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| EX015 | **City hall contractor - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| EX016 | **Inspector-replace decking - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **4** OF **15**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---|---|---|
| EX017 | **Nick Lien - no license - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| EX018 | **Remodel - Engineering - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-22 | **Ex-D-22-Transcr-DFND-OCT20-TRXSCR-LINDA-FAM-CHAT-1-SPOKANE Part1-20-pages-Audio transcript - family conversation - Linda still semi-normal** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-24 | **Ex-D-24-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2 Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave...'** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-26 | **Deposition - Ted Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **5** OF **15**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---------|-------|----------------------|
| D-29 | **Ex-D-29-DFND-DISCOV-Evidence-Images-Texts-Repository-StdRES Text messages and images - full 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-30 | **General Evidentiary Notes Text messages and images - portion of 381 page repository** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99083 |
| D-32 | **Puppy - Bill of Sale Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-34 | **Moving Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-35 | **Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99219 |
| D-36 | **Linda Looking for Houses in Spokane – 2022 Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **6** OF **15**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---|---|---|
| | | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99220 |
| D-38 | **OWFCU and Wires**<br>**Text messages and images - portion of 381 page repository** | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99221 |
| D-39 | **Defendants Helping Mom**<br>**Text messages and images - portion of 381 page repository** | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99222 |
| D-40 | **Linda's decision to move**<br>**Text messages and images - portion of 381 page repository** | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99223 |
| D-42 | **Linda Moving**<br>**Move Event #1**<br>**Move Event #2**<br>**Text messages and images - portion of 381 page repository** | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99224 |
| D-43 | **Linda Moving - OCT-5,2023**<br>**Text messages and images - portion of 381 page repository** | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **7** OF **15**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

25-80037-FPC    Doc 17-4    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 77 of 100

| EXHIBIT | Descr | Author/Maker Address |
|---|---|---|
| | | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99225 |
| D-44 | **Linda Moving - GUNS - OCT-5,2023** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99226 |
| D-45 | **Linda Moving - Claims Fraud By Amazon**<br>**Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99227 |
| D-46 | **Joell's Ignorant Gossip**<br>**Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99228 |
| D-50 | **Ex-D-50-DFND-DISCOV-RFPs-NoFraud-Moving-NormComms**<br>**Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-52 | **Ex-D-52-DFND-DISCOV-RFPs-NoFraud-OnlyCare-2**<br>**Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 |

NOTICE OF INTENT TO OFFER DOCUMENTARY EVIDENCE UNDER ER 904
PAGE **8** OF **15**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

25-80037-FPC    Doc 17-4    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 78 of 100

| EXHIBIT | Descr | Author/Maker Address |
|---|---|---|
| | | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-54 | **Ex-D-54-DFND-DISCOV-RFPs-NoFraud-OnlyCare-3** <br> **Text messages and images - portion of 381 page repository** | Linda & Ted Cole <br> C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 <br><br> Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99219 |
| D-56 | **Ex-D-56-DFND-DISCOV-RFPs-NoFraud-OnlyCare-4** <br> **Text messages and images - portion of 381 page repository** | Linda & Ted Cole <br> C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 <br><br> Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99220 |
| D-58 | **Ex-D-58-DFND-DISCOV-RFPs-NoFraud-OnlyCare-5** <br> **Text messages and images - portion of 381 page repository** | Linda & Ted Cole <br> C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 <br><br> Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99221 |
| D-60 | **Ex-D-60-DFND-DISCOV-RFPs-NoFraud-OnlyCare-6** <br> **Text messages and images - portion of 381 page repository** | Linda & Ted Cole <br> C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 <br><br> Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99222 |
| D-62 | **Ex-D-62-DFND-DISCOV-RFPs-NoFraud-OnlyCare-7** <br> **Text messages and images - portion of 381 page repository** | Linda & Ted Cole <br> C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **9** OF **15**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---|---|---|
| | | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99223 |
| D-64 | **Ex-D-64-DFND-DISCOV-RFPs-Linda-BrainFog**<br>**Text messages and images - portion of 381 page repository** | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-65 | **Ex-D-65-DFND-DISCOV-RFPs-Linda-Memory**<br>**Text messages and images - portion of 381 page repository** | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-66 | **Ex-D-66-DFND-DISCOV-RFPs-Linda-MemoryImpaired**<br>**Text messages and images - portion of 381 page repository** | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-67 | **Ex-D-67-Dog-Part1-AKC-Reunit-Bill-Sale**<br>**Text messages and images - portion of 381 page repository** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99086 |
| D-68 | **Ex-D-67-Dog-Part2-AKC-Reunit-Denied**<br>**Text messages and images - portion of 381 page repository** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99098 |
| D-69 | **Ex-D-69-DISCOV-Plaintiff-Responses to DFNDS-Second ROGs-RFP** | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **10** OF 15

