| | | | pages 78-96)). D-24 is the full exhibit. |
|---|---|---|---|
| D-246 | **Ex-D-246-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2 Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave…' - Part6-14-pages** | Linda & Ted Cole C/o Riverside NW Law Group, 905 W. Riverside Ave, Suite 208, Spokane, WA 99201<br><br>Eric & Susanann Young, 12402 N. Division St, PMB #167, Spokane, WA 99227 | ER 801-802 (Hearsay) ER 401-402 (Relevance) ER 901 (Authenticity) (Rule of Completeness – Defendants are offering a partial transcript (only pages 97-109)). D-24 is the full exhibit. |

Dated December 30, 2024.

RIVERSIDE NW LAW GROUP, PLLC

BY: */s/ Matthew S. Mensik*

Mathew A. Mensik, WSBA 44260
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
Telephone: (206) 949-3540
Email: mam@rnwlg.com

PLAINTIFFS' OBJECTIONS TO DEFENDANTS' ER
AMENDED 904 NOTICE / EXHIBIT LIST- 16

R | N/W  **Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-80037-FPC     Doc 17-5     Filed 10/24/25     Entered 10/24/25 16:47:26     Pg 1 of 111

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the following individuals in the manner indicated:

| Eric and Susanann Young<br>12402 N. Divisions St, PMB #167<br>Spokane, WA 99218<br><br>Pro Se Defendants | ☐ Personal Service<br>☐ First Class Mail<br>☐ Certified Mail<br>☑ E-mail<br>   Eyoung-encrypt@pm.me<br>   jaegersmum@proton.me |
|---|---|

Dated this 30th day of December, 2024.

*Matthew Mensik*
Matthew A. Mensik



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

LINDA COLE and TED COLE,

                Plaintiffs,

      vs.

ERIC ROSS YOUNG and SUSANANN
LYNETTE YOUNG,

                Defendants.

Case No. 23-2-04734-32

**PLAINTIFFS' TRIAL EXHIBIT LIST**

Plaintiffs identify the following documents which may be used as exhibits at trial:

| Exhibit No. | Description | Stipulated as to Admissibility |
|---|---|---|
| P-1 | June 17, 2016, Promissory Note executed between Eric Young and Ted & Linda Cole in the amount of $6,800, and November 14, 2022, repayment check in the amount of $7,000, Bates Nos. COLE_001358-59. | |
| P-2 | March 29, 2020, text messages from Susanann Young to Linda Cole, Bates Nos. COLE_001225-28, and September 29, 2021, text messages between Susanann Young and Linda Cole, Bates Nos. COLE_001229-36, Exhibit 25 to the Deposition of Susanann Young. | |

PLAINTIFFS' TRIAL EXHIBIT LIST - 1

**R|NW**

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | |
|---|---|---|
| P-3 | August 8, 2020, text messages between Susanann Young and Linda Cole, Bates Nos. COLE_001237-50, Exhibit 24 to the Deposition of Susanann Young. | |
| P-4 | May 1, 2023, checks from Linda & Ted Cole to Eric & Susanann Young in the amounts of $12,000 ("Jaegers Schooling, 2023 thru 2024"), and $4,000 ("loss wages for week"). | |
| P-5 | Eric & Susanann Young's Bank of America Bank Statements (for July 27, 2023, to August 28, 2023), Bates Nos. COLE_000133-142, Exhibit 21 to the Deposition of Eric Young. | |
| P-6 | October 30, 2023, letter from Floyd C. Vaughan of Silven, Schmeits & Vaughan to Eric & Susanann Young and Rebecca Flaherty, Real Estate Broker, titled "Notice to Terminate Real Estate Transaction," Bates Nos. COLE_001298-99. | |
| P-7 | Various Receipts / Item Price Information relating to dog, Bates Nos. COLE_000001-15. | |
| P-8 | November 3, 2023, letter from Michael R. Merrit to Erin Varriano & Rebecca Flaherty of John L. Scott Real Estate, re: "Eric & Susan Young – purchase of 1004 E. Golden Ct. – MLS#202319643," Bates Nos. COLE_000887-88. | |
| P-9 | Residential Purchase and Sale Agreement, dated October 31, 2023 re: 1004 E. Golden Ct, Spokane, WA 99208, Bates Nos. COLE_000899-904 | |
| P-10 | December 29, 2023, email from Eric Young to "Magan" and Rebecca Flaherty at John L. Scott Real Estate, Bates No. COLE_000946. | |
| P-11 | Pictures of disappearing Signal App message sent from Eric Young to Linda Cole, Bates Nos. COLE_001369-1374. | |
| P-12 | April 26 – May 18, 2024, text messages between Eric Young and Mark Severns, Bates Nos. COLE_001308-1351. | |
| P-13 | November 10, 2023 "Statement of Credit Denial, Termination or Change" re: Eric Young. | |
| P-14 | Spreadsheet created by Eric & Susanann Young re: financial transactions between August 3, 2023, and April 27, 2023, Exhibit 6 to the Deposition of Eric Young. | |
| P-15 | December 29, 2023, email from Eric Young to Magan Ham and Rebecca Flaherty at John L. Scott Real Estate, Bates No. COLE_001042-43, Exhibit 14 to the Deposition of Eric Young. | |

R|NW
Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | |
|---|---|---|
| P-16 | Excerpts of transcript of November 7, 2023, hearing on Motion for Temporary Restraining Order & Order to Show Cause, Exhibit 16 to the Deposition of Eric Young. | |
| P-17 | October 30, 2023, text messages between Linda Cole and Susanann Young, Exhibit 26 to the Deposition of Susanann Young. | |
| P-18 | October 13, 2023, and October 16, 2023, emails from Dawn Bruce of Old West Federal Credit Union to Linda Cole, Exhibit 27 to the deposition of Susanann Young. | |
| P-19 | Text messages between Eric Young & Susanann Young, Exhibit 1 to the Deposition of Eric Young. | |
| P-20 | Eric & Susanann Young's Bank of America Bank Statements (for August 29, 2023, to September 26, 2023), Bates Nos. COLE_000143-149, Exhibit 20 to the Deposition of Eric Young. | |
| P-21 | Eric Young's Fidelity Investment Accounts statements (for August – September, 2023), Bates Nos. COLE_000151-205, Exhibit 22 to the Deposition of Eric Young. | |
| P-22 | October 27, 2022, text message from Susanann Young to Linda Cole, dated October 27, 2022, Bates Nos. COLE_001387-88. | |
| P-23 | Quicken Loans "Gift Letter," dated October 11, 2023, Exhibit 4 to the Deposition of Eric Young. | |
| P-24 | Uniform Residential Loan Application signed by Eric Young on October 19, 2023. Bates Nos. COLE_000030-000040. | |
| P-25 | October 13, 2023, and October 16, 2023, emails from Dawn Bruce of Old West Federal Credit Union to Linda Cole, Exhibit 11 to the deposition of Eric Young. | |
| P-26 | October 14, 2023, email from Linda Cole's email account to Eric Young's email, with attachments, Bates Nos. COLE_001283-93. | |
| P-27 | October 16, 2023, email from Eric Young to Dawn Bruce at Old West Federal Credit Union, Exhibit 12 to the Deposition of Eric Young. | |
| P-28 | Old West Federal Credit Union domestic wire forms ($119,698.04), Exhibit 10 to the Deposition of Eric Young. | |
| P-29 | Old West Federal Credit Union domestic wire forms ($242,314.62), Exhibit 9 to the Deposition of Eric Young. | |

R|NW Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | |
|---|---|---|
| P-30 | October 16, 2023, email from Eric Young to Dawn Bruce at Old West Federal Credit Union, Exhibit 13 to the Deposition of Eric Young. | |
| P-31 | Text messages between Linda Cole and Susanann Young (October 26-27, 2023). Bates Nos. COLE_001398-001421. | |
| P-32 | Text messages between Linda Cole and Susanann Young (October 30, 2023). Bates Nos. COLE_001352-001354. | |
| P-33 | Text messages between Susanann Young and Joell Severns, dated February 5, 2024. Bates Nos. COLE_001463-001469. | |
| P-34 | Old West Federal Credit Union (Mini-Statement) for Linda Cole's bank account (October 1, 2023, to October 24, 2023). COLE_001294-001296. | |
| P-35 | Order, dated February 22, 2024. | |
| P-36 | Eric and Susanann Young's Fidelity Account Records from September 30, 2023, to February 29, 2024. | |
| P-37 | Eric and Susanann Young's banking records (Bank of America and Woodforest National Bank). | |
| P-38 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (November 7, 2023) | |
| P-39 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 20, 2024) | |
| P-40 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 22, 2024) | |
| P-41 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 23, 2024) | |
| P-42 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 27, 2024) | |
| P-43 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 29, 2024) | |
| P-44 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (March 1, 2024) | |
| P-45 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (March 4, 2024) | |
| P-46 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (March 6, 2024) | |
| P-47 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (March 13, 2024) | |
| P-48 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 2, 2024) | |

PLAINTIFFS' TRIAL EXHIBIT LIST - 4

**R|NW**
Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | |
|---|---|---|
| P-49 | Order Granting Plaintiff's Motion for Temporary Restraining Order, dated November 8, 2023. | |
| P-50 | Order for Preliminary Injunction, dated February 2, 2024. | |
| P-51 | Audio Recording taken by Linda Cole (non-tangible exhibit). | |

Plaintiffs reserve the right to use exhibits identified by the Defendants, and to identify and utilize rebuttal exhibits at the time of trial.


Dated December 16, 2024.      RIVERSIDE NW LAW GROUP, PLLC

BY: _/s/ Matthew S. Mensik_
Mathew A. Mensik, WSBA 44260
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
Telephone: (206) 949-3540
Email: mam@rnwlg.com

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the following individuals in the manner indicated:

| Eric and Susanann Young<br>12402 N. Divisions St, PMB #167<br>Spokane, WA 99218<br><br>Pro Se Defendants | ☐ Personal Service<br>☐ First Class Mail<br>☐ Certified Mail<br>☑ E-mail<br>Eyoung-encrypt@pm.me<br>jaegersmum@proton.me |
|---|---|

Dated this 16th day of December, 2024.

*Matthew Mensik*
_____
Matthew A. Mensik

**R | N W**

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

1
2
3
4
5
6
7
8           IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
9               IN AND FOR THE COUNTY OF SPOKANE

10  LINDA COLE and TED COLE,

11                          Plaintiffs,          Case No.  23-2-04734-32

12          vs.                                  **PLAINTIFFS' TRIAL WITNESS LIST**

13  ERIC ROSS YOUNG and SUSANANN
14  LYNETTE YOUNG,

15                          Defendants.

16

17          Plaintiffs identify the following individuals who may be called as witnesses at the time
18
19  of trial in this case:
20
                        **I.      LAY WITNESSES**
21      1.  Linda Cole
22      2.  Ted Cole
23
        3.  Matthew Anderson
24
25      4.  Joelle Severns
26      5.  Mark Severns
27      6.  Dawn Bruce
28      7.  Christy Varner

PLAINTIFFS' TRIAL WITNESS LIST - 1

**R | NW**     Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

8.  Tara Crader

9.  Brooke Wolcott

10. Dawn M. Kitzmiller

11. Randy DeMaris

12. Rebecca Flaherty

13. Joseph Hanson

14. Eric Young

15. Susanann Young

16. Records custodian for Guaranteed Rate

17. Records custodian for Bank of America

18. Records custodian for Fidelity

19. Records custodian for John L. Scott Realty

## II.      EXPERT WITNESSES

20. Virgina Tate

Plaintiffs reserve the right to call any or all witnesses identified by the Defendants and/or called by the Defendants at the time of trial.  Plaintiffs further reserve the right to call rebuttal witnesses.

Dated December 16, 2024.

RIVERSIDE NW LAW GROUP, PLLC

BY: */s/ Matthew S. Mensik*
Mathew A. Mensik, WSBA 44260
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
Telephone: (206) 949-3540
Email: mam@rnwlg.com

PLAINTIFFS' TRIAL WITNESS LIST - 2

R | N/W   **Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the following individuals in the manner indicated:

| | |
|---|---|
| Eric and Susanann Young<br>12402 N. Divisions St, PMB #167<br>Spokane, WA 99218<br><br>Pro Se Defendants | ☐ Personal Service<br>☐ First Class Mail<br>☐ Certified Mail<br>☑ E-mail<br>Eyoung-encrypt@pm.me<br>jaegersmum@proton.me |

Dated this 16th day of December, 2024.

*Matthew Mensik*
_____
Matthew A. Mensik

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| LINDA COLE and TED COLE, | Case No. 23-2-04734-32 |
| Plaintiffs, | |
| vs. | **TRIAL MANAGEMENT JOINT REPORT** |
| ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG, | |
| Defendants. | |

Pursuant to LR 16 this Trial Management Joint Report must be filed and served in all cases governed by a Civil Case Schedule Order (LR 0.4.1). Failure to file and serve this report or to appear at the Pretrial Conference may result in the imposition of monetary sanctions, dismissal of the case, or entry of a default judgment. Failure to fully disclose all items required on this report may result in exclusion or restriction on use of evidence at trial. This is a joint report, requiring counsel to meet, confer, and attempt to resolve differences in the matter addressed in this report. A copy of this report must be provided to the assigned judge.

    **A.**     **MEETING:** The parties, by their attorneys, met *via telephone* on 12/17/2024, could not settle the case and are prepared to proceed to trial.

    **B.**     **NATURE OF CASE:** Provide a joint, brief, non argumentative description of the case, suitable for reading to the jury panel, as required by LR 51(a):

**R|NW** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

Not applicable. This is a bench trial. Please see the parties' trial briefs.

**C.    TOTAL NUMBER OF TRIAL DAYS** (including Plaintiff's and Defendant's case): 4 days.

**D.    LIST OF ISSUES WHICH ARE NOT IN DISPUTE**:

1. The Plaintiff asks the Court to take judicial notice of numerous orders the Court has entered against the Defendants in this case, including the temporary restraining order, the preliminary injunction, and the numerous orders regarding the Defendants' "intransigence," including the ordered incarceration of Eric Young. These orders are part of the Court record and are not in dispute.

2. Defendants advise the Court that Plaintiffs' case rests on materially false claims, as evidenced by video recordings, documents, and other evidence Defendants have identified in discovery and supplied to Plaintiffs 3 months ago (Sept. 12, 2024). Two weeks later Mr. Merritt conveniently withdrew as Plaintiffs' counsel.

Despite multiple communications to Plaintiffs' replacement counsel (highlighting irrefutable evidence of Plaintiffs' fraudulent conduct), Plaintiffs and their counsel have failed to address or refute this evidence.

Plaintiffs' counsel has an ongoing obligation under Rule 3.3 (Candor to the Tribunal) to correct false testimony or misrepresentations but has failed to do so. Counsel's continued reliance on known-false statements raises concerns regarding the integrity of the proceedings and imposes undue burden and prejudice on Defendants' ability to prepare for trial.

Nearly all evidence Plaintiffs have submitted in their pre-trial evidence list fails with

R|NW  **Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

regard to measurements of Relevance, Prejudice, Confusion, or Waste of Time (ER 401, 402, 403), and demonstrates Plaintiffs' 'last-ditch efforts' bent on confusing the issues and stoking prejudice by continuing to mislead the court. Plaintiffs have further failed to include critical impeaching evidence provided to Plaintiffs as described above. Plaintiffs have also failed to subpoena any witnesses listed on their Witness List—all of whom, including Plaintiffs, reside out-of-state. This omission suggests Plaintiffs lack the intention or ability to present evidence or witnesses necessary to support their claims at trial.

Defendants reserve the right to seek appropriate relief from the Court, including but not limited to sanctions, for Plaintiffs' conduct, which Defendants believe may rise to the level of Fraud on the Court.*


*Details of Plaintiffs conduct are set forth in Defendants' upcoming court filing:
"Motion to File out of Time:
- Summary Case Review and Motion for Sanctions for Plaintiffs' Misconduct and Deficiencies during Discovery
- Motion to Dismiss, or in the alternative Motion for Summary Judgement"

*Additional upcoming filing:
Defendants' Objections to Plaintiffs' Er 904
 - Exhibits - Irrelevant Content and Privileged Communications
And
Defendants' Objections to Plaintiffs' Witness List


**E.     LIST EACH ISSUE THAT IS DISPUTED** (Issues not identified here may not be raised at trial without leave of court):

1.  Plaintiffs asserted causes of action against the Defendants for fraud and conversion of $362,052.66, and damages relating to the same.

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

Defendants deny these claims, citing irrefutable evidence demonstrating Plaintiffs' fraudulent conduct, including video recordings and documentary evidence produced during discovery. Plaintiffs' assertions are unsupported by admissible evidence, and Defendants' 1300+ pages of impeachment evidence will demonstrate that Plaintiffs' claims lack merit, are predicated on false statements, and constitute a misuse of the judicial process.

