**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs<br><br>V.<br><br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | No. 23-2-04734-32<br><br>DEFENDANTS' AMENDED EMERGENCY<br>MOTION FOR MISTRIAL AND JUDICIAL<br>DISQUALIFICATION |

## I. RELIEF REQUESTED

Defendants respectfully move this Court for the following relief:

1. **Declare a mistrial** on the grounds that repeated rulings, procedural irregularities, and demonstrable bias have deprived Defendants of their right to a fair trial under the Washington Constitution, Article 1, Section 22.

2. **Disqualify the presiding judge** for actual bias or the appearance of bias, pursuant to RCW 4.12.050 and applicable judicial standards, and reassign the case to another judge.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# II. INTRODUCTION

This case has been irreparably tainted by judicial conduct that demonstrates a pattern of bias, procedural irregularities, and prejudicial rulings favoring Plaintiffs. Examples include:

- Frequently acting upon the suggestion, and clearly biased toward, Plaintiffs or Plaintiffs' attorney, including:

    - comments in open court to Plaintiffs' counsel Mr. Merritt such as, 'so this is going criminal?' (before any evidence or argument had been heard)

    - allowing Plaintiffs' counsel to ask Defendant Eric Young 'Do you feel any remorse for what you've done?'
    When Defendants objected as inappropriate, the court overruled, demanding Mr. Young answer the blatantly inappropriate question – especially given that Defendants have not been allowed to show evidence and the context was not a sentencing hearing in a criminal trial

- Inconsistent actions toward Defendants – allowing administrative corrections to trial binder one day, denying on another day, when stated binder component is not new material offered untimely, nor prejudicial to Plaintiffs – the exhibit being Plaintiffs' own responses to Defendants' Requests for Admission

- Granting of a Temporary Restraining Order (TRO) without evidentiary support and in violation of RCW 7.40.080 (requiring a bond)

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Incarcerating Defendant for contempt, despite Defendants' clear good-faith efforts to produce the content demanded even though under a legally invalid TRO

The Court has repeatedly failed to uphold procedural fairness or ensure impartial adjudication. In light of the documented conduct and rulings, Defendants request that the Court declare a mistrial and/or disqualify itself to preserve the integrity of these proceedings.

## III.   FACTUAL BACKGROUND

1. **Violation of RCW 7.40.080**: The Court issued the TRO without requiring Plaintiffs to post the mandatory bond, depriving Defendants of statutory protection from the damages caused by an invalid TRO.

2. **Invalid Contempt and Incarceration**: The Court held Defendant in contempt and ordered incarceration for 3 weeks, despite Defendants working to comply with an abusive and invalid accounting demand under the TRO.

3. **Judicial Conduct and Rulings**:

   o The Court allowed Plaintiffs to question Defendants with inflammatory and prejudicial language (e.g., "Do you feel remorse for what you've done?"), overruling valid objections.

   o The Court refused to hear an emergency motion prior to start of trial, ignoring evidence of Plaintiffs' 50+ falsehoods, contradictions, and perjured statements

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

as "untimely", failing to address their impact on Plaintiffs' credibility and claims.

- o The Court failed to properly consider dispositive motions that highlighted Plaintiffs' legal violations and unsupported claims.

4. **Plaintiffs' Counsel Benefitting from Bias**: Plaintiffs' current and prior counsel have taken advantage of the Court's rulings, engaging in inflammatory rhetoric and presenting conclusory arguments without evidentiary support.

5. **Plaintiffs' Benefitting from Inconsistent Judicial Conduct**

Inconsistent judicial actions have harmed Defendants.

- o The court allowed a simple administrative correction to the trial binder one day, but denying on another day a similar critical insertion. The contents of these insertions were disclosed in Trial Exhibit List, and had previously been uploaded to Plaintiffs for their use. A printing error led to 3 sections of the trial binder being left out of the first delivered binders. The court allowed Defendants to provide 2 sections on one day, but refused to admit to the binder the third portion another day. This last section not being present barred Defendants' access to clear evidence of Plaintiffs false statements to the court. These sections of already-disclosed trial exhibits were Plaintiffs Requests for Admissions and therefore cannot be construed as prejudicial to Plaintiffs through this completion of the trial binder section.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

o   During discovery, Plaintiffs failed to correct to their own submission of Requests for Admissions which contributed both direct evidence and admission of false statements to the court, and expressed assignment of Plaintiffs' intent which are supportive of Defendants, and which contradict Plaintiffs fictional and unfounded narrative they have offered to the court during trial. Plaintiffs' narrative has been offered with only hearsay evidence, to which Defendants have objected, and which objections the Court has repeatedly overruled.

6. **Improper Granting of TRO**: On November 6, 2023, Plaintiffs obtained a TRO based solely on unsubstantiated allegations, without presenting evidence to support their claims. Defendants' counsel at the time repeatedly argued that such a granting of TRO without a bond was legally unenforceable, as it violated the mandatory requirement of such a bond before TRO could be allowed. Plaintiffs were favored, and Defendants were prejudiced, by this judicial action, which enabled and encouraged further violation of Defendants right to due process by subsequent actions.

## IV.  LEGAL ARGUMENT

### A. The Court's Conduct Has Denied Defendants a Fair Trial

The Washington Constitution guarantees the right to a fair trial. Judicial bias or conduct creating the appearance of bias violates this fundamental right. (*In re Murchison*, 349 U.S. 133, 136 (1955); *State v. Dominguez*, 81 Wn. App. 325 (1996)).

DEFENDANTS' AMENDED EMERGENCY MOTION
FOR MISTRIAL AND JUDICIAL DISQUALIFICATION
PAGE **5** OF **9**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1. **Prejudicial Questioning and Favoritism**:

   o Allowing inflammatory questions, such as "Do you feel remorse for what you've done?" demonstrates bias and prejudices the jury (or trier of fact). Such questions are irrelevant and unduly prejudicial under ER 403.

   o Inconsistent conduct of the Court favoring Plaintiffs and Prejudicial to Defendants, obstructing justice in the process.

2. **Improper TRO and Bond Violation**:

   o RCW 7.40.080 requires a bond for all TROs to protect restrained parties. The failure to require a bond invalidates the TRO and violates procedural fairness. (*Curtis v. Zuck*, 65 Wn. App. 377 (1992)).

3. **Prejudicial and Improper Contempt Order**:

   o The incarceration of Defendant for alleged noncompliance with an invalid TRO constitutes judicial overreach and abuse of discretion. (*In re Dependency of A.K.*, 162 Wn.2d 632 (2007)).

   **B. Judicial Disqualification is Warranted Under RCW 4.12.050**

   Judges must be impartial and avoid conduct creating the appearance of bias. Under RCW 4.12.050, a judge may be disqualified if their impartiality is reasonably questioned.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1. **Appearance of Bias**:

   o   Repeated rulings favoring Plaintiffs, such as ignoring statutory requirements
       (TRO bond) and dismissing key defense evidence, create a reasonable
       perception of bias.

2. **Actual Bias**:

   o   The judge's conduct, including pressuring Defendant to answer prejudicial
       questions, inconsistent conduct of the Court favoring Plaintiffs and Prejudicial
       to Defendants thereby obstructing justice, and incarcerating Defendant under an
       invalid TRO, demonstrates actual bias against Defendants.

**C. A Mistrial is Necessary to Preserve Judicial Integrity**

Where judicial bias or procedural irregularities compromise the fairness of the trial, a
mistrial is the appropriate remedy. (*State v. Emery*, 174 Wn.2d 741 (2012)). In this case:

1. The Court's failure to enforce mandatory legal requirements (TRO bond) has
   prejudiced Defendants.

2. Plaintiffs have been allowed to pursue unsupported claims and prejudicial questioning.

3. Defendants have been denied a meaningful opportunity to present their case.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# V. REQUEST FOR RELIEF

Defendants respectfully request that the Court:

1. **Declare a mistrial** and vacate all prior rulings tainted by bias or procedural irregularities.

2. **Disqualify the presiding judge** under RCW 4.12.050 and reassign the case to a different judge.

3. **Award such further relief** as the Court deems just and proper to ensure a fair trial.

DATED this 16th day of January, 2025, at Spokane, WA.

Respectfully submitted,

/s/    *Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' AMENDED EMERGENCY MOTION
FOR MISTRIAL AND JUDICIAL DISQUALIFICATION
PAGE **8** OF **9**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# VI. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [  ] U.S. Mail |
| Riverside NW Law Group | [X] Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [  ] Facsimile |
| | [X] E-Mail |
| Spokane, WA 99201 | [  ] Legal Messenger |
| mam@rnwlg.com | |

DATED this 16th day of January, 2025, at Spokane, WA.

*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' AMENDED EMERGENCY MOTION
FOR MISTRIAL AND JUDICIAL DISQUALIFICATION
PAGE **9** OF **9**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

FILED
2/5/2025
Timothy W Fitzgerald
Spokane County Clerk

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs | No. 23-2-04734-32 |
| V. | DEFENDANTS' EMERGENCY MOTION |
| ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | FOR MISTRIAL AND JUDICIAL<br>DISQUALIFICATION |

## I. RELIEF REQUESTED

Defendants respectfully move this Court for the following relief:

1. **Declare a mistrial** on the grounds that repeated rulings, procedural irregularities, and demonstrable bias have deprived Defendants of their right to a fair trial under the Washington Constitution, Article 1, Section 22.

2. **Disqualify the presiding judge** for actual bias or the appearance of bias, pursuant to RCW 4.12.050 and applicable judicial standards, and reassign the case to another judge.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

## II. INTRODUCTION

This case has been irreparably tainted by judicial conduct that demonstrates a pattern of bias, procedural irregularities, and prejudicial rulings favoring Plaintiffs. Examples include:

- Frequently acting upon the suggestion, and clearly biased toward, Plaintiffs or Plaintiffs' attorney, including:

    o comments in open court to Plaintiffs' counsel Mr. Merritt such as, 'so this is going criminal?' (before any evidence or argument had been heard)

    o allowing Plaintiffs' counsel to ask Defendant Eric Young 'Do you feel any remorse for what you've done?'

    When Defendants objected as inappropriate, the court overruled, demanding Mr. Young answer the blatantly inappropriate question – especially given that Defendants have not been allowed to show evidence and the context was not a sentencing hearing in a criminal trial

- Inconsistent actions toward Defendants – allowing administrative corrections to trial binder one day, denying on another day, when stated binder component is not new material offered untimely, nor prejudicial to Plaintiffs – the exhibit being Plaintiffs' own responses to Defendants' Requests for Admission

- Granting of a Temporary Restraining Order (TRO) without evidentiary support and in violation of RCW 7.40.080 (requiring a bond)

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Incarcerating Defendant for contempt, despite Defendants' clear good-faith efforts to produce the content demanded even though under a legally invalid TRO

The Court has repeatedly failed to uphold procedural fairness or ensure impartial adjudication. In light of the documented conduct and rulings, Defendants request that the Court declare a mistrial and/or disqualify itself to preserve the integrity of these proceedings.

## III. FACTUAL BACKGROUND

1. **Violation of RCW 7.40.080**: The Court issued the TRO without requiring Plaintiffs to post the mandatory bond, depriving Defendants of statutory protection from the damages caused by an invalid TRO.

2. **Invalid Contempt and Incarceration**: The Court held Defendant in contempt and ordered incarceration for 3 weeks, despite Defendants working to comply with an abusive and invalid accounting demand under the TRO.

3. **Judicial Conduct and Rulings**:

   o The Court allowed Plaintiffs to question Defendants with inflammatory and prejudicial language (e.g., "Do you feel remorse for what you've done?"), overruling valid objections.

   o The Court refused to hear an emergency motion prior to start of trial, ignoring evidence of Plaintiffs' 50+ falsehoods, contradictions, and perjured statements

DEFENDANTS' EMERGENCY MOTION FOR MISTRIAL
AND JUDICIAL DISQUALIFICATION
PAGE **3** OF **9**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

as "untimely", failing to address their impact on Plaintiffs' credibility and claims.

- o The Court failed to properly consider dispositive motions that highlighted Plaintiffs' legal violations and unsupported claims.

4. **Plaintiffs' Counsel Benefitting from Bias**: Plaintiffs' current and prior counsel have taken advantage of the Court's rulings, engaging in inflammatory rhetoric and presenting conclusory arguments without evidentiary support.

