| | | | |
|---|---|---|---|
| 1 | '0:52:11 | Linda | She is not a traveler. |
| 2 | '0:52:13 | Linda | She's not one that can be travelling |
| 3 | '0:52:15 | Eric | So... |
| 4 | '0:52:17 | Eric | If that's the case, |
| 5 | '0:52:19 | Eric | just understand that's your own choice. |
| 6 | '0:52:21 | Eric | So... |
| 7 | '0:52:23 | Linda | well, she can't travel. |
| 8 | '0:52:25 | Linda | She gets sick, sick, sick. |
| 9 | | Susan | She does…it was miserable for her. |
| 10 | '0:52:27 | Eric | Okay. |
| 11 | '0:52:29 | Eric | Well, as long as we're all clear that we're not kidnapping your dog. |
| 12 | 0.036469907 | Linda | No, you're not. |
| 13 | 0.036469907 | Ted | [ted chuckling…Noooo] |
| 14 | | Eric | Good. |
| 15 | '0:52:35 | Eric | I don't want to hear that from anybody. |
| 16 | '0:52:37 | Linda | We...I've considered that she's been yours |
| 17 | '0:52:39 | Linda | since day one. |
| 18 | '0:52:41 | Susan | Ooohh boy… |
| 19 | '0:52:43 | Eric | I've had enough false accusations |
| 20 | '0:52:45 | Eric | with Ron's insanity too. |

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **166** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

AND ~15 MINUTES LATER - LINDA SAYS AGAIN:


'1:08:46    Linda  Susanann, I'm really sorry… about the dog

'1:08:48    Linda  But she would be better off here

'1:08:50    Susan  I think she probably would, because I wouldn't want her to run out the

door with all the work going on there

-- SOURCE:  1.3 - Oct21-23-LINDA-FAM-CHAT-2-LeaveSpkn


----------------------------------------------


ANALYSIS:  Direct lie, video evidence demonstrating plaintiff has lied on both her declaration

and supplemental declaration"

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **167** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**CONTRADICTION NO. 39**

**PLTF Signed 2 Wire Forms**

**- VS -**

**'I signed one page...' (depos.)**

================================

**PLAINTIFFS' STATEMENT**

Summary:

Plaintiff Linda Cole admits signing the wire transfers (plural)

(QUOTE)

"The second email is dated on 10.16.2023 after I signed the wire transfers."

-- SOURCE: EX009 SUPPLEMENTAL DEC.-DFND-000180-000196, Pg: 5, Item: 12, Line:

58

---------------------------------------------

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**CONTRADICTION IN STATEMENT OR FACT**

Summary:

Plaintiff Linda Cole now states in deposition (on 11/6/2024) that she disagrees with her sworn declaration

(QUOTE)

"MS. COLE: I'm understanding that it says here that there was two pages and I said before one, there's two pages now being spoken of

Susan: OK

MS. COLE: so where money was transferred to a different account

Susan: All right, so are you referring on page three to line three, which says "I signed the two pages? Is that what you're referring to?

MS. COLE: What I can see in here is it says two pages. It says two pages. I didn't say two pages before, I said one

Susan: All right, so you're saying that that statement is incorrect and it should have read, 'I signed the one page...' Am I understanding that correctly?

MS. COLE: That's right"

-- SOURCE: Deposition of Plaintiff - Linda Cole

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# EXHIBIT 2:

## DEFENDANTS' CATALOG OF PLAINTIFFS FALSE STATEMENTS - DOCUMENT SOURCE EXTRACTS REFERENCED WITHIN THIS MOTION

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1  of under construction, and it would be harder to

2  sell if it's under the state of construction.

3        And even if they put the walls up and the

4  -- the roof on and everything and sold it as is, it

5  would still take too long.  So he told them, "This

6  is a good idea.  Let's -- let's find a house that's

7  already built that has two -- two floors.  You live

8  on the top floor; we'll live on the bottom floor."

9        OFFICER ESSEX:  Uh-huh.

10       MS. SEVERNS:  And they kind of pressured

11 them to look at property.  And they finally agreed.

12 Thought well, maybe that's right; it would be

13 faster.  And they showed them properties that were,

14 you know, I think --

15       MS. COLE:  Very expensive.

16       MS. SEVERNS:  -- expensive but

17 inappropriate.  And then they showed them the one

18 they wanted, --

19       OFFICER ESSEX:  Uh-huh.

20       MS. SEVERNS:  -- which was at 1004 East

21 Golden Court in Spokane.  Anyways, long -- to kind

22 of break this -- shorten this, they talked them into

23 buying it.

24       The whole point was Ted and Linda were

25 going to buy it.  They had -- they had funds, but

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **171** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1    good.

2              MS. YOUNG:  All right.

3              MR. MENSIK:  You can put that down.

4    BY MS. YOUNG:

5        Q.    So Ms. Cole, the same day you made this statement

6    to the Court under oath, you made a completely different

7    statement to Officer Essex. Officer Essex asked you about

8    the second wire transfer for 119.  You said Susan called

9    your bank and pretended to be you to obtain the second wire

10   transfer, didn't you?

11             MR. MENSIK:  Object to form.

12             Answer, if you can remember.

13             THE DEPONENT:  Can you reread all that you just

14   said, please?

15   BY MS. YOUNG:

16       Q.    Certainly.  After providing sworn testimony to the

17   Court, that you had called your own credit union and

18   arranged for these wire transfers, including the 119, on the

19   same day, you told Officer Essex that Susan had done that,

20   correct?

21       A.    You're -- okay.  You're talking about not the day

22   that this was supposed to have been done, but later?

23       Q.    Ms. Cole, I'm asking you if you accused Defendant

24   of calling your bank and pretending to be you to obtain a

25   wire transfer in the amount of $119,000.

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **172** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

```
 1              MR. MENSIK:  Object to form.

 2              Answer, if you can remember.

 3              THE DEPONENT:  I believe that is true.

 4    BY MS. YOUNG:

 5         Q.   You believe it is true.  Okay.

 6         A.   Uh-huh.

 7         Q.   You and your neighbor made this statement,

 8    recorded by Officer Essex on video.  The transcript will be

 9    provided.  It's Page 52, Lines 7 through 19.

10              Officer Essex asked, "And what was the top number

11    for?  Four days later, there's another 120." Your neighbor,

12    Joell Severns, says, "We think the daughter did it, acted

13    like her." You agreed, explaining, "Because she's got -- she

14    had all my information.  She sounds sort of, more or less,

15    like me, and they wouldn't have known the difference.  She

16    could give them all the information, everything that she

17    needed to know." Do you recall making that statement, Ms.

18    Young?

19              MR. MENSIK:  Object to form.

20    BY MS. YOUNG:

21         Q.   Ms. Cole.  Excuse me.

22              MR. MENSIK:  Object to form.

23              Answer, if you can.

24              MS. YOUNG:  All right.

25              THE DEPONENT:  I do.
```

**NAEGELI**
(800) 528-3335    DEPOSITION & TRIAL    NAEGELIUSA.COM
Established 1980

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **173** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

```
 1                OFFICER ESSEX:  Okay.  So you --

 2                MS. COLE:  And we took the -- we wanted

 3   180 out of that to go for the down payment on the

 4   house.

 5                OFFICER ESSEX:  Okay.

 6                MS. COLE:  The rest of that was to go into

 7   the account, my account because we didn't have Old

 8   West up there.  We were going to go up there, so we

 9   went ahead and was going to have it put into Chase.

10                OFFICER ESSEX:  Okay.

11                MS. COLE:  But he --

12                MS. COLE:  -- in his own account.

13                OFFICER ESSEX:  Okay.

14                MS. COLE:  All of it.

15                OFFICER ESSEX:  And what -- what was the

16   top number for, four days later?  There's another

17   120.

18                MS. COLE:  That's what -- that's what he

19   took out of -- see, he took --

20                OFFICER ESSEX:  Was --

21                MS. COLE:  -- one account first.

22                OFFICER ESSEX:  Yes, I --

23                MS. COLE:  And on another day, he went

24   back and did the other transaction and took

25   everything out of my other savings.
```

NAEGELI
(800) 528-3335   DEPOSITION & TRIAL   NAEGELIUSA.COM
—— Established 1980 ——

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1          OFFICER ESSEX:  So I'm -- I'm

2    understanding all that now.  Okay.

3          MS. COLE:  Uh-huh.

4          OFFICER ESSEX:  A lot of times when I look

5    at stuff like this, I just want to make sure that

6    everything is accurate --

7          MS. COLE:  Right.

8          OFFICER ESSEX:  -- in case there's

9    something on here that --

10         MS. COLE:  Right.

11         OFFICER ESSEX:  -- you didn't pick up and

12   maybe I'm seeing it, --

13         MS. COLE:  Right.  I understand.  Yes.

14         OFFICER ESSEX:  -- just so you know, just

15   the amounts.

16         MS. COLE:  Uh-huh.

17         MS. SEVERNS:  Now I have a question for

18   you.

19         MR. COLE:  Uh-huh.

20         MS. SEVERNS:  Did you intend to put the

21   $180,000 into Eric's account so -- because he's the

22   one that was going to do the mortgage?

23         MS. COLE:  He needed -- somebody needed

24   there to put it into the mortgage.  He was going to

25   handle that part.

(800) 528-3335   NAEGELI   NAEGELIUSA.COM
DEPOSITION & TRIAL
Established 1980

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **175** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1  OFFICER ESSEX:  Right.

2  MS. COLE:  That 180,000, he was just going

3  to handle that.  But it was supposed to be with our

4  names on the account.  Of course, he had an open

5  opportunity right then and there because he thought

6  I have the funds, I can do it by myself, he did it

7  -- they're not going to know.  It's going to be

8  done, a done deal.  They won't ever find out.

9  Wrong.

10  OFFICER ESSEX:  So I -- I feel like it's

11  my position to be incredibly blunt.

12  MS. COLE:  Uh-huh.

13  OFFICER ESSEX:  Okay.  I don't know what

14  I'm going to be able to do about the quarter

15  million.  I don't.  If you were up next to him, and

16  he's trying to pull a fast one on you, your attorney

17  is -- might be the best route of action --

18  MS. COLE:  Oh, right.

19  OFFICER ESSEX:  -- in a civil lawsuit.

20  MS. COLE:  Oh, yeah.

21  OFFICER ESSEX:  Having said that, that

22  does not mean I can't go after this one.

23  MS. COLE:  Yes.

24  OFFICER ESSEX:  Completely separate

25  incident, different days, and everything like that.

(800) 528-3335   NAEGELI
DEPOSITION & TRIAL   NAEGELIUSA.COM
Established 1980

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

```
  1   00:51:45  Eric    I know that, but it's got work that has to be
  2                     done.
  3   00:51:47  Ted     It's got to be.
  4   00:51:49  Ted     We're going to get work done first, and then
  5                     she'll sell the house.
  6   00:51:51  Eric    Okay.  Well, up to you guys
  7   00:51:53  Eric    You're all adults, and I wish you the best.
  8   00:51:55  Eric    Take care.
  9   00:51:57  Ted     Okay.
 10   00:51:59  Susan   Ok Daddy
 11   00:52:01  Susan   I love you
 12             Ted     I guess we got everything
 13             Ted     Love you too punkin
 14   00:52:03  Linda   And we know that the dog will stay here.
 15   00:52:05  Susan   Well, [sighs] you guys are all over the place…
 16   00:52:07  Linda   she has everything upstairs
 17   00:52:09  Susan   things are all over the place
 18   00:52:11  Linda   She is not a traveler.
 19   00:52:13  Linda   She's not one that can be travelling
 20   00:52:15  Eric    So...
 21   00:52:17  Eric    If that's the case,
 22
 23
 24
```

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

```
1   00:52:19  Eric    just understand that's your own choice.

2   00:52:21  Eric    So...

3   00:52:23  Linda   well, she can't travel.

4   00:52:25  Linda   She gets sick, sick, sick.

5             Susan   She does…it was miserable for her.

6   00:52:27  Eric    Okay.

7   00:52:29  Eric    Well, as long as we're all clear that we're

8                     not kidnapping your dog.

9   0:52:31   Linda   No, you're not.

10  0:52:31   Ted     [Ted chuckling…Noooo]

11            Eric    Good.

12  00:52:35  Eric    I don't want to hear that from anybody.

13  00:52:37  Linda   We...I've considered that she's been yours

14  00:52:39  Linda   since day one.

15  00:52:41  Susan   Ooohh boy…

16  00:52:43  Eric    I've had enough false accusations

17  00:52:45  Eric    with Ron's insanity too.

18  00:52:47  Eric    So I'm done...

19  00:52:49  Ted     [indistinct]

20  00:53:25  Ted     [indistinct]

21  00:53:27  Eric    ...Stopped… totally stopped… the brakes are on

22

23

24
```

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1  Union, and then it was to go to the thing.  And she
2  had told the second lady after the first lady said,
3  "I don't feel comfortable doing this," they got
4  transferred to another representative.  And
5  unfortunately, neither one of us know the name of
6  this one.

