**Wrongful Seizure of Earnest Money Due to Fraudulent TRO**

The fraudulently obtained TRO led to the wrongful impairment of $6,000 in earnest money, preventing the completion of a lawful real estate transaction. The Court's failure to require a mandatory bond further invalidates this order.

- Legal Precedent: *Vavrek v. Parks*, 64 Wn. App. 440 (1992) – Courts may not enforce improperly issued TROs that lack statutorily required bond protections.

- Requested Relief:

     o   Immediate judicial order directing the title company to release the $6,000 earnest money.

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR
JUDGMENT AS A MATTER OF LAW (CR 50), AND
REQUEST FOR JUDICIAL FINDINGS OF FRAUD ON
THE COURT
PAGE **20** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# EXHIBIT 2:

SEE DEFENDANTS' FILED MOTION:

"EMERGENCY MOTION TO ADMIT EVIDENCE, PRECLUDE MISLEADING

STATEMENTS, AND ADDRESS PLAINTIFFS' CREDIBILITY FAILURES"

– Filed January 12, 2025, Amended February 11, 2025

AND EXHIBITS ATTACHED THERETO:

"DEFENDANTS' CATALOG OF PLAINTIFFS FALSE STATEMENTS IN

REQUESTS FOR ADMISSION AND CONTRADICTIONS OF SWORN

TESTIMONY"

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR
JUDGMENT AS A MATTER OF LAW (CR 50), AND
REQUEST FOR JUDICIAL FINDINGS OF FRAUD ON
THE COURT
PAGE **21** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# EXHIBIT 3:

## CASE BACKGROUND: A PATTERN OF PLAINTIFFS' CONTRADICTIONS AMOUNTING TO FRAUD

The following content represents a sampling, just 20%, of the current catalog of willful and materially false statements made by Plaintiff Linda Cole and propagated by her attorneys.

**9. Willful Deceit about "Dog Theft" = Fraudulent Claim**

- In Plaintiffs Supplemental Declaration: Plaintiffs accused Defendants of "stealing" their Pomeranian puppy.

- VS -

- Audio Recording (Oct 21, 2023): Linda explicitly states, "We know the dog will stay here…No, you're not kidnapping her," and further acknowledges the dog "has been yours since day one." Despite this incontrovertible evidence, Plaintiffs denied this conversation ever occurred in their discovery responses – further evidence of perjury.

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR
JUDGMENT AS A MATTER OF LAW (CR 50), AND
REQUEST FOR JUDICIAL FINDINGS OF FRAUD ON
THE COURT
PAGE **22** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**10. Contradictory Testimony on Wire Authorization = Fraudulent Claim**

- Before Filing Suit: The documentary record, comprising text messages,
  conversations recorded on October 20 and October 21, 2023, and Baker City
  Police Department (Baker City, Oregon) interactions, irrefutably demonstrate that
  Plaintiffs on multiple occasions commented on or referred to their clear intent to
  wire funds to Defendants bank account, who would then acquire financing for the
  home purchase according to the family plan.  Linda Cole's statements include
  phrases such as:

  - **"So *I told them, I said, Listen, if we don't get this,*
    *I know I'm not there, but I'm authorizing this to be*
    *put, the 180,000.  So we transfer it so we can have*
    *the down payment for the house."*
    *– [3 - BCPD Video Transcript], Pg. 53, Line 19-22*

  - *"This is what I went there for, to give $180,000 for the down payment of*
    *that place."* **– (DFND Exhibit D-132 - Deposition of Linda Cole, Pg.**
    **172, Lines 19-20)**

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR
JUDGMENT AS A MATTER OF LAW (CR 50), AND
REQUEST FOR JUDICIAL FINDINGS OF FRAUD ON
THE COURT
PAGE **23** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- In Sworn Pleadings, Police Testimony, and TRO Hearing: Plaintiffs then claimed Linda Cole never authorized Defendants to receive any funds, creating a narrative of "theft." Yet bank records (from Old West Federal Credit Union) and Linda's own statements captured in police reports (when the complaint was quickly deemed "unfounded") show Linda affirmatively arranged and authorized the wire transfers directly between herself and credit union personnel.

  > "During this conversation, **I told the credit union official that after the $180,000 was wired**, **I wanted to transfer the remaining $62,314.62 in the account** to a Chase Bank account she (sic) held. **I also asked that the sum of $119,698.04, held in a second Old West Federal Credit Union account, be transferred** to my Chase account."

  - (Note: The references to 'Chase account' are merely more fraudulent and self-serving post hoc attempts to alter the realities of events)

## 11. Down-Payment Funds Were a Gift. To Say Otherwise = Fraudulent Claim

- Plaintiff repeatedly states she intended to contribute $180,000 as a "down payment" for a Spokane home to be purchased via mortgage financing Defendants (Deposition of Linda Cole, Nov. 6, 2024, p.192, lines 5–9)

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR
JUDGMENT AS A MATTER OF LAW (CR 50), AND
REQUEST FOR JUDICIAL FINDINGS OF FRAUD ON
THE COURT
PAGE **24** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Plaintiffs fabricated narrative fails to acknowledge Linda Cole's admission in Deposition and during Trial – that she changed the $180,000 wire to the full balance of one account because, as she stated,

  > "…*I was upset because they wouldn't allow the transfer. So I told them, I said I'm -- I'm just going to take the money out of the account…*" - *(DFND Exhibit D-132 - Deposition of Linda Cole, Pg. 193, Lines 2-5)*

- That amount became the roughly $242k wire authorized by Linda, followed by Linda signing before a notary the additional bank indemnification form

- Later, when Plaintiff "changed her mind" and no longer wished to proceed with the relocation, she contradicted herself, alleging Defendants "stole" the funds or diverted them without her authorization.


**12. Contradictory Claims of Owner/Borrower Status = Fraudulent Claim**

- In her Declaration, Plaintiff alleged they were supposed to be listed on the title and on the mortgage loan for the house

- In her Deposition, she disavowed her sworn Declaration, describing it as "typed up wrong," *(DFND Exhibit D-132 - Deposition of Linda Cole, Pg. 137, Line 1 )* then insisted *she* was the one "purchasing the house."

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- This was another fantasy forged in a vacuum, as Plaintiff Linda Cole had so mismanaged their funds in just 4 years that they had been reduced to barely 25% of capital from an inheritance of $1.5MM.
- Reality was and is that Plaintiffs did not have the resources to buy another house outright, which Linda admits (see below) in recorded conversation.

*Linda Cole told Defendants*: "***We were buying the house, and then it turns out, it had to be mortgaged and you wanted to pick that up***", contradicting her Deposition assertion that she was actually the mortgage borrower.

*– DFND Exhibit D-116 Recording [00:03:58 - 00:04:25] and*

*D-109 Oct21-Recording Transcript, pg. 10 line 21 – pg. 11, line 9*

- Plaintiff acknowledged a foreclosure and a bankruptcy (***DFND Exhibit D-132 - Deposition of Linda Cole, p. 99–101***), confirming the very reasons she was never involved with the mortgage lending process from the beginning, and further establishing her narrative as fraudulent
  - Yet in that same Deposition, Linda Cole again lied under oath:

  "***Q. Ms. Cole, did you not also file for a bankruptcy in California?***

  *A. No.*

  *Q. To be clear for the record, you are stating that*

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR
JUDGMENT AS A MATTER OF LAW (CR 50), AND
REQUEST FOR JUDICIAL FINDINGS OF FRAUD ON
THE COURT
PAGE **26** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

*you never filed for bankruptcy in the State of California?*

*A.   We did not.*

*Q.   Okay.*

*A.   If we had -- if we had, we would have known that."*

Whereas, the Transunion credit reporting agency reporting from 2017 (procured by Linda

Cole herself while living with Defendants for over a year in their Texas home), clearly

shows Plaintiffs' Bankruptcy filing - *in California* - in 2012

**13. Irreconcilable Accounts of Wire Transfers = Fraudulent Claim**

- Plaintiff told this Court she authorized Old West Federal Credit Union to move the funds (including the second wire amount of $119,698.04).
- Simultaneously, Plaintiff told police that Defendant Susan "impersonated" her to obtain the second wire, a claim she admitted was mere speculation (Deposition of Linda Cole, p.57–58).

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR
JUDGMENT AS A MATTER OF LAW (CR 50), AND
REQUEST FOR JUDICIAL FINDINGS OF FRAUD ON
THE COURT
PAGE **27** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**14. Plaintiff's Claim of Theft of Dog Contradicted by Recording = Fraudulent Claim**

- *THE CLAIM: Plaintiff alleged Defendants "refused" to let her take her dog*
- *THE LIE: In Plaintiffs' Responses to Requests for Admission - No. 22:*
  - Denied
- Audio from Oct. 21 shows her saying the dog "will stay here," explaining it "gets sick, sick, sick" traveling, and agreeing Defendants were "not kidnapping" her dog – *directly contradicting* her claimed "theft" of the dog.

**15. Contradictory Statements Regarding the Purpose of Funds = Fraudulent Claim**

- Before Litigation: Linda Cole explicitly referred to the transferred funds as contributing (aka 'giving') funds for the "down payment", consistent with FHA mortgage lending policies which require a gift letter.
- During Litigation: Plaintiff Linda Cole now expects the Court to believe her abruptly manufactured notion that Plaintiffs were supposed to be 'on the mortgage', and 'on the title', while producing no evidence to validate the assertion
- The willingly executed "gift letter" (a requirement for FHA underwriting) was only one example of intent to contribute gifted funds

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR
JUDGMENT AS A MATTER OF LAW (CR 50), AND
REQUEST FOR JUDICIAL FINDINGS OF FRAUD ON
THE COURT
PAGE **28** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

*(see Plaintiffs Trial Binder, Exhibit 24 – pg 0004 / bates num. COLE_000033 – part of Defendants' mortgage application paperwork, which thereupon shows the 'Cash Gift' entry provided to the lender as intended in support of the family plan, demonstrating Defendants' reliance on the promise as completed;*

- This is just one case of Defendants' fulfilling several of the predicates set forth under Promissory Estoppel

  - A Clear Promise: Linda promised the funds as a gift for the house down payment, documented and fully performed through the wire transfer and gift letter

  - Reasonable Reliance: Defendants' relied on her promise to:

    Apply for mortgage financing

    Enter a purchase agreement

    Wire earnest money into escrow

    Paid housing inspection/appraisal fees

    Retained contractors for other remodeling / finishing work

  - Substantial Change in Position: Defendants altered their financial and legal position based on Linda's promise

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR
JUDGMENT AS A MATTER OF LAW (CR 50), AND
REQUEST FOR JUDICIAL FINDINGS OF FRAUD ON
THE COURT
PAGE **29** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Injustice Without Enforcement:  Any attempt to revoke the gift would unfairly harm Defendants

***Summary of HUD / FHA Legal Support:***

- HUD Handbook 4000.1: Controlling administrative guidance for FHA lenders; explicitly states gift funds must have no expectation of repayment.
- Federal Statutes:
  - 18 U.S.C. § 1014 prohibits knowingly making false statements to influence the action of federally insured banks or HUD/FHA.
- Case Law:
  - U.S. v. Blixt, U.S. v. Wells, U.S. v. Williams, and related mortgage-fraud prosecutions confirm that falsely claiming to a lender that funds are a gift—when in fact repayment is expected—can be prosecuted as fraud.
  - While you will not find a single "Supreme Court case" explicitly titled "FHA Gift Funds Must Be Irrevocable," these authorities together clearly establish that:  FHA program rules demand genuine gifts (no repayment, no quid pro quo).
  - Misrepresenting repayable funds as a gift can lead to civil or criminal fraud liability
  - Weeks of text messages and other statements demonstrate Plaintiffs knew precisely that it was Linda Cole's announced decision (on October 7th, 2023) to contribute

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR
JUDGMENT AS A MATTER OF LAW (CR 50), AND
REQUEST FOR JUDICIAL FINDINGS OF FRAUD ON
THE COURT
PAGE **30** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

funds for purchase of a house in the Spokane area, while Linda's Son-in-Law, Eric Young, would take on the responsibility - as the only income earner – to acquire mortgage financing for the family plan. And it was Linda's intention to contribute down payment funds as required to support that financing arrangement. The record shows that it was at Linda's own coordination and direction that her Credit Union, following their security protocols for domestic wire transfers, walked Linda through the processes required to wire those gifted funds to Defendants. Defendants then used those funds as intended, in good faith and honesty, to acquire mortgage financing as discussed for the family plan.

**16. Contradictions in Reasons for Leaving Spokane = Fraudulent Intent**

- Recorded Conversations (Oct 20 and 21, 2023)*:* During these conversations, Linda never mentions any complaints of fraud or theft. She states they are "going back to finish the Baker City house" and that "we want to see if we can get an extra $200,000 on the sale." These are more examples of Linda Cole's habit of, and comfort with, lying to other people, demonstrating her self-willed determination to do whatever she wants to do to get her way.

- Court Filings*:* Plaintiffs later invented a strategic theory that Defendants had "stolen" their entire life savings within days of these recorded amicable

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum1@gmail.com

interactions. Nothing in the recordings, text messages, or other evidence shows Linda ever communicated any sense of being a victim of theft or that she had discovered wrongdoing. Instead, she was scheming to abandon the family arrangement and claw back gifted funds under false pretenses.

## 17. Contradictions in Plaintiffs' Fiction about Wired Funds = Fraudulent Actions

- Recorded Conversations *(Oct 20 and 21, 2023)*: Again during these recorded conversations, at no time do Plaintiffs ask for money back, nor allege anything against Defendants. Linda Cole is by then following her own radically-altered and newly-predetermined agenda, and in hindsight it is clear that her behavior demonstrated acting upon false pretenses, paranoias, and fanciful self-delusional ideas or unfounded fears.

- The trial testimony of Notary Matthew Anderson also confirmed a complete lack of duress or pressure upon Linda Cole while She, Ted Cole, Eric Young and Susan Young were all at the Postal Annex together, where Linda Cole willingly and knowledgeably signed the additional 'indemnification' forms for 2 wire transfers, as requested by the Credit Union manager, Dawn Bruce.

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR
JUDGMENT AS A MATTER OF LAW (CR 50), AND
REQUEST FOR JUDICIAL FINDINGS OF FRAUD ON
THE COURT
PAGE **32** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Court Filings:  Plaintiffs later fabricated a story that they were 'unaware' of what was going on – which again directly contradicts Linda Cole's own sworn Declaration – in which she described

**18. Court's Reliance on False Statements Leading to Punitive Incarceration**

- Plaintiffs' knowingly false allegations prompted the Court to issue and maintain a TRO and subsequent orders – without a proper bond – culminating in Defendant Eric Young's incarceration for "intransigence" under the Court's erroneous belief that Defendants had violated a legitimate freeze of funds.
- In reality, the underlying TRO was improperly obtained by fraud, with no bond requirement set at the outset, and later the Court effectively seized an RV titled to a non-party LLC, thereby denying that LLC any notice or opportunity to assert its rights. This was done under the Court's mistaken belief (induced by Plaintiffs' false narrative) that all funds in question unequivocally belonged to Plaintiffs, contrary to substantial documentary evidence to the contrary.

