## III. STATEMENT OF ISSUES

The following issues are presented for resolution by the Court:

1. Whether Defendants should be permitted to supplement the record with material evidence that directly refutes Plaintiffs' claims and was previously available but **selectively withheld** from Court consideration by Plaintiffs.

   **ANSWER: YES**

2. Whether the supplemental evidence demonstrates that Defendants' representations regarding the mortgage application and funds transfers were honest and consistent with a bona fide family arrangement.

   **ANSWER: YES**

3. Whether the Court should consider this evidence when evaluating Defendants' pending motions for sanctions and for judgment as a matter of law. .

   **ANSWER: YES**

4. Whether failure to allow supplementation would result in a fundamentally flawed judgment based on an incomplete evidentiary record.

   **ANSWER: YES**

ERIC AND SUSAN YOUNG
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com
Pro Se Defendants

# IV. AUTHORITY

1. Washington Civil Rule 15(c) – Relation Back Doctrine
   - o Allows supplementation when additional evidence arises from the same transaction or occurrence underlying the original pleadings.

2. Cheatwood v. Cheatwood, 61 Wn.2d 283 (1963)
   - o Courts must correct records when material misrepresentations affect judicial determinations.

3. ER 201 – Judicial Notice of Undisputed Facts
   - o A court may take judicial notice of material facts not subject to reasonable dispute.

4. CR 60(b) – Relief from Judgment for Fraud or Misrepresentation
   - o Courts have the inherent power to prevent judgments based on misleading or omitted evidence.

ERIC AND SUSAN YOUNG
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com
Pro Se Defendants

## V. CONCLUSION

Failure to allow Defendants to supplement the record would result in a judicial determination based on an incomplete and misleading evidentiary record. Plaintiffs' aggressively subpoenaed documents from Defendants' mortgage lender hoping to find some 'smoking gun' that would support Plaintiffs narrative.

They failed to find such evidence, in fact, the evidence provided by the lender – just like the responses Plaintiffs received from their Credit Union – did not and will never support the fiction concocted by Plaintiffs.

Plaintiffs have continuously sought the destruction of Defendants at all costs, through illegal means, and by prejudicial rulings of a court manipulated by Plaintiffs fraud, and so again they have conspicuously ignored what their subpoena results clearly demonstrated: That Defendants' have always acted in honesty and transparency in all activities as they worked to accomplish the family plan of 2023.

Plaintiffs case is undermined at every turning – as it should be – by the truth, which they have repeatedly attempted to hide from the court.

Defendants respectfully request that the Court grant this Motion for Leave to Supplement the Record Before Judgment and accept the newly submitted exhibits as part of the case record.

ERIC AND SUSAN YOUNG
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com
Pro Se Defendants

1    DATED this 26th day of February, 2025, at Spokane, WA.

2

3    Respectfully submitted,

4

5    /s/    *Eric R. Young and Susan L. Young*

6    ERIC AND SUSAN YOUNG

     12402 N Division St #167

7    Spokane, WA 99218

     PHONE (936-463-8411)

8    EMAIL eyoung-encrypt@pm.me

     jaegersmum@gmail.com

9

     Pro Se Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22   DEFENDANTS' MOTION FOR LEAVE TO
     SUPPLEMENT THE RECORD BEFORE JUDGMENT
     PAGE **11** OF **21**

                                                    ERIC AND SUSAN YOUNG
                                    12402 N Division St #167, Spokane, WA 99218
                                                        PHONE (936-463-8411)
                                                        eyoung-encrypt@pm.me
23                                                      jaegersmum@gmail.com
                                                          Pro Se Defendants

## VI.   CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

Matt Mensik                          [  ] U.S. Mail
Riverside NW Law Group       [  ] Hand Delivery
905 W. Riverside Ave, Suite      [  ] Facsimile
208                                [X] E-Mail
Spokane, WA 99201           [  ] Legal Messenger
mam@rnwlg.com

DATED this 26th day of February, 2025, at Spokane, WA.

*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

Pro Se Defendants

DEFENDANTS' MOTION FOR LEAVE TO
SUPPLEMENT THE RECORD BEFORE JUDGMENT
PAGE **12** OF **21**

ERIC AND SUSAN YOUNG
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com
Pro Se Defendants

# EXHIBIT A:

Postal Annex Receipt and Matched Entry

On Chase Bank Statement

COLE_000207

Guaranteed Rate Lending Package

Underwriter's Auxiliary Question

ERIC AND SUSAN YOUNG
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com
Pro Se Defendants

```
        Postal Annex+
  Town & Country Shopping Center
      816 West Francis Avenue
        Spokane, WA 99205
         (509)328-3354


Notary        2 @ 10.00        20.00
High Speed Co  16 @ 0.15        2.40 TX

      SUBTOTAL                 22.40
      TAX
      Standard Sta on 2.40      0.22
      TOTAL                    22.62
TEND Visa                      22.62

Total shipments: 0
Customer: None selected
Matt                    10/14/2023
#462205                  11:36 AM
Workstation: 32 - Auxiliary Workstation
CCTran# 2d520e13-5c13-4c30-a997-885defaf15b5


Signature_____


We Reserve the Right to OPEN and INSPECT all Pac
kages. Gift cards and checks are not insurable.
      No refunds for stamps and postage.
      We would LOVE a positive review on
         Google, Facebook or Yelp!
```

ERIC AND SUSAN YOUNG
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com
Pro Se Defendants

September 19, 2023 through October 17, 2023
Account Number: ▮▮▮▮▮▮

## TRANSACTION DETAIL (continued)

| DATE | DESCRIPTION | | | AMOUNT | BALANCE |
|---|---|---|---|---|---|
| 09/29 | Spectrum    Spectrum    PPD ID: 0000358635 | | | -49.99 | 65,965.60 |
| 10/02 | Pg&E Retirement  Pension CR    PPD ID: 6946222282 | | | 222.52 | 66,188.32 |
| 10/02 | Sutter    Benefit    PPD ID: 6360213097 | | | 208.38 | 66,396.70 |
| 10/02 | Card Purchase    09/28 Taco Bell 038952 Spokane WA Card 4471 | | | -44.22 | 66,352.48 |
| 10/02 | Card Purchase    10/01 Carls Jr 514 Ritzville WA Card 4471 | | | -34.64 | 66,317.84 |
| 10/02 | Card Purchase    10/01 El Erraderobaker Ci Baker City OR Card 4471 | | | -54.40 | 66,263.44 |
| 10/03 | Recurring Card Purchase 10/02 Donate.Jw.Org-Ccjw 845-7446000 NY Card 4471 | | | -100.00 | 66,163.44 |
| 10/03 | Card Purchase    10/02 Sq *Ajs Corner Brick Ba Baker City OR Card 4471 | | | -82.07 | 66,081.37 |
| 10/03 | Card Purchase    10/02 Safeway #4381 Baker City OR Card 4471 | | | -24.17 | 66,057.20 |
| 10/04 | Recurring Card Purchase 10/03 Zdr* Reliashield Idthe 888-2011944 TN Card 4471 | | | -19.79 | 66,037.41 |
| 10/04 | Recurring Card Purchase 10/03 Zdr* Reliashield Idthe 888-2011944 TN Card 4471 | | | -19.79 | 66,017.62 |
| 10/05 | Card Purchase    10/05 Optumrx 800-562-6223 CA Card 4471 | | | -1.50 | 66,016.12 |
| 10/05 | Recurring Card Purchase 10/03 Anchor Bake City 541-5231688 OR Card 4471 | | | -125.00 | 65,891.12 |
| 10/05 | Card Purchase    10/05 Subway 10531 Baker City OR Card 4471 | | | -21.48 | 65,869.64 |
| 10/05 | Unitedhealthcare Premium    PPD ID: 1836282001 | | | -620.72 | 65,248.92 |
| 10/05 | Unitedhcmedicare Medinspymt 000001195115590 Tel ID: 9000447048 | | | -117.40 | 65,131.52 |
| 10/05 | Unitedhcmedicare Medinspymt 000001196298340 Tel ID: 9000447048 | | | -110.20 | 65,021.32 |
| 10/06 | Recurring Card Purchase 10/05 Apple.Com/Bill 866-712-7753 CA Card 4471 | | | -9.99 | 65,011.33 |
| 10/06 | Card Purchase With Pin  10/05 Pilot #0390 Stanfield OR Card 4471 | | | -5.00 | 65,006.33 |
| 10/06 | Card Purchase    10/05 Black Distributing Inc Baker City OR Card 4471 | | | -23.70 | 64,982.63 |
| 10/06 | Card Purchase    10/05 Mcdonald's F26924 Stanfield OR Card 4471 | | | -26.97 | 64,955.66 |
| 10/10 | Card Purchase    10/06 Safeway #0206 Spokane WA Card 4471 | | | -22.43 | 64,933.23 |
| 10/10 | Card Purchase    10/06 Sally Beauty #1692 Spokane WA Card 4471 | | | -9.70 | 64,923.53 |
| 10/10 | Card Purchase    10/06 Target    00006361 Spokane WA Card 4471 | | | -49.41 | 64,874.12 |
| 10/10 | Card Purchase    10/06 Mcdonald's F7113 Spokane WA Card 4471 | | | -4.22 | 64,869.90 |
| 10/10 | Card Purchase    10/07 Conoco - Divine Pines Spokane WA Card 4471 | | | -25.14 | 64,844.76 |
| 10/10 | Recurring Card Purchase 10/08 Apple.Com/Bill 866-712-7753 CA Card 4471 | | | -2.99 | 64,841.77 |
| 10/10 | Recurring Card Purchase 10/10 Sxm*Siriusxm.Com/Acct 888-635-5144 NY Card 4471 | | | -37.79 | 64,803.98 |
| 10/11 | SSA Treas 310  Xxsoc Sec    PPD ID: 9031036030 | | | 1,813.00 | 66,416.98 |
| 10/11 | Card Purchase    10/10 David Engen Dds Spokane WA Card 4471 | | | -193.00 | 66,223.98 |
| 10/12 | Oregon Trail Ele Elec. Bill    PPD ID: 2930958642 | | | -137.95 | 66,086.03 |
| 10/13 | Card Purchase    10/12 Safeway #0206 Spokane WA Card 4471 | | | -32.50 | 66,053.53 |
| 10/13 | Card Purchase    10/12 Safeway #0206 Spokane WA Card 4471 | | | -3.29 | 66,050.24 |
| 10/13 | Cascade Natural  Payments    PPD ID: 2910596090 | | | -9.49 | 66,040.75 |
| 10/16 | Card Purchase    10/13 Garland Animal Clinic Spokane WA Card 4471 | | | -169.95 | 65,870.80 |
| 10/16 | Recurring Card Purchase 10/14 Mcw0441-Five Mile 866-2543229 WA Card 4471 | | | -32.69 | 65,838.11 |
| 10/16 | Att    Payment    PPD ID: 9864031004 | | | -114.13 | 65,723.98 |
| 10/16 | Card Purchase    10/14 Postal Annex  Spokane Spokane WA Card 4471 | | | -22.62 | 65,701.36 |
| 10/16 | Card Purchase    10/14 Carls Jr 151 Kennewick WA Card 4471 | | | -33.01 | 65,668.35 |
| 10/16 | Card Purchase With Pin  10/14 The Home Depot 4031 Hermiston OR Card 3491 | | | -227.58 | 65,440.77 |
| 10/16 | Card Purchase With Pin  10/16 Bi-Mart 658 Baker City OR Card 4471 | | | -59.42 | 65,381.35 |
| 10/17 | Card Purchase    10/16 Baker Sanitary Service Baker City OR Card 4471 | | | -20.00 | 65,361.35 |
| 10/17 | Recurring Card Purchase 10/16 Onstar Services 888-4Onstar MI Card 4471 | | | -39.99 | 65,321.36 |

Page 2 of 4

**COLE_001278**

ERIC AND SUSAN YOUNG
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com
Pro Se Defendants

## Transaction Details

| | | | | |
|---|---|---|---|---|
| AUS STATUS | LOAN PROCESSING STAGE | ASSESSMENT EXP DATE | ASSESSMENT TYPE | LPA VERSION |
| Complete | Underwriting | 2024-02-09 | Credit | 5.3.00 |
| LOAN PRODUCT ADVISOR ID | TRANSACTION ID | AUS TRANSACTION NUMBER | DATE/TIME REQUESTED | DATE/TIME ASSESSED |
| 89662031 | 2128232257 | 25873129 | 2023-10-26T18:08:46Z | 2023-10-26T18:08:49Z |
| SELLER NUMBER | BROKER NUMBER | CORRESPONDENT NUMBER | MSP NUMBER | |
| 147357 | N/A | N/A | N/A | |
| ORIGINATING COMPANY | | SUBMITTING COMPANY | | |
| Guaranteed Rate Inc | | Guaranteed Rate Inc | | |

## Message Summary  40

| PURCHASE RESTRICTION MESSAGES | DATA QUALITY AND SYSTEM MESSAGES | AFFORDABLE LENDING AND ACCESS TO CREDIT MESSAGES | EMPLOYMENT AND INCOME MESSAGES | ASSETS AND RESERVES MESSAGES | CREDIT AND LIABILITIES MESSAGES | PROPERTY AND APPRAISAL MESSAGES | GENERAL MESSAGES | MORTGAGE INSURANCE MESSAGES |
|---|---|---|---|---|---|---|---|---|
| 0 | 0 | 0 | 7 | 8 | 10 | 7 | 8 | 0 |
| RESULTS | RESULTS | RESULTS | RESULTS | RESULTS | RESULTS | RESULTS | RESULTS | RESULTS |

## Employment And Income Messages

| CODE | MESSAGE |
|---|---|
| FEI0029 | The loan is not eligible for income representation and warranty relief. |
| FEI0019 | FHA/VA loans are not eligible for income assessment. |
| FEI0107 | If applicable, provide an explanation for employment gaps greater than 180 days. |
| FEI0109 | Employed: For all borrower(s) obtain one or a combination: most recent paystubs covering a minimum of 30 consecutive days showing YTD earnings, and written Verification of Employment (VOE) to confirm current employment covering most recent 2 years, or direct electronic verification by a TPV vendor with the completed verification conforms with requirements in the FHA Handbook 4000.1, Section II, to confirm current employment covering most recent 2 years for ERIC YOUNG. |
| FEI0116 | W-2(s) are not required if current employer confirms 2 year history, only base pay is used to qualify and borrower signs IRS Form 8821/4506. |
| FEI0108 | W2s: If borrower not employed with same employer for previous 2 years, and/or not all conditions in FHA handbook can be met, then Mortgagee must obtain one or a combination of: most recent 2 years W-2(s), or a written Verification of Employment (VOE) covering 2 years,or direct verification by Third Party Verfication (TPV) vendor covering 2 years with the completed verification conforms with FHA requirements in the HUD Handbook for ERIC YOUNG. |
| FEI0111 | Commission Income: If borrower receives commission income greater than 25% of annual income, obtain most recent 2 years Federal tax returns. Commission must be averaged over 2 years; commission received > 1 year but < 2 years can be considered if borrower can document likelihood income will continue, and Lender soundly evaluate accepting the commission income.  Refer to the FHA Handbook 4000.1, Section II, for income documentation requirements for both Traditional and Alternative. |

## Assets And Reserves Messages

| CODE | MESSAGE |
|---|---|
| FAR0050 | The loan is not eligible for asset representation and warranty relief. |
| FAR0105 | Verify all reserves submitted in the amount of $42,026.60. |
| FAR0102 | Depository Accounts: Obtain Verification of Deposit (VOD) or most recent 2 months bank statement(s) showing that average balance sufficient to cover amount of earnest money deposit at the time of deposit; or direct verification by Third Party Verification (TPV) vendor with completed verification conforms with the FHA requirements in the FHA Handbook 4000.1, Section II, to verify sufficient funds required to close. |
| FAR0036 | This loan was submitted with $195,264.99 in depository accounts (checking, savings and/or money market). |
| FAR0052 | This loan was submitted with $12,787.29 in closing costs paid by the borrower. |
| FAR0095 | Gift Funds Deposited: If gift funds have been deposited into the borrower's account at time of initial submission to Loan Product Advisor, document donor's name, address, phone #, relationship to borrower, subject property address and dollar amount of gift, $242,314.62, in a gift letter signed by donor for each gift received. |
| FAR0096 | Gift Funds Not Deposited: If gift funds have not been deposited into borrower's account at time of initial submission, document transfer of gift funds per FHA requirements. |
| FAR0037 | This loan was submitted with $242,314.62 in gift funds. |

**COLE_000603**

DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT
THE RECORD BEFORE JUDGMENT
PAGE 16 OF 21

ERIC AND SUSAN YOUNG
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com
Pro Se Defendants

**guaranteedRate** COMPANIES

# UNDERWRITING SUBMISSION COVER LETTER

Date: 10/19/23    GR Company and Loan #:  Consumer Direct/234787431

POD members: Trish Luna deAlva, Jennifer Decker, Patrick Petranek

POD Contact Information:

Borrower name: Young    Investor Name: GinnieMae

**Please address the following areas and any other pertinent and unique borrower or loan details:**

Brief outline of the loan – W2 or self-employed income, investor, program, etc.

