**FINDING OF FACT NO. 27**

27. On September 21, 2021, after a period of estrangement and little communication for a year and a half, Ms. Young sent Ms. Cole a text message asking Ms. Cole to pay off the Young's mortgage on their home in Texas. Exhibit P-2, p. 9-11; Testimony of L. Cole and S. Young.

COMPLAINT

While it is accurate that in 2021 Susanann Young requested financial help from Linda, this text exchange is not dispositive of whether Linda was "robbed" in 2023. It merely shows that Ms. Young asked for assistance. The Court recites this to suggest a pattern of Linda being pressured for money, yet omits the far more direct 2023 admissions by Linda that she willingly wired funds for Eric's separate Spokane mortgage.

EVIDENCE

- The 2021 text chain (Exhibit P-2) does not negate Linda's own 2023 statements about knowingly providing a down payment to Eric.

- No evidence shows Linda was tricked or that the Youngs seized her funds in 2023 under false pretenses.

LAW

"Prior requests for financial help do not, by themselves, prove involuntariness in a later transaction." - *Fox v. Fox*, 87 Wn. App. 782

PROPOSED AMENDED

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

27. Ms. Young's 2021 request to pay off a Texas mortgage does not establish that Linda Cole's 2023 wire transfers were unauthorized. Linda Cole's own statements from October 21, 2023, contradict any claim that she unwittingly parted with her funds for Eric Young's sole mortgage application.

**FINDING OF FACT NO. 28**

28. The mortgage was approximately $216,000.00. Exhibit P-2, p. 9-11. Testimony of S. Young.

COMPLAINT

Defendants do not dispute that the prior Texas mortgage was around $216,000. The Court's reference to this older loan is immaterial to the 2023 alleged conversion. Merely noting the figure serves no purpose except to depict the Youngs as frequently in need of Linda's financial help.

EVIDENCE

- The 2021 text references the $216,000 mortgage on the Texas property.

- Exhibit D-116 (2023 audio) is the crucial evidence about Linda's knowledge in the new Spokane transaction, which is being overshadowed.

LAW

"Outdated mortgage data on a Texas home is not probative of a separate real estate purchase years later, unless it directly shows lack of consent - which it does not." - *Thompson v. Huston*, 154 Wn. App. 384

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**PROPOSED AMENDED**

28. While the Youngs' Texas mortgage stood at about $216,000 in 2021, this has no bearing on whether Linda Cole knowingly transferred funds for Eric Young's 2023 Spokane mortgage, as shown by her own recorded admissions.

**FINDING OF FACT NO. 29**

29. During this time, the Youngs were experiencing financial issues and Ms. Young believed that "a typical mother would want to do" everything they can to help their children. Testimony of S. Young.

**COMPLAINT**

The Court cites Ms. Young's 2021 statement, implying the Youngs repeatedly sought Linda's help. This background does not diminish Linda's 2023 acknowledgments that she funded Eric's sole mortgage willingly. "Experiencing financial issues" does not equate to theft if Linda provided the money voluntarily.

**EVIDENCE**

- Ms. Young's commentary about "typical mother" is in 2021, not 2023.

- The impetus for the 2023 wire was a down payment for a new Spokane house, with Linda's direct involvement.

**LAW**

"Financial hardship alone, or a child's hope for parental assistance, does not prove wrongful taking or conversion where the parent consents."

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- *Burton v. City of Spokane*, 16 Wn. App. 2d 769

**PROPOSED AMENDED**

29. Though Ms. Young believed a typical mother might help with financial issues, Linda Cole's recorded statements from October 21, 2023, show she did, in fact, consent to helping Eric Young with the down payment. Financial difficulties do not themselves establish theft or involuntariness.

**FINDING OF FACT NO. 30**

30. Ms. Cole did not respond to the text message. Testimony of L. Cole and S. Young.

**COMPLAINT**

The Court highlights that Linda "did not respond" to a 2021 text. This detail is irrelevant to whether Linda consented to the 2023 transfer. Failing to respond in 2021 does not prove she was coerced two years later.

**EVIDENCE**

- Linda's silence in 2021 does not negate her 2023 admissions of consenting to wire funds.

**LAW**

"A party's silence or refusal to respond in one instance is not proof of an unauthorized transaction years later." - *Fox v. Fox*, 87 Wn. App. 782

**PROPOSED AMENDED**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

30. Ms. Cole did not respond to Ms. Young's 2021 request regarding the Texas mortgage. This non-response is unrelated to whether Linda Cole later consented to wiring funds for Eric Young's 2023 mortgage.

**FINDING OF FACT NO. 31**

31. In 2022, the Youngs sold their home in Texas and moved to Spokane, Washington so JY could attend St. George's School. Testimony of S. Young and E. Young.

**COMPLAINT**

This states the reason for the Youngs' relocation. It does not address whether Linda's 2023 wire to Eric was voluntary. The Court repeatedly sets up the Youngs' "needs," ignoring Linda's contradictory 2023 admissions.

**EVIDENCE**

- The Youngs indeed moved to Spokane for JY's schooling.

- Exhibit D-116 remains the key evidence that Linda was not defrauded regarding the new mortgage.

**LAW**

"Where the controlling question is consent to a wire transfer, background on a move for schooling is tangential." - *Thompson v. Huston*, 154 Wn. App. 384

**PROPOSED AMENDED**

31. The Youngs sold their Texas home and moved to Spokane in 2022 for JY's schooling, which does not alter Linda Cole's clear consent in October 2023 to fund Eric Young's Spokane mortgage.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 32**

32. From the sale of their home, the Youngs paid off two judgments from American Express and Bank of America in the amounts of $11,787.71 and $27,172.42, respectively as well as an IRS tax lien in the amount of $40,755.69, and the 2016 loan from the Coles. Testimony of E. Young; Exhibit P-1, p.2.

**COMPLAINT**

The Court details the Youngs' debt payments upon selling their Texas home, presumably to show they had financial obligations. Yet Linda's 2023 statements remain the key for whether she voluntarily provided further funds. The Court must not overlook her admission that she allowed Eric to "pick up" the mortgage.

**EVIDENCE**

- Paying off debts does not prove the Youngs "stole" Linda's money later.

- Linda's contradictory audio admission stands unrebutted.

**LAW**

"Financial obligations do not automatically equate to fraudulent or coercive means of obtaining funds." - *Fox v. Fox*, 87 Wn. App. 782

**PROPOSED AMENDED**

32. After selling their Texas home, the Youngs paid off multiple debts, including a 2016 loan from the Coles. This does not negate Linda Cole's explicit acknowledgement on October 21, 2023, that she intentionally provided Eric Young with down-payment funds for his sole mortgage, refuting any claim of wrongful taking.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 33**

33. During this time of the parties' estrangement, the Coles became very good friends with a family in their church in Baker City, Mark and Joelle Sverns. Testimony of L. Cole.

**COMPLAINT**

This fact about the Coles' friendships in Baker City adds no probative value to whether Linda's 2023 wire was voluntary. The Court repeatedly references extraneous relationships instead of the contradictory wire-transfer admissions.

**EVIDENCE**

- Linda's new friends are immaterial to the alleged 2023 conversion.

- Exhibit D-116 is still the controlling contradictory evidence.

**LAW**

"Friendships or church associations are immaterial unless they directly bear on consent or knowledge regarding the disputed transaction." - *Thompson v. Huston*, 154 Wn. App. 384

**PROPOSED AMENDED**

33. The Coles befriended Mark and Joelle Sverns during their estrangement from the Youngs. This church friendship does not address Linda Cole's recorded admission in 2023 that Eric Young alone was taking out the Spokane mortgage, undercutting any 'conversion' claim.

**FINDING OF FACT NO. 34**

34. In 2021, Mr. and Ms. Cole executed a will that left their estate to Mark and Joelle Sverns. Testimony of L. Cole.

**COMPLAINT**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

Defendants do not dispute that the Coles once planned to leave their estate to the Sverns. This testamentary decision is irrelevant to whether Linda voluntarily supplied Eric with a down payment. Its inclusion may unfairly imply the Coles "trusted others more than the Youngs" without addressing Linda's own contradictory wire admissions.

**EVIDENCE**

- The will references do not negate Linda's 2023 statements about the mortgage.

- All that matters is whether Linda consented to the 2023 transfers.

**LAW**

"A party's estate plans are typically irrelevant to a subsequent alleged conversion unless it directly refutes or confirms consent." - *Fox v. Fox*, 87 Wn. App. 782

**PROPOSED AMENDED**

34. In 2021, the Coles named Mark and Joelle Sverns as beneficiaries in their will. This testamentary choice does not bear on whether Linda Cole knowingly wired funds to Eric Young for his mortgage in 2023, as evidenced by her October 21 recorded admission.

**FINDING OF FACT NO. 35**

35. The parties reconciled sometime between 2021–2023. Testimony of S. Young, L. Cole, and E. Young.

**COMPLAINT**

The Court mentions a reconciliation but omits Linda's contradictory stance: the parties' personal closeness does not prove she was deceived when she later wired mortgage funds. The

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

crucial question remains whether Linda consented, which her own recorded statements

confirm.

**EVIDENCE**

- Reconciliation does not show lack of consent.

- Exhibit D-116 reveals Linda fully understood Eric was handling the mortgage.

**LAW**

"Relationship reconciliations or feuds do not alone prove or disprove consent for a financial

transaction." - *Thompson v. Huston*, 154 Wn. App. 384

**PROPOSED AMENDED**

35. The parties reconciled prior to 2023, but that does not negate Linda Cole's recorded and

voluntary decision to wire Eric Young the down payment for the Spokane home mortgage.


**FINDING OF FACT NO. 36**

36. As their reconciliation with the Youngs continued and they began thinking of moving to

Spokane, the Coles changed their will in 2022 and named the Youngs as their beneficiaries.

Testimony of L. Cole.

**COMPLAINT**

Defendants do not dispute that Linda changed her will to favor the Youngs after reconciling.

However, referencing testamentary changes does not answer the real issue: Linda's

contradictory claims about "theft" vs. her 2023 admissions of consent.

**EVIDENCE**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Changing the will back to the Youngs suggests Linda trusted them at that time.

- Her own contradictory testimony arises only when she decides she wants her money back.

**LAW**

"Altering a will may show shifting loyalties, but does not prove or disprove conversion, which hinges on consent to the transaction in question." - *Fox v. Fox*, 87 Wn. App. 782

**PROPOSED AMENDED**

36. The Coles revised their will in 2022 to name the Youngs as beneficiaries. This does not override Linda Cole's October 21, 2023, recorded statement showing she understood Eric Young was the only borrower, thus refuting allegations of involuntary conversion.

**FINDING OF FACT NO. 37**

37. In April or May 2023, upon Ms. Young's advice and encouragement, the Coles, while still residing in Baker City, purchased a piece of property in Spokane for $179,000.00. Testimony of L. Cole and S. Young.

**COMPLAINT**

The Court notes a different purchase in Spokane for $179,000 by the Coles. This is not the Golden Court home at issue in the alleged theft. Citing this earlier property purchase does not prove Linda was defrauded out of any subsequent funds.

**EVIDENCE**

- The Coles independently bought Spokane land.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- The question remains: Did Linda also knowingly wire Eric's mortgage money later in 2023?

**LAW**

"A separate property purchase by the Coles does not negate Linda's knowledge that Eric was the sole applicant for the Golden Court mortgage." - *Thompson v. Huston*, 154 Wn. App. 384

**PROPOSED AMENDED**

37. In mid-2023, the Coles purchased separate Spokane property. This transaction is distinct from the Golden Court mortgage and does not refute Linda Cole's explicit October 21 acknowledgment that Eric Young alone would hold the mortgage for the home in question.

**FINDING OF FACT NO. 38**

38. The Coles planned to move to Spokane, build a duplex on the property, and have the Youngs live in the other unit. Testimony of L. Cole, S. Young, and E. Young.

**COMPLAINT**

This was an earlier plan that apparently shifted into purchasing the Golden Court house. The Court's emphasis on these intended living arrangements does not address Linda's contradictory claim of "co-borrower" vs. her October 21 audio confirming Eric was the only borrower.

**EVIDENCE**

- Building a duplex was an idea that never transpired.

