- Meyers Way, 80 Wn. App. 655: Once a wire is voluntarily completed, the subsequent decision to sever ties does not constitute conversion.

**PROPOSED AMENDED**

106. On October 21, the Coles, frustrated with the situation, moved out of the Youngs' home. Their emotional

departure reflects a breakdown in personal relationships rather than proof that the prior wire transfer

was non-consensual.

**FINDING OF FACT NO. 107**

107. Before leaving the parties again sat down to discuss the situation and Ms. Young secretly recorded the conversation. Testimony of L. Cole, S. Young, and E. Young.

**COMPLAINT**

Similar to FoF 104, a second secret recording on October 21 occurred. The Court mentions the recording but fails to integrate Linda's statements from that recording, which again confirm she knew Eric was the borrower. She complains about her regrets, not about a lack of consent in wiring money.

**EVIDENCE**

1. Exhibit D-116 (possibly capturing both Oct 20 and Oct 21 conversations).

2. Linda's statements revolve around regrets, not initial ignorance or duress.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**LAW**

- Thompson v. Huston, 154 Wn. App. 384 (2010): A trial court must reconcile the actual content of these recordings with Linda's contradictory claims.

- Fox v. Fox, 87 Wn. App. 782 (1997): The secret recordings weigh heavily against Linda's "conversion" narrative if they show she conceded Eric's mortgage from the start.

**PROPOSED AMENDED**

107. Another secret recording occurred on October 21, 2023 (Testimony of L. Cole, S. Young, E. Young). The

audio similarly confirms Ms. Cole was aware Eric Young alone was pursuing the mortgage, contradicting

claims of involuntary money transfers.

**FINDING OF FACT NO. 108**

108. Mr. and Ms. Young engaged in extraordinarily manipulative tactics during the October 20, 2023, and October 21, 2023, conversations. Exhibit P-51; Exhibit D-116.

**COMPLAINT**

The Court finds that Eric and Susanann Young used "extraordinarily manipulative tactics."

Even if they employed emotional or religious arguments, such tactics do not equate to legal

theft because Linda admits to voluntarily arranging the wire transfers, signing the wire forms,

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

and admits to her full knowledge and awareness that Eric was the only borrower securing

mortgage financing for the house purchase.

Linda., therefore, knowingly parted with the funds, has produced no evidence to support her

conflicting claims, and in this FoF (#190-199) has somehow manipulated the court into

fabricating an all-new speculative fiction that Plaintiffs themselves had not even proposed.

The extent to which this Court has gone to give the real fraudsters and liars – Plaintiffs and

their attorneys – a win in this case simply boggles the mind.

Here in FoF 108, the Court continues in its pattern of brazen favoritism and bias, and fails to

draw a distinction between emotional manipulation and an actual unauthorized taking which

has never occurred.

The court neglects to mention that Ms Cole evidenced the same strong religious views during

the Oct 20 and 21 audio, but noticeably omits any reference to Ms Cole's acknowledgement

that Mr Young wanted to take out the mortgage and that she was not a co-borrowing applicant

as she maintains in her Verified Complaint.  The court must strike or correct the contradiction

or risk the appearance of bias.

**EVIDENCE**

1. Exhibit D-116: Ms. Cole complains about various issues but still acknowledges Eric's
   sole mortgage role.

2. Exhibit P-51: Possibly shows Ms. Young referencing religious or emotional arguments.

**LAW**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion requires wrongful dominion over another's property without consent. Emotional pressure is not the same as a purely unauthorized transaction if the owner still voluntarily signed.

- Fox v. Fox, 87 Wn. App. 782 (1997): The Court must not conflate moral or familial pressure with a lack of legal authorization.

**PROPOSED AMENDED**

108. While the record shows Mr. and Ms. Young using emotional and possibly manipulative rhetoric, this does

not itself prove theft or unauthorized control. The documents and Ms. Cole's own notary-authorized

signatures confirm her voluntary choice to transfer the funds, notwithstanding any emotional pressures.

**FINDING OF FACT NO. 109**

109. Ms. Young relied on emotional manipulation, pointing out Ms. Cole's medical issues, the fact that she needed someone to take care of her, and that Ms. Young had turned down a job just to be available to care for Mr. and Ms. Cole. Exhibit P-51; Exhibit D-116.

**COMPLAINT**

The Court cites Ms. Young's references to Linda's health needs. The court once again chooses to follow the pattern of conduct set by Plaintiffs and their attorneys, to misstate and misconstrue normal family conversation into a vague but always-negative False Light intended to denigrate and prejudice Defendants in this matter.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

1    The Court here thrusts its opinion upon the record as 'finding of fact' No.109, yet continues to

2    improperly disregard binding precedent which bars Plaintiffs frivolous claims.

3    All such desperate attempts to impugn Defendants fails to achieve relevance, let alone the

4    status of 'evidence', because FoF 109 fails to describe a forcible or fraudulent taking of

5    Linda's money.  All governing precedents repeatedly ignored by this Court dictate that upon

6    completing the voluntary transfer of funds, they were 1) no longer Plaintiffs' funds, and 2) as a

7    transfer between mother and daughter/son-in-law – are deemed intra-family gifts by

8    Washington State.  Further, both Washington and Oregon stipulate that the moment Plaintiffs

9    knowingly willingly transferred funds via bank wire, they are not retrievable – a fact which

10    Linda Cole was told repeatedly during the wire authorization security sequence required by

11    OWFCU.

12    Therefore, as Linda voluntarily signed and notarized documents requested by OWFCU, after

13    handling herself the phone calls, emails, and security questions, all such repeated stabs in the

14    dark in the hopes of mortally damaging Defendants are simply incoherent and incorrect

15    inferences that emotional arguments alone prove conversion.

16    **E**VIDENCE

17      1.   Exhibit P-51; D-116: Recordings show Ms. Young referencing health or caretaker roles.

18      2.   Linda's actual wire documents remain unchallenged as to authenticity.

19

20    **L**AW

21      •   Thompson v. Huston, 154 Wn. App. 384 (2010): Emotional or familial persuasion does

      not substitute for a lack of legal authorization.

22

23    DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
   CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
   PAGE 147 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782 (1997): The question is whether Linda knowingly signed away her money, which the record shows she did.

**PROPOSED AMENDED**

109. Ms. Young mentioned Ms. Cole's health and turned down employment to help her, which may be

emotionally manipulative. However, this does not negate Ms. Cole's documented, voluntary consent to wire

the funds. Emotional pressure alone is insufficient to establish theft or forced taking of money.

## FINDING OF FACT NO. 110

110. Ms. Young would use Ms. Cole's relationship with JY, stating "does your grandson mean nothing to you," and telling Ms. Cole that she is not loving toward JY. Exhibit P-51; Exhibit D-116.

**COMPLAINT**

The Court points to Ms. Young employing guilt or emotional appeals around the grandson, JY. Again, such manipulative language does not equate to an unauthorized transaction. The Court's final "conversion" conclusion must address that Linda Cole still personally signed all required forms.

**EVIDENCE**

1. Exhibit P-51; D-116: Possibly capturing Ms. Young's remarks about JY and "love."

2. Linda's continued statements that she initially planned to provide the funds anyway.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

## LAW

- Fox v. Fox, 87 Wn. App. 782 (1997): Emotional manipulation does not override documentary evidence of the depositor's voluntary authorization.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion requires proof Linda did not consent; emotional guilt trips are not the same as a total absence of consent.

## PROPOSED AMENDED

110. Ms. Young used familial or emotional appeals regarding JY. Though manipulative, such comments do

not establish that Ms. Cole's transfer of funds was unauthorized. The notarized wire documents Evidence

Ms. Cole's consent despite any emotional pressures.

## FINDING OF FACT NO. 111

111. Ms. Young also relied on religion as a form of manipulation, telling Ms. Cole that the great Tribulation was coming, that soon people would be hunting them down with guns, and money would not mean anything. Exhibit P-51; Exhibit D-116.

## COMPLAINT

The Court notes that Ms. Young used religious or apocalyptic references to pressure Linda Cole. Even if such rhetoric is manipulative, it does not negate the key issue of Linda's voluntary authorization of the wire transfers. Emotional or religious arguments do not transform a consensual gift or loan into theft.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**EVIDENCE**

1.  Exhibit D-116; P-51: Recordings capturing Ms. Young's statements referencing religion and potential end-times.

2.  FoF 83–91: Linda Cole had already signed or notarized the wire forms prior to these conversations, indicating her prior consent was not purely undone by religious commentary.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): Emotional or moral pressure does not prove lack of consent to a financial transaction, especially when supported by notarized documentation.

- Thompson v. Huston, 154 Wn. App. 384 (2010): The Court must reconcile Linda's documented approval with any alleged manipulative statements, rather than assume manipulation equates to unauthorized taking.

**PROPOSED AMENDED**

111. While Ms. Young referenced religious or apocalyptic scenarios (Exhibit P-51; Exhibit D-116),

indicating possible emotional manipulation, the record - including Linda Cole's prior notary-approved

wire authorizations - shows Ms. Cole still voluntarily consented to transferring funds.

Emotional pressure alone is insufficient to establish theft or conversion.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 112**

112. Mr. Young engaged in aggressive and condescending tactics during these conversations. Exhibit P-51; Exhibit D-116.

**COMPLAINT**

The Court's description of Mr. Young as "aggressive and condescending" does not, by itself, prove an unlawful taking of Linda Cole's money. Even if Mr. Young's tone was harsh, Linda's documented and notarized approval stands as strong evidence of a voluntary transaction.

**EVIDENCE**

1. Exhibit D-116: Recordings revealing Mr. Young's demeanor, but also Linda Cole's repeated acknowledgments of Eric's role as the mortgage borrower.

2. Wire documents (Exhibit P-25, P-26): Linda's signature or e-sign after speaking with the bank.

**LAW**

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion requires an actual wrongful dominion without consent, not merely rude or forceful communications.

- Fox v. Fox, 87 Wn. App. 782 (1997): Emotional or verbal aggression does not negate a properly authorized financial transaction.

**PROPOSED AMENDED**

112. Mr. Young's demeanor in the October 20–21 conversations may have been aggressive or condescending

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

(Exhibit P-51; D-116). Nonetheless, notarized wire documents and Ms. Cole's own admissions reflect

a voluntary transfer, which aggression alone does not invalidate as theft or conversion.

**FINDING OF FACT NO. 113**

113. Mr. Young insisted that Ms. Cole has short-term memory "fails" and when Ms. Cole objected to this, Mr. Young stated, "we see it every day and I don't care if you don't like it." Exhibit P-51; Exhibit D-116.

COMPLAINT

Mr. Young allegedly cited Ms. Cole's short-term memory issues. Even if these remarks are contentious, the Court must still address Linda's actual steps - signing, notarizing, emailing, and calling banks - before concluding "theft." The alleged memory fail does not override the formal documentation and Linda's active involvement.

EVIDENCE

1. Exhibit P-51; D-116: Recordings capturing Mr. Young referencing Linda's memory lapses.

2. FoF 83–91: Linda repeatedly authorized wires and went to the notary.

LAW

- Fox v. Fox, 87 Wn. App. 782 (1997): Alleged memory issues or a family dispute does not equate to non-consent if the deposit account holder signed.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Thompson v. Huston, 154 Wn. App. 384 (2010): Courts must reconcile potentially conflicting testimony about memory with the documentary wire authorizations.

**PROPOSED AMENDED**

113. Although Mr. Young claimed Ms. Cole had short-term memory lapses (Exhibit P-51; D-116), the record

shows Ms. Cole actively executed the wire documents before a notary, contradicting any

assertion that

she lacked awareness or was involuntarily deprived of her funds.

