**FINDING OF FACT NO. 186**

186. Having the ability to hear and see Mr. and Ms. Young's testimony, the court finds that it was not credible. Testimony from Mr. and Ms. Young was often contradictory, evasive, and argumentative.

COMPLAINT

The Court declares Mr. and Ms. Young "not credible," ignoring Linda's contradictory admissions in the notary process and her own recorded statements. Credibility findings must still reconcile Linda's signed, notarized wire instructions. Dismissing Defendants' testimony as "not credible" is a broad brush that does not address the documentary evidence proving Linda's voluntary involvement.

EVIDENCE

- FoF 54–91: Linda's official wire records.

- Exhibit D-116: Linda's recorded admissions that Eric "picked up" the mortgage.

LAW

- State v. Karpenski, 94 Wn.2d 377 (1980): A court cannot ignore contradictory documentary proof just by labeling one side "not credible."

- Fox v. Fox, 87 Wn. App. 782 (1997): Credibility findings can't override undisputed notary-based documentation.

PROPOSED ACTION

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Strike FoF 186 for inappropriately dismissing Defendants' entire testimony without reconciling Linda's own contradictory record.

- Or clarify the Court cannot ignore Linda's signed wire forms.

## FINDING OF FACT NO. 187

187. Mr. Young's testimony that Ms. Bruce told him that only the third page (hold harmless agreements) needed to be signed and notarized by Ms. Cole is at direct odds with Ms. Bruce's email. ...

### COMPLAINT

FoF 187 references a conflict between Eric's recollection and Ms. Bruce's email instructions about which pages required Linda's signature. Regardless of any discrepancy, Linda did notarize the hold-harmless. The question remains: Did Linda voluntarily sign the wire forms? The record says yes. This minor dispute over how many pages were needed does not prove theft or non-consent.

### EVIDENCE

- Exhibit P-25, P-26: Ms. Bruce's email highlighting Linda's signature lines.

- FoF 85: Notary Anderson confirming Linda's signature on certain pages.

### LAW

- Fox v. Fox, 87 Wn. App. 782 (1997): Contradictions about instructions do not override Linda's notarized sign-off.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion requires a forced or hidden taking, not a mild confusion about how many pages were required.

**PROPOSED ACTION**

- Strike FoF 187 for irrelevance.

- Or amend to clarify that Linda did sign and notarize regardless of how many pages Ms. Bruce referenced.

**FINDING OF FACT NO. 188**

188. Mr. Young's testimony that Ms. Bruce told him that Ms. Cole's signature was not needed on page one of the wire transfer forms is at direct odds with his own testimony that Ms. Cole signed page one. ...

**COMPLAINT**

Another "direct odds" claim. Even if Eric is inconsistent about whether Linda had to sign page one or not, Linda did sign the wire instructions overall. The Court's focus on contradictory details does not show Linda never consented. It's a red herring to paint Eric as inconsistent, ignoring Linda's documented sign-off.

**EVIDENCE**

- Exhibit P-21, P-26: The forms Linda ultimately signed.

- FoF 85: Linda's notarized hold-harmless.

**LAW**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782 (1997): Minor contradictions about which pages required a signature do not override the bigger picture that Linda authorized the wire.

- Thompson v. Huston, 154 Wn. App. 384 (2010): The Court must not hinge a conversion ruling on such trivial page-signing disputes.

**PROPOSED ACTION**

- Strike FoF 188 for irrelevance.

- Or clarify Linda ultimately did sign, so there's no forced or hidden transfer.

## FINDING OF FACT NO. 189

189. According to Ms. Young, Mr. and Ms. Cole were in Baker City, Oregon from October 15, 2023. That means that, according to Mr. Young, after Ms. Cole left the notary, she carried the unsigned wire transfer forms ...

**COMPLAINT**

The Court emphasizes a timeline discrepancy about Ms. Cole traveling with unsigned forms. Even if there's confusion on the exact timeline, Linda still executed final wire instructions. The Court's "conversion" argument is not advanced by these petty scheduling details. We have clear evidence Linda signed eventually, with or without traveling in between.

**EVIDENCE**

- FoF 83–91: Linda's final sign-offs.

- Exhibit D-116: Linda acknowledges Eric's mortgage role, never claiming she didn't sign.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 246 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

## LAW

- Fox v. Fox, 87 Wn. App. 782 (1997): Minor timeline confusion does not establish an involuntary wire.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): The controlling factor is Linda's consent, which is documented.

## PROPOSED ACTION

- Strike FoF 189 as immaterial.

- Or amend to note any timeline confusion does not erase Linda's final authorization.

## FINDING OF FACT NO. 190

190. Ms. Young then took the signed forms back to Spokane in the early morning hours on October 15, 2023, and gave them to Mr. Young to email Ms. Bruce on October 16, 2023.

## COMPLAINT

The Court recites Ms. Young physically delivering the signed forms to Eric for emailing. This again confirms Linda did sign. Whether Ms. Young or Mr. Young physically transmitted them is irrelevant to consent. The Court tries to depict a "chain of custody" scenario but can't deny Linda's signature was legitimate.

## EVIDENCE

- Exhibit P-30: Possibly referencing the email date.

- Linda's notary steps remain the best evidence of her knowledge.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 247 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

## LAW

- Fox v. Fox, 87 Wn. App. 782 (1997): The method of delivering signed documents does not show non-consent.

- Thompson v. Huston, 154 Wn. App. 384 (2010): Confirms the real question is whether Linda withheld permission, which she did not.

## PROPOSED ACTION

- Strike FoF 190 for irrelevance.

- Or clarify it underscores Linda had signed, reinforcing her voluntary action.

## FINDING OF FACT NO. 191

191. That means either Ms. Young obtained Ms. Cole's signature on page one of the wire transfer forms in the early morning of October 15, 2023 ... or, as Ms. Cole testified, Ms. Cole never signed these forms.

## COMPLAINT

The Court frames a binary scenario - Ms. Young got Linda's signature or Linda "never signed" at all. But Linda's own notary steps, phone calls, and ultimate wire instructions (FoF 83–91) confirm she did sign. The Court posing "Ms. Cole never signed" is contradicted by notarized evidence. This is a transparent attempt to cast doubt where the record is clear.

## EVIDENCE

- FoF 85: Notary Matthew Anderson confirmed notarizing Linda's hold-harmless pages.

- Exhibit P-25, P-26: Linda was emailed and expected to sign.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): A witness's contradictory claims must be

  reconciled with direct documentary proof.

- State v. Karpenski, 94 Wn.2d 377 (1980): The Court cannot ignore conclusive evidence

  Linda did sign.

**PROPOSED ACTION**

- Strike FoF 191 as inconsistent with undisputed notary documentation.

- If retained, clarify Linda's notarized signature does exist, negating her "I never signed"

  version.

