ERIC AND SUSAN YOUNG
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

Defendants Pro Se

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>ERIC ROSS YOUNG and<br>SUSAN LINETTE YOUNG,<br>    Debtors. | CASE NO. 25-01029-FPC7<br>CHAPTER 7<br><br>ADVERSARY NO. 25-80037-FPC |
| LINDA COLE and TED COLE,<br>    Plaintiffs,<br>v.<br>ERIC ROSS YOUNG and<br>SUSANANN LYNETTE (sic) YOUNG,<br>    Defendants.<br><br>(removed from Spokane County Superior Court, Case No. 23-2-04734-32) | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND FOR ABSTENTION**<br>(28 U.S.C. §§ 1452(b), 1334(c)(1)–(2)) |

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO REMAND AND FOR ABSTENTION(28 U.S.C.
§§ 1452(B), 1334(C)(1)–(2))
PAGE 1 OF 15

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

## I. RELIEF REQUESTED

1. Defendants/Debtors Eric and Susan Young ("Debtors") oppose Plaintiffs' Motion to Remand and for Abstention, filed October 8, 2025 (Adv. No. 25-80037, ECF No. 12) ("Motion to Remand").

2. Debtors request an order:

   A. Denying the Motion to Remand and denying abstention under 28 U.S.C. §§ 1452(b), 1334(c)(1)–(2);

   B. Confirming that this removed action (Adv. No. 25-80037-FPC) will be administered and scheduled in coordination with Debtors' § 523(a)(2)/(4)/(6) Motion for Summary Judgment in Adv. No. 25-80038-FPC and related motions under FRBP 7065/9024 and 7054/7052; and

   C. Granting such further relief as the Court deems just and appropriate.

## II. INTRODUCTION

3. Plaintiffs ask this Court to send the removed Cole v. Young action back to Spokane County on the theory that the case is already "tried," that state-law issues "predominate," and that Debtors are "forum shopping." That framing omits the controlling realities of this posture.

4. First, there is no final judgment in the state case. The superior court entered Findings of Fact and Conclusions of Law ("FOFCOL") after bench trial, but no CR 54(a) judgment. The FOFCOL are interlocutory and subject to revision under FRBP 7054/7052 and FRBP 9024/FRCP 60(b).

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO REMAND AND FOR ABSTENTION(28 U.S.C.
§§ 1452(B), 1334(C)(1)–(2))
PAGE 2 OF 15

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

25-80037-FPC    Doc 21    Filed 12/01/25    Entered 12/02/25 09:16:47    Pg 2 of 15

5. Second, the FOFCOL rest on the same core questions that this Court must decide in Debtors' § 523(a)(2)/(4)/(6) adversary and Motion for Summary Judgment in Adv. No. 25-80038:

   A. The effect of Article 4A and Regulation J on Linda Cole's October 2023 wire transfers;

   B. The absence of any written real-property, loan, or trust agreement under RCW 64.04; and

   C. Whether Plaintiffs have any enforceable state-law "right to payment" at all under 11 U.S.C. **§ 502(b)(1)** and Travelers.

6. Third, the pre-removal TRO, preliminary injunction, contempt orders, and provisions purporting to award or control the LLC-titled RV and $24,000 in payments are facially defective and aimed at non-party, non-estate property. Their validity and continued effect are now squarely federal questions under 28 U.S.C. § 1450, FRCP 65, and FRCP 60(b)(4) as incorporated by FRBP 7065 and 9024.

7. The same record and the same legal framework that Debtors present in their § 523 MSJ will decide whether any claim exists, in what amount, and whether any such claim is nondischargeable. Fragmenting that controversy between this Court and Spokane County would create duplication and risk inconsistent rulings. Section 1452(b) and § 1334(c) point in one direction: the dispute should remain here.

### III. RELEVANT PROCEDURAL BACKGROUND

8. October–November 2023: Linda Cole initiates two Old West Federal Credit Union ("OWFCU") wire transfers to Debtors' Bank of America account using OWFCU's call-

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO REMAND AND FOR ABSTENTION(28 U.S.C.
§§ 1452(B), 1334(C)(1)–(2))
PAGE 3 OF 15

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

25-80037-FPC   Doc 21   Filed 12/01/25   Entered 12/02/25 09:16:47   Pg 3 of 15

back/code-word security procedure. Bank of America accepts and credits the wires on October 16, 2023. Later, Linda texts that she and Ted "have changed our minds" and demands money back after the transfers are complete.

