**So Ordered.**

**Dated: February 12th, 2026**



Frederick P. Corbit
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>ERIC YOUNG and SUSAN YOUNG,<br><br>Debtors. | Case No. 25-01029-FPC7 |
| LINDA COLE and TED COLE,<br><br>Plaintiffs,<br><br>v.<br><br>ERIC YOUNG and SUSAN YOUNG,<br><br>Defendants. | Adv. No. 25-80037-FPC<br><br>**ORDER GRANTING REMAND** |

THIS MATTER came before the Court on the Motion to Remand filed by Plaintiffs Linda and Ted Cole ("Plaintiffs" or "the Coles"). (ECF No. 12) Eric and Susan Young ("Debtors") objected to remand. (ECF No. 21) The Coles ask this Court to remand this adversary proceeding to the Spokane County Superior Court.[1]

---

[1] There is another adversary proceeding similarly captioned *Cole v. Young*, Adv. Proc. Case No. 25-80038-FPC. That case was finally resolved on summary judgment. (Adv. Proc. Case No. 25-80038-FPC, ECF No. 44).

ORDER GRANTING REMAND – 1

The Court held a hearing on the motion on February 11, 2026. The same day the hearing was held, the Debtors filed a "Notice of Renewal of Pending State Court Motions and Objection to Remand." (ECF No. 26) In essence, Debtors request this Court retain jurisdiction and adjudicate several motions pending in the underlying state court action.

After reviewing the files and records herein, and hearing argument at the hearing, the Court will remand this case to the Spokane County Superior Court. The Court denies the Debtors' request for this Court to retain jurisdiction and adjudicate the state court motions. As discussed further below, equity strongly supports remand in this case.

1. This matter arises out of an action removed from Spokane County Superior Court[2] (the "Spokane Lawsuit"), involving claims of fraud and conversion. Debtors initiated removal.

2. This Court previously detailed the facts and procedural history underlying this adversary proceeding and the Spokane Lawsuit in the Memorandum Opinion and Order Granting Plaintiffs' Motion for Summary Judgment and Denying Defendants' Motion for Summary Judgment ("Summary Judgment Order") filed in the related adversary proceeding. (Adv. Proc. Case No.

---

[2] Spokane Cnty. Sup. Ct. Case No. 23-2-04734-32.

25-80038-FPC, ECF No. 44) This Court incorporates herein the findings and conclusions set forth in the Summary Judgment Order.

3. A case may be remanded from the bankruptcy court to another court "on any equitable ground," meaning any ground that is "reasonable, fair, and appropriate." *Things Remembered v. Petrarca*, 516 U.S. 124, 133 (1995); 28 U.S.C. § 1452(b).

4. Section 1452(b) gives the bankruptcy court an "unusually broad grant of authority." *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 417 (9th Cir. BAP 1999.) In deciding whether equitable remand is appropriate, courts may consider up to fourteen factors. *Nilsen v. Nilsen (In re Cedar Funding, Inc.)*, 419 B.R. 807, 811–12 (9th Cir. BAP 2009). Pertinent factors include: (i) the efficient administration of the estate if the Court recommends remand; (ii) the extent to which state law issues predominate over bankruptcy issues; (iii) the presence of related proceedings commenced in state court or other nonbankruptcy proceedings; (iv) the burden on the bankruptcy court's docket; (v) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (vi) comity; and (vii) the possibility of prejudice to other parties in the action.

5. Equity overwhelmingly supports remand in this case. While many reasons support remand, the Court will discuss seven.

6. First, the Debtors received their discharge on September 19, 2025. (Main Case No. 25-01029-FPC7, ECF No. 40) No substantive matters are left for this Court to consider, other than a motion to reconsider the Summary Judgment Order entered in Case No. 25-80038-FPC. However, contemporaneous with this order, the reconsideration motion will be resolved. Moreover, pursuant to 11 U.S.C. § 362(c)(2)(C), the bankruptcy stay has terminated.

7. Second, the Spokane Lawsuit involves claims of fraud and conversion against the Debtors, which generally fall under the purview of state law.

8. Third, the state court has already decided issues related to the fraud and conversion claims. The state court issued a 72-page opinion, with 213 detailed findings of fact and conclusions of law, after a four-day trial. (Adv. Proc. Case No. 25-80038-FPC, ECF No. 11, Exh. E) If the Debtors dispute the state court's findings and conclusions, the proper recourse is within the state court, not with this Court.

9. Fourth, adjudicating this case would be a burden on this Court's docket. As noted, the state court has already issued findings of fact and conclusions of law and entered a judgment against the Debtors. Re-litigating the Spokane Lawsuit in this Court would be an unnecessary burden on the bankruptcy court.

10. Fifth, the Debtors admit to forum shopping. At the February 11 hearing on the Coles' motion for remand, the Debtors asserted that the state court

was biased, and they sought a new forum. Specifically, Debtor Eric Young stated: "In the case of removing the [Spokane Lawsuit], honestly Judge, the whole reason I did the removal was because I was seeking an unbiased forum. That's a fact." (ECF No. 25, 17:18)

11. Sixth, comity supports this Court declining to interfere with or disturb the Spokane Lawsuit. As noted above, if the Debtors disagree with the outcome of the State Court Lawsuit, the proper avenue of redress is within the state courts, not in the bankruptcy court.

12. Seventh, the Coles would be seriously prejudiced by the Court's failure to remand. Keeping this action in the bankruptcy court would require re-litigation of a multitude of factual and legal issues which have already been resolved in the state court.

13. Because remand is appropriate, Debtors' request that this Court retain jurisdiction and adjudicate several motions pending in the underlying state court action is denied.

Based on the foregoing,

**IT IS ORDERED:**

1. The Motion for Remand (ECF No. 12) is **GRANTED.**

ORDER GRANTING REMAND – 5

2. The "Notice of Renewal of Pending State Court Motions and Objection to Remand" (ECF No. 26) is **DENIED.**

///End of Order///

ORDER GRANTING REMAND – 6