Cole,

    Plaintiff                                               Adv. Proc. No. 25-80037-FPC

Young,

    Defendant

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0980-2 | User: notice | Page 1 of 2 |
| Date Rcvd: Feb 12, 2026 | Form ID: pdf002 | Total Noticed: 5 |

The following symbols are used throughout this certificate:

**Symbol**         **Definition**

\+         Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 14, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| pla | + | Linda Cole, c/o Matthew Mensik, Riverside NW Law Group, PLLC, 905 W. Riverside Ave. Ste. 208, Spokane, WA 99201-1099 |
| dft | + | Susan Linette Young, 12402 N Division St #167, Spokane, WA 99218-1930 |
| cr | + | Ted & Linda Cole, C/O Riverside NW Law Group PLLC, 905 W Riverside Ave, Suite 208, Spokane, WA 99201 UNITED STATES 99201-1099 |
| pla | + | Ted Cole, c/o Matthew Mensik, Riverside NW Law Group, PLLC, 905 W. Riverside Ave. Ste. 208, Spokane, WA 99201-1099 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| dft | + | Email/PDF: eyoung-encrypt@pm.me | Feb 13 2026 00:01:00 | Eric Ross Young, 12402 N Division St #167, Spokane, WA 99218-1930 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 14, 2026                Signature:         /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 12, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Matthew A. Mensik | on behalf of Plaintiff Ted Cole mam@rnwlg.com mariannb@witherspoonkelley.com;lennier@witherspoonkelley.com;rim@witherspoonkelley.com;fjd@witherspoonkelley.com;karinah@witherspoonkelley.com |

25-80037-FPC    Doc 29    Filed 02/14/26    Entered 02/14/26 21:19:01    Pg 1 of 8

Matthew A. Mensik

on behalf of Creditor Ted & Linda Cole mam@rnwlg.com
mariannb@witherspoonkelley.com;lennier@witherspoonkelley.com;rim@witherspoonkelley.com;fjd@witherspoonkelley.com;karinah@witherspoonkelley.com

Matthew A. Mensik

on behalf of Plaintiff Linda Cole mam@rnwlg.com
mariannb@witherspoonkelley.com;lennier@witherspoonkelley.com;rim@witherspoonkelley.com;fjd@witherspoonkelley.com;karinah@witherspoonkelley.com

TOTAL: 3



Frederick P. Corbit
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 25-01029-FPC7 |
| ERIC YOUNG and SUSAN YOUNG, | |
| Debtors. | |
| LINDA COLE and TED COLE, | Adv. No. 25-80037-FPC |
| Plaintiffs, | **ORDER GRANTING REMAND** |
| v. | |
| ERIC YOUNG and SUSAN YOUNG, | |
| Defendants. | |

THIS MATTER came before the Court on the Motion to Remand filed by Plaintiffs Linda and Ted Cole ("Plaintiffs" or "the Coles"). (ECF No. 12) Eric and Susan Young ("Debtors") objected to remand. (ECF No. 21) The Coles ask this Court to remand this adversary proceeding to the Spokane County Superior Court.[1]

---

[1] There is another adversary proceeding similarly captioned *Cole v. Young*, Adv. Proc. Case No. 25-80038-FPC. That case was finally resolved on summary judgment. (Adv. Proc. Case No. 25-80038-FPC, ECF No. 44).

ORDER GRANTING REMAND – 1

The Court held a hearing on the motion on February 11, 2026. The same day the hearing was held, the Debtors filed a "Notice of Renewal of Pending State Court Motions and Objection to Remand." (ECF No. 26) In essence, Debtors request this Court retain jurisdiction and adjudicate several motions pending in the underlying state court action.

After reviewing the files and records herein, and hearing argument at the hearing, the Court will remand this case to the Spokane County Superior Court. The Court denies the Debtors' request for this Court to retain jurisdiction and adjudicate the state court motions. As discussed further below, equity strongly supports remand in this case.

1.      This matter arises out of an action removed from Spokane County Superior Court[2] (the "Spokane Lawsuit"), involving claims of fraud and conversion. Debtors initiated removal.