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

25-80037-FPC     Doc 17-4     Filed 10/24/25     Entered 10/24/25 16:47:26     Pg 80 of 100

| EXHIBIT | Descr | Author/Maker Address |
|---------|-------|----------------------|
| | | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-71 | Ex-D-71-7.21.2017-Texas-Linda-Leaving Text messages and images | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99096 |
| D-79 | Ex-D-79-DISCOV-AmendResp 2024-11-05-Defendants' First ROGs | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99097 |
| D-94 | Ex-D-94-TRSCR-Cole vs Young Police Intake 11-06-2023_full BCPD Police Video Transcript | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99112 |
| D-97 | Ex-D-97-BCPD Docs-VideoReq BCPD evidence request documentation | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99115 |
| D-105 | Ex-D-105-BrainFog Text messages and images | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99123 |
| D-119 | Ex-D-119-DISCOV-Plaintiffs Respons to DFNDs First Set of RFAs | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99137 |
| D-132 | Deposition-79559 Linda Cole 11-06-2024_full_ex - Copy | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99150 |
| D-144 | Freeze of Linda and Ted's Credit Reports at their request - part 1 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99174 |
| D-145 | Freeze of Linda and Ted's Credit Reports at their request - part 2 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99174 |
| D-170 | Ex-D-170-Remodel-re-Nick | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99188 |
| D-175 | Remodel-RandyDemaris-Other-1-of-3 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99189 |
| D-176 | Remodel-RandyDemaris-Other-1-of-3 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99190 |
| D-177 | Remodel-RandyDemaris-Other-1-of-3 | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99191 |
| D-190 | Rush - various examples of Linda being 'in a rush' | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99205 |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **11** OF **15**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---------|-------|----------------------|
| D-205 | **Ex-D-205-FannieMae-Gift-Funds-Requirements** | Fannie Mae<br>San Francisco, CA<br>535 Mission Street<br>Suite 2250<br>San Francisco, CA 94107<br>800-2FANNIE (800-232-6643)<br>https://selling-guide.fanniemae.com/sel/b3-4.3-04/personal-gifts |
| D-210 | **OCT21-RECORD-TRXSCR-LINDA-FAM-CHAT-2-DogAbandoned** | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 |
| D-221 | **Ex-D-221-Transcr-DFND-OCT20-TRXSCR-LINDA-FAM-CHAT-1-SPOKANE**<br>**Part1-20-pages-Audio transcript - family conversation - Linda still semi-normal** | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99219 |
| D-222 | **Ex-D-222-Transcr-DFND-OCT20-TRXSCR-LINDA-FAM-CHAT-1-SPOKANE**<br>**Part2-20-pages-Audio transcript - family conversation - Linda still semi-normal** | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99220 |
| D-223 | **Ex-D-223-Transcr-DFND-OCT20-TRXSCR-LINDA-FAM-CHAT-1-SPOKANE**<br>**Part3-16-pages-Audio transcript - family conversation - Linda still semi-normal** | Linda & Ted Cole<br>C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99221 |