2.  Plaintiffs asserted a cause of action against Defendants for injunction, seeking to enjoin the purchase of the home located at 1004 E. Golden Ct., Spokane, WA, and to enjoin the expenditure of Plaintiffs' monies in Defendants' possession. The Court has already issued a temporary and preliminary injunction in this matter.

Defendants deny these claims and further assert that the temporary restraining order and preliminary injunction were legally invalid, as the Court failed to require Plaintiffs to post a bond as mandated under Rule 65(c). The orders were interlocutory, based on incomplete evidence, and do not constitute a final finding of fact. Defendants also assert that Plaintiffs' claims are baseless and that no injunction was warranted.

3.  Plaintiffs assert that Defendants converted various personal property.

Defendants deny these claims and assert that Plaintiffs have failed to produce any credible or admissible evidence to support their allegations. Defendants will demonstrate that Plaintiffs' claims are not only meritless but also predicated on misrepresentations made by Plaintiffs and their counsel, in violation of their ethical

R | N W

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

duties under Rule 3.3 (Candor to the Tribunal).

** Note: Defendants intend to seek leave from the Court to file a Motion for Summary Judgment out of time based on significant findings in admissible evidence of Plaintiffs calculated fraud and misuse of judicial process, Plaintiffs' failure to produce evidence supporting their claims, significant procedural deficiencies in Plaintiffs' case, and multiple deficiencies in performance of discovery – including over 150 instances of inappropriate conduct during Defendants' deposition of Plaintiffs.

Defendants have separately filed or will file the relevant motion for the Court's consideration.

**F.     EXHIBITS:** Trial counsel shall meet pre-mark and index all exhibits numerically as directed by the clerk of the assigned court. Court exhibit tags, available at the Spokane County Clerk's Office or from the courtroom court clerk, must be used showing the exhibit number, case name, and case number only. **The parties will submit their exhibits to the assigned court department pursuant to LCR 5(d)(6). The Clerk's Office will not accept exhibits.**

Counsel met on 12/17/2024 and conferred [but did not review] a list of all exhibits which will be offered at trial.  Exhibits were enumerated in ER 904 filings by both parties. Any exhibit, which is not on said list of exhibits, will not be considered except by leave of court. No exhibits will be marked during trial while court is in session

G.     **INDEX OF EXHIBITS:** The index shall indicate: (1) the exhibit number, (2) by whom offered, (3) a brief description, (4) whether the parties have stipulated to admissibility, and if not (5) the legal grounds for objection(s). Rebuttal or impeachment exhibits need not be listed.

**PLAINTIFFS' EXHIBITS:**

TRIAL MANAGEMENT JOINT REPORT - 5

**R | N W**     Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| Exhibit No. | Description | Stipulated as Admissible | Objection / Grounds (Cite ER) |
|---|---|---|---|
| P-1 | June 17, 2016, Promissory Note executed between Eric Young and Ted & Linda Cole in the amount of $6,800, and November 14, 2022, repayment check in the amount of $7,000, Bates Nos. COLE_001358-59. | | 403 |
| P-2 | March 29, 2020, text messages from Susanann Young to Linda Cole, Bates Nos. COLE_001225-28, and September 29, 2021, text messages between Susanann Young and Linda Cole, Bates Nos. COLE_001229-36, Exhibit 25 to the Deposition of Susanann Young. | | 403 |
| P-3 | August 8, 2020, text messages between Susanann Young and Linda Cole, Bates Nos. COLE_001237-50, Exhibit 24 to the Deposition of Susanann Young. | | 403 |
| P-4 | May 1, 2023, checks from Linda & Ted Cole to Eric & Susanann Young in the amounts of $12,000 ("Jaegers Schooling, 2023 thru 2024"), and $4,000 ("loss wages for week"). | | 401 / 402 / 403 / 702 |
| P-5 | Eric & Susanann Young's Bank of America Bank Statements (for July 27, 2023, to August 28, 2023), Bates Nos. COLE_000133-142, Exhibit 21 to the Deposition of Eric Young. | | 401 / 402 / 403 / 702 |
| P-6 | October 30, 2023, letter from Floyd C. Vaughan of Silven, Schmeits & Vaughan to Eric & Susanann Young and Rebecca Flaherty, Real Estate Broker, titled "Notice to Terminate Real Estate Transaction," Bates Nos. COLE_001298-99. | | 401 / 402 / 403 |
| P-7 | Various Receipts / Item Price Information relating to dog, Bates Nos. COLE_000001-15. | | 401 / 402 / 403 / 901 |
| P-8 | November 3, 2023, letter from Michael R. Merrit to Erin Varriano & Rebecca Flaherty of John L. Scott Real Estate, re: "Eric & Susan Young – purchase of | | 401 / 402 / 403 |

TRIAL MANAGEMENT JOINT REPORT - 6

**R** | **N W**  Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | | |
|---|---|---|---|---|
| | | 1004 E. Golden Ct. – MLS#202319643," Bates Nos. COLE_000887-88. | | |
| | P-9 | Residential Purchase and Sale Agreement, dated October 31, 2023 re: 1004 E. Golden Ct, Spokane, WA 99208, Bates Nos. COLE_000899-904 | | 401 / 402 |
| | P-10 | December 29, 2023, email from Eric Young to "Magan" and Rebecca Flaherty at John L. Scott Real Estate, Bates No. COLE_000946. | | 401 / 402 |
| | P-11 | Pictures of disappearing Signal App message sent from Eric Young to Linda Cole, Bates Nos. COLE_001369-1374. | | 403 |
| | P-12 | April 26 – May 18, 2024, text messages between Eric Young and Mark Severns, Bates Nos. COLE_001308-1351. | | RCW 5.60.060(3) |
| | P-13 | November 10, 2023 "Statement of Credit Denial, Termination or Change" re: Eric Young. | | 401 / 402 / 403 |
| | P-14 | Spreadsheet created by Eric & Susanann Young re: financial transactions between August 3, 2023, and April 27, 2023, Exhibit 6 to the Deposition of Eric Young. | | 401 / 402 / 403 / 702 |
| | P-15 | December 29, 2023, email from Eric Young to Magan Ham and Rebecca Flaherty at John L. Scott Real Estate, Bates No. COLE_001042-43, Exhibit 14 to the Deposition of Eric Young. | | 401 / 402 / 403 |
| | P-16 | Excerpts of transcript of November 7, 2023, hearing on Motion for Temporary Restraining Order & Order to Show Cause, Exhibit 16 to the Deposition of Eric Young. | | RCW 7.40.080 and CR 65(c) |
| | P-17 | October 30, 2023, text messages between Linda Cole and Susanann Young, Exhibit 26 to the Deposition of Susanann Young. | | 403 |
| | P-18 | October 13, 2023, and October 16, 2023, emails from Dawn Bruce of Old West Federal Credit Union to Linda Cole, Exhibit 27 to the deposition of Susanann Young. | | |

TRIAL MANAGEMENT JOINT REPORT - 7

**R|NW**

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | | |
|---|---|---|---|---|
| P-19 | Text messages between Eric Young & Susanann Young, Exhibit 1 to the Deposition of Eric Young. | | | 403 |
| P-20 | Eric & Susanann Young's Bank of America Bank Statements (for August 29, 2023, to September 26, 2023), Bates Nos. COLE_000143-149, Exhibit 20 to the Deposition of Eric Young. | | | 401 / 402 / 403 / 702 |
| P-21 | Eric Young's Fidelity Investment Accounts statements (for August – September, 2023), Bates Nos. COLE_000151-205, Exhibit 22 to the Deposition of Eric Young. | | | 401 / 402 / 403 / 702 |
| P-22 | October 27, 2022, text message from Susanann Young to Linda Cole, dated October 27, 2022, Bates Nos. COLE_001387-88. | | | 403 |
| P-23 | Quicken Loans "Gift Letter," dated October 11, 2023, Exhibit 4 to the Deposition of Eric Young. | | | 401 / 402 |
| P-24 | Uniform Residential Loan Application signed by Eric Young on October 19, 2023. Bates Nos. COLE_000030-000040. | | | 401 / 402 |
| P-25 | October 13, 2023, and October 16, 2023, emails from Dawn Bruce of Old West Federal Credit Union to Linda Cole, Exhibit 11 to the deposition of Eric Young. | | | |
| P-26 | October 14, 2023, email from Linda Cole's email account to Eric Young's email, with attachments, Bates Nos. COLE_001283-93. | | | |
| P-27 | October 16, 2023, email from Eric Young to Dawn Bruce at Old West Federal Credit Union, Exhibit 12 to the Deposition of Eric Young. | | | |
| P-28 | Old West Federal Credit Union domestic wire forms ($119,698.04), Exhibit 10 to the Deposition of Eric Young. | | | |
| P-29 | Old West Federal Credit Union domestic wire forms ($242,314.62), Exhibit 9 to the Deposition of Eric Young. | | | |
| P-30 | October 16, 2023, email from Eric Young to Dawn Bruce at Old West | | | |

**R | N/W** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | |
|---|---|---|---|
| | | Federal Credit Union, Exhibit 13 to the Deposition of Eric Young. | | |
| | P-31 | Text messages between Linda Cole and Susanann Young (October 26-27, 2023). Bates Nos. COLE_001398-001421. | | 403 |
| | P-32 | Text messages between Linda Cole and Susanann Young (October 30, 2023). Bates Nos. COLE_001352-001354. | | 403 |
| | P-33 | Text messages between Susanann Young and Joell Severns, dated February 5, 2024. Bates Nos. COLE_001463-001469. | | 403 |
| | P-34 | Old West Federal Credit Union (Mini-Statement) for Linda Cole's bank account (October 1, 2023, to October 24, 2023). COLE_001294-001296. | | |
| | P-35 | Order, dated February 22, 2024. | | RCW 7.40.080 and CR 65(c) |
| | P-36 | Eric and Susanann Young's Fidelity Account Records from September 30, 2023, to February 29, 2024. | | 401 / 402 / 403 / 702 |
| | P-37 | Eric and Susanann Young's banking records (Bank of America and Woodforest National Bank). | | 401 / 402 / 403 / 702 |
| | P-38 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (November 7, 2023) | | RCW 7.40.080 and CR 65(c) |
| | P-39 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 20, 2024) | | RCW 7.40.080 and CR 65(c) |
| | P-40 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 22, 2024) | | RCW 7.40.080 and CR 65(c) |
| | P-41 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 23, 2024) | | RCW 7.40.080 and CR 65(c) |
| | P-42 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 27, 2024) | | RCW 7.40.080 and CR 65(c) |
| | P-43 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 29, 2024) | | RCW 7.40.080 and CR 65(c) |

**R | NW**

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | |
|---|---|---|---|
| P-44 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (March 1, 2024) | | RCW 7.40.080 and CR 65(c) |
| P-45 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (March 4, 2024) | | RCW 7.40.080 and CR 65(c) |
| P-46 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (March 6, 2024) | | RCW 7.40.080 and CR 65(c) |
| P-47 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (March 13, 2024) | | RCW 7.40.080 and CR 65(c) |
| P-48 | Transcript of Hearing in *Cole v. Young*, Case No. 23-2-04734-32 (February 2, 2024) | | RCW 7.40.080 and CR 65(c) |
| P-49 | Order Granting Plaintiff's Motion for Temporary Restraining Order, dated November 8, 2023. | | RCW 7.40.080 and CR 65(c) |
| P-50 | Order for Preliminary Injunction, dated February 2, 2024. | | RCW 7.40.080 and CR 65(c) |
| P-51 | Audio Recording taken by Linda Cole (non-tangible exhibit). | | 403 |

**DEFENDANTS' EXHIBITS:**

| Exhibit No. | Description | Stipulated as Admissible | Objection / Grounds (Cite ER) |
|---|---|---|---|
| D-1 | Ex-D-1-accusers-police-all-smiles-color Smiling/Laughing False Witnesses | | |
| EX001 | Smiling/Laughing False Witnesses - exhibit in Deposition of Linda Cole | | |
| EX002 | EX002 DECLARATION LINDA COLE | | |
| EX003 | Wire Form - exhibit in Deposition of Linda Cole | | |
| EX004 | Sold TX House - exhibit in Deposition of Linda Cole | | |
| EX005 | brain fog - exhibit in Deposition of Linda Cole | | |
| EX006 | Linda directed guns be gathered - exhibit in Deposition of Linda Cole | | |
| EX007 | BCPD Police Video Transcript - exhibit in Deposition of Linda Cole | | |

TRIAL MANAGEMENT JOINT REPORT - 10

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | |
|---|---|---|---|
| EX008 | **DECLARATION MATTHEW ANDERSON - exhibit in Deposition of Linda Cole** | | |
| EX009 | **EX009 SUPPLEMENTAL DECLARATION - LINDA COLE** | | |
| EX010 | **New Storage In Spokane - exhibit in Deposition of Linda Cole** | | |
| EX011 | **Verify phone num - exhibit in Deposition of Linda Cole** | | |
| EX012 | **Living Room w-Furniture and without - exhibit in Deposition of Linda Cole** | | |
| EX013 | **Red Light ticket - RV - exhibit in Deposition of Linda Cole** | | |
| EX014 | **Contact lenses - exhibit in Deposition of Linda Cole** | | |
| EX015 | **City hall contractor - exhibit in Deposition of Linda Cole** | | |
| EX016 | **Inspector-replace decking - exhibit in Deposition of Linda Cole** | | |
| EX017 | **Nick Lien - no license - exhibit in Deposition of Linda Cole** | | |
| EX018 | **Remodel - Engineering - exhibit in Deposition of Linda Cole** | | |
| D-22 | **Ex-D-22-Transcr-DFND-OCT20-TRXSCR-LINDA-FAM-CHAT-1-SPOKANE** <br> **Part1-20-pages-Audio transcript - family conversation - Linda still semi-normal** | | |
| D-24 | **Ex-D-24-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2** <br> **Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave…'** | | |
| D-26 | **Deposition - Ted Cole** | | |
| D-29 | **Ex-D-29-DFND-DISCOV-Evidence-Images-Texts-Repository-StdRES** <br> **Text messages and images - full 381 page repository** | | |
| D-30 | **General Evidentiary Notes** <br> **Text messages and images - portion of 381 page repository** | | |
| D-32 | **Puppy - Bill of Sale** <br> **Text messages and images - portion of 381 page repository** | | |
| D-34 | **Moving** <br> **Text messages and images - portion of 381 page repository** | | |
| D-35 | **Text messages and images - portion of 381 page repository** | | |

**R | NW**
**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | |
|---|---|---|---|
| D-36 | **Linda Looking for Houses in Spokane – 2022**<br>**Text messages and images - portion of 381 page repository** | | |
| D-38 | **OWFCU and Wires**<br>**Text messages and images - portion of 381 page repository** | | |
| D-39 | **Defendants Helping Mom**<br>**Text messages and images - portion of 381 page repository** | | |
| D-40 | **Linda's decision to move**<br>**Text messages and images - portion of 381 page repository** | | |
| D-42 | **Linda Moving**<br>**Move Event #1**<br>**Move Event #2**<br>**Text messages and images - portion of 381 page repository** | | |
| D-43 | **Linda Moving - OCT-5,2023**<br>**Text messages and images - portion of 381 page repository** | | |
| D-44 | **Linda Moving - GUNS - OCT-5,2023** | | |
| D-45 | **Linda Moving - Claims Fraud By Amazon**<br>**Text messages and images - portion of 381 page repository** | | |
| D-46 | **Joell's Ignorant Gossip**<br>**Text messages and images - portion of 381 page repository** | | |
| D-50 | **Ex-D-50-DFND-DISCOV-RFPs-NoFraud-Moving-NormComms**<br>**Text messages and images - portion of 381 page repository** | | |
| D-52 | **Ex-D-52-DFND-DISCOV-RFPs-NoFraud-OnlyCare-2**<br>**Text messages and images - portion of 381 page repository** | | |
| D-54 | **Ex-D-54-DFND-DISCOV-RFPs-NoFraud-OnlyCare-3**<br>**Text messages and images - portion of 381 page repository** | | |
| D-56 | **Ex-D-56-DFND-DISCOV-RFPs-NoFraud-OnlyCare-4**<br>**Text messages and images - portion of 381 page repository** | | |
| D-58 | **Ex-D-58-DFND-DISCOV-RFPs-NoFraud-OnlyCare-5**<br>**Text messages and images - portion of 381 page repository** | | |
| D-60 | **Ex-D-60-DFND-DISCOV-RFPs-NoFraud-OnlyCare-6**<br>**Text messages and images - portion of 381 page repository** | | |