5. **Plaintiffs' Benefitting from Inconsistent Judicial Conduct**

Inconsistent judicial actions have harmed Defendants.

- o The court allowed a simple administrative correction to the trial binder one day, but denying on another day a similar critical insertion. The contents of these insertions were disclosed in Trial Exhibit List, and had previously been uploaded to Plaintiffs for their use. A printing error led to 3 sections of the trial binder being left out of the first delivered binders. The court allowed Defendants to provide 2 sections on one day, but refused to admit to the binder the third portion another day. This last section not being present barred Defendants' access to clear evidence of Plaintiffs false statements to the court. These sections of already-disclosed trial exhibits were Plaintiffs Requests for Admissions and therefore cannot be construed as prejudicial to Plaintiffs through this completion of the trial binder section.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

o During discovery, Plaintiffs failed to correct to their own submission of Requests for Admissions which contributed both direct evidence and admission of false statements to the court, and expressed assignment of Plaintiffs' intent which are supportive of Defendants, and which contradict Plaintiffs fictional and unfounded narrative they have offered to the court during trial. Plaintiffs' narrative has been offered with only hearsay evidence, to which Defendants have objected, and which objections the Court has repeatedly overruled.

6. **Improper Granting of TRO**: On November 6, 2023, Plaintiffs obtained a TRO based solely on unsubstantiated allegations, without presenting evidence to support their claims. Defendants' counsel at the time repeatedly argued that such a granting of TRO without a bond was legally unenforceable, as it violated the mandatory requirement of such bond before TRO could be allowed. Plaintiffs were favored, and Defendants were prejudiced, by this judicial action, which enabled and encouraged further violation of Defendants right to due process by subsequent actions.

## IV. LEGAL ARGUMENT

### A. The Court's Conduct Has Denied Defendants a Fair Trial

The Washington Constitution guarantees the right to a fair trial. Judicial bias or conduct creating the appearance of bias violates this fundamental right. (*In re Murchison*, 349 U.S. 133, 136 (1955); *State v. Dominguez*, 81 Wn. App. 325 (1996)).

DEFENDANTS' EMERGENCY MOTION FOR MISTRIAL
AND JUDICIAL DISQUALIFICATION
PAGE **5** OF **9**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1. **Prejudicial Questioning and Favoritism**:

    o Allowing inflammatory questions, such as "Do you feel remorse for what you've done?" demonstrates bias and prejudices the jury (or trier of fact). Such questions are irrelevant and unduly prejudicial under ER 403.

    o Inconsistent conduct of the Court favoring Plaintiffs and Prejudicial to Defendants, obstructing justice in the process.

2. **Improper TRO and Bond Violation**:

    o RCW 7.40.080 requires a bond for all TROs to protect restrained parties. The failure to require a bond invalidates the TRO and violates procedural fairness. (*Curtis v. Zuck*, 65 Wn. App. 377 (1992)).

3. **Prejudicial and Improper Contempt Order**:

    o The incarceration of Defendant for alleged noncompliance with an invalid TRO constitutes judicial overreach and abuse of discretion. (*In re Dependency of A.K.*, 162 Wn.2d 632 (2007)).

    **B. Judicial Disqualification is Warranted Under RCW 4.12.050**

    Judges must be impartial and avoid conduct creating the appearance of bias. Under RCW 4.12.050, a judge may be disqualified if their impartiality is reasonably questioned.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1. **Appearance of Bias**:
    ○ Repeated rulings favoring Plaintiffs, such as ignoring statutory requirements (TRO bond) and dismissing key defense evidence, create a reasonable perception of bias.
2. **Actual Bias**:
    ○ The judge's conduct, including pressuring Defendant to answer prejudicial questions, inconsistent conduct of the Court favoring Plaintiffs and Prejudicial to Defendants thereby obstructing justice, and incarcerating Defendant under an invalid TRO, demonstrates actual bias against Defendants.

**C. A Mistrial is Necessary to Preserve Judicial Integrity**

Where judicial bias or procedural irregularities compromise the fairness of the trial, a mistrial is the appropriate remedy. (*State v. Emery*, 174 Wn.2d 741 (2012)). In this case:

1. The Court's failure to enforce mandatory legal requirements (TRO bond) has prejudiced Defendants.
2. Plaintiffs have been allowed to pursue unsupported claims and prejudicial questioning.
3. Defendants have been denied a meaningful opportunity to present their case.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# V. REQUEST FOR RELIEF

Defendants respectfully request that the Court:

1. **Declare a mistrial** and vacate all prior rulings tainted by bias or procedural irregularities.

2. **Disqualify the presiding judge** under RCW 4.12.050 and reassign the case to a different judge.

3. **Award such further relief** as the Court deems just and proper to ensure a fair trial.

DATED this 14th day of January, 2025, at Spokane, WA.

Respectfully submitted,

/s/ *Eric R. Young and Susan L. Young*
ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' EMERGENCY MOTION FOR MISTRIAL
AND JUDICIAL DISQUALIFICATION
PAGE **8** OF **9**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# VI.  CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [  ] U.S. Mail |
| Riverside NW Law Group | [X] Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [  ] Facsimile |
| | [X] E-Mail |
| Spokane, WA 99201 | [  ] Legal Messenger |
| mam@rnwlg.com | |

DATED this 14th day of January, 2025, at Spokane, WA.

*/s/ Eric R. Young and Susan L. Young*
ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' EMERGENCY MOTION FOR MISTRIAL
AND JUDICIAL DISQUALIFICATION
PAGE **9** OF **9**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**SUPERIOR COURT OF WASHINGTON**
**IN AND FOR SPOKANE COUNTY**

Linda Cole and Ted Cole, Plaintiffs

v.

Eric Young and Susan Young, Defendants.

No. 23-2-04734-32

**DEFENDANTS' OFFER OF PROOF**
**PURSUANT TO ER 103(a)(2)**

## I. INTRODUCTION

Defendants respectfully submit this Offer of Proof under ER 103(a)(2) to preserve for appellate review the exclusion of critical evidence during trial. The court's refusal to admit several key exhibits into evidence has materially prejudiced Defendants' ability to present a full and fair defense. This Offer of Proof documents the excluded evidence, establishes its admissibility under Washington law, and seeks its inclusion in the trial record for appellate purposes.

Each of these exhibits was previously identified to the court as part of Defendants' trial exhibit list, has been provided to Plaintiffs via shared storage upload, and was physically or electronically filed with the court prior to trial – and in some cases attempted and denied during trial (D-119). All of these sources of evidence have one other unique aspect versus what might be called 'your average evidentiary source':

**THEY ALL REPRESENT LINDA COLE'S OWN WORDS.**

DEFENDANTS' OFFER OF PROOF PURSUANT TO
ER 103(A)(2)
PAGE **1** OF **17**

ERIC AND SUSAN YOUNG
DEFENDANTS - PRO SE LITIGANTS
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me || jaegersmum@gmail.com

25-80037-FPC     Doc 17-6     Filed 10/24/25     Entered 10/24/25 16:47:26     Pg 19 of 100

**<u>So here is the challenge Defendants pose to the trial court and to Plaintiffs' attorney:</u>**

**<u>IF</u>** *Linda Cole has been telling the truth to the court and to her attorneys*

*from the start of her personal legal attack against her own family,*

*and if Linda Cole's own words are admitted into evidence,*

*what could she or her attorney possibly be worried about?*

**The simple answer:  The Court Should Expect - No Concerns At All**
**So, let's make it so, and the court can find out for themselves.**

But as of now, the trial court has erroneously excluded key materials critical to Defendants' ability to impeach Plaintiffs' credibility, contradict false testimony, expose falsehoods, refute prejudicial claims, and support their affirmative defenses.

These exclusions thus significantly compromised Defendants' ability to present a full and fair defense.  These actions by the court also intimate a clear and present danger of continued bias and Plaintiff favoritism.  It has appeared - since the start of Plaintiffs' fraudulent misuse of civil process - that the court sought to protect an aged person even though that person was and is herself the perpetrator of one of the most heinous crimes a person can commit against anyone, let alone their own family:  Destruction of a person's good name - even their ability to earn a living - through willful and malicious slander and defamation.

DEFENDANTS' OFFER OF PROOF PURSUANT TO
ER 103(A)(2)
PAGE **2** OF 17

ERIC AND SUSAN YOUNG
DEFENDANTS - PRO SE LITIGANTS
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me || jaegersmum@gmail.com

## II. EXCLUDED EVIDENCE

1. **Baker City Police Incident Report** (DFND Exhibit D-114) – which concluded that Plaintiffs' theft allegations were unfounded.

2. **Police desk-camera video footage** (DFND Exhibit D-117) – documenting Plaintiffs' false statements to law enforcement.

3. **Certified police video transcript** (DFND Exhibit D-103 / Exhibit 007 to Deposition of Linda Cole) – containing hundreds of false statements by Linda Cole and her co-conspirator Joell Severns, and contributing significant content to nearly 50 documented contradictions in Plaintiffs sworn testimony

4. **Defendants' Emergency Motion to Admit Evidence, Preclude Misleading Statements, and Address Plaintiffs' Credibility Failures**, filed January 13, 2025 specifically to bring to the court's attention those 50 documented contradictions in Plaintiffs sworn testimony, but the trial court denied hearing the motion on two different days.

5. **Plaintiffs' Discovery Responses**

   (D-119) – DFNDs Requests for Admissions and Plaintiffs' Responses Thereto

   (D-120) – Plaintiffs Responses to DFNDs 2nd Set of ROGs/RFPs (ROGs-2)

   (D-121) – Plaintiffs' Supplemental Responses to DFNDs 1st Set

   of ROGs/RFPs (ROGs-1)

DEFENDANTS' OFFER OF PROOF PURSUANT TO
ER 103(A)(2)
PAGE **3** OF **17**

ERIC AND SUSAN YOUNG
DEFENDANTS **-** PRO SE LITIGANTS
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me || jaegersmum@gmail.com

Includes Linda Cole's sworn responses with repeated falsified claims, repeated contradictions, and instances of outright lies, involving financial transactions, property ownership, and alleged theft.

6. **Deposition of Linda Cole** (DFND Exhibit D-132 – Sealed copy), which remains in the possession of the Court under seal but was not admitted in its entirety and the court would not agree to opening the sealed transcript. Select pages were admitted during trial, but Defendants were prevented from submitting the full transcript as an exhibit. To preserve the record, Defendants submit the entire deposition as an attachment to this Offer of Proof.

7. **Transcripts of October 20 Conversation (D-108) and October 21 Conversation (D-109)**

Transcripts of recorded conversations between Plaintiffs and Defendants, containing material evidence contradicting Plaintiffs' claims regarding their intent and financial transactions.

Defendants assert that these exclusions violate fundamental fairness, due process, and the Rules of Evidence, warranting preservation of the record for appellate review.

DEFENDANTS' OFFER OF PROOF PURSUANT TO
ER 103(A)(2)
PAGE **4** OF **17**

ERIC AND SUSAN YOUNG
DEFENDANTS - PRO SE LITIGANTS
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me || jaegersmum@gmail.com

### III.  LEGAL BASIS FOR OFFER OF PROOF

Washington law recognizes that an offer of proof is required to preserve errors related to exclusion of evidence for appeal. Under ER 103(a)(2):

"*In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.*"

Washington courts require that excluded evidence be preserved in the record by Offer of Proof to ensure proper appellate review.  Courts therefore require such an offer to ensure the appellate record reflects what was excluded and why the exclusion was prejudicial.  See:

- *State v. Powell*, 126 Wn.2d 244, 258 (1995) - A trial court must consider all properly filed motions, especially those affecting witness credibility and evidence integrity, before rendering a decision; and an offer of proof must be made when evidence is excluded to preserve the issue for appellate review.

- *State v. Ray*, 116 Wn.2d 531, 539 (1991) - A party must be allowed to introduce relevant impeachment evidence to challenge credibility; and exclusion of key impeachment evidence prejudices a defendant's ability to present a full defense.

- *State v. Smith*, 144 Wn.2d 665, 673 (2001) (a party must be allowed to introduce relevant impeachment evidence to challenge credibility).