7          But then at some point, she did tell the
8  representative, she said, "You'll have to sign a
9  wire thing and get it notarized" that you okayed
10  this.

11          OFFICER ESSEX:  Uh-huh.

12          MS. SEVERNS:  And she let Eric take over
13  the call.  She gave -- she wrote down the account
14  number it was supposed to go into, and he took it
15  all, and it was transferred to his account.

16          And Old West Bank here, she went and took
17  it to them.

18          OFFICER ESSEX:  Uh-huh.

19          MS. COLE:  And I told him to be careful.
20  "Make sure that goes into my account."  Well, the
21  next day, they both came up to me and they said,
22  "Oh, mom, mom.  They transferred that into Eric's
23  account."  And then I knew.  Then I knew.

24          MS. SEVERNS:  That was when she got wise
25  to what they were doing.

(800) 528-3335   NAEGELI
DEPOSITION & TRIAL
Established 1980   NAEGELIUSA.COM

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1           MS. COLE:  I never thought about it.  But

2    I should call and ask them did they put that in his

3    account by his own asking for it.  I never thought

4    to ask that.

5           MS. SEVERNS:  You -- you mean you told me

6    that they'd never talked to you.

7           MS. COLE:  Uh-huh.

8           MS. SEVERNS:  They only talked to Eric.

9           MS. COLE:  Right.  I bet you he told them

10   to put it -- gave him -- his account number --

11          MS. SEVERNS:  Uh-huh.

12          MS. COLE:  -- and put all that -- I never

13   even thought about doing that.

14          MS. SEVERNS:  No, he did.  He did.

15   Remember?  Because that's why she told you to --

16   that you needed to file a deception fraud claim.

17          MS. COLE:  Yeah.  But I mean, I'm saying

18   if we could find out the gal that talked to him and

19   finished that up --

20          MS. SEVERNS:  Uh-huh.

21          MS. COLE:  -- to see what he actually had

22   said for her to do.

23          MS. SEVERNS:  Uh-huh.  And some of those

24   calls --

25          MS. COLE:  I never thought about that.

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE 180 OF 185

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

BY MS. YOUNG:

    Q.   Okay.  Ms. Cole, you know, I'm going to skip right to this.  Excuse me just a moment.  Let's get into it.  We have a lot of ground to cover.

    Ms. Cole, on October 21st, 2023, you and Ted sat in Defendants' kitchen, correct?

    A.   Well, I suppose we were there.  Yes.

    MR. MENSIK:  No.  Object to form.

    Answer, if you know the date.

    THE DEPONENT:  I'd have to look on my calendar to see that date.  That was a year and -- a year ago.

BY MS. YOUNG:

    Q.   All right.  When you were moving out of Defendant's house, did you sit down at the kitchen table and have a conversation with them?

    A.   We were sitting at your table, having a conversation with you, yes, and that was before we moved out.

    Q.   Okay.  Ms. Cole, did you record that telephone conversation?

    MR. MENSIK:  Object to form.  You're asking about a telephone conversation.

    MS. YOUNG:  I'm sorry?

    MR. MENSIK:  You're asking about a telephone conversation.

(800) 528-3335   NAEGELI DEPOSITION & TRIAL   Established 1980   NAEGELIUSA.COM

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE 181 OF 185

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1          MR. YOUNG:  No, we're not.

2          MS. YOUNG:  Yes, Mr. Mensik, I am.  I'm sorry.  I

3  -- excuse me, too much talking going on.  Mr. Mensik, I'd

4  appreciate it if you would let me finish my questions before

5  you interject with your objections.

6  BY MS. YOUNG:

7      **Q.   Ms. Cole, when you were moving out of Defendant's**

8  **home, you recorded on your telephone the conversation that**

9  **we all had at the kitchen table; isn't that true?**

10     A.   Your statement is not clear.

11     **Q.   All right.  I will --**

12     A.   I --

13     **Q.   -- restate the question.**

14     A.   No.  Let me finish, please.  We were having a

15  conversation at your home, and yes, I did record what was

16  being said.  And that was prior to our moving out.

17     **Q.   All right.  During this conversation, you told**

18  **Defendants that you were moving back to Baker City because**

19  **you wanted to finish the remodel of your home; isn't that**

20  **true?**

21     A.   I may have.

22     **Q.   All right.  You told Defendants that you were**

23  **making Ted leave and you realized he didn't want to; is that**

24  **correct?**

25          MR. MENSIK:  Object to form.

NAEGELI
(800) 528-3335   DEPOSITION & TRIAL   NAEGELIUSA.COM
—— Established 1980 ——

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **182** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

25-80037-FPC    Doc 17-8    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 17 of 100

 1          Answer, if you remember.

 2          THE DEPONENT:  Clarify that, please.

 3  BY MS. YOUNG:

 4      Q.   Certainly.  Ms. Cole, did you at any time tell

 5  Defendants that the purpose of your moving back to Baker

 6  City was because your husband, Ted, never wanted to leave?

 7      A.   That is true.

 8      Q.   All right.  Ms. Cole, you testified in your

 9  declaration that you agreed to contribute down payment funds

10  to Defendants, correct?

11          MR. MENSIK:  Object to form.

12          Answer, if you can.

13          THE DEPONENT:  That's not very clear, what you're

14  stating.

15  BY MS. YOUNG:

16      Q.   I'll restate the question.  Ms. Cole, in your

17  declaration, did you make the statement that you agreed to

18  contribute down payment funds to Defendants?

19          MR. MENSIK:  Object to form.  Misstates the

20  declaration testimony.

21          Answer, if you can.

22          THE DEPONENT:  To the purchase of a home, but not

23  to you.

24          MS. YOUNG:  All right.  Counsel, would you please,

25  I'm sure you have it there, for Defendant -- or Plaintiff,

NAEGELI
(800) 528-3335   DEPOSITION & TRIAL   NAEGELIUSA.COM
———— Established 1980 ————

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **183** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

A.   I definitely am.

**Q.   Are you a law abiding citizen?**

A.   I am.

**Q.   All right.  Ms. Cole, do you understand that**
**Washington State law requires firearms to be stored securely**
**from prohibited persons.  Are you familiar with this law?**

MR. MENSIK:  Object to form.

Answer, if you know. B

Y MS. YOUNG:

**Q.   Ms. Cole, are you --**

A.   I don't know anything about your laws here.  I
don't live here.  I live in Oregon.

**Q.   Ms. Cole, your grandson is a minor, as we've**
**already established.  You moved into Defendants' home in the**
**summer of 2023.  I put it to you --**

A.   No, not in the summer.

MR. MENSIK:  Just listen to the question.

BY MS. YOUNG:

**Q.   I put it to you that Washington State law, passed**
**in 2019, states specifically that firearms must be stored in**
**a secure manner away from minors -- prohibited persons.  Ms.**
**Cole, we discussed this with you, and you were aware that**
**the firearms were going into storage; is that true?**

MR. MENSIK:  Object to form.

THE DEPONENT:  Everything that you're stating --

NAEGELI
(800) 528-3335 | DEPOSITION & TRIAL  NAEGELIUSA.COM
Established 1980

EMERGENCY MOTION TO: - ADMIT EVIDENCE -
PRECLUDE MISLEADING STATEMENTS - ADDRESS
PLAINTIFFS' CREDIBILITY FAILURES - AMENDED
PAGE **184** OF **185**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1  Yes, yes, yes.

2     Q.   Okay.  Ms. Cole, you did live with Defendants

3  previously; is that correct?

4     A.   For a short time.

5     Q.   What dates --

6     A.   At your insistence.  You're wanting us to be up

7  there.  We were quite happy where we were.

8          MR. MENSIK:  Just -- just answer the question.

9  BY MS. YOUNG:

10    Q.   And where was it that you were happy?

11    A.   In our own home.

12    Q.   What city was that?

13    A.   Baker City, Oregon.

14    Q.   Okay.  Ms. Cole, isn't it true that you lived with

15 Defendants in Montgomery, Texas?

16    A.   We were in Texas several different times. And the

17 last time that we went up there, we went up to get our --

18 retrieve our own property and bring it back, and you two

19 decided that you wanted us to stay there.

20    Q.   Okay.  All right.  So --

21         MR. YOUNG:  What time period, Ms. Cole?

22         MS. YOUNG:  Hold on.  Hold on.

23         MR. YOUNG:  Okay.

24 BY MS. YOUNG:

25    Q.   Ms. Cole, I'm not sure I understood your answer.

NAEGELI
(800) 528-3335    DEPOSITION & TRIAL    NAEGELIUSA.COM
Established 1980

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs<br><br>V.<br><br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | No. 23-2-04734-32<br><br>DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR FRAUD ON THE COURT, SUBORNATION OF PERJURY, AND LITIGATION MISCONDUCT |

## I. RELIEF REQUESTED

COMES NOW Defendants Eric Young and Susan Young, appearing pro se, and respectfully move this Court for an order imposing sanctions against Plaintiffs' former counsel, Michael Merritt, pursuant to this Court's inherent authority to sanction litigation misconduct, CR 11, and Washington's Rules of Professional Conduct. Defendants request:

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **1** OF **17**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1. **Monetary Sanctions** against attorney Merritt, including reimbursement of Defendants' costs and fees resulting from Merritt's bad-faith litigation tactics.

2. **Vacatur** of the improperly issued Temporary Restraining Order (TRO)—and any subsequent orders stemming from it—obtained through misrepresentation and omission.

3. **Dismissal** of Plaintiffs' claims to the extent they were procured by fraudulent or perjured testimony.

4. **Referral** of Merritt to the Washington State Bar Association for disciplinary review under RPC 3.3 (Candor Toward the Tribunal).

5. **Formal Findings** that Plaintiffs' counsel engaged in fraud on the court and subornation of perjury.

6. **Grant such other relief** as the Court deems just and proper

## II.  FACTS

1. **Filing of Complaint and "Due Diligence" Ruse**

   o On or about November 6, 2023, Plaintiffs (represented by Merritt) filed a Complaint alleging *fraud* and *conversion* against Defendants, accompanied by Linda Cole's sworn Declaration.

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **2** OF **17**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- That same day, upon Merritt's instruction, Plaintiffs filed a criminal complaint with local police ostensibly as "due diligence." Within 24 hours, law enforcement deemed the allegations "unfounded."
- The same day, Plaintiffs also went to the police at Merritt's instruction to file a criminal complaint, ostensibly as "due diligence." This complaint was quickly investigated and labeled "unfounded" within 24 hours by law enforcement.
- Despite knowing or having immediate reason to know that the police discredited Plaintiffs' "theft/fraud" theory (on or about November 7, 2023), attorney Merritt pressed forward without disclosing the "unfounded" finding to this Court.

2. **Securing a TRO Through False or Inflammatory Statements**

- Merritt used Linda Cole's conclusory and inconsistent allegations to obtain an ex parte TRO:
  - No bond was stipulated, in violation of RCW 7.40.080, and CR 65
  - The TRO froze funds under a fraudulent dispute, funds which Plaintiffs had willingly wired to Defendants' as part of a well-known family plan
  - The Court, operating under these fraudulent allegations, later arbitrarily seized/froze non-party LLC-owned property (an RV), without joining that LLC as a party.