DEFENDANTS' MOTION TO STRIKE PLAINTIFFS'
CLAIMS AS FRAUDULENT, MOTION FOR
JUDGMENT AS A MATTER OF LAW (CR 50), AND
REQUEST FOR JUDICIAL FINDINGS OF FRAUD ON
THE COURT
PAGE **33** OF **33**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs<br><br>V.<br><br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | No. 23-2-04734-32<br><br>DEFENDANTS' MOTION (OR, IN THE ALTERNATIVE, NOTICE OF OBJECTION) TO DISSOLVE PRELIMINARY INJUNCTION (CR 65(b)(4), CR 65(e)) AND TO VACATE SEIZURE ORDER ON NON-PARTY LLC'S 5TH-WHEEL PROJECT/BUNKHOUSE TRAILER |

## I. RELIEF REQUESTED

COMES NOW Defendants Eric Young and Susan Young, pro se, and pursuant to CR 65(b)(4) and CR 65(e), and move this Court to modify or dissolve the Preliminary Injunction issued on February 2, 2024, on the grounds that:

1.  The injunction was improperly issued without compliance with RCW 7.40.080 (mandatory bond requirement), rendering it legally defective.

DEFENDANTS' MOTION (OR, IN THE ALTERNATIVE, NOTICE OF OBJECTION) TO DISSOLVE PRELIMINARY INJUNCTION (CR 65(B)(4), CR 65(E)) AND TO VACATE SEIZURE ORDER ON NON-PARTY LLC'S 5TH-WHEEL PROJECT/BUNKHOUSE TRAILER
PAGE **1** OF **10**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

2. The Court, relying on misrepresentations by Plaintiffs and their counsel constituting fraud on the court, improperly restrained Defendants' lawfully owned assets in violation of Cummings v. Anderson, 94 Wn.2d 135 (1980), which presumes intra-family transfers as gifts.

3. Promissory estoppel bars Plaintiffs' claims, as Defendants reasonably relied on the transferred funds in good faith, using them for mortgage-related expenses as intended.

4. The Court's orders led to the unlawful seizure of an LLC-owned asset (5th-wheel trailer), violating due process under Mullane v. Central Hanover Bank & Trust, 339 U.S. 306 (1950).

5. The contempt order and related sanctions, stemming from the fraudulent injunction, should be vacated as ultra vires.

Defendants' have previously filed and await hearing of the following motion:

"DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' CLAIMS AS FRAUDULENT, MOTION FOR JUDGMENT AS A MATTER OF LAW (CR 50), AND REQUEST FOR JUDICIAL FINDINGS OF FRAUD ON THE COURT".

Should the court properly hear, address, and affirm Defendants' Request for Relief in that filing, this Motion to Dissolve the Preliminary Injunction may become moot by dissolution of the injunction via Judgement as a Matter of Law (CR 50) or otherwise via court action to correct grave wrongs committed against Defendants.

DEFENDANTS' MOTION (OR, IN THE ALTERNATIVE, NOTICE OF OBJECTION) TO DISSOLVE PRELIMINARY INJUNCTION (CR 65(B)(4), CR 65(E)) AND TO VACATE SEIZURE ORDER ON NON-PARTY LLC'S 5TH-WHEEL PROJECT/BUNKHOUSE TRAILER
PAGE **2** OF **10**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

Alternatively, if the Court declines to modify or dissolve the injunction, Defendants formally object to its continued enforcement as a violation of statutory and constitutional protections.

This submission will then serve as notice for preservation of our objection and the factual bases that require removing the Trailer from the injunction's scope. If the Court deems additional motions impermissible now, we ask that this filing remain part of the record, ensuring these arguments and facts are fully preserved.

## II. STATEMENT OF FACTS

1. **In this case, Plaintiffs have failed to present any evidence to support their claims, through discovery and trial, failing even to produce one witness beyond Linda Cole to affirm the fictional narrative cooked up and fraudulently pursued by Plaintiffs and their attorneys.**

    - Defendants have therefore filed a Motion for Judgement as a Matter of Law pursuant to CR 50, and related requests; these and other motions, all the way back to Defendants' Trial Memorandum and Trial Brief, call out again and again the malicious and fraudulent conduct of Plaintiffs and their attorneys

    - On this basis alone, this Preliminary Injunction must be dissolved immediately

DEFENDANTS' MOTION (OR, IN THE ALTERNATIVE,
NOTICE OF OBJECTION) TO DISSOLVE PRELIMINARY
INJUNCTION (CR 65(B)(4), CR 65(E)) AND TO VACATE
SEIZURE ORDER ON NON-PARTY LLC'S 5TH-WHEEL
PROJECT/BUNKHOUSE TRAILER
PAGE **3** OF **10**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**2. Plaintiffs' Own Words Confirm the Funds Were Gifted**

If further narrative is really necessary, Defendants remind the court that Plaintiffs voluntarily authorized and executed two wire transfers, events backed by documentary evidence versus the merely specious claims of Linda Cole. Linda also admitted as much in multiple sources of recorded and sworn evidence:

- Linda Cole's sworn Declaration:
  - "Ted and I made a telephone call to Old West Federal Credit Union to arrange the wire transfer…" *(DECLARATION LINDA COLE-DFND-000004-000008, Pg. 2, Line 11-18).*
- Notarized Indemnification: Further, Linda knowingly signed indemnification forms before a notary, reaffirming their intent to transfer the funds.

These actions meet all elements of an irrevocable gift under Washington law.

**3. The Court's Injunction Violates Washington's Presumption of Gift Doctrine**

Under Cummings v. Anderson, 94 Wn.2d 135 (1980), Washington law presumes that monetary transfers between family members are gifts, absent clear and convincing evidence to the contrary.

DEFENDANTS' MOTION (OR, IN THE ALTERNATIVE, NOTICE OF OBJECTION) TO DISSOLVE PRELIMINARY INJUNCTION (CR 65(B)(4), CR 65(E)) AND TO VACATE SEIZURE ORDER ON NON-PARTY LLC'S 5TH-WHEEL PROJECT/BUNKHOUSE TRAILER PAGE **4** OF **10**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Plaintiffs have never produced a contract or other evidence rebutting this presumption.

- The only "evidence" Plaintiffs have provided are self-serving and contradictory statements refuted by sworn testimony, text messages, and recorded conversations.

**4. The Court's Actions Became a Due Process Violation**

The TRO and Preliminary Injunction were improperly granted because they:

- Failed to require the mandatory bond under RCW 7.40.080.

- Violated due process by freezing Defendants' lawfully acquired funds without a proper factual basis.

- While abusing Defendants with an illegitimate and unenforceable injunction, the court again complied with Plaintiffs' unwarranted requests and wrongfully incarcerated Defendant Eric Young based on a legally invalid contempt order.

## III. LEGAL AUTHORITY

**1. The Court Must Dissolve or Modify the Injunction Because It Was Fraudulently Obtained**

Saldivar v. Momah, 145 Wn. App. 365 (2008) holds that an injunction obtained through material misrepresentations must be vacated.

DEFENDANTS' MOTION (OR, IN THE ALTERNATIVE,
NOTICE OF OBJECTION) TO DISSOLVE PRELIMINARY
INJUNCTION (CR 65(B)(4), CR 65(E)) AND TO VACATE
SEIZURE ORDER ON NON-PARTY LLC'S 5TH-WHEEL
PROJECT/BUNKHOUSE TRAILER
PAGE **5** OF **10**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Plaintiffs suppressed exculpatory evidence, including a police report deeming their allegations "unfounded."
- Plaintiffs' counsel misrepresented the nature of the wire transfers, falsely portraying them as unauthorized.

## 2. The Court's Orders Improperly Seized an LLC-Owned Asset Without Due Process

The Court restrained and immobilized a non-party LLC's property (a 5th-wheel trailer), violating the LLC's right to notice and an opportunity to be heard. Mullane v. Central Hanover Bank & Trust, 339 U.S. 306 (1950) holds that no entity's property may be seized without due process.

- The LLC was never joined to this case, denying it the ability to defend its rights.
- The LLC was prevented from using its commercial liability insurance to protect its interests.

## 3. Promissory Estoppel Bars Plaintiffs' Claims

Promissory estoppel prevents a party from reneging on a clear, intended, and relied-upon promise (WPI 301A.01; Corbit v. J.I. Case Co., 70 Wn.2d 522 (1967)).

- Promise: Linda Cole promised, authorized, and notarized the wire transfers.

DEFENDANTS' MOTION (OR, IN THE ALTERNATIVE,
NOTICE OF OBJECTION) TO DISSOLVE PRELIMINARY
INJUNCTION (CR 65(B)(4), CR 65(E)) AND TO VACATE
SEIZURE ORDER ON NON-PARTY LLC'S 5TH-WHEEL
PROJECT/BUNKHOUSE TRAILER
PAGE **6** OF **10**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Reliance: Defendants relied on those funds in securing a mortgage and making home-related expenditures.

- Injustice: **If Plaintiffs are allowed to claw back these funds after voluntarily transferring them, it would constitute unjust enrichment and fraud.**

**4. The TRO and Preliminary Injunction Are Void Due to Lack of Bond**

RCW 7.40.080 and Evar, Inc. v. Kurbitz, 77 Wn.2d 948 (1970) confirm that no injunction may be granted without a bond.

- The bond protects the restrained party against wrongful enforcement.

- Failure to set a bond renders the order unenforceable.

DEFENDANTS' MOTION (OR, IN THE ALTERNATIVE,
NOTICE OF OBJECTION) TO DISSOLVE PRELIMINARY
INJUNCTION (CR 65(B)(4), CR 65(E)) AND TO VACATE
SEIZURE ORDER ON NON-PARTY LLC'S 5TH-WHEEL
PROJECT/BUNKHOUSE TRAILER
PAGE **7** OF **10**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# IV. REQUEST FOR RELIEF

If not already resolved via proper hearing and awarding to Defendants the Judgement as a Matter of Law (CR 50), then Defendants request that this Court must immediately:

1. Dissolve the Preliminary Injunction, removing all restrictions on Defendants' funds and financial accounts.

2. Vacate the seizure order affecting the non-party LLC's property and order its immediate release.

3. Vacate the contempt order and all sanctions imposed under an illegal injunction.

4. Find that Plaintiffs committed fraud on the court, and refer this matter for appropriate sanctions.

5. Award Defendants fees and costs under RCW 4.84.185 for defending against Plaintiffs' knowingly frivolous claims.

Should the Court decline to grant full relief, Defendants formally object to the continued enforcement of the injunction as unconstitutional and unenforceable.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

DATED this 14th day of February, 2025, at Spokane, WA.

Respectfully submitted,

/s/     *Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' MOTION (OR, IN THE ALTERNATIVE,
NOTICE OF OBJECTION) TO DISSOLVE PRELIMINARY
INJUNCTION (CR 65(B)(4), CR 65(E)) AND TO VACATE
SEIZURE ORDER ON NON-PARTY LLC'S 5TH-WHEEL
PROJECT/BUNKHOUSE TRAILER
PAGE **9** OF **10**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

## V. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [  ] U.S. Mail |
| Riverside NW Law Group | [  ] Hand Delivery |
| 905 W. Riverside Ave, Suite | [  ] Facsimile |
| 208 | [X] E-Mail |
| Spokane, WA 99201 | [  ] Legal Messenger |
| mam@rnwlg.com | |

DATED this 14th day of February, 2025, at Spokane, WA.

*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

FILED
2/18/2025
Timothy W Fitzgerald
Spokane County Clerk

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs<br><br>V.<br><br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | No. 23-2-04734-32<br><br>DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR FRAUD ON THE COURT, SUBORNATION OF PERJURY, AND LITIGATION MISCONDUCT |

**Note**: Defendants submit this corrected '…Motion for Sanctions Against… Michael Merritt…' to correct minor typographical errors. No substantive changes have been made.

## I.    RELIEF REQUESTED

COMES NOW Defendants Eric Young and Susan Young, appearing pro se, and respectfully move this Court for an order imposing sanctions against Plaintiffs' former counsel, Michael Merritt, pursuant to this Court's inherent authority to sanction litigation misconduct, CR 11, and Washington's Rules of Professional Conduct. Defendants request:

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1.   **Monetary Sanctions** against attorney Merritt, including reimbursement of Defendants' costs and fees resulting from Merritt's bad-faith litigation tactics.

2.   **Vacatur** of the improperly issued Temporary Restraining Order (TRO)—and any subsequent orders stemming from it—obtained through misrepresentation and omission.

3.   **Dismissal** of Plaintiffs' claims to the extent they were procured by fraudulent or perjured testimony.

4.   **Referral** of Merritt to the Washington State Bar Association for disciplinary review under RPC 3.3 (Candor Toward the Tribunal).

5.   **Formal Findings** that Plaintiffs' counsel engaged in fraud on the court and subornation of perjury.

6.   **Grant such other relief** as the Court deems just and proper

## II.   FACTS

1.   **Filing of Complaint and "Due Diligence" Ruse**

   o   On or about November 6, 2023, Plaintiffs (represented by Merritt) filed a Complaint alleging *fraud* and *conversion* against Defendants, accompanied by Linda Cole's sworn Declaration.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

o That same day, upon Merritt's instruction, Plaintiffs filed a criminal complaint with local police ostensibly as "due diligence." Within 24 hours, law enforcement deemed the allegations "unfounded."

o The same day, Plaintiffs also went to the police at Merritt's instruction to file a criminal complaint, ostensibly as "due diligence." This complaint was quickly investigated and labeled "unfounded" within 24 hours by law enforcement.

o Despite knowing or having immediate reason to know that the police discredited Plaintiffs' "theft/fraud" theory (on or about November 7, 2023), attorney Merritt pressed forward without disclosing the "unfounded" finding to this Court.

2. **Securing a TRO Through False or Inflammatory Statements**

o Merritt used Linda Cole's conclusory and inconsistent allegations to obtain an ex parte TRO:

▪ No bond was stipulated, in violation of RCW 7.40.080, and CR 65

▪ The TRO froze funds under a fraudulent dispute, funds which Plaintiffs had willingly wired to Defendants' as part of a well-known family plan

▪ The Court, operating under these fraudulent allegations, later arbitrarily seized/froze non-party LLC-owned property (an RV), without joining that LLC as a party.

o The TRO application offered no documentary evidence or witnesses beyond Linda Cole's suspect narrative, heavily laden with Counsel's prejudicial and inflammatory rhetoric.