FHA
Purchase
Primary residence
SFR
W2

Assets – address any large deposits, gifts

Gift - in process
Liquid funds - no large deposits, just transfers between accounts

**COLE_000633**

ERIC AND SUSAN YOUNG
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com
Pro Se Defendants

# FHA Loan Underwriting and Transmittal Summary

See page 2 for Public Burden and Sensitive Information statements

## U.S. Department of Housing and Urban Development

Office of Housing Federal Housing Commissioner

OBM Approval No. 2502–0059 (expires 12/31/2023)

## Borrower and Property Information FHA Case No. 562-3187196-703    SOA 203B

| | | SSN |
|---|---|---|
| Borrower Name **Eric Young** | | ▉▉7986 |
| Co-Borrower Name | | SSN |
| Property Address **1004 E GOLDEN CT, SPOKANE, WA 99208** | | |

| Property Type (Check only 1) | Additional Property Information | Property Rights | Construction |
|---|---|---|---|
| ☒ 1 unit  ☐ 2 units  ☐ 3 - 4 units | Sales Price $ **618,000.00** | ☒ Fee Simple | ☒ Existing |
| ☐ Condominium  ☐ Co-op | Appraised Value $ **618,000.00** | ☐ Leasehold | ☐ Proposed |
| ☐ Manufactured Housing | | | ☐ New (less than 1 year) |

## Mortgage Information

| Amortization Type (Check only 1) | Loan Purpose (Check all that apply) | Secondary Financing |
|---|---|---|
| ☒ Fixed-Rate-Monthly Payments | ☒ Purchase | Source/EIN |
| ☐ ARM 1 ☐ 3 ☐ 5 ☐ 7 ☐ or 10 ☐ yr | ☐ No Cash-Out Refinance | ☐ Gov't  ☐ NP  ☐ Family |
| ARM Index _____ | ☐ Cash-Out Refinance | ☐ Other _____ |
| ARM Margin _____ | ☐ Simple Refinance | Amount of Secondary Financing |
| ☐ Int. Rate Buydown | ☐ Streamline Refinance | $ _____ |

### Loan Information

| | | | Gifts Seller Funded DAP ☐ Y/N |
|---|---|---|---|
| Mortgage w/o UFMIP | $ | **472,030.00** | 1.) Source/EIN _____ |
| Total UFMIP | $ | **8,260.00** | ☐ Gov't  ☐ NP  ☒ Family |
| Mortgage w/ UFMIP | $ | **480,290.00** | ☐ Other _____ |
| Interest Rate | | **7.750** % | Amount of Gift $ **242,314.62** |
| Qualifying Rate | | **7.750** % | 2.) Source/EIN _____ |
| (1 Yr. ARM) | | | ☐ Gov't  ☐ NP  ☐ Family |
| Loan Term (in months) | | **360** | ☐ Other _____ |
| | | | Amount of Gift $ _____ |

Loan Purpose additional: ☐ Construction-to-Permanent  ☐ Energy Efficient Mortgage  ☐ Building On Own Land  ☐ HUD REO  ☐ 203(k)  ☐ Standard  ☐ Limited  ☐ Other

## Underwriting Information

| Monthly Income | Borrower | Co-Borrower | Total |
|---|---|---|---|
| Base Income | $ **14,166.00** | $ | $ **14,166.00** |
| Other Income | $ | $ | $ |
| Net Rental Income | $ | $ | $ |
| Total Income | $ **14,166.00** | $ | $ **14,166.00** |

| Debts & Obligations | Monthly | Unpaid Balance |
|---|---|---|
| Total Installment debt | **$2,366.84** | **$150,029.00** |
| Child Support | | |
| Negative Rental Cash Flow | | |
| All other monthly payments | | |
| Total Fixed Payment | **$6,613.43** | |

| Borrower Funds to Close | | |
|---|---|---|
| Required | $ | **153,250.56** |
| Verified Assets | $ | **245,667.08** |
| Closing Costs | $ | **12,795.15** |
| Source of Funds | FHAGiftSourceRelative | |
| No. of Months in Reserves | | **22** |
| Seller Contribution | | **0.000** % |

| Proposed Monthly Payments | |
|---|---|
| Borrowers Primary Residence | |
| First Mortgage P&I | $ **3,440.86** |
| Monthly MIP | $ **195.90** |
| HOA Fees | $ |
| Lease/Ground Rent | $ |
| Second Mortgage P&I | $ |
| Hazard Insurance | $ **133.33** |
| Taxes & Special Assessments | $ **476.50** |
| Total Mortgage Payment | $ **4,246.59** |

| Qualifying Ratios | |
|---|---|
| LTV | **76.380** % |
| CLTV (if 2nd permitted) | **76.380** % |
| Mortgage Payment-to-income | **29.977** % |
| Total Fixed Payment-to-Income | **46.685** % |

| | Borrower | Co-Borrower(s) |
|---|---|---|
| CAIVRS# | **A291400254** | |
| LDP/SAM | ☐ yes ☒ no | ☐ yes ☒ no |

### Underwriter Comments

See attached addendum for additional Underwriter Comments

| Underwriter's signature & date (if required) | CHUMS ID# |
|---|---|
| X | **ZFHA** |

**Risk Assessment**    Scored by TOTAL? ☒ yes  ☐ no    Risk Class ☒ A/A or ☐ Refer

CHUMS ID # for Reviewer of appraisal _____

(Required for loans scored by TOTAL with risk class A/A or loans where the appraisal and credit reviews are performed by different underwriters.)

**COLE_000636**

DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT
THE RECORD BEFORE JUDGMENT
PAGE **18** OF **21**

ERIC AND SUSAN YOUNG
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com
Pro Se Defendants

DocuSign Envelope ID: AB682FB2-562E-4078-BA4F-B6FA70ADB026

Young 234787431

1. Please briefly explain and provide the source of the $119,698.04 deposit to Bank of America #2131 on 10/16.

It's a separate funds transfer, unrelated to the home purchase activity.

These are my 80+ year-old in-laws. I'm running a project to complete remodeling of their old house in Oregon.

X _____ Date: 10-26-2023

**COLE_000207**

DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT
THE RECORD BEFORE JUDGMENT
PAGE **19** OF **21**

ERIC AND SUSAN YOUNG
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com
Pro Se Defendants



**GUARANTEED RATE, INC**

| Suspense Notice | | |
|---|---|---|

| Borrower | Underwriting | |
|---|---|---|
| Borrower: Young, Eric | Underwriter: Bertha Arias | Suspended: 11/08/2023 |
| Credit Scores: ▮▮▮▮▮ | Underwriting Assistant: | Loan Officer: Patricia Luna-deAlva |
| Co-Borr: | Regional UW Manager: Jenny Hardie | Mortgage Consultant: Jennifer Decker |
| Credit Scores: , , | | Loan Coordinator: Patrick Petranek |

| Subject Property | Lock | |
|---|---|---|
| Property: 1004 E GOLDEN CT | Note Rate: 7.750 | Qual Rate: 7.750 |
| SPOKANE, WA, 99208 | Expires: 11/20/2023 | |
| Property type: Detached  Units: 1 | Project Type: | |

| Loan Information | | Investor: Ginnie Mae | |
|---|---|---|---|
| Loan# 234787431 | Asset Expiration Date: 1/24/2024 | Loan Program: Ginnie Mae FHA 30 Year Fixed GNMA II | |
| Purpose: Purchase | Appraisal Expiration Date: 4/21/2024 | Loan Type: FHA | Condo Lender: |
| Loan Amount: $478,255.00 | Credit Expiration Date: 2/9/2024 | Occupancy: PrimaryResidence | Condo Occupancy: |
| Sales Price: $616,000.00 | Income Expiration Date: 2/9/2024 | LTV / CTV: 76.304% / 76.304% | Condo Expiration Date: // |
| Appraised Value: $833000.00 | P&L Expiration Date: N/A | DTI: 30.312% / 49.236% | AUS: Accept |
| | Self Employed Exp Date: N/A | PITI: $4,294.00 | PITIA: $4,294.00 |
| | Soft Pull Exp: N/A | | |

| Suspense | |
|---|---|
| **If suspense conditions are met and cleared the following conditions apply** | |

| Conditions | |
|---|---|

| Prior to Approval | Owner |
|---|---|
| 1. File is currently suspended as noted in suspense notice.If this loan is not submitted to Underwriting to clear the Suspense items within 10 days then the MC must:<br>1. Update the Tracking and HMDA screens in Encompass to reflect the loan Denial reasons as follows: ( borrowers to provide sufficient funds to close from an appropriate source, correct URLA  section regarding lawsuit, evidence that lawsuit is fully resolved with no financial impact on borrower)<br>2. Send the Denial Letter to the Applicant<br>3. Upload the Denial Letter to Paperless. | No Owner Specified |
| 2. Loan is suspended for the following reason(s): borrowers to provide sufficient funds to close from an appropriate source, correct URLA section regarding lawsuit, evidence that lawsuit is fully resolved with no financial impact on borrower | No Owner Specified |

| Prior to Docs | Owner |
|---|---|
| 3. Lender to obtain verbal verification of employment for borrower reflecting 24 months history. If current employment is less than 2 years, verbal VOE?s must be obtained from each employer necessary to complete a full 24 month history**** need for Faneuil ****Revised 10/23/23 add SS# to the VVOE | Mortgage Consultant |
| 4. FHA?s large deposit policy is any deposit exceeding 1% of the sale price OR what appears excessive for borrower?s historical savings pattern ? please provide signed explanation and document the following large deposits: $119698.04 wire on 10/16/23 into BOFA #- 2131 | Loan Coordinator |
| 5. FHA Real Estate Certification signed by all parties (sellers, buyers, and realtors). | Loan Coordinator |
| 6. CTC: Provide evidence of homeowners insurance: Provide evidence of homeowners insurance: Provide full dec page with correct mortgagee and insurance company rating and replacement cost estimator if necessary | Loan Coordinator |
| 7. FHA Amendatory Clause signed and dated by all parties (sellers and buyers) | Loan Coordinator |
| 8. Evidence receipt of gift funds by providing the following: 1) Executed Gift Letter 2) Copy of cancelled check or cashiers check, if funds were not wired (cash gift is not acceptable) 3) Borrower's asset online activity history printout (with account identifiers) from the date of the last bank statement provided through the date the funds were deposited. 4) Donor's bank statement or online activity history evidencing transfer of gift funds to the borrower. Please note, any non-direct payroll deposits need to be documented with signed letter of explaining the source of the deposits and copies of any checks deposited.*****Revised 10/26/23 Need GRI gift letter, need Donor's bank statement or online activity history evidencing transfer of gift funds to the borrower.  Please note, any non-direct payroll deposits need to be documented with signed letter of explaining the source of the deposits and copies of any checks deposited for $242314.62 gift on 10/16/23 | Loan Coordinator |
| 9. CTC: POD to update File Contacts to reflect the following additional participants to be checked against GSA/LDP and ineligible lists: appraiser and co, title co and title UW co | Loan Coordinator |
| 10. CTC: Lock comparison screen must all reflect 'Match'.****'appraised value | Loan Coordinator |
| 11. CTC: The file may be selected for a Pre-Funding Underwriting Audit.  If selected, this loan will be unable to close until the loan has been reviewed and determined to meet all underwriting and investor requirements. UW will clear condition if loan has not been selected and all PTD Conditions are cleared. | Underwriter |

| Prior to Funding | Owner |
|---|---|

| At Closing | Owner |
|---|---|
| 12. Final AUS findings Submission If<br>Last 4 digits of Credit Ref #- 1411  matches between paperless and AUS.<br>Middle score of  607  matches with lock comparison screen. | Underwriter |

**COLE_000831**

DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT
THE RECORD BEFORE JUDGMENT
PAGE **20** OF **21**

ERIC AND SUSAN YOUNG
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com
Pro Se Defendants

25-80037-FPC    Doc 17-10    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 13 of 100

| | |
|---|---|
| 13. Cash to close not to exceed $153,238.39+ $6000.00 in Earnest Money Deposit. A minimum tax credit of $0.00 must reflect on the final CD. $975.00 in POC has been verified. | Closer |
| 14. IRS Form 4506-C to be signed by all borrowers. | Closer |
| 15. Any disbursement on the seller's side of the CD that are not lien related as documented in the title commitment or for normal closing costs must be documented in writing by the seller and reviewed by the Closer to verify compliance with all regulations and internal policies. Anything noted outside of standard costs may need to be escalated and approved by the Underwriter and could delay closing. Real estate commissions not to exceed standard commission rate in market area or no more than 8% of purchase price. | Closer |
| 16. Homeowners Insurance was approved on < UW Insert Date> for policy with an effective date of <UW Insert Date> Purchase Transactions: Effective Date must be the same as the closing date or up to maximum of 15 days prior to closing. | Closer |
| 17. Maximum seller credit of $<0.00 >??has been approved.? Should seller credit exceed this amount, a fully executed addendum to the contract must be obtained and loan must be resubmitted to Underwriting for a revised decision with updated AUS findings.? Seller contributions and/or lender credits can not to exceed actual closing costs/prepaids. | Closer |
| 18. Title Policy must be dated within 120 days of Note Date | Closer |
| 19. Base Loan Amount $470,030.00 plus FINANCED UFMIP $8,225.00 = Total Financed Loan Amount $ 478,255.00 If the UFMIP is paid in cash, then borrower verified liquid assets, lender and seller credits can be applied. UFMIP must either be ALL paid in cash or ALL be financed. | Closer |
| 20. If a 2nd appraisal was completed on this FHA file, borrower may not be charged for this appraisal. | Closer |
| 21. Document expiration dates must be good thru Loan Disbursement Date for all FHA Loans. | Closer |
| 22. FHA Only-The minimum statutory investment (23.696%) requirement for this loan is $< 145,967.36 >. | Closer |
| 23. PITIA not to exceed <4,231.16 >, unless Lock Comparison- Origination Form & UW Comparison Review reflects Tolerance. | Closer |
| 24. All parties on purchase contract and on loan are required to be on title. | Closer |

**COLE_000832**

DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT
THE RECORD BEFORE JUDGMENT
PAGE **21** OF **21**

ERIC AND SUSAN YOUNG
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com
Pro Se Defendants

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs<br><br>v.<br><br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | No. 23-2-04734-32<br><br>**NOTICE OF BANKRUPTCY FILING AND<br>AUTOMATIC STAY UNDER 11 U.S.C. § 362** |

TO: The Clerk of the Court,

AND TO: All Parties and Counsel of Record

**PLEASE TAKE NOTICE** that on March 25th, 2025, Defendants Eric Young and Susan Young filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of Washington, Case No. 25-00513-13. A true and correct copy of the Acknowledgment of Filing or Docket Report is attached as Exhibit A.