- The final arrangement in 2023 was to buy a house, allegedly with Linda's down payment for Eric's sole mortgage.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**LAW**

"Abandoned real-estate plans do not themselves show whether later wires were authorized or unauthorized." - *Fox v. Fox*, 87 Wn. App. 782

**PROPOSED AMENDED**

38. The Coles initially planned to build a duplex and have the Youngs occupy one unit, but this plan changed. Linda Cole's subsequent statements on October 21, 2023, confirm she understood Eric Young would be the only borrower for the eventual house purchase, negating any theft claim.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 54 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

EXHIBIT A

DETAILED OBJECTIONS CR 52(B)

"ANALYSIS OF FINDINGS NOS. 1–213"

PART 4

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 39**

39. This would result in the Youngs being nearby if Mr. and Ms. Cole needed care or help and would significantly reduce the Young's living expenses since Mr. and Ms. Cole would finance the duplex. Testimony of S. Young, E. Young, and L. Cole.

COMPLAINT

The Court summarizes potential benefits of co-location. Again, this background does not resolve the key question: Did Linda willingly wire the money for Eric's Golden Court mortgage?

EVIDENCE

- Linda's 2023 wires were for a different property purchase, not the hypothetical duplex.

- Exhibit D-116 clarifies that Linda knew Eric alone was obtaining a mortgage.

LAW

"Regardless of projected living arrangements, the controlling issue is whether Linda Cole consented to transferring her funds." - *Thompson v. Huston*, 154 Wn. App. 384

PROPOSED AMENDED

39. The parties contemplated living arrangements that might reduce the Youngs' expenses. Such plans are immaterial to Linda Cole's clearly established awareness that Eric Young alone took out the Golden Court mortgage, as confirmed in the October 21 recording.

**FINDING OF FACT NO. 40**

40. In May 2023, Ms. Cole discovered that the Youngs were behind in tuition payments to St. George's School. Testimony of L. Cole.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**COMPLAINT**

The Court cites Linda's discovery of tuition arrears, suggesting the Youngs needed more money. Yet Linda's contradictory statements show she was aware that Eric was handling the mortgage. Being "behind in tuition" does not prove theft if Linda freely provided funds.

**EVIDENCE**

- Ms. Cole's impetus to help with tuition does not prove subsequent unauthorized conversion for a mortgage.

- Exhibit D-116 addresses the mortgage arrangement, not school tuition.

**LAW**

"Even if a party is in arrears on tuition, a subsequent voluntary gift or loan does not become theft absent non-consent." - *Burton v. City of Spokane*, 16 Wn. App. 2d 769

**PROPOSED AMENDED**

40. Ms. Cole learned of the Youngs' tuition arrears in May 2023. However, this does not establish theft or conversion in the later mortgage transaction. Linda Cole's own recorded statements show she knowingly funded Eric Young's down payment despite the Youngs' financial circumstances.

**FINDING OF FACT NO. 41**

41. Wanting to help, Ms. Cole wrote the Youngs a check for $12,000.00 for JY's school tuition. Exhibit P-4, p.2.

**COMPLAINT**

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 57 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

Yes, Linda voluntarily gave $12,000 for tuition. The Court references this to frame Linda as repeatedly exploited. However, a mother's willingness to assist does not equate to an unauthorized seizure of her money.

**EVIDENCE**

- The check for $12,000 was undisputedly Linda's choice.

- Similarly, the 2023 mortgage wires were Linda's choice, as her own contradictory statements confirm.

**LAW**

"Consistent voluntary support does not translate to theft or wrongful taking. The question is always whether the owner consented." - *Fox v. Fox*, 87 Wn. App. 782

**PROPOSED AMENDED**

41. Ms. Cole wrote a $12,000 check for tuition. This act of generosity does not prove the Youngs "took" her money without consent in the subsequent mortgage transaction, especially given Linda's admissions of voluntary participation on October 21, 2023.

**FINDING OF FACT NO. 42**

42. Between August and October 2023, the Coles began moving their belongings to Spokane, Washington and lived between their home in Baker City and the Young's home in Spokane. Testimony of L. Cole, S. Young, and E. Young.

**COMPLAINT**

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 58 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

While the Coles indeed began transitioning to Spokane, that does not refute Linda's admission that Eric would be the only borrower on the new house. The Court recounts partial timeline details but omits the crucial contradictory audio.

**EVIDENCE**

- Linda's logistical moves to Spokane are not at issue in whether she consented to Eric's mortgage transfer.

- Exhibit D-116 remains unaddressed in these findings.

**LAW**

"Physical relocation does not prove or disprove unauthorized taking of funds; the controlling factor is Linda's knowledge and consent." - *Thompson v. Huston*, 154 Wn. App. 384

**PROPOSED AMENDED**

42. The Coles moved belongings to Spokane in late 2023. This relocation does not contradict Linda Cole's acknowledgment that Eric Young alone would hold the mortgage for the new home, negating any alleged non-consensual taking of her funds.

**FINDING OF FACT NO. 43**

43. On September 22, 2023, upon inquiry, Ms. Young was able to get Ms. Cole to tell her what Mr. and Ms. Cole's financial situation looked like. Exhibit D-110, p. 469-470.

**COMPLAINT**

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 59 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

The Court references Ms. Young learning about Linda's finances. This background does not negate Linda's contradictory statement that she chose to wire Eric the money for his mortgage. Merely inquiring about finances does not prove theft.

**EVIDENCE**

- Exhibit D-110 shows Ms. Young's texts summarizing the Coles' account balances.

- Linda's 2023 admissions remain the core evidence of actual consent.

**LAW**

"Gaining knowledge of another's finances is not conversion absent proof that the money was taken without authorization." - *Burton v. City of Spokane*, 16 Wn. App. 2d 769

**PROPOSED AMENDED**

43. Ms. Young inquired into the Coles' financial situation on September 22, 2023. Merely knowing Linda Cole's finances does not prove theft; Linda's October 21 admissions show she voluntarily provided Eric Young the down payment.

**FINDING OF FACT NO. 44**

44. A text between Mr. and Ms. Young on September 22, 2023, stated: [text messages discussing the Cole finances]. Exhibit D-110, p. 469-470.

**COMPLAINT**

These spousal texts appear to show the Youngs remarking on how much money Linda has and her willingness to potentially give large sums. The Court implies a predatory interest, yet Linda's contradictory admissions show she consciously and voluntarily parted with her funds.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 60 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**EVIDENCE**

- The messages do not say the Youngs intended to steal or misappropriate the money. They discuss Linda's willingness to give.

- Exhibit D-116 clarifies Linda was not deceived.

**LAW**

"Discussing a relative's finances, even eagerly, is not theft if the relative consents to giving the money." - *Fox v. Fox*, 87 Wn. App. 782

**PROPOSED AMENDED**

44. Mr. and Ms. Young texted about the Cole finances on September 22, 2023. While these messages indicate the Youngs were aware of Linda's funds, her recorded statements from October 21 confirm that she willingly agreed to fund Eric's mortgage, undercutting any inference of theft.

**FINDING OF FACT NO. 45**

45. On October 7, 2023, the parties agreed that it would be best to purchase a home for both families to live in instead of building a duplex. Testimony of E. Young.

**COMPLAINT**

Yes, the record shows they moved from a duplex plan to buying a single house. This is background, not evidence of unauthorized taking. The question remains: did Linda know she was giving Eric the down payment? Her own statements say yes.

**EVIDENCE**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- FoF 46–50 discuss the conflicting versions of "who would be on title." Meanwhile, the Oct 21 audio shows Linda acknowledging Eric alone borrowed.

- The Court omits that contradictory admission in these findings.

**LAW**

"Shifting from a duplex plan to buying a single home does not itself suggest theft absent evidence Linda opposed transferring money." - *Thompson v. Huston*, 154 Wn. App. 384

**PROPOSED AMENDED**

45. On October 7, 2023, they decided to purchase a single house instead of building a duplex. Regardless of this change, Linda Cole's October 21 admission confirms that Eric Young was the sole mortgage borrower, contradicting any claim of conversion.

**FINDING OF FACT NO. 46**

46. According to Ms. Cole, the parties agreed to purchase the home together, which meant that both families would be on the title and mortgage for the home. Testimony of L. Cole.

**COMPLAINT**

Defendants contend that Linda Cole's testimony is directly contradicted by the October 21 audio recording (Exhibit D-116), in which Ms. Cole acknowledges that Eric (not "both families") was the sole mortgage applicant from the outset. Despite her lawsuit claims that "she was supposed to be on the mortgage," she contradicts that stance in her own recorded words: Linda (Cole), Oct 21 Audio (D-116, ~00:03:58–00:04:21):

"We were going to buy the house. As it turned out, it had to be mortgaged and you (Eric) wanted to pick that up."

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

Eric (Young): "Wanted is not the point."

Linda: "Well, you did."

Thus, FoF 46 - as the Court adopts Linda's claim that both families would be on the title/mortgage - is at odds with Linda's own recorded admission. If Ms. Cole truly believed "both families" would be on the mortgage, she would not simultaneously admit on October 21 that Eric alone had to "pick it up."

**EVIDENCE**

1. Exhibit D-116 (Oct 21 recording): Linda explicitly states the mortgage was Eric's, not hers.

2. Verified Complaint #16: Linda claims "we have been excluded from the lending process" (i.e., no longer on the mortgage). This contradicts her repeated allegations that she was forced or tricked out of the deal.

3. FoF 121: The Court finds Linda was not a signatory or party to the Purchase & Sale Agreement, consistent with her actual knowledge that Eric alone was on the contract.

**LAW**

- Thompson v. Huston, 154 Wn. App. 384 (2010): A trial court must reconcile direct contradictions in the record; ignoring them or adopting only one side's story, where the other side is recorded in the plaintiff's own voice, constitutes error.

- State v. Karpenski, 94 Wn.2d 377 (1980): A court cannot disregard direct, contradictory evidence from the same witness - especially where captured in a verified audio exhibit.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**PROPOSED AMENDED**

46. According to Ms. Cole's testimony, she believed both families would be on title and mortgage. However, Ms. Cole's recorded statement on October 21, 2023 (Exhibit D-116, timestamp ~00:03:58–00:04:21) shows she acknowledged that Eric Young alone was applying for and "picking up" the mortgage. Therefore, any claim that Ms. Cole was also to be on the mortgage is contradicted by her own audio admissions and the Purchase & Sale Agreement naming Eric Young as the sole buyer.

**FINDING OF FACT NO. 47**

47. Ms. Cole believed once they sold their home in Baker City and the lot in Spokane, Mr. and Ms. Cole would pay off the mortgage to the new home. Testimony of L. Cole.

**COMPLAINT**

Linda Cole's belief that she and Ted would eventually pay off the mortgage - even if sincere - does not prove she was a co-borrower or that her funds were taken without her consent. This is another instance where her "belief" must be reconciled with her explicit admission that Eric was the only person on the loan documents.

**EVIDENCE**

- Exhibit D-116 (Oct 21 audio): Linda states "it had to be mortgaged and you (Eric) wanted to pick that up," contradicting the notion that Linda was on the mortgage from inception.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 64 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

25-80037-FPC    Doc 17-11    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 22 of 100

- FoF 63 and FoF 121 confirm that Eric alone executed the Purchase & Sale Agreement and that Linda had no legal standing to rescind it - meaning she was not a buyer/borrower.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): A witness's stated "belief" or future hope does not override the contradictory, recorded evidence of actual arrangements.

- Thompson v. Huston, 154 Wn. App. 384: The Court must address all contradictory facts, not adopt only Ms. Cole's uncorroborated belief.

**PROPOSED AMENDED**

47. While Ms. Cole testified that she intended to pay off the home mortgage once her properties sold,

the October 21, 2023, recording (Exhibit D-116) and the sole purchase documents under Eric Young's name show Ms. Cole was not actually a co-borrower. Her personal belief or future plan does not negate her acknowledgment that Eric alone was on the mortgage.

**FINDING OF FACT NO. 48**

48. Until this time, the Youngs would make the mortgage payments. Testimony of L. Cole and E. Young.

**COMPLAINT**

The Court states that Linda Cole anticipated Eric and Susanann making the mortgage payments "until [the Coles] sold their other properties." This aligns with Eric Young being the only

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 65 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

25-80037-FPC    Doc 17-11    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 23 of 100

obligor on the mortgage note. Yet the Court fails to reconcile Linda's later conversion claim with her acceptance that Eric was servicing the loan.