**FINDING OF FACT NO. 114**

114. Mr. Young told Ms. Cole that she should be thankful that she can "let go of the reins" and

allow him to manage the money, that based on all the turmoil Ms. Cole has caused that

transferring the money to his account "turned out to be the best thing forward," that if the

Coles had been in touch when Mr. Cole received his inheritance that Mr. Young could have

saved them a million dollars, and that Ms. Cole should show Mr. Young gratitude for all he is

doing for her. Exhibit P-51; Exhibit D-116.

**COMPLAINT**

This Finding dwells on Mr. Young's personal remarks, casting him as "pushy" or

"condescending." None of that proves Linda Cole's wire transfer was unauthorized. A harsh or

self-serving tone does not show Ms. Cole never consented. The Court's own notarized wire

documents confirm Linda did approve and sign, making this personal friction irrelevant.

**EVIDENCE**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Exhibit P-26: Linda's notarized signatures.

- Exhibit D-116: Linda never says she was forced; she only complains after the fact.

**LAW**

- Burton v. City of Spokane, 16 Wn. App. 2d 769: Conversion requires a non-consensual taking, not impolite language.

- Fox v. Fox, 87 Wn. App. 782: Souring family relations do not nullify a valid, pre-approved transaction.

**PROPOSED ACTION**

- Strike for irrelevance under FoF 15; it adds no proof Linda lacked consent.

- If not stricken, amend to note Linda's documented authorization remains undisputed despite any "turmoil."

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

EXHIBIT A

DETAILED OBJECTIONS CR 52(B)

"ANALYSIS OF FINDINGS NOS. 1–213"

PART 11

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 115**

115. Mr. Young told Ms. Cole that he did not share the "family plan" with her before the wire transfers because she was "unreasonable." Exhibit P-51; Exhibit D-116.

COMPLAINT

Mr. Young calling Ms. Cole "unreasonable" is beside the point. Linda's wire approvals were notarized; no evidence shows coercion. This snippet just rehashes intra-family conflict - completely unrelated to whether Linda knowingly signed off. It's a red herring.

EVIDENCE

- Wire records (Ex. P-25, P-26) confirm Linda's explicit involvement, no matter how "unreasonable" Mr. Young thought she was.

- FoF 83–91: All confirm Linda's direct authorization.

LAW

- Thompson v. Huston, 154 Wn. App. 384: Harsh family commentary doesn't prove theft.

- Fox v. Fox, 87 Wn. App. 782: Court can't conflate personal friction with non-consent.

PROPOSED ACTION

- Strike FoF 115 entirely for irrelevance. Being "unreasonable" doesn't negate Ms. Cole's notarized authorization.

- If not stricken, at least add that Ms. Cole voluntarily authorized these wires, making Mr. Young's personal views immaterial.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 116**

116. Mr. Young told Ms. Cole that it was "obscene what [she] has done to this family," that the house sale was not going to be thrown over by her mental aberrations, that she was selfish and untrusting of people who were only trying to help her. Exhibit P-51; Exhibit D-116.

**COMPLAINT**

This Finding highlights Mr. Young's inflammatory remarks about Ms. Cole: "obscene," "mental aberrations," "selfish." The Court again attempts to paint Defendants as combative to imply non-consent. Yet personal name-calling or frustration does not prove a lack of voluntary wire authorization. Linda Cole's notarized sign-offs (FoF 85–91) and bank-recorded steps show she did consent. These heated exchanges merely reflect a family dispute, irrelevant under the Court's own FoF 15 limiting extraneous backstory.

**EVIDENCE**

- FoF 83–91: Linda's direct role in wiring the funds.

- Exhibit P-51; D-116: Audio capturing personal insults but no evidence Ms. Cole objected pre-wire.

**LAW**

- Fox v. Fox, 87 Wn. App. 782: Verbal aggression doesn't negate prior consent or transform a lawful transaction into "theft."

- Thompson v. Huston, 154 Wn. App. 384: Family friction is no substitute for actual evidence of a coerced or forged transfer.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**PROPOSED ACTION**

- Strike FoF 116 for irrelevance. Personal conflict does nothing to prove Ms. Cole never consented.

- If not stricken, amend to acknowledge Ms. Cole's documented, voluntary authorization supersedes any harsh words from Mr. Young and is what legally matters for the conversion question.

**FINDING OF FACT NO. 117**

117. Mr. Young also told Ms. Cole that he had reported the issue to the church elders.

**COMPLAINT**

Mentioning church elders is irrelevant to whether Linda Cole consented to wiring her money. The Court recites Mr. Young's statement as though it implies wrongdoing. It does not. Personal or religious references do not prove an unauthorized transfer - particularly when Linda knowingly signed the notary forms.

**EVIDENCE**

- FoF 83–91: Linda's undisputed role in wiring funds pre-dates these church-elder threats.

- Exhibit D-116: Ms. Cole never cites being forced or defrauded due to "church elder" involvement.

**LAW**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782: Emotional or moral intimidation is not the same as a coerced or illegal taking.

- Burton v. City of Spokane, 16 Wn. App. 2d 769: Conversion requires an unauthorized taking, not religious discussions.

**PROPOSED ACTION**

- Strike FoF 117 for irrelevance. Telling Ms. Cole about "church elders" does not address whether she consented.

- If not stricken, amend to clarify no evidence of forced or coerced wire.

## FINDING OF FACT NO. 118

118. When Ms. Cole demanded a copy of all the paperwork including a copy of the "so called gift letter" Mr. Young responded, "you get nothing" because you "have no right … absolutely none, at this moment you have no right to demand anything."

**COMPLAINT**

The Court cites Mr. Young's refusal to provide paperwork. This may be rude or unhelpful, but it does not show Linda's wire was unauthorized. Notarized forms confirm Linda's direct knowledge. Mr. Young's standoffish reply is irrelevant to whether Ms. Cole voluntarily signed away her money. Ms. Cole had already acknowledged she was not the mortgage applicant.  Mr. Young was justified in not turning over personal financial documents to an uninvolved party.

**EVIDENCE**

- Exhibit P-25, P-26: Show Linda's earlier direct involvement with Old West Bank.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 159 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Notary (FoF 85): Verifies Linda's identity and signature - not Mr. Young's unilateral control.

LAW

- Fox v. Fox, 87 Wn. App. 782: Being uncooperative or withholding copies post-wire does not prove theft or conversion.

- Thompson v. Huston, 154 Wn. App. 384: The Court must focus on initial authorization, not post-transaction hostility.

PROPOSED ACTION

- Strike FoF 118 for irrelevance. Hostile refusal to give Ms. Cole "paperwork" has no bearing on initial consent.

- If not stricken, amend to note Linda already had formal documentation with the bank, so Mr. Young's attitude is immaterial.

## FINDING OF FACT NO. 119

119. Around this time, Ms. Flaherty received a "panicked and frantic" call from Ms. Cole. Testimony of Rebecca Flaherty.

COMPLAINT

Linda's emotional call to Ms. Flaherty shows distress but not an initial lack of consent. The Court is repeatedly conflating Ms. Cole's later panic with a supposed theft. The actual record (emails, notarized signatures) proves Linda actively participated. Post-wire regret or anxiety does not rewrite the voluntary nature of the transaction.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**EVIDENCE**

- FoF 54–91: Linda's explicit sign-offs.

- Testimony of R. Flaherty: Ms. Cole called in panic, but that's a separate emotional reaction, not evidence of non-consent.

**LAW**

- Fox v. Fox, 87 Wn. App. 782: Panic or emotional upset does not nullify earlier authorization.

- Burton v. City of Spokane, 16 Wn. App. 2d 769: Conversion requires a wrongful taking from the start.

**PROPOSED ACTION**

- Strike FoF 119 for irrelevance or relegate it to note Ms. Cole's anxiety is not proof of theft.

- If not stricken, amend to reflect Linda's earlier consent stands.

## FINDING OF FACT NO. 120

120. Ms. Cole asked Ms. Flaherty who was going to be listed on the house title and seemed confused that she and Ted Cole were not included on the title. Testimony of R. Flaherty.

**COMPLAINT**

The Court notes Linda's confusion about not being on title. Confusion is not non-consent. She can be confused about the final arrangement but still have voluntarily signed all wire

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

documents. The record (FoF 63: Eric alone as buyer) undercuts any notion she was forcibly left out. The Court's "conversion" premise is undone by Linda's own lack of standing to alter the PSA.

**EVIDENCE**

- FoF 63: Only Eric was on the Purchase & Sale.

- Exhibit D-116: Linda explicitly admits Eric "picked up the mortgage."

**LAW**

- Thompson v. Huston, 154 Wn. App. 384: Confusion or a mistaken assumption about future co-ownership does not prove no initial wire authorization.

- Fox v. Fox, 87 Wn. App. 782: Irrelevant personal shock or confusion is insufficient to establish theft.

**PROPOSED ACTION**

- Strike FoF 120 as immaterial. Linda's confusion about title does not negate her notarized consent to wire.

- If not stricken, clarify she knowingly funded Eric's mortgage anyway, meaning confusion is not evidence of theft.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 121**

121. Ms. Cole asked Ms. Flaherty to rescind the purchase and sale agreement but Ms. Flaherty could not do that because Linda and Ted Cole were not parties to the contract. Testimony of R. Flaherty.

**COMPLAINT**

Defendants assert that FoF 121 - where Linda Cole tried to rescind a contract she never signed - demonstrates Linda's actual knowledge that Eric alone was the mortgage borrower and the only Buyer under the PSA. This directly contradicts Linda's "theft" claim that she somehow believed she, too, was on the mortgage/title.

**EVIDENCE**

- Exhibit D-116 (Oct 21 audio), Linda:

  *"We were going to buy the house. As it turned out, it had to be mortgaged and you [Eric] wanted to pick that up."*

  *"Well, you did."*

  *Timestamp 00:03:58–00:04:21.*

- FoF 121 itself concedes Linda "was not a party to the contract."

Linda's contradictory Verified Complaint claims she was supposed to be on the loan.

*Verified Complaint # 16:* "…Plaintiffs…have been excluded from the lending process and are not named as borrowers…"

**LAW**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

Tortious Interference arises when a nonparty tries to prevent performance of someone else's valid contract:

"(1) A valid contractual relationship, (2) knowledge of that relationship, (3) intentional interference causing breach, (4) done by improper means, (5) resulting in damages."

- *Commodore v. Univ. Mech. Contractors*, 120 Wn.2d 120, 137–38 (1992)

Here, Linda sought a TRO - without bond - in violation of CR 65(c) - to kill a deal she was never a party to. This is a textbook "improper interference."

**PROPOSED AMENDED**

121. Ms. Cole contacted realtor Rebecca Flaherty, asking her to rescind a Purchase and Sale Agreement to which Ms. Cole was not a signatory. Because Ms. Cole was not a party to that contract, Ms. Flaherty could not legally rescind it. Notably, Ms. Cole's attempt to rescind further confirms her awareness that Eric Young was the sole buyer and mortgage applicant, thus contradicting her later assertion of theft or conversion.

**FINDING OF FACT NO. 122**

122. On October 26, 2023, Ms. Cole sent a text message to Ms. Young demanding the return of all the money. Exhibit P-31, p.3.

**COMPLAINT**

FoF 122 shows Linda Cole demanded her money back on October 26. Yet a post-hoc demand to reverse what was previously an authorized wire does not prove the wire was unauthorized from the start. The Court's conclusion of "conversion" overlooks that a party can regret a

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 164 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

voluntary transaction and demand a refund, which does not legally transform the original act into theft.