**FINDING OF FACT NO. 192**

192. Mr. Young's testimony that Mr. Anderson set aside pages one and two of the wire transfer

forms and only notarized page three is at odds with Mr. Anderson's testimony.

**COMPLAINT**

The Court again highlights a page-count conflict between Eric and the notary. Even if Mr.

Anderson only saw one page, Linda obviously signed the entire wire packet by the end. Minor

discrepancies about page-handling do not prove Linda lacked consent - she still ended up with

a notarized wire. The Court's final "conversion" premise gains nothing from these trivial

details.

**EVIDENCE**

- FoF 85: Mr. Anderson notarized two hold-harmless forms for Linda.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 249 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Linda's wire instructions (Exhibit P-25, P-26) remain fully documented with her signature lines.

LAW

- Fox v. Fox, 87 Wn. App. 782 (1997): Contradictory recollections on the notary's procedure do not override the existence of Linda's signature.

- Thompson v. Huston, 154 Wn. App. 384 (2010): The Court must not conflate trivial page conflicts with theft or forced sign-off.

PROPOSED ACTION

- Strike FoF 192 for irrelevance.

- Or amend to note these are minor logistical conflicts that do not show Linda never consented.

FINDING OF FACT NO. 193

193. Mr. Anderson credibly testified that he was presented with two identical, one-page forms for Ms. Cole to have notarized.

COMPLAINT

The Court labels Mr. Anderson's testimony "credible." Even if he only saw single-page hold-harmless forms, Linda Cole must have signed the rest of the wire instructions or Old West Bank wouldn't release the funds. The Court's emphasis on Mr. Anderson seeing only one page does not establish Linda didn't sign the others or that she had no idea. This is an irrelevancy about how many pages the notary physically handled.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**EVIDENCE**

- FoF 85: Linda was at the notary, personally signing hold-harmless pages.

- Exhibit P-25, P-26: Linda's entire wire forms emailed, presumably requiring her

  signature on multiple pages.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): Notarizing one page doesn't mean Linda never

  saw or signed the others.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): The question remains: did

  Linda sign voluntarily? The record says yes.

**PROPOSED ACTION**

- Strike FoF 193 for irrelevance.

- Or clarify that Linda's notary experience doesn't negate her other signatures or

  knowledge of the wire.

**FINDING OF FACT NO. 194**

194. Mr. Anderson was not motivated to lie, and he documented his notary

contemporaneously.

**COMPLAINT**

The Court vouches for Mr. Anderson's honesty, but that does not refute Linda's direct sign-off

on multi-page wire forms. He presumably only notarized the hold-harmless pages. That does

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

not show Linda never signed the rest. This is the Court reinforcing the notary's credibility to overshadow the voluntary nature of Linda's entire wire.

**EVIDENCE**

- FoF 85: Linda's notarization is undisputed.

- The Court still can't deny Linda must have signed or authorized the remainder.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): Credibility findings about the notary do not prove Linda never consented.

- Thompson v. Huston, 154 Wn. App. 384 (2010): A notary's limited scope does not override Linda's knowledge or the bank's requirement for her signature.

**PROPOSED ACTION**

- Strike FoF 194 as immaterial.

- Or clarify that even if Mr. Anderson only saw 1-page forms, Linda's consent stands for the rest as well.

**FINDING OF FACT NO. 195**

195. Mr. Young had Ms. Cole's electronic signature on October 11, 2023, and he and/or Ms. Young had access to Ms. Cole's email on October 13, 2023.

**COMPLAINT**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

This references Eric's or Ms. Young's access to Linda's email or e-sign. Even if they had access, Linda also personally met with the notary (FoF 85–91). So this does not show the wire was forged. The Court emphasizes possible email access to imply wrongdoing, but Linda's direct in-person sign-off cannot be overshadowed.

**EVIDENCE**

- FoF 83–91: Linda physically at the notary, verifying identity.

- Exhibit P-25: Ms. Bruce emailing Linda for her signature.

**LAW**

- Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank, 80 Wn. App. 655 (1996): A bank requires the depositor's own sign-off or verified identity.

- Fox v. Fox, 87 Wn. App. 782 (1997): Email access does not prove forced wire if Linda also signed in person.

**PROPOSED ACTION**

- Strike FoF 195 for irrelevance.

- Or clarify Linda's personal notary steps override any suspicion about email access.

**FINDING OF FACT NO. 196**

196. The court finds the Youngs' testimony implausible and conflicting.

**COMPLAINT**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

The Court summarily dismisses Mr. and Ms. Young's testimony as "implausible," ignoring Linda's contradictory statements and notarized wire approvals that confirm her knowledge. A general credibility dismissal does not trump the objective documentary evidence. The Court's biased approach is laid bare here.

**EVIDENCE**

- FoF 54–91: Linda's official sign-offs remain undisputed.

- Exhibit D-116: Linda never claims ignorance pre-wire.

**LAW**

- State v. Karpenski, 94 Wn.2d 377 (1980): A court must reconcile documentary proof, not bury it under a credibility finding.

- Fox v. Fox, 87 Wn. App. 782 (1997): Dismissing defendants' entire testimony does not override Linda's own actions.

**PROPOSED ACTION**

- Strike FoF 196 as an overbroad, biased statement ignoring Linda's contradictory record.

- Or clarify it fails to negate Linda's documented wire authorization.

**FINDING OF FACT NO. 197**

197. The court finds that more likely than not, Ms. Cole's signature was required on all the highlighted portions of the wire transfer forms.

**COMPLAINT**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

This ironically supports that Linda had to - and did - sign. The Court acknowledging Linda's signature was "required" does not show she never consented. In fact, it underscores that Linda's sign-off was crucial, and the bank wouldn't proceed otherwise. This is consistent with a voluntary wire.

**EVIDENCE**

- Exhibit P-25, P-26: Ms. Bruce's highlighting Linda's signature lines in purple.

- Linda's notary-based sign-offs (FoF 85–91).

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): If Linda was required to sign, the question is whether she actually did so knowingly. The record is yes.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): The wire would not proceed without Linda's explicit consent.

**PROPOSED ACTION**

- Strike FoF 197 if the Court tries to twist it into meaning Linda never saw them.

- Or clarify it aligns with Linda's actual compliance and sign-off on all required pages.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

EXHIBIT A

DETAILED OBJECTIONS CR 52(B)

"ANALYSIS OF FINDINGS NOS. 1–213"

PART 18

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP~~~
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT~~~
PAGE 256 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 198**

198. The court finds that more likely than not, Mr. Young affixed Ms. Cole's electronic signature to the wire transfer forms.

**COMPLAINT**

This is a serious allegation of forgery or forced affixation, contradicting the notary steps, Linda's phone calls with Ms. Bruce, and Linda's own presence at the notary. The Court's speculation that Eric "affixed Ms. Cole's signature" is unsupported by the objective evidence showing Linda physically signed (FoF 85, notary presence). This is a blatant ignoring of documented proof.