9. Late 2023–March 2025: Plaintiffs litigate in Spokane County Superior Court on a theory of "conversion of wired funds" and a "failed house / failed loan" narrative related to the Golden Court property. After a bench trial, the court issues FOFCOL. Those FOFCOL:

   A. Expressly state that Plaintiffs cannot establish a claim of fraud, because their allegations are promises of future conduct about title and mortgage, not misrepresentations of existing fact; and

   B. Adopt a conversion theory that Defendants had "no right to retain the funds once the house purchase failed," without applying Article 4A or RCW 64.04.

   C. No separate judgment is entered.

10. Pre-petition: The state court issues a TRO and preliminary injunction with no meaningful bond relative to the scope of restraint and extends those restraints to a recreational vehicle titled to REALM Analytics LLC, a non-party. Contempt and incarceration orders follow, including jailing Mr. Young and coercing payments.

11. June 9, 2025: Debtors file their Chapter 7 petition in this Court, Case No. 25-01029-FPC7.

12. June–July 2025: In opposing Debtors' motion to extend the stay, Plaintiffs ask this Court to treat the state FOFCOL as effectively conclusive, while also admitting that the

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND FOR ABSTENTION(28 U.S.C. §§ 1452(B), 1334(C)(1)–(2))
PAGE 4 OF 15

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

FOFCOL rejected their fraud theory because it was based on promises of future performance concerning title and mortgage.

13. September 8, 2025: Debtors remove Cole v. Young to this Court as Adv. No. 25-80037-FPC under 28 U.S.C. § 1452(a).

14. September 15–16, 2025: Plaintiffs file Adv. No. 25-80038-FPC, asserting claims under § 523(a)(2)(A), (a)(4), and (a)(6). Their complaint leans heavily on the same FOFCOL, TRO/preliminary injunction, contempt chain, RV "award," and $24,000 payment.

15. October 8, 2025: Plaintiffs file their Motion to Remand (ECF No. 12), seeking equitable remand and abstention and arguing that the case cannot be "retried," that state-law issues predominate, and that Debtors are "forum shopping."

16. November–December 2025: Debtors file their § 523 Motion for Summary Judgment and supporting Memorandum of Points and Authorities in Adv. No. 25-80038, setting out the Article 4A/Reg J, RCW 64.04, and § 502(b)(1)/Travelers framework and the element-by-element § 523 analysis.

## IV. LEGAL STANDARD

17. Removal. Under 28 U.S.C. § 1452(a), a party may remove any claim or cause of action in a civil action to the district court if jurisdiction exists under 28 U.S.C. § 1334.

18. Equitable Remand. Section 1452(b) permits remand "on any equitable ground." Relevant factors include:

    A. Effect on efficient administration of the estate;

    B. Extent to which state-law issues predominate;

    C. Difficulty of applicable law;

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND FOR ABSTENTION(28 U.S.C. §§ 1452(B), 1334(C)(1)–(2))
PAGE 5 OF 15

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

25-80037-FPC    Doc 21    Filed 12/01/25    Entered 12/02/25 09:16:47    Pg 5 of 15

D. Presence of related proceedings in state or other non-bankruptcy courts;

   E. Jurisdictional basis other than § 1334;

   F. Degree of relatedness to the main bankruptcy case;

   G. Respect for state-court proceedings and comity; and

   H. Prejudice to the parties, including forum-shopping concerns.

19. Abstention. Mandatory abstention under 28 U.S.C. § 1334(c)(2) applies only if:

   A. There is a timely motion;

   B. The proceeding is based on state law;

   C. The proceeding is "related to" a case under title 11 but not a core proceeding;

   D. There is no independent basis for federal jurisdiction other than § 1334; and

   E. The action can be timely adjudicated in state court.

20. Permissive abstention under § 1334(c)(1) is discretionary and turns on essentially the same considerations as equitable remand.

21. Status of State Orders After Removal. Under 28 U.S.C. § 1450, state-court orders entered prior to removal remain in effect until dissolved or modified by the federal court. Once removed, federal procedure governs the validity and enforcement of those orders, including FRCP 65 and FRCP 60(b)(4) as incorporated by FRBP 7065 and 9024.