2.      This Court previously detailed the facts and procedural history underlying this adversary proceeding and the Spokane Lawsuit in the Memorandum Opinion and Order Granting Plaintiffs' Motion for Summary Judgment and Denying Defendants' Motion for Summary Judgment ("Summary Judgment Order") filed in the related adversary proceeding. (Adv. Proc. Case No.

_____

[2] Spokane Cnty. Sup. Ct. Case No. 23-2-04734-32.

ORDER GRANTING REMAND – 2

25-80038-FPC, ECF No. 44) This Court incorporates herein the findings and conclusions set forth in the Summary Judgment Order.

3. A case may be remanded from the bankruptcy court to another court "on any equitable ground," meaning any ground that is "reasonable, fair, and appropriate." *Things Remembered v. Petrarca*, 516 U.S. 124, 133 (1995); 28 U.S.C. § 1452(b).

4. Section 1452(b) gives the bankruptcy court an "unusually broad grant of authority." *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 417 (9th Cir. BAP 1999.) In deciding whether equitable remand is appropriate, courts may consider up to fourteen factors. *Nilsen v. Nilsen (In re Cedar Funding, Inc.)*, 419 B.R. 807, 811–12 (9th Cir. BAP 2009). Pertinent factors include: (i) the efficient administration of the estate if the Court recommends remand; (ii) the extent to which state law issues predominate over bankruptcy issues; (iii) the presence of related proceedings commenced in state court or other nonbankruptcy proceedings; (iv) the burden on the bankruptcy court's docket; (v) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (vi) comity; and (vii) the possibility of prejudice to other parties in the action.

5. Equity overwhelmingly supports remand in this case. While many reasons support remand, the Court will discuss seven.

ORDER GRANTING REMAND – 3

6. First, the Debtors received their discharge on September 19, 2025. (Main Case No. 25-01029-FPC7, ECF No. 40) No substantive matters are left for this Court to consider, other than a motion to reconsider the Summary Judgment Order entered in Case No. 25-80038-FPC. However, contemporaneous with this order, the reconsideration motion will be resolved. Moreover, pursuant to 11 U.S.C. § 362(c)(2)(C), the bankruptcy stay has terminated.

7. Second, the Spokane Lawsuit involves claims of fraud and conversion against the Debtors, which generally fall under the purview of state law.

8. Third, the state court has already decided issues related to the fraud and conversion claims. The state court issued a 72-page opinion, with 213 detailed findings of fact and conclusions of law, after a four-day trial. (Adv. Proc. Case No. 25-80038-FPC, ECF No. 11, Exh. E) If the Debtors dispute the state court's findings and conclusions, the proper recourse is within the state court, not with this Court.

9. Fourth, adjudicating this case would be a burden on this Court's docket. As noted, the state court has already issued findings of fact and conclusions of law and entered a judgment against the Debtors. Re-litigating the Spokane Lawsuit in this Court would be an unnecessary burden on the bankruptcy court.

10. Fifth, the Debtors admit to forum shopping. At the February 11 hearing on the Coles' motion for remand, the Debtors asserted that the state court

ORDER GRANTING REMAND – 4

was biased, and they sought a new forum. Specifically, Debtor Eric Young stated:

"In the case of removing the [Spokane Lawsuit], honestly Judge, the whole reason
I did the removal was because I was seeking an unbiased forum. That's a fact."
(ECF No. 25, 17:18)

11.    Sixth, comity supports this Court declining to interfere with or disturb
the Spokane Lawsuit. As noted above, if the Debtors disagree with the outcome of
the State Court Lawsuit, the proper avenue of redress is within the state courts, not
in the bankruptcy court.

12.    Seventh, the Coles would be seriously prejudiced by the Court's
failure to remand. Keeping this action in the bankruptcy court would require re-
litigation of a multitude of factual and legal issues which have already been
resolved in the state court.

13.    Because remand is appropriate, Debtors' request that this Court retain
jurisdiction and adjudicate several motions pending in the underlying state court
action is denied.

Based on the foregoing,

   **IT IS ORDERED:**

   1.  The Motion for Remand (ECF No. 12) is **GRANTED.**

ORDER GRANTING REMAND – 5

2. The "Notice of Renewal of Pending State Court Motions and Objection to Remand" (ECF No. 26) is **DENIED.**

///End of Order///

ORDER GRANTING REMAND – 6