NOTICE OF INTENT TO OFFER DOCUMENTARY EVIDENCE UNDER ER 904
PAGE **12** OF **15**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---|---|---|
| D-241 | **Ex-D-241-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2 Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave...' - Part1-20-pages** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99222 |
| D-242 | **Ex-D-242-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2 Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave...' - Part2-20-pages** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99223 |
| D-243 | **Ex-D-243-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2 Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave...' - Part3-20-pages** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99224 |
| D-244 | **Ex-D-244-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2 Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave...' - Part4-20-pages** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99225 |
| D-245 | **Ex-D-245-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2 Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave...' - Part5-20-pages** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99226 |
| D-246 | **Ex-D-246-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **13** OF **15**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

| EXHIBIT | Descr | Author/Maker Address |
|---------|-------|---------------------|
| | **Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave...' - Part6-14-pages** | Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99227 |
| | | |
| | | |

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **14** OF **15**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

**CERTIFICATE OF SERVICE**

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [ ] U.S. Mail |
| Riverside NW Law Group | [ ] Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [ ] Facsimile |
| | [X] E-Mail |
| Spokane, WA 99201 | [ ] Legal Messenger |
| mam@rnwlg.com | |

*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

NOTICE OF INTENT TO OFFER DOCUMENTARY
EVIDENCE UNDER ER 904
PAGE **15** OF **15**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| LINDA COLE and TED COLE, | |
|                    Plaintiffs, | Case No. 23-2-04734-32 |
| vs. | **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' AMENDED ER 904 NOTICE / EXHIBIT LIST** |
| ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG, | |
|                    Defendants. | |

Plaintiffs Ted & Linda Cole ("Plaintiffs") hereby provide their objections to Defendants'

ER 904 Notice / Exhibit List, pursuant to ER 904(c).

**A.**    **Omnibus Objection – Untimely ER 904 Notice.**

Pursuant to ER 904(b), a party intending to avail itself of ER 904:

> ***must serve*** on all parties a notice, ***no less than 30 days before trial***, stating that the documents are being offered under Evidence Rule 904 and objection shall be deemed authentic and admissible without testimony or further identification, unless objection is served within 14 days of the date of the notice, pursuant to ER 904(c).

Defendants served their ER 904 Notice on Plaintiffs on Monday, December 16, 2024, 28 days

before trial. Defendants failed to comply with ER 904(b)'s 30-day requirement, and therefore

cannot avail themselves of ER 904 and its benefits. Further, because Defendants ER 904 Notice

R | N W

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

is invalid, Plaintiffs are not required to set forth all objections to Defendants' proffered trial exhibits prior to trial.

Further, Defendants failed to provide Plaintiffs with a copy of all of their ER 904 documents on December 16, 2024 (which, as covered above, was too late to comply with ER 904). As of December 27-28, 2024, Defendants were still in the process of marking and producing their final ER 904 exhibits. This is another failure on the part of the Defendants to comply with ER 904.

**B.      Omnibus Objection – Authenticity of Altered Documents.**

Plaintiffs object to the authenticity of a significant number of Defendants exhibits because Defendants altered the original documents by producing the exhibits on word documents that include explanatory sentences or argumentative annotations (which also constitute inadmissible hearsay). In their current form, the proffered exhibits cannot, and are not, authentic copies of original documents. Any objections to Defendants' annotations on individual exhibits (listed below) will be marked as objections to authenticity.