TRIAL MANAGEMENT JOINT REPORT - 12

**R | N<br>W**

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | | | |
|---|---|---|---|---|
| D-62 | **Ex-D-62-DFND-DISCOV-RFPs-NoFraud-OnlyCare-7**<br>**Text messages and images - portion of 381 page repository** | | | |
| D-64 | **Ex-D-64-DFND-DISCOV-RFPs-Linda-BrainFog**<br>**Text messages and images - portion of 381 page repository** | | | |
| D-65 | **Ex-D-65-DFND-DISCOV-RFPs-Linda-Memory**<br>**Text messages and images - portion of 381 page repository** | | | |
| D-66 | **Ex-D-66-DFND-DISCOV-RFPs-Linda-MemoryImpaired**<br>**Text messages and images - portion of 381 page repository** | | | |
| D-67 | **Ex-D-67-Dog-Part1-AKC-Reunit-Bill-Sale**<br>**Text messages and images - portion of 381 page repository** | | | |
| D-68 | **Ex-D-67-Dog-Part2-AKC-Reunit-Denied**<br>**Text messages and images - portion of 381 page repository** | | | |
| D-69 | **Ex-D-69-DISCOV-Plaintiff-Responses to DFNDS-Second ROGs-RFP** | | | |
| D-71 | **Ex-D-71-7.21.2017-Texas-Linda-Leaving**<br>**Text messages and images** | | | |
| D-79 | **Ex-D-79-DISCOV-AmendResp    2024-11-05-Defendants' First ROGs** | | | |
| D-94 | **Ex-D-94-TRSCR-Cole vs Young Police Intake 11-06-2023_full**<br>**BCPD Police Video Transcript** | | | |
| D-97 | **Ex-D-97-BCPD                          Docs-VideoReq**<br>**BCPD evidence request documentation** | | | |
| D-105 | **Ex-D-105-BrainFog**<br>**Text messages and images** | | | |
| D-119 | **Ex-D-119-DISCOV-Plaintiffs Respons to DFNDs First Set of RFAs** | | | |
| D-132 | **Deposition-79559    Linda    Cole    11-06-2024_full_ex - Copy** | | | |
| D-144 | **Freeze of Linda and Ted's Credit Reports at their request - part 1** | | | |
| D-145 | **Freeze of Linda and Ted's Credit Reports at their request - part 2** | | | |
| D-170 | **Ex-D-170-Remodel-re-Nick** | | | |
| D-175 | **Remodel-RandyDemaris-Other-1-of-3** | | | |
| D-176 | **Remodel-RandyDemaris-Other-1-of-3** | | | |
| D-177 | **Remodel-RandyDemaris-Other-1-of-3** | | | |

**R | N<br>W**  Riverside NW Law Group, PLLC<br>905 W. Riverside Ave., Ste 208<br>Spokane, WA 99201<br>(509) 606-0746 | rnwlg.com

| | | | |
|---|---|---|---|
| D-190 | Rush - various examples of Linda being 'in a rush' | | |
| D-205 | Ex-D-205-FannieMae-Gift-Funds-Requirements | | |
| D-210 | OCT21-RECORD-TRXSCR-LINDA-FAM-CHAT-2-DogAbandoned | | |
| D-221 | Ex-D-221-Transcr-DFND-OCT20-TRXSCR-LINDA-FAM-CHAT-1-SPOKANE Part1-20-pages-Audio transcript - family conversation - Linda still semi-normal | | |
| D-222 | Ex-D-222-Transcr-DFND-OCT20-TRXSCR-LINDA-FAM-CHAT-1-SPOKANE Part2-20-pages-Audio transcript - family conversation - Linda still semi-normal | | |
| D-223 | Ex-D-223-Transcr-DFND-OCT20-TRXSCR-LINDA-FAM-CHAT-1-SPOKANE Part3-16-pages-Audio transcript - family conversation - Linda still semi-normal | | |
| D-241 | Ex-D-241-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2 Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave...' - Part1-20-pages | | |
| D-242 | Ex-D-242-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2 Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave...' - Part2-20-pages | | |
| D-243 | Ex-D-243-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2 Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave...' - Part3-20-pages | | |
| D-244 | Ex-D-244-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2 Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave...' - Part4-20-pages | | |
| D-245 | Ex-D-245-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2 Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave...' - Part5-20-pages | | |
| D-246 | Ex-D-246-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2 Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave...' - Part6-14-pages | | |

TRIAL MANAGEMENT JOINT REPORT - 14

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

**H. LIST OF PLAINTIFF'S REQUESTS FOR WASHINGTON PATTERN JURY INSTRUCTIONS:** If special (not WPI/WPIC, or pattern instructions including bracketed material), attach a copy.

N/A. This is a bench trial.

**I. LIST OF DEFENDANT'S REQUESTS FOR WASHINGTON PATTERN JURY INSTRUCTIONS:** If special (not WPI/WPIC, or pattern instructions including bracketed material), attach a copy.

N/A. This is a bench trial.

**J. LIST OF NAMES AND SCHEDULE OF ALL LAY AND EXPERT WITNESSES:** Describe type of witness (lay, treating, expert) and party calling witness. Please estimate all necessary time for presentation of all direct and cross-examination. Rebuttal witnesses need not be listed.

| NAME | PARTY | ESTIMATED TIME FOR WITNESSES' TESTIMONY |
|------|-------|------------------------------------------|
| Linda Cole (Plaintiff) | Plaintiffs/Defendants | 2 hours / 3- 4 hrs. per day, 12-16hrs. total over 4 days |
| Ted Cole (Plaintiff) | Plaintiffs/Defendants | 30 minutes / 15 minutes |
| Eric Young (Defendant) | Plaintiffs/Defendants | 2.5 hours / 1 hr. |
| Susanann Young (Defendant) | Plaintiffs/Defendants | 2 hours / 1 hr. |
| Matthew Anderson (lay) | Plaintiffs/Defendants | 15 minutes / 15 minutes |
| Virginia Tate (expert) | Plaintiffs/Defendants | 1.5 hours / 15 minutes |
| Joell Severns (lay) | Plaintiffs/Defendants | 30 minutes / 1 hr. |
| Mark Severns (lay) | Plaintiffs/Defendants | 15 minutes / 15 minutes |
| Rebecca Flaherty (lay) | Plaintiffs/Defendants | 30 minutes / 15 minutes |

TRIAL MANAGEMENT JOINT REPORT - 15

**R** | **N/W** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | | |
|---|---|---|
| Dawn Bruce (lay) | Plaintiffs/Defendants | 20 minutes / 15 minutes |
| Christy Varner (lay) | Plaintiffs/Defendants | 10 minutes / 15 minutes |
| Dawn M. Kitzmiller (lay) | Plaintiffs/Defendants | 15 minutes / 15 minutes |
| Records custodian for Guaranteed Rate | Plaintiffs/Defendants | TBD (May not be necessary depending on objections) |
| Records custodian for Bank of America | Plaintiffs/Defendants | TBD (May not be necessary depending on objections) |
| Records custodian for John L. Scott Realty | Plaintiffs/Defendants | TBD (May not be necessary depending on objections) |
| Randy DeMaris (lay) | Plaintiffs/Defendants | 15 minutes / 15 minutes |
| Joseph Hanson (lay) | Plaintiffs/Defendants | 15 minutes / 15 minutes |

J.      Attorneys, parties, or witness(s) have the following special needs that need to be addressed:

_____Hearing Impaired _____Language Interpreter _X__Other (Please contact the assigned court department involving of special needs requests five days before scheduled court hearings and trials.)

Other.  Plaintiff Ted Cole is essentially blind and will need assistance reviewing / reading documents.

TRIAL MANAGEMENT JOINT REPORT - 16

**R** | **N W**  **Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

## Appendix A: Table of Defendants Objections to Plaintiffs' Exhibit List

Further Addressed in Defendants' filing:
'Defendants Objections to Plaintiffs ER 904 Exhibit List':

| Section II. Specific Objection | Applies to ExhibNum | ER Objection | Objec.Text |
|---|---|---|---|
| A | P-9<br>P-10<br>P-15 | 401 / 402 | **Objection to Real Estate Transaction Documents**<br>Defendants object to the inclusion of real estate transaction documents as evidence on the grounds that they are irrelevant, immaterial, and inadmissible under ER 401 and ER 402. Plaintiffs have failed to produce any evidence that Defendants engaged in fraudulent conduct during the home purchase process. The real estate transaction documents are wholly unrelated to Plaintiffs' allegations and cannot support their claims. |
| B | P-4<br>P-5<br>P-14<br>P-20<br>P-21<br>P-36<br>P-37 | 401 / 402 / 403 / 702 | **Objection to Wasting Time with Defendants Financial History**<br><br>Defendants object to rehashing Defendants' accounting / financial records, which were improperly obtained pursuant to an invalid TRO that lacked a required bond under CR 65(c), rendering it legally defective.<br>Furthermore, this record relates to likewise invalid orders which violated Defendants' civil liberties through punitive contempt of court proceedings and incarceration that fall outside the scope of the current complaint.<br><br>Defendants' banking records during the period of events alleged in this case reflect only the financial impacts and damages caused by Plaintiffs' wrongful conduct, including:<br>• Deliberate breach of contract<br>• Intentionally offering false testimony to this court resulting in court actions prejudicial to Defendants<br>• Failure to honor legal transactions Plaintiffs' willingly executed<br><br>Defendants' banking records, both prior to and during the alleged events, are irrelevant to any claim or issue currently pending before the Court and are therefore inadmissible under ER 401 and ER 402. |

R | N W

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| Section II. Specific Objection | Applies to ExhibNum | ER Objection | Objec.Text |
|---|---|---|---|
| C | P-12 | RCW 5.60.060(3) | Objection to Clergy-Penitent Privileged Communications<br>Regarding text messages between Defendant and two non-party witnesses, Mark Severns and Joell Severns, these communications are protected by the clergy-penitent privilege under RCW 5.60.060(3), infringe upon Defendant's First Amendment rights, and are wholly irrelevant to the issues at trial. Allowing their introduction would result in undue prejudice against Defendant while serving no legitimate evidentiary purpose |
| D | P-1<br>P-2<br>P-3<br>P-11<br>P-17<br>P-19<br>P-22<br>P-31<br>P-32<br>P-33 | 403 | Objection to Irrelevant Personal Text Messages (Biased to Financial Reference)<br>Defendants object to Plaintiff's submission of selectively curated text messages between Plaintiff and Defendant as evidence.<br>These messages are irrelevant without proper context, are unfairly prejudicial under ER 403, and fail to provide an accurate or comprehensive account of the parties' relationship or communications. Plaintiff's selective presentation disregards thousands of other messages spanning 15 years, which provide critical context, including Defendant's extensive personal support for Plaintiff unrelated to financial matters. |
| E | P-38-49 | RCW 7.40.080 and CR 65(c) | Objection to Plaintiff's Submission of Excerpts of Hearing Transcripts or Orders<br>Defendants object to Plaintiff's submission of excerpts from hearing transcripts or orders related to the Temporary Restraining Order (TRO) and Preliminary Injunction in this matter. The TRO and Preliminary Injunction are invalid due to failure to meet statutory requirements, including the absence of a bond as required under RCW 7.40.080 and CR 65(c).<br><br>These transcripts are irrelevant to the issues before the Court, inadmissible under the rules of evidence, and prejudicial to Defendants.<br><br>Admitting these transcripts perpetuates Plaintiffs' ongoing misuse of the judicial process by attempting to invoke prior false testimony and prejudicial, conclusory statements that remain unsupported after conclusion of discovery, in what has clearly become a year of extensive harassment and baseless attacks on Defendants' civil liberties. |

TRIAL MANAGEMENT JOINT REPORT - 18

**R | NW**

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| Section II. Specific Objection | Applies to ExhibNum | ER Objection | Objec.Text |
|---|---|---|---|
| F | P-7 | 401 / 402 / 403 / 901 | Objection to Evidence of Miscellaneous Receipts Alleged to Represent Conversion<br>Defendants object to Plaintiff's submission of miscellaneous receipts as evidence of property allegedly converted by Defendants.<br>These receipts are irrelevant, lack proper foundation, and are inadmissible under ER 401, ER 402, and ER 901. Their introduction would result in undue prejudice and confusion under ER 403. |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct:

Dated December 16, 2024.

RIVERSIDE NW LAW GROUP, PLLC

BY: /s/ Matthew S. Mensik
Mathew A. Mensik, WSBA 44260
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
Telephone: (206) 949-3540
Email: mam@rnwlg.com

BY: /s/ Eric Young & Susan Young
Eric and Susan Young – Pro Se
12402 N. Divisions St, PMB #167
Spokane, WA 99218
Phone: 936-463-8411

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the following individuals in the manner indicated:

| Eric and Susan Young – Pro Se<br>12402 N. Divisions St, PMB #167<br>Spokane, WA 99218<br>Phone:  936-463-8411 | ☐ Personal Service<br>☐ First Class Mail<br>☐ Certified Mail<br>☑ E-mail<br>　Eyoung-encrypt@pm.me<br>　jaegersmum@proton.me |
|---|---|

Dated this 16th day of December, 2024.

_____
Matthew A. Mensik

TRIAL MANAGEMENT JOINT REPORT - 20

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

**SUPERIOR COURT OF WASHINGTON
IN AND FOR SPOKANE COUNTY**

Linda Cole and Ted Cole, Plaintiffs

v.

Eric Young and Susan Young, Defendants.

No. 23-2-04734-32

DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION IN LIMINE

TO:     Linda Cole and Ted Cole, 625 Broadway St., Baker City, OR 97814

AND:   Matt Mensik, Riverside NW Law Group, 905 W. Riverside Ave, Suite 208,

Spokane, WA 99201

## I.     INTRODUCTION

Defendants oppose Plaintiffs' Motion in Limine.  Plaintiffs' motion lacks merit and fails to

justify the broad evidentiary exclusions they seek. Plaintiffs did not properly subpoena their

witnesses, undermining their ability to present evidence at trial. Defendants have complied with

all procedural rules and filed a comprehensive ER 904 exhibit list, all of the evidence represented

within which is admissible evidence despite Plaintiffs' blanket protestations which have no

merit.  The Court should deny Plaintiffs' motion.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN
LIMINE
PAGE **1** OF **13**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

## II.    ARGUMENT

### 1.    ER 615 Does Not Permit Exclusion of Defendants as Parties

RE: PLTF - 1) Exclude All Potential Witnesses During the Taking of Testimony

On December 20, Plaintiffs filed a motion to exclude witnesses under ER 615.  ER615 states: "At the request of a party, the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses. This rule does not authorize exclusion of (1) a party who is a natural person…" In *State v. Rafay*, 168 Wn.2d 954, 963 (2010) The Washington Supreme Court held that parties who are natural persons cannot be excluded under ER 615. The rule protects a party's fundamental right to be present during their trial.  *State v. Skuza, 156 Wn. App. 886, 895* (2010) held that ER 615 is designed to prevent witness collusion, but this purpose does not extend to excluding parties. The rule explicitly safeguards the presence of natural persons who are parties to the case.  Plaintiffs' motion seeks to exclude one Defendant while the other testifies, directly contravening the plain language of ER 615 and the rulings in *Rafay* and *Skuza*.

Both Defendants are natural persons and named parties in this case, and they have an absolute right to be present throughout their trial.  The primary purpose of ER 615 is to prevent witnesses from tailoring their testimony based on what they hear from others. Plaintiffs' motion misapplies ER 615 and seeks to improperly restrict Defendants' ability to participate fully in their defense

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

and exclude them from their own trial, a right which is protected under Washington law and due process principles. Defendants request the Court reject Plaintiffs' motion on this point.

_____ Granted _____ Denied _____ Reserved


## 2. **Plaintiffs Cannot Exclude Defendants' Properly Disclosed Evidence**

RE: PLTF – 2) Preclude Defendants from Using at Trial Any Documents That Were Not Produced in Discovery or Otherwise Identified and Produced in an Exhibit List.