DEFENDANTS' OFFER OF PROOF PURSUANT TO
ER 103(A)(2)
PAGE **5** OF **17**

ERIC AND SUSAN YOUNG
DEFENDANTS - PRO SE LITIGANTS
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me || jaegersmum@gmail.com

The trial court's failure to admit and consider these materials was an abuse of discretion, violating Defendants' right to present a complete defense. Exclusion of Defendants' evidence, particularly regarding Plaintiffs' credibility and inconsistent testimony, was erroneous and prejudicial.

## IV. DOCUMENTS TO BE PRESERVED
## AND ADMITTED INTO THE RECORD

The following exhibits, previously listed as Defendants' trial exhibits and disclosed to Plaintiffs, were wrongfully excluded, warranting their preservation under ER 103(a)(2):

**1. Police Incident Report (D-114) & Email Supporting Video Request from BCPD**

- **Description**: Official report from Baker City Police Department, documenting the investigation into Plaintiffs' allegations and the police conclusion that Plaintiffs' claims were unfounded.

- **Relevance**: Directly contradicts Plaintiffs' claims and impeaches their credibility.

- **Authentication & Admissibility**:

  - **ER 803(8) & ER 901(b)(4)**: Public record exception and authentication by official identifiers (case number, officer signature).

  - **ER 902(4)**: Certified public records exception applies to email confirmation from police department regarding report.

DEFENDANTS' OFFER OF PROOF PURSUANT TO
ER 103(A)(2)
PAGE **6** OF **17**

ERIC AND SUSAN YOUNG
DEFENDANTS - PRO SE LITIGANTS
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me || jaegersmum@gmail.com

- **Improperly Excluded Due to**: Court's unreasonable demand for a "certified copy", despite the issuing agency confirming they do not issue certified versions.

2. **Police desk-camera video footage (DFND Exhibit D-117)**

- **Description**: Official body-worn camera footage recorded by Officer [Name] of Baker City Police Department (BCPD) documenting the police interview of Plaintiffs on November 6, 2023.
- **Relevance**: Contains Plaintiffs' contradictory statements regarding their allegations, proving material inconsistencies and impeaching their testimony under oath.
- **Authentication & Admissibility**:
  - **ER 901(b)(4)**: Self-authenticating due to distinctive characteristics (official timestamp, officer ID).
  - **ER 803(8)**: Admissible under the public records exception to hearsay (records of law enforcement investigations).
  - **ER 801(d)(2)**: Plaintiffs' statements in the video are party-opponent admissions, not hearsay.
- **Improperly Excluded Due to**: The court's erroneous ruling requiring a "certified copy" and live testimony despite clear public records authentication.

DEFENDANTS' OFFER OF PROOF PURSUANT TO
ER 103(A)(2)
PAGE **7** OF **17**

ERIC AND SUSAN YOUNG
DEFENDANTS - PRO SE LITIGANTS
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me || jaegersmum@gmail.com

**3. Police Video Transcript (D-103) & Exhibit 007 to Deposition of Linda Cole**

- **Description**: Professionally transcribed verbatim record of the Police Video (D-117) prepared by an official transcription service.

- **Relevance**: Aids in cross-referencing Plaintiffs' statements in the video with their deposition testimony and trial testimony.

- **Authentication & Admissibility**:

  o **ER 803(8) & ER 801(d)(2)**: Public record exception and party-opponent admission.

  o **ER 901(b)(1)**: Testimony of the transcriber establishes accuracy.

- **Improperly Excluded Due to**: Erroneous authentication objections, despite sealed certified copy already on file with the court.


**4. Defendants' Emergency Motion to Admit Evidence, Preclude Misleading Statements, and Address Plaintiffs' Credibility Failures, filed January 13, 2025**

- **Description**: Filed on day-1 of trial, specifically to bring to the court's attention nearly 50 documented contradictions in Plaintiffs sworn testimony

- **Relevance**: Significant quantity of material contradictions and misrepresentations constituting fraud on the court, which should have been more than adequate to dismiss Plaintiffs' fraudulent claims over a year ago

- **Authentication & Admissibility**:

DEFENDANTS' OFFER OF PROOF PURSUANT TO
ER 103(A)(2)
PAGE **8** OF 17

ERIC AND SUSAN YOUNG
DEFENDANTS - PRO SE LITIGANTS
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me || jaegersmum@gmail.com

- o **ER 801(d)(1)**: Admissible as a prior inconsistent statement.

  - o **ER 613**: Properly used for impeachment.

  - o **ER 801(d)(2)**: Party-opponent admission.

  - o **ER 901(b)(1)**: Testimony of the transcriber establishes accuracy.

- **Improperly Excluded Due to**: Erroneous authentication objections, despite sealed certified copy already on file with the court.

5. **Plaintiffs' Discovery Responses**

  - **(D-119) – DFNDs Requests for Admissions and Plaintiffs' Responses Thereto**

  - **(D-120) – Plaintiffs Responses to DFNDs 2nd Set of ROGs/RFPs (ROGs-2)**

  - **(D-121) – Plaintiffs' Supplemental Responses to DFNDs 1st Set of ROGs/RFPs (ROGs-1)**

  - **Description**: Plaintiffs' own written admissions, containing materially false statements, contradictions, and perjury.

  - **Relevance**: Essential for impeachment, establishing fraudulent misrepresentations by Plaintiffs.

  - **Authentication & Admissibility**:

    - o **ER 801(d)(2)**: Party-opponent admissions.

    - o **CR 36**: Admissions in response to RFAs are binding.

DEFENDANTS' OFFER OF PROOF PURSUANT TO
ER 103(A)(2)
PAGE **9** OF **17**

ERIC AND SUSAN YOUNG
DEFENDANTS - PRO SE LITIGANTS
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me || jaegersmum@gmail.com

- **Improperly Excluded Due to**: Judge's inconsistent ruling—allowing insertion of other trial binder materials but excluding RFAs – an action clearly in favor of Plaintiffs and prejudicial to Defendants

6. **Deposition of Linda Cole (D-132)**

- **Description**: Sworn deposition transcript of Plaintiff Linda Cole, containing over 50 contradictions and material inconsistencies compared to her trial testimony.
- **Relevance**: Impeachment of Plaintiff using her own prior testimony.
- **Authentication & Admissibility**:
  - **ER 801(d)(1)**: Admissible as a prior inconsistent statement.
  - **ER 613**: Properly used for impeachment.
- **Improperly Excluded Due to**: Court's inconsistent evidentiary rulings—allowing some deposition references but excluding full transcript usage.

7. **Transcript of October 20 Conversation (D-108) & October 21 Conversation (D-109)**

- **Description**: Transcripts of recorded conversations between Plaintiffs and Defendants, contradicting Plaintiffs' claims regarding their intent and financial transactions.
- **Relevance**: Directly refutes Plaintiffs' claims regarding the down payment, mortgage, and ownership interests.
- **Authentication & Admissibility**:

DEFENDANTS' OFFER OF PROOF PURSUANT TO
ER 103(A)(2)
PAGE **10** OF 17

ERIC AND SUSAN YOUNG
DEFENDANTS - PRO SE LITIGANTS
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me || jaegersmum@gmail.com

- ER 801(d)(2): Plaintiffs' statements are admissible as party-opponent admissions.

- ER 901(b)(1): Testimony from Defendants authenticates accuracy
  - D-108, pg 53 (bates: DFND-000279): Transcript Certification
  - D-109, pg 104 (bates: DFND-000389): Transcript Certification
  - **Exhibit 1 to D-108 and D-109:**
    "EXHIBIT 1 DECLARATION OF TRANSCRIPT PERSUANT TO ER 901 & ER 904"
    (offered by Defendants, and signed under penalty of perjury)

- **Improperly Excluded Due to**: Inconsistent application of authentication standards.

## V. ADDITIONAL DETAIL / DESCRIPTION OF EXCLUDED EVIDENCE

**(Item 1:) - Police Video (Bodycam Footage) and Professional Transcript**

**Description**: On November 6th, 2023, Plaintiffs Linda Cole, Ted Cole, and collaborator Joell Severns (non-party to this civil action) visited the Baker City Police Department (BCPD), Baker County, Oregon. The videos (total of 3 video files) of that event, recorded by Officer Koby Essex, document Plaintiffs' allegations presented to the officer during the 97-minute 'incident intake' interview. These 3 videos were presented to the court as received by Defendants,

DEFENDANTS' OFFER OF PROOF PURSUANT TO
ER 103(A)(2)
PAGE **11** OF 17

ERIC AND SUSAN YOUNG
DEFENDANTS - PRO SE LITIGANTS
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me || jaegersmum@gmail.com

1  submitted as Defendants' Exhibit D-117, and supplied on a flash drive due to their large file

2  size.

3  Plaintiffs' complaint brought to BCPD is wide-ranging, presented without evidence supporting

4  their claims, and is predominantly the same content which Plaintiffs' attorney - Mr. Merritt at

5  the time – would file in Washington State on the same day.

6  The videos are a critical portion of the record which led to the officer conducting an

7  investigation, consulting with the Baker County District Attorney, and ultimately concluding

8  that Plaintiffs' allegations were unfounded.

9  ***The videos are also critical evidence as they contain Plaintiffs own words offering hundreds***

10 ***of false statements to a police officer, with hundreds more offered by Linda Cole's***

11 ***collaborator Joell Severns***.

12 The irony of Joell's involvement is palpable when, in the first few minutes of the video, she

13 admits to her inescapable and profound ignorance of any material content, saying (regarding

14 Defendant Susan Young), "…I don't know her".  Not to be put off by such ignorance, Joell

15 proceeds to offer in her ignorance over 200 false statements of pure hearsay, which she willfully

16 chose not to validate or verify in any way.  These hundreds of lies were joined by the hundreds

17 offered by Linda (data analysis of the entire transcript reveals a staggering number – over 500 -

18 false statements made by Plaintiffs).

ERIC AND SUSAN YOUNG
DEFENDANTS - PRO SE LITIGANTS
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me || jaegersmum@gmail.com

These videos have been provided to the court as noted, and have been received and preserved

unaltered as originally acquired through the official request process to BCPD and supplied by

Baker County Sheriff's Office – the official records custodian for Baker County

(*See Defendants' Trial Binder – Exhibit D-114, Bates Nos. 001439 – 001447 – for video*

*provenance*)


**(Item 6:) - Deposition of Linda Cole (Entire)**

Defendants also request in this filing the admission of Plaintiffs' Deposition of Linda Cole and

Deposition of Ted Cole in their entirety – both already present before the court as sealed

transcripts and part of Defendants submitted trial exhibits.

Select portions of Linda Cole's deposition have been admitted by the court during trial, but

many more segments of that deposition are directly material to this case, detailing instances

when Linda Cole:

    a. Admitted under oath that many statements she made to BCPD (recorded on Police

        video) directly contradict later sworn testimony supplied to the court

    b. In offering testimony to Police and later the Court, even though events discussed

        were essentially the same dates/times/activities, Linda and her conspirators crafted

        unique (and conflicting) 'flavors' of testimony specific to the intended audience:

        first Police, and later to the Court.

        Linda's statements were inconsistent, often contradictory, and demonstrate

DEFENDANTS' OFFER OF PROOF PURSUANT TO
ER 103(A)(2)
PAGE **13** OF 17

ERIC AND SUSAN YOUNG
DEFENDANTS - PRO SE LITIGANTS
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me || jaegersmum@gmail.com

intentional misrepresentation calculated to evoke an emotional response and thereby garner support from each respective audience, each to do the bidding of Linda Cole in working out her fraud on Defendants, the Police, or the Court – each in their turn.

    c.    Admitted that the BCPD videos capture Linda and her conspirators offering statements to police which are demonstrably false and contradicted by the recordings of October 20th, 2023 and October 21st, 2023 family conversations (admitted by stipulation as trial evidence).

The official transcript, the BCPD video, the police 'Incident Report', the Deposition of Linda Cole, and the transcripts of the October 20th and 21st recordings serve the interests of justice by tearing away the thinly disguised and unmitigated fraud Linda Cole has sought to wreak upon this court and upon her own family, intentionally misleading the former, and attacking the latter without basis, and without evidence to support her claims.

Failure to allow this evidence at the time of trial, or now through this post-trial offer, is unacceptably prejudicial to a just outcome of this trial, and will constitute one of many reasonable grounds for mistrial, reconsideration, or appeal as required.