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **3** OF **17**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- o   The TRO application offered no documentary evidence or witnesses beyond Linda Cole's suspect narrative, heavily laden with Counsel's prejudicial and inflammatory rhetoric.
  - ▪   Defendants' data analysis shows over five hundred instances of twenty frequently occurring prejudicial and conclusory words prevalent across Mr. Merritt's filings and oral arguments for Plaintiffs

3. **Defendants' Discovery Responses and Contradictory Evidence**

- o   In subsequent discovery, Defendants produced over five hundred pages of documentary evidence (including authorized wire-transfer forms, notarized indemnification forms, text messages, and other content) directly refuting Plaintiffs' allegations.
- o   This evidence showed Linda Cole had authorized the wire transfers consistent with an intra-family gift arrangement, undercutting any claim of "theft" or "conversion."
- o   Merritt continued to advocate Plaintiffs' claims, never moving to dismiss or correct the record—even after receiving documented proof of Linda Cole's false statements in addition to the "unfounded" police determination.

4. **Attorney Merritt's Withdrawal**

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **4** OF **17**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Approximately two weeks after receiving Defendants' robust discovery responses, Merritt withdrew as counsel. Despite withdrawing, Merritt had already caused substantial damage by obtaining the TRO through misrepresentations and failing to rectify known falsehoods on the record.

5. **Consequences: Due Process Violations and Seizure of Non-Party Property**
   - The Court's reliance on Merritt's submissions triggered severe due process violations:
     - LLC-owned property was seized although the LLC was never joined as a party, depriving it of a defense and access to its insurance coverage.
     - Defendants were subjected to wrongful constraints on their finances and property, suffering irreparable harm.

### III. STATEMENT OF ISSUES

1. Whether attorney Merritt's acts—filing and maintaining a factually baseless Complaint, suborning or failing to correct Linda Cole's perjury, and withholding the police's "unfounded" determination—constitute *fraud on the court*. – **Answer: Yes**

2. Whether Merritt violated CR 11 by signing and pursuing pleadings that lacked factual support and were contradicted by readily available documentation. – **Answer: Yes**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

3. Whether the TRO and subsequent orders must be vacated or dismissed because they were obtained through fraudulent submissions and perjured statements.

   – **Answer:  Unequivocally, Yes**

4. Whether sanctions are warranted, including attorney fees, costs, dismissal of claims, and referral to the Bar Association for disciplinary action.

   – **Answer:  Again, Unequivocally, Yes**


## IV.   EVIDENCE RELIED UPON

This motion relies on the pleadings, declarations, and discovery records already on file, as well as:

- **Police Incident Report** reflecting that Plaintiffs' criminal complaint was found "unfounded" within 24 hours.

- **Linda Cole's sworn Declaration** dated November 6, 2023 (and her Supplemental Declaration dated November 9, 2023) containing contradictory statements.

- **Defendants' discovery responses** (over five hundred pages), including Plaintiff's own contradicting words in text messages, wire transfer instructions, and bank records.

- **Court records** granting the TRO without a bond and all subsequent orders resting on that TRO.

- **Defendants' motion filed prior to trial**:

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **6** OF **17**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

"EMERGENCY MOTION TO: ADMIT EVIDENCE, PRECLUDE MISLEADING STATEMENTS, ADDRESS PLAINTIFFS' CREDIBILITY FAILURES – AMENDED" – Filed initially January 13, 2025
- Containing nearly fifty instances of Plaintiffs contradictions across sworn testimony

## V. LEGAL STANDARD

### A. Fraud on the Court / Subornation of Perjury

1. *Saldivar v. Momah*, 145 Wn. App. 365 (2008) (fraud on the court arises when an attorney knowingly advances false claims or fails to correct perjured testimony).

   o RPC 3.3 (Candor Toward the Tribunal) requires counsel to correct false statements of material fact. Failure to do so may constitute subornation of perjury.

   o *See RPC 3.3 (Candor Toward the Tribunal); In re Disciplinary Proceeding Against McGrath, 174 Wn.2d 813 (2012)*

### B. CR 11 Sanctions

1. *Biggs v. Vail, 119 Wn.2d 129 (1992)* (CR 11 violated when attorneys file claims without evidentiary support or after learning of contradictory evidence).

   o Counsel's duty includes investigating facts before filing and stopping prosecution if factual support collapses.

DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR FRAUD ON THE COURT, SUBORNATION OF PERJURY, AND LITIGATION MISCONDUCT PAGE **7** OF **17**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

## C. Sanctions Under Rcw 4.84.185 – Frivolous Claims And Bad Faith Litigation

1. Under RCW 4.84.185, the Court has discretion to award attorney's fees and costs to a prevailing party when a lawsuit or motion is found to be frivolous and advanced in bad faith. The statute states: "In any civil action, the court may, upon written findings that the action, counterclaim, cross-claim, third-party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third-party claim, or defense." (RCW 4.84.185).

2. A frivolous claim is one that "cannot be supported by any rational argument on the law or facts." Bill of Rights Legal Found. v. Evergreen State College, 44 Wn. App. 690, 696, 723 P.2d 483 (1986). Courts routinely sanction litigants under RCW 4.84.185 when their claims lack evidentiary support, are pursued in bad faith, or impose unnecessary litigation costs.

   o **Plaintiffs' Claims Were Frivolous and Advanced in Bad Faith**

3. Merritt, while serving as Plaintiffs' counsel, knowingly initiated and pursued baseless claims predicated on demonstrably false representations.

   Plaintiffs repeatedly made sworn statements that were:

   o **Directly contradicted by their own testimony and discovery responses.**

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **8** OF **17**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- o **Refuted by objective documentary evidence, including financial records, police reports, and Plaintiffs' prior communications.**
- o **Advanced without any third-party corroboration, relying entirely on subjective, inconsistent, and speculative allegations.**

4. Despite having access to Defendants' discovery responses, subpoenaed bank records, and Plaintiffs' own inconsistent statements, Merritt continued litigating these fraudulent claims for nearly 11 months, knowingly misleading the Court and imposing unnecessary financial burdens on Defendants.

5. **The Court Should Award Defendants Attorney's Fees and Costs Under RCW 4.84.185**

- o Plaintiffs' claims were advanced without even a particle of probable cause – had Merritt had anything but his billing opportunity in mind – let alone any reasonable basis in fact or law. Therefore, Defendants are entitled to attorney's fees and costs incurred in defending against this frivolous lawsuit. Courts have awarded sanctions under RCW 4.84.185 in similar cases where attorneys pursued knowingly false claims, resulting in needless litigation and financial harm to the opposing party. Biggs v. Vail, 124 Wn.2d 193, 199, 876 P.2d 448 (1994).

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

     ○    Accordingly, Defendants respectfully request that the Court enter written findings declaring Plaintiffs' claims frivolous under RCW 4.84.185 and award reasonable attorney's fees and costs incurred in defending against this action.

## D. Court's Inherent Power to Sanction

1. Chapple v. Mason, 98 Wn.2d 229 (1982) (court has inherent power to vacate orders and sanction attorneys who obtain relief by fraud).

2. Cheatwood v. Cheatwood, 61 Wn.2d 283 (1963) (orders procured through deception must be set aside to preserve the judicial process's integrity).

## E. Due Process and Invalid Injunctions

1. RCW 7.40.080 (bond requirement). Failure to require a bond can render an injunction defective, especially where attained by misrepresentation.

2. Where property of a non-joined party is seized, fundamental due process is violated. See Mullane v. Central Hanover Bank & Trust, 339 U.S. 306 (1950).

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# VI. ARGUMENT

1. **Attorney Merritt Had Actual or Constructive Knowledge of Plaintiffs' Falsehoods**

   o From inception, counsel orchestrated a "due diligence" referral to the police but filed the Complaint the same day—demonstrating little regard for factual accuracy.

   o Once law enforcement declared the matter "unfounded," counsel had a professional duty to halt or correct any ongoing misrepresentation. Instead, he pressed forward.

   o By the time Defendants produced documentary proof of Linda Cole's contradictory statements, any residual doubt as to the falsity of the allegations should have been resolved. Counsel never moved to amend or dismiss.

2. **Misrepresentation and Concealment Influenced the Court's Issuance of a Defective TRO**

   o Counsel used Linda Cole's sworn Declaration—laced with conclusory allegations—to secure an extraordinary remedy (the TRO), with zero bond.

   o The inaccurate portrayal caused the Court to seize property belonging to a non-party LLC, thereby depriving Defendants (and the LLC) of due process.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

3. **Suborning Perjury or Failing to Correct Materially False Statements**

   o   Linda Cole's statements about unauthorized wire transfers were directly refuted by bank records and her own text messages.

   o   Counsel had an ethical duty under RPC 3.3 to correct false statements once discovered. Instead, he permitted the court to rely on them, or even amplified them.

4. **Sanctions Are Warranted Under CR 11, RCW 4.84.185, and Inherent Authority**

   o   Attorney Merritt knowingly (or with reckless disregard) advanced meritless allegations, harming Defendants and abusing the judicial process.

   o   Under RCW 4.84.185, the Court has discretion to award attorney's fees and costs to a prevailing party when a lawsuit or motion is found to be frivolous and advanced in bad faith.

   o   The Court should award (a) attorney fees and costs to Defendants, (b) sanctions sufficient to deter similar misconduct, and (c) any additional relief justified by counsel's egregious conduct.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# VII. REQUESTED SANCTIONS

**WHEREFORE,** Defendants respectfully request that this Court impose the following sanctions:

1. **Order Merritt to Show Cause** why sanctions should not be imposed for subornation of perjury and fraud on the court.

2. **Vacatur of TRO and Related Contempt Orders**: The Court should vacate the TRO / Preliminary Injunction and all resulting contempt orders and sanctions previously described against Defendants, due to the fraudulent means used to obtain them. Further purge Defendants' records in whatever means necessary to eliminate all traces of unfounded and unlawful findings of contempt to eliminate unjust impairment to future employment or other possible contexts

3. **Dismissal of Plaintiffs' Claims**: The Court should dismiss Plaintiffs' claims as a sanction for fraud on the court.

4. **Monetary Sanctions**: Plaintiffs' counsel should be required to pay Defendants' legal costs incurred due to their bad-faith litigation tactics, and a pro se compensation award for the extensive time spent combating these false allegations.

5. **Judicial Findings of Fraud on the Court**: The Court should make formal findings that Plaintiffs' claims were based on fraudulent misrepresentations.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

6. **Referral for Disciplinary Action:** The Court should refer Plaintiffs' counsel to the Washington State Bar Association for disciplinary review under RPC 3.3 (Candor to the Tribunal)

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **14** OF **17**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# VIII.  CONCLUSION

Attorney Merritt pursued frivolous, factually unsupported claims and suborned or failed to correct Linda Cole's false testimony, thereby inflicting grave harm on Defendants and a non-party LLC.  Through his misconduct Plaintiffs secured a TRO without proper bond, leading to due process violations and severe financial harm to Defendants.

 

      **WHEREFORE,** Defendants respectfully request that this Court:

7. **Order Merritt to Show Cause** why sanctions should not be imposed for subornation of perjury and fraud on the court.

8. **Vacate** the TRO and all subsequent or tertiary orders predicated on Plaintiffs' falsehoods, and purge Defendants' records in whatever means necessary to eliminate any traces of unlawful findings of contempt, unlawful

9. **Dismiss** all of Plaintiffs' claims obtained through fraudulent means.

10. **Award** Defendants their costs and fees associated with defending these false claims.

11. **Refer** Merritt to the Washington State Bar Association for investigation under **RPC 3.3**.

12. **Grant** such other relief as the Court deems just and proper in the interests of justice and to protect the integrity of this Court.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

DATED this 11th day of February, 2025, at Spokane, WA.


Respectfully submitted,


/s/    *Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **16** OF 17

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# IX.  CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [  ] U.S. Mail |
| Riverside NW Law Group | [  ] Hand Delivery |
| 905 W. Riverside Ave, Suite | [  ] Facsimile |
| 208 | [X] E-Mail |
| Spokane, WA 99201 | [  ] Legal Messenger |
| mam@rnwlg.com | |

DATED this 11th day of February, 2025, at Spokane, WA.