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **3** OF **16**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Defendants' data analysis shows over five hundred instances of twenty frequently occurring prejudicial and conclusory words prevalent across Mr. Merritt's filings and oral arguments for Plaintiffs

3. **Defendants' Discovery Responses and Contradictory Evidence**

   o In subsequent discovery, Defendants produced over five hundred pages of documentary evidence (including authorized wire-transfer forms, notarized indemnification forms, text messages, and other content) directly refuting Plaintiffs' allegations.

   o This evidence showed Linda Cole had authorized the wire transfers consistent with an intra-family gift arrangement, undercutting any claim of "theft" or "conversion."

   o Merritt continued to advocate Plaintiffs' claims, never moving to dismiss or correct the record—even after receiving documented proof of Linda Cole's false statements in addition to the "unfounded" police determination.

4. **Attorney Merritt's Withdrawal**

   o Approximately two weeks after receiving Defendants' robust discovery responses, Merritt withdrew as counsel. Despite withdrawing, Merritt had already caused substantial damage by obtaining the TRO through misrepresentations and failing to rectify known falsehoods on the record.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

5. **Consequences: Due Process Violations and Seizure of Non-Party Property**

  o The Court's reliance on Merritt's submissions triggered severe due process violations:

    ▪ LLC-owned property was seized although the LLC was never joined as a party, depriving it of a defense and access to its insurance coverage.

    ▪ Defendants were subjected to wrongful constraints on their finances and property, suffering irreparable harm.


# III.   STATEMENT OF ISSUES

1. Whether attorney Merritt's acts—filing and maintaining a factually baseless Complaint, suborning or failing to correct Linda Cole's perjury, and withholding the police's "unfounded" determination—constitute *fraud on the court*. – **Answer:  Yes**

2. Whether Merritt violated CR 11 by signing and pursuing pleadings that lacked factual support and were contradicted by readily available documentation. – **Answer:  Yes**

3. Whether the TRO and subsequent orders must be vacated or dismissed because they were obtained through fraudulent submissions and perjured statements.

  – **Answer:  Unequivocally, Yes**

4. Whether sanctions are warranted, including attorney fees, costs, dismissal of claims, and referral to the Bar Association for disciplinary action.

  – **Answer:  Again, Unequivocally, Yes**

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **5** OF **16**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

## IV.    EVIDENCE RELIED UPON

This motion relies on the pleadings, declarations, and discovery records already on file, as well as:

- **Police Incident Report** reflecting that Plaintiffs' criminal complaint was found "unfounded" within 24 hours.

- **Linda Cole's sworn Declaration** dated November 6, 2023 (and her Supplemental Declaration dated November 9, 2023) containing contradictory statements.

- **Defendants' discovery responses** (over five hundred pages), including Plaintiff's own contradicting words in text messages, wire transfer instructions, and bank records.

- **Court records** granting the TRO without a bond and all subsequent orders resting on that TRO.

- **Defendants' motion filed prior to trial**:

  "EMERGENCY MOTION TO:  ADMIT EVIDENCE, PRECLUDE MISLEADING STATEMENTS, ADDRESS PLAINTIFFS' CREDIBILITY FAILURES – AMENDED" – Filed initially January 13, 2025
    - Containing nearly fifty instances of Plaintiffs contradictions across sworn testimony

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **6** OF **16**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# V.  LEGAL STANDARD

## A. Fraud on the Court / Subornation of Perjury

1. *Saldivar v. Momah*, 145 Wn. App. 365 (2008) (fraud on the court arises when an attorney knowingly advances false claims or fails to correct perjured testimony).

    o RPC 3.3 (Candor Toward the Tribunal) requires counsel to correct false statements of material fact. Failure to do so may constitute subornation of perjury.

    o *See RPC 3.3 (Candor Toward the Tribunal); In re Disciplinary Proceeding Against McGrath, 174 Wn.2d 813 (2012)*

## B. CR 11 Sanctions

1. *Biggs v. Vail, 119 Wn.2d 129 (1992)* (CR 11 violated when attorneys file claims without evidentiary support or after learning of contradictory evidence).

    o Counsel's duty includes investigating facts before filing and stopping prosecution if factual support collapses.

## C. Sanctions Under Rcw 4.84.185 – Frivolous Claims And Bad Faith Litigation

1. Under RCW 4.84.185, the Court has discretion to award attorney's fees and costs to a prevailing party when a lawsuit or motion is found to be frivolous and advanced in bad faith. The statute states: "In any civil action, the court may, upon written findings that

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **7** OF **16**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

the action, counterclaim, cross-claim, third-party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third-party claim, or defense." (RCW 4.84.185).

2. A frivolous claim is one that "cannot be supported by any rational argument on the law or facts." Bill of Rights Legal Found. v. Evergreen State College, 44 Wn. App. 690, 696, 723 P.2d 483 (1986). Courts routinely sanction litigants under RCW 4.84.185 when their claims lack evidentiary support, are pursued in bad faith, or impose unnecessary litigation costs.

   o **Plaintiffs' Claims Were Frivolous and Advanced in Bad Faith**

3. Merritt, while serving as Plaintiffs' counsel, knowingly initiated and pursued baseless claims predicated on demonstrably false representations.

Plaintiffs repeatedly made sworn statements that were:

   o **Directly contradicted by their own testimony and discovery responses.**

   o **Refuted by objective documentary evidence, including financial records, police reports, and Plaintiffs' prior communications.**

   o **Advanced without any third-party corroboration, relying entirely on subjective, inconsistent, and speculative allegations.**

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **8** OF **16**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

4. Despite having access to Defendants' discovery responses, subpoenaed bank records, and Plaintiffs' own inconsistent statements, Merritt continued litigating these fraudulent claims for nearly 11 months, knowingly misleading the Court and imposing unnecessary financial burdens on Defendants.

5. **The Court Should Award Defendants Attorney's Fees and Costs Under RCW 4.84.185**

   o Plaintiffs' claims were advanced without even a particle of probable cause – had Merritt had anything but his billing opportunity in mind – let alone any reasonable basis in fact or law.  Therefore, Defendants are entitled to attorney's fees and costs incurred in defending against this frivolous lawsuit. Courts have awarded sanctions under RCW 4.84.185 in similar cases where attorneys pursued knowingly false claims, resulting in needless litigation and financial harm to the opposing party. Biggs v. Vail, 124 Wn.2d 193, 199, 876 P.2d 448 (1994).

   o Accordingly, Defendants respectfully request that the Court enter written findings declaring Plaintiffs' claims frivolous under RCW 4.84.185 and award reasonable attorney's fees and costs incurred in defending against this action.

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **9** OF **16**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

## D. Court's Inherent Power to Sanction

1. Chapple v. Mason, 98 Wn.2d 229 (1982) (court has inherent power to vacate orders and sanction attorneys who obtain relief by fraud).

2. Cheatwood v. Cheatwood, 61 Wn.2d 283 (1963) (orders procured through deception must be set aside to preserve the judicial process's integrity).

## E. Due Process and Invalid Injunctions

1. RCW 7.40.080 (bond requirement). Failure to require a bond can render an injunction defective, especially where attained by misrepresentation.

2. Where property of a non-joined party is seized, fundamental due process is violated. See Mullane v. Central Hanover Bank & Trust, 339 U.S. 306 (1950).

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# VI.   ARGUMENT

1. **Attorney Merritt Had Actual or Constructive Knowledge of Plaintiffs'**
   **Falsehoods**

   o   From inception, counsel orchestrated a "due diligence" referral to the police
       but filed the Complaint the same day—demonstrating little regard for factual
       accuracy.

   o   Once law enforcement declared the matter "unfounded," counsel had a
       professional duty to halt or correct any ongoing misrepresentation. Instead, he
       pressed forward.

   o   By the time Defendants produced documentary proof of Linda Cole's
       contradictory statements, any residual doubt as to the falsity of the allegations
       should have been resolved. Counsel never moved to amend or dismiss.

2. **Misrepresentation and Concealment Influenced the Court's Issuance of a**
   **Defective TRO**

   o   Counsel used Linda Cole's sworn Declaration—laced with conclusory
       allegations—to secure an extraordinary remedy (the TRO), with zero bond.

   o   The inaccurate portrayal caused the Court to seize property belonging to a non-
       party LLC, thereby depriving Defendants (and the LLC) of due process.


3. **Suborning Perjury or Failing to Correct Materially False Statements**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Linda Cole's statements about unauthorized wire transfers were directly refuted by bank records and her own text messages.
- Counsel had an ethical duty under RPC 3.3 to correct false statements once discovered. Instead, he permitted the court to rely on them, or even amplified them.

4. **Sanctions Are Warranted Under CR 11, RCW 4.84.185, and Inherent Authority**

- Attorney Merritt knowingly (or with reckless disregard) advanced meritless allegations, harming Defendants and abusing the judicial process.
- Under RCW 4.84.185, the Court has discretion to award attorney's fees and costs to a prevailing party when a lawsuit or motion is found to be frivolous and advanced in bad faith.
- The Court should award (a) attorney fees and costs to Defendants, (b) sanctions sufficient to deter similar misconduct, and (c) any additional relief justified by counsel's egregious conduct.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# VII. REQUESTED SANCTIONS

**WHEREFORE,** Defendants respectfully request that this Court impose the following sanctions:

1. **Order Merritt to Show Cause** why sanctions should not be imposed for subornation of perjury and fraud on the court.

2. **Vacatur of TRO and Related Contempt Orders**: The Court should vacate the TRO / Preliminary Injunction and all resulting contempt orders and sanctions previously described against Defendants, due to the fraudulent means used to obtain them. Further purge Defendants' records in whatever means necessary to eliminate all traces of unfounded and unlawful findings of contempt to eliminate unjust impairment to future employment or other possible contexts

3. **Dismissal of Plaintiffs' Claims**: The Court should dismiss Plaintiffs' claims as a sanction for fraud on the court.

4. **Monetary Sanctions**: Plaintiffs' counsel should be required to pay Defendants' legal costs incurred due to their bad-faith litigation tactics, and a pro se compensation award for the extensive time spent combating these false allegations.

5. **Judicial Findings of Fraud on the Court**: The Court should make formal findings that Plaintiffs' claims were based on fraudulent misrepresentations.

6. **Referral for Disciplinary Action:** The Court should refer Plaintiffs' counsel to the Washington State Bar Association for disciplinary review under RPC 3.3 (Candor to the Tribunal)

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **13** OF **16**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# VIII.    CONCLUSION

Attorney Merritt pursued frivolous, factually unsupported claims and suborned or failed to correct Linda Cole's false testimony, thereby inflicting grave harm on Defendants and a non-party LLC.  Through his misconduct Plaintiffs secured a TRO without proper bond, leading to due process violations and severe financial harm to Defendants.

**WHEREFORE,** Defendants respectfully request that this Court:

1. **Order Merritt to Show Cause** why sanctions should not be imposed for subornation of perjury and fraud on the court.

2. **Vacate** the TRO and all subsequent or tertiary orders predicated on Plaintiffs' falsehoods, and purge Defendants' records in whatever means necessary to eliminate any traces of unlawful findings of contempt, unlawful

3. **Dismiss** all of Plaintiffs' claims obtained through fraudulent means.

4. **Award** Defendants their costs and fees associated with defending these false claims.

5. **Refer** Merritt to the Washington State Bar Association for investigation under **RPC 3.3**.

6. **Grant** such other relief as the Court deems just and proper in the interests of justice and to protect the integrity of this Court.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

DATED this 11th day of February, 2025, at Spokane, WA.

Respectfully submitted,


/s/     *Eric R. Young and Susan L. Young*
ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **15** OF **16**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

## IX.    CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date

below as follows:

| | |
|---|---|
| Michael R. Merritt | [  ] U.S. Mail |
| THE MERRITT LAW FIRM, PLLC | [  ] Hand Delivery |
| 1324 N. Liberty Lake Rd., #2151 | [  ] Facsimile |
| Liberty Lake, Washington 99019 | [X] E-Mail |
| Tel.: (509) 309-9105 | [  ] Legal Messenger |
| Email: Michael@Merritt-Firm.com | |

DATED this 11th day of February, 2025, at Spokane, WA.

/s/ Eric R. Young and Susan L. Young

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' MOTION FOR SANCTIONS AGAINST
PLAINTIFFS' COUNSEL MICHAEL MERRITT FOR
FRAUD ON THE COURT, SUBORNATION OF
PERJURY, AND LITIGATION MISCONDUCT
PAGE **16** OF **16**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

FILED
2/18/2025
Timothy W Fitzgerald
Spokane County Clerk

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs<br><br>V.<br><br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | No. 23-2-04734-32<br><br>MOTION TO STAY JUDGMENT PENDING<br>RULINGS ON UNRESOLVED MOTIONS |

## I.  INTRODUCTION

Defendants Eric Young and Susan Young respectfully move this Court for an order staying judgment pending rulings on unresolved motions that were timely filed but have not been adjudicated.

These motions include:

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA  99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

| 1 | DFND-post-trial-DFND-Offer-of-Proof-ER-103 | Admissibility of evidence to admit into the record |
|---|---|---|
| 2 | DFND-Emergency Motion to Admit Evidence-Amend-2025-02-11 | Formal request for contradiction evidence hearing; cites to body of evidence in ER 103 filing |
| 3 | DFND-Motion-Strike-Claims-Judgment of Law cr 50-final | Filed - End Case - CR 50 |
| 4 | DFND-Motion-Dissolve-PrelimInjunc-CR65b4-CR65e-LLC | Filed - Dissolve Prelim. Injunction |
| 5 | DFND-Motion for Mistrial - Amended 2024-02-11-COUNSEL-FRAUD-BIAS | Filed - Mistrial (pre-judgment) |
| 6 | DFND-Motion for Sanctions-Mensik-Fraud on the Court-final | Filed - Sanctions - Mensik |
| 7 | DFND-Motion for Sanctions-Merritt-Fraud on the Court | Filed - Sanctions - Merritt |

As these motions remain unresolved, it is imperative that this Court stay the issuance of judgment to ensure that these significant due process concerns, procedural violations, and allegations of judicial bias and fraud on the court are addressed before any final decision is rendered.

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# II. LEGAL BASIS FOR STAYING JUDGMENT

A stay of judgment is necessary to preserve Defendants' due process rights and ensure that critical issues of fairness and judicial integrity are properly adjudicated. Washington courts recognize that:

1. **Due Process Requires Resolution of Pending Motions Before Judgment**
   Courts must rule on all pending dispositive motions before entering final judgment (State ex rel. Wirt v. Superior Court, 10 Wn.2d 362 (1941)).
   Failure to do so violates fundamental procedural fairness and may render a judgment voidable.

2. **Judicial Bias and Fraud on the Court Must Be Addressed**

   A court must resolve allegations of judicial bias and fraud on the court before issuing a final ruling (In re Murchison, 349 U.S. 133 (1955)).
   If a judgment is issued while unresolved motions regarding bias and fraud are pending, it raises serious due process concerns.