Pursuant to 11 U.S.C. § 362(a), the filing of a Chapter 13 petition operates as an automatic stay of any further proceedings or acts to enforce, collect, or otherwise pursue any claim against Defendants arising before the petition date. The relief sought by Plaintiffs - including

NOTICE OF BANKRUPTCY FILING AND AUTOMATIC
STAY UNDER 11 U.S.C. § 362
PAGE **1** OF **7**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

the unlawful claw-back of funds in violation of controlling precedent, or any asserted property interest - is a prepetition claim subject to the automatic stay. Any further attempt to enforce this Court's erroneous "conversion" finding or to pursue collection efforts against Defendants - whose assets and wages have already been exhausted by Plaintiffs' wrongful claims - would violate the automatic stay, with such conduct subject to sanctions under 11 U.S.C. § 362(k). All proceedings in this case affecting Defendants or their property must remain stayed unless and until the Bankruptcy Court grants relief from the stay.

For grave failures in judicial judgment, misapplication of law, and selective disregard of critical evidence, the underlying judgment entered in this matter on March 11, 2025, is both disputed through post-trial motions (CR 59/52(b)) and subject to the protections invoked through the Bankruptcy Code. Plaintiffs must seek relief from the automatic stay exclusively through the Bankruptcy Court if they intend to pursue any further enforcement actions or claims against Defendants in any forum.

**Scheduled Hearing on April 18, 2025:**

The hearing set for April 18, 2025, may proceed exclusively concerning Defendants' unresolved motions, whether filed before or after March 25th, 2025. These include unresolved motions this Court has repeatedly declined or failed to address prior to entering final judgment - including but not limited to Defendants' CR 50 Motion, CR 59/52(b)

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

Motion, Motions for Sanctions, and related evidentiary motions. Any action by Plaintiffs or the Court at this hearing that attempts to enforce the March 11, 2025, final judgment, or otherwise pursue collection efforts or property claims against Defendants, would constitute a violation of the automatic stay and exposure to sanctions pursuant to 11 U.S.C. § 362(k).

**Defendants' Employment and Financial Status:**

Due to Plaintiffs' prolonged and meritless lawsuit - replete with judicial irregularities and knowingly false claims rising to fraud on the court - Eric Young has lost his employment and currently has no wages or salary. This development underscores the irreparable harm caused by Plaintiffs' frivolous litigation and demonstrates the futility of pursuing monetary claims against Defendants, who no longer possess any financial means to satisfy such judgments. Defendants intend to vigorously assert all available rights and remedies through bankruptcy and appellate processes.

**Concurrent Notice of Appeal:**

Defendants concurrently filed a Notice of Appeal on March 28th, 2025, preserving appellate rights regarding the final judgment entered on March 11, 2025. This Notice of Bankruptcy Filing does not impact or prejudice Defendants' pending appellate proceedings.

NOTICE OF BANKRUPTCY FILING AND AUTOMATIC
STAY UNDER 11 U.S.C. § 362
PAGE **3** OF **7**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

1    WHEREFORE, Defendants hereby give formal notice of their Chapter 13 bankruptcy filing

2    and the resulting automatic stay under 11 U.S.C. § 362(a). This Court must refrain from

3    taking any further action affecting Defendants or their property unless expressly authorized

4    by the Bankruptcy Court upon Plaintiffs' proper application for relief from the automatic

5    stay.

6

7    Respectfully submitted,

8

9    DATED this 28th day of March, 2025, at Spokane, WA.

10

      /s/    *Eric R. Young and Susan L. Young*
11                     ERIC AND SUSAN YOUNG
                            Pro Se Litigants
12                      12402 N Division St #167
                          Spokane, WA 99218
13                       PHONE (936-463-8411)
                    EMAIL eyoung-encrypt@pm.me
14                       jaegersmum@proton.me

15

16

17

18

19

20

21

# CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

Cat Czako                                    [  ] U.S. Mail
Judicial Assistant to the Honorable          [  ] Hand Delivery
Jacquelyn High-Edward                        [  ] Facsimile
Spokane County Superior Court                [X] E-Mail
1116 W Broadway Ave. Courtroom 403            [  ] Legal Messenger
Spokane, WA 99260
CCZAKO@spokanecounty.org


Matt Mensik
Riverside NW Law Group
905 W. Riverside Ave, Suite 208
Spokane, WA 99201
mam@rnwlg.com



DATED this 28th day of March, 2025, at Spokane, WA.



/s/ Eric R. Young and Susan L. Young

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

NOTICE OF BANKRUPTCY FILING AND AUTOMATIC
STAY UNDER 11 U.S.C. § 362
PAGE **5** OF **7**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

# EXHIBIT A

## NOTICE OF BANKRUPTCY CASE FILING

NOTICE OF BANKRUPTCY FILING AND AUTOMATIC
STAY UNDER 11 U.S.C. § 362
PAGE **6** OF **7**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

United States Bankruptcy Court
EASTERN DISTRICT OF WASHINGTON

### Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 13
of the United States Bankruptcy Code, entered on 03/25/2025 at 2:31 PM and filed on
03/25/2025.

**Eric Ross Young**
12402 N Division St #167
Spokane, WA 99218


**Susan Linette Young**
12402 N Division St #167
Spokane, WA 99218


The case was assigned case number 25-00513-13.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions
against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or
not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a
debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to
determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at
our *Internet* home page https://www.waeb.uscourts.gov or at the Clerk's Office, 904 W Riverside Ave, Suite
304, PO Box 2164, Spokane, WA 99201.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Brian M. Sheehan**
**Clerk, UNITED STATES**
**BANKRUPTCY COURT**

NOTICE OF BANKRUPTCY FILING AND AUTOMATIC          ERIC AND SUSAN YOUNG
STAY UNDER 11 U.S.C. § 362                                      Pro Se Litigants
PAGE **7** OF **7**                            12402 N Division St #167, Spokane, WA 99218
                                                       PHONE (936-463-8411)
                                            eyoung-encrypt@pm.me   jaegersmum@proton.me

1

2

3

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs<br><br>v.<br><br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | No. 23-2-04734-32<br><br>NOTICE FOR HEARING ISSUE OF LAW<br>AND HEARING UNRESOLVED MOTIONS |

TO THE CLERK AND TO:  Plaintiffs Linda Cole and Ted Cole

PLEASE TAKE NOTICE that Defendants' previously filed motions as listed in this document, which remain unresolved and were not addressed by this Court prior to its final judgment entered on March 11, 2025, are scheduled to be heard:

    **Hearing Date:**   **April 18, 2025**
    **Time:**          **10:00 AM Pacific Daylight Time**
    **Location:**     **Spokane County Superior Court, 1116 W. Broadway, Dept. 7**
                        **Spokane, WA 99260-0350, Court Room 403**

Motions must be confirmed NO LATER THAN 12:00 NOON, 3 DAYS BEFORE THE HEARING by contacting the judicial assistant for the assigned judge.

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

**THE MOTIONS SET FOR HEARING INCLUDE:**

1. CR 50 Motion for Judgment as a Matter of Law

2. CR 59 Motion for Reconsideration and
   CR 52(b) Motion for Amended or Additional Findings

3. Defendants' Motion for Sanctions against Plaintiffs' Counsel Michael Merritt

4. Defendants' Motion for Sanctions against Plaintiffs' Counsel Matthew Mensik

5. Defendants' Motion to Dissolve Preliminary Injunction (CR 65(b)(4), CR 65(e))

6. Defendants' Emergency Motion for Mistrial and Judicial Disqualification

7. Defendants' Emergency Motion to Admit Excluded Evidence

8. Defendants' Motion for Leave to Supplement Record Before Judgment

9. Defendants' ER 103 Offer of Proof

10. Defendants' Motion to Stay Judgment Pending Rulings on Unresolved Motions

Defendants will present succinct arguments on each motion, emphasizing their procedural importance, the necessity of explicit rulings for appellate preservation, and the severe prejudice caused by the court's repeated failures to address these issues timely.

This hearing is explicitly barred by Defendants' Chapter 13 bankruptcy filing (Case No. 25-00513-13, E.D. Wash.) from including any elements of enforcement, collection actions, or attempts to pursue the final judgment entered on March 11, 2025, as such actions would violate the automatic stay imposed under 11 U.S.C. § 362.

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

**This hearing will address the following matters:**

Many of these motions have been previously filed and served but not addressed by the Court. The undersigned respectfully requests that the Court hear and resolve all outstanding and properly noticed motions at this time.

The hearing is scheduled for April 18th, 2025, at 10:00 AM before assigned Judge Jacquelyn High-Edward, Spokane County Superior Court, 1116 W. Broadway, Dept. 7, Spokane, WA 99260-0350, Court Room 403.

Respectfully submitted,

DATED this 26th day of March, 2025, at Spokane, WA.

/s/ *Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

NOTICE FOR HEARING ISSUE OF LAW AND
HEARING UNRESOLVED MOTIONS
PAGE **3** OF **4**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

# I. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [ ] U.S. Mail |
| Riverside NW Law Group | [ ] Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [ ] Facsimile |
| Spokane, WA 99201 | [X] E-Mail |
| mam@rnwlg.com | [ ] Legal Messenger |

DATED this 26th day of March, 2025, at Spokane, WA.

*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

NOTICE FOR HEARING ISSUE OF LAW AND
HEARING UNRESOLVED MOTIONS
PAGE **4** OF **4**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

FILED
3/31/2025
Timothy W Fitzgerald
Spokane County Clerk

# FORM 1. NOTICE OF APPEAL
## (TRIAL COURT DECISION)
### [RULE 5.3A]

## SUPERIOR COURT OF WASHINGTON IN AND FOR SPOKANE COUNTY

| | |
|---|---|
| LINDA COLE AND TED COLE,<br>Plaintiffs<br><br>V.<br><br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | No. 23-2-04734-32<br><br>NOTICE OF APPEAL<br>FROM SPOKANE COUNTY SUPERIOR<br>COURT TO THE WASHINGTON COURT OF<br>APPEALS, DIVISION III |

TO:          The Clerk of the Spokane County Superior Court
AND TO:      All Parties and Counsel of Record

Eric Young and Susan Young, Defendants, seek review by the Washington Court of Appeals,

Division III, of the Spokane County Superior Court's final decision and judgment entered on

March 11, 2025.  This judgement includes all Findings of Fact, Conclusions of Law, and

related orders adversely affecting Defendants with the fatally flawed entry of a conversion

judgment.

NOTICE OF APPEAL
PAGE **1** OF **4**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

**Date of Entry of Judgment**:  The final Judgment, labeled "Findings of Fact and Conclusions of Law / Final Decision," was entered on March 11, 2025.

**Rulings Appealed:**  Defendants appeal from:

(a) All "conversion" findings and conclusions (Findings 201–209, 214–215, or any related portion),

(b) The denial or ignoring of Defendants' motions under CR 59 and CR 52(b),

(c) The denial or ignoring of all other pending motions left unresolved before final judgment,

(d) Any other orders, rulings, or portions thereof adversely affecting Defendants.

**Court of Appeals:**  This appeal is taken to the Court of Appeals, Division III, in accordance with RAP 4.1.

**Related Post-Trial Motions:**  Defendants have pending CR 59 and CR 52(b) motions, as well as multiple unresolved motions, scheduled for hearing on April 18, 2025. Defendants file this protective Notice of Appeal to preserve appellate rights under RAP 5.2(e).

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

**Service and Filing:** Defendants filed this Notice of Appeal with the Spokane County Superior Court Clerk on or about March 30, 2025. Copies have been served on all parties/counsel by email.

DATED this 30th day of March, 2025, at Spokane, WA.

Respectfully submitted,

 /s/      *Eric R. Young and Susan L. Young*
_____
ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me
_____

NOTICE OF APPEAL
PAGE **3** OF **4**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

# I. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

Cat Czako
Judicial Assistant to the Honorable Jacquelyn High-Edward
Spokane County Superior Court                    [  ] U.S. Mail
1116 W Broadway Ave. Courtroom 403               [  ] Hand Delivery
Spokane, WA 99260                                [  ] Facsimile
CCZAKO@spokanecounty.org                         [X] E-Mail
                                                 [  ] Legal Messenger

Matt Mensik
Riverside NW Law Group
905 W. Riverside Ave, Suite 208
Spokane, WA 99201
mam@rnwlg.com


DATED this 30th day of March, 2025, at Spokane, WA.



*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

NOTICE OF APPEAL
PAGE **4** OF **4**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

FILED
4/30/2025
Timothy W Fitzgerald
Spokane County Clerk

**SUPERIOR COURT OF WASHINGTON**
**IN AND FOR SPOKANE COUNTY**

No. 23-2-04734-32

LINDA COLE AND TED COLE
Plaintiffs

V.

ERIC YOUNG AND SUSAN YOUNG,
Defendants

APPELLANTS' MOTION FOR EXTENSION OF
TIME TO ACCEPT LATE-FILED
DESIGNATION OF CLERK'S PAPERS UNDER
RAP 18.8

## I. INTRODUCTION

Appellants Eric and Susan Young respectfully move this Court, pursuant to RAP 18.8(b), for a brief extension of time to accept their Designation of Clerk's Papers, filed approximately 25 minutes after the deadline on April 30, 2025.

Appellants respectfully request the court accept the designation as timely filed under RAP 18.8, noting unforeseen technical difficulties resulting in this minor delay, no prejudice to any party, and good faith efforts to timely comply.

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

DATED this 30th day of April, 2025, at Spokane, WA.

Respectfully submitted,


/s/    *Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

APPELLANTS' MOTION FOR EXTENSION OF TIME TO
ACCEPT LATE-FILED DESIGNATION OF CLERK'S
PAPERS UNDER RAP 18.8
PAGE **2** OF **3**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

## II. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

Matt Mensik                                         [  ] U.S. Mail
Riverside NW Law Group                              [  ] Hand Delivery
905 W. Riverside Ave, Suite 208                     [  ] Facsimile
Spokane, WA 99201                                   [X] E-Mail
mam@rnwlg.com                                       [  ] Legal Messenger


DATED this 30th day of April, 2025, at Spokane, WA.