**EVIDENCE**

- FoF 63: The Purchase & Sale Agreement lists Eric Young alone as buyer. Mortgage obligations would logically be Eric's, consistent with Linda's knowledge.

- Exhibit D-116: Linda's own words confirm Eric was the sole borrower, so of course he would be the one making payments.

**LAW**

- Leingang v. Pierce County Med. Bureau, 131 Wn.2d 133 (1997): A factual finding must be consistent with the total record, not ignoring contradictory statements that show Linda knew exactly who was paying the mortgage.

- Commodore v. Univ. Mech. Contractors, 120 Wn.2d 120, 137–38 (1992): Where a party acknowledges someone else is responsible for the loan, it undercuts any notion of forced appropriation.

**PROPOSED AMENDED**

48. The parties (including Ms. Cole) understood that Eric Young would make the mortgage payments until such time as the Coles sold their other properties. This arrangement corroborates the fact that Eric, not Linda, was the sole obligor on the mortgage, consistent with Ms. Cole's own recorded admissions.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 49**

49. Ms. Cole believed it would benefit the Youngs because once the mortgage was paid off, they would not have a house payment and because both families were on the title, the home would automatically go to the Youngs upon the Coles' deaths. Testimony of L. Cole.

**COMPLAINT**

Here the Court again adopts Linda Cole's claim that "both families were on the title." This is directly disproven by the actual title documents, the P&S Agreement, and Linda's own admission that Eric alone was the buyer. Linda's "belief" about eventual pay-off or inheritance does not establish she was also a co-owner or co-borrower from inception.

**EVIDENCE**

- FoF 63: The purchase and sale agreement is solely Eric Young's.

- Testimony of R. Flaherty: Linda Cole "seemed confused" that she wasn't on the title, showing Linda was simply not a signatory.

- Exhibit D-116: Linda acknowledges Eric "picked up the mortgage."

**LAW**

- Fox v. Fox, 87 Wn. App. 782: Stating a subjective "belief" or "benefit" does not override contradictory documentary and recorded evidence.

- Thompson v. Huston, 154 Wn. App. 384: A trial court must address the direct contradictions, not just recite one party's claim.

**PROPOSED AMENDED**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

49. While Ms. Cole testified that having both families on title would benefit the Youngs, the actual purchase documents and Ms. Cole's own recorded admission show Eric Young as the sole purchaser and borrower. Any hope that "both families" would be on title is contradicted by the signed agreements and Ms. Cole's statement acknowledging Eric's exclusive mortgage role.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 68 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

EXHIBIT A

DETAILED OBJECTIONS CR 52(B)

"ANALYSIS OF FINDINGS NOS. 1–213"

PART 5

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 69 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 50**

50. According to Mr. Young, the Coles agreed to pay the down payment plus extra money to help lower his debt-to-income ratio, so he could qualify for a mortgage, that only he would be on the mortgage and title, and that the home would be placed in trust for the benefit of the Coles and the Youngs. Testimony of E. Young.

**COMPLAINT**

FoF 50 finally references Eric Young's testimony that only he would be on the mortgage/title. This is consistent with Linda's recorded statement as well. However, the Court's subsequent "conversion" ruling overlooks how Linda's own testimony (Exhibit D-116) supports this version of events.

**EVIDENCE**

1. Exhibit D-116: Linda acknowledges Eric's sole mortgage.

2. FoF 121: Linda was not a party to the P&S Agreement.

3. Testimony of R. Flaherty: Confirms only Eric was the buyer on record.

**LAW**

- Thompson v. Huston, 154 Wn. App. 384: Where both Linda's and Eric's testimonies converge on Eric's sole borrower status, a court cannot dismiss that convergence to find "theft."

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Burton v. City of Spokane, 16 Wn. App. 2d 769: Conversion requires proof that Linda's property was unlawfully possessed. If Linda knowingly gave Eric the funds for his mortgage, no wrongful possession exists.

**PROPOSED AMENDED**

50. Mr. Young testified that the Coles intended to supply down-payment funds so only he would be on the mortgage and title, placing the home in a trust for everyone's benefit. This testimony aligns with Linda Cole's October 21 audio admission that Eric alone had the mortgage, contradicting any inference that Ms. Cole's funds were taken without her knowledge or consent.

**FINDING OF FACT NO. 51**

51. Mr. Young arranged for the parties to look at homes with real estate agent, Rebecca Flaherty, on October 11, 2023. Testimony of R. Flaherty and E. Young.

**COMPLAINT**

FoF 51 simply states that Eric coordinated a home search on October 11. While uncontroversial, it omits that Linda was present or at least aware Eric alone was the prospective buyer, consistent with Linda's eventual statement that she was not on the loan.

**EVIDENCE**

- Exhibit D-116: Linda's own statements acknowledging Eric "picked up" the mortgage.

- Testimony of R. Flaherty: Confirms Eric, not Linda, took the lead in homebuying details.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**LAW**

- Thompson v. Huston, 154 Wn. App. 384: A trial court must integrate the bigger picture - Eric's sole role as buyer - into these subordinate facts.

**PROPOSED AMENDED**

51. Mr. Young arranged home showings on October 11, 2023, with agent Rebecca Flaherty. This aligns with the broader record that Eric Young alone was the prospective mortgage borrower, as Ms. Cole later acknowledged in her October 21 recorded statement.

**FINDING OF FACT NO. 52**

52. The parties found a home they liked on Golden Court. Testimony of L. Cole, S. Young, and E. Young.

**COMPLAINT**

All parties agreeing they "liked" the Golden Court property does not explain how Linda's contradictory claim - "I was supposed to be a co-borrower" - is refuted by her own words in the October 21 audio. The Court's emphasis on group involvement overlooks Linda's ultimate recognition that Eric alone was on the contract.

**EVIDENCE**

- FoF 63: Eric alone enters the Purchase & Sale Agreement on October 13.

- Exhibit D-116: Linda, on October 21, states she was never on the mortgage.

**LAW**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782: Findings must reflect contradictory evidence, not just partial facts.

**PROPOSED AMENDED**

52. The parties collectively identified the Golden Court home on October 11. Despite group input in viewing the property, the record (Exhibit D-116 and FoF 63) confirms Eric Young alone proceeded with the mortgage and title, consistent with Ms. Cole's audio admission on October 21, 2023.

**FINDING OF FACT NO. 53**

53. Parties agreed that the Coles would live on the main floor and that the basement would be remodeled for the Youngs. Testimony of L. Cole, S. Young, and E. Young.

**COMPLAINT**

The Court references the plan for living arrangements but does not clarify that living arrangements do not equal "co-ownership" or "co-borrower" status. Linda's statements about basement remodeling do not prove she was a titled buyer or that her money was taken without consent.

**EVIDENCE**

- Exhibit D-116: Linda's admission of Eric's sole mortgage role stands unchallenged.

- The fact that the Coles might reside on the main floor is a personal/family arrangement, not a legal mortgage arrangement.

**LAW**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Thompson v. Huston, 154 Wn. App. 384: The Court must connect living plans to the actual legal status - consent to the mortgage transaction.

**PROPOSED AMENDED**

53. The parties discussed having the Coles occupy the main floor and the Youngs the remodeled basement. However, these living arrangements do not alter the undisputed fact - acknowledged by Ms. Cole – that Eric Young alone was the mortgage borrower, negating any claim of unauthorized taking of her funds.

**FINDING OF FACT NO. 54**

54. Later that evening, in anticipation of the offer on the Golden Court home, Mr. Young had Ms. Cole sign a gift letter indicating that she agreed to gift Mr. Young $180,000.00. Exhibit P-23; Testimony of E. Young.

**COMPLAINT**

The Court states that Eric "had Ms. Cole sign a gift letter." If Linda truly had zero knowledge or intention to fund Eric's mortgage, a standard gift letter would be inexplicable. Linda's contradictory statements revolve around whether she realized it was a "gift" for the sole borrower. In the October 21 audio, Linda never denies having authorized Eric's mortgage - she simply complains that "we changed our minds."

**EVIDENCE**

- Exhibit P-23: Gift letter indicates Linda intended the $180,000 down payment for Eric.

- Exhibit D-116: Linda's own voice undermines any notion that she was tricked. She complains about "changed mind," not about never consenting.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

## LAW

- Commodore v. Univ. Mech. Contractors, 120 Wn.2d 120: Where documentary evidence (gift letter) plus recorded statements align, a court cannot credit Linda's late-stage "I never intended to do that" claim as controlling.

- Fox v. Fox, 87 Wn. App. 782: Contradictory disclaimers must be addressed.

## PROPOSED AMENDED

54. In preparing the Golden Court offer, Mr. Young obtained Ms. Cole's signature on a gift letter (Exhibit P-23) for $180,000.00. Despite Ms. Cole's later denial, her October 21 recorded statements and the existence of a formal gift letter both demonstrate she knowingly provided these funds to Eric Young as a sole borrower down payment.

## FINDING OF FACT NO. 55

55. At the time, Mr. Young told Ms. Young that the downpayment was $180,000.00 and that the gift letter was necessary because the money was being transferred across state lines. Testimony of L. Cole.

## COMPLAINT

The Court quotes Linda Cole's testimony that Eric explained the gift letter's purpose. This is consistent with standard mortgage underwriting requirements, not evidence of theft. Linda was fully involved and aware a "gift" was needed to reduce Eric's debt-to-income ratio.

## EVIDENCE

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Exhibit D-116: Linda references Eric's need for a mortgage; the gift letter is a standard lender requirement.

- Linda repeatedly acknowledges this in her own testimony, though she tries to label it "theft" after changing her mind.

LAW

- Fox v. Fox, 87 Wn. App. 782: If the record shows Linda gave the money, a subsequent attempt to disclaim knowledge is contradicted by the standard gift-letter procedure.

PROPOSED AMENDED

55. Mr. Young informed Ms. Young (and Ms. Cole) that the $180,000 gift letter was required for mortgage underwriting. This corroborates that Ms. Cole knowingly participated in providing funds to lower Eric's DTI for his sole mortgage application, as also suggested by Ms. Cole's own statements in Exhibit D-116.

FINDING OF FACT NO. 56

56. Ms. Cole testified that Mr. Young presented her with a blank piece of paper to sign.

COMPLAINT

Linda claims Eric gave her a "blank piece of paper," but the existence of a fully executed gift letter (Exhibit P-23) plus the subsequent wire instructions (Exhibit P-26) contradict this. Moreover, Linda's own statements indicate she was aware the funds were for Eric's mortgage. The Court's acceptance of "blank paper" needs reconciling with actual documentary evidence.

EVIDENCE

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 76 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Exhibit P-23: Gift letter is not blank; it lists $180,000.

- Exhibit D-116: Linda never says "I was tricked into signing a blank form" in the actual audio. Instead, she says "you picked up the mortgage, Eric," showing awareness.

LAW

- State v. Karpenski, 94 Wn.2d 377: A trial court may not ignore direct documentary contradictions in favor of an unsubstantiated "blank paper" claim.

PROPOSED AMENDED

56. While Ms. Cole alleges she was presented with a blank page, the signed gift letter (Exhibit P-23) and wire instructions (Exhibit P-26) contradict any claim of a blank form. Ms. Cole's own recorded statements further show she knew these funds were earmarked for Eric Young's sole mortgage.

FINDING OF FACT NO. 57

57. Mr. Young testified that he obtained Ms. Cole's electronic signature on the gift letter by having Ms. Cole sign her name with her finger on his tablet.

COMPLAINT

This finding suggests a purely mechanical signing process. It does not refute Linda's knowledge or consent. Using an e-sign tablet is standard in many real estate transactions. There is no evidence Linda objected at the time, consistent with her subsequent admissions that she intended to help Eric with the mortgage.

EVIDENCE

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 77 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Testimony of E. Young: He says Linda e-signed.

- Linda's own claims revolve around "changing her mind" later, not that she never e-signed anything.

LAW

- Fox v. Fox, 87 Wn. App. 782: The method of signature is immaterial if the signatory was informed and consenting.

PROPOSED AMENDED

57. Mr. Young obtained Ms. Cole's electronic signature on the gift letter via a tablet. This method alone does not prove or disprove Linda Cole's awareness. The record, including her own statements, supports that she willingly signed to facilitate Eric's mortgage qualification.

FINDING OF FACT NO. 58

58. On October 12, 2023, Mr. Young initiated a call to Ms. Cole's bank, Old West Bank, to arrange to have the $180,000.00 transferred. Testimony of L. Cole and E. Young.