**EVIDENCE**

1. Exhibit P-31, p.3: Linda's text demanding repayment.

2. Exhibits P-25, P-26: Show Linda authorized the wire forms prior to this date.

**LAW**

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion requires an initial wrongful taking. A subsequent request for the money back due to changed minds does not retroactively establish non-consent.

- Fox v. Fox, 87 Wn. App. 782 (1997): Demanding a refund after the fact does not negate earlier consent.

**PROPOSED AMENDED**

122. On October 26, 2023, Ms. Cole texted Ms. Young demanding the return of funds (Exhibit P-31). This post-hoc demand does not alter the documented fact that Ms. Cole voluntarily wired the money initially, indicating no wrongful taking occurred.

**FINDING OF FACT NO. 123**

123. Ms. Young responded by stating "if you desire the gift funds to be repaid, we can do that, but it constitutes mortgage fraud and is a felony which can incur a fine and prison time. That's why Eric has said repeatedly, once the mortgage paperwork kicked off, things were in motion and irrevocably proceeding." Exhibit P-31, p. 6-9.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**COMPLAINT**

FoF 123 reflects Ms. Young's reply warning Linda that repayment of a formally documented "gift" could be seen as mortgage fraud, since lenders expect gift money to be non-repayable. The Court's final "conversion" ruling does not address that Linda's funds were clearly labeled and recognized as a gift - which is antithetical to a forced or stolen transaction.

**EVIDENCE**

1. Exhibit P-31, p.6–9: Ms. Young's text about potential mortgage fraud if the gifted money is repaid.

2. Exhibit P-23: The original or revised gift letter from Linda to Eric.

**LAW**

- Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank, 80 Wn. App. 655 (1996): A "gift letter" recognized by lenders typically prohibits repayment, indicating Linda parted with ownership of the funds voluntarily.

- Fox v. Fox, 87 Wn. App. 782 (1997): Ms. Young's referencing mortgage guidelines does not prove Linda was defrauded; it underscores that the money was disclosed as a gift.

**PROPOSED AMENDED**

123. Ms. Young's response warns Ms. Cole that repaying officially "gifted" funds could be mortgage fraud (Exhibit

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

P-31). This underscores the lender's requirement that funds be a true gift, consistent with Ms. Cole's

original voluntary designation of the transfer as a gift rather than an involuntary taking.

**FINDING OF FACT NO. 124**

124. On October 30, 2023, Ms. Cole again sent a text message to Ms. Young asking for the return of the money. P 32, p. 2-3; D-115, p. 817.

**COMPLAINT**

Linda's repeated text requests for repayment do not show the original wire was non-consensual. The Court's "conversion" holding must recognize that changing one's mind or repeatedly requesting refunds is not evidence of a wrongful taking from the outset.

**EVIDENCE**

1. P-32, p.2–3 / D-115, p.817: Linda's October 30 text.

2. FoF 54, 85–91: Linda's earlier signed, notarized wire instructions remain uncontested as to authenticity.

**LAW**

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion hinges on initial unauthorized dominion, not a later dispute or request for refund.

- Fox v. Fox, 87 Wn. App. 782 (1997): Linda's repeated pleas for return do not negate her prior act of consenting to wire the funds.

**PROPOSED AMENDED**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

124. Ms. Cole again texted Ms. Young on October 30 demanding return of funds (P-32; D-115). Repeated requests for a refund do not retroactively negate Ms. Cole's documented authorization of the wire, nor do they establish the funds were taken without her consent.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

# EXHIBIT A

## DETAILED OBJECTIONS CR 52(B)

## "ANALYSIS OF FINDINGS NOS. 1–213"

## PART 12

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 125**

125. This text read, "Good afternoon, Dad and I just wanted to make sure you know that we have changed our minds about buying the house and moving to Spokane with you. ... We are insisting that you cancel the loan immediately because it has not cleared escrow. So no one will be committing mortgage fraud. We are trying hard for this to take place with decency and with Jehovah's view in mind."

*(Edited for brevity; see FoF for full text)*

**COMPLAINT**

FoF 125 explicitly shows Linda Cole's statement: "We have changed our minds ... we are insisting that you cancel the loan immediately." This clarifies Linda's stance as of late October: she initially agreed but is now reversing course. The Court's final "conversion" conclusion overlooks the plain admission that Linda's dissatisfaction arises from a change of mind, not an initial lack of consent.

**EVIDENCE**

1. FoF 54–91: Linda's earlier signed or notarized wire instructions.

2. Exhibit D-115, p.817: Linda's text literally says "we have changed our minds," implying the original act was, indeed, authorized at the time.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): "Changed our minds" is incompatible with an argument that the wire was never authorized.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Meyers Way, 80 Wn. App. 655: A voluntary gift or loan that the giver later regrets does not constitute conversion.

**PROPOSED AMENDED**

125. Ms. Cole's text states she and Mr. Cole "changed our minds" about buying the house and moving to Spokane,

demanding cancellation of the loan. This language confirms her initial agreement to fund Eric's mortgage

and contradicts any claim of never consenting to the wire transfer.


**FINDING OF FACT NO. 126**

126. The same day, the Coles, through counsel, sent a letter to the Youngs and to Ms. Flaherty demanding a return of the money. Exhibit P-6.

**COMPLAINT**

Again, the Court notes a legal demand for returning the money. However, repeated or formal demands to revert a previously voluntary wire do not create a retrospective theft scenario. The Court's conversion ruling needs to address the consistent theme of post-authorization regret, rather than an initial unauthorized taking.

**EVIDENCE**

1. Exhibit P-6: The letter from the Coles' attorney.

2. Exhibit D-116: Linda's audio admissions that Eric was the borrower from the get-go.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**LAW**

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion depends on an original lack of consent, not subsequent demands for restitution.

- Fox v. Fox, 87 Wn. App. 782 (1997): The presence of a formal demand letter after the fact does not prove no consent existed at the outset.

**PROPOSED AMENDED**

126. Through counsel, the Coles demanded the money be returned (Exhibit P-6). This post hoc demand

for restitution does not alter the initial evidence of Ms. Cole's consent to transfer the funds.

**FINDING OF FACT NO. 127**

127. On November 3, 2023, a second letter to Ms. Flaherty notifying her of the dispute over the funds the Youngs intended to use for the purchase of the home. Exhibit P-8.

**COMPLAINT**

FoF 127 mentions a second letter, further emphasizing Linda's dispute after the wire. The Court again fails to reconcile that Linda's actions in late October and November do not disprove her earlier voluntary steps. A series of letters and demands reflects a change of heart, not an original absence of consent.

**EVIDENCE**

1. Exhibit P-8: The second letter.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

2. FoF 54–91: Linda's earlier signings and notary steps remain documented.

**LAW**

- Thompson v. Huston, 154 Wn. App. 384 (2010): The Court must address how these subsequent disputes do not contradict the initial voluntary nature of the wire.

- Fox v. Fox, 87 Wn. App. 782 (1997): A continuing dispute or chain of letters is not proof of an unauthorized taking ab initio.

**PROPOSED AMENDED**

127. On November 3, 2023, the Coles sent a second letter about the disputed funds (Exhibit P-8). These

post-wire disputes reflect changed intentions rather than evidence that the initial wire was unauthorized

or effected without Ms. Cole's consent.

**FINDING OF FACT NO. 128**

128. On November 6, 2023, Mr. Young transferred the remaining $180,000.00 from his Bank of America account (2131) to his Bank of America business account (9509). Exhibit P-37 p.7, 40.

**COMPLAINT**

The Court references Eric's internal movement of $180,000 on November 6. Once Linda voluntarily transferred the funds to Eric, subsequent reallocation among his own accounts is

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 173 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

25-80037-FPC    Doc 17-12    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 31 of 100

not theft. The Court's final "conversion" ruling must distinguish between Linda's initial ownership and her gift or authorized wire to Eric.

### EVIDENCE

1. Exhibit P-37: Shows bank statements transferring money from account 2131 to 9509.

2. Exhibit D-116: Linda's own recorded admissions that Eric was handling mortgage payments and finances.

### LAW

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): If Linda parted with ownership through a voluntary gift, Eric's subsequent account transfers do not constitute conversion.

- Fox v. Fox, 87 Wn. App. 782 (1997): Post-wire internal bank movements are irrelevant to the question of initial consent.

### PROPOSED AMENDED

128. On November 6, 2023, Mr. Young shifted $180,000 from his personal BofA account to a BofA business

account (Exhibit P-37). Since Ms. Cole had already authorized the funds to Eric's account, his subsequent

rearrangement does not establish theft or lack of initial consent.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 129**

129. On November 7, 2023, Mr. Young transferred the same money from his Bank of America business account to his Fidelity account.

**COMPLAINT**

Again, the Court notes Eric re-depositing or reallocating Linda's previously gifted or authorized funds. These subsequent movements do not prove the original transfer was unauthorized. By this stage, Linda had parted with the funds; Eric having them in different accounts is consistent with the notion he was the rightful recipient.

**EVIDENCE**

- Exhibit P-37 or other bank statements: Reflect these sequential moves.

- Linda's text demands revolve around wanting the funds back, but do not negate the prior authorized wire.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): Reallocating funds post-wire is consistent with having lawful control.

- Thompson v. Huston, 154 Wn. App. 384 (2010): The Court must address the initial authorization, not just focus on subsequent reallocation.

**PROPOSED AMENDED**

129. On November 7, 2023, Mr. Young transferred the same funds to his Fidelity account. Having lawfully

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

received the money through Ms. Cole's prior authorization, his internal transfers do not prove theft or

conversion.

**FINDING OF FACT NO. 130**

130. On November 7, 2023, Mr. and Ms. Cole filed a lawsuit in Spokane County Superior Court alleging conversion and fraud against the Youngs.

COMPLAINT

The Court references the filing date of Linda and Ted Cole's lawsuit. Merely filing a conversion and fraud lawsuit does not prove those claims have merit. By this point, the wire transfers were already authorized, notarized, and completed, as established in earlier Findings. The fact that a suit was filed (especially with no immediate mention of Linda's contradictory admissions and banking documentation) does not retroactively transform a voluntary transaction into theft.

EVIDENCE

- FoF 54–91: Linda Cole's documented wire approvals, culminating in a notary verifying her identity.

- Exhibit D-116: Linda's recorded statements show she "changed her mind," not that she was defrauded.

LAW

- Fox v. Fox, 87 Wn. App. 782 (1997): A mere lawsuit does not override actual consent.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 176 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Thompson v. Huston, 154 Wn. App. 384 (2010): The Court must weigh the undisputed evidence of prior authorization, rather than assume a lawsuit's allegations are true.

**PROPOSED ACTION**

- Strike FoF 130 as immaterial to the underlying question of consent. Or

- Amend to clarify that the lawsuit filing does not, in itself, validate Linda Cole's conversion claim when all evidence shows initial authorization.

**FINDING OF FACT NO. 131**

131. At an emergency hearing that day, Mr. Young testified that the money was in his Fidelity account. Exhibit P-38, p. 9.

**COMPLAINT**

The Court highlights an emergency hearing statement from Mr. Young confirming the funds are in his Fidelity account. This is consistent with earlier admissions that Linda voluntarily transferred the money. Relocating those funds does not prove theft. The Court's final "conversion" premise fails to show a lack of initial consent - just that Eric still holds the funds, as Linda gave them.

**EVIDENCE**

- FoF 54–91: Linda's explicit sign-offs.

- Exhibit P-38: Confirms Eric's account holdings, not a lack of Linda's authorization.

**LAW**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion requires wrongful taking from the start. Merely acknowledging where the funds reside does not establish wrongdoing.