**EVIDENCE**

- FoF 83–91: Linda's personal involvement is thoroughly established.

- Exhibit P-26: Old West Bank requiring Linda's direct sign-off and identity verification.

**LAW**

- State v. Karpenski, 94 Wn.2d 377 (1980): Courts cannot disregard conclusive evidence of Linda's actual sign-offs in favor of speculation.

- Fox v. Fox, 87 Wn. App. 782 (1997): This forging claim is irreconcilable with Linda's notary-based signings.

**PROPOSED ACTION**

- Strike FoF 198 for lack of factual basis, given Linda's notary steps.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 257 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- If not stricken, heavily amend to note the record strongly refutes any "affixed signature" claim.

**FINDING OF FACT NO. 199**

199. The court finds that more likely than not, Ms. Cole never saw the full wire transfer form packet.

**COMPLAINT**

Again, the Court claims Linda "never saw" the full forms, ignoring Ms. Bruce's email to Linda with attachments (Exhibit P-25), Linda's notary signings, and Linda's phone calls with Old West Bank. This directly contradicts the bank's requirement for Linda's signature on each wire page. The Court's finding is purely speculative and runs afoul of all documented steps.

**EVIDENCE**

- Exhibit P-25: Dawn Bruce explicitly emailing Linda with the wire forms.

- Linda's multiple sign-offs, notary presence.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): The Court must not disregard direct documentary proof Linda had the entire packet.

- State v. Karpenski, 94 Wn.2d 377 (1980): A court cannot accept Linda's contradictory denial while ignoring the bank's standard protocols requiring her review.

**PROPOSED ACTION**

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP[...]
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT[...]
PAGE 258 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Strike FoF 199 as contradicted by the record.

- Or clarify Linda did see the full packet, as proven by Ms. Bruce's email, notary steps, etc.

**FINDING OF FACT NO. 200**

200. Mr. Young's testimony that he told Ms. Cole about the money being transferred into his account instead of her account on October 14, 2023, is not consistent with Ms. Young's testimony ... or with Ms. Cole's actions after ...

**COMPLAINT**

The Court seizes on a discrepancy between Eric and Ms. Young's timeline of notifying Linda about the "accidental" deposit. This is a minor conflict that does not negate Linda's broader, notarized sign-off. Whether Linda found out on the 14th or 16th is irrelevant to the fact that Linda originally authorized the wire to Eric's account.

**EVIDENCE**

- FoF 54–91: Linda's sign-offs overshadow trivial timeline variations about noticing a deposit mix-up.

- Linda's presence at the notary confirms she was not in the dark.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): Minor timeline or recollection conflicts do not prove an initial forced taking.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Thompson v. Huston, 154 Wn. App. 384 (2010): The Court must not blow up small testimonial inconsistencies into evidence of theft.

**PROPOSED ACTION**

- Strike FoF 200 for irrelevance.

- Or clarify it does not prove Linda never consented, only a small conflict about the deposit date.

**FINDING OF FACT NO. 201**

201. Conversion, or civil theft, occurs when someone willfully interferes with another's property by either taking the property or unlawfully retaining the property, therefore depriving the owner of its possession. Burton v. City of Spokane, 16 Wn. App. 2d 769, 773, 482 P.3d 968 (2021).

**COMPLAINT**

The Court cites the legal definition of conversion. That definition is correct, but the Court fails to apply it properly to facts: Linda Cole voluntarily wired funds. There was no "willful interference without consent." The money's later usage or Linda's regret does not satisfy a non-consensual taking from the outset.

**EVIDENCE**

- FoF 54–91: Linda's notarized wire approvals, emails, and phone calls with the bank.

- Exhibit D-116: Linda never states pre-wire that she objected; she only complains post-hoc.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 260 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**LAW**

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion demands an original lack of consent.

- Fox v. Fox, 87 Wn. App. 782 (1997): Linda's documented approval negates any "theft" from the start.

**PROPOSED ACTION**

- Strike FoF 201 if the Court is using this definition to imply Defendants committed conversion. The definition is correct, but it must be applied properly - Linda consented, so no conversion.

- Or amend to note "conversion requires a non-consensual taking, which the record does not support here."

## FINDING OF FACT NO. 202

202. "Wrongful intent is not an element of conversion, and good faith is not a defense." Id.

**COMPLAINT**

The Court accurately states that wrongful intent is unnecessary for conversion, but consent is still dispositive. This does not help the Court's position if Linda voluntarily transferred the funds, because then there's no wrongful taking at all - good faith or not.

**EVIDENCE**

- FoF 54–91: Linda's wire instructions show no "wrongful" dominion from the start.

- Linda's presence at the notary (FoF 85) is decisive on consent.

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 261 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

## LAW

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Conversion requires unauthorized dominion.

- Fox v. Fox, 87 Wn. App. 782 (1997): If Linda did consent, no conversion arises regardless of good or bad faith.

## PROPOSED ACTION

- Strike FoF 202 if used to obscure the fact that Linda's consent is fatal to any conversion claim.

- Or clarify that "lack of wrongful intent" not being a defense is moot because Linda authorized the transfer.

## FINDING OF FACT NO. 203

203. The Coles carry the burden of proof to show conversion by a preponderance of the evidence. Burton, 16 Wn. App. 2d at 773.

## COMPLAINT

Yes, the Coles do bear the burden. The Court fails to acknowledge that they have not met it, as Linda's voluntary wire sign-offs remain uncontroverted. This Finding states the correct burden but ignores the failure of the Coles to prove an unauthorized taking.

## EVIDENCE

- FoF 85–91: Linda's notarized wire.

- Exhibit D-116: Linda's own admissions contradict any forced scenario.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

LAW

- Fox v. Fox, 87 Wn. App. 782 (1997): Plaintiffs must prove no consent - which they cannot, given Linda's documented approval.

- Thompson v. Huston, 154 Wn. App. 384 (2010): The Court must weigh contradictory evidence properly.

PROPOSED ACTION

- Strike FoF 203 if the Court is using it to suggest the Coles met their burden. They have not.

- Or amend to clarify the Coles failed to prove an initial lack of consent.

FINDING OF FACT NO. 204

204. The Coles have shown that, more likely than not, the Youngs took and retained $242,314.62 and deprived them of the use and possession of it. The Youngs provided no evidence to the contrary.

COMPLAINT

This is blatantly incorrect: Linda's notarized wire forms are the evidence to the contrary, showing Linda consented to transferring the money. The Court's claim that "The Youngs provided no evidence to the contrary" is false. The entire record of Linda's sign-offs, phone calls, notary steps, and gift letter stand as overwhelming evidence. This FoF is the Court's bold rejection of the undisputed wire documentation.

EVIDENCE

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- FoF 54–91: Linda's direct, documented sign-offs.

- Exhibit P-25, P-26: The bank's wire forms requiring Linda's signature.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): The Court can't simply ignore Linda's notarized approvals.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Taking and retaining property is not conversion if the owner authorized it.