## V. ARGUMENT

A. Efficient administration and consistency require one forum - this Court - to decide Article 4A, RCW 64.04, § 502(b)(1), and § 523.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND FOR ABSTENTION(28 U.S.C. §§ 1452(B), 1334(C)(1)–(2))
PAGE 6 OF 15

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

25-80037-FPC    Doc 21    Filed 12/01/25    Entered 12/02/25 09:16:47    Pg 6 of 15

22. The dispositive legal and factual questions for the removed action are the same questions this Court must answer in Adv. No. 25-80038 and in ruling on any claim allowance under § 502(b)(1):

   A. Under Article 4A and Regulation J, whether Linda's October 2023 wires, executed under OWFCU's agreed security procedure and accepted by Bank of America, are final and allocate any remedy, if at all, between Linda and OWFCU, not against the beneficiary;

   B. Under RCW 64.04.010 and .020, whether Plaintiffs' alleged "we were buying that house / we were to be on the title and the mortgage" theories and any alleged oral loan or trust are unenforceable because there is no deed, addendum, escrow instruction, note, trust, or other signed writing naming Plaintiffs; and

   C. Under § 502(b)(1) and Travelers, whether Plaintiffs ever possessed an enforceable state-law "right to payment" from these Debtors in the first place and, if they did, whether that claim can satisfy the elements of § 523(a)(2)(A), (a)(4), or (a)(6).

23. Those same issues also control:

   A. Whether the FOFCOL's "once the house purchase failed, Defendants had no right to retain the funds" conversion rubric is legally sustainable;

   B. Whether the pre-removal TRO, preliminary injunction, and contempt orders can survive scrutiny under FRCP 65 and FRCP 60(b)(4), particularly given the lack of meaningful bond, lack of Rule 65(d) specificity, and non-joinder of the LLC RV owner; and

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND FOR ABSTENTION(28 U.S.C. §§ 1452(B), 1334(C)(1)–(2))
PAGE 7 OF 15

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

C. Whether any of those state orders can be leveraged in support of a "debt" or nondischargeability judgment in this Court.

24. If this Court retains 25-80037, it can decide these questions once, on a unified record, and apply the same Article 4A, RCW 64.04, and § 502(b)(1) framework to both claim allowance and § 523. Remanding the case would force two courts to wrestle with the same wires, the same house transaction, the same RV and $24,000 payments, and the same defective injunctive machinery - inviting duplication, inconsistent rulings, and inefficiency.

   A. The removed action is not peripheral; it is welded to core § 523 and claim-allowance questions.

25. Plaintiffs emphasize that their complaint is framed in terms of Washington fraud and conversion. The label does not control. The removed action will determine:

   A. Whether any **"claim"** exists under § 502(b)(1), after Article 4A, Reg J, and RCW 64.04 are correctly applied;

   B. Whether the FOFCOL's conversion label, resting on a "failed house / no right to retain" premise, can stand once the funds-transfer framework and Statute of Frauds are enforced; and

   C. Whether the TRO, preliminary injunction, contempt orders, and purported RV "award" are void or unenforceable and therefore cannot support any "debt" or § 523 theory.

26. Determining the existence, amount, and character of Plaintiffs' asserted claim, and whether that claim is nondischargeable, are central bankruptcy functions. Section

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND FOR ABSTENTION(28 U.S.C. §§ 1452(B), 1334(C)(1)–(2))
PAGE 8 OF 15

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

25-80037-FPC    Doc 21    Filed 12/01/25    Entered 12/02/25 09:16:47    Pg 8 of 15

157(b)(2)(I) specifically identifies dischargeability determinations as core proceedings. In deciding § 523, bankruptcy courts routinely liquidate the underlying state-law claim.

27. Because the FOFCOL, TRO/preliminary injunction, contempt orders, RV provisions, and § 523 complaint all arise from the same factual nucleus and must be evaluated under the same statutory schemes, it makes no sense to cut the controversy in half. Equity and efficiency both favor retention.

   A. There is no final state judgment, and comity does not require remand to perpetuate non-final FOFCOL that misapply Article 4A and RCW 64.04.

28. Plaintiffs repeatedly describe a "final order" and urge remand in the name of comity. In fact, Spokane County never entered a judgment. The FOFCOL remain interlocutory and are subject to revision under FRBP 7054/7052 and to challenge under FRBP 9024/FRCP 60(b)(4).