**C.      Objections to Defendants' Individual Exhibits.**

Notwithstanding Defendants' failure to comply with ER 904, and out of an abundance of caution, Plaintiffs provide the following objections to Plaintiffs' ER 904 Exhibits / Trial Exhibits.

| Exhibit No. | Description | Author/Maker Address | Objection |
|---|---|---|---|
| D-1 | **Ex-D-1-accusers-police-all-smiles- color Smiling/Laughing False Witnesses** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 | ER     401-402 (Relevance) |

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' ER
AMENDED 904 NOTICE / EXHIBIT LIST- 2

R | N W

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | |
|---|---|---|---|
| EX001 | **Smiling/Laughing False Witnesses - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | ER 401-402 (Relevance) |
| EX002 | **EX002 DECLARATION LINDA COLE** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 | ER 801-802 (Hearsay) |
| EX003 | **Wire Form - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | No objection |
| EX004 | **Sold TX House - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | No objection |
| EX005 | **brain fog - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | ER 401-402 (Relevance) ER 801-802 (Hearsay) |
| EX006 | **Linda directed guns be gathered - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 | ER 801-802 (Hearsay) ER 401-402 (Relevance) ER 901 (Authenticity) |



**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | |
|---|---|---|---|
| EX007 | **BCPD Police Video Transcript - exhibit in Deposition of Linda Cole** | Officer Koby Essex, Officer No.: 55778 Baker County Sheriff's Office, 3410 K StreetBaker City, OR 97814 | ER 801-802 (Hearsay) ER 901 (Authenticity) |
| EX008 | **DECLARATION MATTHEW ANDERSON - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | No objection |
| EX009 | **EX009 SUPPLEMENTAL DECLARATION - LINDA COLE** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 | ER 801-802 (Hearsay) |
| EX010 | **New Storage In Spokane - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | ER 801-802 (Hearsay) |
| EX011 | **Verify phone num - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | ER 801-802 (Hearsay) |
| EX012 | **Living Room w- Furniture and without - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 | ER 901 (Authenticity) (Foundation) |



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | |
|---|---|---|---|
| EX013 | **Red Light ticket - RV - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | ER 801-802 (Hearsay) ER 401-402 (Relevance) ER 901 (Authenticity) |
| EX014 | **Contact lenses - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | ER 801-802 (Hearsay) |
| EX015 | **City hall contractor - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | ER 801-802 (Hearsay) ER 401-402 (Relevance) |
| EX016 | **Inspector-replace decking - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | ER 801-802 (Hearsay) ER 401-402 (Relevance) |
| EX017 | **Nick Lien - no license - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 | ER 801-802 (Hearsay) ER 401-402 (Relevance) |



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | |
|---|---|---|---|
| EX018 | **Remodel - Engineering - exhibit in Deposition of Linda Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | ER 801-802 (Hearsay) ER 401-402 (Relevance) |
| D-22 | **Ex-D-22-Transcr-DFND-OCT20-TRXSCR-LINDA-FAM-CHAT-1-SPOKANE Part1-20-pages-Audio transcript - family conversation - Linda still semi-normal** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | ER 801-802 (Hearsay) Description does not match exhibit (exhibit is 59 pages, not 20 pages). This is the full transcript. |
| D-24 | **Ex-D-24-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2 Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave…'** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | ER 801-802 (Hearsay) ER 901 (Authenticity) |
| D-26 | **Deposition - Ted Cole** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | ER 801-802 (Hearsay) ER 401-402 (Relevance) |
| D-29 | **Ex-D-29-DFND-DISCOV-Evidence-Images-Texts-Repository-StdRES Text messages and** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 | ER 801-802 (Hearsay) ER 401-402 (Relevance) |