Defendants oppose Plaintiffs' motion to preclude Defendants from using documents at trial that were not produced during discovery or identified on their exhibit list. Defendants, as pro se litigants, filed their ER 904 submission two days late due to a combination of procedural challenges, including delays caused by Plaintiffs' counsel. This minor delay does not justify the extreme remedy of excluding evidence, particularly when no prejudice has been shown. In *Jones v. City of Seattle*, 179 Wn.2d 322, 344-46 (2013) the Court emphasized the priority of resolving cases on their merits and asserted that exclusion of evidence is a severe remedy to be used sparingly. Under *Burnett v. Spokane Ambulance*, 131 Wn.2d 484 (1997), the Court must evaluate: the importance of the evidence; the reason for the late disclosure; the extent of any prejudice to the opposing party. Defendants assert that the evidence is crucial to their defense. While Defendants have made every effort to comply with discovery rules and deadlines, Plaintiffs' counsel has exacerbated delays through obstructive tactics, including interfering with Defendants ability to depose Plaintiff through excessive and frivolous objections to form;

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN LIMINE
PAGE **3** OF **13**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

1    removing Plaintiff from the room during questioning, despite Defendants' objections, to

2    privately to confer; producing requested discovery evidence 25 days late and after the discovery

3    period had closed and failing to provide a copy of Defendants' deposition transcript as

4    Defendants' requested, which has hindered trial preparation.

5    Defendants' documents pertain to matters that are within the knowledge and perceptions of lay

6    witnesses. These documents do not require expert disclosure and were disclosed as soon as

7    practicable under the circumstances. Additionally, under CR 26 and relevant case law,

8    documents used solely for impeachment purposes are not subject to pretrial disclosure. Plaintiffs'

9    blanket request to preclude all documents improperly seeks to limit Defendants' ability to

10    challenge Plaintiffs' testimony at trial. The documents at issue were already known to Plaintiffs,

11    either through prior correspondence or as part of Defendants' responses to discovery. Plaintiffs

12    cannot reasonably claim surprise or prejudice. Plaintiffs have had adequate time to review the

13    documents and prepare any necessary rebuttal. Any minimal delay in disclosure has not affected

14    their ability to present their case. If Plaintiffs believe certain documents are inadmissible, they

15    can raise objections during trial. A motion in limine is not the appropriate mechanism to preclude

16    all documents preemptively.

17    Defendants respectfully request to correct an oversight in their evidence submission and submit

18    an authenticated text message from Plaintiff, dated October 30, 2023. During Plaintiff's

19    deposition, Defendants partially read the October 30, 2023, text message into the record. Plaintiff

20    confirmed under oath that she recalled the text message and its content. This confirmation

21

22   

                              ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

23

establishes that Plaintiff was aware of the text message and its relevance to this case, negating

any claim of surprise or prejudice. During Defendants' deposition, this same text message was

presented as an exhibit. This ensures that both parties and counsel were aware of its significance

and had an opportunity to address it. Defendants believed the text message had been included in

their trial exhibit list. Its omission was an honest mistake and not an attempt to "ambush"

Plaintiffs or circumvent procedural rules. The October 30, 2023, text message is critical to the

material facts of this case. It directly supports Defendants' position and provides necessary

context for the issues in dispute. Excluding this evidence would unfairly disadvantage

Defendants, particularly as pro se litigants, and would deprive the Court of relevant information

necessary to reach a just decision. Defendants respectfully request the Court to reject Plaintiff's

motion to exclude, and request the Court allow Defendants to correct their oversight of

inadvertent omission to their ER 904 evidence list of the October 30, 2023 text from Plaintiff.


_____ Granted _____ Denied _____ Reserved


3. **Defendants Do Not Offer Expert Testimony**

    RE:  PLTFS – 3) Preclude Defendants' Lay and Fact Witnesses from Offering Expert

Testimony

Defendants oppose Plaintiffs' motion to preclude Defendants' Lay and Fact Witnesses from

offering expert testimony.  Plaintiffs' motion is based on speculative concerns and misapplies

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN
LIMINE
PAGE **5** OF **13**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

Washington law. Defendants have fully complied with CR 26 and the Court's scheduling order, submitting a witness list and ensuring the physical presence of Plaintiffs at trial through subpoenas. Defendants do not intend to elicit expert testimony from lay or fact witnesses. Defendants plan to cross-examine Plaintiffs' expert witness, as is their right, but all testimony elicited from Defendants' witnesses will fall squarely within the scope of ER 701, based on personal observations, perceptions, and factual knowledge. Washington Evidence Rule (ER) 701 governs the scope of lay witness testimony and permits such testimony if it: is rationally based on the witness's perception; is helpful to a clear understanding of the witness's testimony or determining a fact in issue; and is not based on scientific, technical, or specialized knowledge within the scope of ER 702. Defendants' lay and fact witnesses will testify about: financial transactions and interactions with Plaintiffs; observations of Plaintiffs' behavior and communications; facts relevant to the agreements and alleged disputes between the parties. This testimony is factual and rationally based on the witnesses' perceptions and does not involve specialized knowledge requiring expert qualifications under ER 702. In *State v. Blake*, 172 Wn. App. 515 (2012): Lay witnesses may testify about their perceptions and observations, provided their testimony does not rely on specialized or technical expertise. In *State v. Farr-Lenzini*, 93 Wn. App. 453 (1998): Personal observations and rationally based opinions of lay witnesses are admissible under ER 701 and do not cross into the realm of expert testimony. Plaintiffs fail to identify specific testimony or witnesses from Defendants' witness list that allegedly exceed the scope of ER 701. Preemptively excluding all testimony from Defendants' lay and fact witnesses

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

would unfairly prejudice Defendants and limit their ability to respond to Plaintiffs' claims. Plaintiffs have disclosed one expert witness, and Defendants fully intend to cross-examine that witness at trial. Defendants' cross-examination will focus on: the basis and methodology of the expert's opinions; the expert's assumptions, qualifications, and any potential bias; factual inaccuracies or inconsistencies in the expert's testimony. In *Washington v. Chapman*, 98 Wn.2d 677 (1983): Cross-examination is a fundamental right, allowing parties to challenge the credibility, methodology, and assumptions of opposing witnesses. In *State v. Russell*, 125 Wn.2d 24 (1994): Cross-examination of expert witnesses is critical to ensure the reliability and fairness of their testimony. CR 26 governs the disclosure of witnesses, and Defendants have fully complied with its requirements. Plaintiffs' motion conflates cross-examination of an expert witness with the need to designate expert witnesses, which is incorrect.

Defendants have no obligation to disclose expert witnesses when they are not presenting any expert testimony but are merely cross-examining Plaintiffs' designated expert. Plaintiffs' motion appears to be a tactical effort to preclude Defendants from presenting relevant factual evidence and challenging Plaintiffs' expert witness. This would unfairly limit Defendants' ability to rebut Plaintiffs' claims and present a full defense. Plaintiffs will not be prejudiced by allowing Defendants' lay and fact witnesses to testify within the permissible scope of ER 701. Additionally, cross-examination of Plaintiffs' expert witness is standard procedure, Defendants have a right to do this and doing so does not require Defendants to designate their own expert witnesses. Defendants request that the Court deny Plaintiffs' motion in its entirety.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

_____ Granted _____ Denied _____ Reserved

### 4. **Plaintiffs' Procedural Failures Preclude Their Witness Testimony**

RE:  PLTF – 4) Exclude Any Witnesses Not Previously Disclosed.

Defendants oppose Plaintiffs' motion seeking an overly broad exclusion of witnesses and is unsupported by Washington law. Defendants have disclosed witnesses in good faith, complied to the extent possible with the procedural requirements as pro se litigants, and identified material witnesses through discovery and depositions. Conversely, Plaintiffs' responses to Defendants' Requests for Admissions and Interrogatories contain multiple falsehoods and evasive answers designed to obscure material facts and hinder Defendants' preparation. Examples include: Denials of key facts later contradicted in deposition testimony and failure to produce requested Interrogatory evidence within the discovery period (25 days late).  Additionally, Plaintiffs' misconduct in discovery, including interfering with Defendants ability to depose Plaintiff through excessive and frivolous objections to form and removing Plaintiff from the room during questioning, despite Defendants' objections, to privately to confer; undermines their motion. Plaintiffs' own obstructive behavior should preclude them from seeking the exclusion of Defendants' witnesses, especially when such witnesses are critical to rebutting Plaintiffs' false claims. Defendants have complied with their disclosure obligations by filing their witness list in accordance with the Court's scheduling order and Washington's civil rules.  Plaintiffs' motion improperly seeks to exclude rebuttal witnesses.  The Washington Supreme Court, in *Mohr v.*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

*Grantham*, 172 Wn.2d 844, 859 (2011), affirmed that parties have the right to introduce rebuttal

evidence to respond to evidence presented by the opposing side. By affirming the right to

rebuttal witnesses, the court ensures that both parties have a fair opportunity to present and

challenge evidence, promoting a balanced and just legal process. Rebuttal witnesses are not

required to be disclosed pretrial and are admissible to address new issues raised during Plaintiffs'

case-in-chief. Defendants are prepared to call rebuttal witnesses specifically to challenge

Plaintiffs' credibility and address inconsistencies in their discovery responses. Defendants urge

the Court to reject Plaintiffs motion.

Additionally, plaintiffs listed many 'potential' witnesses, most of whom reside out-of-state, yet

failed to subpoena any of them as of this filing. Washington law requires out-of-state witnesses

to be subpoenaed under RCW 5.51. Plaintiffs' failure to secure witness attendance eliminates

their ability to present whatever testimony Plaintiffs imagined they could offer. The Court should

exclude these witnesses.


_____ Granted _____ Denied _____ Reserved



**5. <u>Defendants May Challenge Plaintiffs' Credibility</u>**

    RE:  PLTF – 5) Exclude Irrelevant Testimony / Evidence Relating to Events That

Occurred Decades Ago

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

Defendants oppose Plaintiffs' motion to exclude testimony related to events they deem irrelevant or prejudicial. However, cross-examination of Plaintiffs regarding credibility, motives, or patterns of conduct is critical to a fair trial. Defendant Susan Young, Plaintiffs' daughter, has direct personal knowledge of Plaintiff Linda Cole's past habit of presenting fabricated testimony to courts (*Schultz v. Schultz – Fresno County Superior Court, Case Number 0220443 Court: Family Law*), her attempts to mislead the court, and her willingness to coerce false testimony of a minor child (subornation of perjury, minor child was daughter Susan) in the hope of getting her then-husband arrested on false charges of sexual assault of his daughter. It is this factual personal history between mother and daughter which Defendants explored during deposition as foundation and to establish history of Plaintiffs' habits.

Defendants' deposition of Linda Cole during discovery is allowed to be intentionally broad and far-reaching as long as content is relevant. Since Linda Cole is the primary adversarial party, Defendants are also allowed, under ER 611(b) and 611(c), to question Plaintiff in the style of cross-examination, and to examine almost anything that exposes Plaintiffs long history of contempt of court and malicious conduct. The Court should deny their motion.

_____ Granted _____ Denied _____ Reserved

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

## III.    CONCLUSION

Plaintiffs' Motion in Limine lacks merit. Defendants request the Court deny Plaintiffs' motion in its entirety. Plaintiffs' procedural deficiencies and failure to adequately prosecute their case by failing to subpoena so-called 'witnesses' further weaken their claims. The Court should exclude Plaintiffs' undisclosed witnesses and allow Defendants' evidence.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

1  I certify under penalty of perjury under the laws of the state of Washington that the foregoing is

2  true and correct.

3

4              DATED this 2ⁿᵈ day of January, 2025, at Spokane, WA.

5

6                    */s/ Eric R. Young and Susan L. Young*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22  DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN
    LIMINE
    PAGE **12** OF **13**

                                    ERIC AND SUSAN YOUNG, PRO SE
                                    12402 N Division St #167
                                    Spokane, WA 99218
23                                  PHONE (936-463-8411)
                                    eyoung-encrypt@pm.me
                                    jaegersmum@proton.me

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| Matt Mensik | [ ]U.S. Mail |
|---|---|
| Riverside NW Law Group | [ ]Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [ ]Facsimile |
| Spokane, WA 99201 | [ X ]E-Mail |
| mam@rnwlg.com | [ ]Legal Messenger |

*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN LIMINE
PAGE **13** OF **13**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

LINDA COLE and TED COLE,

                         Plaintiffs,

        vs.

ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG,

                        Defendants.

Case No. 23-2-04734-32

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN SUPPORT OF SUBPOENA TO COMPEL PLAINTIFF LINDA COLE'S IN-PERSON ATTENDANCE AT TRIAL

       Plaintiffs oppose, and object to, Defendants' Motion in Support of Subpoena to Compel Plaintiff Linda Cole's In-Person Attendance at Trial. Defendants either ignore, or are ignorant to, the fact that subpoenas are not used to compel trial attendance of named parties. A Washington Civil Rule 43(f)(1) notice is the correct mechanism to compel a party's attendance. Defendants failed to serve such notice on Plaintiffs' counsel. Further, even if a motion for a subpoena was proper, the motion was not properly noted (no note for hearing was served with the motion). Plaintiffs respectfully request the court to deny Defendants' motion.

       Finally, the motion is moot because Plaintiff Linda Cole will attend trial.

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION IN SUPPORT OF SUBPOENA TO COMPEL
PLAINTIFF LINDA COLE'S IN-PERSON
ATTENDANCE AT TRIAL - 1



Riverside NW Law Group, PLLC
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

Dated January 2, 2024.             RIVERSIDE NW LAW GROUP, PLLC

BY: /s/ Matthew S. Mensik
Mathew A. Mensik, WSBA 44260
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
Telephone: (206) 949-3540
Email: mam@rnwlg.com

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION IN SUPPORT OF SUBPOENA TO COMPEL
PLAINTIFF LINDA COLE'S IN-PERSON
ATTENDANCE AT TRIAL - 2



## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the following individuals in the manner indicated:

| | |
|---|---|
| Eric and Susanann Young<br>12402 N. Divisions St, PMB #167<br>Spokane, WA 99218<br><br>Pro Se Defendants | ☐ Personal Service<br>☐ First Class Mail<br>☐ Certified Mail<br>☑ E-mail<br>Eyoung-encrypt@pm.me<br>jaegersmum@proton.me |

Dated this 2nd day of January, 2024.

*Matthew Mensik*
_____
Matthew A. Mensik

PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION IN SUPPORT OF SUBPOENA TO COMPEL
PLAINTIFF LINDA COLE'S IN-PERSON
ATTENDANCE AT TRIAL - 3



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

LINDA COLE and TED COLE,

                    Plaintiffs,

vs.

ERIC ROSS YOUNG and SUSANANN
LYNETTE YOUNG,

                    Defendants.

Case No. 23-2-04734-32

**PLAINTIFFS' TRIAL BRIEF**

## I.      INTRODUCTION

      Plaintiffs, by and through their attorneys of record, hereby submit the following trial brief. The Court is holding a bench trial in this matter on January 13, 2025.

      In October of 2023, Defendants Eric & Susanann Young ("Defendants") obtained $362,012.66 from Defendant Susanann Young's elderly parents, Plaintiffs Linda & Ted Cole ("Plaintiffs") (80 & 81 years of age, respectively), through fraud and conversion. Within a few weeks of Defendants' conduct, Plaintiffs filed suit, asserting causes of action for fraud, conversion, and a claim for injunctive relief to stop the Defendants from using Plaintiffs' monies to purchase a house for the Defendants located at 1004 E. Golden Ct., Spokane, Washington

PLAINTIFFS' TRIAL BRIEF - 1

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

("House"). The Court already granted a temporary restraining order and a preliminary injunction freezing the Plaintiffs' monies in Defendants' possession and halting the sale of the House.

The current status of the $362,012.66 is as follows: (1) in violation of a Court order, Defendants returned $119,698.04 directly to the Plaintiffs on or about February 14, 2024 (after admitting the money belonged to the Plaintiffs); (2) $24,000 currently sits in trust with the law firm of Paine Hamblen (the former law firm of Plaintiffs' prior counsel, Michael Merritt); (3) in violation of a Court order, the Defendants spent $82,799.20 to purchase an RV (which is stored at Secure It storage facility); and (4) approximately $135,515.42 remains missing, and was spent by Defendants.

At the conclusion of trial, Plaintiffs seek (1) the release to Plaintiffs of the $24,000 held in trust with Paine Hamblen; (2) release to the Plaintiffs of the motor home, purchased for $82,799.20; (3) a judgment in the amount of $135,515.42, which constitutes the difference between the $362,012.66 fraudulently obtained and the money and the unaccounted for funds. Plaintiffs also seek prejudgment interest on the monies taken from them since October 16, 2023, as well as post judgment interest.

## II.    EVIDENCE TO BE PRESENTED AT TRIAL

This is a story about two scheming individuals — the Defendants — ingratiating themselves with elderly parents (Plaintiffs) after years of estrangement, and then concocting and carrying out a plan to take possession of a large portion of Plaintiffs' remaining monies for their own benefit. This case will be presented to the Court in three acts.

**A.    Act 1 - The Defendants' Poor Financial State And Defendants' Reappearance in Plaintiffs' Lives.**

Plaintiffs and Defendants have had a somewhat rocky relationship over the years. Defendant Susanann Young is Plaintiff Linda Cole's only daughter (and the stepdaughter of

PLAINTIFFS' TRIAL BRIEF - 2

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-80037-FPC    Doc 17-5    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 49 of 111

Plaintiff Ted Cole).  In 2017, Plaintiffs and Defendants had a falling out.  Plaintiffs left Texas, where they lived near Defendants, and moved to Baker City, Oregon.

In 2020, Defendants were experiencing financial difficulties, and Plaintiff Ted Cole had recently inherited a substantial amount of money from his mother. After years of estrangement, Defendants reengaged Plaintiffs, and eventually asked Plaintiffs (via text) to pay off Defendants $219k mortgage on their home in Texas.  Plaintiffs declined to do so (according to text from Susanann, Defendants sold their home in Texas for no profit).  Defendants asked for other money from Plaintiffs.