DEFENDANTS' OFFER OF PROOF PURSUANT TO
ER 103(A)(2)
PAGE **14** OF **17**

ERIC AND SUSAN YOUNG
DEFENDANTS - PRO SE LITIGANTS
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me || jaegersmum@gmail.com

## VI. REQUEST FOR RELIEF

Defendants respectfully request that the court:

A. Accept this Offer of Proof under ER 103(a)(2) to preserve the excluded evidence for appellate review

B. Reconsider prior exclusion rulings and allow these exhibits to be entered into evidence retroactively

C. Admit the following evidence into the trial record for appellate review:

1. Baker City Police Incident Report (DFND Exhibit D-114)

2. Police desk-camera video footage (DFND Exhibit D-117)

3. Certified police video transcript (DFND Exhibit D-103 / Exhibit 007 to Deposition of Linda Cole)

4. Defendants' Emergency Motion to Admit Evidence, Preclude Misleading Statements, and Address Plaintiffs' Credibility Failures, filed January 13, 2025

5. Deposition of Linda Cole (DFND Exhibit D-132 – Sealed copy)

6. Transcripts of October 20 Conversation (D-108) and October 21 Conversation (D-109)

7. Plaintiffs' Discovery Responses

   a. (D-119) – DFNDs Requests for Admissions and Plaintiffs' Responses Thereto

   b. (D-120) – PLTFs Responses to DFNDs 2nd Set of ROGs/RFPs (ROGs-2)

   c. (D-121) – PLTFs Supplemental Responses to DFNDs 1st Set of ROGs/RFPs (ROGs-1)

D. Incorporate the Emergency Motion to Admit Evidence into the trial record to document the improperly denied motion

E. Acknowledge the specific evidentiary errors made during trial, particularly the exclusion of police records, video evidence, and impeachment testimony

DEFENDANTS' OFFER OF PROOF PURSUANT TO
ER 103(A)(2)
PAGE **15** OF 17

ERIC AND SUSAN YOUNG
DEFENDANTS - PRO SE LITIGANTS
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me || jaegersmum@gmail.com

## VII. ATTACHMENTS

- **All items except BCPD Video have been uploaded via e-file system;**
- **BCPD Video is with the court as D-117 on flash drive due to file size;**
- **Hard copies of all other evidence are already present with the court as noted herein:**

1. **Police Incident Report (D-114) & Email from BCPD – In trial binder**

2. **Police Video (D-117) – In possession of the court on flash drive**

3. **Police Video Transcript (D-103) – In sealed copy with the Court**

4. **Defendants' Emergency Motion to Admit Evidence, Preclude Misleading Statements, and Address Plaintiffs' Credibility Failures – Filed 1/13/2025**

5. **Deposition of Linda Cole (D-132) – Sealed official transcript with the Court**

6. **Transcripts of Oct. 20 & 21 Conversations (D-108, D-109) – In trial binder**

7. **Plaintiffs' Discovery Responses (D-120 and D-121 In trial binder):**

   - **(D-119) – Requests for Admissions – Uploaded/Attached**

   - **(D-120) – PLTFs Responses to DFNDs Second ROGs/RFPs (ROGs-2)**

   - **(D-121) – PLTFs Supplemental Responses to DFNDs First Set of ROGs/RFPs (ROGs-1)**

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct. DATED this 4th day of February, 2025, at Spokane, WA.

  /s/    Eric R. Young and Susan L. Young   - Defendants - Pro Se Litigants

DEFENDANTS' OFFER OF PROOF PURSUANT TO
ER 103(A)(2)
PAGE **16** OF 17

ERIC AND SUSAN YOUNG
DEFENDANTS **-** PRO SE LITIGANTS
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me || jaegersmum@gmail.com

25-80037-FPC    Doc 17-6    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 34 of 100

## VIII. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

Matt Mensik                          [   ] U.S. Mail
Riverside NW Law Group               [   ] Hand Delivery
905 W. Riverside Ave, Suite 208      [   ] Facsimile
Spokane, WA 99201                    [ X ] E-Mail
mam@rnwlg.com                        [   ] Legal Messenger

DATED this 4th day of February, 2025, at Spokane, WA.

_/s/ Eric R. Young and Susan L. Young_

ERIC AND SUSAN YOUNG
DEFENDANTS - PRO SE LITIGANTS
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

DEFENDANTS' OFFER OF PROOF PURSUANT TO
ER 103(A)(2)
PAGE **17** OF 17

ERIC AND SUSAN YOUNG
DEFENDANTS - PRO SE LITIGANTS
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me || jaegersmum@gmail.com

FILED
2/12/2025
Timothy W Fitzgerald
Spokane County Clerk

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs<br><br>V.<br><br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | No. 23-2-04734-32<br><br>EMERGENCY MOTION TO:<br> - ADMIT EVIDENCE<br> - PRECLUDE MISLEADING STATEMENTS<br> - ADDRESS PLAINTIFFS' CREDIBILITY<br> FAILURES - AMENDED |

## I. INTRODUCTION

This Amended Motion relates back to the original filing of "EMERGENCY MOTION TO:

ADMIT EVIDENCE, PRECLUDE MISLEADING STATEMENTS, AND ADDRESS

PLAINTIFFS' CREDIBILITY FAILURES" on January 13th, 2025, pursuant to CR 15(c) and

applicable case law. This amendment is made to preserve and clarify issues originally raised,

which were not substantively ruled upon.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

During pre-trial activities, including a conference on Thursday, January 9th, 2025, Plaintiff's counsel falsely represented to the Court that a criminal investigation was ongoing, or implied uncertainty about its status.

This misrepresentation was knowingly false. Plaintiffs and their counselors have long possessed the police report produced by BCPD over 14 months ago, have known the status was closed the day after the complaint was made, and yet have refused to provide it to the Court, constituting a blatant effort to mislead the court and prejudice Defendants.

This history of placing such inflammatory and prejudicial rhetoric before this court has long represented violations of the WSBA Rules of Professional Conduct and demonstrated the frailty and desperate state of Plaintiffs' allegations which have never been substantiated.

## II. RELIEF REQUESTED

Defendants respectfully move for the following relief prior to trial:

1. **Admission of Critical Evidence:**

- The Baker City Police Department (BCPD) Incident Report, which concludes that Plaintiffs' allegations of theft were "unfounded" and resolves key factual disputes.

- Police desk-camera footage and the professionally prepared and certified transcript, which document Plaintiffs' false and contradictory statements to law enforcement and represents critical impeachment evidence.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

2.  **Preclusion of Prejudicial and Unsupported Statements:**

- Defendants request the court preclude Plaintiffs and their counsel from making false or prejudicial claims, including insinuations of an ongoing police investigation or generalized, unsupported and inflammatory attacks on Defendants' character, such as referring to Defendants as "scheming individuals" (Plaintiffs' Trial Brief) and other prejudicial and conclusory language.

3.  **Judicial Estoppel:**

- Defendants invoke judicial estoppel to prevent Plaintiffs from departing from their original allegations in the complaint and attempting to shift their narrative to vague and unsupported attacks on Defendants' character, as set forth in Plaintiffs' trial brief.

4.  **Preservation of the Right to Move for a Directed Verdict:**

- Defendants reserve the right to move for dismissal or a directed verdict under CR 50(a) after Plaintiffs fail to meet their burden of proof.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

## III. BACKGROUND

Plaintiffs' claims are built on a foundation of misrepresentation, contradictions, and bad faith. Nearly 50 documented contradictions (Exhibit 1) are herein provided which demonstrate a deliberate effort by Plaintiffs to craft conflicting narratives tailored to police, the court, and their own convenience. These contradictions not only destroy Plaintiffs' credibility but also render their claims legally and factually unsustainable.

In a last-minute attempt to salvage their case, Plaintiffs' trial brief departs significantly from the original allegations in their complaint, attempting to shift the focus from financial transactions to vague accusations of "scheming" and "ingratiating themselves" with elderly parents. This tactic not only lacks evidentiary support but also violates the principle of judicial estoppel, which prohibits parties from changing positions to suit their current objectives.

## IV. STATEMENT OF FACTS

1. Plaintiffs allege fraud and theft relating to financial transactions, including two wire transfers totaling $362,012.66.

2. Plaintiffs' own statements, including sworn declarations, deposition testimony, and police interviews, are rife with contradictions, as detailed below and in Exhibit 1.

EMERGENCY MOTION TO: - ADMIT EVIDENCE - PRECLUDE MISLEADING STATEMENTS - ADDRESS PLAINTIFFS' CREDIBILITY FAILURES - AMENDED PAGE **4** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1    3.   Plaintiffs failed to subpoena or call witnesses who can authenticate the financial

2         transactions central to their claims.

3    4.   The Baker City Police Department investigated Plaintiffs' theft allegations and closed

4         the case as "unfounded" within 24 hours, directing Plaintiffs to retrieve their belongings

5         from Defendants.

6    5.   Plaintiffs now shift focus in their trial brief to generalized character attacks, referring to

7         Defendants as "scheming individuals," abandoning the specific allegations in their

8         complaint.

9                          **V.   LEGAL ARGUMENT**

10   **A.  Admission of Critical Evidence is Necessary to Prevent Prejudice**

11       1.   **Baker City Police Incident Report:**

12           i)   Admissible under ER 803(8) as a public record.

13           ii)  Documents the closure of Plaintiffs' theft allegations as "unfounded," directly

14               refuting Plaintiffs' claims.

15       2.   **Police Desk-Camera Footage and Transcript:**

16           i)   Admissible under ER 801(d)(2) as party-opponent admissions.

17           ii)  Captures Plaintiffs' false and contradictory statements during their police

18               complaint, providing critical impeachment evidence.

19   **Immediate admission of these materials is essential to counter Plaintiffs' shifting**

20   **narrative and prevent undue prejudice.**

21   EMERGENCY MOTION TO: - ADMIT EVIDENCE -          ERIC AND SUSAN YOUNG, PRO SE
     PRECLUDE MISLEADING STATEMENTS - ADDRESS                12402 N Division St #167
22   PLAINTIFFS' CREDIBILITY FAILURES - AMENDED                  Spokane, WA 99218
     PAGE **5** OF **185**                                    PHONE (936-463-8411)
23                                                           eyoung-encrypt@pm.me
                                                             jaegersmum@gmail.com

**B. Plaintiffs Must Be Precluded from Making Misleading or Prejudicial Statements**

Throughout the duration of this matter before the court, Plaintiffs have engaged through their counsel in a war of defamation upon Defendants, with near-constant corruption of court filings and oral arguments containing prejudicial, inflammatory, and conclusory language designed to prejudice Defendants and manipulate the court.

Plaintiffs' latest trial brief via replacement counsel again attempts to create bias by falsely insinuating the existence of an ongoing police investigation and making unsupported character attacks against Defendants. These statements are:

1. **Prejudicial:** Designed to inflame and mislead the Court.

2. **Unsupported by Evidence:** The Baker City Police Department conclusively closed the investigation as "unfounded" over a year ago

3. **Irrelevant:** Broad character attacks have no bearing on the specific claims alleged in Plaintiffs' complaint.

**Courts routinely preclude such statements under ER 403 to prevent undue prejudice and confusion. (State v. Rupe, 101 Wn.2d 664 (1984)).**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

### C. Judicial Estoppel Bars Plaintiffs' Shifting Narrative

1. **Legal Standard:** Judicial estoppel prevents a party from asserting inconsistent positions in judicial proceedings to gain an unfair advantage (Arkison v. Ethan Allen, Inc., 160 Wn.2d 535 (2007)).

2. **Application**:

   i. Plaintiffs' complaint focuses on specific allegations of theft and fraud relating to financial transactions.

   ii. Plaintiffs' trial brief abandons these claims, instead making vague and generalized attacks on Defendants' character.

   iii. Allowing Plaintiffs to shift their narrative would prejudice Defendants, who prepared their defense based on the original allegations.