*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **17** OF 17

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

FILED
2/12/2025
Timothy W Fitzgerald
Spokane County Clerk

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs | No. 23-2-04734-32 |
| V. | **DEFENDANTS' EMERGENCY MOTION FOR MISTRIAL AND JUDICIAL DISQUALIFICATION – AMENDED** |
| ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | |

## I. INTRODUCTION

This Amended Motion relates back to the original filing of Motion for Mistrial on January 14th, 2025, pursuant to CR 15(c) and applicable case law. This amendment is made to preserve and clarify issues originally raised, which were not substantively ruled upon.

Defendants Eric Young and Susan Young ("Defendants") move this Court for an immediate mistrial and judicial disqualification, citing extensive judicial bias, repeated procedural violations, and prejudicial misconduct, all of which compromise the integrity of these proceedings.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

The record demonstrates pervasive errors, including:

1. Improper Ex Parte TRO & Lack of Bond: The Court granted an ex parte TRO without evidence of immediate harm and in violation of RCW 7.40.080, which mandates a bond.

2. Unlawful Asset Seizure: The TRO led to improper asset freezes and the seizure of LLC property, violating due process.

   - Failure to join the LLC to the case violated due process and prevented it from accessing its corporate liability insurance and legal support therefrom

3. Pre-Adjudication Bias & Favoritism Toward Plaintiffs: The Court adopted Plaintiffs' conclusory claims without evidence, issuing prejudicial rulings favoring Plaintiffs while consistently suppressing Defendants' evidence.

4. Wrongful Incarceration: The Court jailed Defendant Eric Young for contempt, despite the fact that the underlying injunction was issued improperly and without a bond, constituting an abuse of discretion.

5. Plaintiffs' Fraudulent Conduct: The evidentiary record establishes at least 50 falsehoods by Plaintiffs, including contradictory sworn statements and false allegations of financial theft - none of which have been supported by evidence.

Given these cumulative constitutional violations, denial of due process, and judicial bias, Defendants request the following relief:

   - Declare a Mistrial due to the Court's failure to ensure fair proceedings.

DEFENDANTS' EMERGENCY MOTION FOR
MISTRIAL AND JUDICIAL DISQUALIFICATION –
AMENDED
PAGE **2** OF **8**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Disqualify the Presiding Judge under RCW 4.12.050 due to demonstrated bias.

- Vacate all rulings influenced by the Court's improper decisions, including the TRO and contempt orders.

- Award sanctions against Plaintiffs and their attorneys for committing fraud on the Court.

Defendants further reserve all rights to seek appellate review and escalate these issues to the Washington State Commission on Judicial Conduct if this Motion is not granted.

## II.  STATEMENT OF FACTS

**A.  The Court Improperly Granted the Ex Parte TRO Without Factual Basis**

- On November 6, 2023, Plaintiffs sought an ex parte TRO, falsely claiming Defendants "stole" money from them.

- The TRO was granted without evidence of immediate harm, violating CR 65(b).

- RCW 7.40.080 mandates a bond for all TROs, yet the Court failed to require one, rendering the TRO legally unenforceable.

- Washington law holds that intra-family financial transfers are presumed gifts. Plaintiffs offered no documentary evidence to rebut this presumption (Berger v. Shapiro, 30 Wn.2d 418, 428 (1948)).

**B.  The Court Engaged in Systematic Bias Favoring Plaintiffs**

- The Court repeatedly ruled in Plaintiffs' favor despite a lack of evidentiary support.

DEFENDANTS' EMERGENCY MOTION FOR
MISTRIAL AND JUDICIAL DISQUALIFICATION –
AMENDED
PAGE **3** OF **8**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- During trial, the Court allowed prejudicial questioning, including forcing Defendant Eric Young to answer whether he felt "remorse" - a question wholly inappropriate for a civil fraud trial.

- The Court denied Defendants' Emergency Motion to Admit Evidence, blocking key exculpatory materials.

- Judicial bias is grounds for reversal when a judge's conduct creates an appearance of unfairness (Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)).

**C. The Court's Contempt Rulings & Defendant's Wrongful Incarceration**

- The Court held Defendant Eric Young in contempt, leading to his wrongful incarceration for 20 days, despite:

  1. The injunction being invalid due to lack of bond.

  2. The accounting ordered by the Court being legally unjustified under Washington's presumption of gift doctrine.

  3. Plaintiffs failing to produce third-party witnesses or evidence to support their claims.

- Washington law prohibits imprisonment for contempt based on non-compliance with an unlawful order (State v. Browet, Inc., 103 Wn.2d 215, 218 (1984)).

**D. Improper Seizure of LLC-Owned Property**

- The Court seized an LLC-owned asset (RV) despite the LLC never being joined as a party.

DEFENDANTS' EMERGENCY MOTION FOR
MISTRIAL AND JUDICIAL DISQUALIFICATION –
AMENDED
PAGE **4** OF **8**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- This violates due process, as no opportunity was given for the LLC to defend itself.

- Washington law prohibits asset seizure without notice and hearing (RCW 6.25.070).

### III.   LEGAL STANDARD FOR MISTRIAL

A mistrial is warranted where judicial bias, procedural errors, or prejudicial conduct compromise a party's right to a fair trial. See State v. Emery, 174 Wn.2d 741 (2012).

**A.  The Court's Conduct Has Denied Defendants a Fair Trial**

- The Washington Constitution guarantees a fair trial. Judicial bias violates this fundamental right (In re Murchison, 349 U.S. 133, 136 (1955)).

- The Court's prejudicial rulings, including allowing inflammatory questioning, demonstrate actual bias.

**B.  Plaintiffs' & Their Counsel Committed Fraud on the Court**

- Fraud on the court occurs when "a scheme to interfere with judicial decision-making" is executed (Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128, 1131 (9th Cir. 1995)).

- Plaintiffs' case rests on perjured testimony, materially false declarations, and contradictory sworn statements.

**C.  Prejudicial & Improper Contempt Order**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- The incarceration of Defendant Eric Young was not supported by law, given that the underlying injunction was improperly issued.

## IV. RELIEF REQUESTED

Defendants respectfully request the Court:

1. Declare a mistrial and vacate all rulings tainted by judicial bias.
2. Disqualify the presiding judge under RCW 4.12.050 due to demonstrated prejudice.
3. Vacate all TRO-related orders, including wrongful asset seizures and contempt rulings.
4. Sanction Plaintiffs and their counsel for committing fraud on the Court.
5. Refer Plaintiffs' perjury to the Attorney General for criminal investigation.

If this Motion is denied, Defendants reserve all rights to appeal and escalate judicial misconduct concerns to the Washington Commission on Judicial Conduct.

DEFENDANTS' EMERGENCY MOTION FOR
MISTRIAL AND JUDICIAL DISQUALIFICATION –
AMENDED
PAGE **6** OF **8**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

## V.  REQUEST FOR RELIEF

Defendants respectfully request that the Court:

1. **Declare a mistrial** and vacate all prior rulings tainted by bias or procedural irregularities.

2. **Disqualify the presiding judge** under RCW 4.12.050 and reassign the case to a different judge.

3. **Award such further relief** as the Court deems just and proper to ensure a fair trial.

Amended on this 11th day of February, 2025, at Spokane, WA.

Respectfully submitted,

/s/    *Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE

12402 N Division St #167

Spokane, WA 99218

PHONE (936-463-8411)

EMAIL eyoung-encrypt@pm.me

jaegersmum@gmail.com

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

## VI. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

Matt Mensik                              [  ] U.S. Mail
Riverside NW Law Group                   [  ] Hand Delivery
905 W. Riverside Ave, Suite              [  ] Facsimile
208                                      [X] E-Mail
Spokane, WA 99201                        [  ] Legal Messenger
mam@rnwlg.com


Amended on this 11th day of February, 2025, at Spokane, WA.


*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' EMERGENCY MOTION FOR
MISTRIAL AND JUDICIAL DISQUALIFICATION –
AMENDED
PAGE **8** OF **8**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

FILED
2/12/2025
Timothy W Fitzgerald
Spokane County Clerk

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs<br><br>V.<br><br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | No. 23-2-04734-32<br><br>DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL MATTHEW MENSIK FOR FRAUD ON THE COURT, SUBORNATION OF PERJURY, AND LITIGATION MISCONDUCT |

## I. RELIEF REQUESTED

COMES NOW Defendants Eric Young and Susan Young, appearing pro se, and respectfully move this Court for an order imposing sanctions against Plaintiffs' counsel, Matthew Mensik, pursuant to this Court's inherent authority to sanction litigation misconduct, CR 11, and Washington's Rules of Professional Conduct. Defendants request:

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1. **Monetary Sanctions** against attorney Mensik, including reimbursement of Defendants' costs and fees resulting from Mensik's bad-faith litigation tactics.

2. **Vacatur** of the improperly issued Temporary Restraining Order (TRO) - and any subsequent orders stemming from it - obtained through misrepresentation and omission.

3. **Dismissal** of Plaintiffs' claims to the extent they were procured by fraudulent or perjured testimony.

4. **Referral** of Mensik to the Washington State Bar Association for disciplinary review under RPC 3.3 (Candor Toward the Tribunal).

5. **Formal Findings** that Plaintiffs' counsel engaged in fraud on the court and subornation of perjury.

6. **Grant such other relief** as the Court deems just and proper

## II.  FACTS

**1. Substitution of Counsel**

o   On or about September, 2023, attorney Mensik took over Plaintiffs' representation following the withdrawal of Michael Merritt. By that time, a large volume of discovery had already been exchanged (500+ pages), clearly documenting direct, relevant, and material evidence of Linda Cole's false statements to police and the

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MATTHEW MENSIK FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **2** OF **19**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

court, including 20 instances of Linda's offering known-false testimony contradicted by other sworn statements contained in declaration, supplementary declaration, and verified complaint, and by direct evidence.

o Additionally, in January, 2024, Defendants had delivered and referenced (DFNDs Motion to Dismiss) the November 2023 police video/transcript (which at minimum delivered two critical pieces of information:

o The incident had been closed as 'unfounded', and

o Investigative results contradicted Linda Cole's narrative

## 2. Access to the Full Case File

o As successor counsel, Mensik was (or should have been) on notice of (a) that 'unfounded' conclusion reached by Police on November 7, 2023, (b) Linda Cole's conflicting sworn statements (complaint, declarations, and verified complaint vs. police video/transcript), and (c) the absence to that point of any witness testimony, supportive or otherwise, from the credit union which issued the wire transfers.

o Despite this knowledge, Mensik never moved to dismiss or amend Plaintiffs' allegations or correct the record to acknowledge the obvious lack of evidence supporting their claims

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MATTHEW MENSIK FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **3** OF **19**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

### 3. Ongoing Misrepresentations Throughout Court Trial

○ By the time of trial, Mensik continued to advance the same false narrative that Linda Cole was a victim of "theft" or "unauthorized transfers" despite the unchanged state of evidence

○ Instead, Mensik attempted to shift the narrative away from the claims of the complaint, and focus only on using 700 pages of hearsay evidence (mostly financial records of Defendants that could in no way support Plaintiffs claims) along with more assertions through so-called 'expert testimony' which offered only speculations about Defendants financial history instead of real evidence to support Plaintiffs assertions.

○ In Plaintiffs' Trial Brief and arguments at trial, just like his predecessor Merritt, Mensik invoked conclusory, inflammatory statements about Defendants' "fraudulent conduct" without any supporting evidence, while ignoring the documentary evidence showing that Linda Cole had indeed knowingly authorized (and later notarized additional indemnification forms for) the family-to-family wire transfers.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

### 4. Suborning Linda Cole's Perjury

- Linda Cole's trial testimony repeated the same false claims of "unauthorized wires," which the undisputed wire-transfer records and her own notarized indemnification documents refute.

- Mensik offered or failed to correct this testimony, thereby suborning or perpetuating perjury in violation of RPC 3.3 (candor to the tribunal).

- Rather than presenting any third-party witness from the credit union, Plaintiffs rested solely on Linda Cole's false testimony and Mensik's attempts to obscure the failed state of their claims through arguments based only on hearsay and 'creative spin', pressing known-false statements to the court for consumption. Plaintiffs failed to produce any evidence supporting Plaintiffs' claims, and have therefore failed to present a prima facie case.