3. **Avoiding Appellate Reversals and Procedural Deficiencies**

MOTION TO STAY JUDGMENT PENDING RULINGS ON
UNRESOLVED MOTIONS
PAGE **3** OF **7**

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

Washington appellate courts have overturned judgments when trial courts failed to rule on pending motions that raised substantive legal issues (Goldberg v. Kelly, 397 U.S. 254 (1970)).

Staying judgment ensures that the record is fully developed and procedurally sound, preventing unnecessary appeals and reversals.

## III.   ARGUMENT

1. **Failure to Rule on Defendants' Motions Would Constitute Procedural Error**

   o The Court's refusal to hear or rule on Defendants' motions before issuing judgment would be an abuse of discretion and deprive Defendants of their right to be heard.

   o A stay ensures that Defendants' substantive legal challenges receive the required judicial review.

2. **Issuing Judgment Without Addressing Allegations of Fraud and Judicial Misconduct Is Reversible Error**

   If judgment is entered while allegations of fraud on the court, misrepresentations by Plaintiffs, and judicial misconduct remain unresolved, the ruling is legally unsound and subject to immediate appeal and potential reversal.

3. **A Stay Does Not Prejudice Plaintiffs**

MOTION TO STAY JUDGMENT PENDING RULINGS ON
UNRESOLVED MOTIONS
PAGE **4** OF **7**

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA  99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

25-80037-FPC    Doc 17-9    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 44 of 100

o  Plaintiffs suffer no harm by allowing the Court time to properly rule on these motions. However, if judgment is issued without resolution, Defendants suffer irreparable harm due to procedural injustice.

## IV.  REQUEST FOR RELIEF

Defendants respectfully request that this Court:

1. Stay the issuance of final judgment until all unresolved motions are ruled upon.

2. Provide specific findings addressing the procedural errors, due process violations, and judicial misconduct allegations raised in the pending motions.

3. Ensure that all motions are properly adjudicated to avoid appellate reversal based on an incomplete or procedurally deficient record.

4. Grant any further relief the Court deems necessary to preserve the integrity of these proceedings.

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA  99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# V. CONCLUSION

For the foregoing reasons, Defendants request that the Court stay judgment pending resolution of all pending motions. Issuing judgment without addressing these motions would be procedurally improper and violate due process, creating substantial appellate risk.

DATED this 14th day of February, 2025, at Spokane, WA.

Respectfully submitted,

*/s/    Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

MOTION TO STAY JUDGMENT PENDING RULINGS ON
UNRESOLVED MOTIONS
PAGE **6** OF **7**

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA  99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# VI. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

Matt Mensik                                    [  ] U.S. Mail
Riverside NW Law Group                         [  ] Hand Delivery
905 W. Riverside Ave, Suite 208                [  ] Facsimile
Spokane, WA 99201                              [X] E-Mail
mam@rnwlg.com                                  [  ] Legal Messenger


DATED this 14th day of February, 2025, at Spokane, WA.


*/s/ Eric R. Young and Susan L. Young*
ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

MOTION TO STAY JUDGMENT PENDING RULINGS ON
UNRESOLVED MOTIONS
PAGE **7** OF **7**

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA  99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs | No. 23-2-04734-32 |
| V. | NOTICE OF CLARIFICATION REGARDING<br>MOTIONS FOR SANCTIONS |
| ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | |

## I. INTRODUCTION

This filing is to eliminate any nonsense procedural objections that attorneys Merritt and Mensik

will undoubtedly raise in a desperate attempt to dodge accountability for their fraud on the court,

subornation of perjury, and litigation misconduct. If there is any argument that Defendants

"should have filed this earlier" or "failed to give proper notice," let's shut that down right now.

The fact is, both attorneys have had months - Merritt for nearly a year and Mensik for over four

months - to correct the false statements and fraudulent claims of their client. They did nothing.

Instead, they doubled down and pursued perjured testimony to drive Defendants into the ground,

cost them their freedom, their money, and their rights. They knew, and they did it anyway.

NOTICE OF CLARIFICATION REGARDING MOTIONS
FOR SANCTIONS
PAGE **1** OF **9**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

These motions were filed because these attorneys refused to do the one thing the law demands of so-called 'officers of the court' - act in good faith. That conduct and all consequences from it is on their own heads, and any arguments otherwise or attempts at evasion are a waste of time.

## II.  WHY THIS MOTION IS TIMELY AND NECESSARY

Defendants could not have filed these motions sooner, for the simple reason that Merritt's fraud occurred while Defendants were represented by counsel, and Mensik's fraud became undeniable only after he inherited the case and actively continued the falsehoods.  In summary:

1.  Merritt's Fraud: A Full Year of Perjury and Deception

   o   Merritt initiated the fraudulent lawsuit, knowing full well that no actual evidence supported Plaintiffs' claims.

   o   He obtained a fraudulent TRO that violated RCW 7.40.080 by failing to require a bond, freezing money that by Washington law was no longer Plaintiffs'.

   o   He personally filed a sworn declaration from Linda Cole that contradicted her own words to police, then ignored every documented contradiction exposed – no less than 20 perjurious statements revealed by September 2024.

   o   When Defendants' discovery responses landed in September, 2024 and exposed the lies, Merritt walked away. The case became too toxic, so he bailed out and pulled his ripcord - leaving his mess behind.

2.  Mensik's Fraud:  He Had All the Evidence and Chose to Keep the Lie Going

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- o By late September 2024, Mensik had the full discovery record, including 500+ pages of documents exposing Plaintiffs' contradictions.
- o He had the police report showing that police had reached a determination in 24 hours that Linda's claims were 'unfounded'.
- o He was physically present for the deposition of Linda Cole
  - Actively disrupting with hundreds of bogus objections as Defendants' questioned Linda
  - Actively tried to walk back Linda's self-destruction of her own sworn testimony, and later
  - He had Linda Cole's deposition transcript confirming in print her admissions that she had lied to police, and the latest revelation: Linda's claim she didn't know what was in her own declarations, and asking who wrote it.
- o Did he withdraw the fraudulent claims? No. He went to trial and repeated the same lies. That's fraud on the court, plain and simple.
- o At trial, he allowed Plaintiffs to commit perjury again. Then, in closing arguments, Mensik truly lost his grip on reality when he willfully lied to the court, spouting a fabricated misstatement of Susan Young's testimony. That is sanctionable conduct.

NOTICE OF CLARIFICATION REGARDING MOTIONS
FOR SANCTIONS
PAGE **3** OF **9**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

### III. EXPECTED OBJECTIONS AND WHY THEY FAIL

Defendants herein present anticipated objections, and factual statements of realities in response to them.

**OBJECTION #1: "Defendants Should Have Filed This Earlier."**

Reality Check: For 8 months Defendants relied on their prior counsel who never filed for sanctions. When Defendants went pro se, they immediately took action by exposing Merritt's and Plaintiffs' fraud in discovery responses – nearly five hundred pages worth. *Delay is no defense when these attorneys have had over a year to correct the fraud and never did.*

**OBJECTION #2: "Mensik Didn't Start the Fraud."**

Reality Check: Doesn't matter. Once he knew his client's case was built on lies, he had a duty to correct it. Instead, he did the opposite - he amplified it. *That makes him fully culpable and responsible for his failure.*

**OBJECTION #3: "Defendants Failed to Give Proper Notice."**

Reality Check: CR 11 does NOT require a 'safe harbor' notice. These attorneys had months to withdraw false claims. *Prior notice would have been useless because they had no intention of acting ethically.*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

**OBJECTION #4: "This is Just Retaliation."**

Reality Check: Defendants want to take a moment here to address this potential objection specifically, because these motions are both legally sound, and yet very personal.

**On one hand, filing these motions is about enforcing the law and upholding the integrity of the judicial system.**

- As presented in this document and the motion for sanctions, Merritt used lies and fraud as his weapons, and purposely demanded that a hard-working and caring family man, who had never before had involvement with the law, be jailed on a known-fraudulent basis – for what turned out to be 20 days. In oral arguments and written filings, Merritt pointedly worked to inflame and incite the court to push the malicious fraud propounded by his client and which he had coopted. All unjustified violations by the Court of Defendants' due process rights could only server Plaintiffs' purpose.

  *Every one of those acts is criminally and civilly actionable*

- Mensik also propagated the same false narrative, despite being the beneficiary of all the evidence provided to Plaintiffs' counsel over the 10 months prior to his involvement. Mensik's culpability is profound because he had unimpeachable evidence of his client's fraud in his hand on day one.

- Multiple email messages from Defendants to Mensik, listing specific instances and proofs of Linda's perjury, were received, and completely ignored.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Mensik has no excuse for such willful blindness and subornation of perjury. He like Merritt has chosen to expose himself to both criminal and civil liability for that decision.

**On the other hand, these attorneys have attacked Defendants as a family, including by proxy their minor child, and they must be held accountable for the damage they have caused**.

- Any parent except Linda Cole will understand the visceral response that kind of conduct will evoke in loving and devoted parents. These motions for sanctions are absolutely rooted in Defendants' well-founded righteous indignation based on evidence, that these so-called 'officers of the court' have hypocritically perpetrated violations of law and codes of conduct they profess to uphold.

- These motions for sanctions are equally rooted in our natural instinct to protect one's family from attack – especially attacks based on the fabricated story of one malicious, ignorant, and morally bankrupt woman. Linda Cole formed her fiction in the vacuum of her own mind where reality fails to penetrate, offered it without evidence, and watched gleefully as it was readily consumed and advanced by those who have put on the mantle of those supposedly capable of separating fact from fiction.

**These attorneys, and this court so far, have failed miserably in performing the duties required of those who wear that mantle, and these motions are a first step toward correcting their failure**.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

In addition to these motions, formal WSBA complaints will be pursued against both attorneys, detailing their violations of:

- RPC 3.3 (Candor Toward the Tribunal)

- RPC 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation)

- RPC 1.16 (Duty to Withdraw When Representing False Claims)

A Plaintiff who brings a fraudulent case and commits fraud on the court is the party who is demonstrating contempt for that court and judicial process. For such conduct, courts frequently sanction that party by removing their right to avail themselves of the judicial services and protections they have abused. That action against Plaintiffs is already filed under another motion right now.

Merritt and Mensik have demonstrated willful perversion of their credo, and their actions undermine public trust in the legal profession. Their licenses should be on the line.

***This Court must send a message that willful fraud, perjury, and legal abuses will not be tolerated.***

NOTICE OF CLARIFICATION REGARDING MOTIONS
FOR SANCTIONS
PAGE **7** OF **9**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# IV. CONCLUSION: WHY SANCTIONS MUST BE IMPOSED

Here's the bottom line: Merritt and Mensik lied to the court, suborned perjury, and weaponized the judicial system to destroy an innocent family. No procedural excuse can erase the fact that these attorneys engaged in outright litigation fraud. They had every opportunity to correct the record. They refused. Now, they must face full exposure and consequences.

Defendants demand this Court take immediate action by:

1. Hearing and ruling on the pending Motions for Sanctions against both attorneys

2. Issuing an order finding their actions constitute Fraud on the Court and subornation of perjury

3. Imposing monetary sanctions for their abuse of process

4. Referring their conduct for disciplinary review

**The record is clear, and the sanctions are long overdue.**

DATED this 12th day of February, 2025, at Spokane, WA.
Submitted,

_/s/_     _Eric R. Young and Susan L. Young_
ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

NOTICE OF CLARIFICATION REGARDING MOTIONS
FOR SANCTIONS
PAGE **8** OF **9**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# V. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| Matt Mensik | [ ] U.S. Mail |
| Riverside NW Law Group | [ ] Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [ ] Facsimile |
| Spokane, WA 99201 | [X] E-Mail |
| mam@rnwlg.com | [ ] Legal Messenger |

| Michael R. Merritt | [ ] U.S. Mail |
| THE MERRITT LAW FIRM, PLLC | [ ] Hand Delivery |
| 1324 N. Liberty Lake Rd., #2151 | [ ] Facsimile |
| Liberty Lake, Washington 99019 | [X] E-Mail |
| Tel.: (509) 309-9105 | [ ] Legal Messenger |
| Michael@Merritt-Firm.com | |

DATED this 12th day of January, 2025, at Spokane, WA.

*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

NOTICE OF CLARIFICATION REGARDING MOTIONS
FOR SANCTIONS
PAGE **9** OF **9**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

FILED
2/19/2025
Timothy W Fitzgerald
Spokane County Clerk

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs<br><br>V.<br><br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | No. 23-2-04734-32<br><br>MOTION TO STAY JUDGMENT PENDING<br>RULINGS ON UNRESOLVED MOTIONS -<br>AMENDED |

## I. INTRODUCTION

This amended copy of "MOTION TO STAY JUDGMENT PENDING RULINGS ON

UNRESOLVED MOTIONS" modifies the initial table of open motions and related filings to

include additional document and adjust the order of priority based on each filing's inherent

effect on documents which follow in the list.

Defendants Eric Young and Susan Young respectfully move this Court for an order staying

judgment pending rulings on unresolved motions that were timely filed but have not been

adjudicated.

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

These motions include:

| | | |
|---|---|---|
| 1 | [THIS DOCUMENT]:<br>DFND-Motion to Stay Judgment Pending Rulings on Unresolved Motions | Requires motion resolution prior to written decision |
| 2 | DFND-post-trial-DFND-Offer-of-Proof-ER-103 | Admissibility of evidence to admit into the record – Evidence fully admissible |
| 3 | DFND-Emergency Motion to Admit Evidence-Amend-2025-02-11 | Formal request for contradiction evidence hearing; cites to body of evidence in ER 103 filing |
| 4 | DFND-Motion for Sanctions-Merritt-Fraud on the Court | Filed – Sanctions – Merritt |
| 5 | DFND-Motion for Sanctions-Mensik-Fraud on the Court-final | Filed – Sanctions – Mensik |
| 6 | DFND-Notice of Clarification Regarding Motions for Sanctions | Filed – Sanctions – Both Attorneys |
| 7 | DFND-Motion-Strike-Claims-Judgment of Law CR 50-final | Filed – End Case – CR 50 |
| 8 | DFND-Motion for Mistrial - Amended 2024-02-11-COUNSEL-FRAUD-BIAS | Filed – Mistrial (pre-judgment) |
| 9 | DFND-Motion-Dissolve-PrelimInjunc-CR65b4-CR65e-LLC | Filed – Dissolve Prelim. Injunction |
| | | |
| | | |

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

As these motions remain unresolved, it is imperative that this Court stay the issuance of judgment to ensure that these significant due process concerns, procedural violations, and allegations of judicial bias and fraud on the court are addressed before any final decision is rendered.

## II. LEGAL BASIS FOR STAYING JUDGMENT

A stay of judgment is necessary to preserve Defendants' due process rights and ensure that critical issues of fairness and judicial integrity are properly adjudicated. Washington courts recognize that:

1. **Due Process Requires Resolution of Pending Motions Before Judgment**

   Courts must rule on all pending dispositive motions before entering final judgment (State ex rel. Wirt v. Superior Court, 10 Wn.2d 362 (1941)).