*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

APPELLANTS' MOTION FOR EXTENSION OF TIME TO
ACCEPT LATE-FILED DESIGNATION OF CLERK'S
PAPERS UNDER RAP 18.8
PAGE **3** OF **3**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

25-80037-FPC    Doc 17-10    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 32 of 100

**COURT OF APPEALS, DIVISION III**

**STATE OF WASHINGTON**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs<br><br>V.<br><br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | Court of Appeals Case No. [_____]<br><br>Superior Court Case No. [23-2-04734-32]<br><br><br>DESIGNATION OF CLERK'S<br>PAPERS (RAP 9.6) |

## I. INTRODUCTION

Pursuant to RAP 9.6, Appellants Eric Young and Susan Young ("the Youngs"), proceeding pro se, hereby designate the following Superior Court papers and exhibits to be included in the Clerk's Papers for this appeal before the Washington State Court of Appeals, Division III. All references are to filings in the Spokane County Superior Court, Case No. 23-2-04734-32.

DESIGNATION OF CLERK'S PAPERS (RAP 9.6)
PAGE **1** OF **13**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

## II. DOCUMENTS TO BE INCLUDED IN CLERK'S PAPERS

Appellants respectfully request the Spokane County Superior Court Clerk to include copies of the following pleadings, motions, orders, and other papers filed or entered in the Superior Court:

1. ALL ORDERS ISSUED BY THE COURT

    1.1. ORDER GRANTING MOTION PETITION FOR TEMPORARY RESTRAINING ORDER   11/9/2023

    1.2. ORDER OF CONTINUANCE 12/08/2023 @9 AM     11/14/2023

    1.3. ORDER OF CONTINUANCE 12/08/23 9 AM 11/15/2023

    1.4. PROPOSED ORDER FINDINGS     11/30/2023

    1.5. REPLY MM IN SUPPORT OF MT FOR TEMP RESTRAINING ORDER   12/7/2023

    1.6. ORDER RE: CONTINUED HEARING 12/15/2023

    1.7. ORDER RE: CONTINUED HEARING 12/15/2023

    1.8. ORDER DENYING MOTION PETITION TO QUASH     2/2/2024

    1.9. ORDER DENYING MOTION PETITION     2/2/2024

    1.10.   ORDER FOR PRELIMINARY INJUNCTION     2/2/2024

    1.11.   PROPOSED ORDER FINDINGS SHORTEN TIME/$30 NOT PD IN ONBASE   2/12/2024

    1.12.   ORDER SHORTENING TIME     2/14/2024

    1.13.   ORDER SETTING CASE SCHEDULE     2/14/2024

DESIGNATION OF CLERK'S PAPERS (RAP 9.6)
PAGE **2** OF **13**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

1.14. ORDER RE NEXT HEARING 2/20/2024 @ 4:30 RM 403 2/14/2024

1.15. ORDER BRIEFING SCHEDULE    2/14/2024

1.16. ORDER 2/21/24 @ 4:30 PM  2/21/2024

1.17. ORDER 2/23/24 @ 9:00 AM / 403    2/22/2024

1.18. ORDER DENYING MOTION PETITION REQUEST TO SEAL FINANCIAL

DOCUMENTS    2/23/2024

1.19. ORDER        2/23/2024

1.20. ORDER ON REVIEW OF CONTEMPT      2/27/2024

1.21. ORDER ON REVIEW OF CONTEMPT / 03/04/2024 @ 9 AM RM 403

3/1/2024

1.22. ORDER DENYING RECONSIDERATION 3/1/2024

1.23. ORDER OF RELEASE        3/4/2024

1.24. ORDER ON REVIEW OF CONTEMPT      3/6/2024

1.25. ORDER ON REVIEW OF CONTEMPT      3/13/2024

1.26. ORDER OF RELEASE        3/13/2024

1.27. ORDER SEALING DOCUMENT    5/10/2024

1.28. ORDER COURTS LOG OF DOCS  5/10/2024

1.29. ORDER AMENDING CASE SCHEDULE  7/12/2024

1.30. PROPOSED ORDER FINDINGS RE MTL / ONBSE $30 FEE NOT PD

1/6/2025

1.31. ORDER ON MT OF LIMINE        1/9/2025

DESIGNATION OF CLERK'S PAPERS (RAP 9.6)
PAGE **3** OF **13**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

1   1.32. ORDER DENYING DFTDTS OBJECTION TO PLTFS TRIAL WITNESS

2     LIST  1/9/2025

3   1.33. ORDER GRANTING MOTION PETITION TO ADMIT VIDEO EVIDENCE

4     1/9/2025

5   1.34. ORDER GRANTING PLTFS OBJECTION TO DFDTS TRIAL WITNESS

6     LIST  1/9/2025

7   1.35. ORDER GRANTING PLTFS OBJECTION TO DFDTS AMENDED ER 904

8     NOTICE 1/9/2025

9   1.36. STIPULATION AND ORDER FOR RETURN OF EXHIBITS AND OR

10     UNOPEN  1/22/2025

11  2. MOTION TO DISMISS DFDTS - 11/30/2023

12  3. AFFIDAVIT IN SUPPORT OF COUNSEL / RE MT TO DISMISS - 11/30/2023

13  4. AFFIDAVIT IN SUPPORT ERIC YOUNG / RE MT TO DISMISS - 11/30/2023

14  5. NOTE FOR MOTION DOCKET 12/08/23 @9 AM JDG HIGH-EDWARD -

15   11/30/2023

16  6. PLAINTIFFS ER904 NOTICE - 12/13/2024

17  7. EXHIBIT LIST PLTFS - 12/16/2024

18  8. WITNESS LIST PLTFS - 12/16/2024

19  9. DEFENDANTS ER904 NOTICE - 12/16/2024

20  10. MOTION IN LIMINE PLAINTIFFS' - 12/20/2024

21  11. TRIAL MEMORANDUM DEFENDANTS' - 12/20/2024

22 DESIGNATION OF CLERK'S PAPERS (RAP 9.6)     ERIC AND SUSAN YOUNG
  PAGE **4** OF **13**            Pro Se Litigants

23                12402 N Division St #167, Spokane, WA 99218
                  PHONE (936-463-8411)
              eyoung-encrypt@pm.me jaegersmum@proton.me

12. JOINT STATUS REPORT - 12/20/2024

13. JOINT STATUS REPORT - 12/20/2024

14. OBJECTION OPPOSITION TO PLAINTIFF'S ER 904 EXHIBITS - 12/26/2024

15. OBJECTION OPPOSITION TO PLAINTIFF'S LIST OF PROPOSED WITNESSES

   AT TRIAL - 12/26/2024

16. MOTION IN SUPPORT OF SUBPOENA TO COMPEL PLAINTIFF LINDA COLE'S

   IN PERSON ATENDANCE AT TRIAL - 12/26/2024

17. NOTICE CR 43 TO DEFENDANTS - 12/27/2024

18. JOINT STATUS REPORT - 12/30/2024

19. DEFENDANTS ER904 NOTICE AMENDED NOTICE OF INTENT - 12/30/2024

20. OBJECTION OPPOSITION TO DEFENDANTS' AMENDED ER 904

   NOTICE/EXHIBIT LIST - 12/30/2024

21. RESPONSE TO PLAINTIFFS' MOTION IN LIMINE - 1/2/2025

22. OBJECTION OPPOSITION TO DEFENDANTS' MOTION IN SUPPORT OF

   SUBPOENA TO COMPEL PLAINTIFF LINDA COLE'S IN PERSON

   ATTENDANCE AT TRIAL - 1/2/2025

23. TRIAL BRIEF PLAINTIFFS' - 1/2/2025

24. PRETRIAL MANAGEMENT HEARING - 1/3/2025

25. JOINT STATUS REPORT - 1/3/2025

26. TRIAL MINUTES - 1/3/2025

27. DEFENDANTS LIST OF WITNESSES - 1/6/2025

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

28. MOTION IN LIMINE DFDTS - 1/6/2025

29. PROPOSED ORDER FINDINGS RE MTL / ONBSE $30 FEE NOT PD - 1/6/2025

30. AFFIDAVIT IN SUPPORT ERIC & SUSAN YOUNG / AUTHENTICATION OF
    IMAGES & SCREEN SHOTS - 1/7/2025

31. EXHIBIT LIST DFDTS / TRIAL & EXHIBIT 1 - 1/7/2025

32. NOTICE AMENDED / OF INTENT TO OFFER DOCUMENTARY EVIDENCE -
    1/7/2025

33. OBJECTION OPPOSITION PLTFS / TO DFDTS TRIAL WITNESS LIST - 1/8/2025

34. RESPONSE PLTFS / TO DFDTS MT IN LIMINE - 1/8/2025

35. TRIAL BRIEF DFDTS - 1/8/2025

36. NOTICE OF APPEARANCE - 1/9/2025

37. ORDER ON MT OF LIMINE - 1/9/2025

38. ORDER DENYING DFTDTS OBJECTION TO PLTFS TRIAL WITNESS LIST -
    1/9/2025

39. ORDER GRANTING MOTION PETITION TO ADMIT VIDEO EVIDENCE -
    1/9/2025

40. ORDER GRANTING PLTFS OBJECTION TO DFDTS TRIAL WITNESS LIST -
    1/9/2025

41. ORDER GRANTING PLTFS OBJECTION TO DFDTS AMENDED ER 904 NOTICE
    - 1/9/2025

42. TRIAL MINUTES - 1/9/2025

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

1     43. MOTION EMERGENCY / RE SEVERAL - 1/13/2025

2     44. MOTION AMENDED EMERGENCY FOR MISTRIAL & JUDICIAL

3         DISQUALIFICATION - 1/16/2025

4     45. WITNESS RECORD - 1/22/2025

5     46. STIPULATION AND ORDER FOR RETURN OF EXHIBITS AND OR UNOPEN -

6         1/22/2025

7     47. TRIAL MINUTES - 1/22/2025

8     48. ATTACHMENT DFDTS OFFER OF PROOF / ER 103(a)(2) - 2/5/2025

9     49. ATTACHMENT DFDTS FIRST SET OF REQUESTS FOR ADMISSION & RSP

10        THERTO - 2/5/2025

11    50. ATTACHMENT BINDER EXHIBIT D 120 - 2/5/2025

12    51. ATTACHMENT BINDER EXHIBIT D 121 - 2/5/2025

13    52. ATTACHMENT EXHIBIT D 22 - 2/5/2025

14    53. ATTACHMENT RECORDED FAMILY CONVERSATION NO 2 - 2/5/2025

15    54. ATTACHMENT BINDER EXHIBIT D 114 - 2/5/2025

16    55. ATTACHMENT BINDER EXHIBIT D 103 - 2/5/2025

17    56. ATTACHMENT EXHIBIT D 132 - 2/5/2025

18    57. MOTION DFDTS / EMERGENCY / FOR MISTRIAL & JUDICIAL

19        DISQUALIFICATION - 2/5/2025

20    58. MOTION DFDTS / EMERENCY / FOR MISTRIAL & JUDICIAL

21        DISQUALIFICATION - 2/12/2025

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

23

1    59. MOTION EMERGENCY / SEVERAL MT - 2/12/2025

2    60. MOTION DFDTS / TO STRIKE PLTFS CLAIMS AS FRAUDULENT - 2/12/2025

3    61. MOTION DFDTS / FOR SANCTIONS AGAINST PLTFS COUNSEL - 2/12/2025

4    62. MOTION DFDTS / FOR SANCTIONS AGAINST PLTFS COUNSEL - 2/12/2025

5    63. MOTION DFDTS / 1 TO DISSOLVE 2 TO VACATE - 2/18/2025

6    64. MOTION AMENDED / NOTE ON THE FILING DOCU - CORRECTED

7        CERTIFICATION PAGE; NO OTHER SUBSTANTIVE CHANGES - 2/18/2025

8    65. NOTICE OF CLARIFICATION REGARDING MTS FOR SANCTIONS - 2/18/2025

9    66. MOTION TO STAY JDGMNT PENDING RULINGS ON UNRESOLVED MTS -

10       2/18/2025

11   67. MOTION AMENDED / TO STAY JDGMNT PENDING RULINGS ON

12       UNRESOLVED MTS - 2/19/2025

13   68. MEMORANDUM IN SUPPORT OF AMENDED MT TO STAY JDGMNT PENDING

14       RULINGS - 2/20/2025

15   69. NOTICE WSBA COMPLAINT AGAINST MICHAEL R MERRITT - 2/21/2025

16   70. NOTICE WSBA COMPLAINT AGAINST MATTHEW MENSIK - 2/21/2025

17   71. NOTICE WSBA ONLINE GRIEVANCE FORM CONFIRMATION / MICHAEL R

18       MERRITT - 2/21/2025

19   72. NOTICE WSBA ONLINE GRIEVANCE FORM CONFIRMATION / MATTHEW

20       MENSIK - 2/21/2025

21

22   DESIGNATION OF CLERK'S PAPERS (RAP 9.6)
     PAGE **8** OF **13**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

23

73. MOTION FOR LEAVE TO SUPPLEMENT THE RECORD BEFORE JDGMNT - 2/27/2025

74. **Bench Trial / Hearings**

**Hearings**

**(Ms. Cox – Court Reporter**

74.1.  MOTION HEARING - 11/7/2023

74.2.  MOTION HEARING - 11/14/2023

74.3.  MOTION HEARING - 12/8/2023

74.4.  MOTION HEARING - 2/2/2024

74.5.  MOTION HEARING - 2/14/2024

74.6.  MOTION HEARING - 2/20/2024

74.7.  MOTION HEARING - 2/22/2024

74.8.  MOTION HEARING - 2/23/2024

74.9.  MOTION HEARING - 2/27/2024

74.10. MOTION HEARING - 2/29/2024

74.11. MOTION HEARING - 3/1/2024

74.12. MOTION HEARING - 3/4/2024

74.13. MOTION HEARING - 3/6/2024

74.14. MOTION HEARING - 3/13/2024

74.15. MOTION HEARING - 5/10/2024

74.16. MOTION HEARING - 7/12/2024

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

**(Ms. Larsen – Court Reporter)**

74.17.  PRETRIAL MANAGEMENT HEARING    1/3/2025

74.18.  MOTION HEARING - 1/9/2025

74.19.  Transcript or Clerk's Minutes from the Bench Trial (January 13–16, 2025)

74.20.  Transcript or Clerk's Minutes from all motion hearings (Minutes themselves only, not the verbatim transcript)

75. **Post-Trial Motion Filings**

75.1.  Defendants' Emergency Motion to Admit Evidence (filed [January 12, 2025])

75.2.  Plaintiffs' / Defendants' Post-Trial Motions

75.3.  Orders entered on these motions

76. **Final Judgment and Post-Judgment Filings**

76.1.  Findings of Fact, Conclusions of Law, and Final Judgment (Entered March 11, 2025)

76.2.  Defendants' MOTION TO VACATE, STRIKE OR SUPPLEMENT FINDINGS OF FACT & CONCLUSIONS UNDER & FOR RECONSIDERATION UNDER CR 59 (filed March 21, 2025)

77. **Notice of Appeal and Related Filings**

77.1.  Notice of Appeal (filed March 31, 2025)

77.2.  Proof of Payment of Appellate Filing Fee (filed April 23, 2025)

77.3.  Statement of Arrangements (filed 3/30/2025)

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

77.4.    This Designation of Clerk's Papers

78. **Additional Filings**

78.1.    Any other document in the Superior Court file that is necessary to a full and fair review of the issues raised on appeal, including references to the Bankruptcy stay (filed 3/25/2025) or orders related to the automatic stay.