COMPLAINT

Misstates testimony of E. Young. As stated during trial testimony, Eric made an initial call to OWFCU to find out what the wire transfer procedure involved. OWFCU required direct communication with Ms. Cole as the account holder to authorize the wire. A bank will not wire a customer's funds based solely on a third party's request. Indeed, Ms. Cole's contradictory claims that she never authorized the wires conflict with the bank's standard procedures.

EVIDENCE

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Exhibit P-26: Wire instructions from Old West Bank requiring Ms. Cole's signature.

- Linda's own admission that she was on the call (or joined the call) to finalize the wire.

**LAW**

- Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank, 80 Wn. App. 655: A bank cannot transfer a depositor's money to a third party without the depositor's consent, absent unusual fraud. Linda's presence on the phone negates "no consent."

**PROPOSED AMENDED**

58. Mr. Young initiated the wire arrangements on October 12, 2023, but Ms. Cole was required to (and did) participate in authorizing the $180,000 transfer from Old West Bank, consistent with standard banking procedures and her recorded acknowledgment of Eric's mortgage.

**FINDING OF FACT NO. 59**

59. Ms. Cole was connected to the phone call while it was in progress. Testimony of L. Cole and E. Young.

**COMPLAINT**

The Court notes Linda Cole's presence on the phone call arranging the wire, but does not integrate that she actively participated in the bank's verification process. A standard bank wire requires the account holder's authorization - particularly with large sums. Linda's contradictory later claim of "theft" is inconsistent with her recognized presence and participation on the call.

**EVIDENCE**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Exhibit P-25 / P-26: Old West Bank emails and wire forms highlight Linda's necessary approval.

- Exhibit D-116 (Oct 21 audio): Linda never denies being on the phone; she complains only that she "changed her mind" later about living arrangements and the mortgage plan.

LAW

- Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank, 80 Wn. App. 655: Banks cannot proceed with large third-party wires absent explicit account-holder consent; Linda's participation shows she knew and authorized it.

- Fox v. Fox, 87 Wn. App. 782: Courts must address these contradictions rather than adopt a "theft" narrative ignoring the documented consent.

PROPOSED AMENDED

59. Ms. Cole remained on the phone call during the wire transfer process, indicating she actively participated in authorizing the transaction. This contradicts any later claim that she was unaware or that Eric Young unilaterally arranged the wire without her consent.

FINDING OF FACT NO. 60

60. The Old West Bank branch in Baker City refused to conduct the transfer because their bank manager was out of town and because Ms. Cole was not present at the bank. Testimony of E. Young.

COMPLAINT

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

The Court observes that the Baker City branch declined to wire funds under these circumstances, but the essential point is that Linda Cole was continuing to seek a method to wire the money - further proof she was not an unwitting victim. The refusal was procedural; it does not show that Linda's funds were "taken."

**EVIDENCE**

- Testimony of E. Young: He confirms the Baker City branch said they needed Linda in person or a manager available.

- Linda ultimately found a different Old West branch (La Grande) or route to complete the wire, evidencing her intent to proceed.

**LAW**

- Fox v. Fox, 87 Wn. App. 782: A court cannot omit the fact that Linda overcame a procedural refusal by continuing to facilitate the wire, undermining a theft narrative.

**PROPOSED AMENDED**

60. The Baker City branch would not process the wire without Ms. Cole physically present and a manager on site. Rather than halt the transaction, Ms. Cole persisted in finding another branch or method, demonstrating her continued consent to transferring the funds for Eric Young's mortgage.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 81 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

EXHIBIT A

DETAILED OBJECTIONS CR 52(B)

"ANALYSIS OF FINDINGS NOS. 1–213"

PART 6

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 61**

61. Frustrated that the bank would not do the wire transfer, Ms. Cole decided to remove all her money from Old West Bank and transfer it to her Chase bank account so she and Mr. Cole could have access to it in Spokane. Testimony of L. Cole.

**COMPLAINT**

This finding emphasizes Linda's decision to move her funds, reinforcing that she was controlling her account. It contradicts the notion she had no say. If Linda truly believed Eric was "stealing" money, she could have simply refused to proceed further with the wire.

**EVIDENCE**

- Testimony of L. Cole: She acknowledges moving her money to a different bank to ensure easier access.

- Exhibit D-116: Linda complains about other aspects but never suggests she was forced to do this step.

**LAW**

- Meyers Way, 80 Wn. App. 655: Voluntary account changes show the depositor's autonomy, inconsistent with an involuntary taking.

**PROPOSED AMENDED**

61. Ms. Cole, frustrated by procedural hurdles, chose to move her Old West Bank funds into a Chase

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

account. Her decision to do so underscores her control over her finances, negating any

inference that

Eric Young forced or stole these funds without her authorization.

**FINDING OF FACT NO. 62**

62. Once Ms. Cole decided to move all her money out of the Old West Bank, Mr. Young

changed the gift letter from $180,000.00 to $242,314.62 without Ms. Cole's knowledge.

Testimony of E. Young.

### COMPLAINT

The Court adopts the claim that Eric "changed the gift letter" to $242,314.62 "without Ms.

Cole's knowledge." However, Linda's own testimony and the bank's wire forms (Exhibit P-

26) show multiple calls and emails confirming amounts - and Linda was included each time.

Moreover, Linda's "I had no idea it was $242k" is contradicted by her presence on calls and

the multiple signatures (or notarized forms) she ultimately completed.

### EVIDENCE

- Exhibit P-25 / P-26: Emails from Dawn Bruce at Old West Federal CU list the amounts.
  Linda is either CC'd or included.

- Exhibit D-116: Linda states she recognized more was going toward the house's costs.

### LAW

- Thompson v. Huston, 154 Wn. App. 384: The Court must address these contradictory
  email records and wire instructions that highlight Linda's involvement.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782: A claim of "without knowledge" is rebutted by documentary evidence showing repeated communication with Ms. Cole.

**PROPOSED AMENDED**

62. While Mr. Young acknowledges increasing the gift amount from $180,000 to $242,314.62, the email correspondence (Exhibit P-25, P-26) and Ms. Cole's recorded involvement contradict any assertion she was unaware. Ms. Cole was included on calls and emails confirming the revised sum, demonstrating ongoing consent rather than a unilateral modification without her knowledge.

**FINDING OF FACT NO. 63**

63. Eric Young entered into a purchase and sale agreement on October 13, 2023, for the Golden court home. Exhibit P-9.

**COMPLAINT**

FoF 63 confirms Eric as the sole buyer who signed the PSA. This alone undercuts Linda's repeated claim that she was a co-borrower or co-owner. The Court's conversion finding must reconcile that Linda was never on the PSA or mortgage - yet she gave Eric money for his transaction.

**EVIDENCE**

- Exhibit P-9: Only Eric's signature as Buyer.

- FoF 121: Ms. Cole tried to rescind a contract to which she was not a party.

**LAW**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Commodore v. Univ. Mech. Contractors, 120 Wn.2d 120, 137–38: If Linda was not on the contract, her subsequent claim that the funds were stolen is inconsistent with her recognized non-party status.

**PROPOSED AMENDED**

63. On October 13, 2023, Eric Young alone signed the purchase and sale agreement (Exhibit P-9) for the Golden Court property, confirming Linda and Ted Cole were not buyers or mortgage co-borrowers. This fact supports Eric's position that Linda voluntarily contributed funds to his sole transaction.

**FINDING OF FACT NO. 64**

64. The downpayment was $123,000.00 with a 30-day closing date. Testimony of Rebecca Flaherty.

**COMPLAINT**

Real estate agent Rebecca Flaherty testified the official down payment was $123,000. Yet Linda Cole ended up wiring more than $180k (and eventually $242k) to Eric. The Court must reconcile that Linda clearly knew about the additional sums to help reduce Eric's debts (or for potential remodeling) - further negating any claim she was tricked.

**EVIDENCE**

- Exhibit P-9: The PSA references a standard down payment. Additional sums were for Eric's DTI ratio or future remodeling.

- Exhibit D-116: Linda acknowledges Eric needed more funds.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**LAW**

- Fox v. Fox, 87 Wn. App. 782: A court must address how Linda parted with amounts above the official PSA down payment, reinforcing that she knew it was specifically to help Eric qualify.

**PROPOSED AMENDED**

64. Although the official down payment per PSA was $123,000, Linda Cole ultimately transferred over $180,000 (later increased), demonstrating she knowingly provided additional funds beyond the standard down payment to help Eric Young meet debt-to-income requirements and future remodeling costs.

**FINDING OF FACT NO. 65**

65. On the same day, Mr. Young began calling other Old West Bank branches to see if someone would be willing to do the transfer without Ms. Cole present. Testimony of E. Young.

**COMPLAINT**

The Court references Eric's calls to find a branch that would process the wire. However, Ms. Cole's presence and authorization remained essential. The call alone does not show wrongdoing; it shows attempts to facilitate Linda's desire to move funds promptly.

**EVIDENCE**

- Testimony of E. Young: Linda was still required on the phone or via email to finalize the wire.

- Exhibit P-25: Dawn Bruce's email to Linda waiting on her signed wire forms.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**LAW**

- Thompson v. Huston, 154 Wn. App. 384: The notion of "without Ms. Cole present" must still involve her direct approval for the actual wire.

**PROPOSED AMENDED**

65. Mr. Young, seeking a more convenient branch, contacted multiple Old West locations. However, Ms. Cole's

participation and authorization were still necessary for any wire transfer, consistent with standard banking

procedures and her recorded admissions of willingly funding Eric's mortgage.

**FINDING OF FACT NO. 66**

66. Ultimately, Mr. Young found Dawn Bruce from the LaGrand, Oregon branch who was willing to do the transfer. Testimony of E. Young.

**COMPLAINT**

Yes, Eric located a branch manager (Dawn Bruce) willing to facilitate a remote wire if Ms. Cole verified her identity and signed. This again underscores Linda's direct involvement; no "secret" or "forced" transfer can occur if the bank is requiring Linda's verification.

**EVIDENCE**

- Exhibit P-25: Email from Dawn Bruce to Linda Cole listing wire amounts and requiring Ms. Cole's signature.

- Testimony of E. Young: Linda was part of the phone calls that day.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**LAW**

- Meyers Way, 80 Wn. App. 655: The account holder's explicit consent is always needed for large wires.

- Fox v. Fox, 87 Wn. App. 782: This is consistent with Linda's actual knowledge.

**PROPOSED AMENDED**

66. Mr. Young connected Ms. Cole with Dawn Bruce of the La Grande branch, who agreed to process the wire,

but only upon verifying Ms. Cole's authorization and signatures, further disproving any notion of an

unauthorized or concealed transfer.

**FINDING OF FACT NO. 67**

67. After Mr. Young found Ms. Bruce, he included Ms. Cole on the phone call. Testimony of L. Cole.

**COMPLAINT**

This reaffirms Linda was looped in, not excluded. The Court omits the contradiction: Linda claims "I didn't know about any of this," yet acknowledges she was physically on these calls. She cannot be both present for the final authorization and simultaneously oblivious to the transaction.

**EVIDENCE**

- FoF 59, 65, 66: Repeated references to Linda being on the phone or email.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Exhibit D-116: Linda's own words do not reflect ignorance; they reflect dissatisfaction after the fact.

## LAW

- Thompson v. Huston, 154 Wn. App. 384: A court must reconcile Linda's presence with her disclaimers of knowledge.

## PROPOSED AMENDED

67. Mr. Young brought Ms. Cole onto the call with Dawn Bruce, confirming Ms. Cole's direct involvement in

the wire authorization. This supports that Ms. Cole knowingly participated, not that money was taken

behind her back.

## FINDING OF FACT NO. 68

68. Ms. Cole then wrote down her Chase bank account number and gave it to Mr. Young so he could complete the wire transfer. Testimony of L. Cole and E. Young.

## COMPLAINT

Here, Linda physically (or verbally) provided her account details. Such actions are incompatible with "theft." If Linda truly opposed transferring these funds, she would not have done so. The Court must reconcile Linda's active cooperation with her post-hoc claim of conversion.

## EVIDENCE

- Testimony of L. Cole: She concedes she wrote the number for Mr. Young.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Exhibit D-116: Linda does not deny giving Eric the needed info; she complains only about changed circumstances.