- Fox v. Fox, 87 Wn. App. 782 (1997): The Court must not conflate "Eric still has Linda's money" with "he forcibly took it." Linda parted with it voluntarily.

**PROPOSED ACTION**

- Strike FoF 131 or, at minimum, amend to state that Mr. Young's hold on the funds post-wire does not negate Linda's earlier consent or create "conversion."

**FINDING OF FACT NO. 132**

132. The court froze the money in Mr. Young's Fidelity account and told the Youngs not to utilize the funds. Exhibit P-38.

**COMPLAINT**

A court order freezing funds during litigation is a procedural measure, not proof that Linda Cole's transfer was involuntary. Courts often freeze disputed assets pending resolution. This does not show an original lack of consent. Emphasizing the freeze is merely describing a temporary remedy, not a definitive finding of theft.

**EVIDENCE**

- Exhibit P-38: Transcript or order referencing the freeze.

- The extensive record of Linda's prior signings stands unrebutted.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

## LAW

- Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank, 80 Wn. App. 655 (1996): A freeze or TRO is not a merits ruling on consent.

- Fox v. Fox, 87 Wn. App. 782 (1997): This procedural step is irrelevant to the actual question of whether Linda authorized the wire.

## PROPOSED ACTION

- Strike FoF 132 for immateriality. A freeze order says nothing about initial consent.

- Alternatively, amend to note it's a standard interim measure, not proof of conversion.


## FINDING OF FACT NO. 133

133. During this hearing, Mr. Young told the court that he had spent about $82,000.00 of the money to pay down the debt to qualify for the mortgage. Exhibit P-16, p. 1.

### COMPLAINT

The Court notes Mr. Young used $82,000 to lower debt and qualify for the mortgage - a consistent step, given Linda's own admissions that she provided the funds to help Eric's DTI ratio. This in fact supports the notion Linda knowingly transferred the money for Eric's mortgage, not that he snuck it out from under her. Emphasizing this usage actually undermines the Court's conversion premise.

### EVIDENCE

- Exhibit P-16, p.1: Eric's statement about paying debts for mortgage qualification.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 179 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Linda's entire stance prior to "changing her mind" was to help Eric get the loan.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): Using the gifted money exactly as Linda originally intended (mortgage qualification) contradicts a theft narrative.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion cannot stand where the property owner voluntarily parted with it for a known purpose.

**PROPOSED ACTION**

- Strike FoF 133 for irrelevance. If anything, it proves Eric used Linda's funds for the agreed-upon mortgage.

- If not stricken, at least amend to clarify it supports Defendants' position of voluntary usage.

**FINDING OF FACT NO. 134**

134. The court entered a temporary restraining order but did not set a bond. Exhibit P-49.

**COMPLAINT**

A TRO was issued without bond - which itself may be legally improper under CR 65(c). The Court's mention does not prove Linda Cole never consented, but rather shows how the Court took extreme measures on an ex parte or emergent basis without verifying actual theft. This has no bearing on whether the transfer was initially voluntary; it only underscores potential judicial error in not requiring bond.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**EVIDENCE**

- Exhibit P-49: TRO that fails to mention Linda's notarized wires or authorized gift letter.

- CR 65(c) requires bond for injunctive relief unless good cause is shown.

**LAW**

- All Star Gas, Inc. v. Bechard, 100 Wn. App. 732 (2000): TRO without bond can be reversed for noncompliance with CR 65(c).

- Fox v. Fox, 87 Wn. App. 782: A TRO does not establish the underlying claim's validity.

**PROPOSED ACTION**

- Strike FoF 134 for irrelevance to the ultimate question of initial consent. Or

- Clarify that the TRO is a procedural device, not proof of conversion, and that no bond was set in violation of CR 65(c).

**FINDING OF FACT NO. 135**

135. Sometime after the lawsuit was filed, Mr. Young sent Ms. Cole two disappearing text messages. Exhibit P-11; Testimony of L. Cole.

**COMPLAINT**

Disappearing or ephemeral texts do not prove Linda's funds were taken unlawfully. The Court cites this to cast Eric as sneaky, but it remains irrelevant to Ms. Cole's original wire. A suspicious text or new technology usage does not override Linda's prior notary approvals.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 181 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

25-80037-FPC    Doc 17-12    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 39 of 100

Again, it's an attempt to smear Defendants without addressing the key issue: Linda knew and consented at the outset.

**EVIDENCE**

- Exhibit P-11: Screenshots of ephemeral texts.

- FoF 83–91: Linda's earlier sign-offs remain undisputed.

**LAW**

- Thompson v. Huston, 154 Wn. App. 384 (2010): The Court must weigh actual wire authorization, not post-litigation messaging tactics.

- Fox v. Fox, 87 Wn. App. 782 (1997): This is more personal or emotional conflict, not evidence of theft.

**PROPOSED ACTION**

- Strike FoF 135 as immaterial. Disappearing texts do not demonstrate a forced or unauthorized transaction.

- If not stricken, note ephemeral texting does not retroactively invalidate Linda's consent.

**FINDING OF FACT NO. 136**

136. Ms. Cole was able to take a screen shot of the second text message before it disappeared. Exhibit P-11; Testimony of L. Cole.

**COMPLAINT**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

Citing Ms. Cole's screenshot does nothing to prove non-consent. The Court again focuses on ephemeral text drama instead of addressing Linda's wire approvals. Taking a screenshot of a disappearing message is immaterial to the question of voluntariness at the time of wire. Another attempt to show "sneaky" behavior rather than actual unauthorized taking.

**EVIDENCE**

- Exhibit P-11: Ms. Cole's screenshot.

- Linda's notarized consent is well established.

**LAW**

- Fox v. Fox, 87 Wn. App. 782: Non-pertinent or prejudicial facts must not overshadow actual authorization.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion demands no consent from the start, not ephemeral texts post-wire.

**PROPOSED ACTION**

- Strike FoF 136 for irrelevance. A screenshot of a message does not bear on Linda's original authorization.

- Or amend to note it fails to prove Linda never consented.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

# EXHIBIT A

# DETAILED OBJECTIONS CR 52(B)

## "ANALYSIS OF FINDINGS NOS. 1–213"

## PART 13

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 137**

137. In the message, Mr. Young stated "[a]lso wanted to let you know, we have an attorney now, and the court result is not going to go well for you, mom if you persist in this effort. ... Not to mention that taking brothers to secular court is completely against the guidance of Jehovah's organization. ..." Exhibit P-11.

**COMPLAINT**

The Court recites Mr. Young's alleged text to Linda, threatening poor outcomes if she continues with her lawsuit. Aggressive or religious warnings do not prove Linda never authorized the wire. This Finding is irrelevant to whether Linda's consent was absent from the start.

**EVIDENCE**

- FoF 83–91: Show Linda's notarized approvals.

- Exhibit P-11: Possibly includes ephemeral text references, but no evidence Linda was forced initially.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): Hostile or threatening language after the wire does not negate earlier consent.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion requires no consent at the time of taking, not post-litigation intimidation.

**PROPOSED ACTION**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Strike FoF 137 for irrelevance to the question of initial authorization.

- If not stricken, note it fails to establish any coercion or lack of consent regarding Linda's original wire.

## FINDING OF FACT NO. 138

138. Ms. Cole took this text as a threat. Testimony of L. Cole.

### COMPLAINT

Even if Linda interpreted the text as a threat, that does not prove her wire transfer was unconsented initially. The Court citing Ms. Cole's subjective view is irrelevant to the legal question of whether she knowingly signed the notary documents. Emotional or intimidation claims post-wire do not rewrite the fact that Linda parted with her money voluntarily at the outset.

### EVIDENCE

- Notarized forms (FoF 85–91): Linda's direct approvals.

- Exhibit P-11: Linda's personal feelings about the text.

### LAW

- Fox v. Fox, 87 Wn. App. 782 (1997): A plaintiff's subjective fear does not prove a prior lack of consent.

- Thompson v. Huston, 154 Wn. App. 384 (2010): Irrelevant intimidation claims do not supplant the documented wire approvals.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**PROPOSED ACTION**

- Strike FoF 138 as irrelevant. Ms. Cole's feeling "threatened" post-wire does not show theft.

- Alternatively, clarify no evidence ties her fear to a forced or unauthorized wire.

## FINDING OF FACT NO. 139

139. Mr. Young disagreed that the message was a threat and testified that he was playing around with new technology when he sent the disappearing text.

**COMPLAINT**

This simply states Mr. Young's position that he was experimenting with ephemeral messaging. Neither view proves or disproves Linda's initial consent. The Court again references ephemeral texting but fails to link it to any forced or unauthorized taking.

**EVIDENCE**

- Exhibit P-11: Possibly includes the ephemeral text.

- Linda's own acknowledgment in the notary process shows prior consent unaffected by these messages.

**LAW**

- Fox v. Fox, 87 Wn. App. 782: Communicative disputes after the wire do not retroactively negate consent.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Irrelevant personal friction does not prove conversion.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 187 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**PROPOSED ACTION**

- Strike FoF 139 for irrelevance. The ephemeral text debate doesn't address Linda's wire approval.

- If not stricken, note it fails to show any lack of consent.

**FINDING OF FACT NO. 140**

140. On November 11, 2023, Mr. Young's mortgage application was denied listing key factors that affected Mr. Young's credit score ... Exhibit 13, p. 2-3.

**COMPLAINT**

Eric's mortgage denial does not affect whether Linda initially consented to wiring him money. The Court's mention of credit factors or denial reasons is irrelevant to the question of an unauthorized taking. This is simply an event that transpired post-wire. The Court should not conflate a mortgage denial with theft.

**EVIDENCE**

- Exhibit 13: Summarizes the denial factors (delinquencies, credit usage).

- Linda's prior notary-based wire sign-offs remain unchanged.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): Irrelevant final mortgage outcomes do not prove or disprove consent.

- Thompson v. Huston, 154 Wn. App. 384 (2010): Court must keep extraneous details from overshadowing the actual voluntariness of the wire.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**PROPOSED ACTION**

- Strike FoF 140 as immaterial. A mortgage denial is no evidence Linda was defrauded or forced.

- If not stricken, clarify it does not undermine Linda's documented authorization.

## FINDING OF FACT NO. 141

141. On December 29, 2023, Mr. Young reached out to Ms. Flaherty asking for wire instructions to transfer additional earnest money on the Golden Court home ... Exhibit P-10.

**COMPLAINT**

This describes Eric's attempt to add more earnest money after Ms. Cole's wire. Post-wire actions do not prove an initial lack of consent. The Court's final "conversion" premise is not advanced by Eric's real estate inquiries or attempts to salvage the deal. This is tangential, not evidence of theft.

**EVIDENCE**

- Exhibit P-10: Eric's request to Ms. Flaherty for wire details.

- Linda's earlier sign-offs remain well documented.

**LAW**

- Fox v. Fox, 87 Wn. App. 782: Additional earnest money attempts do not retroactively show non-consent.

- Meyers Way, 80 Wn. App. 655: Irrelevant final steps do not negate prior valid authorization.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 189 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**PROPOSED ACTION**

- Strike FoF 141 as irrelevant. More earnest money requests do not speak to initial consent or lack thereof.

- If not stricken, clarify Linda's original consent was never undone by these subsequent moves.

## FINDING OF FACT NO. 142

142. The title company told Mr. Young that they would not be able to accept any additional wire transfers due to the temporary restraining order. Exhibit P-15.

**COMPLAINT**

Because of a TRO (see FoF 134), the title company refused further wires. This detail is purely procedural: it does not speak to whether Linda initially consented. The Court is stacking extraneous events post-wire. None of this redefines an originally authorized wire as stolen.

**EVIDENCE**

- Exhibit P-15: Title company's refusal to accept more wires.