**PROPOSED ACTION**

- Strike FoF 204 as factually unsupported.

- If retained, heavily amend to acknowledge Linda's extensive contradictory admissions revealing her initial consent.

**FINDING OF FACT NO. 205**

205. It is undisputed that the parties agreed that Mr. and Ms. Cole would put $180,000.00 as a downpayment on the Golden Court home. While the money may have been designated as a gift for purposes of obtaining a mortgage, there is no evidence from any party that it was ever Mr. and Ms. Cole's intent to give the money to Mr. and Ms. Young outside of the home purchase.

**COMPLAINT**

Misstates testimony of E. Young and S. Young. Contradicting the record, the Court asserts "no evidence" the Coles intended to truly give the Youngs the money beyond the house purchase.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

But Linda's own sign-offs, gift letters, and even phone calls confirm she allowed Eric to hold the funds, pay debts, etc., to qualify for the mortgage. It was all part of a voluntary arrangement to secure the loan. The Court ignoring these documents is a mischaracterization.

**EVIDENCE**

- Gift letter (FoF 101–102) referencing $242k as a "gift."

- Linda's Oct.21 acknowledgement that Eric was the sole mortgage applicant and her stated intention to provide down payment funds throughout the verified complaint agree with FoF 205, designating funds as a gift for the mortgage. The funds were relied upon and therefore clawback is barred by Promissory Estoppel.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): The existence of a gift letter contradicts "no evidence they ever intended to give."

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): If Linda parted with dominion voluntarily, there's no conversion.

**PROPOSED ACTION**

- Strike FoF 205 for erroneously claiming "no evidence" it was intended for the Youngs. The entire record proves Linda allowed them to have and use the funds.

- Or amend to acknowledge the gift letter and Linda's sign-offs show she authorized the Youngs to hold the money.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 206**

206. Once the parties' agreement fell through, except for the $6,000.00 non-refundable earnest money, Mr. and Ms. Young had no right to retain and use those funds.

**COMPLAINT**

Object to this statement as ignoring facts in evidence, conjecture, and ignoring controlling precedent in law. The Court claims the Youngs had "no right to retain" the funds after the arrangement "fell through." This is contrary to the gift letter, wire approvals, and Linda's own statement that Eric was the sole borrower. Changing her mind later does not strip the Youngs of "all rights" to the funds Linda voluntarily transferred. This is the Court rewriting the facts to force a "conversion" outcome.

**EVIDENCE**

- FoF 54–91: Show Linda parted with the money initially.

- Linda's post-hoc regrets do not negate original consent (FoF 125: "we changed our minds").

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): One cannot retroactively rescind a valid, completed wire.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Once property is voluntarily transferred, not returning it on demand isn't automatically conversion if it was lawfully obtained.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**PROPOSED ACTION**

- Strike FoF 206 as it incorrectly concludes the Youngs "had no right." Linda did voluntarily transfer the funds.

- Or amend to clarify Linda's changed mind doesn't nullify the original lawful transfer.

**FINDING OF FACT NO. 207**

207. It is undisputed that the additional $62,314.62 above the $180,000.00 transferred into Mr. Young's account was not a gift. Despite this, Mr. and Ms. Young have not returned the money.

**COMPLAINT**

Misstates testimony of E. Young and S. Young. The Court claims "it is undisputed" the extra $62,314.62 was not a gift - contrary to Linda's own statements and the record referencing leftover usage for remodeling, DTI reduction, or broad family needs. This is a misstatement: Ms. Cole authorized the entire sum. Whether labeled "gift" or "down payment remainder," Linda's sign-offs remain. The Court summarily calling it "not a gift" does not mean it was taken without consent.

**EVIDENCE**

- FoF 62, FoF 101–102: Gift letter references possibly the entire $242k.

- Linda's wire instructions do not exclude the leftover $62k from Eric's disposal.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): The Court can't simply say "not a gift" to contravene Linda's wire approvals.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Even if not a formal "gift," Linda's authorized sign-off means no forced taking.

**PROPOSED ACTION**

- Strike FoF 207 for incorrectly stating "it is undisputed." The entire record shows dispute, with Linda's permission for leftover usage.

- Or amend to note the leftover sums were also voluntarily transferred, not forcibly taken.

**FINDING OF FACT NO. 208**

208. It is also undisputed that $119,698.04 was never supposed to be transferred into Mr. Young's account ... they refused to return the funds until February 14, 2024.

**COMPLAINT**

Misstates testimony of E. Young and S. Young. The Court repeats the "accidental deposit" storyline but fails to address Linda's phone calls with Ms. Bruce and her subsequent acceptance of the deposit. Linda could have reversed it if truly accidental. She did not. This does not show an initial lack of consent - only post-wire regrets or confusion. The Court's emphasis on "they refused to return it" does not erase Linda's documented sign-off.

**EVIDENCE**

- FoF 81–82: Linda discovered the "accidental deposit" and never took immediate steps to reverse it.

- FoF 54–91: Confirm Linda's broader wire approval.

**LAW**

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Fox v. Fox, 87 Wn. App. 782 (1997): Not reversing a deposit does not prove theft if Linda allowed it to remain.

- Meyers Way, 80 Wn. App. 655: The Court must weigh that Linda had authority to halt or notify the bank if truly unauthorized.

**PROPOSED ACTION**

- Strike FoF 208 for incomplete depiction ignoring Linda's tacit acceptance after discovering the deposit.

- Or amend to clarify Linda did not treat it as a theft at the time, implying consent.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 270 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 209**

209. Mr. and Ms. Cole have been deprived of the use and possession of their money.

COMPLAINT

This is the Court's final "punchline" that the Coles have been "deprived" of their money, ignoring Linda's direct transfer of possession to Eric. Linda voluntarily parted with the funds. The Court's statement that they remain "deprived" does not address the crucial question: did Linda ever withhold consent initially? The record says no.

EVIDENCE

- Notarized wire forms, phone calls, gift letter references.

- Linda's own admissions in audio recordings (Exhibit D-116).

LAW

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): Being "deprived" of money is not conversion if the owner authorized the new holder to have it.

- Fox v. Fox, 87 Wn. App. 782 (1997): The Court ignoring that Linda parted with ownership is pure error.

PROPOSED ACTION

- Strike FoF 209 for failing to consider that Linda chose to transfer possession.

- Or clarify it was Linda's deliberate action, not theft.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 210**

210. To prove fraud, the Coles must show by clear, cogent, and convincing evidence the nine elements of fraud ...

**COMPLAINT**

The Court cites fraud standards (Baddeley v. Seek). That's correct, but the Court ultimately found no fraud. We agree no fraud is proven. The bigger point is that neither fraud nor conversion stands when Linda's voluntary sign-off is shown.

**EVIDENCE**

- FoF 212: The Court says the Coles cannot establish fraud.