29. The FOFCOL themselves:

   A. Expressly find that Plaintiffs "cannot establish a claim of fraud" because their accusations are promises of future conduct about title and mortgage; and

   B. Treat the wired funds as if Plaintiffs retained a continuing property interest that revived when "the house purchase failed," without considering Article 4A's finality rule (payment upon acceptance by the beneficiary's bank) and without confronting that Plaintiffs' own TRO and "special exception" orders clouded title and contributed to the failed closing.

30. Respect for state courts does not require this Court to send a non-final, legally flawed set of FOFCOL and orders back to state court while Plaintiffs simultaneously invite this

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND FOR ABSTENTION(28 U.S.C. §§ 1452(B), 1334(C)(1)–(2))
PAGE 9 OF 15

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

25-80037-FPC    Doc 21    Filed 12/01/25    Entered 12/02/25 09:16:47    Pg 9 of 15

Court to treat them as conclusive in bankruptcy. The more coherent approach is for this Court - which must apply Article 4A, RCW 64.04, § 502(b)(1), and § 523 regardless - to supervise any necessary revision and to determine what, if anything, survives.

    A. Section 1450, FRCP 65, and FRCP 60(b)(4) place the TRO/preliminary injunction and contempt architecture squarely in this Court's hands.

31. The TRO, preliminary injunction, and contempt orders imported with this removal suffer from multiple defects:

    A. They were issued with a $0 or nominal bond relative to six-figure restraints;

    B. They do not contain the reasons and specificity required by FRCP 65(d); and

    C. They purport to restrain or "award" a recreational vehicle titled to REALM Analytics LLC, a non-party that was never joined, raising due-process and jurisdictional concerns.

32. Under 28 U.S.C. § 1450, those orders remain in effect upon removal only until dissolved or modified. The power to determine whether they are void, voidable, or enforceable now lies with this Court under FRCP 65 and FRCP 60(b)(4), as incorporated by FRBP 7065 and 9024. Debtors will be filing motions that put those questions directly before the Court.

33. Remand would not solve that problem; it would simply push a federal cleanup issue back to the issuing court. This Court, already tasked with evaluating stay-violation, sanctions, and § 3057 referral issues arising from the same orders, is the appropriate forum to determine their validity and effect.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND FOR ABSTENTION(28 U.S.C. §§ 1452(B), 1334(C)(1)–(2))
PAGE 10 OF 15

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

25-80037-FPC    Doc 21    Filed 12/01/25    Entered 12/02/25 09:16:47    Pg 10 of 15

A. Plaintiffs' own choice of forum and shifting narratives undercut their "forum shopping" accusations.

34. Plaintiffs accuse Debtors of "forum shopping" by removing the case. The record shows that Plaintiffs themselves chose this Court as a forum for the same controversy by filing Adv. No. 25-80038 and asking for a § 523 determination based on the same wires, Golden Court transaction, RV, and $24,000 payment.

35. In June 2025, Plaintiffs told this Court that the superior court rejected their fraud theory because it was based on promises of future performance about title and mortgage rather than misrepresentations of existing fact. In their § 523 complaint and Motion to Remand, they pivot to a "forgery" narrative and repeat that the FOFCOL found "conversion of over $362,000" and "awarded" the RV and $24,000, even though:

    A. The FOFCOL figure, after crediting the $119,698 cashier's check, is approximately $242,000, not "over $362,000";

    B. The FOFCOL expressly find that Plaintiffs cannot establish fraud; and

    C. The RV is titled to the LLC and the LLC was never joined.

36. Debtors removed only after the TRO/preliminary injunction and contempt architecture had been used to jail Mr. Young, coerce payments, and target non-party property, and after Plaintiffs had already anchored their § 523 complaint in those same FOFCOL and orders. That is not forum shopping. It is the textbook use of § 1452 to centralize in the bankruptcy court an intertwined, non-final controversy that goes to the existence, amount, and character of the asserted "debt."

    A. Neither mandatory nor permissive abstention applies.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO REMAND AND FOR ABSTENTION(28 U.S.C.
§§ 1452(B), 1334(C)(1)–(2))
PAGE 11 OF 15

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

37. Mandatory abstention (§ 1334(c)(2)) does not apply because:

    A. The removed action is at least "related to" and in substance intertwined with core determinations regarding dischargeability (§ 523) and claim allowance (§ 502(b)(1));

    B. The controversy is not a free-standing state-law matter that can be resolved in isolation from the bankruptcy; and

    C. Key issues - including the effect of Article 4A, RCW 64.04, and the validity of the TRO/preliminary injunction and contempt architecture under § 1450, FRCP 65, and FRCP 60(b)(4) - must be decided here in any event.