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | |
|---|---|---|---|
| | **images - full 381 page repository** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | |
| D-30 | **General Evidentiary Notes**<br>**Text messages and images - portion of 381 page repository** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99083 | ER 801-802 (Hearsay)<br>ER 401-402 (Relevance)<br>ER 901 (Authenticity) |
| D-32 | **Puppy - Bill of Sale**<br>**Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | ER 801-802 (Hearsay)<br>ER 401-402 (Relevance)<br>ER 901 (Authenticity) |
| D-34 | **Moving**<br>**Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | ER 801-802 (Hearsay)<br>ER 401-402 (Relevance)<br>ER 901 (Authenticity) |
| D-35 | **Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99219 | ER 801-802 (Hearsay)<br>ER 401-402 (Relevance)<br>ER 901 (Authenticity) |
| D-36 | **Linda Looking for Houses in Spokane – 2022**<br>**Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 | ER 801-802 (Hearsay)<br>ER 401-402 (Relevance)<br>ER 901 (Authenticity) |
| D-38 | **OWFCU and WiresText messages and images -** | Linda & Ted Cole C/o Riverside NW Law | ER 801-802 (Hearsay) |



**R | N W** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | |
|---|---|---|---|
| | **portion of 381 page repository** | Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99221 | ER 401-402 (Relevance)<br>ER 901 (Authenticity) |
| D-39 | **Defendants Helping Mom<br>Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99222 | ER 801-802 (Hearsay)<br>ER 401-402 (Relevance)<br>ER 901 (Authenticity) |
| D-40 | **Linda's decision to move<br>Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99223 | ER 801-802 (Hearsay)<br>ER 401-402 (Relevance)<br>ER 901 (Authenticity) |
| D-42 | **Linda<br>Moving<br>Move<br>Event<br>#1<br>Move Event #2<br>Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99224 | ER 801-802 (Hearsay)<br>ER 401-402 (Relevance)<br>ER 901 (Authenticity) |
| D-43 | **Linda Moving - OCT-5,2023<br>Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 | ER 801-802 (Hearsay)<br>ER 401-402 (Relevance)<br>ER 901 (Authenticity) |
| D-44 | **Linda Moving - GUNS - OCT-5,2023** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Spokane, WA | ER 801-802 (Hearsay)<br>ER 401-402 (Relevance) |



**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | |
|---|---|---|---|
| | | 99201<br><br>Eric & Susannann Young, 12402 N. Division St, PMB #167, Spokane, WA 99226 | ER 901 (Authenticity) |
| D-45 | **Linda Moving - Claims Fraud By Amazon Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susannann Young, 12402 N. Division St, PMB #167, Spokane, WA 99227 | ER 801-802 (Hearsay) ER 401-402 (Relevance) ER 901 (Authenticity) |
| D-46 | **Joell's Ignorant Gossip Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susannann Young, 12402 N. Division St, PMB #167, Spokane, WA 99228 | ER 801-802 (Hearsay) ER 401-402 (Relevance) |
| D-50 | **Ex-D-50-DFND-DISCOV-RFPs-NoFraud-Moving-NormComms  Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susannann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | ER 801-802 (Hearsay) ER 401-402 (Relevance) ER 901 (Authenticity) |
| D-52 | **Ex-D-52-DFND-DISCOV-RFPs-NoFraud-OnlyCare-2 Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 | ER 801-802 (Hearsay) ER 401-402 (Relevance) ER 901 (Authenticity) |
| D-54 | **Ex-D-54-DFND-DISCOV-RFPs-NoFraud-OnlyCare-3 Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 | ER 801-802 (Hearsay) ER 401-402 (Relevance) ER 901 (Authenticity) |



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99219 | |
|---|---|---|---|
| D-56 | **Ex-D-56-DFND-DISCOV-RFPs-NoFraud-OnlyCare-4 Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99220 | ER 801-802 (Hearsay) ER 401-402 (Relevance) ER 901 (Authenticity) |
| D-58 | **Ex-D-58-DFND-DISCOV-RFPs-NoFraud-OnlyCare-5 Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99221 | ER 801-802 (Hearsay) ER 401-402 (Relevance) ER 901 (Authenticity) |
| D-60 | **Ex-D-60-DFND-DISCOV-RFPs-NoFraud-OnlyCare-6 Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99222 | ER 801-802 (Hearsay) ER 401-402 (Relevance) ER 901 (Authenticity) |
| D-62 | **Ex-D-62-DFND-DISCOV-RFPs-NoFraud-OnlyCare-7 Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 | ER 801-802 (Hearsay) ER 401-402 (Relevance) ER 901 (Authenticity) |
| D-64 | **Ex-D-64-DFND-DISCOV-RFPs-Linda-BrainFog Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | ER 801-802 (Hearsay) ER 401-402 (Relevance) ER 901 (Authenticity) |