Defendants eventually moved closer to Plaintiffs (Spokane, Washington, from Texas) and began ingratiating themselves with Plaintiffs.  Defendants did not own a home in Spokane and have been renting ever since.  Defendants visited Plaintiffs in Baker City.  Eventually Defendant Eric Young attempted to take over direction of the remodel of Plaintiffs' Baker City home, in what can only be described as an effort to transform Plaintiffs home into a home for the Defendants (with the use of Plaintiffs' funds), or to prepare the home for sale (which as the evidence will show at trial, ultimately would benefit the Defendants).

The remodel efforts came to a halt due in part to Eric Young's alienation of relationships with various contractors.  And Defendants could not purchase a home.  A review of their financial accounts and credit history reveal that Defendants did not have the means to purchase a home, and, although in their 50s, Defendants had / have almost not retirement to speak of.  But Plaintiffs did have the financial means to purchase a home.  Defendants' scheme was born.

**B.    Act 2 - The Defendants' Scheme To Defraud Plaintiffs Out of $362,052.66 Through A "Bate-and-Switch" On the House.**

Defendants then began selling the Plaintiffs on the idea of purchasing a home in Spokane, Washington, where both families could live together (Plaintiffs and Defendants, with Defendants'

R|NW  **Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

son / Plaintiffs' only grandson). According to the Defendants, the co-habitation agreement would benefit the elderly Plaintiffs.

Defendants found the Home in October of 2023, and fraudulently induced Plaintiffs to put up the down payment for the Home (roughly $160,000) based upon the representation that (1) Plaintiffs would be listed as owners / purchasers of the Home on the title, and (2) Plaintiffs would be borrowers on the Home's mortgage. Through fraud and deceit, Defendants, working directly with Plaintiffs' bank (Old West Federal Credit Union) had Plaintiffs unwittingly carry out two wire transfers from their own bank accounts ($242,334.62 and $119,718.04) directly into Defendants' bank accounts on October 16, 2023 (instead of transfers into Plaintiffs' Chase Bank account as Plaintiffs intended).

Once Plaintiffs became aware through their own independent investigation that they were not actually co-borrowers and wouldn't be on the deed, and that their money had been wired directly into Defendants' bank account, they informed the Defendants that they wanted out of the deal and their money returned. The Defendants refused to stop the real estate transaction and refused to return the money. Plaintiffs went to the police and sought legal assistance, including filing the current lawsuit.

**C.    Act 3 - The Defendants' Efforts to Intimidate Witnesses, Complete Disregard for the Court's Orders, and Spending Down of Plaintiffs' Monies.**

The Court will hear evidence of the Defendants' attempt to intimidate the Plaintiffs, as well as other witnesses, after the lawsuit was filed. The Court will also be provided with evidence of the Defendants' disregard of the Court's orders (Defendants' attempts to continue with steps to purchase the House after the Court entered a November 8, 2023 Temporary Restraining Order staying the sale of the Home), and spending Plaintiffs' monies after the Court entered the TRO and a February 2, 2024, Preliminary Restraining Order freezing the expenditure of Plaintiffs'

**R|NW**    Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

monies (including purchasing the RV on February 14, 2024 for $82,799.20). Further, the Court ordered the incarceration of Defendant Eric Young and the sanction of Defendants for "intransigence" for repeatedly violating the Court's orders (including failure to provide Plaintiffs' monies to Plaintiffs' counsel or provide an accurate accounting).

### III. AUTHORITY AND ARGUMENT

**A. Fraud Claim - Defendants' fraudulently induced the Plaintiff into transferring $362,052.66 to the Defendants.**

In order to prevail on a claim for fraud, Plaintiffs' must prove each of the nine elements of fraud by clear, cogent, and convincing evidence. *Brown v. Underwriters at Lloyd's*, Wn. 2d 142, 332 P.2d 228 (1958). The nine elements of fraud are: "(1) a representation of an existing fact; (2) its materiality; (2) its falsity; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person to whom it is made; (6) ignorance of its falsity on the part of the person to whom it is made; (7) the latter's reliance on the truth of the representation; (8) his right to rely upon it; (9) his consequent damages." *Baertschi v. Jordan*, 68 Wash. 2d 478, 482, 413 P.2d 657, 660 (1966). The absence of any element is fatal to recovery. *Puget Sound National Bank v. McMahon*, 53 Wn. 2d 51, 331P.2d 559 (1958).

Regarding Defendants fraudulent statements, a reasonable person would "clearly attach importance to the existence of these representations in connections with his decision to enter into the transaction." *Martin v. Miller*, 24 Wash. App. 306, 309, 600 P.2d 698, 701 (1979). The Plaintiffs had no prior knowledge or experience in a third party facilitating a real estate transaction on their behalf, but instead relied upon the representations made by the Youngs. This reliance was reasonable and justifiable in light of the Defendants' representations that they were handling the transaction and had superior knowledge of complex real estate and financial transactions. *See Boonstra v. Stevens-Norton, Inc.*, 64 Wn. 2d 621, 626, 393 P.2d 287 (1964).

**R | N W**  Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

The evidence supports this Court's finding that the Defendants' made false representations with the intention and reasonable expectation that Plaintiffs would take action in reliance upon them. As a result of the Defendants' misrepresentation, Plaintiffs suffered enormous financial damages and put the Plaintiffs' retirement and savings in severe jeopardy.

**B. Conversion Claim - Defendants are liable to the Plaintiffs for Conversion for obtaining the Plaintiffs' funds through deceptive means and refusing to return the funds to the Plaintiffs.**

A claim of conversion has three elements: "(1) willful interference with chattel belonging to the plaintiff, (2) by either taking or unlawful retention, and (3) thereby depriving the owner of possession." *Burton v. City of Spokane,* 16 Wn.App.2d 769, 773, 482 P.3d 968 (2021) (citing *Judkins v. Sadler-Mac Neil,* 61 Wn.2d 1, 3, 376 P.2d 837 (1962). "Wrongful intent is not an element of conversion" and "good faith is not a defense" to conversion. *Id.* (quoting *Brown ex rel. Richards v. Brown,* 157 Wn. App. 803, 818, 239 P.3d 602 (2010). Money itself can be converted, if the money was wrongfully received by the defendant or if the defendant "had an obligation to return the money." *Brown,* 157 Wn. App. at 818.

Defendants unlawfully converted and obtained the $362,052.66 through the fraudulent transfer of funds. Defendants wrongfully received Plaintiffs' money and Defendants had an obligation to return the money, which Defendants have not done (except for the return of $119,000), electing instead to spend it on an RV and $135,000 on various other expenditures.

//

Dated January 2, 2024.

RIVERSIDE NW LAW GROUP, PLLC

BY: */s/ Matthew S. Mensik*
Mathew A. Mensik, WSBA 44260
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
Telephone: (206) 949-3540
Email: mam@rnwlg.com

PLAINTIFFS' TRIAL BRIEF - 6

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the following individuals in the manner indicated:

| | |
|---|---|
| Eric and Susanann Young<br>12402 N. Divisions St, PMB #167<br>Spokane, WA 99218<br><br>Pro Se Defendants | ☐ Personal Service<br>☐ First Class Mail<br>☐ Certified Mail<br>☑ E-mail<br><u>Eyoung-encrypt@pm.me</u><br><u>jaegersmum@proton.me</u> |

Dated this 2nd day of January, 2025.

*Matthew Mensik*
Matthew A. Mensik

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

**SUPERIOR COURT OF WASHINGTON
IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| Linda Cole and Ted Cole, Plaintiffs | No. 23-2-04734-32 |
| v. | **DEFENDANTS' MOTIONS IN LIMINE** |
| Eric Young and Susan Young, Defendants. | |

Defendants submit the following motions in limine pursuant to the Court's Amended Scheduling Order and oral direction during pre-trial conference proceedings of January 3rd, 2025.

## I.     INTRODUCTION

COMES NOW Defendants, by and through counsel, and respectfully move this Court, pursuant to Washington Rules of Evidence (ER), Washington Superior Court Civil Rules (CR), and Spokane County Local Civil Rules, for an order in limine excluding or strictly limiting certain categories of evidence Plaintiffs intend to offer at trial.

In this action, Plaintiffs have alleged fraud and conversion relating to wire transfers and a family arrangement over real estate. Throughout discovery, however, Plaintiffs have disclosed numerous exhibits and documents that are wholly or partially irrelevant, prejudicial, speculative, or otherwise inadmissible under Washington law. Unless carefully scrutinized and excluded or

DEFENDANTS' MOTIONS IN LIMINE
PAGE **1** OF **10**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

limited, these materials would pose a significant risk of confusing the issues, wasting judicial resources, and unfairly prejudicing the jury.

Accordingly, Defendants respectfully request that the Court **exclude or limit** the following categories of evidence:

## II. PLAINTIFFS' PROPOSED EVIDENCE AT ISSUE

1. **A 2016 Loan Agreement and Repayment Documents**
   - Plaintiffs propose introducing evidence of a personal loan from Linda to Eric in 2016—years before the 2023 transactions at issue—and its eventual repayment.

2. **Checks from Linda to Eric or to Others**
   - (a) A check from Linda Cole for her grandson's tuition,
   - (b) A check labeled "lost wages" from Linda to Eric.

3. **Signed Wire Transfer Requests**
   - Plaintiffs have produced certain wire transfer request forms pertaining to Old West Federal Credit Union (OWFCU).

4. **Signed and Notarized OWFCU Indemnification / Hold Harmless Agreements**

5. **Eric's Mortgage Loan Paperwork**
   - Includes Eric's mortgage application details, underwriting documents, and possibly private financial information.

6. **Old Texts Indicating Susan and Eric's Alleged Financial Worries**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

- This includes references to job loss, mortgage struggles, and other past financial hardships.

7. **Texts Post-Lawsuit Allegedly Warning Linda About the Trial**

8. **Defendants' Bank Statements** (Aug 2023–Mar 2024)

9. **Miscellaneous Purchase Receipts**

   - Plaintiffs claim these receipts show items supposedly "stolen" by Defendants.

10. **AKC Dog Registration Paperwork**

- Plaintiffs allege ownership of a dog they claim was "stolen" or retained by Defendants, though a recording (Oct 21) suggests Plaintiffs abandoned it.

11. **Attorney Emails to Real Estate Broker**

- An email sent by Plaintiffs' initial counsel to the broker, containing allegedly "prejudicial and conclusory" language (e.g., "we intend to file legal action…").

12. **Purchase Agreement for the 1004 E. Golden Ct. House**

- Draft or final contract for the family arrangement.

13. **Texts Between Eric and a Non-Party Witness** on an unrelated ecclesiastical matter, allegedly tangentially connected to Plaintiffs.

14. **Emails to/From/Among Individuals Involved with the Home Purchase** (title company, broker, Eric, etc.)

15. **All Prior Court Hearing Transcripts**

- Plaintiffs intend to introduce full transcripts of interim court proceedings.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

16. **Texts Between Susan and a Non-Party Witness** on unrelated ecclesiastical or personal issues.

17. **A Quicken Loans "Gift Letter"** (digitally signed on an iPad) and Mortgage Loan Application Packages from Multiple Lenders

- Plaintiffs assert that the "gift letter" from Quicken/Rocket Mortgage would not apply to a different lender.

18. **Bank Statements from the Wire Transfer Source Account**

- Possibly duplicative or overbroad.

19. **Several Prior Court Orders**



## III. LEGAL STANDARD

Washington law requires that all relevant evidence is admissible unless otherwise barred by rule or statute, and evidence which is not relevant is not admissible.

- **ER 401** defines relevance as evidence "having any tendency to make the existence of any fact … more probable or less probable than it would be without the evidence."

- **ER 402** provides that irrelevant evidence is inadmissible.

- Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. ER 403.

- **ER 404(b)** restricts using prior acts or unrelated transactions as evidence of character or propensity to commit the act in question.

- **ER 901** requires proper authentication for exhibits.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

- **ER 802** generally excludes hearsay unless an exception applies.

In Spokane County Superior Court, motions in limine serve to streamline trial by

identifying potentially inadmissible evidence in advance, consistent with the Court's discretion

to manage the presentation of evidence. See e.g., *State v. Neslund*, 50 Wn. App. 531, 539, 749

P.2d 725 (1988); see also Spokane County Local Civil Rule ("LCR") references regarding

evidentiary submissions and trial management.

### IV. ARGUMENT & REQUESTED LIMITATIONS

**A. Evidence of Unrelated or Remote Transactions**

**(1) 2016 Loan Agreement and Repayment Documents,**

**(2) Checks to Grandson or "Lost Wages."**

These checks and loan agreements, dating back years before the alleged 2023

fraud/conversion, have at best marginal relevance. They do not prove or disprove whether Linda

Cole consented to the wire transfers at issue. Plaintiffs presumably seek to portray Defendants as

chronically dependent on Linda's funds, thus implying motive or propensity. Such character-

based inferences are **impermissible** under ER 404(b). Furthermore, any minimal probative value

is substantially outweighed by confusion and prejudice (ER 403). See *State v. Foxhoven*, 161

Wn.2d 168, 175–76, 163 P.3d 786 (2007) (requiring a nexus between prior acts and current

allegations, not mere propensity).

**Defendants request** that the Court exclude references to these older transactions or, at

minimum, require Plaintiffs to establish a direct and material connection to the 2023 dispute.

DEFENDANTS' MOTIONS IN LIMINE
PAGE **5** OF **10**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

**B. Wire Transfer Requests & Bank Records**

While the fact of wire transfers may be relevant, Plaintiffs intend to introduce a large volume of bank statements (Aug 2023–Mar 2024) and wire-transfer forms. Defendants do not object to **limited** evidence showing the **actual** October 2023 wire transactions; however:

- **Overbreadth (ER 401, 403)**: Months of personal banking data irrelevant to the alleged transactions create a risk of prejudice and confusion.

- **Authentication (ER 901)**: Plaintiffs must present a competent witness (e.g., OWFCU rep) who can authenticate the forms and explain their context. *See State v. Payne*, 117 Wn. App. 99, 104, 69 P.3d 889 (2003).

**Defendants request** that the Court exclude or limit these documents to relevant dates and relevant transactions only, with redactions of immaterial items.

**C. Signed and Notarized OWFCU Indemnification / Hold Harmless Agreements**

These agreements typically protect a financial institution from liability. Their existence does not inherently prove or disprove that Defendants defrauded Plaintiffs. Allowing them in without foundation risks confusion and unfair inference. *See ER 403*.

**Defendants request** the Court exclude or limit these documents unless Plaintiffs can show a compelling relevance.

**D. Eric's Mortgage Loan Paperwork**

The specifics of Eric's mortgage application(s), including credit scores and personal finances, have scant probative value for Plaintiffs' allegations. Moreover, disclosure raises

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

privacy and prejudice concerns. See *State v. Coe*, 101 Wn.2d 364, 679 P.2d 353 (1984) (courts may protect private information absent strong relevance).

**Defendants request** the Court exclude or tightly limit such evidence to avoid a "fishing expedition" into Eric's finances.

### E. Old Texts and Emails About Financial Worries, the trial, or Ecclesiastical Matters

1. Several-year-old texts about alleged job losses or mortgage struggles.

2. Post-lawsuit texts referencing attorneys and potential trial outcomes.

3. Emails among church congregants or non-party witnesses unrelated to the alleged wire transfers.

These communications are remote in time or wholly irrelevant. Plaintiffs appear to use them only to show motive/propensity (ER 404(b)) or to stir prejudice by highlighting personal or religious matters. The minimal probative value is far outweighed by confusion or prejudice (ER 403). See also *State v. Gregory*, 158 Wn.2d 759, 834–35, 147 P.3d 1201 (2006).

**Defendants request** the Court exclude these communications as irrelevant, prejudicial, and/or impermissible hearsay.

### F. Miscellaneous "Stolen Property" Evidence

1. Purchase receipts for items Plaintiffs claim Defendants stole.

2. AKC dog registration purporting to show Plaintiffs own a dog allegedly "retained" or "abandoned."

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

1      Such allegations do not form part of the core wire-transfer dispute, and an October 21

2   recording apparently contradicts the dog theft claim. Absent proof of foundation or a link to the

3   alleged fraud/conversion of funds, these exhibits are irrelevant (ER 401) or dangerously

4   misleading (ER 403).

5      **Defendants request** exclusion of these items unless Plaintiffs can lay a clear foundation

6   that they pertain to the alleged wrongdoing in this case.

7      **G. Attorney Emails to Real Estate Broker and Title Company**

8      An email from Plaintiffs' attorney to a broker, stating "we intend to file a legal action," is

9   not evidence of actual wrongdoing. Such statements are often inadmissible hearsay, lacking any

10  foundation. *See McKee v. Am. Home Prod. Corp.*, 113 Wn.2d 701, 706, 782 P.2d 1045 (1989).