**Judicial estoppel applies here to maintain the integrity of the judicial process and prevent Plaintiffs from exploiting their shifting narrative.**

### D. Plaintiffs' Credibility Failures Preclude a Prima Facie Case

Plaintiffs' claims are irreparably compromised by numerous contradictions and outright falsehoods, as documented in depositions, sworn declarations, police reports, and supplemental filings. Below are summarized examples of several key contradictions, including knowingly-false statements proffered by Plaintiffs in their responses to Requests for Admission.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**Full details are provided in Exhibit 1 parts I – VI, followed by Exhibit 2 – Document Source Extracts.**

    1. **Bankruptcy Denial vs. Public Record (Contradiction No. 1)**

Plaintiff Linda Cole offered a false statement during her deposition when she denied filing for bankruptcy in California, and yet the record shows that she did in fact initiate a Chapter 7 bankruptcy, discharged in 2012.

    2. **Dog Ownership Claim vs. Video Evidence (Contradiction No. 2)**

Plaintiff alleged Defendants stole her dog but admitted on video that the dog was left with Defendants voluntarily – offering false testimony to both police and later to the court on this matter.

    3. **Wire Transfer Authorization vs. Deceptive Means (Contradiction No. 3)**

Plaintiff alternately claims She (Linda) authorized a $119,698 wire transfer, then asserts that 'Susan did it', then that 'Eric did it', and then vaguely argues in their complaint that Defendants fraudulently obtained it. These intractable contradictions render Plaintiffs' case unsustainable.

    4. **Shifting Ownership Narrative (Contradiction Nos. 17, 18, 19)**

Plaintiff inconsistently claims she was a co-owner, sole purchaser, or only a contributor to the house purchase.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

5. **Fabricated $62k Wire Transfer (Contradictions Nos. 12 and 13)**

Plaintiff claimed she requested a $62,314 wire transfer but admitted under oath that no such transfer or request for it occurred.

6. **Police Investigation Findings Misrepresented (Contradiction No. 33)**

Plaintiffs' repeatedly suggested an ongoing police investigation, despite the Baker City Police Department closing the case as "unfounded."

7. **Contradictions in Statements on Wire Forms (Contradictions Nos. 25 and 26)**

Plaintiff claimed she signed two wire forms but later testified she signed only one.

8. **Allegation of Fraudulent Funds (Contradiction No. 28)**

Plaintiff stated in her declaration that the funds were gifted but later alleged they were obtained illegally by Defendants.

9. **Many More Contradictions and False Statements in Admissions**

Summarized contradictions, including misstatements regarding bank interactions, fabricated allegations of stolen property, and shifting accounts of Plaintiffs' knowledge of financial transactions, are detailed in Exhibit 1.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# VI. CONCLUSION

**Defendants respectfully request the Court:**

1. Admit the Baker City Police Department Incident Report and Police Desk-Camera Footage and Transcript into evidence immediately.

2. Preclude Plaintiffs and their counsel from making false or prejudicial statements insinuating any ongoing police investigation or unfounded character attacks.

3. Apply judicial estoppel to bar Plaintiffs from abandoning their complaint and advancing a new and twisted narrative in their trial brief.

4. Reserve Defendants' right to move for dismissal or a directed verdict under CR 50(a) when Plaintiffs fail to present sufficient evidence.

   This amended document now being presented after trial,
   "DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' CLAIMS AS FRAUDULENT, MOTION FOR JUDGMENT AS A MATTER OF LAW (CR 50), AND REQUEST FOR JUDICIAL FINDINGS OF FRAUD ON THE COURT"
   is submitted awaiting the decision of the court

**The evidence and Plaintiffs willful fraud upon the court can only result in no legal basis by which any reasonable trier of fact could possibly find for Plaintiffs after Plaintiffs' record of fraud on the court, and the discriminatory and prejudicial actions of the court under that manipulation.**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

Amended this 11th day of February, 2025, at Spokane, WA.

Date originally filed: the 12th day of January, 2025, at Spokane, WA.

Respectfully submitted,

/s/     *Eric R. Young and Susan L. Young*
ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **11** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

## VII.  CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [  ] U.S. Mail |
| Riverside NW Law Group | [  ] Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [  ] Facsimile |
| | [X] E-Mail |
| Spokane, WA 99201 | [  ] Legal Messenger |
| mam@rnwlg.com | |

Amended this 11th day of February, 2025, at Spokane, WA.

Date originally filed:  the 12th day of January, 2025, at Spokane, WA.

*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **12** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# EXHIBIT 1 - PART I of VI

## DEFENDANTS' CATALOG OF PLAINTIFFS DOCUMENTED

## FALSE STATEMENTS IN REQUESTS FOR ADMISSION AND

## CONTRADICTIONS OF SWORN TESTIMONY

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **13** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**REQUEST FOR ADMISSION NO. 47**

Admit that you became frustrated with OWFCU preventing access to your funds and decided to liquidate your accounts, changing the amount of your original wire request, and the amount of the gift letter, from $180,000 to $242,314.62

**RESPONSE**

**Plaintiffs admit that Plaintiffs became frustrated with OWFCU, and intended to transfer the $242,314.62 balance** out of their OWFCU account to their Chase Bank account *so Defendants would have access to those funds in Spokane, Washington*.   There is no OWFCU branch located in Spokane, Washington.

Deny the remainder

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**Verified Complaint:**

14.     Through fraudulent and deceptive means, Defendants obtained a wire transfer request from Plaintiffs in the amount $242,334.62, and arranged to have the money transferred to an account held by Defendants.

MS. SEVERNS:  Now I have a question for you.

MR. COLE:  Uh-huh.

MS. SEVERNS:  Did you intend to put the $180,000 into Eric's account so -- because he's the one that was going to do the mortgage?

MS. COLE:  He needed -- somebody needed there to put it into the mortgage.· He was going to handle that part.

-   *COLE VS YOUNG POLICE INTAKE  NOVEMBER 06, 2023 pg 54, lines 17-25*

MS. COLE:  And we took the -- we wanted $180k out of that to go for the down payment on the house.

OFFICER ESSEX:  Okay.

MS. COLE:  The rest of that was to go into the account, my account… was going to have it put into Chase.

-   *COLE VS YOUNG POLICE INTAKE  NOVEMBER 06, 2023 pg 51, lines 2-9*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**REQUEST FOR ADMISSION NO. 8**

Admit that while speaking to police in Baker City, you, Linda, together with Joell Severns, conspired to assert your speculation, without evidence, that Defendant, Susan, 'called OWFCU and stole the $119k by impersonating Linda'.

**RESPONSE**

Deny.

BY MS. YOUNG:

Q.   So Ms. Cole, the same day you made this statement to the Court under oath, you made a completely different statement to Officer Essex. Officer Essex asked you about the second wire transfer for 119.  You said Susan called  your bank and pretended to be you to obtain the second wire transfer, didn't you?

BY MS. YOUNG:

Q.   Ms. Cole, I'm asking you if you accused Defendant of calling your bank and pretending to be you to obtain a wire transfer in the amount of $119,000.

-   ***DEPOSITION OF LINDA COLE, NOVEMBER 06, 2024  pg 57, lines 5-10 and 23-25***

**CONTRADICTION IN STATEMENT OR FACT**

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **16** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1   THE DEPONENT:  I believe that is true.

2   BY MS. YOUNG:

3   Q.  You believe it is true.  Okay.

4   A.  Uh-huh.

5   Q.  You and your neighbor made this statement, recorded by Officer Essex on video.  The

6   transcript will be provided. It's Page 52, Lines 7 through 19.

7   Officer Essex asked, "And what was the top number for?  Four days later, there's another 120."

8   Your neighbor, Joell Severns, says, "We think the daughter did it, acted like her." You agreed,

9   explaining, "Because she's got – she had all my information.· She sounds sort of, more or less,

10  like me, and they wouldn't have known the difference.  She could give them all the information,

11  everything that she needed to know."  Do you recall making that statement, Ms. Young?

12  BY MS. YOUNG:

13  Q.  Ms. Cole.  Excuse me.

14  …

15  THE DEPONENT:  I do.

16  -  *DEPOSITION OF LINDA COLE, NOVEMBER 06, 2024  pg 58, lines 1-25*

17

18  **REQUEST FOR ADMISSION NO. 12**

19  Admit that during your complaint of theft to Officer Essex on November 6, 2023, when asked

20  by Officer Essex: "So Old West got a call from him, and they approved?", you replied

21
      ERIC AND SUSAN YOUNG, PRO SE
    12402 N Division St #167
    Spokane, WA 99218
    PHONE (936-463-8411)
    eyoung-encrypt@pm.me
23  jaegersmum@gmail.com

"Apparently", and went on to elaborate that it was your supposition that your daughter impersonated you "because she's got… all my information, she sort of sounds more or less like me and they wouldn't have known the difference."

**RESPONSE**

Admit that Linda told the Baker City police officer that her daughter may have impersonated her. Plaintiffs deny all remaining allegations in this request.

- ***DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION AND RESPONSES THERETO** Page 10, lines 18-21 and Page 11, lines 1-14*

EMERGENCY MOTION TO: - ADMIT EVIDENCE - PRECLUDE MISLEADING STATEMENTS - ADDRESS PLAINTIFFS' CREDIBILITY FAILURES - AMENDED PAGE **18** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**REQUEST FOR ADMISSION NO. 22**

Admit, that you, Linda, on October 21st, 2023, while departing Defendant's house in Spokane, WA, told everyone present (3 people besides yourself) 'we know that the dog will stay here, and Defendant Eric Young commented, 'If that's the case, just understand that's your own choice. As long as we're all clear that we're not kidnapping your dog', and that you replied, 'No, you're not'. "

**RESPONSE**

Deny.

**CONTRADICTION IN STATEMENT OR FACT**

"00:52:03 Linda:   And we know that the dog will stay here.

00:52:05 Susan:   Well, [sighs] you guys are all over the place…

00:52:07 Linda:   she has everything upstairs

00:52:09 Susan:   things are all over the place

00:52:11 Linda:   She is not a traveler.

00:52:13 Linda:   She's not one that can be travelling

00:52:15 Eric:     So...

00:52:17 Eric:     If that's the case,

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1    00:52:19 Eric:    just understand that's your own choice."

2    00:52:21 Eric:    So...

3    00:52:23 Linda:   well, she can't travel.

4    00:52:25 Linda:    She gets sick, sick, sick.

5     Susan:    She does…it was miserable for her.

6    00:52:27 Eric:    Okay.

7    00:52:29 Eric:    Well, as long as we're all clear that we're not kidnapping your dog.

8    00:52:31 Linda:   No, you're not.

9    00:52:31 Ted:    [Ted chuckling…Noooo]

10    Eric:    Good.

11    00:52:35 Eric:    I don't want to hear that from anybody.

12    00:52:37 Linda:   We...I've considered that she's been yours

13    00:52:39 Linda:   since day one.

14    00:52:41 Susan:   Ooohh boy…

15    00:52:43 Eric:    I've had enough false accusations

16    00:52:45 Eric:    with Ron's insanity too.

17    00:52:47 Eric:    So I'm done..."

18    -   *EX-D-24-TRANSCR-DFND-OCT21-TRXSCR-LINDA-FAMCHAT-2 pg 85,*

19      *lines 14-21 and pg 86, lines 1-18*

20

21    EMERGENCY MOTION TO: - ADMIT EVIDENCE -              ERIC AND SUSAN YOUNG, PRO SE
      PRECLUDE MISLEADING STATEMENTS - ADDRESS                    12402 N Division St #167
22    PLAINTIFFS' CREDIBILITY FAILURES - AMENDED                  Spokane, WA 99218
      PAGE **20** OF **185**                                      PHONE (936-463-8411)
23                                                                eyoung-encrypt@pm.me
                                                                  jaegersmum@gmail.com

**REQUEST FOR ADMISSION NO. 9**

Admit that you, Linda, told police "$180k was supposed to go to his [Eric Young's] account" and that "the rest was to go to my account"


**RESPONSE**

Deny

- *DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION AND RESPONSES THERETO Page 8, lines 18-21 through page 9, lines 1-11*

MS. SEVERNS: Now I have a question for you.

MR. COLE: Uh-huh.

MS. SEVERNS: Did you intend to put the $180,000 into Eric's account so -- because he's the one that was going to do the mortgage?

MS. COLE: He needed -- somebody needed there to put it into the mortgage.· He was going to handle that part.

- *COLE VS YOUNG POLICE INTAKE NOVEMBER 06, 2023 pg 54, lines 17-25*

MS. COLE: And we took the -- we wanted $180k out of that to go for the down payment on the house.

OFFICER ESSEX: Okay.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

MS. COLE:  The rest of that was to go into the account, my account…  was going to have it put

into Chase.