### 5. Misconduct During Trial and Closing Arguments

During trial proceedings, Mensik engaged in deliberate misrepresentation of Defendants' testimony in closing arguments, forcing Defendants to object on the record.

- He knowingly mischaracterized evidence and distorted statements made by Defendants, in an apparent effort to mislead the Court and prejudice the outcome of the case.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- o Mensik's pattern of bad-faith advocacy and disregard for factual accuracy has undermined the integrity of these proceedings and warrants severe sanctions.

### 6. Discovery Misconduct and Other Discovery Deficiencies

On November 6, 2024, Defendants conducted the deposing of Plaintiffs along with their attorney Matthew Mensik.

**Improper Conduct:**

During the deposition of Plaintiff Linda Cole, with Susan Young examining and assisted by Eric Young, opposing counsel engaged in the following misconduct:

**Disruption and Intimidation**

i. Repeated interruptions and instructions to the deponent to alter or clarify prior testimony under the guise of "clarifying questions."

ii. Repeated interruptions and gratuitous 'objections to form' (over 160 times), yet frequently refusing to state any basis or cure when asked, rather engaging in a groundless and prejudicial charade designed to harass and intimidate pro se litigants

iii. Improper objections designed to coach the deponent, including verbal cues and visual motions, directing client in what to say with interruptions that were unnecessary, repetitious, and obstructive;

DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL MATTHEW MENSIK FOR FRAUD ON THE COURT, SUBORNATION OF PERJURY, AND LITIGATION MISCONDUCT PAGE **6** OF **19**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

iv.    The record contains many instances of Defendants forced to waste their limited time to demand that Mensik or his client stop consulting in whispers, or to stop interrupting the proceedings

v.    Frequent requests to the court reporter to read back prior testimony

Example:  Mr. Mensik's disruptive, dismissive, discriminatory, argumentative, obstructive, prejudicial, and verbal badgering of pro se litigant without cause:

| [10 - Transcript-PLTF-Depo], Pg: 14, Item: , LineNum: 13 | MS. YOUNG: | *Counsel, I would remind you that this* |
|---|---|---|
| [10 - Transcript-PLTF-Depo], Pg: 14, Item: , LineNum: 14 | MS. YOUNG: | is foundational evidence, and it relates to the habit and |
| [10 - Transcript-PLTF-Depo], Pg: 14, Item: , LineNum: 15 | MS. YOUNG: | character of the witness. |
| [10 - Transcript-PLTF-Depo], Pg: 14, Item: , LineNum: 16 | MR. MENSIK: | Yeah.  Ma'am, I -- you -- you don't |
| [10 - Transcript-PLTF-Depo], Pg: 14, Item: , LineNum: 17 | MR. MENSIK: | know what you're talking about.  But go ahead and ask your |
| [10 - Transcript-PLTF-Depo], Pg: 14, Item: , LineNum: 18 | MR. MENSIK: | questions.  But I'm just putting for the record, this is |
| [10 - Transcript-PLTF-Depo], Pg: 14, Item: , LineNum: 19 | MR. MENSIK: | stuff from 56 years ago. |
| [10 - Transcript-PLTF-Depo], Pg: 14, Item: , LineNum: 20 | MR. MENSIK: | Go ahead and answer, if you can. |

**(When such assertions by Mensik were false, in addition to gratuitously disruptive)**


**Attempted Intimidation / Misleading Argument / Wasting Deposition Time:**

i.    Repeatedly objected to leading questions, example per the transcript:

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MATTHEW MENSIK FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **7** OF **19**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

| | |
|---|---|
| *MR. MENSIK:* | *Object to form. And Ms. --* |
| MS. YOUNG: | It's foundational. |
| MR. MENSIK: | No. Stop. This is not a cross-examination. You are leading -- these are leading questions. |
| MR. YOUNG: | Leading is allowed. |
| MR. MENSIK: | No. Stop. You guys, I understand |
| MR. MENSIK: | that you're doing this and it's -- you answer yes, open- |
| MR. MENSIK: | ended questions. Stop leading. That's how this is supposed to go. |
| MR. YOUNG: | Leading in cross-examination is allowed. |
| MR. MENSIK: | Sir, this is an examination. This is not a cross. |
| MR. YOUNG: | But it's also of a -- |
| MR. MENSIK: | This is not a redirect. |
| MR. YOUNG: | =-- hostile witness, so we can ask these questions. |
| MR. MENSIK: | This -- ask open-ended questions. |
| MR. YOUNG: | Yeah. |
| MR. MENSIK: | That's what I'm saying. |
| MR. YOUNG: | We'll ask our questions -- |
| MR. MENSIK: | Ask open-ended questions. |
| MR. YOUNG: | -- and you can object all you want. |
| MR. MENSIK: | Well, and I am. And I am objecting |
| MR. MENSIK: | to the leading nature of this. |

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**Further Attempted Denigration / Intimidation:**

Opposing counsel further made denigrating remarks, attempting to intimidate Defendants as pro se litigants, stating:

| | |
|---|---|
| *MR. MENSIK:* | *[asserts line of questioning has] no relation to this case. And* |
| *MR. MENSIK:* | honestly, if you keep going down this road, I'm going to |
| *MR. MENSIK:* | stop this, and you know what I'm going to do? You can go |
| *MR. MENSIK:* | explain to the Court why this is appropriate. |
| *MR. YOUNG:* | Absolutely. |
| *MS. YOUNG:* | I will. |
| *MR. MENSIK:* | And given your guys' history with the |
| *MR. MENSIK:* | Court, especially yours, I don't think it's going to go |
| *MR. MENSIK:* | particularly well. |

**Improper Influence**

- Mr. Mensik deliberately interrupted Defendants' deposition of Plaintiff in the middle of questioning, to influence, rehabilitate, in an effort to try to manage Plaintiff's destruction of her own prior testimony

- Impact on Deposition Testimony: As a result of opposing counsel's interference, specific portions of Plaintiff's deposition testimony are inadmissible as they were not independently given but rather coached or influenced.

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MATTHEW MENSIK FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **9** OF **19**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

### III. LEGAL STANDARD

**A. Fraud on the Court & Subornation of Perjury**

**Mensik's conduct constitutes fraud on the court under Washington law, as he knowingly allowed false testimony and misrepresentations to persist.**

- Fraud on the court arises when an attorney knowingly advances false claims or fails to correct perjured testimony. *Saldivar v. Momah*, 145 Wn. App. 365 (2008).

- RPC 3.3 (Candor Toward the Tribunal) imposes a duty on attorneys to correct false statements of material fact. *In re Disciplinary Proceeding Against McGrath*, 174 Wn.2d 813 (2012).

Mensik had access to extensive discovery exposing Plaintiffs' falsehoods yet continued pressing these fraudulent claims.

**B. CR 11 Sanctions – Filing and Advancing False Claims**

- CR 11 sanctions apply when an attorney files pleadings or advances claims without factual support, or after learning they are false. *Biggs v. Vail*, 119 Wn.2d 129 (1992).

- Mensik had a duty to investigate the factual basis of Plaintiffs' claims and halt further litigation when discovery proved their allegations were baseless.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**C. RCW 4.84.185 – Frivolous and Bad Faith Litigation**

**Washington law authorizes sanctions when an action is frivolous and advanced without reasonable cause, exposing Defendants to unnecessary litigation.**

- A frivolous claim is one that "cannot be supported by any rational argument on the law or facts." *Bill of Rights Legal Found. v. Evergreen State College*, 44 Wn. App. 690, 696, 723 P.2d 483 (1986).

- Mensik knowingly pursued frivolous claims, even after receiving Defendants' 500-page discovery response refuting Plaintiffs' allegations.

**D. The Court's Inherent Power to Sanction**

**Washington courts have inherent authority to vacate orders and sanction attorneys who obtain relief by fraud.**

- *Chapple v. Mason*, 98 Wn.2d 229 (1982) (courts may sanction attorneys for fraudulently obtained relief).

- *Cheatwood v. Cheatwood*, 61 Wn.2d 283 (1963) (orders procured through deception must be set aside).

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

### E. Discovery Misconduct Under CR 30(d) and CR 37(a) Warrants Sanctions

- o **CR 30(d)** prohibits conduct that "impedes, delays, or frustrates the fair examination of the deponent." Plaintiffs' counsel repeatedly disrupted proceedings and obstructed Defendants' ability to obtain fair depositions.
- o **CR 37(a)** authorizes sanctions for improper discovery conduct, including failure to provide supporting evidence or correct false statements

Mensik's failure to correct false testimony directly resulted in improper rulings and wrongful judicial actions against Defendants.

## IV.  ARGUMENT

### A. Counsel Had Actual or Constructive Knowledge of Plaintiffs' Falsehoods

- Mensik assumed representation after Defendants' discovery responses proved that Plaintiffs' claims were baseless.

- Despite having direct evidence - including contradictory deposition testimony, financial records, and police reports - Mensik continued pursuing Plaintiffs' fraudulent allegations.

- By Washington law, continuing to advance a false claim after learning it is meritless constitutes litigation misconduct. *Biggs v. Vail*, 124 Wn.2d 193 (1994).

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MATTHEW MENSIK FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **12** OF 19

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**B. Misrepresentation and Concealment Influenced the Court's Issuance of a Defective TRO**

- Mensik relied on conclusory and perjured statements to obtain a TRO without bond, violating RCW 7.40.080 and CR 65(c).

- The Court improperly seized property belonging to a non-party LLC, violating due process (Mullane v. Central Hanover Bank & Trust, 339 U.S. 306 (1950)).

- Mensik's failure to disclose exculpatory evidence led to the continued enforcement of the defective TRO.

**C. Suborning Perjury & Failure to Correct Materially False Statements**

- Linda Cole falsely claimed that Defendants "stole" money from her, despite bank records proving she authorized the wire transfers.

- Mensik knew Plaintiffs' claims were contradicted by their own testimony, yet failed to correct the record in violation of RPC 3.3.

**D. Sanctions Are Warranted Under CR 11, RCW 4.84.185, CR 30(d), CR 37(a), and the Court's Inherent Authority, and Are Necessary to Curb Abusive Litigation**

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MATTHEW MENSIK FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **13** OF 19

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Continuing to wield false statements which perpetrate meritless allegations constitutes bad faith litigation and warrants sanctions.

- Promoting these baseless claims Mensik forced Defendants to expend hundreds of hours preparing defenses against baseless claims.

- Without sanctions, there is no deterrent to counsel repeating such tactics, and the judicial process remains vulnerable to further abuse.

- Under RCW 4.84.185, the Court may award Defendants attorney fees and costs for defending against frivolous claims.

**CR 11 requires sanctions when an attorney knowingly misrepresents facts or law to the Court.**

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MATTHEW MENSIK FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **14** OF **19**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# V. STATEMENT OF ISSUES

1.  Whether attorney Mensik's acts – continuing to proliferate maintain a factually baseless Complaint, suborning or failing to correct Linda Cole's perjury, and continuing to withhold and suppress evidence, e.g., police incident report closed as "unfounded", and continuing to insinuate with the court that there was some kind of extant police investigation still open - constitute *fraud on the court*. – **Answer: Yes**

2.  Whether Mensik violated CR 11 by signing and pursuing pleadings that lacked factual support and were contradicted by readily available documentation. – **Answer: Yes**

3.  Whether the TRO and subsequent orders must be vacated or dismissed because they were obtained through fraudulent submissions and perjured statements.
    – **Answer: Unequivocally, Yes**

4.  Whether sanctions are warranted, including attorney fees, costs, dismissal of claims, and referral to the Bar Association for disciplinary action.
    – **Answer: Again, Unequivocally, Yes**

DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL MATTHEW MENSIK FOR FRAUD ON THE COURT, SUBORNATION OF PERJURY, AND LITIGATION MISCONDUCT PAGE **15** OF 19

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

## VI. EVIDENCE RELIED UPON

This motion relies on the pleadings, declarations, and discovery records already on file, as well as:

- **Police Incident Report** reflecting that Plaintiffs' criminal complaint was found "unfounded" within 24 hours.

- **Linda Cole's sworn Declaration** dated November 6, 2023 (and her Supplemental Declaration dated November 9, 2023) containing contradictory statements.

- **Defendants' discovery responses** (over 500 pages), including Plaintiff's own contradicting words in text messages, wire transfer instructions, and bank records.