   Failure to do so violates fundamental procedural fairness and may render a judgment voidable.

2. **Judicial Bias and Fraud on the Court Must Be Addressed**

   A court must resolve allegations of judicial bias and fraud on the court before issuing a final ruling (In re Murchison, 349 U.S. 133 (1955)).

   If a judgment is issued while unresolved motions regarding bias and fraud are pending, it raises serious due process concerns.

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

3. **Avoiding Appellate Reversals and Procedural Deficiencies**

Washington appellate courts have overturned judgments when trial courts failed to rule on pending motions that raised substantive legal issues (Goldberg v. Kelly, 397 U.S. 254 (1970)).

Staying judgment ensures that the record is fully developed and procedurally sound, preventing unnecessary appeals and reversals.

## III.   ARGUMENT

1. **Failure to Rule on Defendants' Motions Would Constitute Procedural Error**

   o   The Court's refusal to hear or rule on Defendants' motions before issuing judgment would be an abuse of discretion and deprive Defendants of their right to be heard.

   o   A stay ensures that Defendants' substantive legal challenges receive the required judicial review.

2. **Issuing Judgment Without Addressing Allegations of Fraud and Judicial Misconduct Is Reversible Error**

   If judgment is entered while allegations of fraud on the court, misrepresentations by Plaintiffs, and judicial misconduct remain unresolved, the ruling is legally unsound and subject to immediate appeal and potential reversal.

MOTION TO STAY JUDGMENT PENDING RULINGS ON
UNRESOLVED MOTIONS - AMENDED
PAGE **4** OF **7**

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA  99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

3. **A Stay Does Not Prejudice Plaintiffs**

   o   Plaintiffs suffer no harm by allowing the Court time to properly rule on these

   motions. However, if judgment is issued without resolution, Defendants suffer

   irreparable harm due to procedural injustice.


## IV.   REQUEST FOR RELIEF

Defendants respectfully request that this Court:

1. Stay the issuance of final judgment until all unresolved motions are ruled upon.

2. Provide specific findings addressing the procedural errors, due process violations, and

   judicial misconduct allegations raised in the pending motions.

3. Ensure that all motions are properly adjudicated to avoid appellate reversal based on an

   incomplete or procedurally deficient record.

4. Grant any further relief the Court deems necessary to preserve the integrity of these

   proceedings.

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA  99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

## V. CONCLUSION

For the foregoing reasons, Defendants request that the Court stay judgment pending resolution of all pending motions. Issuing judgment without addressing these motions would be procedurally improper and violate due process, creating substantial appellate risk.

DATED this 18th day of February, 2025, at Spokane, WA.


Respectfully submitted,


*/s/    Eric R. Young and Susan L. Young*
ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

MOTION TO STAY JUDGMENT PENDING RULINGS ON
UNRESOLVED MOTIONS - AMENDED
PAGE **6** OF **7**

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA  99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# VI. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [  ] U.S. Mail |
| Riverside NW Law Group | [  ] Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [  ] Facsimile |
| Spokane, WA 99201 | [X] E-Mail |
| mam@rnwlg.com | [  ] Legal Messenger |

DATED this 18th day of February, 2025, at Spokane, WA.

*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

MOTION TO STAY JUDGMENT PENDING RULINGS ON
UNRESOLVED MOTIONS - AMENDED
PAGE **7** OF **7**

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

1
2
3
4
5 **SUPERIOR COURT OF WASHINGTON**

6 **IN AND FOR SPOKANE COUNTY**

7

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs<br><br>V.<br><br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | No. 23-2-04734-32<br><br>DEFENDANTS' MEMORANDUM IN<br>SUPPORT OF AMENDED MOTION TO STAY<br>JUDGMENT PENDING RULINGS ON<br>UNRESOLVED MOTIONS |

## I. INTRODUCTION

Defendants Eric Young and Susan Young have filed to this case a "Motion to Stay Judgement Pending Rulings on Unresolved Motions", to address unresolved motions that were timely filed but have not been adjudicated as of February 19th, 2025.

Defendants therefore provide this "Memorandum in Support of…" that motion to provide summarizing narrative and expectations based on law, and to outline the state of this case as it stands now over 30 days after conclusion of trial.

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

## A. Defendants' Position on Open Motions (Items 1–9)

Items 1–6 must be heard and resolved *first*, to ensure that the Court satisfies the constitutional requirement of due process and corrects the persistent procedural errors that have disadvantaged Defendants from the outset. These initial motions address:

1. The need to stay any judgment (Item 1) so the Court can fully rule on the pending motions;

2. Defendants' Offer of Proof (Item 2) and related requests (Items 3–6) to admit critical evidence and sanction the grievous fraud on the court perpetrated by Plaintiffs and their counsel.

Once Items 1–6 are properly adjudicated in Defendants' favor, Item 7 (Motion to Strike Plaintiffs' Claims and for Judgment as a Matter of Law under CR 50) becomes the logical and necessary outcome: Plaintiffs have definitively failed to present a prima facie case, engaged in documented fraud on the court, committed perjury, and manipulated these proceedings to violate Defendants' rights (and the rights of a non-party LLC).

**No legitimate basis exists for Plaintiffs' claims to proceed, and entry of judgment for Defendants is the only lawful remedy.**

If the Court rightly grants Defendants the relief requested in Item 7, the subsequent motions - Item 8 (Motion for Mistrial) and Item 9 (Motion to Dissolve the Preliminary Injunction) - will effectively be rendered moot. The dissolution of any injunctive orders, the restoration of seized assets, and assignment of compensatory damages and sanction damages to Defendants are

DEFENDANTS' MEMORANDUM IN SUPPORT OF
AMENDED MOTION TO STAY JUDGMENT PENDING
RULINGS ON UNRESOLVED MOTIONS
PAGE **2** OF **6**

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

incorporated into Item 7, resolving these mendacities naturally with judgement in Defendants' favor.

## B. Magnitude of Harm and Necessity for a Decisive Ruling

Defendants have been victimized by a baseless and malicious campaign orchestrated by Plaintiffs, and enabled by counsel who knowingly propagated falsehoods and perjury in open court. As a result, Defendants have been:

- Personally defamed and relentlessly vilified without evidence;
- Forced into unlawful incarceration and subjected to a prolonged freeze of assets without statutory bond;
- Denied due process in performing a legitimate family plan and sustaining normal economic activity;
- Compelled to expend in excess of five hundred thousand dollars in combined legal expenses and labor, lost income, and other direct damages directly attributable to Plaintiffs' fraudulent claims.

Plaintiffs' scheme, conceived by Linda Cole and supported by co-conspirator Joell Severns, rose to the level of defrauding both Defendants and this Court. Their counsel, first Mr. Merritt and later Mr. Mensik, further escalated the wrongdoing by concealing contradictory evidence, suborning or ignoring perjury, and imposing unwarranted litigation burdens on Defendants.

DEFENDANTS' MEMORANDUM IN SUPPORT OF
AMENDED MOTION TO STAY JUDGMENT PENDING
RULINGS ON UNRESOLVED MOTIONS
PAGE **3** OF **6**

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA  99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

The conclusive documentary evidence of Plaintiffs' perjured testimony and contradictions demonstrates that their entire litigation was a sham - and that statements by legal counsel are part of a coordinated, malicious deception intended to mislead, and gain illegitimate favor and support from the court. Defendants have accordingly sought sanctions through formal motions against both counsels, filed professional complaints with the WSBA, and have prepared criminal referrals - naming each counsel and their associated firms – for presentation to local and federal authorities as necessary.

**Conclusion and Request for the Court's Immediate Action**

Under these extraordinary circumstances, the Court should "do the right thing":

1.  Promptly resolve the pending motions (Items 1–6) in Defendants' favor to rectify the serious procedural violations

2.  Grant Item 7 (CR 50 Judgment as a Matter of Law), striking Plaintiffs' claims for want of evidence, fraud on the court, perjury, and persistent violations of due process

3.  Acknowledge that if Item 7 is granted, Items 8 and 9 become moot - though in any event the injunction must be dissolved, seized assets returned, and Defendants restored to their rightful position

4.  Award Defendants the necessary compensatory relief for the full scope of damages incurred: including attorney fees, restitution of business losses, and any other equitable remedies the Court deems just

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA  99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

Only by correcting this anthology of injustice - ranging from Plaintiffs false allegations, to the invalid TRO without a bond, to overt fraud on the court - can the Court begin to dispel the appearance of bias and set the record straight. Defendants respectfully urge the Court to fulfill its duty to uphold due process, protect the integrity of these proceedings, and end this meritless litigation forthwith.

## II. CONCLUSION

For the foregoing reasons, Defendants request that the Court properly address Defendants' "Motion to Stay Judgement Pending Rulings on Unresolved Motions". It is time to end the unwarranted, unproven, and malicious attacks against Defendants and their minor child.

DATED this 19th day of February, 2025, at Spokane, WA.

Respectfully submitted,

/s/     *Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' MEMORANDUM IN SUPPORT OF
AMENDED MOTION TO STAY JUDGMENT PENDING
RULINGS ON UNRESOLVED MOTIONS
PAGE **5** OF **6**

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA  99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

## III. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [  ] U.S. Mail |
| Riverside NW Law Group | [  ] Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [  ] Facsimile |
| Spokane, WA 99201 | [X] E-Mail |
| mam@rnwlg.com | [  ] Legal Messenger |

DATED this 19th day of February, 2025, at Spokane, WA.

/s/    *Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' MEMORANDUM IN SUPPORT OF
AMENDED MOTION TO STAY JUDGMENT PENDING
RULINGS ON UNRESOLVED MOTIONS
PAGE **6** OF **6**

ERIC AND SUSAN YOUNG
Defendants - PRO SE Litigants
12402 N Division St #167, Spokane, WA  99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

# WSBA Online Grievance Form Confirmation

| | | |
|---|---|---|
| **From** | donotreply@wsba.org <donotreply@wsba.org> | FILED |
| **To** | 'Eric Young'<eyoung-encrypt@pm.me> | 2/21/2025 |
| **Date** | Friday, February 21st, 2025 at 4:49 AM | Timothy W Fitzgerald |
| | | Spokane County Clerk |

## WASHINGTON STATE
### BAR ASSOCIATION
Office of Disciplinary Counsel

23-2-04734-32

## GRIEVANCE AGAINST A LAWYER

**Date Received:**     2/21/2025 4:46:52 AM

**Confirmation Number:** 202502210002

| INFORMATION ABOUT YOU | INFORMATION ABOUT THE LAWYER |
|---|---|

**Name:**  Eric R Young

**Address:**  12402 N DIVISION ST PMB 167

Spokane, 99218 USA

**Phone Number:** (936) 463-8411

**Email Address:** eyoung-encrypt@pm.me

**License Number:** 44260

**Name:**  Matthew Mensik

**Address:**  905 W. Riverside Ave, Suite 208

Spokane, WA 99201 USA

**Phone Number:** (206) 949-3540

**Email Address:** mam@rnwlg.com

### INFORMATION ABOUT THE GRIEVANCE

**Describe your relationship to the lawyer who is the subject of your grievance:**

I am an opposing party.

**If your grievance involves a court case:**

**Case Name:** Cole v. Young

**File Number:** 23-2-04734-32

**Court Name:** Spokane County Superior Court

**Explain your grievance in your own words. Give all important dates, times, and places.**

I. INTRODUCTION & SUMMARY OF COMPLAINT

This complaint concerns Attorney Matthew Mensik's flagrant violations of Washington's Rules of Professional Conduct (RPCs) and his unethical conduct in the litigation of Cole v. Young. Specifically, Mensik:

• Continued a knowingly fraudulent lawsuit initiated by prior counsel.

• Suborned perjury by allowing Plaintiff Linda Cole to make false statements under oath.

• Signed false discovery responses under CR 26(g), obstructing justice.

• Made false statements to the court in trial proceedings.

• Engaged in abusive, deceptive, and prejudicial litigation tactics.

These actions constitute violations warranting sanctions, suspension, or disbarment.

II. Rules of Professional Conduct Violated

1. RPC 3.3 – Candor Toward the Tribunal: Knowingly presented false evidence and failed to correct perjured

testimony.

2. RPC 3.4 – Fairness to Opposing Party: Engaged in discovery misconduct and obstruction.

3. RPC 3.1 – Meritorious Claims & Contentions: Advanced baseless, frivolous claims.

4. RPC 8.4(c) – Conduct Involving Dishonesty: Engaged in deceit and fraudulent misrepresentation.

5. RPC 8.4(d) – Conduct Prejudicial to the Administration of Justice: Repeatedly misled the court and misused the legal system.

6. CR 11 & CR 26(g) Violations: Signed and certified knowingly false discovery responses.

III. Timeline of Misconduct

1. September 2024 - Mensik inherits the case from previous attorney Michael Merritt

• (motion for sanctions and WSBA complaint also filed re: Mr. Merritt's conduct)

2. September 2024 – November 2024 - Receives and reviews 500+ pages of discovery refuting Plaintiffs' claims.

3. November 2024 - Signs CR 26(g) certification, falsely asserting that Plaintiffs' discovery responses were truthful.

4. January 2025 - Makes knowingly false statements in pre-trial hearings, misleading the court that a police investigation was ongoing, knowing it had been closed 'unfounded' 14 months prior, when his client's false testimony was refuted within 24 hours

5. Trial Proceedings - Allows Plaintiff Linda Cole to commit perjury without correction

6. Falsifies testimony in closing arguments, misrepresenting Defendants' statements to the court. Defendants objected on the record at the brazen lying in the courtroom

7. In nearly 4 months, despite numerous direct email sent to Mensik with irrefutable evidence proving his client's claims were fraudulent, he never corrected the record with the court nor withdrew as counsel, choosing negligent disregard for the truth and willful blindness as he and his client perpetrated a malignant fraud on the court

IV. Supporting Case Law

1. In re Disciplinary Proceeding Against McGrath, 174 Wn.2d 813 (2012): Disbarment for suborning perjury.

2. Hazel-Atlas Co. v. Hartford Co., 322 U.S. 238 (1944): Fraud upon the court warrants dismissal and sanctions.

3. Biggs v. Vail, 119 Wn.2d 129 (1992): CR 11 sanctions warranted when attorneys file claims without a factual basis.

4. Jones v. Jones, 187 Wn. App. 80 (2015): Courts have the authority to sanction attorneys who willfully mislead the court.

5. State v. Olson, 92 Wn.2d 134 (1979): Suborning perjury is a felony when an attorney knowingly permits false testimony.