## III. EXHIBITS TO BE TRANSMITTED

Appellants further designate any **exhibits** admitted into evidence at the trial or relevant pretrial hearings. To the extent such exhibits are physically maintained by the Clerk, Appellants request the Superior Court Clerk to transmit them as part of the Record on Appeal (or handle them according to the procedures in RAP 9.10 if they are bulky or large). This includes:

- **All trial exhibits**

Any omissions or clarifications needed for the proper assembly of these exhibits shall be handled pursuant to **RAP 9.6(c)** and **RAP 9.10**.

## IV. RESERVATION OF RIGHTS

If any paper or exhibit required for appellate review has been inadvertently omitted, Appellants reserve the right to supplement the designation as permitted by **RAP 9.6(c)** and **RAP 9.10**.

## V. SERVICE AND FILING

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

A copy of this Designation of Clerk's Papers is filed with the Spokane County Superior Court Clerk (as required under **RAP 9.6**) and served on all parties or counsel of record as indicated in the attached Certificate of Service.

**VI. CONCLUSION**

Appellants Eric Young and Susan Young request that the Superior Court Clerk prepare and transmit copies of all identified documents and exhibits for inclusion in the Clerk's Papers, thereby providing a complete record for the Court of Appeals, Division III.

DATED this 30th day of April, 2025, at Spokane, WA.

Respectfully submitted,

/s/     *Eric R. Young and Susan L. Young*
ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

## III. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [  ] U.S. Mail |
| Riverside NW Law Group | [  ] Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [  ] Facsimile |
| Spokane, WA 99201 | [X] E-Mail |
| mam@rnwlg.com | [  ] Legal Messenger |

DATED this 30th day of April, 2025, at Spokane, WA.

*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

DESIGNATION OF CLERK'S PAPERS (RAP 9.6)
PAGE **13** OF **13**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

**COURT OF APPEALS, DIVISION III**

**STATE OF WASHINGTON**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs<br><br>V.<br><br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | Court of Appeals Case No. [_____]<br><br>Superior Court Case No. [23-2-04734-32]<br><br><br>DESIGNATION OF CLERK'S<br>PAPERS (RAP 9.6) |

## I.   INTRODUCTION

Pursuant to RAP 9.6, Appellants Eric Young and Susan Young ("the Youngs"), proceeding pro se, hereby designate the following Superior Court papers and exhibits to be included in the Clerk's Papers for this appeal before the Washington State Court of Appeals, Division III. All references are to filings in the Spokane County Superior Court, Case No. 23-2-04734-32.

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

## II. DOCUMENTS TO BE INCLUDED IN CLERK'S PAPERS

Appellants respectfully request the Spokane County Superior Court Clerk to include copies of the following pleadings, motions, orders, and other papers filed or entered in the Superior Court:

1. ALL ORDERS ISSUED BY THE COURT

    1.1. ORDER GRANTING MOTION PETITION FOR TEMPORARY RESTRAINING ORDER  11/9/2023

    1.2. ORDER OF CONTINUANCE 12/08/2023 @9 AM     11/14/2023

    1.3. ORDER OF CONTINUANCE 12/08/23 9 AM 11/15/2023

    1.4. PROPOSED ORDER FINDINGS        11/30/2023

    1.5. REPLY MM IN SUPPORT OF MT FOR TEMP RESTRAINING ORDER
       12/7/2023

    1.6. ORDER RE: CONTINUED HEARING 12/15/2023

    1.7. ORDER RE: CONTINUED HEARING 12/15/2023

    1.8. ORDER DENYING MOTION PETITION TO QUASH        2/2/2024

    1.9. ORDER DENYING MOTION PETITION        2/2/2024

    1.10.   ORDER FOR PRELIMINARY INJUNCTION        2/2/2024

    1.11.   PROPOSED ORDER FINDINGS SHORTEN TIME/$30 NOT PD IN ONBASE
       2/12/2024

    1.12.   ORDER SHORTENING TIME        2/14/2024

    1.13.   ORDER SETTING CASE SCHEDULE        2/14/2024

DESIGNATION OF CLERK'S PAPERS (RAP 9.6)
PAGE **2** OF **13**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

1.14. ORDER RE NEXT HEARING 2/20/2024 @ 4:30 RM 403 2/14/2024

1.15. ORDER BRIEFING SCHEDULE    2/14/2024

1.16. ORDER 2/21/24 @ 4:30 PM 2/21/2024

1.17. ORDER 2/23/24 @ 9:00 AM / 403    2/22/2024

1.18. ORDER DENYING MOTION PETITION REQUEST TO SEAL FINANCIAL

DOCUMENTS    2/23/2024

1.19. ORDER        2/23/2024

1.20. ORDER ON REVIEW OF CONTEMPT    2/27/2024

1.21. ORDER ON REVIEW OF CONTEMPT / 03/04/2024 @ 9 AM RM 403

3/1/2024

1.22. ORDER DENYING RECONSIDERATION 3/1/2024

1.23. ORDER OF RELEASE        3/4/2024

1.24. ORDER ON REVIEW OF CONTEMPT    3/6/2024

1.25. ORDER ON REVIEW OF CONTEMPT    3/13/2024

1.26. ORDER OF RELEASE        3/13/2024

1.27. ORDER SEALING DOCUMENT    5/10/2024

1.28. ORDER COURTS LOG OF DOCS    5/10/2024

1.29. ORDER AMENDING CASE SCHEDULE    7/12/2024

1.30. PROPOSED ORDER FINDINGS RE MTL / ONBSE $30 FEE NOT PD

1/6/2025

1.31. ORDER ON MT OF LIMINE        1/9/2025

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

1.32.  ORDER DENYING DFTDTS OBJECTION TO PLTFS TRIAL WITNESS LIST    1/9/2025

1.33.  ORDER GRANTING MOTION PETITION TO ADMIT VIDEO EVIDENCE    1/9/2025

1.34.  ORDER GRANTING PLTFS OBJECTION TO DFDTS TRIAL WITNESS LIST    1/9/2025

1.35.  ORDER GRANTING PLTFS OBJECTION TO DFDTS AMENDED ER 904 NOTICE  1/9/2025

1.36.  STIPULATION AND ORDER FOR RETURN OF EXHIBITS AND OR UNOPEN    1/22/2025

2.  MOTION TO DISMISS DFDTS - 11/30/2023

3.  AFFIDAVIT IN SUPPORT OF COUNSEL / RE MT TO DISMISS - 11/30/2023

4.  AFFIDAVIT IN SUPPORT ERIC YOUNG / RE MT TO DISMISS - 11/30/2023

5.  NOTE FOR MOTION DOCKET 12/08/23 @9 AM JDG HIGH-EDWARD - 11/30/2023

6.  PLAINTIFFS ER904 NOTICE - 12/13/2024

7.  EXHIBIT LIST PLTFS - 12/16/2024

8.  WITNESS LIST PLTFS - 12/16/2024

9.  DEFENDANTS ER904 NOTICE - 12/16/2024

10. MOTION IN LIMINE PLAINTIFFS' - 12/20/2024

11. TRIAL MEMORANDUM DEFENDANTS' - 12/20/2024

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

12. JOINT STATUS REPORT - 12/20/2024

13. JOINT STATUS REPORT - 12/20/2024

14. OBJECTION OPPOSITION TO PLAINTIFF'S ER 904 EXHIBITS - 12/26/2024

15. OBJECTION OPPOSITION TO PLAINTIFF'S LIST OF PROPOSED WITNESSES

AT TRIAL - 12/26/2024

16. MOTION IN SUPPORT OF SUBPOENA TO COMPEL PLAINTIFF LINDA COLE'S

IN PERSON ATENDANCE AT TRIAL - 12/26/2024

17. NOTICE CR 43 TO DEFENDANTS - 12/27/2024

18. JOINT STATUS REPORT - 12/30/2024

19. DEFENDANTS ER904 NOTICE AMENDED NOTICE OF INTENT - 12/30/2024

20. OBJECTION OPPOSITION TO DEFENDANTS' AMENDED ER 904

NOTICE/EXHIBIT LIST - 12/30/2024

21. RESPONSE TO PLAINTIFFS' MOTION IN LIMINE - 1/2/2025

22. OBJECTION OPPOSITION TO DEFENDANTS' MOTION IN SUPPORT OF

SUBPOENA TO COMPEL PLAINTIFF LINDA COLE'S IN PERSON

ATTENDANCE AT TRIAL - 1/2/2025

23. TRIAL BRIEF PLAINTIFFS' - 1/2/2025

24. PRETRIAL MANAGEMENT HEARING - 1/3/2025

25. JOINT STATUS REPORT - 1/3/2025

26. TRIAL MINUTES - 1/3/2025

27. DEFENDANTS LIST OF WITNESSES - 1/6/2025

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

28. MOTION IN LIMINE DFDTS - 1/6/2025

29. PROPOSED ORDER FINDINGS RE MTL / ONBSE $30 FEE NOT PD - 1/6/2025

30. AFFIDAVIT IN SUPPORT ERIC & SUSAN YOUNG / AUTHENTICATION OF

    IMAGES & SCREEN SHOTS - 1/7/2025

31. EXHIBIT LIST DFDTS / TRIAL & EXHIBIT 1 - 1/7/2025

32. NOTICE AMENDED / OF INTENT TO OFFER DOCUMENTARY EVIDENCE -

    1/7/2025

33. OBJECTION OPPOSITION PLTFS / TO DFDTS TRIAL WITNESS LIST - 1/8/2025

34. RESPONSE PLTFS / TO DFDTS MT IN LIMINE - 1/8/2025

35. TRIAL BRIEF DFDTS - 1/8/2025

36. NOTICE OF APPEARANCE - 1/9/2025

37. ORDER ON MT OF LIMINE - 1/9/2025

38. ORDER DENYING DFTDTS OBJECTION TO PLTFS TRIAL WITNESS LIST -

    1/9/2025

39. ORDER GRANTING MOTION PETITION TO ADMIT VIDEO EVIDENCE -

    1/9/2025

40. ORDER GRANTING PLTFS OBJECTION TO DFDTS TRIAL WITNESS LIST -

    1/9/2025

41. ORDER GRANTING PLTFS OBJECTION TO DFDTS AMENDED ER 904 NOTICE

    - 1/9/2025

42. TRIAL MINUTES - 1/9/2025

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

43. MOTION EMERGENCY / RE SEVERAL - 1/13/2025

44. MOTION AMENDED EMERGENCY FOR MISTRIAL & JUDICIAL

   DISQUALIFICATION - 1/16/2025

45. WITNESS RECORD - 1/22/2025

46. STIPULATION AND ORDER FOR RETURN OF EXHIBITS AND OR UNOPEN -

   1/22/2025

47. TRIAL MINUTES - 1/22/2025

48. ATTACHMENT DFDTS OFFER OF PROOF / ER 103(a)(2) - 2/5/2025

49. ATTACHMENT DFDTS FIRST SET OF REQUESTS FOR ADMISSION & RSP

   THERTO - 2/5/2025

50. ATTACHMENT BINDER EXHIBIT D 120 - 2/5/2025

51. ATTACHMENT BINDER EXHIBIT D 121 - 2/5/2025

52. ATTACHMENT EXHIBIT D 22 - 2/5/2025

53. ATTACHMENT RECORDED FAMILY CONVERSATION NO 2 - 2/5/2025

54. ATTACHMENT BINDER EXHIBIT D 114 - 2/5/2025

55. ATTACHMENT BINDER EXHIBIT D 103 - 2/5/2025

56. ATTACHMENT EXHIBIT D 132 - 2/5/2025

57. MOTION DFDTS / EMERGENCY / FOR MISTRIAL & JUDICIAL

   DISQUALIFICATION - 2/5/2025

58. MOTION DFDTS / EMERENCY / FOR MISTRIAL & JUDICIAL

   DISQUALIFICATION - 2/12/2025

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

59. MOTION EMERECY / SEVERAL MT - 2/12/2025

60. MOTION DFDTS / TO STRIKE PLTFS CLAIMS AS FRAUDULENT - 2/12/2025

61. MOTION DFDTS / FOR SANCTIONS AGAINST PLTFS COUNSEL - 2/12/2025

62. MOTION DFDTS / FOR SANCTIONS AGAINST PLTFS COUNSEL - 2/12/2025

63. MOTION DFDTS / 1 TO DISSOLVE 2 TO VACATE - 2/18/2025

64. MOTION AMENDED / NOTE ON THE FILING DOCU - CORRECTED CERTIFICATION PAGE; NO OTHER SUBSTANTIVE CHANGES - 2/18/2025

65. NOTICE OF CLARIFICATION REGARDING MTS FOR SANCTIONS - 2/18/2025

66. MOTION TO STAY JDGMNT PENDING RULINGS ON UNRESOLVED MTS - 2/18/2025

67. MOTION AMENDED / TO STAY JDGMNT PENDING RULINGS ON UNRESOLVED MTS - 2/19/2025

68. MEMORANDUM IN SUPPORT OF AMENDED MT TO STAY JDGMNT PENDING RULINGS - 2/20/2025

69. NOTICE WSBA COMPLAINT AGAINST MICHAEL R MERRITT - 2/21/2025

70. NOTICE WSBA COMPLAINT AGAINST MATTHEW MENSIK - 2/21/2025

71. NOTICE WSBA ONLINE GRIEVANCE FORM CONFIRMATION / MICHAEL R MERRITT - 2/21/2025

72. NOTICE WSBA ONLINE GRIEVANCE FORM CONFIRMATION / MATTHEW MENSIK - 2/21/2025

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

1     73. MOTION FOR LEAVE TO SUPPLEMENT THE RECORD BEFORE JDGMNT -

2     2/27/2025

3     **74. Bench Trial / Hearings**

4     **Hearings**

5     **(Ms. Cox – Court Reporter**

6     74.1.    MOTION HEARING - 11/7/2023

7     74.2.    MOTION HEARING - 11/14/2023

8     74.3.    MOTION HEARING - 12/8/2023

9     74.4.    MOTION HEARING - 2/2/2024

10    74.5.    MOTION HEARING - 2/14/2024

11    74.6.    MOTION HEARING - 2/20/2024

12    74.7.    MOTION HEARING - 2/22/2024

13    74.8.    MOTION HEARING - 2/23/2024

14    74.9.    MOTION HEARING - 2/27/2024

15    74.10. MOTION HEARING - 2/29/2024

16    74.11. MOTION HEARING - 3/1/2024

17    74.12. MOTION HEARING - 3/4/2024

18    74.13. MOTION HEARING - 3/6/2024

19    74.14. MOTION HEARING - 3/13/2024

20    74.15. MOTION HEARING - 5/10/2024

21    74.16. MOTION HEARING - 7/12/2024

22 DESIGNATION OF CLERK'S PAPERS (RAP 9.6)
PAGE **9** OF **13**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

23

**(Ms. Larsen – Court Reporter)**

74.17.  PRETRIAL MANAGEMENT HEARING    1/3/2025

74.18.  MOTION HEARING - 1/9/2025

74.19.  Transcript or Clerk's Minutes from the Bench Trial (January 13–16, 2025)

74.20.   Transcript or Clerk's Minutes from all motion hearings (Minutes themselves only, not the verbatim transcript)

75. **Post-Trial Motion Filings**

75.1.   Defendants' Emergency Motion to Admit Evidence (filed [January 12, 2025])

75.2.   Plaintiffs' / Defendants' Post-Trial Motions

75.3.   Orders entered on these motions

76. **Final Judgment and Post-Judgment Filings**

76.1.   Findings of Fact, Conclusions of Law, and Final Judgment (Entered March 11, 2025)

76.2.   Defendants' MOTION TO VACATE, STRIKE OR SUPPLEMENT FINDINGS OF FACT & CONCLUSIONS UNDER & FOR RECONSIDERATION UNDER CR 59 (filed March 21, 2025)

77. **Notice of Appeal and Related Filings**

77.1.   Notice of Appeal (filed March 31, 2025)

77.2.   Proof of Payment of Appellate Filing Fee (filed April 23, 2025)

77.3.   Statement of Arrangements (filed 3/30/2025)

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

77.4.    This Designation of Clerk's Papers

78. **Additional Filings**

78.1.    Any other document in the Superior Court file that is necessary to a full and fair review of the issues raised on appeal, including references to the Bankruptcy stay (filed 3/25/2025) or orders related to the automatic stay.