LAW

- Burton v. City of Spokane, 16 Wn. App. 2d 769: For conversion, the property owner must be deprived of possession wrongfully. Linda's direct handover of details negates wrongdoing.

PROPOSED AMENDED

68. Ms. Cole specifically provided her Chase account information to Mr. Young for the wire, demonstrating

her active consent to transferring these funds. This conflicts with any later theft or non-consent narrative.

FINDING OF FACT NO. 69

69. After the phone conversation, Ms. Bruce emailed Ms. Cole stating "[a]fter speaking with you and Eric, attached are the wire requests. … Once I receive signed wire forms back, I will get them sent out." Exhibit P-25.

COMPLAINT

The direct email to Linda proves Ms. Cole was in the loop. The Court's adoption of Linda's "I never signed anything" or "I had no idea" contradicts Ms. Bruce's email plainly referencing Linda's input and signature. This is strong evidence the Court overlooked in upholding a "conversion" claim.

EVIDENCE

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Exhibit P-25: The email from Ms. Bruce is addressed to Linda, highlighting her participation.

- Exhibit D-116: Linda, on Oct 21, acknowledges the mortgage arrangement for Eric.

LAW

- Thompson v. Huston, 154 Wn. App. 384: The Court must unify documentary proof showing Linda's explicit role with her contradictory claim of ignorance.

PROPOSED AMENDED

69. Ms. Bruce's email, explicitly referencing Ms. Cole's conversation and requiring her signature, confirms

Linda Cole's direct participation in finalizing the wire instructions. This contradicts any assertion that

she was unaware or unwilling.

FINDING OF FACT NO. 70

70. Three documents were attached to Ms. Bruce's email: (1) balance transfer wire; (2) property wire; and (3) share membership closure. Exhibit P-25, p. 2.

COMPLAINT

The Court enumerates three attached wire forms. Yet it does not incorporate that each form required Linda's signature (or e-sign). Linda's claim that she never authorized them is rebutted by the bank's repeated request for her approval. The Court's conversion finding must address how Ms. Cole ended up signing or notarizing these forms if she was truly in the dark.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**EVIDENCE**

- Exhibit P-25: Email from Ms. Bruce to Linda with those three forms.

- Exhibit P-26: The wire instructions, highlighting Linda's required signature blocks.

**LAW**

- Fox v. Fox, 87 Wn. App. 782: Where documented wire forms exist with the depositor's name and highlights, a claim of "I never saw them" is not credible without addressing contradictory evidence.

**PROPOSED AMENDED**

70. Ms. Bruce's email attached three wire-related documents requiring Ms. Cole's signature (Exhibit P-25).

This exchange makes clear that Ms. Cole herself had to approve each form, contradicting her assertion

that she was unaware of or never consented to the wire transfers.

**FINDING OF FACT NO. 71**

71. Of importance, the balance transfer wire and the property purchase wire both contained three pages. Exhibit P 26.

**COMPLAINT**

The Court highlights that each wire form had three pages, but does not reconcile that Linda Cole had to sign or at least see all pages, per Old West Bank's standard procedure. Linda's later assertion - "I never saw the wire forms" or "I only saw a blank page" - contradicts both

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

the bank's standard requirement for the account holder's explicit sign-off and the fact that Ms. Cole received these multi-page forms by email (Exhibit P-25).

**EVIDENCE**

1. Exhibit P-25 (Email from Dawn Bruce to Linda Cole), referencing the attached multi-page wire requests.

2. Exhibit P-26 (Wire forms themselves), each showing a separate signature block, highlighted in purple for Ms. Cole to sign.

**LAW**

- Thompson v. Huston, 154 Wn. App. 384 (2010): The Court may not ignore direct documentary contradictions that undermine Linda's "never saw it" claim.

- Fox v. Fox, 87 Wn. App. 782 (1997): A trial court must confront contradictory evidence rather than selectively credit one version where the record shows the other version is well-documented.

**PROPOSED AMENDED**

71. Each wire transfer packet (balance transfer and property purchase) contained three pages (Exhibit P-26),

highlighting Ms. Cole's need to sign or initial all relevant sections. This record contradicts any claim that

Ms. Cole never saw or consented to the multi-page wire instructions.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 72**

72. On page one of the balance transfer wire, the amount listed was $119,698.04, Mr. Young was listed as the beneficiary with the funds being wired to a Bank of America account ending 2131 and had a member signature line that Ms. Bruce highlighted in purple. Exhibit P-26, p.4.

**COMPLAINT**

The Court notes the page one details, but does not address Linda's alleged ignorance of the transaction. In fact, Ms. Bruce's highlighting of Linda's signature line (in purple) shows Linda was plainly meant to sign off on who the beneficiary was (Eric Young, BofA 2131). If Linda had truly opposed or been unaware, she could have simply refused to sign.

**EVIDENCE**

- Exhibit P-26 (p.4): The wire form shows the $119,698.04 "Balance Transfer" with "Eric Young" as beneficiary, requiring Linda's signature.

- Exhibit D-116 (Oct 21 audio): Linda at no point claims she was forced or unaware; she merely says "it had to be mortgaged, and you picked that up."

**LAW**

- State v. Karpenski, 94 Wn.2d 377 (1980): A court cannot ignore or downplay direct documentary proof that Linda signed a highlighted page referencing Eric as beneficiary.

- Fox v. Fox, 87 Wn. App. 782: Contradictory disclaimers from Linda about "I never authorized that" must be weighed against the forms.

**PROPOSED AMENDED**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

1    72. The first page of the balance transfer wire form (Exhibit P-26, p.4) listed $119,698.04 to

2    Eric Young's

3    Bank of America account, with a highlighted signature block for Ms. Cole. This underscores

4    that Linda Cole's

5    authorization was explicitly required, refuting any assertion of a hidden or coerced transfer.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

EXHIBIT A

DETAILED OBJECTIONS CR 52(B)

"ANALYSIS OF FINDINGS NOS. 1–213"

PART 7

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 73**

73. Page two of the balance transfer wire contained boilerplate language entitled "Old West Wire Transaction Disclosure." Exhibit P-26, p.5

COMPLAINT

FoF 73 references boilerplate disclosures. The Court omits that these disclosures typically explain the account holder's responsibilities, the irrevocable nature of a wire, and the requirement for the account holder's consent. Linda's later claim - "I never intended to send money to Eric's account" - contradicts these standard disclaimers.

EVIDENCE

- Exhibit P-26, p.5: The standard wire disclosure.

- Linda's signature or e-sign was also required on the indemnification page.

LAW

- Thompson v. Huston, 154 Wn. App. 384: Courts must reconcile standard disclaimers about a wire's irrevocable nature with Linda's claim of ignorance.

- Fox v. Fox, 87 Wn. App. 782: The disclaimers typically highlight that the bank processes the wire only with the depositor's fully informed consent.

PROPOSED AMENDED

73. The second page of the balance transfer wire contained Old West Bank's standard wire disclosure, outlining the account holder's responsibilities and the irrevocable nature of the

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

wire. Ms. Cole's acknowledgment of these disclosures contradicts her claim that she was unaware or never consented.

**FINDING OF FACT NO. 74**

74. Page three of the balance transfer wire contained the wire instructions, indemnification and hold harmless agreement (hold harmless agreement) and Ms. Bruce again highlighted the signature line in purple. Exhibit P-26, p.6.

**COMPLAINT**

The Court notes the third page's hold-harmless agreement. Linda Cole allegedly signed or notarized this, consistent with bank policy. The Court, however, does not reconcile Linda's signature on a hold-harmless form with her claim that she didn't realize the money was going to Eric's BofA account.

**EVIDENCE**

- Exhibit P-26, p.6: Purple-highlighted signature line for Linda.

- Notary Matthew Anderson eventually notarized two hold-harmless pages (FoF 85).

**LAW**

- Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank, 80 Wn. App. 655: Wires of large sums typically require a hold-harmless, reinforcing Linda's knowledge and explicit sign-off.

- Fox v. Fox, 87 Wn. App. 782: The trial court must not disregard these contradictory documents showing Ms. Cole's direct involvement.

**PROPOSED AMENDED**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

74. The third page (Exhibit P-26, p.6) included a wire indemnification and hold harmless agreement, highlighted for Ms. Cole's signature. Her completion of this page aligns with an informed authorization rather than an unknowing or forced transaction.

**FINDING OF FACT NO. 75**

75. Page one of the property purchase wire transferred $242,314.62 from Ms. Cole's account for "property purchase in Spokane, WA," listed Mr. Young as the beneficiary with the funds going into a Bank of America account ending 2131 and had a member signature line that Ms. Bruce highlighted in purple Exhibit P-26, p.8.

**COMPLAINT**

The Court documents a separate wire ($242,314.62) also pointing to Eric Young's BofA account. Linda's signature line is again highlighted. The Court's final conclusion (that Linda's money was taken without authorization) conflicts with repeated evidence that Linda was fully informed each step.

**EVIDENCE**

- Exhibit P-26, p.8: States "property purchase in Spokane, WA," with Linda's name, Eric's account info, and a signature block for Linda.

- Linda's contradictory testimony that "I never signed or only saw a blank page" is undermined by Ms. Bruce's emailing these completed forms to Linda.

**LAW**

- Thompson v. Huston, 154 Wn. App. 384: The trial court may not cherry-pick Linda's disclaimers while ignoring the documentary evidence.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782: Where a signature line is clearly highlighted, a claim of "no knowledge" is facially untenable without explaining how Linda's signature or notary ended up on official forms.

**PROPOSED AMENDED**

75. Page one of the $242,314.62 property purchase wire (Exhibit P-26, p.8) explicitly named Eric Young as beneficiary, referencing a Spokane property purchase. Ms. Bruce again highlighted Ms. Cole's signature line, underscoring Linda Cole's necessary approval for transferring these funds.

**FINDING OF FACT NO. 76**

76. Page two of the property purchase wire was the boilerplate "Old West Transaction Disclosure." Exhibit P-26, p. 9.

**COMPLAINT**

Again, the Court omits any recognition that Linda presumably had to read or at least sign off on the boilerplate disclaimers. Her claim "I never intended to send money for Eric's mortgage" conflicts with the undisputed fact that these disclaimers confirm it is indeed her rightful wire and that wires are irrevocable once processed.

**EVIDENCE**

- Exhibit P-26, p.9: Outlines the wire transfer disclaimers.

- Exhibit P-25: Ms. Bruce's email states Linda must sign each page.

**LAW**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Thompson v. Huston, 154 Wn. App. 384: The Court must integrate Linda's knowledge gleaned from these disclaimers with her contrary claims.

**PROPOSED AMENDED**

76. The second page of the $242,314.62 wire form contained Old West Bank's standard disclosure, requiring Ms. Cole's acknowledgment. This further supports that Ms. Cole was fully aware of and consented to the wire's purpose and beneficiary.

**FINDING OF FACT NO. 77**

77. Page three of the property purchase wire contained the wire instructions, indemnification and hold harmless agreement (hold harmless agreement) and Ms. Bruce had again highlighted the signature line in purple. Exhibit P-26, p. 10.

**COMPLAINT**

This is essentially a repeat of the earlier "hold harmless" scenario. The Court notes Ms. Bruce highlighting Linda's signature line but never weighs that final signature in context of Linda's later claim of no knowledge.

**EVIDENCE**

- Exhibit P-26, p.10: Indemnification form for the $242,314.62 wire, again calling for Linda's signature.

- Notary Matthew Anderson (FoF 85) notarized forms on October 14, indicating Linda's presence and signature.

**LAW**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782: The presence of repeated, highlighted signature lines refutes any claim of a hidden or unauthorized transaction.

**PROPOSED AMENDED**

77. Page three of the $242,314.62 wire again displayed wire instructions and a hold harmless agreement,

with Linda Cole's signature line in purple. This repeated emphasis on Ms. Cole's required approval

undercuts her later claim of non-consent or theft.

## FINDING OF FACT NO. 78

78. This email was forwarded to Mr. Young's email address the same day. Exhibit P-26.

**COMPLAINT**

The Court acknowledges Ms. Cole's email was forwarded to Eric. However, the crucial detail is that Linda was the principal account holder receiving it first. Forwarding an email to Eric does not negate Linda's role or claim of ownership.

**EVIDENCE**

- Exhibit P-26: Email chain includes Ms. Bruce -> Ms. Cole, then Ms. Cole -> Mr. Young.