- Linda's notarized sign-offs remain overshadowing the "TRO's effect."

**LAW**

- Fox v. Fox, 87 Wn. App. 782: Post-wire procedural issues do not establish a prior lack of consent.

- Thompson v. Huston, 154 Wn. App. 384: The Court must keep extraneous details from overshadowing the consent question.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 190 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**PROPOSED ACTION**

- Strike FoF 142 for irrelevance. TRO's effect on new wires doesn't prove theft.

- If not stricken, clarify it's a procedural footnote, not evidence of forced appropriation of Linda's funds.


**FINDING OF FACT NO. 143**

143. On February 2, 2024, the court entered a preliminary injunction and ordered the Youngs to move the money into the Coles' attorney's trust account and provide an accounting ... Exhibit P-50.

**COMPLAINT**

A preliminary injunction in ongoing litigation is a standard measure. It does not demonstrate Linda's original wire was unauthorized. Courts often freeze or redirect funds while the dispute is litigated. The Court referencing this order does nothing to prove Ms. Cole was defrauded at the outset.

**EVIDENCE**

- Exhibit P-50: Preliminary injunction text.

- Linda's prior sign-offs remain unchallenged.

**LAW**

- Meyers Way, 80 Wn. App. 655: Temporary or preliminary orders are not judgments on the merits.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP[...]
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT[...]
PAGE 191 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782: Preliminary relief doesn't prove the underlying claim.

**PROPOSED ACTION**

- Strike FoF 143 as immaterial. A preliminary injunction says nothing about Linda's initial consent.

- Or amend to clarify it's only an interim measure, not proof of non-consent.

## FINDING OF FACT NO. 144

144. Bond was set at $0.00. Exhibit P-50.

**COMPLAINT**

The Court mentions a $0.00 bond for the preliminary injunction, ignoring that CR 65(c) typically requires a bond to protect parties from wrongful injunctions. This detail is irrelevant to Linda's original consent or lack thereof. Setting zero bond does not prove conversion; it only suggests potential judicial error or that the Court disregarded standard injunctive security measures.

**EVIDENCE**

- Exhibit P-50: Preliminary injunction orders no bond.

- The record (FoF 54–91) confirms Linda's notarized, authorized wire, overshadowing any irrelevancies about bond amounts.

**LAW**

- All Star Gas, Inc. v. Bechard, 100 Wn. App. 732 (2000): Failing to require a bond can be reversed as improper.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782: Irrelevant to whether Linda's initial transaction was consensual.

**PROPOSED ACTION**

- Strike FoF 144 for irrelevance. Zero bond does not prove or disprove theft.

- Alternatively, note it's a procedural anomaly that fails to address Linda's prior authorization.

## FINDING OF FACT NO. 145

145. By February 15, 2024, the Youngs had failed to transfer any money or provide an accounting of the disputed funds. Exhibit P-35.

**COMPLAINT**

The Court fixates on accounting demands post-wire. Even if the Youngs missed a deadline or refused immediate accounting, that does not negate Linda's original notarized consent. Noncompliance with a court order or delayed disclosures do not equal theft from the outset.

**EVIDENCE**

- Exhibit P-35: Possibly referencing a contempt or compliance hearing.

- FoF 83–91: Linda's wire approvals remain uncontested.

**LAW**

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion requires unauthorized taking from the start, not post-lawsuit disputes about accounting.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 193 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782 (1997): Post-wire litigation compliance is irrelevant to initial consent.

**PROPOSED ACTION**

- Strike FoF 145 as immaterial to whether Linda consented initially.

- Or amend to clarify it shows no new evidence of non-consent.

## FINDING OF FACT NO. 146

146. On February 20, 2024, the court found the Youngs in contempt when, in violation of the order, the Youngs sent the Coles a cashier's check for $119,698.04, only transferred $100.00 to the trust account, and failed to provide an objective account of the remaining funds. Exhibit P-35, P-39.

**COMPLAINT**

Contempt for failing to comply with a court order about the funds does not demonstrate the original wire was stolen. The Court's repeated references to contempt findings revolve around post-wire procedures and do not address the crucial question of Linda's initial authorization. Whether the Youngs fully obeyed or partially complied with orders does not show Linda never consented at the outset.

**EVIDENCE**

- Exhibit P-35, P-39: Court rulings on contempt/compliance.

- Linda's notarized wire forms stand unaltered.

**LAW**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782 (1997): Contempt for failing to do something in litigation is separate from the question of a forced taking.

- Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank, 80 Wn. App. 655 (1996): The Court must isolate whether Linda voluntarily parted with the money, not whether the Youngs followed subsequent injunctions.

**PROPOSED ACTION**

- Strike FoF 146 as immaterial. A contempt finding about a post-wire order does not prove initial non-consent.

- If retained, add it does not establish that Linda's funds were originally taken without permission.

## FINDING OF FACT NO. 147

147. At a review hearing on February 22, 2024, the Youngs admitted to purchasing an RV for $82,799.20 on February 14, 2024, and failed to account for remaining funds. Exhibit P-35, p. 2; Exhibit P-40, p. 12-15.

**COMPLAINT**

FoF 147 references an RV purchase with Linda's disputed money. If Linda voluntarily gave the funds, Eric's usage is not theft. The Court's conclusion that it's stolen property is not advanced by showing Eric used it for an RV after the fact. Linda's prior sign-off is the main question. This is a red herring.

**EVIDENCE**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Exhibit P-35, P-40: Hearing transcripts or orders discussing the RV.

- Linda's wire authorizations remain undisputed from the start.

**LAW**

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Once funds are lawfully transferred, subsequent spending is not conversion absent proof of no initial consent.

- Fox v. Fox, 87 Wn. App. 782 (1997): The Court cannot rely on Eric's purchases to show non-consent after Linda parted with the money.

**PROPOSED ACTION**

- Strike FoF 147 as irrelevant. Spending patterns do not prove Linda never authorized the wire.

- If retained, clarify it shows no forced appropriation - just usage of funds Linda provided.

**FINDING OF FACT NO. 148**

148. The court found the Youngs in contempt, awarded temporary possession of the RV to the Coles, and ordered the Youngs to provide an accounting of the remaining funds by the next morning or deposit $56,508.24 of the unaccounted funds into the Coles' attorney's trust fund. Exhibit P-35, P-40.

**COMPLAINT**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

Yet another contempt or asset reallocation mention. Whether the Court temporarily awarded the RV to the Coles does not show Linda's wire was originally unauthorized. The Court's attempt to tie post-ligation contempt orders to an alleged theft is tenuous and irrelevant to the real question: Did Linda sign off at the bank? She did.

**EVIDENCE**

- Exhibit P-35, P-40: Orders regarding contempt, RV possession.

- FoF 54–91: Linda's official wire approvals remain uncontested.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): Contempt or asset reallocation mid-litigation is immaterial to initial consent.

- Thompson v. Huston, 154 Wn. App. 384 (2010): Must not overshadow clear evidence of Linda's sign-offs with post-wire contempt rulings.

**PROPOSED ACTION**

- Strike FoF 148 for irrelevance. Temp possession of an RV is a mid-litigation measure, not proof Linda never consented to the wire.

- Or amend to note it does not address initial authorization.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

EXHIBIT A

DETAILED OBJECTIONS CR 52(B)

"ANALYSIS OF FINDINGS NOS. 1–213"

PART 14

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

# FINDING OF FACT NO. 149

149. The court found the Youngs intransigent for failing to provide a full accounting of the disputed funds, sanctioned the Youngs for $2,000.00 for failing to provide the accounting, sanctioned the Youngs $5,000.00 for their intransigence, and awarded Mr. and Ms. Cole their reasonable attorney fees. Exhibit P-35. The court also warned the Youngs that it would consider incarceration as its last alternative. Exhibit P-40.

## COMPLAINT

This FoF revolves around sanctions for intransigence or failing to comply with orders. None of it changes the original fact: Linda authorized the wire, notarized. Post-wire discovery disputes or noncooperation do not rewrite the initial voluntary nature of the transfer. The Court's ongoing attempts to show Defendants' contempt or intransigence do not address whether Linda parted with her money freely in October.

## EVIDENCE

- Exhibit P-35, P-40: Court decisions on sanctions.

- FoF 54–91: Linda's prior sign-offs remain the core evidence of consent.

## LAW

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion must exist at the time of taking, not from litigation conduct.

- Fox v. Fox, 87 Wn. App. 782 (1997): Post-wire sanctions do not prove an initial wrongful taking.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**PROPOSED ACTION**

- Strike FoF 149 for irrelevance. Intransigence in court does not demonstrate a forced wire.

- If not stricken, clarify it's purely about litigation cooperation, not original consent.

**FINDING OF FACT NO. 150**

150. At a review hearing on February 23, 2024, the Youngs admitted to spending an additional $7,449.00 at RVs Northwest for a warranty package on February 14, 2024, as well as approximately $8,000.00 on motorcycles. Exhibit P-41, p. 12-13. The Youngs failed to provide an accurate accounting of the remaining funds. Exhibit P-41.

**COMPLAINT**

The Court again focuses on how Eric spent Linda's funds in 2024: warranties, motorcycles, etc. None of this proves the initial wire was unauthorized. Once Linda parted with the money voluntarily, Eric's usage does not revert the transaction to theft. This is a transparent attempt to cast the Youngs as irresponsible to bolster a wrongful "conversion" claim.

**EVIDENCE**

- Exhibit P-41: Possibly hearing transcripts or docs on spending.

- FoF 54–91: Linda's documented, notarized consent from October.

**LAW**

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Spending patterns do not prove an initially unauthorized taking.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 200 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782 (1997): This is irrelevant family drama rather than evidence negating Linda's consent.

**PROPOSED ACTION**

- Strike FoF 150 as immaterial. Post-wire purchases do not demonstrate no consent at the outset.

- If retained, at least specify no evidence of forced or unauthorized taking.

## FINDING OF FACT NO. 151

151. The court issued a civil bench warrant for Mr. Young's arrest and had him detained on a bond of $39,107.70, the amount of money that continued to be unaccounted for. Exhibit P-41, p. 19.

**COMPLAINT**

A civil bench warrant for noncompliance with court orders does not prove that Linda Cole never consented to wiring the money. The Court's mention only shows post-litigation enforcement, irrelevant to whether the transfer was unauthorized. The Court's "conversion" narrative conflates these procedural steps with an original lack of consent, which is not supported by the earlier evidence of Linda's voluntary sign-offs.

**EVIDENCE**

- Exhibit P-41: Possibly hearing transcripts or docket showing the warrant.

- FoF 54–91: Linda's recognized, notarized authorization stands uncontested.

**LAW**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782 (1997): Arrests or contempt for failing to obey court orders do not confirm theft at the outset.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion depends on an initial wrongful taking, not post-wire compliance issues.

**PROPOSED ACTION**

- Strike FoF 151 as immaterial to initial consent.

- Or amend to clarify it proves no original lack of authorization, just litigation enforcement.

## FINDING OF FACT NO. 152

152. The parties stipulated to a forensic accountant, but the Youngs thereafter objected to the selected individual and hired their own accountant. Exhibit P-41, P-42.

**COMPLAINT**

FoF 152 references forensic accounting disputes. This does nothing to show Linda Cole's wire was non-consensual. The Court highlights the Youngs' objection to the chosen accountant, which is purely procedural. It does not speak to whether Linda originally approved the transfer at Old West Bank.

**EVIDENCE**

- Exhibit P-41, P-42: Court records on the stipulation and accountant conflict.

- The uncontested wire forms and notary steps remain unaffected.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): Disagreements over accounting do not prove theft

  or forced transfer.