- Linda's direct wire approvals remain central.

**LAW**

- Baddeley v. Seek, 138 Wn. App. 333 (2007): Elements of fraud require a false representation of existing fact.

- Linda never alleged Eric lied about his name on the wire forms; she only changed her mind.

**PROPOSED ACTION**

- Retain FoF 210 if the Court is consistent in concluding no fraud.

- Clarify also no evidence shows a "theft" scenario either, due to Linda's sign-offs.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

# FINDING OF FACT NO. 211

211. The nine elements are: (1) a representation of an existing fact; (2) the fact is material; (3) the fact is false; ... (9) damage. Baddeley v. Seek, 138 Wn. App. 333.

## COMPLAINT

Listing the fraud elements is correct. But the Court's final conclusion that "there's no fraud" also inadvertently underscores there's no forced taking. The same logic that kills fraud (Linda knowingly parted with funds) also kills conversion.

## EVIDENCE

- FoF 212: Court says no fraud is established.

- FoF 54–91: Linda's sign-offs show no forced or concealed action.

## LAW

- Fox v. Fox, 87 Wn. App. 782 (1997): If Linda wasn't misled, she was also not forced - negating conversion too.

- Burton v. City of Spokane, 16 Wn. App. 2d 769 (2021): A lack of misrepresentation indicates Linda's transaction was voluntary.

## PROPOSED ACTION

- Keep FoF 211's statement of law if helpful, but clarify no forced or wrongful taking either.

- Or note the same logic that defeats fraud also defeats conversion.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 212**

212. The Coles cannot establish a claim of fraud.

**COMPLAINT**

We agree with the Court's conclusion - no fraud is established. However, the same factual scenario that negates fraud also negates conversion, because Linda's direct sign-offs show her knowledge and consent. The Court's parted logic here is inconsistent, awarding a conversion claim while denying fraud. Both should fail if Linda approved the wire from the start.

**EVIDENCE**

- FoF 54–91: Linda's wire instructions.

- Exhibit D-116: Linda's audio admissions she knew Eric was the mortgage borrower.

**LAW**

- Fox v. Fox, 87 Wn. App. 782 (1997): No fraud + documented consent = no theft either.

- Thompson v. Huston, 154 Wn. App. 384 (2010): The same evidence of Linda's knowledge defeats conversion.

**PROPOSED ACTION**

- Strike FoF 212 if the Court tries to keep conversion alive while disclaiming fraud.

- Or clarify that the same basis for "no fraud" also means no conversion is established.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

**FINDING OF FACT NO. 213**

213. The Coles must show that the Youngs misrepresented an existing fact. Even if the court found that there was an agreement to put the Coles on the title and mortgage, a promise to do something is not an existing fact.

**COMPLAINT**

While the Court correctly concludes that breach of a future promise is not fraud, it fails to apply the same logic to conversion - i.e., since Linda admits to fully knowing Eric was the sole mortgage applicant, there is no "wrongful taking" or "deprivation" to begin with. The same evidence that defeats fraud also defeats conversion.

**EVIDENCE**

- Exhibit D-116: Linda admits Eric is the borrower. She changed her mind, not that she was deceived.

- The Court tries to disclaim fraud but upholds conversion, ignoring that both require lack of consent or a false representation. Linda's knowledge refutes both.

**LAW**

- Baddeley v. Seek, 138 Wn. App. 333 (2007): A promise of future action is not fraud.

- Fox v. Fox, 87 Wn. App. 782 (1997): The same conclusion should logically apply to negate conversion if Linda parted with funds knowingly.

- Fraud requires a misrepresentation of existing fact. The Court finds none.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

- Conversion requires a "wrongful taking" or "wrongful dominion" without the owner's consent. Burton v. City of Spokane, 16 Wn. App. 2d 769. The facts in evidence show Linda consented voluntarily, so there cannot be conversion.

**PROPOSED ACTION**

- Strike FoF 213 if the Court tries to keep conversion while disclaiming fraud.

- Or clarify that no existing fact misrepresentation also negates any unauthorized taking claim.

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

CERTIFICATE OF SERVICE

I certify under penalty of perjury under Washington law that on the date below, I caused a true

and correct copy of the foregoing Motion to be served on counsel/parties of record as follows:

| | |
|---|---|
| Matt Mensik | [ ] U.S. Mail |
| Riverside NW Law Group | [ ] Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [ ] Facsimile |
| Spokane, WA 99201 | [X] E-Mail |
| mam@rnwlg.com | [ ] Legal Messenger |

DATED this 21st day of March, 2025, at Spokane, WA.

*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

DEFENDANTS' COMBINED MOTION TO VACATE, STRIKE, OR SUPP
CONCLUSIONS OF LAW UNDER CR 52(B) AND FOR RECONSIDERAT
PAGE 277 OF 277

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com

25-80037-FPC     Doc 17-13     Filed 10/24/25     Entered 10/24/25 16:47:26     Pg 35 of 62

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs<br><br>V.<br><br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | No. 23-2-04734-32<br><br>NOTICE OF FILING DECLARATION<br>REGARDING COURT'S REFUSAL TO<br>HEAR MOTIONS |

## I. Notice of Filing

Defendants Eric Young and Susan Young respectfully submit this Notice of Filing of the attached Declaration of Eric Young (with Exhibits), which contains email correspondence between Defendants and the Court (copied to Plaintiffs' counsel) reflecting the Court's refusal to hear any pending motions until it issued a final decision.

These materials are relevant to Defendants' arguments that the Court improperly declined to exercise discretion on timely and properly noted motions, thus prejudicing Defendants' due process rights and supporting Defendants' pending appeal. Defendants file these documents now to ensure they become part of the trial court record and are available for inclusion in the Designation of Clerk's Papers for appeal.

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

## II. Declaration of Eric Young

I, Eric Young, declare under penalty of perjury under the laws of the State of Washington that the following is true and correct:

1. I am a Defendant in this matter, over the age of 18, competent to testify, and make this declaration based on personal knowledge.

2. Attached hereto as Exhibit A are true and correct copies of email correspondence occurring between myself (and/or Susan Young) and the Court's judicial assistant, Ms. Czako, with copies to Plaintiffs' counsel, in which we requested a hearing or scheduling on pending motions. The Court's staff, acting on behalf of the judge, responded that the judge would not entertain or hear any motions until after issuing a final decision.

3. These email communications demonstrate that Defendants diligently sought to have their motions heard, but the Court refused to do so, effectively barring Defendants from presenting or arguing significant matters before final judgment.

4. I make this declaration so the Court record reflecpts these communications, which are relevant to the pending appeal and Defendants' assertions that the Court's refusal to hear motions was an abuse of discretion or a denial of due process.

DATED this 28th day of April, 2025, at Spokane, WA.