38. Permissive abstention (§ 1334(c)(1)) is also unwarranted. The same factors that defeat equitable remand defeat permissive abstention:

    A. Efficient administration and avoidance of duplication favor a single forum - this Court - for resolving Articles 4A/Reg J, RCW 64.04, § 502(b)(1), § 523, and the status of pre-removal injunctive orders;

    B. The degree of relatedness is high: the removed action and Adv. No. 25-80038 are two faces of the same dispute, and the outcome of one determines the outcome of the other;

    C. Comity is limited because there is no final judgment and the FOFCOL are already being challenged as legally erroneous under controlling statutory schemes; and

    D. Prejudice runs to Debtors if non-final, defective FOFCOL and void orders are remanded to be enforced while Plaintiffs simultaneously invoke them here.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND FOR ABSTENTION(28 U.S.C. §§ 1452(B), 1334(C)(1)–(2))
PAGE 12 OF 15

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

Plaintiffs suffer no unfairness in having their claims adjudicated once, in the forum that must decide discharge and claim allowance.

## VI. CONCLUSION

39. The removed Cole v. Young action is not a stray state-law dispute. It is the vehicle for Plaintiffs' asserted "debt," and its FOFCOL and orders are being used as the foundation for Plaintiffs' § 523(a)(2)/(4)/(6) complaint and as leverage in this bankruptcy case.

40. Based on the following:

   A. The state FOFCOL are interlocutory and legally flawed when Article 4A, RCW 64.04, and § 502(b)(1) are correctly applied;

   B. The TRO, preliminary injunction, contempt orders, and RV provisions are subject to dissolution or voidness under § 1450, FRCP 65, and FRCP 60(b)(4);

   C. Debtors' § 523 Motion for Summary Judgment already presents the controlling legal framework that must be applied to the same facts; and

   D. The § 1452(b) and § 1334(c) factors overwhelmingly favor unified administration in this Court rather than fragmented litigation in two forums,

Debtors respectfully request that the Court:

1. DENY Plaintiffs' Motion to Remand and for Abstention (ECF No. 12);

2. Confirm that Adv. No. 25-80037-FPC will be retained and scheduled in coordination with Adv. No. 25-80038-FPC and Debtors' related motions under FRBP 7065/9024 and 7054/7052; and

3. Grant such other and further relief as the Court deems just and appropriate.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND FOR ABSTENTION(28 U.S.C. §§ 1452(B), 1334(C)(1)–(2)) PAGE 13 OF 15

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

25-80037-FPC    Doc 21    Filed 12/01/25    Entered 12/02/25 09:16:47    Pg 13 of 15

Dated: December 1, 2025

/s/ Eric R. Young

ERIC R. YOUNG, Debtor/Defendant, Pro Se

/s/ Susan L. Young

SUSAN L. YOUNG, Debtor/Defendant, Pro Se


Respectfully Submitted,


Dated: November 5, 2025

| /s/ *Eric Young* | /s/ *Susan Young* |
|---|---|
| Eric Young | Susan Young |

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO REMAND AND FOR ABSTENTION(28 U.S.C.
§§ 1452(B), 1334(C)(1)–(2))
PAGE 14 OF 15

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me

25-80037-FPC    Doc 21    Filed 12/01/25    Entered 12/02/25 09:16:47    Pg 14 of 15

## VII. CERTIFICATE OF SERVICE

I hereby certify that on December 1st, 2025, I delivered the original of the foregoing document to the Clerk of the United States Bankruptcy Court for the Eastern District of Washington for filing. On the same date I caused true and correct copies to be served as follows:

**By First-Class Mail:**
Matthew Mensik
Riverside NW Law Group
505 W. Riverside Ave. Suite 208
Spokane, WA 99201

**Courtesy Copy by Email:**
mam@rnwlg.com

Trustee John D. Munding
via email:
John@mundinglaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

/s/ Eric R. Young and Susan L. Young
ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@proton.me

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND AND FOR ABSTENTION(28 U.S.C. §§ 1452(B), 1334(C)(1)–(2))
PAGE 15 OF 15

ERIC AND SUSAN YOUNG - Defendants Pro Se
12402 N Division St #167 :: Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me - jaegersmum@proton.me