**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | |
|---|---|---|---|
| D-65 | **Ex-D-65-DFND-DISCOV-RFPs-Linda-Memory**<br>**Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | ER 801-802 (Hearsay)<br>ER 401-402 (Relevance)<br>ER 901 (Authenticity) |
| D-66 | **Ex-D-66-DFND-DISCOV-RFPs-Linda-MemoryImpaired**<br>**Text messages and images - portion of 381 page repository** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | ER 801-802 (Hearsay)<br>ER 401-402 (Relevance)<br>ER 901 (Authenticity) |
| D-67 | **Ex-D-67-Dog-Part1-AKC-Reunit-Bill- Sale**<br>**Text messages and images - portion of 381 page repository** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99086 | ER 801-802 (Hearsay)<br>ER 401-402 (Relevance) |
| D-68 | **Ex-D-67-Dog-Part2-AKC-Reunit- Denied**<br>**Text messages and images - portion of 381 page repository** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99098 | ER 801-802 (Hearsay)<br>ER 401-402 (Relevance) |
| D-69 | **Ex-D-69-DISCOV-Plaintiff- Responses to DFNDS-Second ROGs-RFP** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 | ER 801-802 (Hearsay) |
| D-71 | **Ex-D-71-7.21.2017-Texas-Linda- Leaving**<br>**Text messages and images** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99096 | ER 801-802 (Hearsay)<br>ER 401-402 (Relevance) |
| D-79 | **Ex-D-79-DISCOV-AmendResp 2024-11-05-Defendants' First ROGs** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99097 | ER 801-802 (Hearsay) |
| D-94 | **Ex-D-94-TRSCR-Cole vs Young** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99112 | ER 801-802 (Hearsay)<br>ER 901 (Authenticity) |



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | |
|---|---|---|---|
| | **Police Intake 11-06-2023_full BCPD Police Video Transcript** | | |
| D-97 | **Ex-D-97-BCPD Docs-VideoReq BCPD evidence request documentation** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99115 | ER 801-802 (Hearsay) |
| D-105 | **Ex-D-105-BrainFog Text messages and images** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99123 | ER 801-802 (Hearsay) ER 401-402 (Relevance) |
| D-119 | **Ex-D-119-DISCOV-Plaintiffs Respons to DFNDs First Set of RFAs** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99137 | ER 801-802 (Hearsay) |
| D-132 | **Deposition-79559 Linda Cole 11-06-2024_full_ex - Copy** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99150 | ER 801-802 (Hearsay) ER 401-402 (Relevance) |
| D-144 | **Freeze of Linda and Ted's Credit Reports at their request - part 1** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99174 | ER 801-802 (Hearsay) ER 401-402 (Relevance) |
| D-145 | **Freeze of Linda and Ted's Credit Reports at their request - part 2** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99174 | ER 801-802 (Hearsay) ER 401-402 (Relevance) |
| D-170 | **Ex-D-170-Remodel-re-Nick** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99188 | ER 801-802 (Hearsay) ER 401-402 (Relevance) |
| D-175 | **Remodel-RandyDemaris-Other-1-of-3** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99189 | ER 801-802 (Hearsay) |
| D-176 | **Remodel-RandyDemaris-Other-1-of-3** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99190 | ER 801-802 (Hearsay) |