11  The attorney's argument or opinion is not a fact in dispute.

12     **Defendants request** exclusion of these prejudicial emails or, at minimum, redaction of

13  conclusory statements.

14     **H. Purchase Agreement for the 1004 E. Golden Ct. Property**

15     A properly authenticated purchase agreement may be relevant to show the contractual

16  arrangement. However, prior drafts or negotiations, or unrelated clauses, could confuse the

17  issues. Plaintiffs should be permitted to introduce only those portions that address the specific

18  facts at issue (e.g., buyer's identity, down payment terms).

19     **I. Prior Court Hearing Transcripts and Orders**

20     Complete transcripts or prior interim orders can mislead the jury regarding the judge's

21  preliminary observations or rulings. Courts often exclude prior judicial statements as hearsay or

    ERIC AND SUSAN YOUNG, PRO SE
    12402 N Division St #167
    Spokane, WA 99218
    PHONE (936-463-8411)
    eyoung-encrypt@pm.me
    jaegersmum@proton.me

23

as potentially confusing. *In re Estate of Toland*, 180 Wn.2d 836, 849, 329 P.3d 878 (2014). Plaintiffs must identify exactly which segments—if any—are relevant to the ultimate fact questions at trial.

## II.   CONCLUSION

For the reasons stated, Defendants respectfully request that this Court:

1. **Exclude or strictly limit** the categories of evidence described above;

2. **Require** Plaintiffs to lay proper foundations and make an offer of proof **outside the jury's presence** before referring to such evidence; and

3. **Grant such other relief** as this Court deems just and appropriate.

DEFENDANTS' MOTIONS IN LIMINE
PAGE **9** OF **10**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

### III.  CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date

below as follows:

| | |
|---|---|
| Matt Mensik | [   ]U.S. Mail |
| Riverside NW Law Group | [   ]Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [   ]Facsimile |
| Spokane, WA 99201 | [ X ]E-Mail |
| mam@rnwlg.com | [   ]Legal Messenger |

I certify under penalty of percourt under the laws of the state of Washington that the

foregoing is true and correct.  DATED this 9th day of October, 2024, at Spokane, WA.

/s/ Eric R. Young and Susan L. Young
ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

DEFENDANTS' MOTIONS IN LIMINE
PAGE **10** OF **10**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

**SUPERIOR COURT OF WASHINGTON**
**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| Linda Cole and Ted Cole, Plaintiffs | No. 23-2-04734-32 |
| v. | [PROPOSED] ORDER GRANTING |
| Eric Young and Susan Young, Defendants. | DEFENDANTS' MOTIONS IN LIMINE |

THIS MATTER having come before the Court on Defendants' Consolidated Motion in Limine, the Court having reviewed the pleadings and records on file, heard argument of counsel, and being fully advised in the premises, **HEREBY ORDERS**:

1. **Exclusion/Limitation of Certain Evidence**

   o The categories of evidence set forth in Defendants' Motion in Limine are **excluded** or **limited** under the conditions described below.

   o Plaintiffs shall not refer to, comment upon, or attempt to introduce such evidence in the presence of the jury without first making an offer of proof outside the jury's hearing and obtaining the Court's specific permission.

2. **Specific Rulings** (if applicable):

   o [**Ex 1 (2016 Loan Agreement, Repayment Documents)**: Excluded as irrelevant or prejudicial under ER 401, 403, 404(b).]

ERIC AND SUSAN YOUNG
PRO SE LITIGANTS
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

1       o   [**Checks re: Tuition / Lost Wages**: Excluded or limited for same reasons, lacking

2           probative value re: 2023 dispute.]

3       o   [**Wire Transfer Requests & Bank Statements**: Admissible only if properly

4           authenticated and narrowed to relevant dates/transactions.]

5       o   [**Indemnification/Hold Harmless Agreements**: Excluded unless Plaintiffs

6           establish a clear foundation of relevance.]

7       o   [**Mortgage Paperwork**: Limited to essential pages relevant to the allegations;

8           personal/financial data shall be redacted unless deemed vital to the case.]

9       o   [**Texts/Emails re: Past Financial Worries**: Excluded as improper character

10      evidence under ER 404(b).]

11     o   [**Miscellaneous Alleged Stolen Property/ Dog Ownership**: Excluded or limited

12      unless Plaintiffs show direct relevance to the 2023 wire dispute.]

13     o   [**Attorney Email to Broker**: Excluded as hearsay and attorney argument, not

14      evidence of wrongdoing.]

15     o   [**Purchase Agreement**: Only relevant portions admitted, subject to foundation.]

16     o   [**Prior Court Hearing Transcripts/Orders**: Excluded absent specific relevance;

17      no mention without prior Court approval.]

ERIC AND SUSAN YOUNG
PRO SE LITIGANTS
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

3.  **Additional Provisions**

   o   The Court reserves the right to revisit these rulings at trial if, upon a proper offer
       of proof, Plaintiffs show a legitimate evidentiary basis for admission under the
       Washington Rules of Evidence.

IT IS SO ORDERED.


DATED this 6th day of January, 2025, at Spokane, Washington.




_____

THE HONORABLE JACQUELYN HIGH-EDWARD

Superior Court Judge




Presented By:

ERIC AND SUSAN YOUNG
PRO SE LITIGANTS
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

[PROPOSED] ORDER GRANTING DEFENDANTS'
MOTIONS IN LIMINE
PAGE **3** OF **3**

ERIC AND SUSAN YOUNG
PRO SE LITIGANTS
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

FILED
1/6/2025
Timothy W Fitzgerald
Spokane County Clerk

1

2

3                  **SUPERIOR COURT OF WASHINGTON**
4                  **IN AND FOR SPOKANE COUNTY**

5

6   Linda Cole and Ted Cole, Plaintiffs          No. 23-2-04734-32

    v.                                    **DEFENDANTS' TRIAL WITNESS LIST**
7   Eric Young and Susan Young, Defendants.

8

9           Defendants identify the following individuals who may be called as witnesses at the time

10  of trial in this case

11                       **I.    LAY WITNESSES**

12       1.  Linda Cole

13       2.  Ted Cole

14       3.  Joell Severns

15       4.  Mark Severns

16       5.  Eric Young

17       6.  Susan Young

18

19

20

21

22  DEFENDANTS' TRIAL WITNESS LIST              ERIC AND SUSAN YOUNG
    PAGE **1** OF **3**                          PRO SE LITIGANTS
23                                              12402 N Division St #167
                                                Spokane, WA 99218
                                                PHONE (936-463-8411)
                                                eyoung-encrypt@pm.me
                                                jaegersmum@proton.me

1          Defendants reserve the right to call any or all witnesses identified by Plaintiffs and/or

2    called by Plaintiffs at the time of trial. Plaintiffs further reserve the right to call rebuttal

3    witnesses.

4          DATED this 6th day of January, 2025, at Spokane, WA.

5

6                        */s/   Eric R. Young and Susan L. Young*
                     ERIC AND SUSAN YOUNG

7                         PRO SE LITIGANTS

8                         12402 N Division St #167
                     Spokane, WA 99218

9                         PHONE (936-463-8411)
                     EMAIL eyoung-encrypt@pm.me

10                                   jaegersmum@proton.me

11

12

13

14

15

16

17

18

19

20

21

22   DEFENDANTS' TRIAL WITNESS LIST                 ERIC AND SUSAN YOUNG
    PAGE **2** OF **3**                                    PRO SE LITIGANTS

23                                                 12402 N Division St #167
                                              Spokane, WA 99218
                                              PHONE (936-463-8411)
                                              eyoung-encrypt@pm.me
                                              jaegersmum@proton.me

## II.    CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

Matt Mensik                                      [    ]U.S. Mail
Riverside NW Law Group                           [    ]Hand Delivery
905 W. Riverside Ave, Suite 208                  [    ]Facsimile
Spokane, WA 99201                                [ X ]E-Mail
mam@rnwlg.com                                    [    ]Legal Messenger


DATED this 6th day of January, 2025, at Spokane, WA.


/s/    *Eric R. Young and Susan L. Young*
ERIC AND SUSAN YOUNG
PRO SE LITIGANTS
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

DEFENDANTS' TRIAL WITNESS LIST
PAGE **3** OF **3**

ERIC AND SUSAN YOUNG
PRO SE LITIGANTS
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

**SUPERIOR COURT OF WASHINGTON
IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| Linda Cole and Ted Cole, Plaintiffs | No. 23-2-04734-32 |
| v. | DECLARATION OF ERIC AND SUSAN YOUNG, DEFENDANTS, IN SUPPORT OF AUTHENTICATION OF IMAGES AND SCREENSHOTS |
| Eric Young and Susan Young, Defendants. | |

## I.    INTRODUCTION

Defendants, Eric Young and Susan Young, declare under penalty of perjury under the laws of the State of Washington that the following is true and correct:

My name is Susan Young, and I am a Defendant in this case. I make this declaration based on my personal knowledge.

My name is Eric Young, and I am a Defendant in this case. I make this declaration based on my personal knowledge.

DECLARATION OF ERIC AND SUSAN YOUNG,
DEFENDANTS, IN SUPPORT OF AUTHENTICATION OF
IMAGES AND SCREENSHOTS
PAGE **1** OF **5**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

We, Susan Young and Eric Young, are the parties who either took the photographs described herein or captured the screenshots of text messages exchanged either between ourselves, or between ourselves and Plaintiffs.

**A.      Description and Authentication of Images**

**Photographs:**

a.   Attached as Exhibits [Insert Exhibit Numbers for Photos] are photographs that I personally took.

b.   Photographs provided in evidence were taken personally, captured from our Apple iPad or iPhone devices on or about the following dates: 2015-2017 and 2021-2024.

c.   Each photograph accurately and fairly depicts the scenes, objects, or events as they appeared at the time I/we took them.

d.   These photographs are unaltered (though Apple devices may automatically adjust light and exposure settings post-capture for best appearance), and we have retained them in their original form.  This aggregate catalog of evidentiary photos directly relevant to this case has surpassed 1,500 images.

**Text Message Screenshots:**

a.   Nearly all attached exhibits include screenshots of text message conversations between ourselves and/or ourselves and Plaintiffs., with the exception of most transcripts of recorded events.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

b. The majority of messages are captured from the Signal (signal.org) secure messaging application, and occasionally from the Apple iMessage platform.

c. Message storage is within Signal's secure message enclave, or Apple's iMessage platform.

d. These screenshots were personally captured from our Apple iPad or iPhone devices on or about the following dates: August 2023 to December 2024, representing messages that may span communications from approximately 2008 to 2024.

e. The text messages shown in these screenshots are true and accurate copies of the conversations that occurred between Eric and Susan and/or ourselves and Plaintiffs (most frequently between Susan Young and Linda Cole).

f. These screenshots have not been altered in any way and reflect the original communications as they appeared on our respective devices.

**B.    Method of Collection and Preservation**

We have collected and retained these photographs and screenshots in the ordinary course of our activities related to this litigation.  The exhibits have been maintained securely, and we confirm that they have not been altered, edited, or manipulated since their creation to the best of our knowledge.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

**C. Personal Knowledge**

We have personal knowledge of the photographs and text messages submitted as exhibits, and we can testify to their authenticity if required by the Court.

**D. Conclusion**

Based on the foregoing, we declare that the attached exhibits are authentic and admissible as evidence in this matter.

Executed on this 6th day of January, 2025, in Spokane, Washington.


I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.


/s/      *Eric R. Young*


I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.


/s/      *Susan L. Young*

DECLARATION OF ERIC AND SUSAN YOUNG,
DEFENDANTS, IN SUPPORT OF AUTHENTICATION OF
IMAGES AND SCREENSHOTS
PAGE **4** OF **5**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

## II.    CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

Matt Mensik                                              [    ]U.S. Mail
Riverside NW Law Group                        [    ]Hand Delivery
905 W. Riverside Ave, Suite 208            [    ]Facsimile
Spokane, WA 99201                              [ X ]E-Mail
mam@rnwlg.com                                   [    ]Legal Messenger

DATED this 6th day of January, 2025, in Spokane, Washington.

/s/    Eric R. Young and Susan L. Young
ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

DECLARATION OF ERIC AND SUSAN YOUNG,
DEFENDANTS, IN SUPPORT OF AUTHENTICATION OF
IMAGES AND SCREENSHOTS
PAGE 5 OF 5

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

**SUPERIOR COURT OF WASHINGTON
IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| Linda Cole and Ted Cole, Plaintiffs | No. 23-2-04734-32 |
| v. | **DEFENDANTS' TRIAL EXHIBIT LIST AND EXHIBIT 1 – DECLARATION OF AUTHENTICITY OF ALL EVIDENCE** |
| Eric Young and Susan Young, Defendants. | |

Defendants identify the following documents which may be used as exhibits at trial, with these

notes:

- Amends an earlier ER 904 exhibit list to remove exhibits which did not need to be split into 20-page versions as Defendants first thought was required (reducing list by 33 entries)

- Corrects missing audio / video entry on the list for which the transcript was previously listed; these audio / video files had:

    o already been shared with Plaintiffs (D-25)

    o Plaintiffs were the provider of one of the files (D-23, 25 days late, provided to Defendants on 12/3/2024), and

    o Plaintiffs had previously acquired their own copy of the police video in May, 2024 (D-95)

DEFENDANTS' TRIAL EXHIBIT LIST AND EXHIBIT 1 –
DECLARATION OF AUTHENTICITY OF ALL EVIDENCE
PAGE **1** OF **13**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

Therefore, none of these updates are prejudicial to Plaintiffs

- Provides necessary additional messages (D-106) as context for text messages cited in Plaintiffs' exhibit list, which context Plaintiffs' counsel failed to provide. Plaintiffs cherry-picked selection demonstrates their continued desperate attempts to manipulate the court and prejudice the defense through suppression of evidence and obstruction of justice

- Corrects an error of formatting in a prior exhibit submission of 381 pages of curated, directly relevant images - of documents, text messages, and photos - supplied to Plaintiffs in September, 2024 as responses to interrogatories and requests for production during discovery; these images are now displayed simply as individual images; there is no change to the images or their order of appearance (in the ER 904 list)

- These corrections of simple formatting errors address the majority of Plaintiffs concerns with Defendants prior submissions as outlined in their objection

- Attached as Exhibit 1 to this document is a sworn declaration of authenticity of these and all other photos, documents, images, and other evidence being offered to the court by Defendants

| Exhibit No. | Description | Stipulated as to Admissibility |
|---|---|---|
| D-1 | Ex-D-1-accusers-police-all-smiles-color Smiling/Laughing False Witnesses | |
| EX001 | Smiling/Laughing False Witnesses - exhibit in Deposition of Linda Cole | |
| EX002 | EX002 DECLARATION LINDA COLE | |

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

| Exhibit No. | Description | Stipulated as to Admissibility |
|---|---|---|
| EX003 | Wire Form - exhibit in Deposition of Linda Cole | |
| EX004 | Sold TX House - exhibit in Deposition of Linda Cole | |
| EX005 | brain fog - exhibit in Deposition of Linda Cole | |
| EX006 | Linda directed guns be gathered - exhibit in Deposition of Linda Cole | |
| EX007 | BCPD Police Video Transcript - exhibit in Deposition of Linda Cole | |
| EX008 | DECLARATION MATTHEW ANDERSON - exhibit in Deposition of Linda Cole | |
| EX009 | EX009 SUPPLEMENTAL DECLARATION - LINDA COLE | |
| EX010 | New Storage In Spokane - exhibit in Deposition of Linda Cole | |
| EX011 | Verify phone num - exhibit in Deposition of Linda Cole | |
| EX012 | Living Room w-Furniture and without - exhibit in Deposition of Linda Cole | |
| EX013 | Red Light ticket - RV - exhibit in Deposition of Linda Cole | |
| EX014 | Contact lenses - exhibit in Deposition of Linda Cole | |
| EX015 | City hall contractor - exhibit in Deposition of Linda Cole | |
| EX016 | Inspector-replace decking - exhibit in Deposition of Linda Cole | |
| EX017 | Nick Lien - no license - exhibit in Deposition of Linda Cole | |
| EX018 | Remodel - Engineering - exhibit in Deposition of Linda Cole | |
| D-22 | Ex-D-22-Transcr-DFND-OCT20-TRXSCR-LINDA-FAM-CHAT-1-SPOKANE | |