- ***COLE  VS  YOUNG  POLICE  INTAKE   NOVEMBER 06, 2023  pg 51, lines 2-9***

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **22** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**REQUEST FOR ADMISSION NO. 29**

Admit that on the day of going to find a notary, your son-in-law showed you the printed wire forms and called out to you that OWFCU representatives had incorrectly filled in the domestic wire form for the second wire of ~$119k when they entered Defendant's bank information as destination

**RESPONSE**

Deny.

MS. COLE:  And I told him to be careful.  "Make sure that goes into my account."  Well, THE NEXT DAY, they both came up to me and they said,  "Oh, mom, mom.  They transferred that into Eric's account."  And then I knew.  Then I knew.

-   *COLE VS YOUNG POLICE INTAKE  NOVEMBER 06, 2023  pg 14, lines 19-23*

   *Date of $119k Wire Request - Friday Oct 13*

   *Date of visit to Postal Annex notary, Saturday Oct 14 – THE NEXT DAY.*

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **23** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**REQUEST FOR ADMISSION NO. 15**

Admit that you, Linda, told police you intended for funds to go into Defendant's account as 'he was the one applying for the mortgage'.

**RESPONSE**

Deny.

MS. SEVERNS:  Now I have a question for you.

MR. COLE:  Uh-huh.

MS. SEVERNS:  Did you intend to put the $180,000 into Eric's account so -- because he's the one that was going to do the mortgage?

MS. COLE:  He needed -- somebody needed there to put it into the mortgage.· He was going to handle that part.

OFFICER ESSEX:  Right.

MS. COLE:  That 180,000, he was just going to handle that.

-   *COLE VS YOUNG POLICE INTAKE, NOVEMBER 06, 2023 pg 54, lines 17-25 to 55, lines 1-3*

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **24** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**REQUEST FOR ADMISSION NO. 48**

Admit that you, Linda, told police that you never spoke to anyone at Old West Federal Credit Union.

**RESPONSE**

Deny.

MS. COLE:· Oh, you know what I should do?

MS. SEVERNS:· Huh?

MS. COLE:· I never thought about it.  But I should call and ask them did they put that in his account by his own asking for it.· I never thought to ask that.

MS. SEVERNS:· You -- you mean you told me that they'd never talked to you.

MS. COLE: Uh-huh.

MS. SEVERNS:· They only talked to Eric.

MS. COLE:· Right.· I bet you he told them to put it -- gave him -- his account number --

MS. SEVERNS:· Uh-huh.

- *COLE VS. YOUNG POLICE INTAKE, page 35, lines 1-11*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**INTERROGATORY NO. 19**

How many months prior to October 7, 2023 did you begin living with Defendants and providing their home address as yours?

**ANSWER:**

Objection. This request is vague, ambiguous, unintelligible, argumentative, compound, assumes facts not in evidence, presumes facts in dispute (or to which Plaintiff's disagree). It is not clear who the "you" that is being referred to in this interrogatory, but it is assumed the interrogatory is referring to Linda Cole.

Without waiving said objection, Plaintiffs respond as follows:

Plaintiffs maintain that they never truly lived with the Defendants but only stayed at their house on occasion. During the vague timeframe that Plaintiffs believe the Defendants are references, Plaintiffs continued to travel back and forth to their home in Baker City, Oregon. Plaintiffs used the Defendants address for medical providers and Optimum only at Defendant Susann's insistence, but never officially changed their address to that of the Defendants'.

- *DEFENDANT'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND RESPONSES THERETO – page 21, lines 20-28 and page 22, lines 1-10*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1

2      BY MS. YOUNG:

3      Q.  All right.  When you were moving out of Defendant's house, did you sit down at the

4      kitchen table and have a conversation with them?

5      A.  We were sitting at your table, having a conversation with you, yes, and that was

6      before we moved

7      out.

8   -   *DEPOSITION OF LINDA COLE, NOVEMBER 06, 2024  pg 44 lines 13-18*

9

10

11     BY MS. YOUNG:

12     Q.  Ms. Cole, when you were moving out of Defendant's home, you recorded on your

13     telephone the conversation that we all had at the kitchen table; isn't that true?

14     A.  Your statement is not clear.

15     BY MS. YOUNG:

16     Q.  All right.  When you were moving out of Defendant's house, did you sit down at the

17     kitchen table and have a conversation with them?

18     A.  We were sitting at your table, having a conversation with you, yes, and that was

19     before we moved

20     out.

21

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

23

1    -   *DEPOSITION OF LINDA COLE, NOVEMBER 06, 2024  pg 44 lines 13-18*

2

3        BY MS. YOUNG:

4        Q.   Ms. Cole, when you were moving out of Defendant's home, you recorded on your

5        telephone the conversation that we all had at the kitchen table; isn't that true?

6        A.   Your statement is not clear.

7        Q.   All right.  I will --

8        A.   I --

9        Q.   -- restate the question.

10       A.   No.  Let me finish, please.  We were having a conversation at your home, and yes, I

11       did record what was being said.  And that was prior to our moving out.

12       Q.   All right.  During this conversation, you told Defendants that you were moving back

13       to Baker City because you wanted to finish the remodel of your home; isn't that true?

14       A.   I may have.

15   -   *DEPOSITION OF LINDA COLE, NOVEMBER 06, 2024  pg 45 lines 6-21*

16

17       THE DEPONENT:  Clarify that, please.

18       BY MS. YOUNG:

19       Q.   Certainly.  Ms. Cole, did you at any time tell Defendants that the purpose of your

20       moving back to Baker City was because your husband, Ted, never wanted to leave?

21   EMERGENCY MOTION TO: - ADMIT EVIDENCE -                      ERIC AND SUSAN YOUNG, PRO SE
     PRECLUDE MISLEADING STATEMENTS - ADDRESS                        12402 N Division St #167
22   PLAINTIFFS' CREDIBILITY FAILURES - AMENDED                      Spokane, WA 99218
     PAGE **28** OF **185**                                          PHONE (936-463-8411)
                                                                     eyoung-encrypt@pm.me
23                                                                   jaegersmum@gmail.com

1          A.  That is true

2      -   *DEPOSITION OF LINDA COLE, NOVEMBER 06, 2024  pg 46, lines 2-7*

3

4          Q.  Ms. Cole, your grandson is a minor, as we've already established.  You moved into

5      Defendants' home in the summer of 2023.  I put it to you --

6          A.  No, not in the summer.

7      -   *DEPOSITION OF LINDA COLE, NOVEMBER 06, 2024  pg 129, lines 13-16*

8

9

10

11         Q.  Okay.  Ms. Cole, you did live with Defendants previously; is that correct?

12         A.  For a short time.

13         Q.  What dates --

14         A.  At your insistence.· You're wanting us to be up there.  We were quite happy where

15     we were.

16     -   *DEPOSITION OF LINDA COLE, NOVEMBER 06, 2024  pg 198, lines 2-7*

17

18

19

20

21     EMERGENCY MOTION TO: - ADMIT EVIDENCE -          ERIC AND SUSAN YOUNG, PRO SE
       PRECLUDE MISLEADING STATEMENTS - ADDRESS            12402 N Division St #167
22     PLAINTIFFS' CREDIBILITY FAILURES - AMENDED            Spokane, WA 99218
       PAGE **29** OF **185**                              PHONE (936-463-8411)
                                                           eyoung-encrypt@pm.me
23                                                         jaegersmum@gmail.com

**CONTRADICTION NO. 1**

Depos: File Bankruptcy in CA? "NO"

**- VS -**

**Bankruptcy Record Transunion**

================================

**PLAINTIFFS' STATEMENT**

BY MS. YOUNG:

MS. YOUNG: Q. Okay. So the question was: Where was the property

MS. YOUNG: that you lost to foreclosure?

MS. COLE: A. It was --

MS. COLE: THE DEPONENT: -- in your area.

BY MS. YOUNG:

MS. YOUNG: Q. You don't remember where?

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **30** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1    MS. COLE:   A.  Yeah, it was in Bentwater, in your area where you

2    MS. COLE:   lived, where you --

3    MS. YOUNG: Q.  All right.

4    ...

5    **MS. YOUNG:     Q.  Ms. Cole, did you not also file for a bankruptcy**

6    **MS. YOUNG:     in California?**

7    **MS. COLE:  A.  No.**

8    **MS. YOUNG:     Q.  To be clear for the record, you are stating that**

9    **MS. YOUNG:     you never filed for bankruptcy in the State of California?**

10    **MS. COLE:  A.  We did not.**

11    **MS. YOUNG:     Q.  Okay.**

12    **MS. COLE:  A.  If we had -- if we had, we would have known that.**

13

14    -- SOURCE:  Deposition-Linda-Cole, Pg: 99, Line: 24 to Pg: 101, Line: 24

15

16    ----------------------------------------------

17

18    **CONTRADICTION IN STATEMENT OR FACT**

19

20    Bankruptcy filing data from TransUnion Credit Report - 2017:

21    EMERGENCY MOTION TO: - ADMIT EVIDENCE -         ERIC AND SUSAN YOUNG, PRO SE
     PRECLUDE MISLEADING STATEMENTS - ADDRESS         12402 N Division St #167
22    PLAINTIFFS' CREDIBILITY FAILURES - AMENDED         Spokane, WA 99218
     PAGE **31** OF **185**                        PHONE (936-463-8411)
23                                        eyoung-encrypt@pm.me
                                        jaegersmum@gmail.com

CALIFORNIA FEDERAL COURT - FRESNO Docket# 1211841

1130 O ST

COURT CLERK - ROOM 2656

FRESNO, CA 93721

(209) 498-7217

Date Filed: 02/29/2012

Date Paid: 06/27/2012

Date Updated: 06/28/2012

Type: CHAPTER 7 BANKRUPTCY DISCHARGED

Responsibility: Contractually Liable Debt

Court Type: Federal District

Plaintiff Attorney: VINCENT A GORSKI

Estimated month and year that this item will be removed: 01/2022

-- SOURCE:  Credit Report


-----------------------------------------------


ANALYSIS:  Plaintiffs' fictional narrative was manufactured in a reality vacuum.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1) PLTF had known foreclosures and a bankruptcy, though DFNDs did not know at the time the dates and PLTFs did not recall dates either

2) It was never considered part of plan to have PLTFs on the loan

3) Lending was going to be FHA, with specific rules re: gifted funds for down payment

4) FHA loan had known loan max value, which drove the required down payment amount

5) As party to neither the loan nor the purchase agreement, gifted funds COULD ONLY be transmitted to DFNDs bank - as Linda admits in police video was the plan she fully knew and supported (technically funds could have been sent to title company, but again was not the arrangement because of loan qualification steps involved, and upcoming remodeling work to make the new house livable)

6) Therefore ANY manufactured assertions that PLTF 'was supposed to have this or be a part of that' is simply an illegitimate atttempt to "back into" a fictional narrative

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1    **CONTRADICTION NO. 2**

2

3    **PLTF - Court - Accuse - Stole Dog**

4    **- VS -**

5    **PLTF Stated:  "Dog Will Stay Here"**

6

7    ===============================

8

9    **PLAINTIFFS' STATEMENT**

10

11    Summary:

12    PLTF 2nd Allegation - Court - Theft of Dog:

13

14    (QUOTE)

15    "they refused to allow me to take the dog home with me or even to see the dog when it was

16    time to leave.  To date, they still have my dog."

17    -- SOURCE:  EX009 SUPPLEMENTAL DEC.-DFND-000180-000196, Pg: 3, Item: 6, Line: 27

18

19    ----------------------------------------------

20

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**CONTRADICTION IN STATEMENT OR FACT**

**Summary:**

**PLTF: The dog will stay here…not kidnapping your dog**


(QUOTE)

‘0:52:03    Linda    And we know that the dog will stay here.

‘0:52:05    Susan    Well, [sighs] you guys are all over the place…

‘0:52:07    Linda    she has everything upstairs

‘0:52:09    Susan    things are all over the place

‘0:52:11    Linda    She is not a traveler.

‘0:52:13    Linda    She's not one that can be travelling

‘0:52:15    Eric    So...

‘0:52:17    Eric    If that's the case,

‘0:52:19    Eric    just understand that's your own choice.

‘0:52:21    Eric    So...