- **Court records** granting the TRO without a bond and all subsequent orders resting on that TRO.

- **Defendants' motion filed prior to trial**:

  "EMERGENCY MOTION TO: ADMIT EVIDENCE, PRECLUDE MISLEADING STATEMENTS, ADDRESS PLAINTIFFS' CREDIBILITY FAILURES – AMENDED" – Filed initially January 13, 2025
  - Containing nearly 50 instances of Plaintiffs contradictions across sworn testimony

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MATTHEW MENSIK FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **16** OF 19

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

## VII.  CONCLUSION

Attorney Mensik pursued frivolous, factually unsupported claims and suborned or failed to correct Linda Cole's false testimony, thereby inflicting grave harm on Defendants and a non-party LLC.  Through his misconduct Plaintiffs continued to benefit from the prejudicial conduct of the court, including the unlawful Preliminary Injunction, granted without proper bond, leading to due process violations and severe financial harm to Defendants.

## VIII.  RELIEF REQUESTED

**WHEREFORE,** Defendants respectfully request that this Court impose the following sanctions:

1. **Order Mensik to Show Cause** why sanctions should not be imposed for subornation of perjury and fraud on the court.

2. **Vacatur of TRO and Related Contempt Orders**:  The Court should vacate the TRO and all resulting contempt orders and sanctions previously described against Defendants, due to the fraudulent means used to obtain them.  Further purge Defendants' records in whatever means necessary to eliminate all traces of unfounded and unlawful findings of contempt to eliminate unjust impairment to future employment or other possible contexts

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MATTHEW MENSIK FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **17** OF 19

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

3. **Dismissal of Plaintiffs' Claims**: The Court should dismiss Plaintiffs' claims as a sanction for fraud on the court.

4. **Monetary Sanctions**: Plaintiffs' counsel should be required to pay Defendants' legal costs incurred due to their bad-faith litigation tactics, and a pro se compensation award for the extensive time spent combating these false allegations.

5. **Judicial Findings of Fraud on the Court**: The Court should make formal findings that Plaintiffs' claims were based on fraudulent misrepresentations.

6. **Referral for Disciplinary Action:** The Court should refer Plaintiffs' counsel to the Washington State Bar Association for disciplinary review under RPC 3.3 (Candor to the Tribunal)

DATED this 11th day of February, 2025, at Spokane, WA.

Respectfully submitted,

/s/    *Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MATTHEW MENSIK FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **18** OF 19

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# IX. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | | |
|---|---|---|
| Matt Mensik | [ ] U.S. Mail |
| Riverside NW Law Group | [ ] Hand Delivery |
| 905 W. Riverside Ave, Suite | [ ] Facsimile |
| 208 | [X] E-Mail |
| Spokane, WA 99201 | [ ] Legal Messenger |
| mam@rnwlg.com | |

DATED this 11th day of February, 2025, at Spokane, WA.

*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MATTHEW MENSIK FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **19** OF **19**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1

2

3

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs<br><br>V.<br><br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | No. 23-2-04734-32<br><br>DEFENDANTS' MOTION FOR SANCTIONS<br>AGAINST PLAINTIFFS' COUNSEL<br>MICHAEL MERRITT FOR FRAUD ON THE<br>COURT, SUBORNATION OF PERJURY, AND<br>LITIGATION MISCONDUCT |

## I. RELIEF REQUESTED

COMES NOW Defendants Eric Young and Susan Young, appearing pro se, and

respectfully move this Court for an order imposing sanctions against Plaintiffs' former

counsel, Michael Merritt, pursuant to this Court's inherent authority to sanction litigation

misconduct, CR 11, and Washington's Rules of Professional Conduct. Defendants request:

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **1** OF **17**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1. **Monetary Sanctions** against attorney Merritt, including reimbursement of Defendants' costs and fees resulting from Merritt's bad-faith litigation tactics.

2. **Vacatur** of the improperly issued Temporary Restraining Order (TRO)—and any subsequent orders stemming from it—obtained through misrepresentation and omission.

3. **Dismissal** of Plaintiffs' claims to the extent they were procured by fraudulent or perjured testimony.

4. **Referral** of Merritt to the Washington State Bar Association for disciplinary review under RPC 3.3 (Candor Toward the Tribunal).

5. **Formal Findings** that Plaintiffs' counsel engaged in fraud on the court and subornation of perjury.

6. **Grant such other relief** as the Court deems just and proper

## II. FACTS

1. **Filing of Complaint and "Due Diligence" Ruse**

   o On or about November 6, 2023, Plaintiffs (represented by Merritt) filed a Complaint alleging *fraud* and *conversion* against Defendants, accompanied by Linda Cole's sworn Declaration.

DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR FRAUD ON THE COURT, SUBORNATION OF PERJURY, AND LITIGATION MISCONDUCT PAGE **2** OF 17

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- That same day, upon Merritt's instruction, Plaintiffs filed a criminal complaint with local police ostensibly as "due diligence." Within 24 hours, law enforcement deemed the allegations "unfounded."

- The same day, Plaintiffs also went to the police at Merritt's instruction to file a criminal complaint, ostensibly as "due diligence." This complaint was quickly investigated and labeled "unfounded" within 24 hours by law enforcement.

- Despite knowing or having immediate reason to know that the police discredited Plaintiffs' "theft/fraud" theory (on or about November 7, 2023), attorney Merritt pressed forward without disclosing the "unfounded" finding to this Court.

2. **Securing a TRO Through False or Inflammatory Statements**

- Merritt used Linda Cole's conclusory and inconsistent allegations to obtain an ex parte TRO:

    - No bond was stipulated, in violation of RCW 7.40.080, and CR 65

    - The TRO froze funds under a fraudulent dispute, funds which Plaintiffs had willingly wired to Defendants' as part of a well-known family plan

    - The Court, operating under these fraudulent allegations, later arbitrarily seized/froze non-party LLC-owned property (an RV), without joining that LLC as a party.

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **3** OF **17**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- The TRO application offered no documentary evidence or witnesses beyond Linda Cole's suspect narrative, heavily laden with Counsel's prejudicial and inflammatory rhetoric.
  - Defendants' data analysis shows over five hundred instances of twenty frequently occurring prejudicial and conclusory words prevalent across Mr. Merritt's filings and oral arguments for Plaintiffs

3. **Defendants' Discovery Responses and Contradictory Evidence**

- In subsequent discovery, Defendants produced over five hundred pages of documentary evidence (including authorized wire-transfer forms, notarized indemnification forms, text messages, and other content) directly refuting Plaintiffs' allegations.
- This evidence showed Linda Cole had authorized the wire transfers consistent with an intra-family gift arrangement, undercutting any claim of "theft" or "conversion."
- Merritt continued to advocate Plaintiffs' claims, never moving to dismiss or correct the record—even after receiving documented proof of Linda Cole's false statements in addition to the "unfounded" police determination.

4. **Attorney Merritt's Withdrawal**

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **4** OF **17**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Approximately two weeks after receiving Defendants' robust discovery responses, Merritt withdrew as counsel. Despite withdrawing, Merritt had already caused substantial damage by obtaining the TRO through misrepresentations and failing to rectify known falsehoods on the record.

5. **Consequences: Due Process Violations and Seizure of Non-Party Property**
   - The Court's reliance on Merritt's submissions triggered severe due process violations:
     - LLC-owned property was seized although the LLC was never joined as a party, depriving it of a defense and access to its insurance coverage.
     - Defendants were subjected to wrongful constraints on their finances and property, suffering irreparable harm.

## III. STATEMENT OF ISSUES

1. Whether attorney Merritt's acts—filing and maintaining a factually baseless Complaint, suborning or failing to correct Linda Cole's perjury, and withholding the police's "unfounded" determination—constitute *fraud on the court*. – **Answer: Yes**

2. Whether Merritt violated CR 11 by signing and pursuing pleadings that lacked factual support and were contradicted by readily available documentation. – **Answer: Yes**

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **5** OF **17**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

3. Whether the TRO and subsequent orders must be vacated or dismissed because they were obtained through fraudulent submissions and perjured statements.

   – **Answer:  Unequivocally, Yes**

4. Whether sanctions are warranted, including attorney fees, costs, dismissal of claims, and referral to the Bar Association for disciplinary action.

   – **Answer:  Again, Unequivocally, Yes**

## IV.  EVIDENCE RELIED UPON

This motion relies on the pleadings, declarations, and discovery records already on file, as well as:

- **Police Incident Report** reflecting that Plaintiffs' criminal complaint was found "unfounded" within 24 hours.

- **Linda Cole's sworn Declaration** dated November 6, 2023 (and her Supplemental Declaration dated November 9, 2023) containing contradictory statements.

- **Defendants' discovery responses** (over five hundred pages), including Plaintiff's own contradicting words in text messages, wire transfer instructions, and bank records.

- **Court records** granting the TRO without a bond and all subsequent orders resting on that TRO.

- **Defendants' motion filed prior to trial**:

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

"EMERGENCY MOTION TO: ADMIT EVIDENCE, PRECLUDE MISLEADING STATEMENTS, ADDRESS PLAINTIFFS' CREDIBILITY FAILURES – AMENDED" – Filed initially January 13, 2025

- Containing nearly fifty instances of Plaintiffs contradictions across sworn testimony

## V. LEGAL STANDARD

### A. Fraud on the Court / Subornation of Perjury

1. *Saldivar v. Momah*, 145 Wn. App. 365 (2008) (fraud on the court arises when an attorney knowingly advances false claims or fails to correct perjured testimony).

   o RPC 3.3 (Candor Toward the Tribunal) requires counsel to correct false statements of material fact. Failure to do so may constitute subornation of perjury.

   o *See RPC 3.3 (Candor Toward the Tribunal); In re Disciplinary Proceeding Against McGrath, 174 Wn.2d 813 (2012)*

### B. CR 11 Sanctions

1. *Biggs v. Vail, 119 Wn.2d 129 (1992)* (CR 11 violated when attorneys file claims without evidentiary support or after learning of contradictory evidence).

   o Counsel's duty includes investigating facts before filing and stopping prosecution if factual support collapses.

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **7** OF **17**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

25-80037-FPC    Doc 17-8    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 71 of 100

## C. Sanctions Under Rcw 4.84.185 – Frivolous Claims And Bad Faith Litigation

1. Under RCW 4.84.185, the Court has discretion to award attorney's fees and costs to a prevailing party when a lawsuit or motion is found to be frivolous and advanced in bad faith. The statute states: "In any civil action, the court may, upon written findings that the action, counterclaim, cross-claim, third-party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third-party claim, or defense." (RCW 4.84.185).

2. A frivolous claim is one that "cannot be supported by any rational argument on the law or facts." Bill of Rights Legal Found. v. Evergreen State College, 44 Wn. App. 690, 696, 723 P.2d 483 (1986). Courts routinely sanction litigants under RCW 4.84.185 when their claims lack evidentiary support, are pursued in bad faith, or impose unnecessary litigation costs.

   o **Plaintiffs' Claims Were Frivolous and Advanced in Bad Faith**

3. Merritt, while serving as Plaintiffs' counsel, knowingly initiated and pursued baseless claims predicated on demonstrably false representations.

   Plaintiffs repeatedly made sworn statements that were:

   o **Directly contradicted by their own testimony and discovery responses.**

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **8** OF **17**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Refuted by objective documentary evidence, including financial records, police reports, and Plaintiffs' prior communications.
- Advanced without any third-party corroboration, relying entirely on subjective, inconsistent, and speculative allegations.

4. Despite having access to Defendants' discovery responses, subpoenaed bank records, and Plaintiffs' own inconsistent statements, Merritt continued litigating these fraudulent claims for nearly 11 months, knowingly misleading the Court and imposing unnecessary financial burdens on Defendants.

5. **The Court Should Award Defendants Attorney's Fees and Costs Under RCW 4.84.185**

- Plaintiffs' claims were advanced without even a particle of probable cause – had Merritt had anything but his billing opportunity in mind – let alone any reasonable basis in fact or law. Therefore, Defendants are entitled to attorney's fees and costs incurred in defending against this frivolous lawsuit. Courts have awarded sanctions under RCW 4.84.185 in similar cases where attorneys pursued knowingly false claims, resulting in needless litigation and financial harm to the opposing party. Biggs v. Vail, 124 Wn.2d 193, 199, 876 P.2d 448 (1994).