V. Discovery Misconduct and False Certifications

Attorney Mensik signed discovery responses under CR 26(g), certifying that responses were truthful and complete. However:

• Plaintiffs' denials in Requests for Admission (RFAs) were knowingly false

o 80% denial (40 out of 50), when all 50 questions were specifically drawn from unimpeachable video evidence and Plaintiffs' own words in sworn testimony - and could only be answered truthfully with 'ADMIT'

• Plaintiffs denied allegations despite irrefutable documentary evidence proving them false.

• Mensik's certification obstructed justice, constituting an ethical violation under RPC 3.3 and 3.4.

Case Law on Discovery Abuse:

• Doe v. Spokane Rock I, LLC, 190 Wn.2d 739 (2018): Sanctions appropriate for discovery obstruction and false responses.

• Magana v. Hyundai Motor Am., 167 Wn.2d 570 (2009): Sanctions justified when attorneys obstruct discovery.

VI. Request for Disciplinary Action

Mensik's conduct has damaged the reputation of the legal profession, violated due process, suborned perjury, and flagrantly disregarded truth and the oath he purports to uphold. In doing so, he allowed false and misleading testimony to continue to mislead the court, and allowed unlawful court orders to stand unaltered. Given the severity of these violations, we request WSBA:

1. Initiate formal disciplinary investigation by WSBA
2. Impose disciplinary sanctions, including disbarment or suspension for egregious ethical breaches
3. Initiate an investigation into potential criminal violations, including perjury and fraud.
4. To refer this matter for additional review under RCW 9A.72.020 (Perjury in the First Degree).
5. Civil liability review for tortious interference, defamation, and malicious prosecution.

Mensik had multiple opportunities to correct the record and chose to commit fraud instead. His actions are indefensible.

VII. Conclusion

Attorney Matthew Mensik's actions represent a profound abuse of the legal system. His conduct constitutes fraud on the court, subornation of perjury, deliberate obstruction of justice, flagrant disregard for the truth, and gross misuse and abuse of judicial process.

We respectfully urge the WSBA to take immediate action to protect the integrity of the legal profession.

** The attached files stem from the civil case identified in this form;

These are relevant as they contain descriptions of the violations and the fraudulent nature of the case, and communicate the failure of Mensik and Plaintiffs to drum up ANY evidence supporting their claims even after 16 months of harassment of Defendants and their minor child.

These violations have been so offensive and so damaging to Defendants' current employment and future employment prospects - including unlawful incarceration as noted - that Defendants are forced to deliver a criminal brief to law enforcement, and prosecute civil violations as well, just to recover from reputational and financial impacts of Mensik's fraud on the court.

We are frankly apalled that someone would go to all the trouble to get through law school and pass the bar exam, only to act so stupidly by not demonstrating any particle of curiosity as to the veracity of Plaintiffs' claims. These people have stolen 16 months of our lives and damaged the very basis of judicial process. There will be consequences.

## ATTACHED FILES

DFND-Motion for Sanctions-Mensik-Fraud on the Court-final.PDF

DFND-NOTICE CLARIFY MOTIONS FOR ATTNY SANCTIONS.pdf

DFND-Emergency Motion to Admit Evidence-Amend-2025-02-11.PDF

DFND-Motion-Strike-Claims-Judgment of Law cr 50-final.pdf

Young-v-Mensik-WSBA-Complaint.pdf

## AFFIRMATION

I affirm that the information I am providing is true and accurate to the best of my knowledge. I have read *Lawyer Discipline in Washington* and I understand that all information that I submit can be disclosed to the lawyer I am complaining about and others.

1325 4th Avenue | Suite 600 | Seattle, WA 98101-2539
206-727-8207 | caa@wsba.org | www.wsba.org

**95.59 KB**    2 embedded images

wsba_footer.png 57.15 KB    wsba_header.png 38.44 KB

# WSBA Online Grievance Form Confirmation

| | | |
|---|---|---|
| From | donotreply@wsba.org <donotreply@wsba.org> | **FILED** |
| To | 'Eric Young'<eyoung-encrypt@pm.me> | 2/21/2025 |
| Date | Friday, February 21st, 2025 at 5:06 AM | Timothy W Fitzgerald |
| | | Spokane County Clerk |

## WASHINGTON STATE
### BAR ASSOCIATION
Office of Disciplinary Counsel

23-2-04734-32

## GRIEVANCE AGAINST A LAWYER

**Date Received:**          2/21/2025 5:05:29 AM
**Confirmation Number:** 202502210003

| INFORMATION ABOUT YOU | INFORMATION ABOUT THE LAWYER |
|---|---|

**INFORMATION ABOUT YOU**

**Name:**              Eric R Young
**Address:**          12402 N DIVISION ST PMB 167
                          Spokane, WA 99218 USA
**Phone Number:** (936) 463-8411
**Email Address:** eyoung-encrypt@pm.me

**INFORMATION ABOUT THE LAWYER**

**License Number:** 60094
**Name:**              Michael R Merritt
**Address:**          1324 N. Liberty Lake Rd., #2151
                          Liberty Lake, WA 99019 USA
**Phone Number:** (509) 309-9105
**Email Address:** Michael@Merritt-Firm.com

**INFORMATION ABOUT THE GRIEVANCE**

**Describe your relationship to the lawyer who is the subject of your grievance:**

I am an opposing party.

**If your grievance involves a court case:**

**Case Name:** Cole v. Young
**File Number:** 23-2-04734-32
**Court Name:** Spokane County Superior Court

**Explain your grievance in your own words. Give all important dates, times, and places.**

I. Introduction & Summary of Complaint
This complaint concerns Attorney Michael Merritt's egregious violations of professional ethics, including:
• Fraud on the court
• Subornation of perjury
• Suppression of exculpatory evidence
• Misuse of judicial process
Specifically, Merritt:
1. Filed a fraudulent civil complaint with knowingly false allegations.
2. Secured an illegal Temporary Restraining Order (TRO) without a bond, violating RCW 7.40.080.
3. Suppressed exculpatory evidence, despite having clear proof his client's claims were false.
4. Allowed his client, Linda Cole, to repeatedly commit perjury under oath.

5. Induced the court to wrongfully incarcerate an innocent party (Eric Young) for 20 days.

6. Violated due process by securing the seizure of LLC-owned property without joining the LLC as a party.

7. Engaged in extrajudicial defamation, making false allegations of wire fraud and theft to third parties.

These actions violate multiple Rules of Professional Conduct (RPCs) and demonstrate a reckless disregard for justice.

II. Rules of Professional Conduct Violated

1. RPC 3.3 – Candor Toward the Tribunal: Knowingly presented false evidence and failed to correct perjured testimony.

2. RPC 3.4 – Fairness to Opposing Party: Engaged in discovery misconduct and suppression.

3. RPC 3.1 – Advancing Frivolous Claims: Filed and continued a lawsuit without evidentiary support.

4. RPC 8.4(c) – Conduct Involving Dishonesty: Engaged in deceit and fraudulent misrepresentation.

5. RPC 8.4(d) – Conduct Prejudicial to the Administration of Justice: Repeatedly misled the court and misused the legal system to cause harm.


III. Timeline of Misconduct

A. November 3, 2023 – Defamatory Letter

Three days before filing suit, Merritt sent a pre-litigation letter to a real estate brokerage, falsely accusing Defendants of:

• Wire fraud

• Theft

• Using stolen money for a home purchase

• Engaging in a fraudulent scheme

Violations:

• RPC 8.4(c) – Conduct Involving Dishonesty & Misrepresentation

• RPC 4.1 – False Statements to Third Parties

• Defamation / Tortious Interference (Civil Offense)

This extrajudicial communication is not protected by litigation privilege and constitutes defamation.

B. November 6, 2023 – Filing of Knowingly Fraudulent Lawsuit

Merritt filed a lawsuit full of false claims, directly contradicted by existing evidence:

• Police Report (November 7, 2023) found Linda Cole's allegations "UNFOUNDED."

• Linda Cole's own wire transfers show she authorized the transactions, refuting theft claims.

• Notarized indemnification forms signed by Linda Cole confirm her full consent, and her fabricated story to the contrary has been unsupported by evidence for 16 months as Defendants were repeatedly abused by attorneys and a court misled into evident and repeated bias.

Violations:

• RPC 3.3 – Candor Toward the Tribunal (Knowingly False Filings)

• RPC 8.4(c) – Conduct Involving Dishonesty

• RCW 4.84.185 – Frivolous Lawsuits


C. November 7, 2023 – Illegal TRO Secured

Merritt misled the court to obtain a TRO without a bond, violating RCW 7.40.080, resulting in:

• Freezing $280,000 of Defendants' assets without justification.

• Halting a legitimate real estate transaction.

• Seizing a non-party LLC's property (5th-wheel trailer), violating due process, impacting business revenue for over a year, while unlawfully preventing the LLC from accessing its commercial liability insurance

Violations:

• RPC 3.1 – Filing Frivolous Claims

• RPC 8.4(d) – Conduct Prejudicial to the Administration of Justice

• RCW 7.40.080 (TRO Bond Requirement)

D. November 2023 – September 2024 – Merritt's Suppression of Exculpatory Evidence

By September 2024, Merritt had:

• Received Defendants' 500-page discovery response, exposing 50+ contradictions in Plaintiffs' sworn statements.

• Had access to police reports, wire confirmations, and notarized forms proving Plaintiffs' claims were false.

Violations:

• RPC 3.3 – Candor to the Court

• RPC 3.4 – Fairness to Opposing Party (Suppression of Exculpatory Evidence)

E. February – March 2024 – Merritt's Role in Wrongful Incarceration

• February 2, 2024: Merritt demanded the court hold Eric Young in contempt, despite the illegal TRO.

• February 23 – March 13, 2024: Eric Young was jailed for 20 days based on fraudulent allegations.

Violations:

• RPC 3.1 – Frivolous Motions (Contempt Motion Based on Fraud)

• RPC 8.4(d) – Conduct Prejudicial to Justice

• Civil Liability: False Imprisonment (RCW 9A.40.040 – Unlawful Imprisonment)


IV. Supporting Case Law

1. In re Disciplinary Proceeding Against McGrath, 174 Wn.2d 813 (2012): Disbarment for suborning perjury.

2. Hazel-Atlas Co. v. Hartford Co., 322 U.S. 238 (1944): Fraud upon the court warrants dismissal and sanctions.

3. Biggs v. Vail, 119 Wn.2d 129 (1992): CR 11 sanctions warranted when attorneys file claims without a factual basis.

4. Jones v. Jones, 187 Wn. App. 80 (2015): Courts have the authority to sanction attorneys who willfully mislead the court.


V. Request for Disciplinary Action

Merritt's conduct has damaged the reputation of the legal profession, violated due process, and led to unlawful court orders and incarceration. Given the severity of these violations, we request WSBA:

1. Initiate formal disciplinary investigation by WSBA

2. Impose disciplinary sanctions, including disbarment or suspension for egregious ethical breaches

3. Initiate an investigation into potential criminal violations, including perjury and fraud.

4. Refer this matter for additional review under RCW 9A.72.020 (Perjury in the First Degree).

5. Referral for criminal investigation under RCW 9A.40.040 (Unlawful Imprisonment).

6. Civil liability review for tortious interference, defamation, and malicious prosecution.


Merritt had multiple opportunities to correct the record and chose to commit fraud instead. His actions are indefensible.


VI. Conclusion

Attorney Michael Merritt's actions represent a profound abuse of the legal system. His conduct constitutes fraud on the court, subornation of perjury, deliberate obstruction of justice, flagrant disregard for the truth, and gross misuse and abuse of judicial process.

We respectfully urge the WSBA to take immediate action to protect the integrity of the legal profession.


** The attached files stem from the civil case identified in this form;

These are relevant as they contain descriptions of the violations and the fraudulent nature of the case, and communicate the failure of Mensik and Plaintiffs to drum up ANY evidence supporting their claims even after 16 months of harassment of Defendants and their minor child.

These violations have been so offensive and so damaging to Defendants' current employment and future employment prospects - including unlawful incarceration as noted - that Defendants are forced to deliver a criminal brief to law enforcement, and prosecute civil violations as well, just to recover from reputational and financial impacts of Merritt's fraud on the court.

We are frankly appalled that someone would go to all the trouble to get through law school and pass the bar exam, only to act so stupidly by ignoring refuting evidence presented from the very start of this case. There has, in fact, never been

any basis for Plaintiffs' claims, and that was revealed 16 months ago, and dozens of times again after that with evidence. These people have stolen 16 months of our lives and damaged the very basis of judicial process. There will be consequences.

## ATTACHED FILES

DFND-Motion for Sanctions-Merritt-Fraud on the Court-2025-02-14.pdf

DFND-NOTICE CLARIFY MOTIONS FOR ATTNY SANCTIONS.pdf

DFND-Emergency Motion to Admit Evidence-Amend-2025-02-11.PDF

DFND-Motion-Strike-Claims-Judgment of Law cr 50-final.pdf

DFND-WSBA-Merritt-SubornPerjury-Fraud on the Court.pdf

## AFFIRMATION

I affirm that the information I am providing is true and accurate to the best of my knowledge. I have read *Lawyer Discipline in Washington* and I understand that all information that I submit can be disclosed to the lawyer I am complaining about and others.



1325 4th Avenue | Suite 600 | Seattle, WA 98101-2539
206-727-8207 | caa@wsba.org | www.wsba.org

**95.59 KB**     2 embedded images

| wsba_footer.png 57.15 KB | wsba_header.png 38.44 KB |

**Washington State Bar Association (WSBA) Complaint Against Matthew Mensik**

**Washington State Bar Association - Office of Disciplinary Counsel**

FILED
2/21/2025
Timothy W Fitzgerald
Spokane County Clerk

1325 4th Ave, Suite 600

Seattle, WA 98101

Email: **ocd@wsba.org**


**Complainants:**

Eric Young & Susan Young, Pro Se Defendants
**Case:** *Cole v. Young, Spokane County Superior Court No. 23-2-04734-32*


**Respondent:**

Matthew Mensik, Counsel for Plaintiffs Ted & Linda Cole

WSBA # 44260

**Law Firm:** Riverside NW Law Group, PLLC

**Address:** 905 W. Riverside Ave, Suite 208, Spokane, WA 99201

**Email:** mam@rnwlg.com


## I.    INTRODUCTION & SUMMARY OF COMPLAINT

This complaint concerns Attorney Matthew Mensik's flagrant violations of Washington's Rules of Professional Conduct (RPCs) and his unethical conduct in the litigation of *Cole v. Young*. Specifically, Mensik:

- Continued a knowingly fraudulent lawsuit initiated by prior counsel.
- Suborned perjury by allowing Plaintiff Linda Cole to make false statements under oath.
- Signed false discovery responses under CR 26(g), obstructing justice.
- Made false statements to the court in trial proceedings.
- Engaged in abusive, deceptive, and prejudicial litigation tactics.

These actions constitute violations warranting sanctions, suspension, or disbarment.