## III. EXHIBITS TO BE TRANSMITTED

Appellants further designate any **exhibits** admitted into evidence at the trial or relevant pretrial hearings. To the extent such exhibits are physically maintained by the Clerk, Appellants request the Superior Court Clerk to transmit them as part of the Record on Appeal (or handle them according to the procedures in RAP 9.10 if they are bulky or large). This includes:

- **All trial exhibits**

Any omissions or clarifications needed for the proper assembly of these exhibits shall be handled pursuant to **RAP 9.6(c)** and **RAP 9.10**.

## IV. RESERVATION OF RIGHTS

If any paper or exhibit required for appellate review has been inadvertently omitted, Appellants reserve the right to supplement the designation as permitted by **RAP 9.6(c)** and **RAP 9.10**.

## V. SERVICE AND FILING

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

A copy of this Designation of Clerk's Papers is filed with the Spokane County Superior Court Clerk (as required under **RAP 9.6**) and served on all parties or counsel of record as indicated in the attached Certificate of Service.

**VI. CONCLUSION**

Appellants Eric Young and Susan Young request that the Superior Court Clerk prepare and transmit copies of all identified documents and exhibits for inclusion in the Clerk's Papers, thereby providing a complete record for the Court of Appeals, Division III.

DATED this 30th day of April, 2025, at Spokane, WA.

Respectfully submitted,

*/s/    Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

DESIGNATION OF CLERK'S PAPERS (RAP 9.6)
PAGE **12** OF **13**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

## III. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [ ] U.S. Mail |
| Riverside NW Law Group | [ ] Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [ ] Facsimile |
| Spokane, WA 99201 | [X] E-Mail |
| mam@rnwlg.com | [ ] Legal Messenger |

DATED this 30th day of April, 2025, at Spokane, WA.

*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

DESIGNATION OF CLERK'S PAPERS (RAP 9.6)
PAGE **13** OF **13**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

FILED
4/30/2025
Timothy W Fitzgerald
Spokane County Clerk

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE | No. 23-2-04734-32 |
| Plaintiffs | DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPPLEMENT FINDINGS OF FACT AND CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERATION UNDER CR 59 |
| v. | |
| ERIC YOUNG AND SUSAN YOUNG, | |
| Defendants | |

# I.  INTRODUCTION

Pursuant to CR 15(c), this motion relates back to Defendants' motion pursuant to CR 59 / CR 52(b) filed previously in this matter.

Defendants Eric Young and Susan Young ("the Youngs") move this Court under CR 59 and CR 52(b) for the Court to reconsider and vacate, strike, or supplement its Findings of Fact and Conclusions of Law ("the Order"), entered on or about March 11, 2025, on grounds that the

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

Court ignored critical contradictory evidence from Plaintiff Linda Cole's own statements, misapplied conversion law, and disregarded controlling precedent on Promissory Estoppel and the presumption of familial gifts.

Additionally, the court must address Plaintiffs' continued propagation of knowingly false allegations and their sworn statements in furtherance of fraudulent claims. Therefore, Defendants request the Court issue contempt sanctions against Plaintiffs for knowingly perpetuating these falsities.

- This action corresponds to Defendants' previously filed and still-unresolved motions for sanctions against both of Plaintiffs' attorneys Merritt and Mensik who have actively participated in suborning perjured testimony before the court, and repeatedly violated Washington RPC standards by failing to correct the record when in possession of conclusive and irrefutable evidence demonstrating their client's statements were knowingly false (as of this filing, known for approx. 7 months (Mensik) to approx. 17 months (Merritt)).

The Court's Findings adopt an unsupported narrative that Defendants "converted" Linda Cole's funds, when in fact documentary and testimonial evidence offered at trial by Plaintiffs confirm that Linda voluntarily authorized the wire transfers and she fully knew and acknowledged that Eric Young was the only party securing mortgage financing - as confirmed by her audio-recorded admissions on October 21, 2023. By omitting or failing to address these contradictions, the Order rests on factual and legal errors. Under Thompson v. Huston, Fox v.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

Fox, State v. Karpenski, and well-settled Washington law on promissory estoppel and intra-family gifts, the Court's findings must be amended or vacated.

Defendants attach Exhibit One: a detailed item-by-item analysis under CR 52(b) (covering Findings 1–213). This motion summarizes the key evidence and legal arguments for striking or supplementing the Court's conversion findings and for granting reconsideration under CR 59.

## II. FACTUAL OVERVIEW AND CRITICAL CONTRADICTIONS

### A. Linda's October 21 Audio-Recorded Admissions

- In audio recordings dated October 20 and 21, 2023 (Trial Ex. D-116/P 51), Linda repeatedly states that Eric Young alone was taking on the mortgage for the Golden Court property.

- Linda acknowledges that Eric "picked up the mortgage," indicating she had full knowledge and consent of how the funds would be used: to contribute to the family arrangement in which, as the only wage earner of the family, Eric alone was able to qualify for and close the mortgage.

- These statements contradict Linda's trial testimony that she never authorized the wires or that the funds were meant exclusively for her own Chase account – both knowingly false statements invented to prop up Plaintiffs complaints otherwise unsustainable by the true documentary record.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

## B. Linda's Post-Hoc "Changed Mind" vs. Actual Consent

- Emails and text messages show Linda changed her mind after the wires were completed. She then demanded repayment of previously authorized, unconditional funds.

- No written loan agreements or repayment terms ever existed. The October 21 recording further underscores Linda's prior consent to the family plan.

## C. Plaintiffs' Failure to Join the Correct Party (OWFCU)

- Old West Federal Credit Union ("OWFCU"), the entity that executed the wire transfers, was never subpoenaed or called as a witness.

- The Court relied on Plaintiffs' speculation about alleged "forgery" or "impersonation" instead of obtaining direct testimony from the credit union about Linda's voluntary authorizations.

## D. The Court's Findings Omit or Disregard Linda's Contradictions

- Despite dedicating multiple pages to family history and negative portrayals of Defendants, the Court never addresses Linda's own recorded disclaimers acknowledging Eric was the sole borrower.

- Conversion requires a lack of consent. The October 21 conversation proves that Linda consented initially and only "withdrew" that consent retroactively - contrary to settled law.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

# III. LEGAL ARGUMENT

## A. The Court's Findings Are Not Supported by Substantial Evidence

### 1. No Substantial Evidence of Unauthorized Taking:

The record lacks credible witness testimony or exhibits supporting the Court's conclusion that Defendants improperly or wrongfully obtained Linda Cole's funds. Plaintiffs failed entirely to present evidence meeting the required burden of proof for conversion, specifically the necessary element of lack of consent.

### 2. Documentary and Testimonial Evidence Confirms Voluntary Transfer:

Conversely, the record contains substantial and compelling documentary evidence, which, combined with Linda Cole's own recorded admissions and notarized documentation, unequivocally demonstrate that she voluntarily authorized and executed the wire transfers. Linda's clear acknowledgment of these transfers on audio recordings, in her communications with Old West Federal Credit Union, and through notarized documents provides prima facie proof of consent, directly negating any element of unauthorized taking. Washington law explicitly requires that conversion claims prove wrongful dominion without consent (Burton v. City of Spokane, 16 Wn. App. 2d 769, 2021). Here, consent was conclusively established by multiple, mutually reinforcing pieces of evidence.

### 3. Logical Analysis of Evidence – Occam's Razor Principle:

Applying basic logical analysis principles (Occam's Razor), the simplest and most coherent

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

explanation supported by the evidence is that Linda knowingly and intentionally transferred funds to Eric Young as part of a consensual, well-documented family plan. The Court erred by disregarding clear, straightforward evidence of consent in favor of a convoluted, contradictory narrative unsupported by admissible facts. The court's adoption of Plaintiffs' elaborate yet demonstrably false scenario over direct and uncontroverted evidence is plainly unreasonable.

**4. Failure to Reconcile Contradictory Testimony and Evidence:**

The Court's ruling failed to resolve critical contradictions in Linda's sworn testimony and recorded statements, directly violating established appellate standards. Under Washington law, factual findings must be based on substantial evidence that a reasonable person would find persuasive. The Court must reconcile contradictions or explicitly explain their disregard. Here, the Court neglected this duty, rendering its findings clearly erroneous.  As held in **Chapman v. Perera, 41 Wn. App. 444 (1985)**, factual findings are clearly erroneous "if a reasonable trier of fact would not be persuaded by the evidence." By failing to address and reconcile Linda Cole's repeated admissions of consent and authorization, the Court contravened this well-established legal standard.

**E.  Familial Transfers Are Presumed Gifts Absent Clear and Convincing Evidence**

- Cummings v. Anderson, 94 Wn.2d 135 (1980); Berger v. Shapiro, 30 Wn.2d 418 (1948)

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- o Transfers between close family members - especially parent to child - are presumed gifts unless a contrary agreement or condition is proven.
- o Plaintiffs provided no written agreement, repayment terms, or credible testimony rebutting the gift presumption.

## F. Promissory Estoppel Bars Plaintiffs' Post-Hoc Demand for Repayment

1. Elements
   - o (1) A promise; (2) Reasonable reliance by the promisee; (3) Substantial change in position; (4) Injustice absent enforcement. See Klinke v. Famous Recipe Fried Chicken, Inc., 94 Wn.2d 255 (1980).

2. Plaintiffs' Promise
   - o Linda explicitly agreed to provide down-payment funds so Eric could secure mortgage financing.
   - o Linda knew Eric would rely on those funds to sign a purchase agreement, pay earnest money, and incur inspection and appraisal fees.

3. Defendants' Reasonable Reliance
   - o Eric pursued the home purchase based on Linda's promise of unencumbered funds. This reliance was entirely foreseeable.

4. Resulting Detriment
   - o Defendants signed legally binding contracts, invested time and money in the mortgage process, and now face damages from Linda's abrupt reversal.

5. Injustice

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

   ○ Failing to enforce Linda's original promise permits Plaintiffs to renege on the agreement after Defendants changed their position in reliance. This constitutes inequitable harm to Defendants.

## G. The Court Demonstrates Ongoing Prejudice and Violates Defendants' Right to Due Process

- The Court dismissed or ignored nine pending motions (including motion to admit evidence, motion for mistrial, and motions for sanctions) before issuing final rulings.
- It selectively relied on Plaintiffs' narrative while omitting any discussion of Linda's contradictory statements - material evidence defeating the "unauthorized" story.
- The cumulative effect is manifest injustice under CR 59(a)(1), (7), and (9).

# IV. SPECIFIC GROUNDS FOR RELIEF

## A. Ignoring Linda Cole's Recorded Admissions

- Exhibit D-116/P-51: The Order fails to address or reconcile Linda's remarks acknowledging Eric's mortgage role. This omission violates Thompson v. Huston, 154 Wn. App. 384 (2010).

## B. "Conversion" Conclusion Contradicts Established Consent

The Court's Findings of Fact (FoF ¶¶ 204–209) assert that Linda Cole was deprived of funds "without her consent." However, documented evidence - primarily her own recorded statements - unambiguously demonstrates her full knowledge and explicit consent at the time

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 8 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

25-80037-FPC Doc 17-10 Filed 10/24/25 Entered 10/24/25 16:47:26 Pg 66 of 100

of the wire transfers. Defendants provided documentary evidence 18 months ago at the first hearing in this case that over 2 consecutive days, Linda engaged directly with Old West Federal Credit Union (OWFCU), confirming her intent and explicitly authorizing these transactions (Trial Exhibits D-116/P-51; OWFCU wire authorization forms). On the next, a third day, Linda herself signed before a notary the bank-provided indemnification forms. After the weekend, finally on the 5th day, the credit union executed the approved wires. The Court's conclusion overlooks that Linda's purported subsequent "change of mind" - occurring weeks after the completed transfers - cannot legally transform consensual transfers into theft. As the Court of Appeals established in *Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank*, 80 Wn. App. 655 (1996), consent at the time of transfer is a complete defense against conversion claims.

Witness testimony and notarized documents introduced during trial further substantiate Linda's voluntary and deliberate actions, including testimony from the notary that Linda showed no signs of distress, coercion, or being under duress, decisively negating any suggestion of accidental or unauthorized transfers. Thus, the Court's ruling directly conflicts with substantial evidence, warranting immediate correction under CR 52(b) and reconsideration under CR 59(a)(7) and (9).

**C. Court Overlooked the Promissory Estoppel Defense**

Throughout pre-trial briefs, trial memoranda, and oral arguments, Defendants consistently presented promissory estoppel as a core affirmative defense - asserting that Linda Cole explicitly promised the funds to Defendants as she admits herself: to contribute to the down

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

payment on the house as Eric secured the mortgage financing. Defendants have also consistently demonstrated they substantially relied on this promise to their detriment. Despite its repeated and well-documented invocation, the Court inexplicably failed to address or even acknowledge the promissory estoppel defense in its final ruling.

This omission constitutes clear legal error. Under Washington's controlling precedent, notably *Klinke v. Famous Recipe Fried Chicken, Inc.*, 94 Wn.2d 255 (1980), Plaintiffs are legally barred from retroactively withdrawing their promise after the Youngs significantly and reasonably relied upon it to their substantial detriment, including signing binding contracts, committing earnest money, and incurring significant expenses related to the property transaction.

This oversight critically undermines the Court's decision, necessitating immediate correction and reversal under CR 59(a)(8) (errors of law) and CR 52(b) (amendment of findings).

**D. Irrefutable Evidence Demonstrates Funds Were Gifted or Promised - Precluding Conversion**

The Court's conclusion that conversion occurred contradicts both factual and legal standards. Even setting aside the strong presumption under Washington law that familial transfers are gifts (*Cummings v. Anderson*, 94 Wn.2d 135 (1980)), overwhelming documented evidence presented at trial conclusively establishes that Linda Cole explicitly intended the funds as either a direct gift or at minimum a promised contribution to the family's mortgage acquisition

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 10 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

plan. Documentary evidence - including notarized gift letters, authorized wire transfer forms, and consistent communications from Linda herself - irrefutably establishes her intent and voluntary execution of the transfers. Furthermore, Plaintiffs carried the burden of proof and yet consciously declined to call OWFCU representatives at trial, the only witnesses who could definitively support or refute their allegations. Plaintiffs' strategic omission, therefore, compels treating the uncontested OWFCU records and notarized documents as dispositive and authoritative.

Consequently, Plaintiffs' attempt to "claw back" these funds lacks any legal basis, particularly when evaluated alongside *Meyers Way* and the extensive promissory estoppel jurisprudence. Given the evidence and the applicable legal standards, no reasonable trier of fact could find that a conversion occurred.