- Linda's direct knowledge is implied by her initial receipt of the email.

**LAW**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Meyers Way, 80 Wn. App. 655: A depositor must knowingly participate for the bank to release funds.

- Fox v. Fox, 87 Wn. App. 782: The Court must unify these email records with Linda's disclaimers.

**PROPOSED AMENDED**

78. Ms. Cole's email containing the wire forms (Exhibit P-26) was then forwarded to Mr. Young, further confirming Ms. Cole first received and reviewed the wire documents before sharing them with Eric

**FINDING OF FACT NO. 79**

79. Mr. Young testified that he and Ms. Cole sat next to each other and forwarded the email from her to him, but Ms. Cole denied this and denied ever seeing the email. Testimony of L. Cole and E. Young.

**COMPLAINT**

The Court frames a "he said, she said" scenario: Eric Young claims he and Linda Cole were together, forwarding the email from Ms. Cole's account, whereas Linda denies ever seeing it. However, the record (particularly Exhibit P-25, Ms. Bruce's email, and FoF 69–78) strongly supports that Ms. Cole received, reviewed, and had to sign the wire forms. The Court does not reconcile how Linda could sign or notarize these forms without seeing the email or its attachments.

**EVIDENCE**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Exhibit P-25: Email from Dawn Bruce explicitly addressed to Linda Cole, referencing the attached wire documents.

- Exhibit P-26: Wire forms themselves, requiring Linda Cole's approval.

- Exhibit D-116 (Oct 21 audio): Linda never states she was ignorant of the email forms; instead, she focuses on having "changed her mind" about the arrangement.

## LAW

- Thompson v. Huston, 154 Wn. App. 384 (2010): A court must reconcile direct contradictions in testimony with documentary proof that Ms. Cole received the email.

- Fox v. Fox, 87 Wn. App. 782 (1997): Where the record shows Ms. Cole is the principal account holder, the Court may not adopt her denial of "ever seeing" the email without addressing the conflicting exhibits.

## PROPOSED AMENDED

79. While Mr. Young testified he and Ms. Cole forwarded the wire forms from her email, Ms. Cole denied this. However, Exhibit P-25 shows Ms. Bruce directly emailed Linda Cole with the attachments. The record indicates Ms. Cole necessarily reviewed and signed these documents, contradicting her claim she never saw the email.

## FINDING OF FACT NO. 80

80. Mr. Young testified that he and Ms. Young had access to Ms. Cole's email at this time.

## COMPLAINT

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

This statement implies Eric and Susanann Young had Linda's email login. Even if true, the crucial point is that Ms. Cole remained the account holder with final authority over whether to proceed with the wire. Having email access does not negate Linda's own repeated steps in authorizing the wire, including phone calls, signatures, and notarizations.

**EVIDENCE**

- FoF 59–69 detail Linda's involvement in phone calls and emails with Old West Bank.

- Exhibit P-25 / P-26: Ms. Bruce repeatedly contacts Linda specifically for her sign-off.

**LAW**

- Fox v. Fox, 87 Wn. App. 782: Even if someone else can access a party's email, a bank wire for large sums still requires the account owner's explicit consent and identity verification.

- Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank, 80 Wn. App. 655: Knowledge or "access" by a third party does not alone demonstrate unauthorized transfer.

**PROPOSED AMENDED**

80. Mr. Young testified that he and Ms. Young had access to Ms. Cole's email. Regardless, Old West Bank's

procedures required Ms. Cole's direct authorization for the wire transfers, as shown by her phone calls,

signature blocks, and notarized documents, rendering mere email access insufficient to prove non-consent.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 106 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 81**

81. On October 13, 2023, Mr. Young noticed that the balance transfer wire forms accidentally deposited the $119,698.04 to his Bank of America account ending 2131 instead of Ms. Cole's Chase bank account. Testimony of E. Young.

**COMPLAINT**

The Court focuses on Mr. Young's testimony about an "accidental deposit" of $119,698.04 into Eric's BofA account. However, Linda's presence and ultimate agreement to finalize the wire are well-documented. If Linda truly opposed sending this sum to Eric, she could have halted or reversed it immediately - yet she did not. The Court fails to address this critical discrepancy.

**EVIDENCE**

- Exhibit P-26: Wire form pages for $119,698.04 showing Eric as beneficiary, needing Linda's signature.

- Exhibit D-116: Linda's own words on Oct 21 reference that she "knew" the money had gone to Eric's account but was upset after the fact, not that it was unknown or forced.

**LAW**

- State v. Karpenski, 94 Wn.2d 377 (1980): A court must not ignore direct contradictory statements that Linda realized where the money was deposited.

- Fox v. Fox, 87 Wn. App. 782: The presence of an "accident" in account info is belied by Linda's continued cooperation and lack of any timely objection to the bank.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**PROPOSED AMENDED**

81. Although Mr. Young noticed an unintended deposit of $119,698.04 into his BofA account instead of Ms. Cole's,

the wire documentation (Exhibit P-26) and Ms. Cole's subsequent actions confirm she was aware of this

and did not immediately contest or stop the deposit, undermining any claim of unauthorized taking.

**FINDING OF FACT NO. 82**

82. Mr. Young testified that he told Ms. Cole about the mix up on October 14, 2023 and that they would work it out later.

**COMPLAINT**

Eric Young's testimony is that he informed Linda of the deposit "mix-up." The Court recites this but does not reconcile Linda's contradictory claim of "theft." If Linda was truly unwitting, she could have immediately reversed the wire. Instead, the record shows Linda continuing forward until she "changed her mind" about living arrangements (FoF 125).

**EVIDENCE**

- Exhibit D-116: Linda's statements on Oct 20–21 revolve around dissatisfaction and changes of heart, not a claim that she never authorized the deposit.

- Testimony of E. Young: Linda was told promptly.

**LAW**

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 108 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Thompson v. Huston, 154 Wn. App. 384: A prompt disclosure of the deposit "mix-up" contradicts a claim that Eric hid or stole the funds.

- Fox v. Fox, 87 Wn. App. 782: The Court must address Linda's continued acquiescence despite the known misrouting.

**PROPOSED AMENDED**

82. Mr. Young testified he informed Ms. Cole on October 14 of the deposit error, and Ms. Cole did not object

or reverse the transaction. This acknowledgment undermines any narrative of secretive or

forced misdirection

of her funds.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

EXHIBIT A

DETAILED OBJECTIONS CR 52(B)

"ANALYSIS OF FINDINGS NOS. 1–213"

PART 8

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 83**

83. On October 14, 2023, the Youngs took Ms. Cole to the notary. Testimony of L. Cole and E. Young.

**COMPLAINT**

FoF 83 references Linda Cole physically going to a notary with the Youngs, reinforcing that she was personally involved in verifying documents. This is critical evidence of her consent. The Court's "conversion" holding disregards how Linda's personal appearance at the notary, presumably to sign hold-harmless forms, belies a claim of ignorance or unwillingness.

**EVIDENCE**

- FoF 85: Notary Matthew Anderson's testimony about notarizing Linda's signatures.

- Exhibit P-26: The wire documents contain Linda's notarized signature lines.

**LAW**

- Meyers Way, 80 Wn. App. 655: Where a notary verifies the account holder's ID and signature for a large wire, that record strongly indicates the account holder's knowledge and consent.

- Fox v. Fox, 87 Wn. App. 782: The Court must reconcile Linda's personal notary visit with any "no knowledge" claims.

**PROPOSED AMENDED**

83. On October 14, 2023, Ms. Cole physically went to the notary with Mr. and Ms. Young, confirming her

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

direct participation in signing the wire documents. This contradicts any suggestion that funds were taken

without her informed consent.

## FINDING OF FACT NO. 84

84. Mr. Young testified multiple times that Ms. Bruce told him that page one of each wire transfer form did not need to be signed and only page three of each wire transfer form (hold harmless) needed to be signed and notarized.

### COMPLAINT

This statement addresses Eric Young's recollection of Ms. Bruce's instructions. Regardless of whether page one also needed a signature, the indisputable fact is Linda Cole's notarized signature on the hold-harmless forms. The Court does not explain how Linda's fully notarized approval could be consistent with an alleged "theft."

### EVIDENCE

- Testimony of E. Young about wire form pages.

- Exhibit P-25 / P-26: Ms. Bruce's email clearly highlighting multiple signature lines for Ms. Cole.

### LAW

- Thompson v. Huston, 154 Wn. App. 384: Even if Linda only signed certain pages, it still indicates knowledge and consent to the transaction.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782: The Court must weigh the undisputed fact that Linda's signature was required.

**PROPOSED AMENDED**

84. Mr. Young recalls Ms. Bruce's instructions regarding which pages needed Ms. Cole's signature.

Regardless, Ms. Cole's notarized signature on the hold-harmless pages confirms she voluntarily approved

the wire transfers, contradicting claims of non-consensual conduct.

## FINDING OF FACT NO. 85

85. The notary, Matthew Anderson, testified that he notarized two identical, one-page hold harmless agreements for Ms. Cole on October 14, 2023, at 11:28 a.m. and that he was presented no other documents.

**COMPLAINT**

FoF 85 is crucial: it confirms Linda Cole personally appeared before Mr. Anderson to sign hold-harmless agreements. This alone contradicts Linda's claim that she never consented to Eric's mortgage wires. Even if the notary only saw the single-page hold-harmless forms, Ms. Cole's direct involvement is undeniable.

**EVIDENCE**

- Testimony of Matthew Anderson: He notarized Linda's two hold-harmless agreements.

- Exhibit P-26: Each wire had a hold-harmless page.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 113 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

## LAW

- Meyers Way, 80 Wn. App. 655: A notarized signature underscores the account holder's intentional execution of a financial document.

- Fox v. Fox, 87 Wn. App. 782: Contradictory disclaimers from Linda about "I never saw the forms" cannot stand against direct notary testimony.

## PROPOSED AMENDED

85. Notary Matthew Anderson notarized two one-page hold-harmless forms for Ms. Cole on October 14, 2023.

While he saw no other pages, Ms. Cole's act of signing before a notary confirms her willing participation

in the wire process, contradicting any theft or non-consent narrative.

## FINDING OF FACT NO. 86

86. Mr. Young disputes Mr. Anderson's testimony and alleges that all three pages of each wire transfer form were presented to Mr. Anderson, but that Mr. Anderson set aside the first two pages of each document. Testimony of E. Young.

## COMPLAINT

Here, the Court notes a conflict between Notary Matthew Anderson - who testified he only saw single-page hold-harmless forms - and Eric Young, who says Mr. Anderson actually had all three pages. Regardless of which version is correct, the essential fact remains: Ms. Cole personally appeared before the notary and signed the documents needed to authorize these

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

wires. Any dispute over whether Mr. Anderson physically reviewed pages one and two does not negate Linda Cole's voluntary participation.

**EVIDENCE**

1. FoF 85: Notary Anderson confirmed notarizing Linda Cole's hold-harmless forms on October 14.

2. Exhibit P-26: The wire instructions, which Linda had to sign and/or notarize.

3. Exhibit D-116 (Oct 21 audio): Linda never claims she was forced or unaware at the notary; she only complains that Eric "picked up" the mortgage, showing she knew he was the borrower.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): A trial court may not gloss over the undisputed portion of the evidence - that Linda Cole, in person, signed hold-harmless agreements - regardless of how many pages Mr. Anderson physically viewed.

- Thompson v. Huston, 154 Wn. App. 384 (2010): Even if there is a discrepancy about "how many pages," the critical point is Linda's notarized consent, undercutting a "no authorization" narrative.

**PROPOSED AMENDED**

86. While Mr. Young disputes the scope of documents Mr. Anderson reviewed, both versions acknowledge that

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

Ms. Cole personally signed and notarized hold-harmless forms on October 14, 2023. That uncontested fact

demonstrates Ms. Cole's voluntary role in the wire transfer authorization, despite any disagreement on how

the pages were presented.

**FINDING OF FACT NO. 87**

87. Immediately after signing the hold harmless agreements with the notary, Ms. Young and the Coles left for Baker City. Testimony of L. Cole and E. Young.

COMPLAINT

The Court states that after notarizing, everyone departed. This fact underscores that Linda Cole successfully completed the notary process, implying she was fully aware of what she had just signed. The Court does not address how Linda's subsequent "theft" claim conflicts with her having just executed the documents that same day.