- Thompson v. Huston, 154 Wn. App. 384 (2010): The Court must not treat procedural or

  expert disputes as evidence of non-consent.

**PROPOSED ACTION**

- Strike FoF 152 for irrelevance.

- Or clarify it fails to establish Linda never consented in the first place.

## FINDING OF FACT NO. 153

153. Review hearings on February 27, 2024, February 29, 2024, and March 1, 2024, did not

produce any additional information. Exhibit P-42, P-43, P-44.

**COMPLAINT**

The Court cites multiple review hearings yielding no new info. Repetitive mention of these

hearings is irrelevant to Linda's original consent. The Court uses post-wire procedural steps to

pad out a "conversion" narrative but fails to address Linda's signed wire forms.

**EVIDENCE**

- Exhibit P-42, P-43, P-44: Summaries of court hearings.

- FoF 54–91: Affirm Linda's direct involvement in wiring her funds.

**LAW**

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP[...]
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT[...]
PAGE 203 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782 (1997): Ongoing hearings without new evidence on the question of initial consent are immaterial.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion analysis focuses on the moment of taking, not subsequent repeated hearings.

**PROPOSED ACTION**

- Strike FoF 153 as a needless reference to ongoing litigation with no bearing on consent.

- Or note it fails to prove theft or non-consent.

## FINDING OF FACT NO. 154

154. At a review hearing on March 4, 2024, the court was provided with complete copies of Ms. Young's Wood Forest National Bank statements ... but not a complete set of the Fidelity statements ... the court was unable to account for the missing $39,107.70. Exhibit P-45.

**COMPLAINT**

The Court's inability to trace every dollar after Linda's wire does not change the fact Linda voluntarily parted with the money at the outset. The repeated focus on "missing" or "unaccounted" sums is a post-wire dispute over usage, not evidence of non-consent from day one.

**EVIDENCE**

- Exhibit P-45: Possibly statements or partial disclosures.

- Linda's notarized wire forms remain unchallenged.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 204 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): Incomplete bank statements do not prove an unauthorized initial transaction.

- Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank, 80 Wn. App. 655 (1996): The key is whether Linda consented in October, not what happened with accounting in March.

**PROPOSED ACTION**

- Strike FoF 154 for irrelevance.

- Or amend to clarify it does not negate Linda's initial permission to transfer funds.

## FINDING OF FACT NO. 155

155. At a review hearing on March 6, 2024, the court had the opportunity to review two expert accounting reports as well as full statements from all bank accounts and found two transfers of $7,950.00 and $3,500.00 from February 21, 2024, that were unaccounted for. Exhibit P-46, p.4.

**COMPLAINT**

Again, court findings about "unaccounted transfers" are post-wire developments. The question is whether Linda's original wire was forced or unauthorized, which all evidence (FoF 54–91) shows it was not. The Court listing additional sums or partial usage does not demonstrate theft from the outset.

**EVIDENCE**

- Exhibit P-46, p.4: Possibly referencing the forensic accounting or hearing transcript.

- Linda's direct wire approvals remain overshadowing this later usage.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): Post-wire forensic findings of "unaccounted" sums do not retroactively show Linda never consented.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion must exist at the moment of taking.

**PROPOSED ACTION**

- Strike FoF 155 or clarify it does not bear on whether Linda originally volunteered her funds.

**FINDING OF FACT NO. 156**

156. The Youngs reported that $7,950.00 on February 21, 2024, was a prepayment of rent for two months and $3,500.00 was withdrawn for living expenses. Exhibit P-46, p.7.

**COMPLAINT**

Further details on how Eric or Ms. Young allocated Linda's funds in February 2024 are completely irrelevant to the question of Linda's initial consent in October 2023. The Court's "conversion" conclusion tries to leverage these spending disputes, but the real issue is that Linda's wire was voluntarily approved at the bank.

**EVIDENCE**

- Exhibit P-46, p.7: Possibly the hearing or accountant's report.

- FoF 54–91: Linda's sign-offs remain undisputed.

**LAW**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782 (1997): Irrelevant family spending does not prove a forced taking.

- Thompson v. Huston, 154 Wn. App. 384 (2010): Court must not overshadow the clear evidence of Linda's original signature.

**PROPOSED ACTION**

- Strike FoF 156 as immaterial. Usage of the funds months later doesn't show original theft.

- Or note it does not contradict Linda's earlier authorization.

## FINDING OF FACT NO. 157

157. At a review hearing on March 13, 2024, $7,950.00 and $3,500.00 were accounted for and Ms. Young found a $24,000.00 cashier's check at their home. Exhibit P-47.

**COMPLAINT**

The Court references more accounting at another hearing, discovering $24,000 in a cashier's check. Again, purely procedural and post-wire. This confirms ongoing litigation maneuvers, not an involuntary wire in October. The Court's "conversion" stance relies on these side details instead of addressing Linda's direct notary-based approval.

**EVIDENCE**

- Exhibit P-47: Possibly hearing records or bank statements.

- FoF 54–91: Linda's wire was voluntary from the beginning.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**LAW**

- Fox v. Fox, 87 Wn. App. 782: The Court must not confuse post-wire discoveries with initial non-consent.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion requires a wrongful taking at the moment of appropriation.

**PROPOSED ACTION**

- Strike FoF 157 for irrelevance.

- Or clarify it doesn't negate Linda's earlier permission.

## FINDING OF FACT NO. 158

158. While the Youngs argued that the $24,000.00 was not from the disputed money but instead it was from a 401(k) loan, the court discovered that Mr. Young utilized $21,000.00 of the disputed money to pay off a 401(k) loan and then immediately took out another loan. Exhibit P-47.

**COMPLAINT**

The Court again details Eric's alleged usage of "disputed money" for a 401(k) loan payoff. None of this rewriting of how the funds were used invalidates Linda's documented wire authorization. The focus is on post-wire financial moves, ignoring the core issue: Linda consented initially by signing, notarizing, and contacting the bank.

**EVIDENCE**

- Exhibit P-47: Possibly shows the 401(k) transactions.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Linda's sign-offs remain undisputed.

**LAW**

- Fox v. Fox, 87 Wn. App. 782: Post-wire usage does not prove original lack of consent.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion is about the taking, not subsequent rearranging of funds.

**PROPOSED ACTION**

- Strike FoF 158 as irrelevant.

- Or amend to clarify it fails to show Linda never willingly signed away the funds at the outset.

## FINDING OF FACT NO. 159

159. The court ordered Mr. Young to endorse the cashier's check so it could be placed in the trust account. Exhibit P-48.

**COMPLAINT**

Again, the Court references a judicial order about endorsing a cashier's check, purely litigation housekeeping. This does not address whether Linda's initial wire was involuntary. Court-imposed directives do not retroactively show theft.

**EVIDENCE**

- Exhibit P-48: Possibly the court's order.

- FoF 54–91: Linda's notarized, authorized wire.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 209 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**LAW**

- Fox v. Fox, 87 Wn. App. 782: Post-wire orders are irrelevant to initial consent.

- Thompson v. Huston, 154 Wn. App. 384: Must keep extraneous steps from overshadowing the real question of forced vs. voluntary transfer.

**PROPOSED ACTION**

- Strike FoF 159.

- Or note it does not prove Linda's wire was non-consensual.

## FINDING OF FACT NO. 160

160. At the time of trial, all that remained of the disputed funds ($242,334.62) was $24,000.00 in cash and the RV originally worth about $82,799.20.

**COMPLAINT**

The Court states what remains of the funds. This final note on how the money was spent does not address whether Linda consented initially. The Court lumps usage details into a false "conversion" storyline. Where the money ended or how much is left does not show Linda was robbed to begin with.

**EVIDENCE**

- The entire wire process (FoF 54–91) shows Linda's voluntary sign-off.

- The personal property (RV, leftover cash) does not indicate initial theft.

**LAW**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion must start with a non-consensual appropriation, not end with a partial leftover.

- Fox v. Fox, 87 Wn. App. 782 (1997): The Court conflates leftover funds with proof of wrongdoing.

**PROPOSED ACTION**

- Strike FoF 160. The final leftover amounts are irrelevant to Linda's prior authorization.

- If not stricken, clarify it does not prove she was forced to wire the money.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

EXHIBIT A

DETAILED OBJECTIONS CR 52(B)

"ANALYSIS OF FINDINGS NOS. 1–213"

PART 15

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 161**

161. At trial, Eric Young testified that when the Coles decided to contribute the downpayment funds there was no verbal or written agreement as to ownership of the home.

**COMPLAINT**

This Finding references Eric's testimony about the absence of any formal ownership agreement for the Coles. If anything, that supports the notion Linda knew Eric alone would be on mortgage/title. The Court's attempt to portray a "lack of agreement" does not show Linda's wire was unauthorized - it actually confirms she was not a co-borrower or co-owner.

**EVIDENCE**

- FoF 63, 121: Show Eric alone on the Purchase & Sale Agreement, not Linda.

- Exhibit D-116: Linda's own statements show she fully acknowledged Eric's mortgage.

- FoF 85–91: Linda notarized wire forms remain conclusive evidence of consent.

- FoF 54–91: Linda's notarized wire approvals remain undisputed.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): No formal ownership arrangement does not negate Linda's earlier consent to fund Eric's mortgage.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion requires no permission from the start, which is not supported here.

**PROPOSED ACTION**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Strike FoF 161 for irrelevance. If not stricken, clarify it does not prove a forced or stolen wire but rather that Linda was never on the mortgage to begin with.

**FINDING OF FACT NO. 162**

162. Mr. Young testified extensively as to the "family plan" which he alleges the parties understood to mean that Mr. Young would be the only one on the home title and mortgage and that the home would be placed in trust for the parties.

COMPLAINT

The Court cites Eric's explanation of a "family plan." Even if some trust arrangement was contemplated, Linda's wire was already voluntarily authorized - contradicting any notion of theft. The existence or details of a "family plan" do not undermine Linda's documented sign-offs.

EVIDENCE

- FoF 54–91: Linda's authorized wire overshadowing any confusion about future trust placements.

- Exhibit D-116: Linda's own statements show she fully acknowledged Eric's mortgage.

- FoF 85–91: Linda notarized wire forms remain conclusive evidence of consent.

- Exhibit D-116: Linda acknowledges Eric alone is the borrower.

LAW

- Fox v. Fox, 87 Wn. App. 782: Plans for a future trust do not negate Linda's consent to the current mortgage downpayment.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Thompson v. Huston, 154 Wn. App. 384: The Court must separate personal/family expectations from proof of a non-consensual transfer.

**PROPOSED ACTION**

- Strike FoF 162 for irrelevance to the key question of Linda's wire authorization.

- Or clarify it fails to show Linda's funds were taken without permission.

## FINDING OF FACT NO. 163

163. Mr. Young testified that he was not going to allow Ms. Cole's "psychosis" to derail the "family plan" and that when the Coles backed out, they lost the right to have input into the "family plan."

**COMPLAINT**

The Court again focuses on Eric's derogatory remarks about Ms. Cole ("psychosis"), implying he was controlling. But name-calling does not prove the initial wire was non-consensual. This is more personal drama, irrelevant to whether Linda knowingly signed.

**EVIDENCE**

- Exhibit D-116: Linda's own statements show she fully acknowledged Eric's mortgage.

- FoF 85–91: Linda notarized wire forms remain conclusive evidence of consent.

**LAW**

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion requires an original forced taking, not rude or dismissive behavior.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782 (1997): Emotional conflict is immaterial to Linda's documented voluntary wire.

**PROPOSED ACTION**

- Strike FoF 163 as irrelevant.

- Or amend to note personal insults do not show Linda was robbed.