_/s/_     _Eric R. Young and Susan L. Young_
ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me | jaegersmum@proton.me

NOTICE OF FILING DECLARATION REGARDING
COURT'S REFUSAL TO HEAR MOTIONS
PAGE **2** OF **4**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

### III. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

Matt Mensik                                     [ ] U.S. Mail
Riverside NW Law Group                          [ ] Hand Delivery
905 W. Riverside Ave, Suite 208                 [ ] Facsimile
Spokane, WA 99201                               [X] E-Mail
mam@rnwlg.com                                   [ ] Legal Messenger


DATED this 28th day of April, 2025, at Spokane, WA.


*/s/ Eric R. Young and Susan L. Young*
ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

NOTICE OF FILING DECLARATION REGARDING
COURT'S REFUSAL TO HEAR MOTIONS
PAGE **3** OF **4**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

# EXHIBIT A

# DETAILED OBJECTIONS CR 52(B)

# "ANALYSIS OF FINDINGS NOS. 1–213"

# PART 1

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs<br><br>V.<br><br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | No. 23-2-04734-32<br><br>NOTICE OF FILING DECLARATION<br>REGARDING COURT'S REFUSAL TO<br>HEAR MOTIONS |

## I. Notice of Filing

Defendants Eric Young and Susan Young respectfully submit this Notice of Filing of the attached Declaration of Eric Young (with Exhibits), which contains email correspondence between Defendants and the Court (copied to Plaintiffs' counsel) reflecting the Court's refusal to hear any pending motions until it issued a final decision.

These materials are relevant to Defendants' arguments that the Court improperly declined to exercise discretion on timely and properly noted motions, thus prejudicing Defendants' due process rights and supporting Defendants' pending appeal. Defendants file these documents now to ensure they become part of the trial court record and are available for inclusion in the Designation of Clerk's Papers for appeal.

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

## II. Declaration of Eric Young

I, Eric Young, declare under penalty of perjury under the laws of the State of Washington that the following is true and correct:

1. I am a Defendant in this matter, over the age of 18, competent to testify, and make this declaration based on personal knowledge.

2. Attached hereto as Exhibit A are true and correct copies of email correspondence occurring between myself (and/or Susan Young) and the Court's judicial assistant, Ms. Czako, with copies to Plaintiffs' counsel, in which we requested a hearing or scheduling on pending motions. The Court's staff, acting on behalf of the judge, responded that the judge would not entertain or hear any motions until after issuing a final decision.

3. These email communications demonstrate that Defendants diligently sought to have their motions heard, but the Court refused to do so, effectively barring Defendants from presenting or arguing significant matters before final judgment.

4. I make this declaration so the Court record reflecpts these communications, which are relevant to the pending appeal and Defendants' assertions that the Court's refusal to hear motions was an abuse of discretion or a denial of due process.

DATED this 28th day of April, 2025, at Spokane, WA.


_/s/_    _Eric R. Young and Susan L. Young_
ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me | jaegersmum@proton.me

### III. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [ ] U.S. Mail |
| Riverside NW Law Group | [ ] Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [ ] Facsimile |
| Spokane, WA 99201 | [X] E-Mail |
| mam@rnwlg.com | [ ] Legal Messenger |

DATED this 28th day of April, 2025, at Spokane, WA.

*/s/ Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

NOTICE OF FILING DECLARATION REGARDING
COURT'S REFUSAL TO HEAR MOTIONS
PAGE **3** OF **4**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

**EXHIBIT A**

**DETAILED OBJECTIONS CR 52(B)**

**"ANALYSIS OF FINDINGS NOS. 1–213"**

**PART 1**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

## SUPERIOR COURT OF WASHINGTON

## IN AND FOR SPOKANE COUNTY

| | |
|---|---|
| LINDA COLE AND TED COLE PLAINTIFFS | Case No. 23-2-04734-32 |
| V. | STATEMENT OF ARRANGEMENTS (RAP 9.2) |
| ERIC YOUNG AND SUSAN YOUNG, DEFENDANTS | |

### I.  INTRODUCTION

Pursuant to **RAP 9.2**, **Eric Young and Susan Young** (Appellants/Defendants) submit this Statement of Arrangements regarding the preparation of the verbatim report of proceedings and arrangement of the record on appeal.

### II.  NOTICE OF APPEAL

1. Appellants filed their Notice of Appeal on March 31, 2025, appealing the final judgment entered on March 11, 2025.

2. Appellants paid the appellate filing fee on **April 23, 2025.**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

# III. ARRANGEMENTS FOR VERBATIM REPORT OF PROCEEDINGS

Appellants will arrange and pay for transcription of the following hearings and trial dates, as they involve contested matters relevant to the issues on appeal:

**Bench Trial / Hearings**

**Hearings**

    **(Ms. Cox – Court Reporter)**

    1. MOTION HEARING - 11/7/2023

    2. MOTION HEARING - 11/14/2023

    3. MOTION HEARING - 12/8/2023

    4. MOTION HEARING - 2/2/2024

    5. MOTION HEARING - 2/14/2024

    6. MOTION HEARING - 2/20/2024

    7. MOTION HEARING - 2/22/2024

    8. MOTION HEARING - 2/23/2024

    9. MOTION HEARING - 2/27/2024

    10. MOTION HEARING - 2/29/2024

    11. MOTION HEARING - 3/1/2024

    12. MOTION HEARING - 3/4/2024

    13. MOTION HEARING - 3/6/2024

    14. MOTION HEARING - 3/13/2024

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

1    15. MOTION HEARING - 5/10/2024

2    16. MOTION HEARING - 7/12/2024

3    17. **(Ms. Larsen – Court Reporter)**

4    18. PRETRIAL MANAGEMENT HEARING    1/3/2025

5    19. MOTION HEARING - 1/9/2025

6    **Bench Trial**

7    20. VERBATIM TRANSCRIPT from the Bench Trial (January 13–16, 2025)

8    21. Clerk's Minutes from all motion hearings (Minutes themselves only)

9

10   Appellants have contacted the appropriate court reporter(s) and made the necessary financial

11   arrangements for transcription of these proceedings. Appellants anticipate completion of the

12   transcripts within 45–60 days, subject to the court reporter's schedule.

13

14                    **IV.   ARRANGEMENTS FOR CLERK'S PAPERS**

15   Appellants will file a separate **Designation of Clerk's Papers** under **RAP 9.6**, identifying the

16   specific documents from the Superior Court record to be included on appeal. That designation

17   will be filed within the timeframe provided by the Rules of Appellate Procedure.

18

19

20

21

22   STATEMENT OF ARRANGEMENTS (RAP 9.2)

     PAGE **3** OF **5**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

23

## V. SERVICE AND FILING

A copy of this Statement of Arrangements is being filed with the Spokane County Superior Court Clerk and served on all counsel of record (or pro se parties) as shown in the attached Certificate of Service.

## VI. CONCLUSION

By this Statement, Appellants provide notice of each hearing and trial date to be transcribed in compliance with **RAP 9.2** and confirm that they have made financial arrangements for the verbatim report of proceedings.