**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | |
|---|---|---|---|
| D-177 | **Remodel-RandyDemaris-Other-1-of-3** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99191 | ER 801-802 (Hearsay) |
| D-190 | **Rush - various examples of Linda being 'in a rush'** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99205 | ER 801-802 (Hearsay) ER 401-402 (Relevance) |
| D-205 | **Ex-D-205-FannieMae-Gift-Funds-Requirements** | Fannie Mae San Francisco, CA 535 Mission Street Suite 2250 San Francisco, CA 94107 800-2FANNIE (800-232-6643) https://selling-guide.fanniemae.com/sel/b3-4.3-04/personal-gifts | ER 801-802 (Hearsay) |
| D-210 | **OCT21-RECORD-TRXSCR-LINDA-FAM-CHAT-2-DogAbandoned** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99218 | ER 801-802 (Hearsay) ER 401-402 (Relevance) ER 901 (Authenticity) (Rule of Completeness – Defendants are offering a partial transcript (only pages 87-106)). D-24 is the full exhibit. |
| D-221 | **Ex-D-221-Transcr-DFND-OCT20-TRXSCR-LINDA-FAM-CHAT-1-SPOKANE Part1-20-pages-Audio transcript - family conversation - Linda still semi-normal** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99219 | ER 801-802 (Hearsay) ER 401-402 (Relevance) ER 901 (Authenticity) (Rule of Completeness – Defendants are offering a partial transcript (only |



**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | pages 1-19)). D-22 is the full exhibit. |
|---|---|---|---|
| D-222 | **Ex-D-222-Transcr-DFND-OCT20-TRXSCR-LINDA-FAM-CHAT-1-SPOKANE Part2-20-pages-Audio transcript - family conversation - Linda still semi-normal** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99220 | ER 801-802 (Hearsay) ER 401-402 (Relevance) ER 901 (Authenticity) (Rule of Completeness – Defendants are offering a partial transcript (only pages 20-38)). D-22 is the full exhibit. |
| D-223 | **Ex-D-223-Transcr-DFND-OCT20-TRXSCR-LINDA-FAM-CHAT-1-SPOKANE Part3-16-pages-Audio transcript - family conversation - Linda still semi-normal** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99221 | ER 801-802 (Hearsay) ER 401-402 (Relevance) ER 901 (Authenticity) (Rule of Completeness – Defendants are offering a partial transcript (only pages 39-54)). D-22 is the full exhibit. |
| D-241 | **Ex-D-241-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2 Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave…' - Part1-20-pages** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99222 | ER 801-802 (Hearsay) ER 401-402 (Relevance) ER 901 (Authenticity) (Rule of Completeness – Defendants are offering a partial transcript (only pages 1-20)). D-24 is the full exhibit. |
| D-242 | **Ex-D-242-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201 | ER 801-802 (Hearsay) ER 401-402 (Relevance) |



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | |
|---|---|---|---|
| | **Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave…' - Part2-20-pages** | Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99223 | ER 901 (Authenticity) (Rule of Completeness – Defendants are offering a partial transcript (only pages 21-39)). D-24 is the full exhibit. |
| D-243 | **Ex-D-243-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2 Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave…' - Part3-20-pages** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99224 | ER 801-802 (Hearsay) ER 401-402 (Relevance) ER 901 (Authenticity) (Rule of Completeness – Defendants are offering a partial transcript (only pages 40-58)). D-24 is the full exhibit. |
| D-244 | **Ex-D-244-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2 Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave…' - Part4-20-pages** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99225 | ER 801-802 (Hearsay) ER 401-402 (Relevance) ER 901 (Authenticity) (Rule of Completeness – Defendants are offering a partial transcript (only pages 59-77). D-24 is the full exhibit. |
| D-245 | **Ex-D-245-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2 Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave…' - Part5-20-pages** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99226 | ER 801-802 (Hearsay) ER 401-402 (Relevance) ER 901 (Authenticity) (Rule of Completeness – Defendants are offering a partial transcript (only |

**R N W** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com