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

| Exhibit No. | Description | Stipulated as to Admissibility |
|---|---|---|
| | Audio transcript - family conversation - Linda still semi-normal | |
| D-23 | Flash drive containing audio recording of October 20, 2023, conversation between Plaintiffs and Defendants at Defendants' home in Spokane, WA. Transcript of recording provided as Exhibit 22 | |
| D-24 | Ex-D-24-Transcr-DFND-OCT21-TRXSCR-LINDA-FAM-CHAT-2<br>Audio transcript - family conversation - Linda claims 'Ted didn't want to leave, I made him leave…' | |
| D-25 | Flash drive containing audio recording of October 20, 2023, conversation between Plaintiffs and Defendants at Defendants' home in Spokane, WA. Transcript of recording provided as Exhibit 24 | |
| D-26 | Deposition - Ted Cole | |
| D-29 | Ex-D-29-DFND-DISCOV-Combined-Evidence-Repository Text messages and images - full 381 page repository | |
| D-67 | Ex-D-67-Dog-Part1-AKC-Reunit-Bill-Sale Text messages and images - portion of 381 page repository | |
| D-68 | Ex-D-67-Dog-Part2-AKC-Reunit-Denied Text messages and images - portion of 381 page repository | |
| D-69 | Ex-D-69-DISCOV-Plaintiff-Responses to DFNDS-Second ROGs-RFP | |
| D-71 | Ex-D-71-7.21.2017-Texas-Linda-Leaving Text messages and images | |
| D-79 | Ex-D-79-DISCOV-AmendResp 2024-11-05-Defendants' First ROGs | |
| D-94 | Ex-D-94-TRSCR-Cole vs Young Police Intake 11-06-2023_full BCPD Police Video Transcript | |
| D-95 | Flash drive containing Baker City Police Dept. (BCPD) Video Recording of November 6, 2023  interview by officer Essex of Plaintiffs and associate Joell Severns. Transcript of recording provided as Exhibit 94 and as Exhibit EX007 to Deposition to Linda Cole | |

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

| Exhibit No. | Description | Stipulated as to Admissibility |
|---|---|---|
| D-97 | Ex-D-97-BCPD Docs-VideoReq BCPD evidence request documentation | |
| D-105 | Ex-D-105-BrainFog Text messages and images | |
| D-106 | Ex-D-106-OCT 30 TEXTS-w-CONTEXT | |
| D-119 | Ex-D-119-DISCOV-Plaintiffs Respons to DFNDs First Set of RFAs | |
| D-132 | Deposition-79559 Linda Cole 11-06-2024_full_ex - Copy | |
| D-144 | Freeze of Linda and Ted's Credit Reports at their request - part 1 | |
| D-145 | Freeze of Linda and Ted's Credit Reports at their request - part 2 | |
| D-170 | Ex-D-170-Remodel-re-Nick | |
| D-175 | Ex-D-175-Remodel-RandyDemaris-Other-1-of-3 | |
| D-176 | Ex-D-176-Remodel-RandyDemaris-Other-2-of-3 | |
| D-177 | Ex-D-177-Remodel-RandyDemaris-Other-3-of-3 | |
| D-190 | Ex-D-190-Rush;  various examples of Linda being 'in a rush' | |
| D-205 | Ex-D-205-FannieMae-Gift-Funds-Requirements | |

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

1  Defendants reserve the right to use exhibits identified by the Plaintiffs, and to identify and utilize

2  rebuttal exhibits at the time of trial.

3

4  DATED this 6th day of January, 2025, at Spokane, WA.

5

6  _/s/   Eric R. Young and Susan L. Young_
   ERIC AND SUSAN YOUNG

7  PRO SE LITIGANTS

   12402 N Division St #167

8  Spokane, WA 99218

   PHONE (936-463-8411)

9  EMAIL eyoung-encrypt@pm.me

   jaegersmum@proton.me

10

DEFENDANTS' TRIAL EXHIBIT LIST AND EXHIBIT 1 –
DECLARATION OF AUTHENTICITY OF ALL EVIDENCE
PAGE **6** OF **13**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

## I. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [　] U.S. Mail |
| Riverside NW Law Group | [　] Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [　] Facsimile |
| | [ X ] E-Mail |
| Spokane, WA 99201 | [　] Legal Messenger |
| mam@rnwlg.com | |

DATED this 6th day of January, 2025, in Spokane, Washington.

/s/　　*Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

DEFENDANTS' TRIAL EXHIBIT LIST AND EXHIBIT 1 –
DECLARATION OF AUTHENTICITY OF ALL EVIDENCE
PAGE **7** OF **13**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

# – EXHIBIT 1 –

## DEFENDANTS' DOCUMENTARY EVIDENCE

## DECLARATION OF AUTHENTICITY

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

**SUPERIOR COURT OF WASHINGTON
IN AND FOR SPOKANE COUNTY**

| Linda Cole and Ted Cole, Plaintiffs | No. 23-2-04734-32 |
|---|---|
| v. | DECLARATION OF ERIC AND |
| Eric Young and Susan Young, Defendants. | SUSAN YOUNG, DEFENDANTS, IN SUPPORT OF AUTHENTICATION OF IMAGES AND SCREENSHOTS |

## I.     INTRODUCTION

Defendants, Eric Young and Susan Young, declare under penalty of perjury under the laws of the State of Washington that the following is true and correct:

My name is Susan Young, and I am a Defendant in this case. I make this declaration based on my personal knowledge.

My name is Eric Young, and I am a Defendant in this case. I make this declaration based on my personal knowledge.

We, Susan Young and Eric Young, are the parties who either took the photographs described herein or captured the screenshots of text messages exchanged either between ourselves, or between ourselves and Plaintiffs.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

**A.      Description and Authentication of Images**

**Photographs:**

a.  Attached as Exhibits [Insert Exhibit Numbers for Photos] are photographs that I
personally took.

b.  Photographs provided in evidence were taken personally, captured from our Apple iPad
or iPhone devices on or about the following dates: 2015-2017 and 2021-2024.

c.  Each photograph accurately and fairly depicts the scenes, objects, or events as they
appeared at the time I/we took them.

d.  These photographs are unaltered (though Apple devices may automatically adjust light
and exposure settings post-capture for best appearance), and we have retained them in
their original form.  This aggregate catalog of evidentiary photos directly relevant to this
case has surpassed 1,500 images.

**Text Message Screenshots:**

a.  Nearly all attached exhibits include screenshots of text message conversations between
ourselves and/or ourselves and Plaintiffs., with the exception of most transcripts of
recorded events.

b.  The majority of messages are captured from the Signal (signal.org) secure messaging
application, and occasionally from the Apple iMessage platform.

c.  Message storage is within Signal's secure message enclave, or Apple's iMessage
platform.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

d. These screenshots were personally captured from our Apple iPad or iPhone devices on or about the following dates: August 2023 to December 2024, representing messages that may span communications from approximately 2008 to 2024.

e. The text messages shown in these screenshots are true and accurate copies of the conversations that occurred between Eric and Susan and/or ourselves and Plaintiffs (most frequently between Susan Young and Linda Cole).

f. These screenshots have not been altered in any way and reflect the original communications as they appeared on our respective devices.

**B. Method of Collection and Preservation**

We have collected and retained these photographs and screenshots in the ordinary course of our activities related to this litigation. The exhibits have been maintained securely, and we confirm that they have not been altered, edited, or manipulated since their creation to the best of our knowledge.

**C. Personal Knowledge**

We have personal knowledge of the photographs and text messages submitted as exhibits, and we can testify to their authenticity if required by the Court.

DEFENDANTS' TRIAL EXHIBIT LIST AND EXHIBIT 1 –
DECLARATION OF AUTHENTICITY OF ALL EVIDENCE
PAGE **11** OF **13**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

**D. Conclusion**

Based on the foregoing, we declare that the attached exhibits are authentic and admissible as evidence in this matter.

Executed on this 6th day of January, 2025, in Spokane, Washington.

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

*/s/      Eric R. Young*

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

*/s/      Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

## II.    CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

Matt Mensik                                    [    ]U.S. Mail
Riverside NW Law Group                         [    ]Hand Delivery
905 W. Riverside Ave, Suite 208                [    ]Facsimile
Spokane, WA 99201                              [ X ]E-Mail
mam@rnwlg.com                                  [    ]Legal Messenger

DATED this 6th day of January, 2025, in Spokane, Washington.

                                    _/s/____Eric R. Young and Susan L. Young_
                                    ERIC AND SUSAN YOUNG, PRO SE
                                    12402 N Division St #167
                                    Spokane, WA 99218
                                    PHONE (936-463-8411)
                                    EMAIL eyoung-encrypt@pm.me
                                    jaegersmum@proton.me
                                    _____

DEFENDANTS' TRIAL EXHIBIT LIST AND EXHIBIT 1 –
DECLARATION OF AUTHENTICITY OF ALL EVIDENCE
PAGE **13** OF **13**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

FILED
1/8/2025
Timothy W Fitzgerald
Spokane County Clerk

1
2
3
4
5

**SUPERIOR COURT OF WASHINGTON
IN AND FOR SPOKANE COUNTY**

6

7   Linda Cole and Ted Cole, Plaintiffs

8   v.

9   Eric Young and Susan Young, Defendants.

No. 23-2-04734-32

DEFENDANTS' TRIAL BRIEF

10
11

## I.    INTRODUCTION

12

13   Defendants Eric Young and Susan Young ("Defendants") submit this pre-trial trial brief to

14   highlight the lack of admissible evidence supporting Plaintiffs' claims and establish that

15   Plaintiffs cannot satisfy their burden of proof under Washington law. Plaintiffs have not

16   deposed any third-party witnesses and have failed to subpoena any out-of-state or in-state

17   witnesses with personal knowledge supporting their claims. Instead, Plaintiffs propose to rely

18   upon unauthenticated hearsay statements and irrelevant speculation that cannot meet even

19   minimal standards of admissibility.

20   Because Plaintiffs lack competent evidence and rely entirely on inadmissible or irrelevant

21   exhibits, on Day One of trial, Defendants intend to move for dismissal or, in the alternative, a

22
23

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

directed verdict under CR 50. Plaintiffs' inability to produce any evidence of wrongdoing—beyond their own contradictory testimony—compels the Court to grant such relief.

## II.  FACTUAL BACKGROUND

Defendants have provided care and support of Plaintiffs for nearly 2 decades. The events which this case purports to relate were no different as to intent or motive than any of the several prior occasions when Defendants have provided similar care and support, including when Plaintiffs lived with Defendants for over a year in Defendants' Houston, Texas-area home, Defendants' singular residence for 16 years.

In 2023, Defendants and Plaintiffs mutually agreed on a general family plan – again following that same pattern of care and support – this time with a view to long-term elder care in support of Plaintiffs, now in their 80s. Yet Plaintiffs have mysteriously propounded such baseless vile and unfounded allegations as fraud and conversion, directly contradicted by hundreds of pages of documentary evidence presented to Plaintiffs during discovery, demonstrating that nothing of the sort has occurred.

Plaintiffs allege that Defendants fraudulently or wrongfully obtained funds under false pretenses. Yet Plaintiffs' own testimony repeatedly states that these funds were intended as a "down payment" contribution, and both financing context and federal lending policies dictate that the gift letter was both a requirement and a preclusion, making Plaintiffs' fictional tale an impossible unreality.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

Defendants also provided to Plaintiffs during discovery a 'Master Exhibit' of Plaintiffs' own statements which directly contradict their sworn testimony before this court. The catalog of these misrepresentations and contradictions has now climbed to nearly 50 instances.

These proven self-inflicted wounds to Plaintiffs case, confirmed again by Linda Cole when Defendants deposed her, have been ignored in discovery by Plaintiffs' counsel, in violation of RPC 3.3 Candor Toward the Tribunal, which includes the obligation of counsel to correct false testimony their client has proffered to the court. Neither Plaintiffs nor their counsel has attempted to correct those false statements. In fact, Plaintiffs have ignored and suppressed inconvenient truths that contradict their manufactured narrative.

In addition to Plaintiffs failure to produce any evidence to support their claims, they also took no steps during discovery to depose any third parties from relevant lending institutions, real estate offices, or credit unions allegedly involved in the disputed wire transfers. Instead, they deposed only Defendants and one other individual. Moreover, Plaintiffs never subpoenaed a single out-of-state or in-state witness who could corroborate any claim of fraud, impersonation, or diversion of funds.

Defendants' defense narrative is straightforward:

1. **All transfers were made voluntarily at Plaintiffs' direction,** with no evidence of coercion or concealment

2. **Washington law presumes transfers among close family members to be gifts**

3. **Plaintiffs' "evidence" consists solely of out-of-court statements** offered for the truth of the matter asserted, making it inadmissible hearsay that lacks any proper foundation

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

4. **Even if the Court deemed the proposed "evidence" relevant, it still fails to support Plaintiffs' causes of action** for fraud or conversion because no misrepresentation, wrongful intent, or unauthorized taking occurred

## III.      FACTUAL EXAMPLES

**A. Plaintiffs' Contradictory Statements About Wire Authorization**

1. **Plaintiffs' Own Recorded & Deposition Admissions**
    - Plaintiffs have repeatedly admitted—whether in deposition or on-record statements—that Linda Cole **instructed** the bank to release funds to "ensure the house purchase could go forward." Yet, in their Trial Brief, they now assert the exact opposite: that they never consented or were tricked into wiring $362,012.66.

2. **Bank Records and the Absence of Bank Witnesses**
    - Plaintiffs cited Old West Federal Credit Union personnel on their initial witness list but now refuse to call them at trial. If Plaintiffs truly believed these witnesses would confirm unauthorized transactions, one would expect them to testify. Plaintiffs' decision implies that testimony from bank officials would undermine their version of events, aligning with the Baker County Sheriff's Department's conclusion. Notably, after investigation, the Sherrif's Department closed Plaintiffs' incident report of wire fraud and theft as "unfounded."

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

**B. Plaintiffs' Shifting Position on Homeownership & Agreement Terms**

   1. **Initial Agreement**

      o   Plaintiffs alternately assert they were "promised" co-ownership status on the mortgage and deed, but later claim this co-ownership status is untrue. Plaintiffs recent claim is that they alone were to be the owners of the house - which they were purchasing.  Meanwhile, in statements to law enforcement they acknowledge they lacked sufficient funds to purchase the house.

   2. **Subsequent Abandonment of the Deal**

      o   Plaintiffs own recorded words of October 21, 2023, show she decided to return to Baker City because she had changed her mind - a direct contrast to her later accusations of fraud and theft.

      o   Plaintiffs stated purpose of their decision to return to Baker City was to finish the remodel of their house there.  Their abrupt about-face is consistent with a realization that after providing down payment funds, they now lacked sufficient capital to fund the estimated $350,000 to complete their remodel.

      o   Notably, it was only after Plaintiffs announced their decision to pursue their earlier remodel plans, did Plaintiffs file suit alleging 'fraud'.  Plaintiffs' failed attempts to deceive law enforcement are exceeded only by their willingness to deceive the Court through false testimony, in a scheme to claw back gifted funds. Plaintiffs desire to get her way, despite the cost to her daughter, son-in-law and innocent minor grandchild is evident from her comments.  Defendants will show

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

the Court her heartless comments, captured on police video, showing her her

saying that if her grandson was taken from his parents and made to go live with

some other family, "perhaps it would be a blessing for him."

**C. Accusations of theft of the dog**

Plaintiffs assert Defendants refused to allow them to take the dog with them when they left,

because of the position they took that Defendants had stolen their money.  Defendants will show

the Court evidence of Plaintiffs efforts to intentionally mislead the court and lying in their reply

to RFA No. 22 – provided below.   (Oct 21, 2023 audio recording of Plaintiff spitefully

abandoning the dog Defendants had gifted her.)

00:52:03 Linda:   And we know that the dog will stay here.
00:52:29 Eric:      Well, as long as we're all clear that we're not kidnapping your dog.
00:52:31 Linda:    No, you're not.
00:52:31 Ted:       [Ted chuckling…Noooo]
  Eric:     Good.
00:52:35 Eric:     I don't want to hear that from anybody.
00:52:37 Linda:    We...I've considered that she's been yours
00:52:39 Linda:   since day one.
00:52:41 Susan:   Ooohh boy…
00:52:43 Eric:     I've had enough false accusations
        - EX-D-24-TRANSCR-DFND-OCT21-TRXSCR-LINDA-FAMCHAT-2  pg 85 – 86

**VS**

**REQUEST FOR ADMISSION NO. 22**
Admit, that you, Linda, on October 21st, 2023, while departing Defendant's house in Spokane,

WA, told everyone present (3 people besides yourself) 'we know that the dog will stay here",

and Defendant Eric Young commented, 'If that's the case, just understand that's your own

DEFENDANTS' TRIAL BRIEF
PAGE **6** OF **14**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

choice. As long as we're all clear that we're not kidnapping your dog', and that you replied, 'No, you're not'.

RESPONSE

Plaintiffs object to this Request as impermissibly compound. The Request can only ask for admission of one fact per request.