‘0:52:23    Linda    well, she can't travel.

‘0:52:25    Linda    She gets sick, sick, sick.

    Susan    She does…it was miserable for her.

‘0:52:27    Eric    Okay.

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **35** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

| | | | |
|---|---|---|---|
| 1 | '0:52:29 | Eric | Well, as long as we're all clear that we're not kidnapping your dog. |
| 2 | 0.036469907 | Linda | No, you're not. |
| 3 | 0.036469907 | Ted | [ted chuckling…Noooo] |
| 4 | | Eric | Good. |
| 5 | '0:52:35 | Eric | I don't want to hear that from anybody. |
| 6 | '0:52:37 | Linda | We…I've considered that she's been yours |
| 7 | '0:52:39 | Linda | since day one. |
| 8 | '0:52:41 | Susan | Ooohh boy… |
| 9 | '0:52:43 | Eric | I've had enough false accusations |
| 10 | '0:52:45 | Eric | with Ron's insanity too. |

11

12  AND ~15 MINUTES LATER - LINDA SAYS AGAIN:

13

14  '1:08:46   Linda  Susanann, I'm really sorry… about the dog

15  '1:08:48   Linda  But she would be better off here

16  '1:08:50   Susan  I think she probably would, because I wouldn't want her to run out the

17  door with all the work going on there

18  -- SOURCE:  1.3 - Oct21-23-LINDA-FAM-CHAT-2-LeaveSpkn

19

20  ---------------------------------------------

21  EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
22  PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE 36 OF 185

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

23

**ANALYSIS:** *Direct lie, video evidence demonstrating plaintiff has lied on both her testimony to Police AND to the court on her supplemental declaration"*

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **37** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# EXHIBIT 1 - PART II of VI

## DEFENDANTS' CATALOG OF PLAINTIFFS DOCUMENTED FALSE STATEMENTS IN REQUESTS FOR ADMISSION AND CONTRADICTIONS OF SWORN TESTIMONY

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **38** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**CONTRADICTION NO. 3**

**PLTF Arranged $119**

**- VS -**

**'She [DFND] did it…we think the daughter did it'**


================================

**PLAINTIFFS' STATEMENT**


*Summary:*

Linda Cole's statement that she herself authorized the Credit Union to wire a sum of

$119,698.04


(QUOTE)

"Ted and I made a telephone call to old West Federal Credit Union to arrange the wire transfer

and were told we had to be physically in the branch to make the transfer.  During the phone call,

Eric, in the background, was

insistent that the transfer needed to occur immediately.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

"During this conversation, I told the credit

union official that after the $180,000 was wired, I wanted to transfer the remaining $62,314.62 in

the account to a Chase Bank account she held."

"I also asked that the sum of $119,698.04, held in a second Old West Federal Credit Union

account, be transferred to my Chase account."

-- SOURCE:  EX002 DECLARATION LINDA COLE-DFND-000004-000008, Pg: 2, Line 11-18


---------------------------------------------


**CONTRADICTION IN STATEMENT OR FACT**


Summary:

Plaintiff's neighbor, Joell Severns, having no first-hand knowledge, offers conjecture, accusing

without evidence that Defendant, Susan, impersonated Plaintiff.  Plaintiff agrees, stating "she

(Susan) sounds more or less like me".


Contradicting herself in the same paragraph (stating a few lines above that 'He [Eric] did it...')

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **40** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

(QUOTE)

      OFFICER ESSEX:  And what -- what was the

top number for, four days later?  There's another

120

      MS. COLE:  That's what -- that's what he

took out of -- see, he took --

      OFFICER ESSEX:  Was --

      MS. COLE:  -- one account first.

      OFFICER ESSEX:  Yes, I --

      MS. COLE:  And on another day, he went

back and did the other transaction and took

everything out of my other savings.

      OFFICER ESSEX:  So Old West --

      MS. COLE:  Uh-huh.

      OFFICER ESSEX:  -- got a phone call from him.

      MS. COLE:  Apparently.

      OFFICER ESSEX:  And they approved --

      MS. SEVERNS:  We think --

      MR. COLE:  Somehow.

      MS. SEVERNS:  -- the daughter did it.

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **41** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1   Acted like her.

2           MS. COLE:  I think so.

3           MS. SEVERNS:  That's what we think.

4   That's what we suspect happened it came out.

5           MR. COLE:  Because she's got -- she had

6   all my information.  She sounds sort of, more or

7   less, like me.

8           MS. SEVERNS:  And they were over the

9   phone.

10          MS. COLE:  They wouldn't have known the

11   difference.

12  -- SOURCE:  EX007 BCPD TRANSCRIPT-DFND-000023-000170, pg: 51, line: 15  to  pg: 52,

13  line: 20

14

15  ----------------------------------------------

16

17  ANALYSIS:  Clear and obvious contradiction between  Plaintiffs' own testimony to two

18  different officers of the law:  police, and the court, in two different states, both being asserted on

19  the same day in an attempted 'blind-side attack' against Plaintiffs own family.

20

21  EMERGENCY MOTION TO: - ADMIT EVIDENCE -          ERIC AND SUSAN YOUNG, PRO SE
    PRECLUDE MISLEADING STATEMENTS - ADDRESS                  12402 N Division St #167
22  PLAINTIFFS' CREDIBILITY FAILURES - AMENDED                    Spokane, WA 99218
    PAGE 42 OF 185                                                          PHONE (936-463-8411)
                                                                                    eyoung-encrypt@pm.me
23                                                                              jaegersmum@gmail.com

Plaintiff cannot manufacture and distribute conflicting allegations of 'someone stole xyz' tailored to distinct audiences (LEO, and then the Court), and expect to be taken seriously.

These contradictions render the fraud and conversion elements of this case, and all related or incumbent material facts illegitimate, and therefore no dispute is possible. These contradictions also remove Plaintiffs' rights to further their fraudulent action in a legal process to which they availed themselves, and then disrespected by presenting false and perjured testimony."

EMERGENCY MOTION TO: - ADMIT EVIDENCE - PRECLUDE MISLEADING STATEMENTS - ADDRESS PLAINTIFFS' CREDIBILITY FAILURES - AMENDED PAGE **43** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**CONTRADICTION NO. 4**

**TITLE:  Asked for 3 wires totaling $362k**

**- VS -**

Told Officer Essex that Eric asked for those wires"

================================

**PLAINTIFFS' STATEMENT**

Q.   Okay.  So just to be clear, after providing sworn testimony to the Court that you called Old West and requested three wire transfers totaling $362,012.66, you then told Officer Essex that Eric did it, correct?

MR. MENSIK:  Object to form.  Asked and answered, misstates testimony.   Answer, if you can.

THE DEPONENT:  No, I can't answer that.  I'm not going to answer that.

-- SOURCE:  Deposition-Linda-Cole, Pg: 71,  Line 4 - 12

---------------------------------------------

EMERGENCY MOTION TO: - ADMIT EVIDENCE - PRECLUDE MISLEADING STATEMENTS - ADDRESS PLAINTIFFS' CREDIBILITY FAILURES - AMENDED PAGE **44** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**CONTRADICTION IN STATEMENT OR FACT**

MS. COLE: That's what -- that's what he took out of -- see, he took --

OFFICER ESSEX: Was --

MS. COLE: -- one account first.

OFFICER ESSEX: Yes, I --

MS. COLE: And on another day, he went back and did the other transaction and took everything out of my other savings.

-- SOURCE: EX007 BCPD TRANSCRIPT-DFND-000023-000170, pg: 52, line 1-5

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **45** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**CONTRADICTION NO. 5**

**Suppl. Decl pg3 item 7**

**- VS -**

**Suppl. Decl pg3 item 10**

================================

**PLAINTIFFS' STATEMENT**

Summary:

Plaintiff states 'furniture taken by Eric',

(QUOTE)

"We also had new furniture, still int the box from the store, that we bought and was delivered to

us for a home remodel that was still in progress on our Baker City home; all of the new

furniture was also taken by Eric."

"We still do not know everything that was taken Eric while we were gone."

-- SOURCE:  EX009 SUPPLEMENTAL DEC.-DFND-000180-000196, pg 2 item 7]

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **46** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

-----------------------------------------------

**CONTRADICTION IN STATEMENT OR FACT**

Summary:

Plaintiff says 2 paragraphs later, 'retrieved our furniture from a storage unit we had our own access to'

(QUOTE)

"We made a trip to Spokane thereafter and retrieved our new furniture from a storage unit we had our own access to and brought our vehicles home as well."

ADDITIONAL CONTRADICTION:

OCT-21-2023 RECORDING - LINDA HAD LOST THEIR KEY TO THE STORAGE FACILITY, ERIC HAD TO GIVE THEM THE SPARE (AND ONLY REMAINING) KEY

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **47** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

-- SOURCE:  EX009 SUPPLEMENTAL DEC.-DFND-000180-000196, Pg: 4, Item: 10, Line:

43

**CONTRADICTION NO. 6**

PLTF Admits in deposition that she told BCPD 'the daughter did it'

- VS -

Req. for Admissions - PLTF DENIES that she said that

===============================

**PLAINTIFFS' STATEMENT**

Summary:

PLTF Admits to accusing daughter to police

(QUOTE)

MS. YOUNG: Q.   So Ms. Cole, the same day you made this statement

MS. YOUNG: to the Court under oath, you made a completely different

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **48** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1    MS. YOUNG: statement to Officer Essex. Officer Essex asked you about

2    MS. YOUNG: the second wire transfer for 119.  You said Susan called

3    MS. YOUNG: your bank and pretended to be you to obtain the second wire

4    MS. YOUNG: transfer, didn't you?

5    MR. MENSIK:          Object to form.

6    MR. MENSIK:          Answer, if you can remember.

7    MS. COLE:            THE DEPONENT:  Can you reread all that you just

8    MS. COLE:            said, please?

9    MS. YOUNG: BY MS. YOUNG:

10   MS. YOUNG: Q.   Certainly.  After providing sworn testimony to the

11   MS. YOUNG: Court, that you had called your own credit union and

12   MS. YOUNG: arranged for these wire transfers, including the 119, on the

13   MS. YOUNG: same day, you told Officer Essex that Susan had done that,

14   MS. YOUNG: correct?

15   MS. COLE:            A.   You're -- okay.  You're talking about not the day

16   MS. COLE:            that this was supposed to have been done, but later?

17   MS. YOUNG: Q.   Ms. Cole, I'm asking you if you accused Defendant

18   MS. YOUNG: of calling your bank and pretending to be you to obtain a

19   MS. YOUNG: wire transfer in the amount of $119,000.

20   MS. YOUNG:

21   EMERGENCY MOTION TO: - ADMIT EVIDENCE -
     PRECLUDE MISLEADING STATEMENTS - ADDRESS
22   PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
     PAGE 49 OF 185

23

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1    MS. YOUNG:

2    MS. YOUNG:

3    MR. MENSIK:          Object to form.

4    MR. MENSIK:          Answer, if you can remember.

5    MS. COLE:            THE DEPONENT:  I believe that is true.

6    BY MS. YOUNG:

7    MS. YOUNG: Q.   You believe it is true.  Okay.

8    MS. COLE:            A.  Uh-huh.

9    MS. YOUNG: Q.   You and your neighbor made this statement,

10   MS. YOUNG: recorded by Officer Essex on video.  The transcript will be

11   MS. YOUNG: provided.  It's Page 52, Lines 7 through 19.

12   MS. YOUNG: Officer Essex asked, "And what was the top number

13   MS. YOUNG: for?  Four days later, there's another 120." Your neighbor,

14   MS. YOUNG: Joell Severns, says, "We think the daughter did it, acted

15   MS. YOUNG: like her." You agreed, explaining, "Because she's got -- she

16   MS. YOUNG: had all my information.  She sounds sort of, more or less,

17   MS. YOUNG: like me, and they wouldn't have known the difference.  She

18   MS. YOUNG: could give them all the information, everything that she

19   MS. YOUNG: needed to know." Do you recall making that statement, Ms.

20   MS. YOUNG: Young?

21   EMERGENCY MOTION TO: - ADMIT EVIDENCE -                    ERIC AND SUSAN YOUNG, PRO SE
     PRECLUDE MISLEADING STATEMENTS - ADDRESS                          12402 N Division St #167
22   PLAINTIFFS' CREDIBILITY FAILURES - AMENDED                         Spokane, WA 99218
     PAGE 50 OF 185                                             PHONE (936-463-8411)
                                                                eyoung-encrypt@pm.me
23                                                              jaegersmum@gmail.com

1   MR. MENSIK:          Object to form.

2   BY MS. YOUNG:

3   MS. YOUNG: Q.   Ms. Cole.  Excuse me.

4   MR. MENSIK:          Object to form.

5   MR. MENSIK:          Answer, if you can.

6   MS. YOUNG: All right.

7   MS. COLE:            THE DEPONENT:  I do.

8   MS. YOUNG:

9   MS. YOUNG:

10  MS. YOUNG:

11  BY MS. YOUNG:

12  MS. YOUNG: Q.   I'm sorry?

13  MS. COLE:            A.  I do.

14  -- SOURCE:  Deposition-Linda-Cole, Pg: 57, Line 5

15  thru Pg: 59, Line 3

16

17  ------------------------------------------------

18

19  **CONTRADICTION IN STATEMENT OR FACT**

20

21  EMERGENCY MOTION TO: - ADMIT EVIDENCE -
    PRECLUDE MISLEADING STATEMENTS - ADDRESS
22  PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
    PAGE **51** OF **185**

23

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

Summary:

PLTF DENIES that she accused her daughter - to police - of impersonating her [Linda] to transfer the $119k

(QUOTE)

REQUEST FOR ADMISSION NO. 8

Admit that while speaking to police in Baker City, you, Linda, together with Joell Severns, conspired to assert your speculation, without evidence, that Defendant, Susan, 'called OWFCU and stole the $119k by impersonating Linda'.