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **9** OF 17

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

o    Accordingly, Defendants respectfully request that the Court enter written findings declaring Plaintiffs' claims frivolous under RCW 4.84.185 and award reasonable attorney's fees and costs incurred in defending against this action.

## D. Court's Inherent Power to Sanction

1. Chapple v. Mason, 98 Wn.2d 229 (1982) (court has inherent power to vacate orders and sanction attorneys who obtain relief by fraud).

2. Cheatwood v. Cheatwood, 61 Wn.2d 283 (1963) (orders procured through deception must be set aside to preserve the judicial process's integrity).

## E. Due Process and Invalid Injunctions

1. RCW 7.40.080 (bond requirement). Failure to require a bond can render an injunction defective, especially where attained by misrepresentation.

2. Where property of a non-joined party is seized, fundamental due process is violated. See Mullane v. Central Hanover Bank & Trust, 339 U.S. 306 (1950).

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **10** OF **17**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# VI. ARGUMENT

1. **Attorney Merritt Had Actual or Constructive Knowledge of Plaintiffs' Falsehoods**

   o From inception, counsel orchestrated a "due diligence" referral to the police but filed the Complaint the same day—demonstrating little regard for factual accuracy.

   o Once law enforcement declared the matter "unfounded," counsel had a professional duty to halt or correct any ongoing misrepresentation. Instead, he pressed forward.

   o By the time Defendants produced documentary proof of Linda Cole's contradictory statements, any residual doubt as to the falsity of the allegations should have been resolved. Counsel never moved to amend or dismiss.

2. **Misrepresentation and Concealment Influenced the Court's Issuance of a Defective TRO**

   o Counsel used Linda Cole's sworn Declaration—laced with conclusory allegations—to secure an extraordinary remedy (the TRO), with zero bond.

   o The inaccurate portrayal caused the Court to seize property belonging to a non-party LLC, thereby depriving Defendants (and the LLC) of due process.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

3. **Suborning Perjury or Failing to Correct Materially False Statements**

   o Linda Cole's statements about unauthorized wire transfers were directly refuted by bank records and her own text messages.

   o Counsel had an ethical duty under RPC 3.3 to correct false statements once discovered. Instead, he permitted the court to rely on them, or even amplified them.

4. **Sanctions Are Warranted Under CR 11, RCW 4.84.185, and Inherent Authority**

   o Attorney Merritt knowingly (or with reckless disregard) advanced meritless allegations, harming Defendants and abusing the judicial process.

   o Under RCW 4.84.185, the Court has discretion to award attorney's fees and costs to a prevailing party when a lawsuit or motion is found to be frivolous and advanced in bad faith.

   o The Court should award (a) attorney fees and costs to Defendants, (b) sanctions sufficient to deter similar misconduct, and (c) any additional relief justified by counsel's egregious conduct.

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **12** OF **17**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

## VII. REQUESTED SANCTIONS

**WHEREFORE,** Defendants respectfully request that this Court impose the following sanctions:

1. **Order Merritt to Show Cause** why sanctions should not be imposed for subornation of perjury and fraud on the court.

2. **Vacatur of TRO and Related Contempt Orders**: The Court should vacate the TRO / Preliminary Injunction and all resulting contempt orders and sanctions previously described against Defendants, due to the fraudulent means used to obtain them. Further purge Defendants' records in whatever means necessary to eliminate all traces of unfounded and unlawful findings of contempt to eliminate unjust impairment to future employment or other possible contexts

3. **Dismissal of Plaintiffs' Claims**: The Court should dismiss Plaintiffs' claims as a sanction for fraud on the court.

4. **Monetary Sanctions**: Plaintiffs' counsel should be required to pay Defendants' legal costs incurred due to their bad-faith litigation tactics, and a pro se compensation award for the extensive time spent combating these false allegations.

5. **Judicial Findings of Fraud on the Court**: The Court should make formal findings that Plaintiffs' claims were based on fraudulent misrepresentations.

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **13** OF **17**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

6. **Referral for Disciplinary Action:** The Court should refer Plaintiffs' counsel to the Washington State Bar Association for disciplinary review under RPC 3.3 (Candor to the Tribunal)

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **14** OF **17**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

## VIII.  CONCLUSION

Attorney Merritt pursued frivolous, factually unsupported claims and suborned or failed to correct Linda Cole's false testimony, thereby inflicting grave harm on Defendants and a non-party LLC.  Through his misconduct Plaintiffs secured a TRO without proper bond, leading to due process violations and severe financial harm to Defendants.

**WHEREFORE,** Defendants respectfully request that this Court:

7. **Order Merritt to Show Cause** why sanctions should not be imposed for subornation of perjury and fraud on the court.

8. **Vacate** the TRO and all subsequent or tertiary orders predicated on Plaintiffs' falsehoods, and purge Defendants' records in whatever means necessary to eliminate any traces of unlawful findings of contempt, unlawful

9. **Dismiss** all of Plaintiffs' claims obtained through fraudulent means.

10. **Award** Defendants their costs and fees associated with defending these false claims.

11. **Refer** Merritt to the Washington State Bar Association for investigation under **RPC 3.3**.

12. **Grant** such other relief as the Court deems just and proper in the interests of justice and to protect the integrity of this Court.

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **15** OF 17

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

DATED this 11th day of February, 2025, at Spokane, WA.

Respectfully submitted,

/s/     *Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# IX. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [  ] U.S. Mail |
| Riverside NW Law Group | [  ] Hand Delivery |
| 905 W. Riverside Ave, Suite | [  ] Facsimile |
| 208 | [X] E-Mail |
| Spokane, WA 99201 | [  ] Legal Messenger |
| mam@rnwlg.com | |

DATED this 11th day of February, 2025, at Spokane, WA.

*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **17** OF 17

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs<br><br>V.<br><br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | No. 23-2-04734-32<br><br>DEFENDANTS' MOTION TO STRIKE<br>PLAINTIFFS' CLAIMS AS FRAUDULENT,<br>MOTION FOR JUDGMENT AS A MATTER OF<br>LAW (CR 50), AND<br>REQUEST FOR JUDICIAL FINDINGS<br>FRAUD ON THE COURT |

## I.  RELIEF REQUESTED

COMES NOW Defendants, Eric Young and Susan Young, pro se, and pursuant to CR 50(a)

move this Court for an order striking Plaintiffs' claims as fraudulent, granting judgment as a

matter of law, and issuing judicial findings of fraud on the court. Defendants further request

relief to restore unlawfully seized assets, and to apply sanctions against Plaintiffs for abuse of

process and fraudulent litigation.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

## II.  STATEMENT OF FACTS

**1. Plaintiffs Filed This Case Based on Knowingly False Allegations**

- o  Linda Cole knowingly filed a false police report on November 6, 2023, accusing Defendants of theft and fraud.

- o  Within 24 hours, the Baker City Police Department (BCPD) deemed the allegations "unfounded", and:
  - ▪  Directed Plaintiffs to retrieve the belongings they had left in Spokane from the storage unit Defendants' had provided to store them
  - ▪  Declined pursuing allegations of wire fraud themselves
  - ▪  Declined to forward the complaint to the US Secret Service

- o  The same day, Plaintiffs initiated this lawsuit in Spokane County, Washington, recycling the same knowingly false claims in sworn declarations.

**2. Fraudulent Claims Led to an Illegally Issued TRO & Asset Seizure**

- o  Plaintiffs' false statements resulted in a Temporary Restraining Order (TRO) issued ex parte on November 7, 2023, which froze Defendants' assets without notice or bond, violating RCW 7.40.080.

- o  Plaintiffs intentionally concealed the BCPD report from this Court, misleading the Court into granting continued injunctive relief.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- The Court wrongfully seized an LLC-owned RV under the false pretense that "all assets belonged to Plaintiffs," ignoring corporate ownership and violating due process.

- The Court's orders seized assets belonging to a non-party LLC (lawfully operating for 22 years, registered most recently (2022) in Washington), resulting in the forced storage of a project/bunkhouse 5th-wheel RV/trailer and impairment of lawful business use

- These actions further resulted in unlawful incarceration of Eric Young, impinged upon Defendants and the LLC's constitutionally-protected right to Due Process, and inflicted severe financial harm on Defendants.

- Failure to properly join the LLC to the case prevented it from both defending its interests and from accessing its corporate liability insurance in support of that defense.

### 3. Plaintiffs Contradicted Themselves at Every Stage of Litigation

- Plaintiffs have flip-flopped on every material fact—whether the funds were a gift or a loan, whether they consented to the wire transfers, and whether they intended to be part of the mortgage transaction.

- **Key contradictions include:**

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR JUDGMENT
AS A MATTER OF LAW (CR 50), AND REQUEST FOR
JUDICIAL FINDINGS OF FRAUD ON THE COURT
PAGE **3** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Claiming they "never authorized" wire transfers but later admitting they personally communicated with the bank and provided security credentials to execute the wires.
- Stating that they were to be "co-owners" of the property but later illogically declaring (in deposition) that 'they were not going to be co-owners, they were buying the house, they would be owners, and [Defendants] were to be co-owners'.
- Alleging they were "deceived" into giving funds but in reality signed a vendor-supplied gift letter, authorized their bank to make the wire transfers, and doubly-authorized and indemnified the Credit Union by signing forms before a Notary. Linda does not dispute she signed these documents.
- Regardless of Plaintiffs' attempts to rewrite reality post hoc, these actions validate Plaintiffs' awareness of and support for the family plan, and that the funds were a family gift as required under FHA policy and federal mortgage lending law.

**4. Trial Evidence Conclusively Disproved Plaintiffs' Claims**

o The Notary Public who witnessed Linda Cole signing the wire indemnification forms testified under oath that she was under no duress, knew what she was doing, and had ample time to review the documents.

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR JUDGMENT
AS A MATTER OF LAW (CR 50), AND REQUEST FOR
JUDICIAL FINDINGS OF FRAUD ON THE COURT
PAGE **4** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- The purchase receipt from Postal Annex displays the notarization of 2 forms, along with the purchase of 16 pages of 'High-Speed Copies' – further refuting another allegation by Plaintiff that 'she never got anything' related to paperwork of the transaction

- Audio recordings and text messages directly refute Plaintiffs' claims that they were misled, showing their full knowledge and voluntary participation in the transactions.

- No witness were subpoenaed at trial to support Plaintiffs' allegations. Only hearsay and conjecture by an outside party with no knowledge of events, and regurgitation of Linda Cole's discredited and contradictory testimony.

## III. STATEMENT OF ISSUES

1. Whether Plaintiffs' systematic misrepresentations and concealment of material evidence constitute fraud on the court such that their claims must be stricken and dismissed with prejudice.

   - Yes

2. Whether Defendants are entitled to judgment as a matter of law under CR 50(a), as Plaintiffs failed to present legally sufficient evidence from which a trier of fact could find fraud, conversion, or any actionable claim.

   - Yes

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

3. Whether the Court should issue judicial findings of fraud on the court and vacate all orders (including asset freezes and contempt findings), based on Plaintiffs' deliberate and repeated false statements in sworn declarations and testimony.

- Yes

## IV. EVIDENCE RELIED UPON

This motion is based on the pleadings, records, and exhibits filed in this action, including:

- **Baker City Police Department Report** (concluding allegations were "unfounded");
- **Police bodycam footage & transcript** (showing Plaintiffs contradicting their later court testimony);
- **Mortgage lender communications** (confirming gift funds were used for mortgage approval);
- All other pleadings, records, and filings in the court file are also incorporated herein by reference.
- Plaintiffs' discovery responses to Defendants' Requests for Admission, depositions, and trial testimony (containing self-contradictions and misstatements);
- Audio & text message evidence (directly disproving Plaintiffs' claims).

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# V. LEGAL AUTHORITY AND ARGUMENT

## 5. Fraud on the Court Justifies Striking Plaintiffs' Claims

- Under Washington law and federal precedent, "Fraud upon the court occurs when a party engages in a deliberate scheme that improperly influences the judicial process." Fraudulent conduct may include deliberate misrepresentations or subornation of perjury which corrupts the judicial process itself. - *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 246 (1944).*

- Jones v. Jones, 187 Wn. App. 80, 88–89 (2015) (court may vacate or strike claims obtained through egregious dishonesty).