## II. Rules of Professional Conduct Violated

1. **RPC 3.3 – Candor Toward the Tribunal:** Knowingly presented false evidence and failed to correct perjured testimony.
2. **RPC 3.4 – Fairness to Opposing Party:** Engaged in discovery misconduct and obstruction.
3. **RPC 3.1 – Meritorious Claims & Contentions:** Advanced baseless, frivolous claims.
4. **RPC 8.4(c) – Conduct Involving Dishonesty:** Engaged in deceit and fraudulent misrepresentation.
5. **RPC 8.4(d) – Conduct Prejudicial to the Administration of Justice:** Repeatedly misled the court and misused the legal system.
6. **CR 11 & CR 26(g) Violations:** Signed and certified **knowingly false** discovery responses.

## III. Timeline of Misconduct

1. September 2024 - Mensik inherits the case from previous attorney Michael Merritt
   - (motion for sanctions and WSBA complaint also filed re: Mr. Merritt's conduct)
2. September 2024 – November 2024 - Receives and reviews 500+ pages of discovery refuting Plaintiffs' claims.
3. November 2024 - Signs CR 26(g) certification, falsely asserting that Plaintiffs' discovery responses were truthful.
4. **January 2025 - Makes knowingly false statements in pre-trial hearings, misleading the court that a police investigation was ongoing, knowing it had been closed 'unfounded' 14 months prior, when his client's false testimony was refuted within 24 hours**
5. Trial Proceedings - Allows Plaintiff Linda Cole to commit perjury without correction
6. Falsifies testimony in closing arguments, misrepresenting Defendants' statements to the court. Defendants objected on the record at the brazen lying in the courtroom

7. In nearly 4 months, despite numerous direct email sent to Mensik with irrefutable evidence proving his client's claims were fraudulent, he never corrected the record with the court nor withdrew as counsel, choosing negligent disregard for the truth and willful blindness as he and his client perpetrated a malignant fraud on the court

## IV.    Supporting Case Law

1. **In re Disciplinary Proceeding Against McGrath, 174 Wn.2d 813 (2012):** Disbarment for suborning perjury.
2. **Hazel-Atlas Co. v. Hartford Co., 322 U.S. 238 (1944):** Fraud upon the court warrants dismissal and sanctions.
3. **Biggs v. Vail, 119 Wn.2d 129 (1992):** CR 11 sanctions warranted when attorneys file claims without a factual basis.
4. **Jones v. Jones, 187 Wn. App. 80 (2015):** Courts have the authority to sanction attorneys who willfully mislead the court.
5. **State v. Olson, 92 Wn.2d 134 (1979):** Suborning perjury is a felony when an attorney knowingly permits false testimony.

## V.    Discovery Misconduct and False Certifications

Attorney Mensik signed discovery responses under CR 26(g), certifying that responses were truthful and complete. However:

- Plaintiffs' denials in Requests for Admission (RFAs) were knowingly false
  - 80% denial (40 out of 50), when all 50 questions were specifically drawn from unimpeachable video evidence and Plaintiffs' own words in sworn testimony - and could only be answered truthfully with 'ADMIT'
- Plaintiffs denied allegations despite irrefutable documentary evidence proving them false.
- Mensik's certification obstructed justice, constituting an ethical violation under RPC 3.3 and 3.4.

**Case Law on Discovery Abuse:**

- Doe v. Spokane Rock I, LLC, 190 Wn.2d 739 (2018): Sanctions appropriate for discovery obstruction and false responses.
- Magana v. Hyundai Motor Am., 167 Wn.2d 570 (2009): Sanctions justified when attorneys obstruct discovery.

## VI.     <u>Request for Disciplinary Action</u>

Mensik's conduct has damaged the reputation of the legal profession, violated due process, suborned perjury, and flagrantly disregarded truth and the oath he purports to uphold. In doing so, he allowed false and misleading testimony to continue to mislead the court, and allowed unlawful court orders to stand unaltered. Given the severity of these violations, we request WSBA:

1. Initiate formal disciplinary investigation by WSBA
2. Impose disciplinary sanctions, including disbarment or suspension for egregious ethical breaches
3. Initiate an investigation into potential criminal violations, including perjury and fraud.
4. To refer this matter for additional review under RCW 9A.72.020 (Perjury in the First Degree).
5. Civil liability review for tortious interference, defamation, and malicious prosecution.

Mensik had multiple opportunities to correct the record and chose to commit fraud instead. His actions are indefensible.

## VII.    <u>Conclusion</u>

Attorney Matthew Mensik's actions represent a profound abuse of the legal system. His conduct constitutes fraud on the court, subornation of perjury, deliberate obstruction of justice, flagrant disregard for the truth, and gross misuse and abuse of judicial process.

We respectfully urge the WSBA to take immediate action to protect the integrity of the legal profession.

**Washington State Bar Association (WSBA) Complaint Against Michael R. Merritt**

**Washington State Bar Association - Office of Disciplinary Counsel**

1325 4th Ave, Suite 600

Seattle, WA 98101

Email: **ocd@wsba.org**

FILED
2/21/2025
Timothy W Fitzgerald
Spokane County Clerk

**Complainants:**

Eric Young & Susan Young, Pro Se Defendants

**Case:** *Cole v. Young, Spokane County Superior Court No. 23-2-04734-32*

**Respondent:**

Michael R. Merritt, Former Counsel for Plaintiffs Ted & Linda Cole
WSBA #60094
THE MERRITT LAW FIRM, PLLC
[formerly with Paine Hamblin & Hawley Troxell]
1324 N. Liberty Lake Rd., #2151
Liberty Lake, Washington 99019
Tel.: (509) 309-9105
Email: Michael@Merritt-Firm.com

## I.  Introduction & Summary of Complaint

This complaint concerns Attorney **Michael Merritt's** egregious violations of **professional ethics**, including:

- **Fraud on the court**
- **Subornation of perjury**
- **Suppression of exculpatory evidence**
- **Misuse of judicial process**

Specifically, Merritt:

1. Filed a fraudulent civil complaint with knowingly false allegations.

2. Secured an illegal Temporary Restraining Order (TRO) without a bond, violating RCW 7.40.080.

3. Suppressed exculpatory evidence, despite having clear proof his client's claims were false.

4. Allowed his client, Linda Cole, to repeatedly commit perjury under oath.

5. Induced the court to wrongfully incarcerate an innocent party (Eric Young) for 20 days.

6. Violated due process by securing the seizure of LLC-owned property without joining the LLC as a party.

7. Engaged in extrajudicial defamation, making false allegations of wire fraud and theft to third parties.

These actions violate multiple Rules of Professional Conduct (RPCs) and demonstrate a reckless disregard for justice.

## II. <u>Rules of Professional Conduct Violated</u>

1. **RPC 3.3 – Candor Toward the Tribunal:** Knowingly presented false evidence and failed to correct perjured testimony.

2. **RPC 3.4 – Fairness to Opposing Party:** Engaged in discovery misconduct and suppression.

3. **RPC 3.1 – Advancing Frivolous Claims:** Filed and continued a lawsuit without evidentiary support.

4. **RPC 8.4(c) – Conduct Involving Dishonesty:** Engaged in deceit and fraudulent misrepresentation.

5. **RPC 8.4(d) – Conduct Prejudicial to the Administration of Justice:** Repeatedly misled the court and misused the legal system to cause harm.

### III.    Timeline of Misconduct

**A.  November 3, 2023 – Defamatory Letter**

Three days before filing suit, Merritt sent a pre-litigation letter to a real estate brokerage, falsely accusing Defendants of:

- **Wire fraud**
- **Theft**
- **Using stolen money for a home purchase**
- **Engaging in a fraudulent scheme**

**Violations:**

- **RPC 8.4(c) – Conduct Involving Dishonesty & Misrepresentation**
- **RPC 4.1 – False Statements to Third Parties**
- **Defamation / Tortious Interference (Civil Offense)**

This extrajudicial communication is not protected by litigation privilege and constitutes defamation.

**B.  November 6, 2023 – Filing of Knowingly Fraudulent Lawsuit**

Merritt filed a lawsuit full of false claims, directly contradicted by existing evidence:

- **Police Report (November 7, 2023)** found Linda Cole's allegations **"UNFOUNDED."**
- Linda Cole's own wire transfers show she authorized the transactions, refuting theft claims.
- Notarized indemnification forms signed by Linda Cole confirm her full consent, and her **fabricated story to the contrary** has been **unsupported by evidence for 16 months as Defendants were repeatedly abused by attorneys and a court misled into evident and repeated bias.**

**Violations:**

- **RPC 3.3 – Candor Toward the Tribunal (Knowingly False Filings)**
- **RPC 8.4(c) – Conduct Involving Dishonesty**
- **RCW 4.84.185 – Frivolous Lawsuits**

## C. November 7, 2023 – Illegal TRO Secured

Merritt misled the court to obtain a TRO without a bond, violating RCW 7.40.080, resulting in:

- **Freezing $280,000** of Defendants' assets without justification.
- **Halting a legitimate real estate transaction.**
- **Seizing a non-party LLC's property (5th-wheel trailer),** violating due process, impacting business revenue for over a year, while unlawfully preventing the LLC from accessing its commercial liability insurance

**Violations:**

- **RPC 3.1 – Filing Frivolous Claims**
- **RPC 8.4(d) – Conduct Prejudicial to the Administration of Justice**
- **RCW 7.40.080 (TRO Bond Requirement)**

## D. November 2023 – September 2024 – Merritt's Suppression of Exculpatory Evidence

By **September 2024**, Merritt had:

- **Received Defendants' 500-page discovery response**, exposing 50+ contradictions in Plaintiffs' sworn statements.
- Had access to police reports, wire confirmations, and notarized forms proving Plaintiffs' claims were false.

**Violations:**

- **RPC 3.3 – Candor to the Court**
- **RPC 3.4 – Fairness to Opposing Party (Suppression of Exculpatory Evidence)**

**E. February – March 2024 – Merritt's Role in Wrongful Incarceration**

- **February 2, 2024:** Merritt demanded the court hold Eric Young in contempt, despite the illegal TRO.
- **February 23 – March 13, 2024:  Eric Young was jailed for 20 days** based on fraudulent allegations.

**Violations:**

- **RPC 3.1 – Frivolous Motions (Contempt Motion Based on Fraud)**
- **RPC 8.4(d) – Conduct Prejudicial to Justice**
- **Civil Liability: False Imprisonment (RCW 9A.40.040 – Unlawful Imprisonment)**


### IV.    Supporting Case Law

1. **In re Disciplinary Proceeding Against McGrath, 174 Wn.2d 813 (2012):** Disbarment for suborning perjury.
2. **Hazel-Atlas Co. v. Hartford Co., 322 U.S. 238 (1944):** Fraud upon the court warrants dismissal and sanctions.
3. **Biggs v. Vail, 119 Wn.2d 129 (1992):** CR 11 sanctions warranted when attorneys file claims without a factual basis.
4. **Jones v. Jones, 187 Wn. App. 80 (2015):** Courts have the authority to sanction attorneys who willfully mislead the court.

## V.  Request for Disciplinary Action

Merritt's conduct has damaged the reputation of the legal profession, violated due process, and led to unlawful court orders and incarceration.  Given the severity of these violations, we request WSBA:

1. Initiate formal disciplinary investigation by WSBA
2. Impose disciplinary sanctions, including disbarment or suspension for egregious ethical breaches
3. Initiate an investigation into potential criminal violations, including perjury and fraud.
4. Refer this matter for additional review under RCW 9A.72.020 (Perjury in the First Degree).
5. Referral for criminal investigation under RCW 9A.40.040 (Unlawful Imprisonment).
6. Civil liability review for tortious interference, defamation, and malicious prosecution.

Merritt had multiple opportunities to correct the record and chose to commit fraud instead. His actions are indefensible.

## VI.  Conclusion

Attorney Michael Merritt's actions represent a profound abuse of the legal system. His conduct constitutes fraud on the court, subornation of perjury, deliberate obstruction of justice, flagrant disregard for the truth, and gross misuse and abuse of judicial process.

We respectfully urge the WSBA to take immediate action to protect the integrity of the legal profession.

** The attached files stem from the civil case identified in this form;
These are relevant as they contain descriptions of the violations and the fraudulent nature of the case, and communicate the failure of Mensik and Plaintiffs to drum up ANY evidence supporting their claims even after 16 months of harassment of Defendants and their minor child.

These violations have been so offensive and so damaging to Defendants' current employment and future employment prospects - including unlawful incarceration as noted - that Defendants are forced to deliver a criminal brief to law enforcement, and prosecute civil violations as well, just to recover from reputational and financial impacts of Merritt's fraud on the court.

We are frankly appalled that someone would go to all the trouble to get through law school and pass the bar exam, only to act so stupidly by ignoring refuting evidence presented from the very start of this case. There has, in fact, never been any basis for Plaintiffs' claims, and that was revealed 16 months ago, and dozens of times again after that with evidence. These people have stolen 16 months of our lives and damaged the very basis of judicial process. There will be consequences.

# WSBA Online Grievance Form Confirmation

| | |
|---|---|
| From | donotreply@wsba.org <donotreply@wsba.org> |
| To | 'Eric Young'<eyoung-encrypt@pm.me> |
| Date | Friday, February 21st, 2025 at 5:06 AM |

FILED
2/21/2025
Timothy W Fitzgerald
Spokane County Clerk
23-2-04734-32

## WASHINGTON STATE
### BAR ASSOCIATION
Office of Disciplinary Counsel

## GRIEVANCE AGAINST A LAWYER

**Date Received:** 2/21/2025 5:05:29 AM
**Confirmation Number:** 202502210003

| INFORMATION ABOUT YOU | INFORMATION ABOUT THE LAWYER |
|---|---|
| **Name:** Eric R Young | **License Number:** 60094 |
| **Address:** 12402 N DIVISION ST PMB 167 | **Name:** Michael R Merritt |
| Spokane, WA 99218 USA | **Address:** 1324 N. Liberty Lake Rd., #2151 |
| **Phone Number:** (936) 463-8411 | Liberty Lake, WA 99019 USA |
| **Email Address:** eyoung-encrypt@pm.me | **Phone Number:** (509) 309-9105 |
| | **Email Address:** Michael@Merritt-Firm.com |

## INFORMATION ABOUT THE GRIEVANCE

**Describe your relationship to the lawyer who is the subject of your grievance:**

I am an opposing party.

**If your grievance involves a court case:**

**Case Name:** Cole v. Young
**File Number:** 23-2-04734-32
**Court Name:** Spokane County Superior Court

**Explain your grievance in your own words. Give all important dates, times, and places.**

I. Introduction & Summary of Complaint

This complaint concerns Attorney Michael Merritt's egregious violations of professional ethics, including:

• Fraud on the court
• Subornation of perjury
• Suppression of exculpatory evidence
• Misuse of judicial process

Specifically, Merritt:

1. Filed a fraudulent civil complaint with knowingly false allegations.
2. Secured an illegal Temporary Restraining Order (TRO) without a bond, violating RCW 7.40.080.
3. Suppressed exculpatory evidence, despite having clear proof his client's claims were false.
4. Allowed his client, Linda Cole, to repeatedly commit perjury under oath.