**Conclusion and Requested Relief**

Given the incontrovertible contradictions within Plaintiffs' narrative, Plaintiffs' deliberate avoidance of OWFCU testimony, and the Court's significant oversight regarding promissory estoppel and documented consent, Defendants respectfully request that this Court:

1. Strike or substantially amend Findings ¶¶ 188–199 and ¶¶ 204–213 that erroneously suggest lack of consent or unauthorized taking.

2. Vacate the finding of "conversion," acknowledging that initial consent precludes any later claim of theft or unauthorized taking.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

3. Explicitly incorporate Defendants' promissory estoppel defense into the conclusions of law, thereby precluding Plaintiffs from reneging on their explicit promises after substantial reliance.

4. Resolve all pending motions - including those alleging judicial bias and Plaintiffs' fraud on the court - prior to finalizing any judgment.

5. Award fees and costs to Defendants based upon Plaintiffs' demonstrated bad-faith litigation tactics and repeated falsehoods advanced to the Court.

Correcting these substantial errors is critical to ensuring justice, upholding due process, and maintaining judicial integrity. Defendants respectfully ask the Court to grant the relief requested in full.

## V. REMEDY REQUESTED

Under CR 52(b) and CR 59, Defendants respectfully request:

### A. Striking / Amending Findings

- Particularly FoF ¶¶ 188–199, ¶¶ 204–213, and all related conclusions relying on an "unauthorized taking." The Court must integrate Linda's contradictory admissions and the promissory estoppel bar.

### B. Vacating the "Conversion" Judgment

- The "theft" or conversion ruling is unsupported by the evidence and contrary to law.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- CR 59(a)(7) & (8): The judgment is "unsupported by substantial evidence" and "contrary to law."

## C. Corrected Conclusions of Law

- The final judgment should reflect that Linda's transfer was voluntary under a family agreement and/or promise, thus negating conversion.
- Plaintiffs' belated demand violates Washington's promissory estoppel doctrine.

## D. Resolution of All Pending Motions

- Defendants' outstanding motions must be heard and resolved prior to finalizing any judgment.

## E. Award of Fees and Costs

- Plaintiffs' bad-faith litigation tactics and refusal to acknowledge contradictory statements justify sanctions or fee shifting (CR 11, CR 37(c), inherent powers).

# VI. CONCLUSION

Plaintiffs' own evidence - in the form of Linda Cole's recorded admissions - shows she consented to transferring funds for Eric Young's mortgage. That alone defeats any theft or conversion claim. Promissory Estoppel further bars Plaintiffs from retracting their original promise after Defendants justifiably relied to their detriment. Because the Court's Findings ignore these decisive facts and misapply Washington law, this Court must amend or strike the erroneous conclusions, vacate the conversion judgment, and align the Order with the uncontroverted record.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

1  Defendants respectfully request that this Motion be granted in its entirety. Justice and

2  fundamental fairness demand that the Court acknowledge Linda's contradictory admissions

3  and the binding effect of her promise to provide mortgage funds.

4

5

6  Date: March 20th, 2025, at Spokane, Washington.

7

8  Respectfully submitted,

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 14 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**[PROPOSED] ORDER**

It is hereby ORDERED that Defendants' Motion under CR 52(b) and CR 59 is GRANTED.

The Court's prior Findings of Fact and Conclusions of Law, entered on or about March 11, 2025, are:

1. Supplemented/Amended to include Linda Cole's contradictory admissions regarding her knowledge and consent to Eric Young's sole mortgage and receipt of funds, and

2. Vacated insofar as they conclude or imply conversion of Linda Cole's funds.

DATED this ___ day of _____ 2025.

Judge of the Superior Court

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 15 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**EXHIBIT A**

**DETAILED OBJECTIONS CR 52(B)**

**"ANALYSIS OF FINDINGS NOS. 1–213"**

**PART 1**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

# FINDING OF FACT NO. 1

1. Linda Cole is Susanann Young's mother.

## COMPLAINT

Defendants do not dispute that Linda Cole is indeed Susanann Young's mother. However, the Court's later reliance on Linda's status (and advanced age) to imply victimization ignores contradictory facts - particularly Linda's own statements acknowledging she knew Eric Young was the sole mortgage applicant and that she transferred funds voluntarily.

## EVIDENCE

- Exhibit D-116 (Oct 21 Audio) timestamp 00:03:58–00:04:21, where Linda Cole explicitly admits Eric Young "picked up" the mortgage solely in his name. This proves she knew from the outset that she was not a borrower.

- Nothing in the record disputes the biological relationship, but Linda's advanced age alone does not establish that she was victimized or lacked mental capacity.

## LAW

Washington Law requires that material findings be tied to the disputed issues - here, "conversion" and "fraud." Merely noting the mother-daughter relationship does not establish wrongdoing.

"[A] court may not ignore contradictory facts in the record which show the witness had full knowledge." - *State v. Karpenski*, 94 Wn.2d 377 (1980)

## PROPOSED AMENDED

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

Retain FoF 1 as undisputed biology but clarify that Linda's parent-child relationship with Susanann does not, by itself, prove or imply fraud or conversion. The Court should acknowledge:

1. Linda Cole is Susanann Young's mother. While the Court notes this familial relationship, the evidence also shows that Linda Cole admitted, on October 21, 2023, that Eric Young alone was the mortgage applicant, contradicting any suggestion that Linda was an unwitting or uninformed participant.


## FINDING OF FACT NO. 2

2. Ted Cole is Susanann Young's stepfather.

### COMPLAINT

Again, Defendants do not dispute Ted Cole's status as stepfather. The Court's subsequent findings, however, repeatedly rely on Mr. Cole's and Linda's ages and/or relationship to infer vulnerability.

### EVIDENCE

- No evidence contradicts Ted Cole's identity as stepfather.

- The Court should not, however, rely on Mr. Cole's age or relationship to prove "conversion" absent proof of unauthorized taking - especially since Linda acknowledged Eric was the sole mortgagor.

### LAW

"A person's advanced age alone does not establish vulnerability or lack of consent."

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 18 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

1    - *Thompson v. Huston*, 154 Wn. App. 384 (2010)

**PROPOSED AMENDED**

2. Ted Cole is Susanann Young's stepfather. His advanced age does not, by itself, establish lack of consent or vulnerability, particularly given Ms. Cole's October 21, 2023, recorded admission that Eric Young was the sole mortgage borrower.

**FINDING OF FACT NO. 3**

3. Linda and Ted Cole are 80 and 83 respectively.

**COMPLAINT**

Defendants object to the Court's emphasis on Plaintiffs' ages as if it presupposes exploitation. The Court appears to advance a narrative of "elderly" victimhood without reconciling Linda's October 21 audio admission:

> *Linda (Cole): "We were going to buy the house. As it turned out, it had to be mortgaged and you [Eric] wanted to pick that up."*
>
> *Eric (Young): "Wanted is not the point."*
>
> *Linda (Cole): "Well, you did." - Exhibit D-116, 00:03:58–00:04:21*

That excerpt shows Linda Cole knew Eric alone was borrowing. Advanced age does not negate the fact she voluntarily provided him the down-payment funds.

**EVIDENCE**

- Linda's own contradictory statements: at times claiming confusion or victim status, yet in the audio she clearly acknowledges Eric as the sole mortgage applicant.

- Exhibit D-116 undermines any presumption of incapacity purely based on age.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 19 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

25-80037-FPC    Doc 17-10    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 77 of 100

**LAW**

"[T]he court may not rely on emotion or pity over facts; advanced age, standing alone, is insufficient to establish vulnerability." - *Thompson v. Huston*, 154 Wn. App. 384

**PROPOSED AMENDED**

3. Linda and Ted Cole are 80 and 83 respectively. Their advanced age does not override Linda Cole's recorded statements from October 21, 2023, in which she acknowledges Eric Young as the sole mortgage borrower, thereby demonstrating her awareness and contradicting any presumption of exploitation based solely on age.

**FINDING OF FACT NO. 4**

4. Eric Young is Susanann Young's husband.

**COMPLAINT**

No dispute. This fact is straightforward but does not itself support any inference of wrongdoing.

**EVIDENCE**

- Marriage records, testimony of the parties confirm Eric is Susanann's husband.

**LAW**

Irrelevant to whether Linda consented to transferring funds to Eric.

**PROPOSED AMENDED**

4. Eric Young is Susanann Young's husband. The Court notes this only as background, without implying wrongdoing or undue influence by virtue of marriage.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 20 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 5**

5. JY is Eric and Susanann Young's son and Linda and Ted Cole's only grandchild.

**COMPLAINT**

Stating the child's existence is not objectionable, but the Court repeatedly references JY as if "emotional manipulation" hinged on his presence. This extraneous detail is immaterial to the central claim of "theft."

**EVIDENCE**

- No contradiction on who JY is, but it has zero bearing on whether Linda consented to the wire transfers.

**LAW**

"Extraneous details tending to paint a party as more or less sympathetic shall be excluded if irrelevant." - *Fox v. Fox*, 87 Wn. App. 782

**PROPOSED AMENDED**

5. JY is Eric and Susanann Young's son and Linda and Ted Cole's only grandchild. This information is not material to the legal question of whether Linda Cole consented to giving Eric Young the mortgage down-payment funds.

**FINDING OF FACT NO. 6**

6. Both families are active members in the church of Jehovah.

**COMPLAINT**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

Defendants object to citing religion as a relevant fact. The Court itself said (FoF 15) it would rely only on history relevant to the case, yet references membership in "the church of Jehovah" to color the narrative. Religious affiliation does not establish theft or lack thereof.

**EVIDENCE**

- There is no evidence that belonging to a certain faith makes either party more or less credible in a civil action over alleged conversion.

**LAW**

"A person's religious affiliation is generally irrelevant and can unfairly bias a fact-finder."

- *State v. Karpenski*, 94 Wn.2d 377 (1980)

**PROPOSED AMENDED**

6. Both families are active members in the church of Jehovah. Religious affiliation is immaterial to whether Linda Cole authorized the transfer of funds to Eric Young for his sole mortgage. The Court should not imply that religious beliefs affected the validity of the parties' financial transactions.

**FINDING OF FACT NO. 7**

7. Linda and Ted Cole own a house in Baker City, Oregon.

**COMPLAINT**

Defendants do not dispute the Baker City home ownership. However, the Court later uses this fact to imply Linda had separate funds and was "exploited." The actual record (particularly the

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

Oct 21 audio) shows Linda knowingly gave Eric down-payment funds for his mortgage, not that he "took advantage" of her real estate assets.

**EVIDENCE**

- Exhibit D-116 (Oct 21 audio) shows Linda specifically acknowledging Eric's sole mortgage status, not that she was tricked out of her Baker City home proceeds.

**LAW**

Irrelevant background if the Court omits Linda's contradictory admission of consenting to the mortgage arrangement.

**PROPOSED AMENDED**

7. Linda and Ted Cole own a house in Baker City, Oregon. This ownership alone does not establish that Linda lacked capacity or was exploited, especially given her recorded admission from October 21, 2023, that Eric Young alone was the mortgage borrower.

**FINDING OF FACT NO. 8**

8. Eric and Susanann Young rent a home in Spokane, Washington.

**COMPLAINT**

The Court's reference to Defendants "renting" is irrelevant to the alleged "conversion." The repeated contrast - Cole owning vs. Youngs renting - seems designed to cast the Youngs as financially needy or predatory, ignoring Linda's contradictory statements.

**EVIDENCE**

- The record is undisputed that Defendants currently rent.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 23 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- The actual dispute is whether Linda voluntarily gave Eric the down-payment funds.

**LAW**

"The fact that one party is less wealthy or rents does not prove or disprove wrongdoing."

- *Fox v. Fox*, 87 Wn. App. 782

**PROPOSED AMENDED**

8. Eric and Susanann Young rent a home in Spokane, Washington. Their rental status is irrelevant to whether Linda Cole voluntarily funded Eric Young's mortgage down payment, as she admitted on October 21, 2023.

**FINDING OF FACT NO. 9**

9. The parties have had an on-again, off-again relationship from the time Ms. Young turned 18 years old. Testimony of L. Cole, S. Young, and E. Young.

**COMPLAINT**

While the parties' relationship history is long, citing it here to suggest a tumultuous dynamic ignores Linda's own contradictory statement that she knowingly participated in Eric's sole mortgage. The background "on-again, off-again" cannot supersede the direct evidence of consent.

**EVIDENCE**

- Exhibit D-116 undermines a "relationship turmoil" narrative insofar as it fails to show involuntary or unauthorized transfers. Linda's repeated refrain is that she and Ted "changed their minds" - not that she was scammed.

**LAW**

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 24 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

"Family conflict history is immaterial if overshadowed by contradictory admissions of consent in the present dispute." - *Thompson v. Huston*, 154 Wn. App. 384

**PROPOSED AMENDED**

9. The parties have had an on-again, off-again relationship. This historical conflict does not negate the October 21, 2023, recording (Exhibit D-116) where Linda Cole concedes Eric Young alone was taking out the mortgage, contradicting her post-hoc 'theft' narrative.

**FINDING OF FACT NO. 10**

10. There were times when the parties would go years without communicating. Testimony of L. Cole, S. Young, and E. Young.

**COMPLAINT**

No direct contradiction about sporadic communication. However, it is immaterial to whether Linda consented to wiring the down-payment funds.

**EVIDENCE**

- This "estrangement" does not negate Linda's October 21 admission.

**LAW**

Irrelevant background must not overshadow direct contradictions.

- *Fox v. Fox*, 87 Wn. App. 782

**PROPOSED AMENDED**

10. The parties sometimes went years without communicating. This estrangement does not override the direct evidence that Linda Cole authorized Eric Young to be the sole mortgage borrower.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 11**

11. At other times the parties would be close and would live together or near each other. Testimony of L. Cole, S. Young, and E. Young.

**COMPLAINT**

Again, mere background. The Court should focus on the contradictory statements in 2023 concerning the alleged "theft" or "conversion."

**EVIDENCE**

- The record shows the parties lived together at points. However, the key is Linda's knowledge about the mortgage.

**LAW**

Family closeness or distance is extraneous unless it rebuts or confirms consent.

**PROPOSED AMENDED**

11. The parties at times lived together. However, personal proximity or estrangement does not alter Linda Cole's October 21 admission that Eric Young was the sole borrower for the Spokane house purchase.

**FINDING OF FACT NO. 12**

12. The Youngs believe that the problem with their relationship with the Coles stems from Ms. Cole's behavior. Testimony of S. Young and E. Young.

**COMPLAINT**

This is the Youngs' viewpoint on interpersonal dynamics. The Court references it but fails to incorporate Linda's contradictory admission regarding consent to the mortgage funds.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 26 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**EVIDENCE**

- The record does show the Youngs complaining about Linda's behavior.

- It does not negate Linda's own recorded statement that Eric alone was the mortgage applicant.

**LAW**

"A witness's belief about relational friction does not supersede contradictory facts regarding consent to a financial transaction." - *Thompson v. Huston*, 154 Wn. App. 384

**PROPOSED AMENDED**

12. The Youngs attribute relational issues to Ms. Cole's behavior. This blame does not alter the unrefuted fact that on October 21, 2023, Linda Cole acknowledged Eric Young was the sole mortgage applicant, indicating she consented to his receipt of the disputed funds.

**FINDING OF FACT NO. 13**

13. The Youngs believe that they have provided for the Coles both financially and emotionally throughout the years and that Ms. Cole's narcissistic behaviors cause friction. Testimony of S. Young and E. Young.