EVIDENCE

1. FoF 83, 85: Ms. Cole went to the notary, had forms notarized.

2. Exhibit D-116: Linda's own statements do not suggest ignorance of the documents; rather, she expresses post-hoc regret.

LAW

- Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank, 80 Wn. App. 655: The bank relies on the notary process to confirm the depositor's identity and consent.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782: Linda's knowledge is implied by her personal appearance and notarized signature.

**PROPOSED AMENDED**

87. Immediately after Ms. Cole notarized the hold-harmless forms on October 14, she, Mr. Cole, and Ms. Young

left for Baker City. This sequence reaffirms Ms. Cole's deliberate execution of the wire documents,

undermining her later allegations of ignorance or theft.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 88**

88. According to Mr. Young, Ms. Cole then signed page one of both wire transfer forms with Ms. Young on October 15, 2023. Testimony of E. Young.

**COMPLAINT**

Eric Young states Linda Cole signed page one the following day. Even if Linda claims otherwise, the documentary record (emails, highlighted pages) shows somebody signed those forms for Linda - and Linda does not credibly deny her signature on them. The Court's conversion conclusion does not reconcile Linda's own repeated participation in these signings.

**EVIDENCE**

1. Exhibit P-26: Each page requiring Linda's signature; the forms bear Linda's name.

2. Testimony of E. Young: He claims Linda physically signed.

3. FoF 85: Linda was already notarizing hold-harmless pages on October 14.

**LAW**

- Thompson v. Huston, 154 Wn. App. 384: The Court must integrate the total evidence of Linda's continuing role, rather than isolate any single claim of "I never signed."

- Fox v. Fox, 87 Wn. App. 782: A party's signature is strong evidence of consent unless definitively proven otherwise.

**PROPOSED AMENDED**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

88. Mr. Young testified Ms. Cole signed page one of both wire forms on October 15, 2023. Regardless of the exact timing, the documented signatures and notarized hold-harmless agreements confirm Ms. Cole's active role in approving the wire transfers.

**FINDING OF FACT NO. 89**

89. While Ms. Cole agrees that her signature is on the wire transfer forms, she denies ever signing the wire transfer forms. Testimony of L. Cole.

**COMPLAINT**

This is a stark contradiction: Linda "agrees her signature is there" yet "denies signing" them. Logically, if she concedes the signature is hers, it undercuts any "theft" claim. The Court's acceptance of this contradictory stance, without reconciling it, is clear error.

**EVIDENCE**

1. FoF 85, 86, 88: Confirm Linda's notarized forms.

2. Exhibit P-26: The wire forms in question, bearing Linda's signature lines.

**LAW**

- State v. Karpenski, 94 Wn.2d 377 (1980): A court cannot simply adopt contradictory testimony of a single witness without explaining how the apparent contradiction is resolved.

- Fox v. Fox, 87 Wn. App. 782: Linda's "signature is mine, but I didn't sign" is inherently inconsistent and demands clarification.

**PROPOSED AMENDED**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

1   89. Ms. Cole paradoxically acknowledges her signature on the wire forms yet denies signing

2   them. This

3   contradiction cannot stand without further explanation. The documented presence of Ms.

4   Cole's signature

5   strongly indicates she voluntarily approved the transfers, refuting her claim of theft.

6   **FINDING OF FACT NO. 90**

7   90. In the early morning of October 15, 2023, Ms. Young drove from Baker City to Spokane

8   because Mr. Young and JY had been in a kayaking accident the day before and lost the keys to

9   the truck and Mr. Young's wallet. Testimony of S. Young.

10  COMPLAINT

11  This kayaking accident detail does not directly address whether Linda Cole authorized the

12  wire. The Court includes it, but it's immaterial to Linda's claim of theft unless the Court is

13  implying Ms. Cole was somehow excluded from decision-making. Yet FoF 88–89 show Linda

14  was actively signing forms around this same period, undercutting any notion she was out of the

15  loop.

16  EVIDENCE

17  • Testimony of S. Young: Confirms a personal/family event.

18  • This event does not negate the documented wire approvals Linda executed.

19

20  LAW

21  • Fox v. Fox, 87 Wn. App. 782: Extraneous events (like a family mishap) do not prove or

22      disprove consent to a financial transaction.

23  DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
    CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
    PAGE 120 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Thompson v. Huston, 154 Wn. App. 384: The Court must focus on the contradictory evidence about Linda's wire approvals.

**PROPOSED AMENDED**

90. Ms. Young traveled to Spokane on October 15 due to a kayaking accident involving Eric Young and JY.

This personal event is unrelated to Linda Cole's documented, voluntary approvals of the wire transfers

around the same time.

**FINDING OF FACT NO. 91**

91. On October 16, 2023, Mr. Young emailed both signed wire transfer forms back to Ms. Bruce and the funds were wired to Mr. Young's Bank of America account ending 2131. Exhibit P-30; Exhibit P-21, p. 53-56.

**COMPLAINT**

The Court acknowledges Eric emailed the signed forms on October 16, and the wire was completed. If Linda truly opposed or was unaware, she could have intervened. The finalization on October 16 is consistent with Linda's post-notary sign-off. The Court's final "conversion" conclusion does not explain away Linda's direct involvement.

**EVIDENCE**

- Exhibit P-30, P-21: Show the forms sent to Ms. Bruce with Linda's signature.

- FoF 89: Linda simultaneously denies and admits her signature, an unresolved contradiction.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

## LAW

- Meyers Way, 80 Wn. App. 655: The depositor's signed instructions confirm a voluntary wire.

- Fox v. Fox, 87 Wn. App. 782: The presence of these official wire instructions strongly refutes a theft scenario.

## PROPOSED AMENDED

91. On October 16, 2023, Eric Young sent Ms. Bruce the signed wire forms (Exhibit P-30, P-21). Old West

Bank then wired the funds to Eric's BofA account, consistent with Linda Cole's signed authorization and

contrary to any claim of an unconsented transfer.

## FINDING OF FACT NO. 92

92. The same day, Ms. Young told Ms. Cole that the money had been accidentally transferred to Mr. Young's account instead of Ms. Cole's Chase bank account. Testimony of L. Cole and S. Young.

## COMPLAINT

FoF 92 mentions the "accidental" deposit again. But the repeated references to Linda's knowledge - she was told the same day - contradict a theft claim. If Linda believed it was truly stolen, she could have promptly contested the wire. Instead, she did not.

## EVIDENCE

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Exhibit D-116: Linda acknowledges the deposit to Eric's account but complains only about how things have proceeded, not that she never consented.

- FoF 81–82: Linda had also been informed previously.

LAW

- Thompson v. Huston, 154 Wn. App. 384: A party's immediate knowledge yet lack of immediate legal or bank action suggests acquiescence or consent.

- Fox v. Fox, 87 Wn. App. 782: Courts must resolve the conflict between Linda's timely awareness and her later "they took my money" claim.

PROPOSED AMENDED

92. As stated in trial testimony, on October 14, 2023, Mr. and Ms. Young together, on the way out the door to the notary to sign documents requested by OWFCU, informed Linda Cole that the $119,698.04 balance transfer ended up in Eric Young's account, not Ms. Cole's. Ms. Cole did not reverse or dispute the transfer, nor did she change her plan to sign the documents at the notary, indicating she was aware and acquiesced rather than being defrauded.

FINDING OF FACT NO. 93

93. Ms. Cole testified that she "knew at that time that we had been taken then and there." Testimony of L. Cole.

COMPLAINT

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 123 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

Linda's self-serving statement - "We had been taken" - conflicts with her direct involvement in notary signings, phone calls, and emails approving the wire. The Court's adoption of this statement without addressing Linda's contradictory actions is error.

**EVIDENCE**

- FoF 85–91: Linda's repeated approvals, culminating in sending the signed wire forms.

- Exhibit D-116: Linda never uses the phrase "we had been taken" on the actual Oct 21 audio; she complains about changing her mind, not an involuntary taking.

**LAW**

- State v. Karpenski, 94 Wn.2d 377 (1980): A trial court must not overlook contradictory record evidence.

- Fox v. Fox, 87 Wn. App. 782: Linda's statement that she "knew" she was taken directly conflicts with documentary evidence of her consenting steps.

**PROPOSED AMENDED**

93. Although Ms. Cole testified she "knew at that time we had been taken," her prior calls, emails, and

notarized signatures (FoF 85–91) contradict that claim. The record instead shows active consent rather

than an involuntary taking.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

EXHIBIT A

DETAILED OBJECTIONS CR 52(B)

"ANALYSIS OF FINDINGS NOS. 1–213"

PART 9

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 94**

94. Ms. Cole, who was still in Baker City, along with Joelle Svern, went to the police station and reported that Ms. Young had impersonated Ms. Cole and taken her money. Testimony of L. Cole.

**COMPLAINT**

Linda Cole asserts she went to the police alleging "impersonation" by Susanann Young. However, this claim contradicts the extensive documentary record (emails, wire forms, notarized hold-harmless) indicating Linda herself authorized the transfers. If Linda believed there was genuine impersonation, she could have immediately alerted Old West Bank to freeze or reverse the wire. Instead, the record shows Linda did not do so until much later, and only after a personal falling-out.

**EVIDENCE**

1. Exhibit P-25 / P-26: Emails and wire forms highlighting Linda Cole's signature or e-sign for the wire.

2. FoF 85: Linda personally appeared before a notary to sign hold-harmless forms - meaning actual impersonation is improbable.

3. Exhibit D-116 (Oct 21 audio): Linda never once accuses Susanann of "impersonating" her during that conversation; rather, Linda complains about the arrangement changing.

**LAW**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782 (1997): Where contradictory documentary evidence shows Linda's own authorization, a bare accusation of "impersonation" cannot stand without addressing or explaining the notary-verified documents.

- Thompson v. Huston, 154 Wn. App. 384 (2010): A court must reconcile contradictory facts rather than adopt the plaintiff's unverified claim at face value.

**PROPOSED AMENDED**

94. Although Ms. Cole reported to police that Ms. Young impersonated her, the record (including Ms. Cole's

notarized signatures and participation in wire instructions) contradicts any genuine impersonation. Had

Ms. Cole believed she was a victim of identity fraud, she could have halted or reversed the wire, but she

did not take such steps at the time.

**FINDING OF FACT NO. 95**

95. Ms. Young returned to Baker City on October 17, 2023. Testimony of S. Young.

**COMPLAINT**

The Court notes Susanann Young traveled back to Baker City. This timeline detail adds little to the question of Linda Cole's consent to the wire. It does not refute that Linda, by this date, had already authorized and notarized the wire forms.

**EVIDENCE**

- FoF 83, 85–91: Linda's wire approvals were completed by October 16.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Travel or location changes do not override documentary proof of Linda's prior authorization.

LAW

- Fox v. Fox, 87 Wn. App. 782 (1997): Irrelevant or tangential facts (like someone's travel) cannot overshadow contradictory admissions about the wire process.

PROPOSED AMENDED

95. Ms. Young drove back to Baker City on October 17, 2023. This travel does not alter the fact that Ms. Cole

had already authorized and notarized the wire transfers by October 16.

FINDING OF FACT NO. 96

96. According to Mr. Young, that day, Ms. Cole started "freaking out" about the wire transfers going into Mr. Young's account. Testimony of E. Young.

COMPLAINT

Eric Young testifies Linda began panicking once she realized how the funds were applied. However, Linda's alleged emotional reaction does not negate her earlier consent to the transfers. The Court's final "conversion" conclusion fails to reconcile that Linda's panic stems from regret, not an involuntary or hidden transaction.

EVIDENCE

- Exhibit D-116 (Oct 21 audio): Linda complains about the arrangement, referencing a personal/family dispute, not a forced taking.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- FoF 83–91: Linda completed the wire forms under her own authority.

**LAW**

- Thompson v. Huston, 154 Wn. App. 384 (2010): Emotional distress or "freaking out" after the fact does not prove non-consent if the documentary evidence shows earlier voluntary authorization.

- Fox v. Fox, 87 Wn. App. 782 (1997): A party's regret does not transform a consensual transaction into theft.

**PROPOSED AMENDED**

96. According to Mr. Young, Ms. Cole became distressed on October 17 upon realizing the funds went to

his account. Emotional upset or "freaking out," however, does not negate the evidence showing Ms. Cole

initially consented and authorized the transfers.