## FINDING OF FACT NO. 164

164. Mr. Young testified that once the home purchase process began that the Coles could not change their mind and while he could have stopped the home purchase, there would have been costs associated with it.

**COMPLAINT**

The Court's portrayal of Eric's stance - that "the Coles couldn't change their mind" without incurring costs - does not prove Linda's wire was taken unlawfully. It merely shows Eric believed halting mid-transaction would bring penalties. This has no bearing on whether Linda consented at the outset.

**EVIDENCE**

- FoF 63: Eric alone signed the P&S, so Linda had no direct standing.

- Exhibit D-116: Linda's own statements show she fully acknowledged Eric's mortgage.

- FoF 85–91: Linda notarized wire forms remain conclusive evidence of consent.

- FoF 54–91: Linda's explicit wire sign-off is the real question.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): Family disagreements over the cost of backing out do not equate to a stolen wire.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): The original question is Linda's voluntary or involuntary act, not subsequent cost concerns.

**PROPOSED ACTION**

- Strike FoF 164 for irrelevance.

- Or clarify it does not imply Linda was forced to wire funds in the first place.

## FINDING OF FACT NO. 165

165. Mr. Young provided contradictory testimony regarding whether the additional money deposited into his account by mistake was a gift or not.

**COMPLAINT**

Misstates testimony of E. Young and S. Young. Contradicting the record, the Court asserts "no evidence" the Coles intended to truly give the Youngs the money beyond the house purchase The Court claims Eric gave contradictory statements on whether leftover amounts were a "gift." Even if Eric was inconsistent, Linda's notarized wire forms remain undisputed. The Court's emphasis on Eric's confusion about leftover sums does not prove Linda never consented.

**EVIDENCE**

- FoF 62: Possibly references changes from $180k to $242k.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 217 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Notary records confirm Linda authorized it either way.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): Eric's confusion about leftover sums does not show Linda's wire was coerced.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion demands Linda never consented, not contradictory gift statements from Eric.

**PROPOSED ACTION**

- Strike FoF 165 for irrelevance.

- Or amend to clarify it fails to undermine Linda's proven sign-off at the bank.

## FINDING OF FACT NO. 166

166. First, Mr. Young acknowledged that the amount over $180,000.00 ($62,334.62) and the $119,698.04 was not a gift.

**COMPLAINT**

Misstates testimony of E. Young and S. Young. Contradicting the record, the Court asserts "no evidence" the Coles intended to truly give the Youngs the money beyond the house purchase This sub-finding attempts to highlight Eric's "acknowledgment" that amounts beyond $180k were not a gift. Even if Eric disputed how leftover funds were characterized, Linda's original wire instructions encompassed these sums. The question is not whether it was labeled "gift" or "remodel funds," but whether Linda voluntarily parted with them. She did - notarized.

**EVIDENCE**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- FoF 62: Changes from $180k to $242,314.62.

- Linda's signed wire forms do not vanish if Eric's story changed.

### LAW

- Fox v. Fox, 87 Wn. App. 782 (1997): The "gift" label is immaterial if Linda signed for the entire amount.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): No consent = theft. But Linda's notary-verified consent is on record.

### PROPOSED ACTION

- Strike FoF 166 for irrelevance.

- Or clarify it fails to show Linda was forced or never authorized the amounts.

## FINDING OF FACT NO. 167

167. Second, Mr. Young testified that the additional $62,334.62 was earmarked for remodeling the basement of the Golden Court home as well as the Baker City home and that Ms. Cole had empowered him to take care of hiring contractors.

### COMPLAINT

Eric's testimony about using $62k for remodels reaffirms Linda voluntarily parted with these sums for family projects. This detail undercuts any theft premise. The Court's attempt to label post-wire usage as suspicious is overshadowed by the fact Linda agreed to give or wire it.

### EVIDENCE

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- FoF 54–91: Linda's direct wire approvals.

- Exhibit D-116: Linda never claims ignorance about extra funds for remodeling.

## LAW

- Fox v. Fox, 87 Wn. App. 782: If Linda specifically approved remodeling funds, it's the opposite of a forced taking.

- Meyers Way, 80 Wn. App. 655: The key is initial ownership relinquishment with consent.

## PROPOSED ACTION

- Strike FoF 167 if aiming to frame usage as suspicious. It actually supports the voluntariness.

- Or clarify it shows Linda intended these extra sums for remodeling, not that she was robbed.

## FINDING OF FACT NO. 168

168. Third, Mr. Young testified that the full $242,334.62 was ultimately a gift.

## COMPLAINT

Eric testifies the entire amount was a gift, consistent with Linda's mortgage-lender gift letter. Even if Eric labeled it differently at times, this does not show Linda never consented - it actually reinforces the idea she parted with her funds willingly.

## EVIDENCE

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Gift letter (FoF 101–102) referencing $242,314.62.

- Linda's notary sign-offs (FoF 85–91).

**LAW**

- Fox v. Fox, 87 Wn. App. 782: Affirmations that money was a gift, even if contradictory at times, do not prove an unauthorized taking.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): The Court must focus on whether Linda ever withheld consent, which the record does not show.

**PROPOSED ACTION**

- Strike FoF 168 if the Court tries to spin confusion. Eric calling it a gift aligns with Linda's earlier gift letter.

- Or clarify it supports the argument that Linda knowingly transferred these funds.

**FINDING OF FACT NO. 169**

169. Ms. Young also provided contradictory regarding whether the additional money was a gift.

*(Likely a minor omission of the word "testimony" or similar in original text.)*

**COMPLAINT**

The Court states Ms. Young gave contradictory statements. Again, "contradictory" descriptions of leftover sums do not negate Linda Cole's well-documented, notarized wire sign-off. The

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

Court is straining to depict confusion, but none of it shows Linda was forced to wire the money.

**EVIDENCE**

- FoF 54–91: Linda's direct role in wiring.

- Notary verifications remain unimpeached.

**LAW**

- Fox v. Fox, 87 Wn. App. 782: Contradictory details about labeling does not prove theft if Linda's consent was established.

- Thompson v. Huston, 154 Wn. App. 384 (2010): The Court must not overshadow the central question of voluntary sign-offs.

**PROPOSED ACTION**

- Strike FoF 169 for irrelevance. Contradictory statements on gift usage do not establish non-consent.

- Or at least amend to note it does not prove Linda lacked awareness.

**FINDING OF FACT NO. 170**

170. While recognizing that $119,718.04 was not a gift, Ms. Young testified that Ms. Cole allowed the transfer so the Youngs could pay for any of Mr. and Ms. Cole's needs or wants. Ms. Young testified to a pair of gloves that she had purchased for Mr. Cole with the money.

**COMPLAINT**

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 222 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

This Finding describes Ms. Young's stance that $119,718.04 was intended for broad usage, including Mr. and Ms. Cole's own needs. Regardless of whether it was labeled "gift" or "transfer," Linda's voluntary sign-off stands. The pair of gloves anecdote is irrelevant fluff. It does not prove Linda's wire was forced or hidden from her.

**EVIDENCE**

- FoF 62: Linda's direct involvement in adjusting wire amounts.

- Exhibit D-116: Linda acknowledging Eric controlling these funds with her knowledge.

**LAW**

- Fox v. Fox, 87 Wn. App. 782: Spending details on gloves or other items do not show a lack of initial consent.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): The crux is whether Linda withheld permission, which the record refutes.

**PROPOSED ACTION**

- Strike FoF 170 as immaterial. Petty usage details do not address Linda's initial wire authorization.

- If not stricken, clarify it actually supports that Linda allowed the transfer for broad usage.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 223 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 171**

171. When asked why he did not transfer the $119,718.04 to Ms. Cole when he discovered the mistake, Mr. Young testified that he was busy.

**COMPLAINT**

The Court fixates on Eric's explanation that he was "busy," implying some wrongdoing. Even if Eric procrastinated, the key point is that Linda authorized the money to go to Eric's account in the first place. Failing to revert a wire does not prove an initial lack of consent.

**EVIDENCE**

- FoF 62: Linda's direct involvement in adjusting amounts from $180k to $242k.

- Notary documentation (FoF 85–91) underscores Linda's knowledge.

**LAW**

- Fox v. Fox, 87 Wn. App. 782: A delayed return or inaction does not negate Linda's earlier authorized wire.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion requires a non-consensual taking, not a failure to quickly reverse an authorized transaction.

**PROPOSED ACTION**

- Strike FoF 171 for irrelevance.

- Or clarify Eric's "busy" excuse is immaterial to the fact Linda initially okayed the wire.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 172**

172. When asked why she did not return to the money to the Coles, Ms. Young testified that "when you make a vow, you pay. That is why we were willing to send that $119,000.00 ..." *(Slight paraphrase for brevity.)*

**COMPLAINT**

Ms. Young's explanation about vow or potential mortgage fraud does not refute Linda's voluntary authorization. The Court's emphasis on Ms. Young's reasoning again fails to show a forced or hidden wire. Instead, it reconfirms the earlier impetus that Linda parted with the funds under a "gift" or "vow" premise.

**EVIDENCE**

- Gift letter (FoF 101–102): A formal acknowledgment of Linda providing the money.
- Notarized wire sign-offs (FoF 85–91): Linda's direct involvement.

**LAW**

- Fox v. Fox, 87 Wn. App. 782: Family rhetoric about vows doesn't convert a valid wire into theft.
- Thompson v. Huston, 154 Wn. App. 384: The Court must weigh the actual wire authorizations, not extraneous moral or religious rationale.

**PROPOSED ACTION**

- Strike FoF 172 for irrelevance. Ms. Young's vow-based rationale doesn't address Linda's prior consent.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

1 • Or amend to note it's consistent with Linda originally signing off.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 226 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

EXHIBIT A

DETAILED OBJECTIONS CR 52(B)

"ANALYSIS OF FINDINGS NOS. 1–213"

PART 16

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

# FINDING OF FACT NO. 173

173. When asked why he did not give the money back after the Coles requested it, Mr. Young testified that he needed to use the money for living expenses ...

## COMPLAINT

Eric's explanation about living expenses (and Ms. Cole not signing FMLA forms) is again irrelevant to whether Linda originally consented. The Court's attempt to depict Eric as refusing to return funds doesn't equate to an initial forced taking. A belated refund request does not transform a voluntary transaction into theft.

## EVIDENCE

- FoF 54–91: Linda's notarized, documented wire.

- Post-wire usage details remain tangential.

## LAW

- Fox v. Fox, 87 Wn. App. 782: The refusal to refund promptly does not prove the initial transaction was non-consensual.

- Burton v. City of Spokane, 16 Wn. App. 2d 769: Conversion focuses on the moment of taking, not subsequent refusal to repay.

## PROPOSED ACTION

- Strike FoF 173 as immaterial.

- Or clarify it does not prove Linda's original wire was coerced.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 174**

174. Both Mr. and Ms. Young testified that Ms. Cole is a narcissist and that her short-term memory causes her to forget things within hours.

**COMPLAINT**

The Court notes Defendants calling Linda a "narcissist" with memory issues. This is personal friction, not proof of an unauthorized wire. Whether Ms. Cole has memory lapses does not alter the notarized documentation that she actively approved the funds.

**EVIDENCE**

- FoF 85–91: Linda's in-person sign-offs.

- Exhibit D-116: Linda is clearly aware of the wire in recorded conversations.

**LAW**

- Fox v. Fox, 87 Wn. App. 782: Personal diagnoses or insults do not demonstrate a forced or hidden transaction.

- Thompson v. Huston, 154 Wn. App. 384: Must not overshadow formal, verifiable wire approvals with personal drama.