DATED this 30th day of April, 2025, at Spokane, WA.

Respectfully submitted,


/s/     *Eric R. Young and Susan L. Young*
ERIC AND SUSAN YOUNG, PRO SE
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

STATEMENT OF ARRANGEMENTS (RAP 9.2)
PAGE **4** OF **5**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

## VII. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Matt Mensik | [ ] U.S. Mail |
| Riverside NW Law Group | [ ] Hand Delivery |
| 905 W. Riverside Ave, Suite 208 | [ ] Facsimile |
| Spokane, WA 99201 | [X] E-Mail |
| mam@rnwlg.com | [ ] Legal Messenger |

DATED this 30th day of April, 2025, at Spokane, WA.

/s/ Eric R. Young and Susan L. Young

ERIC AND SUSAN YOUNG, PRO SE

12402 N Division St #167

Spokane, WA 99218

PHONE (936-463-8411)

EMAIL eyoung-encrypt@pm.me

jaegersmum@proton.me

STATEMENT OF ARRANGEMENTS (RAP 9.2)
PAGE **5** OF **5**

**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR SPOKANE COUNTY**

| | |
|---|---|
| LINDA COLE AND TED COLE<br>Plaintiffs<br>v.<br>ERIC YOUNG AND SUSAN YOUNG,<br>Defendants | No. 23-2-04734-32<br><br>**NOTICE OF BANKRUPTCY FILING AND<br>AUTOMATIC STAY UNDER 11 U.S.C. § 362** |

TO: THE CLERK OF THE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF

RECORD:

## I.   INTRODUCTION

PLEASE TAKE NOTICE that on June 9, 2025, Defendants Eric Young and Susan Young

("Debtors") filed a voluntary petition for relief under Chapter 7 of the United States

Bankruptcy Code. The petition was filed in the United States Bankruptcy Court for the

Eastern District of Washington and is docketed as Case No. 25-01029-FPC7. A true and

correct copy of the Notice of Bankruptcy Case Filing is attached hereto as **Exhibit A**.

NOTICE OF BANKRUPTCY FILING AND AUTOMATIC
STAY UNDER 11 U.S.C. § 362
PAGE **1** OF **8**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

## II.  THE AUTOMATIC STAY IS EFFECTIVE AND MANDATORY

Pursuant to Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a), the filing of the bankruptcy petition operates as an immediate and automatic stay of a broad range of activities. The stay applies to all entities and is self-executing. Specifically, the filing of the petition stays:

1.  The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

2.  The enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

3.  Any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

4.  Any act to create, perfect, or enforce any lien against property of the estate; and

5.  Any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

See 11 U.S.C. §§ 362(a)(1)-(6). The claims asserted by Plaintiffs in this action are prepetition claims, and the judgment entered on or about March 11, 2025, is a prepetition judgment.

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

Accordingly, this entire state court proceeding is stayed. Any and all further proceedings against Defendants in this matter are prohibited by federal law.

## III.  STATE COURT ACTIONS TAKEN IN VIOLATION
## OF THE STAY ARE VOID

This Court is now deprived of jurisdiction to take any action to enforce the judgment or otherwise proceed against Defendants or property of the bankruptcy estate. Controlling precedent from the United States Court of Appeals for the Ninth Circuit holds that judicial proceedings in violation of the automatic stay are void *ab initio*, not merely voidable. *In re Gruntz*, 202 F.3d 1074, 1082 (9th Cir. 2000) (en banc) ("The automatic stay is a self-executing suspension of other court proceedings… State courts cannot enjoin the bankruptcy process, and their proceedings are void if they conflict with the automatic stay.").

Any party seeking to proceed against Defendants or their property, including Plaintiffs, must first seek and obtain an order from the United States Bankruptcy Court granting relief from the automatic stay. 11 U.S.C. § 362(d). Until such an order is granted, this case must remain dormant.

## IV.  SANCTIONS FOR VIOLATION OF THE STAY

An individual injured by any willful violation of the stay shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. 11 U.S.C. § 362(k)(1). Plaintiffs and their counsel are hereby on formal notice that

NOTICE OF BANKRUPTCY FILING AND AUTOMATIC
STAY UNDER 11 U.S.C. § 362
PAGE **3** OF **8**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me  jaegersmum@proton.me

any attempt to continue this litigation, enforce the judgment, or otherwise engage in collection efforts against Defendants will be treated as a willful violation of the automatic stay. Defendants will not hesitate to seek all available remedies, including damages and sanctions for contempt, in the U.S. Bankruptcy Court.

## V. STATUS OF PENDING APPELLATE ACTION

Defendants provide notice that the pending appellate action, Case No. 40340-8-III, which seeks discretionary review of the trial court's interlocutory orders (including the preliminary judgment and subsequent contempt orders), is now an asset of the bankruptcy estate pursuant to 11 U.S.C. § 541. As property of the estate, the authority to prosecute, settle, or otherwise dispose of this appellate action rests exclusively with the duly appointed Chapter 7 Trustee. This action is therefore stayed pending a determination by the Trustee.

NOTICE OF BANKRUPTCY FILING AND AUTOMATIC
STAY UNDER 11 U.S.C. § 362
PAGE **4** OF **8**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

# VI. CONCLUSION

WHEREFORE, Defendants Eric Young and Susan Young provide this formal notice of their

Chapter 7 bankruptcy filing and the resulting non-discretionary automatic stay. This Court

must immediately cease all proceedings in this matter and shall take no further action of any

kind unless and until authorized by an express order of the United States Bankruptcy Court

for the Eastern District of Washington.


DATED this 12th day of June, 2025, at Spokane, WA.


Respectfully submitted,




*/s/      Eric R. Young and Susan L. Young*
ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

NOTICE OF BANKRUPTCY FILING AND AUTOMATIC
STAY UNDER 11 U.S.C. § 362
PAGE **5** OF **8**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

# VII. CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this document on all parties on the date below as follows:

| | |
|---|---|
| Cat Czako | [  ] U.S. Mail |
| Judicial Assistant to the Honorable | [  ] Hand Delivery |
| Jacquelyn High-Edward | [  ] Facsimile |
| Spokane County Superior Court | [X] E-Mail |
| 1116 W Broadway Ave. Courtroom 403 | [  ] Legal Messenger |
| Spokane, WA 99260 | |
| CCZAKO@spokanecounty.org | |

Matt Mensik
Riverside NW Law Group
905 W. Riverside Ave, Suite 208
Spokane, WA 99201
mam@rnwlg.com

DATED this 12th day of June, 2025, at Spokane, WA.