Without waiving said objection, please see the following response:

**Deny**.  - DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION AND RESPONSES THERETO Page 17, lines 18-21 through pg 18, lines 1-8


# IV.        DEFENSE NARRATIVE

1. **Promissory Estoppel: The Family Agreement**

Plaintiffs expressly promised Defendants that they would gift funds to enable the purchase of a home. Defendants, relying on this promise, entered into binding contracts, incurred significant financial obligations, and altered their position to facilitate Plaintiffs' relocation. Plaintiffs' withdrawal from this agreement and attempts to claw back gifted funds after Defendants had relied upon the promise constitutes an actionable breach under Washington law.

To establish promissory estoppel, Washington courts require:

- **A clear promise:** Plaintiffs' signed gift letter and voluntary wire transfers demonstrate their unequivocal promise.

- **Reasonable reliance:** Defendants relied on the funds, entering into a purchase agreement and expending resources in furtherance of the shared family plan.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

- **Substantial change in position:** Defendants incurred significant financial obligations and made life-altering commitments based on Plaintiffs' assurances.
- **Injustice absent enforcement:** Failing to enforce the promise would allow Plaintiffs to unjustly renege on their commitment, leaving Defendants exposed to financial harm.

(*Kim v. Dean*, 133 Wn. App. 338 (2006)).

2. **Plaintiffs' Procedural Failures: No Witnesses or Substantiation**

Plaintiffs have failed to:

- Depose any witnesses during discovery, aside from Defendants, to support their claims.
- Subpoena key out-of-state witnesses, such as bank representatives, who could authenticate wire transfer records or testify to key facts.
- Subpoena any in-state witnesses to corroborate their allegations.

Without witnesses to authenticate their documents or provide relevant testimony, Plaintiffs cannot meet their burden to establish fraud or conversion.

A. **Plaintiffs' Inadmissible Evidence: Hearsay and Irrelevance**

Plaintiffs' reliance on hearsay evidence and irrelevant assertions, none of which support their claims, precludes a prima facie case:

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

- o **Hearsay Evidence:** Plaintiffs' purported evidence consists of out-of-court statements unsupported by testimony from witnesses with personal knowledge, rendering it inadmissible under ER 801-804.
- o **Irrelevant Evidence:** Plaintiffs' claims and proffered evidence fail to establish facts material to their allegations, violating ER 403

### B. Failure Of Proof and Absence of Substantive Evidence

Plaintiffs must prove every element of each claim by a preponderance of competent evidence. But Plaintiffs have identified no witnesses beyond Defendants themselves. Plaintiffs ignored the simplest method of confirming their allegations: deposing bank officials, credit union managers, or the real estate professionals who handled the relevant transactions. This omission, combined with the lack of any documentary proof that refutes the presumption of a gift, ensures Plaintiffs cannot meet their burden.

### C. Inadmissible Hearsay

Federal and state evidence rules bar admission of out-of-court statements when offered for truth, unless those statements fit an exception. *See* ER 801–802. Plaintiffs rely on transcripts, casual video recordings, and their own second-hand retellings about alleged phone calls or remarks by unnamed bank representatives—none of which meets any hearsay exception under Washington law.

### D. Irrelevant and Speculative Content

Even if Plaintiffs' exhibits avoided hearsay issues, they fail the basic requirement of

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

relevance under ER 401. None of Plaintiffs' proffered items show any fraud, wrongful taking, or promise of repayment. Washington courts exclude evidence that confuses the issues or wastes time. *See* ER 403. Plaintiffs offer precisely that: scattered speculation having no probative link to their central allegations.

E. **No Evidence to Overcome the Family-Gift Presumption**

Under *Cummings v. Anderson*, 94 Wn.2d 135, 146 (1980), Washington law presumes that a transfer of funds among family members is a gift unless clear and convincing evidence proves otherwise. *Berger v. Shapiro*, 30 Wn.2d 418 (1948), reinforces that principle. Plaintiffs' own words confirm they intended to help Defendants qualify for a home loan—acts consistent with gifting, not a loan or joint-ownership arrangement. They cite no writing obligating Defendants to repay or confer title. Plaintiffs simply changed their minds afterward.

**DEFENDANTS INTEND TO REQUEST INVOLUNTARY DISMISSAL OR DIRECTED VERDICT ON DAY ONE**

Washington law requires a plaintiff to present enough evidence at trial to survive a motion for dismissal under CR 41(b) or a directed verdict under CR 50. In *Morgan v. PeaceHealth*, 101 Wn. App. 750, 758 (2000), the Court held that a directed verdict is proper when a plaintiff fails to present substantial evidence to support each element of a claim.

Here, no witness testimony beyond Plaintiffs' own speculation, no bank official or real estate agent, and no properly authenticated documents exist to corroborate wrongdoing. Defendants

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

will—on Day One—move to dismiss all claims or, alternatively, request a directed verdict.
Plaintiffs cannot show any misrepresentation, reliance, damages from fraud, or wrongful
exercise of dominion over funds. This fundamental absence of proof precludes continuation of
trial under CR 50.

## V. ADDITIONAL CASE SUPPORT

1. **Hendricks v. Lake**, 12 Wn. App. 15 (1974)
   - A party who withdrew from an agreement after the other side had relied in good
     faith could not later claim fraud or breach absent clear proof of wrongful
     conduct.

2. **In re Marriage of Lutz**, 74 Wn. App. 356 (1994)
   - Courts treat freely given funds without written documentation as unconditional
     gifts, and a party cannot retroactively impose conditions.

3. **Conversion Claim Collapses Due to Plaintiffs' Own Acts of Authorization**

   **No "Wrongful Taking" Where Money Is Provided Voluntarily**

   As recognized in *Brown ex rel. Richards v. Brown*, 157 Wn. App. 803, 818, 239 P.3d 602 (2010),
   conversion typically demands a wrongful acquisition or retention. Linda Cole's role in approving
   or signing off on the funds transfer negates the notion of a wrongful taking.

## VI. CONCLUSION

Plaintiffs propose to base their claims on nothing more than uncorroborated hearsay,
speculation, and personal grievance. They did not subpoena or depose any witnesses who could

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

validate their narrative. Their own testimony betrays the narrative of unwitting victimhood.  By failing to call any Old West Federal Credit Union witnesses - those who could confirm or rebut the alleged "fraud" - Plaintiffs reveal the weakness of their case. Their exhibits fail foundational requirements, remain inadmissible under ER 802, and do not point to any fraudulent or wrongful acts by Defendants. Plaintiffs have thus failed to present a prima facie case.

The Court should dismiss Plaintiffs' claims, lift any restraining orders, and consider awarding sanctions, fees, and referral for potential criminal liability should Plaintiffs persist in advancing false statements under oath.

**Defendants respectfully request** that this Court:

1. **Consider dismissal or directed verdict** pre-trial or on Day One of trial under CR 41(b) or CR 50.

2. **Exclude all hearsay evidence** lacking proper authentication or foundation and **exclude** any irrelevant testimony or documents under ER 401–403.

3. **Dismiss all claims with prejudice**, with an award of fees and costs to Defendants for having to defend a baseless action.

4. **Attorney Fees and Costs**

   Under CR 11 and Washington's equitable powers, the Court may award fees and costs to a prevailing defendant when a plaintiff's claims are frivolous or made in bad faith.

5. **Referral for Potential Perjury or False Swearing**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

If Plaintiffs knowingly mislead this Court or provide sworn testimony contradicting their admissions, Defendants reserve the right to request the Court refer such conduct to law enforcement or the prosecutor's office for investigation under RCW 9A.72.020 (perjury).

DATED this 8th day of January, 2025, at Spokane, WA.

_/s/ Eric R. Young and Susan L. Young_

ERIC AND SUSAN YOUNG
PRO SE LITIGANTS
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

DEFENDANTS' TRIAL BRIEF
PAGE **13** OF **14**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

# VII.    CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [　]U.S. Mail |
| Riverside NW Law Group | [　]Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [　]Facsimile |
| | [ X ]E-Mail |
| Spokane, WA 99201 | [　]Legal Messenger |
| mam@rnwlg.com | |

DATED this 8th day of January, 2025, in Spokane, Washington.

/s/    *Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

DEFENDANTS' TRIAL BRIEF
PAGE **14** OF **14**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@proton.me

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs | No. 23-2-04734-32 |
| V.<br><br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | DEFENDANTS' EMERGENCY MOTION<br>FOR MISTRIAL AND JUDICIAL<br>DISQUALIFICATION |

## I. RELIEF REQUESTED

Defendants respectfully move this Court for the following relief:

1. **Declare a mistrial** on the grounds that repeated rulings, procedural irregularities, and demonstrable bias have deprived Defendants of their right to a fair trial under the Washington Constitution, Article 1, Section 22.

2. **Disqualify the presiding judge** for actual bias or the appearance of bias, pursuant to RCW 4.12.050 and applicable judicial standards, and reassign the case to another judge.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

## II. INTRODUCTION

This case has been irreparably tainted by judicial conduct that demonstrates a pattern of bias, procedural irregularities, and prejudicial rulings favoring Plaintiffs. Examples include:

- Frequently acting upon the suggestion, and clearly biased toward, Plaintiffs or Plaintiffs' attorney, including:

    - comments in open court to Plaintiffs' counsel Mr. Merritt such as, 'so this is going criminal?' (before any evidence or argument had been heard)

    - allowing Plaintiffs' counsel to ask Defendant Eric Young 'Do you feel any remorse for what you've done?'
        When Defendants objected as inappropriate, the court overruled, demanding Mr. Young answer the blatantly inappropriate question – especially given that Defendants have not been allowed to show evidence and the context was not a sentencing hearing in a criminal trial

- Inconsistent actions toward Defendants – allowing administrative corrections to trial binder one day, denying on another day, when stated binder component is not new material offered untimely, nor prejudicial to Plaintiffs – the exhibit being Plaintiffs' own responses to Defendants' Requests for Admission

- Granting of a Temporary Restraining Order (TRO) without evidentiary support and in violation of RCW 7.40.080 (requiring a bond)

DEFENDANTS' EMERGENCY MOTION FOR MISTRIAL
AND JUDICIAL DISQUALIFICATION
PAGE **2** OF **9**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Incarcerating Defendant for contempt, despite Defendants' clear good-faith efforts to produce the content demanded even though under a legally invalid TRO

The Court has repeatedly failed to uphold procedural fairness or ensure impartial adjudication. In light of the documented conduct and rulings, Defendants request that the Court declare a mistrial and/or disqualify itself to preserve the integrity of these proceedings.

## III. FACTUAL BACKGROUND

1. **Violation of RCW 7.40.080**: The Court issued the TRO without requiring Plaintiffs to post the mandatory bond, depriving Defendants of statutory protection from the damages caused by an invalid TRO.

2. **Invalid Contempt and Incarceration**: The Court held Defendant in contempt and ordered incarceration for 3 weeks, despite Defendants working to comply with an abusive and invalid accounting demand under the TRO.

3. **Judicial Conduct and Rulings**:

   - The Court allowed Plaintiffs to question Defendants with inflammatory and prejudicial language (e.g., "Do you feel remorse for what you've done?"), overruling valid objections.

   - The Court refused to hear an emergency motion prior to start of trial, ignoring evidence of Plaintiffs' 50+ falsehoods, contradictions, and perjured statements

DEFENDANTS' EMERGENCY MOTION FOR MISTRIAL
AND JUDICIAL DISQUALIFICATION
PAGE **3** OF **9**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

as "untimely", failing to address their impact on Plaintiffs' credibility and claims.

- o The Court failed to properly consider dispositive motions that highlighted Plaintiffs' legal violations and unsupported claims.

4. **Plaintiffs' Counsel Benefitting from Bias**: Plaintiffs' current and prior counsel have taken advantage of the Court's rulings, engaging in inflammatory rhetoric and presenting conclusory arguments without evidentiary support.

5. **Plaintiffs' Benefitting from Inconsistent Judicial Conduct**

Inconsistent judicial actions have harmed Defendants.

- o The court allowed a simple administrative correction to the trial binder one day, but denying on another day a similar critical insertion. The contents of these insertions were disclosed in Trial Exhibit List, and had previously been uploaded to Plaintiffs for their use. A printing error led to 3 sections of the trial binder being left out of the first delivered binders. The court allowed Defendants to provide 2 sections on one day, but refused to admit to the binder the third portion another day. This last section not being present barred Defendants' access to clear evidence of Plaintiffs false statements to the court. These sections of already-disclosed trial exhibits were Plaintiffs Requests for Admissions and therefore cannot be construed as prejudicial to Plaintiffs through this completion of the trial binder section.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

o   During discovery, Plaintiffs failed to correct to their own submission of Requests for Admissions which contributed both direct evidence and admission of false statements to the court, and expressed assignment of Plaintiffs' intent which are supportive of Defendants, and which contradict Plaintiffs fictional and unfounded narrative they have offered to the court during trial. Plaintiffs' narrative has been offered with only hearsay evidence, to which Defendants have objected, and which objections the Court has repeatedly overruled.

6. **Improper Granting of TRO**: On November 6, 2023, Plaintiffs obtained a TRO based solely on unsubstantiated allegations, without presenting evidence to support their claims. Defendants' counsel at the time repeatedly argued that such a granting of TRO without a bond was legally unenforceable, as it violated the mandatory requirement of such bond before TRO could be allowed. Plaintiffs were favored, and Defendants were prejudiced, by this judicial action, which enabled and encouraged further violation of Defendants right to due process by subsequent actions.

## IV.  LEGAL ARGUMENT

### A. The Court's Conduct Has Denied Defendants a Fair Trial

The Washington Constitution guarantees the right to a fair trial. Judicial bias or conduct creating the appearance of bias violates this fundamental right. (*In re Murchison*, 349 U.S. 133, 136 (1955); *State v. Dominguez*, 81 Wn. App. 325 (1996)).

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1. **Prejudicial Questioning and Favoritism**:

   o   Allowing inflammatory questions, such as "Do you feel remorse for what you've done?" demonstrates bias and prejudices the jury (or trier of fact). Such questions are irrelevant and unduly prejudicial under ER 403.

   o   Inconsistent conduct of the Court favoring Plaintiffs and Prejudicial to Defendants, obstructing justice in the process.

2. **Improper TRO and Bond Violation**:

   o   RCW 7.40.080 requires a bond for all TROs to protect restrained parties. The failure to require a bond invalidates the TRO and violates procedural fairness. (*Curtis v. Zuck*, 65 Wn. App. 377 (1992)).

3. **Prejudicial and Improper Contempt Order**:

   o   The incarceration of Defendant for alleged noncompliance with an invalid TRO constitutes judicial overreach and abuse of discretion. (*In re Dependency of A.K.*, 162 Wn.2d 632 (2007)).

   **B. Judicial Disqualification is Warranted Under RCW 4.12.050**

   Judges must be impartial and avoid conduct creating the appearance of bias. Under RCW 4.12.050, a judge may be disqualified if their impartiality is reasonably questioned.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1. **Appearance of Bias**:
   - Repeated rulings favoring Plaintiffs, such as ignoring statutory requirements (TRO bond) and dismissing key defense evidence, create a reasonable perception of bias.

2. **Actual Bias**:
   - The judge's conduct, including pressuring Defendant to answer prejudicial questions, inconsistent conduct of the Court favoring Plaintiffs and Prejudicial to Defendants thereby obstructing justice, and incarcerating Defendant under an invalid TRO, demonstrates actual bias against Defendants.

### C. A Mistrial is Necessary to Preserve Judicial Integrity

Where judicial bias or procedural irregularities compromise the fairness of the trial, a mistrial is the appropriate remedy. (*State v. Emery*, 174 Wn.2d 741 (2012)). In this case:

1. The Court's failure to enforce mandatory legal requirements (TRO bond) has prejudiced Defendants.

2. Plaintiffs have been allowed to pursue unsupported claims and prejudicial questioning.

3. Defendants have been denied a meaningful opportunity to present their case.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# V.  REQUEST FOR RELIEF

Defendants respectfully request that the Court:

1. **Declare a mistrial** and vacate all prior rulings tainted by bias or procedural irregularities.

2. **Disqualify the presiding judge** under RCW 4.12.050 and reassign the case to a different judge.

3. **Award such further relief** as the Court deems just and proper to ensure a fair trial.

DATED this 14th day of January, 2025, at Spokane, WA.

Respectfully submitted,

/s/    *Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' EMERGENCY MOTION FOR MISTRIAL
AND JUDICIAL DISQUALIFICATION
PAGE **8** OF **9**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# VI. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [  ] U.S. Mail |
| Riverside NW Law Group | [X] Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [  ] Facsimile |
| | [X] E-Mail |
| Spokane, WA 99201 | [  ] Legal Messenger |
| mam@rnwlg.com | |

DATED this 14th day of January, 2025, at Spokane, WA.


*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' EMERGENCY MOTION FOR MISTRIAL
AND JUDICIAL DISQUALIFICATION
PAGE **9** OF **9**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com