RESPONSE

Deny.

// To make sure there is no mistaking the clear contradiction here, let's look at the BCPD transcript excerpt which Plaintiff here is 'denying':

OFFICER ESSEX      So Old West --

MS. COLE:     Uh-huh.

OFFICER ESSEX      -- got a phone call from

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **52** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1    OFFICER ESSEX      him.

2    MS. COLE:      Apparently.

3    OFFICER ESSEX      And they approved --

4    MS. SEVERNS:      We think --

5    MR. COLE:      Somehow.

6    MS. SEVERNS:      -- the daughter did it.

7    MS. SEVERNS:      Acted like her.

8    MS. COLE:    I think so.

9    MS. SEVERNS:      That's what we think.

10   MS. SEVERNS:      That's what we suspect happened it came out.

11   MR. COLE:    Because she's got -- she had  [transcription error, should be MS. COLE]

12   MR. COLE:    all my information.  She sounds sort of, more or

13   MR. COLE:    less, like me.

14   MS. SEVERNS:      And they were over the

15   MS. SEVERNS:      phone.

16   MS. COLE:    They wouldn't have known the

17   MS. COLE:    difference.

18   MS. SEVERNS:      Yeah.

19   MS. COLE:    She could give them all the

20   MS. COLE:    information, everything that she needed to know, --

21

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
22   PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE 53 OF 185

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

23

| | |
|---|---|
| 1 | OFFICER ESSEX      And -- |
| 2 | MS. COLE:    -- account number and |
| 3 | MS. COLE: |
| 4 | MS. COLE:    everything. |
| 5 | OFFICER ESSEX      And they have no |
| 6 | OFFICER ESSEX      safeguards -- |
| 7 | MS. SEVERNS:       Well, -- |
| 8 | OFFICER ESSEX      -- to prevent stuff like |
| 9 | OFFICER ESSEX      that? |
| 10 | MS. SEVERNS:       -- I think that they're in |
| 11 | MS. SEVERNS:       trouble. |
| 12 | -- SOURCE:  REQUEST FOR ADMISSION NO. 8 |
| 13 | |
| 14 | ---------------------------------------- |
| 15 | |
| 16 | ANALYSIS:  Direct lie - |
| 17 | 1) Video evidence VS |
| 18 | 2) Deposition VS |
| 19 | 3) ReqForAdmission 8 |
| 20 | - demonstrating plaintiff has lied in her RFA 8 Response |

21   EMERGENCY MOTION TO: - ADMIT EVIDENCE -            ERIC AND SUSAN YOUNG, PRO SE
     PRECLUDE MISLEADING STATEMENTS - ADDRESS                    12402 N Division St #167
22   PLAINTIFFS' CREDIBILITY FAILURES - AMENDED                     Spokane, WA 99218
     PAGE **54** OF **185**                                      PHONE (936-463-8411)
                                                              eyoung-encrypt@pm.me
23                                                             jaegersmum@gmail.com

OC may argue about wording of the question, but to any reasonable person, the clauses of the question are all true:

'conspired to assert your speculation' - on video, both agreeing to falsehood, this is 'conspiring'

'speculation' - the words on video 'we think...' are speculation

'without evidence...' - no evidence was offered, only speculation, hence accurate

and the remainder is paraphrasing PLTFs statement to police

**Objections amounting to semantic word-games while Plaintiffs mislead the court are obfuscating truth, prejudicial to Defendants, and misleading to the court.**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**CONTRADICTION NO. 7**

**PLTF Arranged $180K**

**- VS -**

**[PLTF] 'became aware…'**

================================

**PLAINTIFFS' STATEMENT**

*Summary:*

Linda Cole's statement that she herself authorized the Credit Union to wire a sum of $180,000

(QUOTE)

"During this conversation, I told the credit

union official that after the $180,000 was wired, I wanted to transfer the remaining $62,314.62

in

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **56** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

the account to a Chase Bank account she held."

"I also asked that the sum of $119,698.04, held in a

second Old West Federal Credit Union account, be transferred to my Chase account."

-- SOURCE:  EX002 DECLARATION LINDA COLE-DFND-000004-000008, Pg: 2, Item: 3,

Line: 11 - 18


---------------------------------------------


**CONTRADICTION IN STATEMENT OR FACT**


Summary:

Linda Cole states she wasn't initially aware of the transfer of funds from her account;

contradicts statement on prior page of the same document


(QUOTE)

"After Ted and I became aware of the transfers of the funds our account, we contacted the

realtor..."

-- SOURCE:  EX002 DECLARATION LINDA COLE-DFND-000004-000008, Pg: 3, Item: 5,

Line: 29


EMERGENCY MOTION TO: - ADMIT EVIDENCE - PRECLUDE MISLEADING STATEMENTS - ADDRESS PLAINTIFFS' CREDIBILITY FAILURES - AMENDED PAGE **57** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

--------------------------------------------

ANALYSIS: Clear and obvious contradiction within Plaintiffs' own testimony - no additional

evidence required.

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **58** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1 **CONTRADICTION NO. 8**

2

3 **PLTF told BCPD 'the daughter did it'**

4 **- VS -**

5 **In Req. for Admissions - PLTF DENIES that she said that**

6

7 ================================

8

9 **PLAINTIFFS' STATEMENT**

10

11 Summary:

12 Linda and Joell Accuse Susan of Impersonating Linda to OWFCU

13

14 (QUOTE)

15 OFFICER ESSEX     So Old West --

16 MS. COLE:     Uh-huh.

17 OFFICER ESSEX     -- got a phone call from

18 OFFICER ESSEX     him.

19 MS. COLE:         Apparently.

20 OFFICER ESSEX     And they approved --

21 EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
22 PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **59** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

23

1    MS. SEVERNS:        We think --

2    MR. COLE:    Somehow.

3    MS. SEVERNS:        -- the daughter did it.

4    MS. SEVERNS:        Acted like her.

5    MS. COLE:        I think so.

6    MS. SEVERNS:        That's what we think.

7    MS. SEVERNS:        That's what we suspect happened it came out.

8    MR. COLE:    Because she's got -- she had  [transcription error, should be MS. COLE]

9    MR. COLE:    all my information.  She sounds sort of, more or

10   MR. COLE:    less, like me.

11

12   -- SOURCE:  EX007 BCPD TRANSCRIPT-DFND-000023-000170, pg: 52, line: 1  to  pg: 52,

13   line: 20

14

15   ---------------------------------------------

16

17   **CONTRADICTION IN STATEMENT OR FACT**

18

19   Summary:

20

21   EMERGENCY MOTION TO: - ADMIT EVIDENCE -
     PRECLUDE MISLEADING STATEMENTS - ADDRESS
22   PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
     PAGE **60** OF **185**

23

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1  RFA No.12 - Asks Linda to confirm what she said as shown on the police video; OC admits the
2  statement, but then prevaricates, ignoring that the rest of the question is a continuation of the
3  same quoted passage - thus is a pointless and obstructionist denial

4

5  (QUOTE)
6  REQUEST FOR ADMISSION NO. 12
7  Admit that during your complaint of theft to Officer Essex on November 6, 2023, when asked
8  by Officer Essex: "So Old West got a call from him, and they approved?", you replied
9  "Apparently", and went on to elaborate that it was your supposition that your daughter
10  impersonated you "because she's got… all my information, she sort of sounds more or less like
11  me and they wouldn't have known the difference." [BCPD bodycam evidence, video 2,
12  00:25.600 - 00:51.760]

13

14  RESPONSE
15  Objection. This request is vague, ambiguous, and appears to combine statements given over
16  Plaintiffs' interview with the Baker City Police Department. Plaintiffs object to this Request as
17  impermissibly compound. The Request can only ask for admission of one fact per request. This
18  request improperly combines two different topics of conversation into a single, contrived
19  question and answer drafted by Defendants.
20  Without waiving said objections, please see the following response:

21
          ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
23  jaegersmum@gmail.com

Admit that Linda told the Baker City police officer that her daughter may have impersonated her.

Plaintiffs deny all remaining allegations in this request.

-- SOURCE:  REQUEST FOR ADMISSION NO. 12


--------------------------------------------


ANALYSIS:  Direct lie -

1) Video evidence proof VS

2) Admission in Deposition VS

3) ReqForAdmission 12

- demonstrating plaintiff has hedged in response in her RFA 12 Response:

 a)  partially admitted the statement

 b)  partially lied by trying to split the question (the source quote) into two parts as if they were

separate items (however, they are one quote and there can be no legitimate separation from the

two;  objection 'deny all remaining allegations in this request' is nothing but smokescreen


OC may argue about wording of the question, but to any reasonable person, the clauses of the

question are all true:

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

'conspired to assert your speculation' - on video, both agreeing, this is 'conspiring'

'speculation' - the words on video 'we think...' are speculation

'without evidence...' - no evidence was offered, only speculation, hence accurate

and the remainder is paraphrasing PLTFs statement to police

So don't try to play word games with me over your client's clear, obvious, defamatory,

ludicrous, and actionable slanderous allegations"

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **63** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1  **CONTRADICTION NO. 9**

2

3  **Stated she asked for 3 wires totaling $362k**

4  **- VS -**

5  **Plaintiff stating her declaration is wrong**

6

7  ====================================

8

9  **PLAINTIFFS' STATEMENT**

10

11  *Summary:*

12  Linda Cole states she made a phone call to OWFCU to arrange transfer of funds totaling

13  $362,052.66

14

15  (QUOTE)

16  "Ted and I made a telephone call to old West Federal Credit Union to arrange the wire transfer

17  and were told we had to be physically in the branch to make the transfer.  During the phone call,

18  Eric, in the background, was

19  insistent that the transfer needed to occur immediately.

20

21  EMERGENCY MOTION TO: - ADMIT EVIDENCE -         ERIC AND SUSAN YOUNG, PRO SE
    PRECLUDE MISLEADING STATEMENTS - ADDRESS               12402 N Division St #167
22  PLAINTIFFS' CREDIBILITY FAILURES - AMENDED                    Spokane, WA 99218
    PAGE **64** OF **185**                                          PHONE (936-463-8411)
                                                              eyoung-encrypt@pm.me
23                                                            jaegersmum@gmail.com

"During this conversation, I told the credit

union official that after the $180,000 was wired, I wanted to transfer the remaining $62,314.62 in

the account to a Chase Bank account she held."

"I also asked that the sum of $119,698.04, held in a second Old West Federal Credit Union

account, be transferred to my Chase account."

-- SOURCE:  EX002 DECLARATION LINDA COLE-DFND-000004-000008, Pg: 2, Item: 3,

Line: 11 - 18


---------------------------------------------

**CONTRADICTION IN STATEMENT OR FACT**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com