- Washington courts have inherent authority to strike pleadings obtained through fraud. Jones v. Jones, 187 Wn. App. 80, 89 (2015).

- Plaintiffs' deliberate concealment of exculpatory evidence (the police report) and repeated contradictory statements constitute fraud upon the court and warrant dismissal.

  - Plaintiffs' Conduct Here Includes:

    - Plaintiffs knowingly withheld the Baker City Police report and the "unfounded" determination.

    - They advanced contradictory sworn statements, from ex parte TRO proceedings to final trial arguments.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- o  Their false narrative improperly induced the Court to grant injunctive relief and impose severe measures, including wrongful incarceration.

### 6. CR 50(a) Judgment as a Matter of Law

#### Standards for CR 50(a) Judgment

- o  Judgment as a Matter of Law is proper if, viewing the evidence in the light most favorable to the non-moving party, when the opposing party fails to present legally sufficient evidence such that no rational trier of fact could find for the plaintiff. *Guillen v. Pierce County, 195 Wn.2d 325, 332 (2020).*

#### No Competent Evidence for Fraud or Conversion

- o  **Fraud**: Requires proof by clear, cogent, and convincing evidence of (1) a misrepresentation of existing fact, (2) reliance, (3) damages, etc. Stiley v. Block, 130 Wn.2d 486, 505 (1996). Plaintiffs have failed to prove any misrepresentation; Family conversation recordings demonstrate open and frank communication about the family plan and Plaintiffs audibly acknowledging and accepting

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Conversion: Intra-family monetary transfers are presumed gifts absent a clear, written repayment obligation. Cummings v. Anderson, 94 Wn.2d 135, 141 (1980); Berger v. Shapiro, 30 Wn.2d 418, 428 (1948). Plaintiffs provided no document or testimony establishing any contrary arrangement.

- Plaintiffs' Own Exhibits Undercut Their Claims

  - Police records show no wrongdoing by Defendants.

  - Wire and notary documents confirm Linda Cole's active authorization of the transfers.

  - Plaintiffs' alleged "trickery" or "elder exploitation" is mere baseless speculation refuted by Defendant's 500 pages of discovery responses and another 1,500 pages of additional evidence ready whenever needed

- Plaintiffs' entire case is built on contradictory, unsupported testimony, without documentary evidence, witness corroboration, or factual consistency.

- **Washington law presumes intra-family monetary transfers are gifts unless proven otherwise by clear, cogent, and convincing evidence. Berger v. Shapiro, 30 Wn.2d 418, 428 (1948); Cummings v. Anderson, 94 Wn.2d 135, 141 (1980).**


**Plaintiffs failed to meet their burden and judgment as a matter of law is required.**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**7. The Court Should Vacate the Fraudulently Obtained TRO and Expunge All Related Proceedings**

- o **No Bond Posted—Order Invalid**

  - *RCW 7.40.080* mandates a bond prior to issuing restraining orders. *Western Academy of Beaux Arts v. De Bit*, 101 Wash. 42, 44–45, 171 P. 1036 (1918).

  - No bond was set or posted here, rendering the TRO and subsequent injunction a legal nullity. *Evar, Inc. v. Kurbitz*, 77 Wn.2d 948, 951, 468 P.2d 677 (1970).

- o **Wrongful Asset Seizure and Incarceration**

  - Defendants' LLC-owned RV was seized despite not being a party.

  - Eric Young was incarcerated for alleged contempt under an invalid restraining order. This Court's immediate expungement or vacatur is necessary to erase that record from harming Defendants' future and as a first step in correcting the defamatory damage already inflicted

**8. Damages and Sanctions are Necessary to Remedy Plaintiffs' Bad-Faith Tactics**

  - RCW 4.84.185 permits an award of attorney fees/costs if the action is **frivolous** or advanced without reasonable cause.

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR JUDGMENT
AS A MATTER OF LAW (CR 50), AND REQUEST FOR
JUDICIAL FINDINGS OF FRAUD ON THE COURT
PAGE **10** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Courts have inherent power to sanction parties for abuse of process, awarding fees and compensatory damages. In re Recall of Pearsall-Stipek, 141 Wn.2d 756, 767 (2000).

## VI. REQUEST FOR RELIEF

Defendants respectfully request that the Court:

1. Strike Plaintiffs' Claims as infected by fraud on the court and dismiss them with prejudice.

2. Grant Judgment as a Matter of Law (CR 50) for Defendants, as Plaintiffs have failed to present the required evidentiary basis for fraud, conversion, or any other claim.

3. Issue Judicial Findings of Fraud on the Court, concluding that Plaintiffs' misrepresentations and concealment of material evidence corrupted these proceedings.

4. Vacate and Expunge all orders, findings, and records originating from the illegally obtained TRO and injunction, including:

   o Immediate Dissolution of any freeze or hold on Defendants' personal or business assets;

   o Return or Release of all property or funds held in trust or seized under the defective injunction;

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- o   Nullification of the contempt and any incarceration record, removing any trace from Defendants' personal or law enforcement histories;
- o   Directive to Title/Escrow to release or cancel earnest money holds or other burdens placed on third parties.

5. Award Defendants Damages, Fees, and Sanctions under RCW 4.84.185 or as otherwise authorized, including but not limited to compensation for lost wages, business losses, storage/impound fees, and all legal costs incurred defending this frivolous and fraudulent lawsuit.  (See **EXHIBIT 1** to this document)

6. Issue sanctions against Plaintiffs and their counsel for willful abuse of process, as this Court deems just and proper to remedy the harm caused by Plaintiffs' willful litigation misconduct.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# VII. EXHIBITS AND REFERENCES TO EVIDENCE:

This document contains the following Exhibits or references to external Exhibits

- EXHIBIT 1 - SUMMARY OF COMPENSABLE DAMAGES AND SANCTIONS DUE TO PLAINTIFFS' FRAUD ON THE COURT – WITH CASE LAW –

- EXHIBIT 2 - REFERENCE - FOR REPOSITORY OF PLAINTIFFS' PERJURED TESTIMONY AND CONTRADICTIONS:

  SEE DEFENDANTS' FILED MOTION: "EMERGENCY MOTION TO ADMIT EVIDENCE, PRECLUDE MISLEADING STATEMENTS, AND ADDRESS PLAINTIFFS' CREDIBILITY FAILURES"

- EXHIBIT 3 - CASE BACKGROUND: A PATTERN OF PLAINTIFFS' CONTRADICTIONS AMOUNTING TO FRAUD

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR JUDGMENT
AS A MATTER OF LAW (CR 50), AND REQUEST FOR
JUDICIAL FINDINGS OF FRAUD ON THE COURT
PAGE **13** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# VIII.  CONCLUSION

Plaintiffs' case is a textbook example of fraud upon the court, relying on perjury, concealment of material evidence, and repeated contradictions. Their claims fail as a matter of law, and they cannot meet their burden under Washington's legal standards.

For these reasons, Defendants respectfully request that the Court strike Plaintiffs' claims, enter judgment for Defendants as a matter of law under CR 50, enter findings of fraud on the court, and impose appropriate sanctions to preserve the integrity of the judicial process.

DATED this 11th day of February, 2025, at Spokane, WA.

Respectfully submitted,

/s/     *Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR JUDGMENT
AS A MATTER OF LAW (CR 50), AND REQUEST FOR
JUDICIAL FINDINGS OF FRAUD ON THE COURT
PAGE **14** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# IX. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [ ] U.S. Mail |
| Riverside NW Law Group | [ ] Hand Delivery |
| 905 W. Riverside Ave, Suite | [ ] Facsimile |
| 208 | [X] E-Mail |
| Spokane, WA 99201 | [ ] Legal Messenger |
| mam@rnwlg.com | |

DATED this 11th day of February, 2025, at Spokane, WA.

/s/ Eric R. Young and Susan L. Young

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR JUDGMENT
AS A MATTER OF LAW (CR 50), AND REQUEST FOR
JUDICIAL FINDINGS OF FRAUD ON THE COURT
PAGE **15** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# EXHIBIT 1:

# SUMMARY OF COMPENSABLE DAMAGES AND SANCTIONS DUE TO PLAINTIFFS' FRAUD ON THE COURT – WITH CASE LAW –

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR
JUDGMENT AS A MATTER OF LAW (CR 50), AND
REQUEST FOR JUDICIAL FINDINGS OF FRAUD ON
THE COURT
PAGE **16** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# I. INTRODUCTION – EXHIBIT 1

Defendants Eric Young and Susanann Young submit this Exhibit in support of the Emergency Notice of Fraud on the Court and Material Contradictions in Plaintiffs' Testimony. Plaintiffs engaged in fraudulent misrepresentations, perjury, and intentional misconduct, resulting in financial harm, wrongful asset seizures, and lost economic opportunities for Defendants. This document outlines the compensable damages, legal precedent, and requested relief.

## COMPENSABLE DAMAGES AND LEGAL BASIS – EXHIBIT 1

**CR 11 Sanctions for Bad Faith Litigation**

Plaintiffs knowingly advanced false allegations and fraudulent claims, violating CR 11 by failing to ensure their claims were grounded in fact or law. Courts in Washington have consistently sanctioned litigants who abuse judicial proceedings.

- Legal Precedent: *Biggs v. Vail*, 119 Wn.2d 129 (1992) – CR 11 sanctions were imposed against a party whose claims were based on false information and lacked good faith investigation.

- Requested Relief:

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR
JUDGMENT AS A MATTER OF LAW (CR 50), AND
REQUEST FOR JUDICIAL FINDINGS OF FRAUD ON
THE COURT
PAGE **17** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- o Sanctions against Plaintiffs for bad faith litigation equal to Defendants' full legal costs (TBD, estimated $50,000+).
- o Compensation for pro se litigation time based on fair market value of professional legal services.

**Unlawful Seizure of Defendants' Cash and LLC Asset (RV)**

The Court improperly seized $30,000 in cash and an LLC asset (RV valued at $90,000) under an invalid TRO based on fraudulently procured relief. The seizure of an LLC asset without naming the LLC as a party constitutes a violation of due process.

- Legal Precedent: *In re Marriage of Langham*, 153 Wn.2d 553 (2005) – Courts may not deprive a party of property without due process protections.
- Requested Relief:
  - o Immediate return of the $30,000 cash and the LLC-owned RV.
  - o Financial compensation for depreciation of the RV's value and lost commercial use over 12 months.

**Business Revenue Loss Due to Asset Seizure**

The LLC's RV was purchased under existing plans for business expansion, and integral to revenue-generating business operations. Its unlawful seizure deprived the LLC of over a year of business income, creating a measurable economic loss.

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR
JUDGMENT AS A MATTER OF LAW (CR 50), AND
REQUEST FOR JUDICIAL FINDINGS OF FRAUD ON
THE COURT
PAGE **18** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Legal Precedent: *TMT Bear Creek Shopping Ctr., Inc. v. PETCO Animal Supplies, Inc.*, 140 Wn. App. 191 (2007) – Courts recognize lost business revenue as compensable damages when legal actions wrongfully impair commercial operations.
- Requested Relief:
    - Financial compensation for one year of lost LLC revenue due to asset seizure.
    - Restoration of all legal rights and access to commercial insurance coverage for the LLC.

**Lost Investment Earnings Due to Fraudulent Litigation**

Fraudulent litigation forced Defendants to prematurely liquidate $150,000 in investments, causing avoidable financial loss. Courts have held that wrongfully forced asset liquidation is compensable when directly caused by fraudulent legal actions.

- Legal Precedent: *Hopkins v. Barbour*, 39 Wn.2d 431 (1951) – Courts allowed market-based investment return calculations for lost earnings when assets were liquidated due to wrongful legal actions.
- Requested Relief:
    - Financial compensation for lost investment earnings based on S&P 500 market performance (~$15,000+).

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR
JUDGMENT AS A MATTER OF LAW (CR 50), AND
REQUEST FOR JUDICIAL FINDINGS OF FRAUD ON
THE COURT
PAGE **19** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com