5. Induced the court to wrongfully incarcerate an innocent party (Eric Young) for 20 days.

6. Violated due process by securing the seizure of LLC-owned property without joining the LLC as a party.

7. Engaged in extrajudicial defamation, making false allegations of wire fraud and theft to third parties.

These actions violate multiple Rules of Professional Conduct (RPCs) and demonstrate a reckless disregard for justice.

II. Rules of Professional Conduct Violated

1. RPC 3.3 – Candor Toward the Tribunal: Knowingly presented false evidence and failed to correct perjured testimony.

2. RPC 3.4 – Fairness to Opposing Party: Engaged in discovery misconduct and suppression.

3. RPC 3.1 – Advancing Frivolous Claims: Filed and continued a lawsuit without evidentiary support.

4. RPC 8.4(c) – Conduct Involving Dishonesty: Engaged in deceit and fraudulent misrepresentation.

5. RPC 8.4(d) – Conduct Prejudicial to the Administration of Justice: Repeatedly misled the court and misused the legal system to cause harm.


III. Timeline of Misconduct

A. November 3, 2023 – Defamatory Letter

Three days before filing suit, Merritt sent a pre-litigation letter to a real estate brokerage, falsely accusing Defendants of:

• Wire fraud

• Theft

• Using stolen money for a home purchase

• Engaging in a fraudulent scheme

Violations:

• RPC 8.4(c) – Conduct Involving Dishonesty & Misrepresentation

• RPC 4.1 – False Statements to Third Parties

• Defamation / Tortious Interference (Civil Offense)

This extrajudicial communication is not protected by litigation privilege and constitutes defamation.

B. November 6, 2023 – Filing of Knowingly Fraudulent Lawsuit

Merritt filed a lawsuit full of false claims, directly contradicted by existing evidence:

• Police Report (November 7, 2023) found Linda Cole's allegations "UNFOUNDED."

• Linda Cole's own wire transfers show she authorized the transactions, refuting theft claims.

• Notarized indemnification forms signed by Linda Cole confirm her full consent, and her fabricated story to the contrary has been unsupported by evidence for 16 months as Defendants were repeatedly abused by attorneys and a court misled into evident and repeated bias.

Violations:

• RPC 3.3 – Candor Toward the Tribunal (Knowingly False Filings)

• RPC 8.4(c) – Conduct Involving Dishonesty

• RCW 4.84.185 – Frivolous Lawsuits


C. November 7, 2023 – Illegal TRO Secured

Merritt misled the court to obtain a TRO without a bond, violating RCW 7.40.080, resulting in:

• Freezing $280,000 of Defendants' assets without justification.

• Halting a legitimate real estate transaction.

• Seizing a non-party LLC's property (5th-wheel trailer), violating due process, impacting business revenue for over a year, while unlawfully preventing the LLC from accessing its commercial liability insurance

Violations:

• RPC 3.1 – Filing Frivolous Claims

• RPC 8.4(d) – Conduct Prejudicial to the Administration of Justice

• RCW 7.40.080 (TRO Bond Requirement)

D. November 2023 – September 2024 – Merritt's Suppression of Exculpatory Evidence

By September 2024, Merritt had:

• Received Defendants' 500-page discovery response, exposing 50+ contradictions in Plaintiffs' sworn statements.

• Had access to police reports, wire confirmations, and notarized forms proving Plaintiffs' claims were false.

Violations:

• RPC 3.3 – Candor to the Court

• RPC 3.4 – Fairness to Opposing Party (Suppression of Exculpatory Evidence)

E. February – March 2024 – Merritt's Role in Wrongful Incarceration

• February 2, 2024: Merritt demanded the court hold Eric Young in contempt, despite the illegal TRO.

• February 23 – March 13, 2024: Eric Young was jailed for 20 days based on fraudulent allegations.

Violations:

• RPC 3.1 – Frivolous Motions (Contempt Motion Based on Fraud)

• RPC 8.4(d) – Conduct Prejudicial to Justice

• Civil Liability: False Imprisonment (RCW 9A.40.040 – Unlawful Imprisonment)


IV. Supporting Case Law

1. In re Disciplinary Proceeding Against McGrath, 174 Wn.2d 813 (2012): Disbarment for suborning perjury.

2. Hazel-Atlas Co. v. Hartford Co., 322 U.S. 238 (1944): Fraud upon the court warrants dismissal and sanctions.

3. Biggs v. Vail, 119 Wn.2d 129 (1992): CR 11 sanctions warranted when attorneys file claims without a factual basis.

4. Jones v. Jones, 187 Wn. App. 80 (2015): Courts have the authority to sanction attorneys who willfully mislead the court.


V. Request for Disciplinary Action

Merritt's conduct has damaged the reputation of the legal profession, violated due process, and led to unlawful court orders and incarceration. Given the severity of these violations, we request WSBA:

1. Initiate formal disciplinary investigation by WSBA

2. Impose disciplinary sanctions, including disbarment or suspension for egregious ethical breaches

3. Initiate an investigation into potential criminal violations, including perjury and fraud.

4. Refer this matter for additional review under RCW 9A.72.020 (Perjury in the First Degree).

5. Referral for criminal investigation under RCW 9A.40.040 (Unlawful Imprisonment).

6. Civil liability review for tortious interference, defamation, and malicious prosecution.


Merritt had multiple opportunities to correct the record and chose to commit fraud instead. His actions are indefensible.


VI. Conclusion

Attorney Michael Merritt's actions represent a profound abuse of the legal system. His conduct constitutes fraud on the court, subornation of perjury, deliberate obstruction of justice, flagrant disregard for the truth, and gross misuse and abuse of judicial process.

We respectfully urge the WSBA to take immediate action to protect the integrity of the legal profession.


** The attached files stem from the civil case identified in this form;

These are relevant as they contain descriptions of the violations and the fraudulent nature of the case, and communicate the failure of Mensik and Plaintiffs to drum up ANY evidence supporting their claims even after 16 months of harassment of Defendants and their minor child.

These violations have been so offensive and so damaging to Defendants' current employment and future employment prospects - including unlawful incarceration as noted - that Defendants are forced to deliver a criminal brief to law enforcement, and prosecute civil violations as well, just to recover from reputational and financial impacts of Merritt's fraud on the court.

We are frankly appalled that someone would go to all the trouble to get through law school and pass the bar exam, only to act so stupidly by ignoring refuting evidence presented from the very start of this case. There has, in fact, never been

any basis for Plaintiffs' claims, and that was revealed 16 months ago, and dozens of times again after that with evidence. These people have stolen 16 months of our lives and damaged the very basis of judicial process. There will be consequences.

## ATTACHED FILES

DFND-Motion for Sanctions-Merritt-Fraud on the Court-2025-02-14.pdf

DFND-NOTICE CLARIFY MOTIONS FOR ATTNY SANCTIONS.pdf

DFND-Emergency Motion to Admit Evidence-Amend-2025-02-11.PDF

DFND-Motion-Strike-Claims-Judgment of Law cr 50-final.pdf

DFND-WSBA-Merritt-SubornPerjury-Fraud on the Court.pdf

## AFFIRMATION

I affirm that the information I am providing is true and accurate to the best of my knowledge. I have read *Lawyer Discipline in Washington* and I understand that all information that I submit can be disclosed to the lawyer I am complaining about and others.



1325 4th Avenue | Suite 600 | Seattle, WA 98101-2539
206-727-8207 | caa@wsba.org | www.wsba.org

---

**95.59 KB**    2 embedded images

| wsba_footer.png 57.15 KB | | wsba_header.png 38.44 KB |

1

2

3

4                   SUPERIOR COURT OF WASHINGTON

5                   IN AND FOR SPOKANE COUNTY

6

7   LINDA COLE AND TED COLE              No. 23-2-04734-32
    Plaintiffs

8

9   V.                                   DEFENDANTS' MOTION FOR LEAVE TO
                                         SUPPLEMENT THE RECORD BEFORE
10  ERIC YOUNG AND SUSAN YOUNG,                    JUDGMENT
    Defendants

11

12              **I.   RELIEF REQUESTED**

13

14  COMES NOW Defendants Eric Young and Susan Young, pro se, and pursuant to Washington

15  Civil Rule (CR) 15(c) and the Court's inherent authority, moves the Court for an order

16  allowing Defendants to supplement the record with newly reviewed documentary evidence

17  obtained from Plaintiffs' own subpoenaed lender documents. These documents, previously

18  withheld from consideration by Plaintiffs' selective disclosure, provide further supportive

19  evidence of Defendants' honest financial disclosures and add to the already-long list of

20  evidence refuting Plaintiffs' false claims of fraudulent acts by Defendants.  This motion also

21

DEFENDANTS' MOTION FOR LEAVE TO                    ERIC AND SUSAN YOUNG
22  SUPPLEMENT THE RECORD BEFORE JUDGMENT      12402 N Division St #167, Spokane, WA 99218
    PAGE **1** OF **21**                               PHONE (936-463-8411)
                                                   eyoung-encrypt@pm.me
23                                                 jaegersmum@gmail.com
                                                   Pro Se Defendants

25-80037-FPC    Doc 17-9    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 94 of 100

includes the receipt obtained by Defendants from the Postal Annex as discussed during trial

and in conversation during Notary Matthew Anderson's testimony. Plaintiffs once again

chose to suppress evidence unfavorable to their knowingly false allegations and we therefore

present this document for completeness of the record, along with Plaintiffs' Chase bank

statement showing the transaction associated with that receipt.


## II. FACTS


### A. Defendants Mortgage Loan Application with Guaranteed Rate

1. Defendants applied for a mortgage loan with Guaranteed Rate on or about October 16, 2023

2. Plaintiffs' claims rest on the false assertion that Defendants concealed or misrepresented financial information regarding wire transfers, and spurious and unsupported claims that they were supposed to be 'on the mortgage'

ERIC AND SUSAN YOUNG
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com
Pro Se Defendants

3. Plaintiffs subpoenaed from Guaranteed Rate (Lender) the entire corpus of documents constituting Lender's internal record of Defendants' loan application (some 800 pages). This corpus in its entirety, and by specific examples, confirms that:

   o Defendants accurately disclosed the ~$242,000 gift amount in the mortgage application.

   o Defendants accurately disclosed the $119,000 wire transfer amount in the mortgage application.

**Specific Examples**

- **Exhibit A - COLE_000207:**

  When a mortgage underwriter specifically questioned the purpose and origin of the $119,698.04 deposit, Defendants truthfully responded, "***It's a separate funds transfer, unrelated to the home purchase activity. These are my 80+ year-old in-laws. I'm running a project to complete remodeling of their old house in Oregon.***"

  *– Exhibit A – Pg. 19*

- **Exhibit A - COLE_000603:**

  Demonstrates 'private' notes internal to the lender, as part of their underwriting process. These notes confirm Defendants' good faith actions in submitting the gifted

ERIC AND SUSAN YOUNG
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com
Pro Se Defendants

funds to the lending application in harmony with the family plan, and as generally

reviewed and acknowledged by Linda Cole in the audio/video recordings presented

during trial (Oct20 and Oct21,2023 recordings).  This also establishes Defendants'

reliance on the promise, and demonstrates Defendants actions upon receiving the gift

and acting upon that gift by:

- o committing to the lending process

- o signing purchase agreement

- o paying earnest money / inspection and appraisal fees

- o hiring contractors

    and so on… which fully satisfy the five elements of Promissory Estoppel,

    which thereby bars Plaintiff from unjust enrichment by fraudulent attempts to

    claw back funds which were properly gifted, notarized, and transferred at the

    direction of and authorized by Linda Cole, and thereafter accepted and used

    according to the family plan.

*1 - Excerpt - Underwriter's Notes - Defendants' Rate.com Loan Application – Transparent Use of Gifted Funds - See Exhibit A – pg. 16 ('COLE_000603')*



**COLE_000603**

ERIC AND SUSAN YOUNG
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com
Pro Se Defendants

4. This evidence predates Plaintiffs' lawsuit and demonstrates that Defendants acted with full transparency, honesty, and in performance of the family plan

5. Despite possessing these documents, **Plaintiffs' counsel once again suppressed inconvenient truths in evidence – just like they did when they suppressed the Baker City Police Department Incident Report**.

6. Plaintiffs carry the burden of proof to support their claims. By failing to subpoena records custodians or other parties from the mortgage lenders and the credit union, Plaintiffs have repeatedly demonstrated they have no leg to stand on, no evidence to support their bogus claims, and have therefore deliberately withheld from the Court evidence at the same time favorable to Defendants and deleterious to Plaintiffs' claims. Instead, Plaintiffs' simply switched to specious and misleading arguments which the Court easily consumed, resulting in prejudicial rulings and repeated injuries to Defendants.

7. Defendants recently reviewed these materials in full and seek to supplement the record before judgment is issued to prevent an erroneous ruling based on an incomplete factual record.

ERIC AND SUSAN YOUNG
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com
Pro Se Defendants

**B. Postal Annex Notary and Photocopies Transaction**

1. Old West Federal Credit Union ("OWFCU") was Linda's bank from which she arranged for funds to be wired, and that event is addressed in trial testimony.

2. Trial testimony of Matthew Anderson – Notary Public at Postal Annex – also confirmed that Linda voluntarily, and under no 'rush' or other duress, completed an additional step requested by Dawn Bruce, Bank Manager – La Grande, Oregon branch of OWFCU – having notarized two additional Indemnification and Hold Harmless documents (evidently a kind of 'umbrella' indemnification to make the bank more comfortable with the remotely-authorized wire transfers, since Linda authorized those by telephone from Spokane).

ERIC AND SUSAN YOUNG
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com
Pro Se Defendants

3. Plaintiff asserts in her sworn "Declaration of Linda Cole" two (2) false statements among many: "*At the postal annex, **Eric presented only two separate sheets of paper with my signature line on each**. The **first page of the wire transfer form, with the amount of the transfer and the identification of accounts, was not included for either me or the notary to review**.*"

*2 - Postal Annex Receipt - Notary Fee and Two Full Sets of Copies of Two Wire Packages (16 Pages Total) - See Exhibit A – pg.14-15 ('COLE_001278')*



**COLE_001278**

4. As the Postal Annex receipt clearly displays, Linda herself acquired and paid for 16 pages of copies, which Plaintiffs studiously avoided explaining during trial, though Defendants called it out for the record.

5. This constitutes yet another example of the self-contradicting morass of perjured testimony Linda has foisted upon this court for over a year.

DEFENDANTS' MOTION FOR LEAVE TO
SUPPLEMENT THE RECORD BEFORE JUDGMENT
PAGE 7 OF 21

ERIC AND SUSAN YOUNG
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com
Pro Se Defendants