**COMPLAINT**

Again, general commentary about friction. The Court's reliance on these opinions overlooks the singularly crucial evidence: Linda's knowledge of, and consent to, Eric's sole mortgage.

**EVIDENCE**

- The record does indicate the Youngs made negative remarks about Linda's personality.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- The real question is whether Linda's money transfer was voluntary.

**LAW**

"A claim of a party's personality or mental condition is immaterial if overshadowed by that same party's recorded admissions of voluntary participation."

- *Fox v. Fox*, 87 Wn. App. 782

**PROPOSED AMENDED**

13. The Youngs claim Ms. Cole's narcissistic behaviors cause friction, but these characterizations do not affect the fact that Ms. Cole's own recorded statements show she knew Eric Young was solely borrowing for the new home.

**FINDING OF FACT NO. 14**

14. The Coles believe that the Youngs have taken advantage of them in the past, one time trying to convince the Coles to transfer their social security retirement income to the Youngs' bank account to manage. Testimony of L. Cole.

**COMPLAINT**

Defendants object to the Court's reliance on a one-sided allegation about past events. Linda never produced documentary proof for this "past advantage." More critically, it does not speak to the crucial 2023 question: Did Linda consent to Eric's sole mortgage?

**EVIDENCE**

- The October 20–21 audio (Exhibit D-116) *contradicts* Linda's claim that the Youngs consistently demanded her retirement checks. At no point do they mention forcibly seizing Linda's Social Security.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**LAW**

"Unverified historical allegations cannot override contradictory, recorded evidence of present consent." - *State v. Karpenski*, 94 Wn.2d 377

**PROPOSED AMENDED**

14. The Coles allege the Youngs once asked them to deposit Social Security income in the Youngs' account. This claim remains unverified. Regardless, the October 20–21, 2023, recordings show Linda Cole fully acknowledging Eric was the sole borrower, undermining the 'past advantage' narrative as relevant here.

EXHIBIT A

DETAILED OBJECTIONS CR 52(B)

"ANALYSIS OF FINDINGS NOS. 1–213"

PART 2

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

# FINDING OF FACT NO. 15

15. While the history between the parties is long and often conflicting, for purposes of this case the court will rely only on the history relevant to this case.

## COMPLAINT

Despite stating it would confine itself to "relevant history," the Court proceeds to detail many old disputes (2010 real estate in Texas, prior estrangement, etc.) while ignoring Linda's 2023 recorded statements. This is contradictory and constitutes judicial error.

## EVIDENCE

- The Court's subsequent 30+ findings heavily rehash old conflicts.

- Meanwhile, the crucial, most relevant evidence (Linda's contradictory statements about the alleged "theft" in 2023) goes mostly unmentioned.

## LAW

"[W]hen a court states it will rely only on relevant history, it must not then omit the most critical, contradictory evidence from the present dispute." - *Thompson v. Huston*, 154 Wn. App. 384

## PROPOSED AMENDED

15. The Court purports to rely solely on relevant history but must therefore include Linda Cole's October 21, 2023, audio-recorded admissions, which directly contradict her "theft" claim, rather than focusing on older, largely irrelevant disputes.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

1   **FINDING OF FACT NO. 16**

2   16. In 2010, when the parties both lived in Texas, they purchased a lot together in a housing

3   development. Testimony of L. Cole and E. Young.

4   **COMPLAINT**

5   Defendants object that the Court resurrects a 2010 event despite FoF 15's stated limit. This old

6   Texas lot fiasco does not shed light on Linda's 2023 wire transfers, especially given her

7   contradictory admissions.

8   **EVIDENCE**

9   • Linda's 2010 transactions do not prove or disprove whether she consented to Eric's sole

10      mortgage in 2023.

11  • Exhibit D-116 (2023 audio) is far more relevant.

12

13  **LAW**

14  "Extraneous references from 13 years prior cannot overshadow or replace the direct

    contradictory admissions from the present dispute." - *Fox v. Fox*, 87 Wn. App. 782

15  **PROPOSED AMENDED**

16  16. In 2010, the parties purchased a Texas lot. This event is immaterial to whether Linda Cole

17  voluntarily authorized Eric Young's 2023 wire transfers for his Spokane mortgage, particularly

18  in light of her October 21 admission that Eric was the sole borrower.

19  **FINDING OF FACT NO. 17**

20  17. While the plan was for Mr. and Ms. Cole to build a house on the lot, that plan did not come

21  to fruition. Testimony of L. Cole.

22  DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
    CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
23  PAGE 31 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**COMPLAINT**

Defendants reiterate: old plans from 2010 do not bear on Linda's contradictory statements in 2023 about Eric's mortgage. The Court's reliance on this decades-old storyline is misleading.

**EVIDENCE**

- The only relevant point is whether Linda consented in 2023.

**LAW**

"A finding must be material to the present controversy. Mere historical detail is insufficient."

- *Thompson v. Huston*, 154 Wn. App. 384

**PROPOSED AMENDED**

17. The 2010 plan to build in Texas never materialized. This 13-year-old history does not negate Linda Cole's 2023 admission that she knowingly transferred funds for Eric Young's sole mortgage application.

**FINDING OF FACT NO. 18**

18. After discord occurred between the parties, the Coles left Texas. Testimony of L. Cole.

**COMPLAINT**

Defendants do not dispute that the Coles eventually left Texas. However, none of it addresses the wire-transfer dispute in 2023.

**EVIDENCE**

- Linda's departure from Texas is unrelated to whether she willingly funded Eric's down payment in 2023.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 32 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

LAW

"Old conflicts are not dispositive of present consent."

- *Fox v. Fox*, 87 Wn. App. 782

**PROPOSED AMENDED**

18. The Coles left Texas after some discord. This 2010 departure is irrelevant to whether Linda Cole knowingly authorized Eric Young's mortgage funds in 2023.

**FINDING OF FACT NO. 19**

19. Eventually, the lot in Texas went into arrears for the past due homeowners' dues and property taxes. Testimony of L. Cole.

**COMPLAINT**

Defendants object that the Court is delving further into 2010–2011 property-tax issues, overshadowing Linda's contradictory statements about a 2023 wire transfer.

**EVIDENCE**

- No relevance to Linda's wire-transfer consent in 2023.

- The Court's repeated references to past financial turmoil appear to paint the Youngs negatively without addressing the decisive audio.

**LAW**

"Irrelevant background must not overshadow contradictory present-day evidence."

- *Thompson v. Huston*, 154 Wn. App. 384

**PROPOSED AMENDED**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

19. The Texas lot went into arrears years ago. This stale event does not bear on the 2023 question of whether Linda Cole consented to wiring funds to Eric Young, especially given her October 21 admission that she understood he was the only mortgage borrower.

**FINDING OF FACT NO. 20**

20. When this occurred, the Youngs took their name off the title, leaving the Coles as the sole owners. Testimony of L. Cole and E. Young.

**COMPLAINT**

Defendants do not contest that the Youngs removed themselves from the Texas lot title, but again, this is a decade-old event.

**EVIDENCE**

- The 2023 wire dispute is unaffected by a 2010–2011 deed change.

**LAW**

"Collateral events from 10+ years prior cannot outweigh contradictory evidence on the crucial 2023 wire transfers." - *Fox v. Fox*, 87 Wn. App. 782

**PROPOSED AMENDED**

20. The Youngs relinquished their interest in the Texas lot around 2010–2011. This past event is not probative of whether Linda Cole knowingly transferred the mortgage down-payment funds to Eric Young in 2023.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 34 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 21**

21. To get out from the arrears, the Coles ultimately surrendered the lot back to the developer. Testimony of L. Cole.

**COMPLAINT**

Again, the Court continues detailing a 2010–2011 real estate breakdown. It is immaterial to the alleged conversion in 2023.

**EVIDENCE**

- No contradiction that the Coles surrendered the lot.

- It does not prove that Linda was unaware of the 2023 mortgage-wire arrangement.

**LAW**

"The Court must limit itself to relevant facts under CR 52(a); historical fiascos cannot overshadow direct contradictory admissions." - *Thompson v. Huston*, 154 Wn. App. 384

**PROPOSED AMENDED**

21. The Coles surrendered the Texas lot to the developer, but this 2010 history does not affect Linda Cole's 2023 admission acknowledging Eric Young as the sole borrower for the Spokane house.

**FINDING OF FACT NO. 22**

22. During a period of reconciliation, on June 4, 2016, the Coles lent the Youngs $6,800.00 to be paid back in 60 days. Exhibit P-1, p.1; Testimony of L. Cole and E. Young.

**COMPLAINT**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

This 2016 loan is undisputed, and it was ultimately repaid. Nothing here proves or disproves theft in 2023.

**EVIDENCE**

- Exhibit P-1 acknowledges a 2016 loan for $6,800.00.

- The Court must not treat a prior loan as conclusive proof of exploitation, especially in the face of Linda's contradictory admissions about voluntarily funding Eric's 2023 mortgage.

**LAW**

"A repaid 2016 loan is immaterial to whether Linda's 2023 wire was authorized." - *Fox v. Fox*, 87 Wn. App. 782

**PROPOSED AMENDED**

22. In 2016, the Coles lent $6,800 to the Youngs, which was repaid. This prior loan does not negate Linda Cole's more recent recorded admission that she knowingly provided Eric Young's 2023 down payment.


**FINDING OF FACT NO. 23**

23. In early 2020, Mr. Cole inherited between $1.4 to $1.5 million dollars after his mother passed away. Testimony of L. Cole.

**COMPLAINT**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

Yes, Ted Cole received a large inheritance. The Court implies the Youngs seized upon this windfall. But Linda's own testimony (via the October 21 audio) shows she was not tricked - she explicitly references Eric as "wanting to pick up" the mortgage.

**EVIDENCE**

- Exhibit D-116 does not support any forced taking of the Cole inheritance.

- Linda wrote large checks voluntarily and, by her own statements, understood the arrangement.

**LAW**

"A large inheritance alone does not prove that a subsequent wire transfer was unconsented."

- *Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank*, 80 Wn. App. 655

**PROPOSED AMENDED**

swift

23. Ted Cole inherited roughly $1.4–$1.5 million in 2020. This does not itself prove exploitation; Linda Cole's October 21 admission undermines any claim of forced or unauthorized taking of her inheritance funds.

**FINDING OF FACT NO. 24**

24. The Coles had anticipated this inheritance because Mr. Cole was granted the inheritance upon his stepfather's death, but it was not to be paid until his mother passed away. Testimony of L. Cole.

**COMPLAINT**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

1    The Court notes they "anticipated" inheritance. Again, immaterial to whether Linda consented

2    to wiring Eric the down-payment.

3    **EVIDENCE**

4    • Linda's own statements confirm she did consent.

5    • Whether or not the Coles expected an inheritance is irrelevant to a 2023 transaction that

6    Linda orchestrated.

7    **LAW**

8    "To prove conversion, the plaintiff must show lack of authorization; mere existence of

9    inheritance money does not resolve that question." - *Burton v. City of Spokane*, 16 Wn.

10   App. 2d 769

11   **PROPOSED AMENDED**

12   24. The Coles anticipated Ted's inheritance. However, this expectation does not negate Linda

13   Cole's recorded admission that she willingly contributed the mortgage down-payment funds in

14   2023 for Eric Young's sole application.

15   **FINDING OF FACT NO. 25**

16   25. The Youngs also knew that Mr. Cole would inherit money once his mother died. Testimony

17   of L. Cole.

18   **COMPLAINT**

19   So what if the Youngs knew a future inheritance was forthcoming? It does not change the fact

20   Linda voluntarily transferred funds for Eric's mortgage.

21   **EVIDENCE**

22   DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP[...]
23   CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT[...]
     PAGE 38 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- The crucial evidence is Linda's contradictory stance: she authorized the wires yet now claims theft. The inheritance knowledge is tangential.

LAW

"Knowing someone may have substantial funds is distinct from forcibly or wrongfully taking them." - *Fox v. Fox*, 87 Wn. App. 782

PROPOSED AMENDED

25. The Youngs knew Ted Cole would eventually inherit funds. That knowledge, standing alone, does not establish conversion, particularly given Linda Cole's admission on October 21, 2023, that she knew Eric Young alone was obtaining the mortgage.

FINDING OF FACT NO. 213

213. The Coles must show that the Youngs misrepresented an existing fact. Even if the court found that there was an agreement to put the Coles on the title and mortgage, a promise to do something is not an existing fact.

COMPLAINT

While the Court correctly concludes that breach of a future promise is not fraud, it fails to apply the same logic to conversion - i.e., if Linda fully knew Eric was the sole mortgage applicant, there is no "wrongful taking" or "deprivation" to begin with. The same evidence that defeats fraud also defeats conversion.

EVIDENCE

- Exhibit D-116: Linda admits Eric is the borrower. She changed her mind, not that she was deceived.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- The Court tries to disclaim fraud but upholds conversion, ignoring that both require lack of consent or a false representation. Linda's knowledge refutes both.

**LAW**

1. Fraud requires a misrepresentation of existing fact. The Court finds none.

2. Conversion requires a "wrongful taking" or "wrongful dominion" without the owner's consent. *Burton v. City of Spokane*, 16 Wn. App. 2d 769. If Linda actually consented, there is no conversion.

**PROPOSED AMENDED**

213. The Court correctly notes that an unfulfilled promise is not fraud under Baddeley. Similarly, Linda Cole's admission in the October 21 audio shows no existing fact was falsely represented and no unauthorized taking occurred. Thus, both the Coles' fraud claim and their conversion claim fail because Ms. Cole knowingly provided the funds for Eric Young's mortgage, negating any wrongful or unauthorized dominion.

**FINDING OF FACT NO. 26**

26. With the inheritance, Mr. and Ms. Cole purchased a home in Baker City Oregon and planned a large remodel project. Testimony of L. Cole.

**COMPLAINT**

Defendants do not challenge that the Coles purchased a Baker City home and undertook renovations. However, the Court repeatedly references Linda Cole's inheritance and remodeling plans to imply that she was financially stable while the Youngs were financially

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 40 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

strained. This implication omits Linda's own later admissions that she knowingly funded Eric Young's mortgage, undercutting any notion of an involuntary or "wrongful" taking of her money.

**EVIDENCE**

- The fact that Linda and Ted Cole had significant resources for Baker City renovations does not prove theft by Defendants.

- Exhibit D-116 (Oct 21 audio) plainly shows Linda acknowledging Eric was the only mortgage borrower for the Spokane home, not a co-borrower, which contradicts any suggestion that she was blindsided or defrauded into giving up her funds.

**LAW**

"Ownership of other real property or inheritance proceeds does not, by itself, prove a party has been victimized. The question remains whether Linda Cole consented to transferring her money to Eric Young for the mortgage." - *Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank*, 80 Wn. App. 655

**PROPOSED AMENDED**

26. While Linda and Ted Cole used inheritance funds to purchase and remodel a Baker City, Oregon home, this fact does not establish that Linda Cole's later wire transfers to Eric Young were unauthorized. Her own recorded statement of October 21, 2023 (Exhibit D-116) confirms she knew Eric Young alone was borrowing for the Spokane house, negating any inference of "involuntary" or "wrongful" taking of her money.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

EXHIBIT A

DETAILED OBJECTIONS CR 52(B)

"ANALYSIS OF FINDINGS NOS. 1–213"

PART 3

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 42 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com