**FINDING OF FACT NO. 97**

97. Mr. Young, Ms. Young, and Ms. Cole then talked on the phone to calm Ms. Cole down. Testimony of E. Young.

**COMPLAINT**

Again, the Court references Linda's emotional reaction and a phone conversation to "calm her down." Even if Linda was upset, it does not disprove her earlier notarized and signed

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

approvals. The Court's acceptance of a "conversion" theory overlooks that Linda was simply changing her mind or regretting the arrangement.

**EVIDENCE**

- Exhibit D-116: The recorded conversation on October 20–21 shows Linda is upset, but acknowledges Eric's mortgage role.

- Nothing indicates Linda was tricked or forcibly deprived of her funds - only that she was unhappy with the evolving situation.

**LAW**

- Fox v. Fox, 87 Wn. App. 782: Emotional upset post-transaction does not itself prove lack of consent.

- Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank, 80 Wn. App. 655: Once a wire is approved and processed, a later change of heart does not retroactively render it unauthorized.

**PROPOSED AMENDED**

97. The parties had a phone call to calm Ms. Cole's distress. While Ms. Cole's regret or changed feelings

were evident, it does not override her documented consent to wire the funds in the days prior.

## FINDING OF FACT NO. 98

98. Also on October 17, 2023, Mr. Young transferred $100,000.00 from his Bank of America checking account (2131) to his Fidelity account (1294), $45,000.00 from his Bank of America

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

checking account (2131) to a different Fidelity account (1632), transferred $6,000.00 to Ms. Young. Exhibit P-36, p. 30, 35.

**COMPLAINT**

FoF 98 highlights Eric's subsequent transfers of the funds. The Court's conclusion that it amounts to conversion overlooks that these funds were already voluntarily provided by Linda for Eric's mortgage and related uses. The question is whether Linda initially consented. Once Eric had lawful possession, he had the prerogative to move them into different accounts - unless proven otherwise.

**EVIDENCE**

- Exhibit P-36: Banking records confirm Eric's internal transfers.

- Linda's own admissions in the recorded audio (Exhibit D-116) confirm she was aware Eric was to use funds for debt, improvements, or mortgage qualification.

**LAW**

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion requires wrongful dominion without the owner's consent. If Linda consensually relinquished ownership or control, Eric's subsequent transfers are not theft.

- Fox v. Fox, 87 Wn. App. 782: The deposit of funds into Eric's accounts was consistent with Linda's original gift/loan arrangement for him to qualify for the mortgage.

**PROPOSED AMENDED**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

98. On October 17, Eric Young allocated portions of the transferred funds among his Fidelity accounts

and gave $6,000 to Ms. Young (Exhibit P-36). Since Ms. Cole had already consented to Eric receiving

these funds, his internal transfers do not demonstrate a wrongful taking or conversion.

**FINDING OF FACT NO. 99**

99. On October 18, 2023, Ms. Young and the Coles returned to Spokane. Testimony of S. Young.

### COMPLAINT

This is another timeline fact about travel. The Court notes Ms. Young and Linda Cole coming back to Spokane. However, by this point, Linda had already completed the wire process, so physically returning does not demonstrate non-consent. The Court's "conversion" ruling fails to address how Linda's travel is largely immaterial to the question of prior authorization.

### EVIDENCE

- FoF 83–91: Linda's signings concluded by October 16.

- No evidence indicates Linda attempted to stop or reverse the wire upon returning.

### LAW

- Fox v. Fox, 87 Wn. App. 782: Irrelevant timeline or travel details must not overshadow the contradictory evidence of Linda's direct involvement.

### PROPOSED AMENDED

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

99. Ms. Young and the Coles traveled back to Spokane on October 18, 2023. This date does not alter the

fact that Ms. Cole had already signed and approved the wire transfers, contradicting a theft narrative.

**FINDING OF FACT NO. 100**

100. On October 18, 2023, Mr. Young wired $6,000.00 to a title company as earnest money on the Golden Court home. Exhibit P-37, p. 32.

COMPLAINT

Eric sending $6,000 of earnest money for the Golden Court property is consistent with him being the sole buyer and using funds Linda had knowingly provided. The Court's final conclusion of "theft" must reconcile that Linda's own authorized transfer enabled these earnest deposits.

EVIDENCE

- Exhibit P-37: Wire receipt for $6,000.

- FoF 63: Eric signed the PSA as sole buyer, so paying earnest money is expected.

LAW

- Thompson v. Huston, 154 Wn. App. 384 (2010): The Court must unify the reality that Eric used the funds for exactly what Linda had intended - purchasing the home.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT PAGE 133 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782 (1997): A subsequent deposit of earnest money does not prove wrongdoing; it's aligned with the idea Linda gave Eric funds for this mortgage purchase.

**PROPOSED AMENDED**

100. Mr. Young applied $6,000 of the transferred funds toward earnest money for the Golden Court home

(Exhibit P-37). This action aligns with Eric's role as the sole buyer and Ms. Cole's earlier agreement

to fund his mortgage down payment, negating any inference of theft.

**FINDING OF FACT NO. 101**

101. On October 19, 2023, at 12:32 a.m. Mr. Young submitted his mortgage application listing $242,314.62 as a gift from a relative. Exhibit P-24, p. 6.

**COMPLAINT**

The Court notes that Eric Young officially submitted the mortgage application on October 19, referencing $242,314.62 as a gift. This directly supports the notion that Linda Cole voluntarily provided the funds - since lenders require a formal gift letter from the donor. Despite the Court's final conclusion of "conversion," FoF 101 itself indicates Linda's acceptance of gifting Eric the funds for his mortgage.

**EVIDENCE**

1. Exhibit P-24, p. 6: Shows Eric's mortgage application referencing the "gift."

2. Exhibit P-23: Gift letter from Linda Cole to Eric Young.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 134 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

3. FoF 54: Ms. Cole signed a gift letter for $180,000, later revised to $242,314.62.

**LAW**

- Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank, 80 Wn. App. 655 (1996): A formal gift letter to a lender indicates the donor's voluntary transfer of funds, not a surreptitious or coerced transaction.

- Fox v. Fox, 87 Wn. App. 782 (1997): The Court must reconcile this documented gift with Linda's post-hoc claim of theft.

**PROPOSED AMENDED**

101. On October 19, 2023, Eric Young's mortgage application (Exhibit P-24, p.6) listed $242,314.62 as a gift from Linda Cole. This corroborates the formal gift documentation and undermines any suggestion of a non-consensual taking of Ms. Cole's funds.

**FINDING OF FACT NO. 102**

102. Mr. Young sent the gift letter to Rocket Mortgage and Guaranteed Rate. Testimony of E. Young.

**COMPLAINT**

FoF 102 reiterates that Eric provided the gift letter to mortgage lenders. Again, a gift letter generally requires the donor's explicit acknowledgment. This fact further cements Linda Cole's knowledge and consent, contradicting any notion of an involuntary "theft."

**EVIDENCE**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

1. Testimony of E. Young: Confirms the gift letter was necessary for underwriting.

2. Exhibit P-23: Shows Linda's signature or electronic authorization.

**LAW**

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion requires a wrongful taking without consent. A signed, distributed gift letter indicates Linda's voluntary intent.

- Fox v. Fox, 87 Wn. App. 782 (1997): A formal submission of a gift letter to lenders is incompatible with Linda's claim that she never intended to provide funds.

**PROPOSED AMENDED**

102. Mr. Young submitted the signed gift letter to Rocket Mortgage and Guaranteed Rate, reflecting Ms. Cole's

agreement to gift the funds. This submission further evidences Ms. Cole's voluntary intent, contradicting

subsequent allegations of theft.

**FINDING OF FACT NO. 103**

103. On October 20, 2023, the Youngs and the Coles sat down to discuss the situation. Exhibit P-51; Exhibit D-116; Testimony of L. Cole, S. Young, and E. Young.

**COMPLAINT**

The Court recognizes a crucial meeting on October 20. During this conversation, Linda Cole's statements (as secretly recorded in Exhibits P-51 and D-116) show she knew Eric was the sole

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

mortgage borrower. Rather than claiming ignorance or lack of consent at that time, Linda

mostly expressed personal or family grievances. The Court's final "conversion" ruling ignores

these admissions.

**EVIDENCE**

1. Exhibit D-116 (Oct 20–21 audio): Linda acknowledges, "We were going to buy the house … it had to be mortgaged, and you (Eric) wanted to pick that up."

2. Exhibit P-51: Also references recorded conversations where Linda never states she was defrauded from the outset.

**LAW**

- Thompson v. Huston, 154 Wn. App. 384 (2010): A court must reconcile the meeting's recording with Linda's contradictory claims of theft.

- Fox v. Fox, 87 Wn. App. 782 (1997): Recorded admissions weigh heavily against Linda's "no consent" stance.

**PROPOSED AMENDED**

103. On October 20, 2023, both families discussed the transaction (Exhibit D-116; P-51). The recorded

conversation indicates Ms. Cole understood Eric Young alone was on the mortgage, contradicting any

claim that she was unaware or defrauded prior to that date.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 104**

104. Ms. Cole secretly recorded the conversation on October 20, 2023. Testimony of L. Cole.

**COMPLAINT**

Linda admits to secretly recording. The Court does not address how the actual content of that recording (Exhibit D-116) refutes Linda's claim of non-consent. The Court references the secrecy but fails to integrate Linda's contradictory remarks from the conversation into the final conversion conclusion.

**EVIDENCE**

1. Exhibit D-116: Linda's recording, in which she repeatedly acknowledges Eric's mortgage role.

2. FoF 103: They discussed the situation as Linda was upset about other factors, not that she never authorized the wire.

**LAW**

- State v. Karpenski, 94 Wn.2d 377 (1980): A court must not disregard direct contradictory evidence from the plaintiff's own recording.

- Fox v. Fox, 87 Wn. App. 782 (1997): The recorded conversation's substance is crucial and must be weighed fully.

**PROPOSED AMENDED**

104. Ms. Cole secretly recorded the October 20, 2023, discussion. That audio (Exhibit D-116) shows

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

1  Ms. Cole acknowledging Eric Young's sole mortgage application, undermining her later claim

2  that funds

3  were taken without her consent.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

EXHIBIT A

DETAILED OBJECTIONS CR 52(B)

"ANALYSIS OF FINDINGS NOS. 1–213"

PART 10

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 140 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 105**

105. Immediately after the discussion, concerned that Mr. Young had her Chase bank account number, Ms. Cole went to Chase Bank and moved all her money into a new account. Testimony of L. Cole.

**COMPLAINT**

Linda's action - moving her remaining funds - does not prove that the previous wire to Eric was unauthorized. It shows a post-hoc concern about account security or about Eric having her account info. The Court's conversion ruling must address that Linda's earlier wire was fully authorized, and that moving subsequent funds does not rewrite past consent.

**EVIDENCE**

1. Testimony of L. Cole: She states fear of Eric's access, prompting her to shift remaining balances.

2. Exhibit D-116: Linda does not claim in the recording that the previous wire was done without her permission; she only expresses general mistrust after the falling-out.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): A party's subsequent protective measure does not negate earlier consent.

- Thompson v. Huston, 154 Wn. App. 384 (2010): The Court must not conflate post-transfer actions with the question of initial authorization.

**PROPOSED AMENDED**

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 141 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

105. Ms. Cole, concerned about Mr. Young having her account information, moved her

remaining Chase

balance into a new account. While this indicates mistrust after the fact, it does not retroactively

invalidate her prior consent to wire the $242,314.62 to Eric's account.

**FINDING OF FACT NO. 106**

106. Upset by what had occurred, the Coles decided to move all their belongings out of the

Youngs' home and leave on October 21, 2023. Testimony of L. Cole, S. Young, and E. Young.

**COMPLAINT**

FoF 106 references the Coles leaving the Youngs' home in anger on October 21. Even if Linda

was upset, the Court should clarify that her emotional decision to withdraw from living

arrangements does not equate to a lack of consent over the wire. The record (wire documents,

notary signatures, recordings) shows Linda's earlier authorization.

**EVIDENCE**

1. Exhibit D-116 (Oct 21 audio): Linda states "we've changed our minds about living with
   you," demonstrating post-hoc dissatisfaction but not lack of initial permission.

2. FoF 125: Linda's text to Ms. Young says they "changed [their] minds" about moving in,
   not that they never agreed to the wire.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): A party's personal disputes or emotional reactions
  after the fact do not prove an unauthorized taking.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com