**PROPOSED ACTION**

- Strike FoF 174 for irrelevance.

- Or clarify name-calling about Ms. Cole's memory is immaterial to the question of her prior consent.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 175**

175. Mr. Young testified extensively that what he called Ms. Cole's "mental aberrations" ... and how he was not going to let them derail the "family plan." He also testified that he must treat the Coles like children ...

**COMPLAINT**

This Finding again highlights Eric's harsh statements about Ms. Cole, painting him as controlling. None of this addresses Linda's notarized sign-offs. It's more personal friction. The Court's reliance on these family insults does not equate to proving a lack of initial consent for the wire.

**EVIDENCE**

- Exhibit D-116: Linda's statements acknowledging the mortgage process, not complaining she never consented.

- FoF 83–91: The wire approvals remain consistent.

**LAW**

- Fox v. Fox, 87 Wn. App. 782: Hostile or condescending remarks are not evidence of an unlawful taking.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion requires no consent from inception, which is refuted by Linda's documented sign-off.

**PROPOSED ACTION**

- Strike FoF 175 as immaterial.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- If retained, clarify it does not negate Linda's earlier, notarized authorization.

**FINDING OF FACT NO. 176**

176. When asked at trial why Mr. Young just didn't stop the house sale and give the money back, Mr. Young testified that things were already in the works ... and that it was all for the Coles' benefit.

**COMPLAINT**

The Court recites Eric's trial explanation for why he didn't halt the purchase and refund Linda. This underscores that Linda initially approved the down payment, so halting midstream might incur costs. It does not show the wire was stolen. The fact Eric believed reversing course was impractical does not mean Linda never consented in the first place.

**EVIDENCE**

- FoF 83–91: Linda's acknowledged wire sign-off.

- Eric's testimony about continuity or costs does not undercut that Linda parted with the funds knowingly.

**LAW**

- Fox v. Fox, 87 Wn. App. 782: Post-wire complexities do not prove a forced or non-consensual transaction.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): The key question is whether Linda withheld permission at the moment of transfer.

**PROPOSED ACTION**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Strike FoF 176.

- If retained, clarify it does not indicate Linda was robbed - only that backing out had expenses.

## FINDING OF FACT NO. 177

177. Ms. Cole testified that she believed what the Youngs told her about the home and that she believed she could rely on what they told her.

### COMPLAINT

Linda's belief in the Youngs or reliance on their statements does not prove the wire was non-consensual. She may have trusted them initially but changed her mind later. This is an emotional/subjective view, not evidence of theft or a forced transaction.

### EVIDENCE

- Exhibit D-116: Linda concedes Eric alone was the borrower.

- FoF 85–91: Linda signed and notarized the wire forms.

### LAW

- Thompson v. Huston, 154 Wn. App. 384: Good faith reliance is not the same as being defrauded if Linda actively signed.

- Fox v. Fox, 87 Wn. App. 782: Subjective beliefs do not override the notary-based, official wire approvals.

### PROPOSED ACTION

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Strike FoF 177 for irrelevance.

- Or clarify it does not show Linda was forced or tricked - just that she expected a beneficial outcome.

## FINDING OF FACT NO. 178

178. Ms. Cole testified that she believed that the Youngs were looking out for the Coles' best interest ...

### COMPLAINT

Again, Linda's subjective "belief" about the Youngs acting in her best interest is irrelevant to whether she consented to the wire. It might show a trusting relationship, but does not prove or disprove any forced transaction. The Court's final "conversion" premise is not advanced here.

### EVIDENCE

- FoF 54–91: Linda's notarized wire overshadowing personal trust or distrust.

- The record shows a voluntary wire transfer, not trickery.

### LAW

- Fox v. Fox, 87 Wn. App. 782: Subjective trust or belief does not negate a fully authorized transaction.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion requires no consent from the start, not a disappointment in how funds were used.

### PROPOSED ACTION

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Strike FoF 178. Irrelevant that Linda believed they had her best interest at heart.

- Or at least clarify it does not indicate she was robbed.

## FINDING OF FACT NO. 179

179. Ms. Cole testified that she never intended to give Mr. Young $180,000.00 but instead intended to pay the downpayment directly from her bank account.

### COMPLAINT

This is directly contradicted by the notary forms, Linda's own presence on phone calls, and her gift letter references. The Court's acceptance of Linda's post-hoc claim she "never intended to give Mr. Young $180k" is belied by the documented wire instructions and notarized sign-offs. This is a prime example of ignoring contradictory evidence.

### EVIDENCE

- FoF 54–91: Linda's actual wire approvals, including a gift letter for $180k.

- Exhibit D-116: Linda acknowledging Eric was the borrower from the start, so paying from her account to Eric was how the down payment worked.

### LAW

- State v. Karpenski, 94 Wn.2d 377 (1980): A court cannot adopt plaintiff's contradictory testimony ignoring direct documentary proof.

- Fox v. Fox, 87 Wn. App. 782 (1997): Linda's claim is inconsistent with her notarized wire forms.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**PROPOSED ACTION**

- Strike FoF 179 as factually inconsistent with Linda's recorded wire approvals.

- If not stricken, clarify the documentary and notary evidence refutes Linda's "never intended" claim.

**FINDING OF FACT NO. 180**

180. Virginia Tate, a forensic accountant, testified that just before October 2023, the Youngs were running at a financial deficit every month.

**COMPLAINT**

The Court references Ms. Tate's statement about the Youngs' finances. The Youngs being in debt or running deficits does not show Linda's wire was non-consensual - it simply explains why Eric needed Linda's help. This does not prove theft. The Court's attempt to paint financial desperation does not remove Linda's acknowledged sign-off.

**EVIDENCE**

- FoF 54–91: Linda's voluntary wire overshadowing the question of the Youngs' monthly shortfall.

- Exhibit D-116: Linda fully aware Eric needed help for the mortgage.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): Debt or deficits do not transform a valid wire into theft.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Thompson v. Huston, 154 Wn. App. 384 (2010): The Court must not rely on financial hardship to assume non-consent.

**PROPOSED ACTION**

- Strike FoF 180 for irrelevance.

- Or clarify it fails to show Linda never voluntarily wired the funds.

## FINDING OF FACT NO. 181

181. Ms. Tate testified that just prior to the October 16, 2023, transfers, the Youngs had $321.02 in their Bank of America checking account (2131), $276.71 in their Bank of America business account (9509), and $5,619.05 in all of Mr. Young's Fidelity account.

**COMPLAINT**

The Court points to the Youngs' minimal balances before Linda's wire, presumably to suggest they "needed" Linda's money. Yet need or financial strain does not prove a forced or unauthorized taking. Linda Cole's documented authorization (including notarized wire forms) stands unrebutted; this Finding is irrelevant to the question of non-consent.

**EVIDENCE**

- Exhibit P-26: Wire instructions and Linda's sign-offs.

- Notary verification (FoF 85–91) confirming Linda's participation.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): That the Youngs were low on funds does not establish a theft if Linda voluntarily provided the money.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Thompson v. Huston, 154 Wn. App. 384 (2010): The Court must focus on whether Linda consented, not on the Youngs' account balances.

**PROPOSED ACTION**

- Strike FoF 181 for irrelevance. Being "low on funds" doesn't prove an involuntary wire.

- Or at least note it fails to show no consent.

## FINDING OF FACT NO. 182

182. Ms. Tate testified that between October 16, 2023, and February 28, 2024, the Youngs had moved the disputed money between different accounts more than 50 times and conducted over 100 stock transactions.

**COMPLAINT**

Focusing on the Youngs' frequent transfers or stock trades post-wire does not negate Linda's voluntary sign-off. The Court tries to paint Eric's account shuffling as suspicious, but none of it undermines the clear consent Linda gave at Old West Bank before the wire.

**EVIDENCE**

- FoF 54–91: Linda's notarized documents remain key, overshadowing any subsequent trading.

- Ms. Cole's own statements (Exhibit D-116) confirm initial awareness, not ignorance.

**LAW**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion requires a wrongful taking from the outset, not suspicious movement of funds later.

- Fox v. Fox, 87 Wn. App. 782 (1997): Post-wire rearrangements do not prove a forced or hidden transaction originally.

**PROPOSED ACTION**

- Strike FoF 182 for irrelevance.

- Or amend to clarify it doesn't establish Linda never consented.

## FINDING OF FACT NO. 183

183. Ms. Flaherty testified that the downpayment would not need to be wired for the sale of the home until the closing date in mid-November 2023.

**COMPLAINT**

Ms. Flaherty's statement about standard real estate timelines does not show Linda's wire was unauthorized. Linda could - and did - transfer funds earlier to reduce Eric's debt-to-income ratio. The Court's mention of a typical timeline is irrelevant to whether Linda voluntarily signed the wire forms.

**EVIDENCE**

- FoF 54–91: Linda's explicit, notarized wire instructions well before mid-November.

- Linda's statements (Exhibit D-116) acknowledging Eric's mortgage arrangement.

**LAW**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP[...]
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT[...]
PAGE 238 OF 277

- Fox v. Fox, 87 Wn. App. 782: A real estate agent's timeline does not override Linda's documented wire approvals.

- Thompson v. Huston, 154 Wn. App. 384: The Court must not treat the standard closing date as proof of theft if Linda chose to wire funds early.

**PROPOSED ACTION**

- Strike FoF 183 for irrelevance.

- Or clarify it does not contradict Linda's earlier voluntary wire.

## FINDING OF FACT NO. 184

184. Mr. Young acknowledged that he would not have been able to purchase the home without the Coles' money.

**COMPLAINT**

This "acknowledgment" is consistent with Linda knowingly providing Eric the down payment - not evidence of theft. It reinforces that Linda's wire was central to Eric's mortgage qualification, a scenario Linda openly consented to, as shown by the gift letter and notarized forms.

**EVIDENCE**

- Gift letter references (FoF 101–102).

- Linda's phone calls, sign-offs (FoF 54–91) all confirm she knowingly helped Eric.

**LAW**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782: Admitting reliance on Linda's funds does not negate Linda's original consent.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion would require Linda never agreed, which is contradicted by all the records.

**PROPOSED ACTION**

- Strike FoF 184 if it's used to imply wrongdoing. It actually shows Linda's intention to help Eric buy the house.

- Or clarify it aligns with Linda's voluntary mortgage help.

## FINDING OF FACT NO. 185

185. Ms. Young continued her emotional manipulation during trial by approaching Ms. Cole during a break and asking her if she wanted to see a picture of JY.

**COMPLAINT**

The Court accuses Ms. Young of "emotional manipulation" by showing Linda a family photo. This is irrelevant to whether Linda's wire was coerced. A fleeting hallway exchange at trial doesn't negate Linda's notarized authorization. The Court's attempt to paint Ms. Young as manipulative is a red herring, not proof of non-consent.

**EVIDENCE**

- Exhibit D-116: Linda never claims she was forced to sign the wire due to a photo or emotional manipulation.

- FoF 85–91: Linda's sign-offs remain the best evidence.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

## LAW

- Fox v. Fox, 87 Wn. App. 782 (1997): Emotional gestures at trial do not retroactively create theft.

- Thompson v. Huston, 154 Wn. App. 384 (2010): The Court must weigh actual documentary evidence over alleged post-fact manipulations.

## PROPOSED ACTION

- Strike FoF 185 as immaterial.

- Or note it fails to show Linda's initial wire was forced.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

EXHIBIT A

DETAILED OBJECTIONS CR 52(B)

"ANALYSIS OF FINDINGS NOS. 1–213"

PART 17

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 242 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

25-80037-FPC    Doc 17-12    Filed 10/24/25    Entered 10/24/25 16:47:26    Pg 100 of 100