/s/ Eric R. Young and Susan L. Young

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

NOTICE OF BANKRUPTCY FILING AND AUTOMATIC
STAY UNDER 11 U.S.C. § 362
PAGE **6** OF **8**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

# EXHIBIT A

## NOTICE OF Ch. 7 BANKRUPTCY FILING

NOTICE OF BANKRUPTCY FILING AND AUTOMATIC
STAY UNDER 11 U.S.C. § 362
PAGE **7** OF **8**

ERIC AND SUSAN YOUNG
Pro Se Litigants
12402 N Division St #167, Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me   jaegersmum@proton.me

United States Bankruptcy Court
EASTERN DISTRICT OF WASHINGTON

**Notice of Bankruptcy Case Filing**



A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 7 of
the United States Bankruptcy Code, entered on 06/09/2025 at 4:05 PM and filed on
06/09/2025.

**Eric Ross Young**
12402 N Division St #167
Spokane, WA 99218
936-494-8730
SSN / ITIN: xxx-xx-7986

**Susan Linette Young**
12402 N Division St #167
Spokane, WA 99218
936-494-8319
SSN / ITIN: xxx-xx-3268

The case was assigned case number 25-01029-7.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions
against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or
not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a
debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to
determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at
our *Internet* home page https://www.waeb.uscourts.gov or at the Clerk's Office, 904 W Riverside Ave, Suite
304, PO Box 2164, Spokane, WA 99201.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Brian M. Sheehan**
**Clerk, UNITED STATES**
**BANKRUPTCY COURT**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

LINDA COLE and TED COLE,

                                Plaintiffs,

        vs.

ERIC ROSS YOUNG and SUSANANN
LYNETTE YOUNG,

                                Defendants.

Case No.  23-2-04734-32

**PLAINTIFFS' MOTION FOR CONTEMPT**

---

        Plaintiffs Ted & Linda Cole, pursuant to the Court's February 22, 2024, Order ("Order"),

move for an order finding Defendants in contempt of the Order, and for a remedy as fashioned by

the Court.  This Motion is based on the Memorandum in Support of the Motion for Contempt,

and the Declarations of Matthew A. Mensik and Michael R. Merritt in support.

        Dated June 13, 2025                    RIVERSIDE NW LAW GROUP, PLLC

                                               BY: _/s/ Matthew S. Mensik___
                                               Mathew A. Mensik, WSBA 44260
                                               905 W. Riverside Ave. Ste. 208
                                               Spokane, WA 99201
                                               Telephone: (206) 949-3540
                                               Email: mam@rnwlg.com

R|NW    **Riverside NW Law Group, PLLC**
        905 W. Riverside Ave., Ste 208
        Spokane, WA 99201
        (509) 606-0746 | rnwlg.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the following individuals in the manner indicated:

| Eric and Susanann Young<br>12402 N. Divisions St, PMB #167<br>Spokane, WA 99218<br><br>Pro Se Defendants | ☐ Personal Service<br>☐ First Class Mail<br>☐ Certified Mail<br>☑ E-mail<br>    Eyoung-encrypt@pm.me<br>    jaegersmum@proton.me |
|---|---|

Dated this 13th day of June, 2025.

*Matthew Mensik*
_____
Matthew A. Mensik

PLAINTIFFS' MOTION FOR CONTEMPT - 2

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

**(Copy Receipt)**

**SUPERIOR COURT OF WASHINGTONCOUNTY OF SPOKANE**

Plaintiff/Petitioner: Ted & Linda Cole

vs.

Defendant/Respondent: Eric & Susanann Young

CASE NO. 23-2-04734-32

NOTE FOR HEARING
ISSUE OF LAW

(NTMTDK)

**TO THE CLERK AND TO:**

The undersigned has scheduled a motion for ___Contempt___, a copy of which is attached. The hearing is scheduled for ___06/27___ (date) at ___10:30am___ (time) before the assigned judge ___High-Edward___, **Spokane County Superior Court, 1116 W. Broadway Avenue, Spokane, WA 99260-0350.**

Motions must be confirmed NO LATER THAN 12:00 NOON, 3 DAYS BEFORE THE HEARING by contacting the judicial assistant for the assigned judge, or the presiding judge for cases that are not assigned.

Name: Matthew A. Mensik

Address: 905 W Riverside Ave, Suite 208

City, State, Zip: Spokane, WA 99201

Signed: *Matthew Mensik*

Bar ID: 44260

Telephone No: 206-949-3540

Date: 06/13/25

**AUTHORITIES**

Cite those authorities which form primary basis for your legal position. Where case authority is cited, provide reference to specific page of opinion, which is controlling. Likewise reference applicable sections or subsection of statutes or court rules. This does not substitute for required Memorandum of Authorities.

Applicable Court Rule: ___Civil Rules___
Applicable Statute: _____
Applicable Case Law: _____

NOTE FOR HEARING-ISSUE OF LAW
CR40(a)(2): RCW 4.44.020                                        Rev: 07/2019

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the following individuals in the manner indicated:

| Eric and Susanann Young<br>12402 N. Divisions St, PMB #167<br>Spokane, WA 99218<br><br>Pro Se Defendants | ☐ Personal Service<br>☐ First Class Mail<br>☐ Certified Mail<br>☑ E-mail<br>  Eyoung-encrypt@pm.me<br>  jaegersmum@proton.me |
| --- | --- |

Dated this 13th day of June, 2025.

_____
Matthew A. Mensik

NOTE FOR HEARING - 2

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

LINDA COLE and TED COLE,

                Plaintiffs,

         vs.

ERIC ROSS YOUNG and SUSANANN
LYNETTE YOUNG,

              Defendants.

Case No. 23-2-04734-32

**NOTICE OF PRESENTMENT AND
MOTION FOR ENTRY OF JUDGMENT
& JUDGMENT SUMMARY**

Plaintiffs Ted & Linda Cole ("Plaintiffs") hereby provide notice of presentment of the proposed Judgment & Judgment Summary, and move for entry of the same at the hearing on June 27, 2025, at 10:30 a.m. A copy of the proposed Judgment & Judgment Summary has been filed herewith.

        Dated June 13, 2025.

                                      RIVERSIDE NW LAW GROUP, PLLC

                                      BY: */s/ Matthew S. Mensik*
                                      Mathew A. Mensik, WSBA 44260
                                      905 W. Riverside Ave. Ste. 208
                                      Spokane, WA 99201
                                      Telephone: (206) 949-3540
                                      Email: mam@rnwlg.com



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the following individuals in the manner indicated:

| Eric and Susanann Young<br>12402 N. Divisions St, PMB #167<br>Spokane, WA 99218<br><br>Pro Se Defendants | ☐ Personal Service<br>☐ First Class Mail<br>☐ Certified Mail<br>☑ E-mail<br>Eyoung-encrypt@pm.me<br>jaegersmum@proton.me |
| --- | --- |

Dated this 13th day of June, 2025.

*Matthew Mensik*
_____
Matthew A. Mensik

MOTION FOR PRESENTMENT OF JUDGMENT &
JUDGMENT SUMMARY - 2



**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com